**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Michele K. Jaspan (mkj@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**Melissa A. Guseynov (mag@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Proposed Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>　　　　　　　Debtor. | Chapter 11 Case<br><br>Case No. 19-12417 (MEW) |

**DECLARATION IN SUPPORT OF APPLICATION TO RETAIN**
**WELTMAN & MOSKOWITZ, LLP, AS COUNSEL TO DEBTOR AND**
**DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO PETITION DATE**

　　　　ALEX G. DIMITRIJEVIC hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746:

　　　　1.　　I am the President and Chief Operating Officer of HVI CAT CANYON, INC. ("Debtor") and in such capacity I am familiar with the day-to-day operations and business of Debtor.

　　　　2.　　I submit this declaration ("Declaration") in support of the application ("Application") of Debtor for entry of an order authorizing Debtor's retention and employment of W&M as its counsel, *nunc pro tunc* to the Petition Date. I am familiar with the matters set forth herein and make this Declaration in support of the Application.

　　　　3.　　Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of Debtor's management and Debtor's advisors.

4. Debtor recognizes that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements. To that end, the review process utilized by Debtor here assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings.

5. When Debtor determined it was necessary to retain counsel to assist in potential restructuring efforts, including a possible chapter 11 filing, Debtor interviewed, among others, W&M, and subsequently determined that Debtor retain W&M as restructuring counsel.

6. Because of Debtor's comfort with W&M at the conclusion of the interview process, and the reputation of W&M in the restructuring community, as well as its experience in chapter 11 cases, Debtor concluded the best path forward was to retain W&M to serve as Debtor's restructuring counsel.

7. Based on the foregoing, and my experiences with W&M in connection with the preparation and commencement of this chapter 11 case, I believe that W&M is both well qualified to represent Debtor in this chapter 11 case in an efficient and effective manner.

8. W&M has informed Debtor that its rates for bankruptcy representations are comparable to the rates W&M charges for non-bankruptcy representations.

9. Debtor recognizes that it is its responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the estate remain consistent with Debtor's expectations and the exigencies of the chapter 11 case. Debtor will review the invoices that W&M regularly submits, and, together with W&M, prepare a budget and staffing plan as the case develops.

10. No budget or staffing plans were discussed with W&M because this case was filed on an urgent basis as Debtor retained W&M only a few days prior to the Petition Date. Debtor expects to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of the Court, recognizing that in the course of the chapter 11 case, there may be unforeseeable fees and expenses that will need to be addressed by Debtor and W&M.

11. Since W&M was only retained a mere few days prior to the Petition Date, there is no billing history between Debtor and W&M. Nonetheless, Debtor will bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, Debtor will discuss a budget with W&M to provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on August 6, 2019

_____
Alex G. Dimitrijevic
President and Chief Operating Officer