Robert J. Feinstein, Esq.
Richard E. Mikels, Esq.
Steven W. Golden
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

Jeffrey N. Pomerantz, Esq.
Maxim B. Litvak, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| HVI CAT CANYON, INC. | ) Case No. 19-12417 (MEW) |
| Debtor. | ) **Related to Docket No. 47** |

**STATEMENT OF POSITION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF MOTION TO TRANSFER VENUE**

The Official Committee of Unsecured Creditors (the "Committee") of HVI Cat Canyon, Inc. (the "Debtor"), hereby files this statement of position in support of the *Santa Barbara County Air Pollution Control District, County of Santa Barbara, and Harry Hagen, Treasurer and Tax Collectors' Motion to Transfer Venue* [Docket. No. 47], filed on August 14, 2019 (the "Transfer Motion"), and respectfully states as follows:

**Introduction**

1.      The Transfer Motion seeks a transfer of venue of this bankruptcy case to the Northern Division or the Los Angeles Division of the Central District of California (the "California Bankruptcy Court").  The Committee agrees that this bankruptcy case does not

DOCS_SF:101741.4

belong in this District and should be transferred, but the Committee requests that this Court transfer venue to the Northern District of Texas (the "Texas Bankruptcy Court") where the Debtor's affiliate case of Rincon Island Limited Partnership is pending ("Rincon"). The Committee supports the arguments in the Transfer Motion that the assets of the Debtor and its trade creditors and employees are located near Santa Barbara and that the California Bankruptcy Court would be an appropriate place for this case to be transferred. Had there not been a related case involving the Debtor before the Texas Bankruptcy Court, the Committee would fully support a transfer to the California Bankruptcy Court – preferably to the Northern Division in Santa Barbara. However, given that there is a related case pending in Texas and the Judge in that case (Hon. Harlan D. Hale) is familiar with the people behind this Debtor, the Committee believes that administration of this case will be enhanced by transferring the case to the Texas Bankruptcy Court.

2.    For the reasons set forth in the Transfer Motion, there is no legal basis for venue in this District. The Debtor has no domicile or principal place of business here. The Debtor also has not asserted that an affiliate has a bankruptcy case pending here. The fact that the Debtor may have certain accounting functions performed in New York by affiliates does not create a proper basis for venue in this District. Hence, as a pure legal matter under 28 U.S.C. § 1408, this case is not properly venued in this District and the Debtor should be entitled to no deference when it comes to the selection of venue here.

3.    Further, regardless of whether venue properly exists in this District, the interests of justice and the convenience of the parties favor a transfer of venue to the Texas

Bankruptcy Court.  Venue is proper in the Texas Bankruptcy Court because there is a pending chapter 7 case there of the Debtor's affiliate, Rincon.  Like the Debtor, Rincon had operating oil and gas interests in California and was controlled by the same principal, Randeep Grewal.  Rincon filed in the Texas Bankruptcy Court in 2016 in an attempt to avoid remedial actions by California regulators.  UBS also was a secured creditor in that case owed approximately $100 million and GLR, another Debtor affiliate, was the second lien creditor.  Judge Hale ultimately gave Rincon an opportunity to retain control of its oil and gas interests by posting a bond, but Rincon failed to do so.  Judge Hale therefore appointed a chapter 11 trustee in 2017 and, later in 2018, the case was converted to chapter 7 after Rincon's assets were surrendered to the California State Lands Commission.  The facts and circumstances in the Rincon case are in many ways similar to the Debtor's instant case (although the outcome here hopefully will be much better for unsecured creditors).  Hence, in the interests of justice and the convenience of the parties, it makes sense to have Judge Hale handle the Debtor's instant case because he is already familiar with the Debtor's principal and affiliates and the types of issues that are likely to arise in this case.  Further, the Committee expects that UBS, the Debtor's senior secured creditor, will support a transfer of venue of this case to the Texas Bankruptcy Court.

4.    In sum, the Debtor appears to have filed its bankruptcy case before this Court without a legal basis to do so and in order to achieve some litigation objective.  This Court should not defer to the Debtor's judgment on this point given the complete lack of legal foundation for filing here and the inconvenience and prejudice that will be suffered by the creditors of this estate if the case were to remain here.

**Background**

5.      On July 25, 2019 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

6.      On August 9, 2019, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 34]. The Committee consists of the following three (3) members: (a) Brian Corson, in his individual capacity; (b) Escolle Tenants in Common; and (c) Pacific California Petroleum, Inc.

7.      On August 14, 2019, the Santa Barbara County Air Pollution Control District, County of Santa Barbara, and Harry Hagen, Treasurer and Tax Collector, filed the Transfer Motion.

**Applicable Law**

8.      Section 1408 of title 28 of the United States Code is the applicable venue statute for bankruptcy cases. This provision states, in relevant part, as follows:

> [A] case under title 11 may be commenced in the district court for the district –
>
>    (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred eighty days immediately preceding such commencement . . . ; or
>
>    (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408.

9. Section 1412 of title 28 of the United States Code provides as follows:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412.

10. Rule 1014 of the Federal Rules of Bankruptcy Procedure permits the court to either dismiss or transfer a case filed in an improper district, or to transfer a case filed in a proper district, "if the court determines that the transfer is in the interest of justice or for the convenience of the parties." FED. R. BANKR. P. 1014.

11. In this context, the position of the Committee, while not dispositive, is something that is relevant and should be considered by the Court. *See In re Enron Corp.*, 274 B.R. 327, 345 (Bankr. S.D.N.Y. 2002).

12. First, pursuant to the plain language of 28 U.S.C. § 1408, the Debtor filed this case in an improper forum. The Debtor is not domiciled here and its principal place of business and principal assets are located in California. The Debtor also has no affiliate with a pending case in this District. As such, the Debtor should be entitled to no deference with respect to its choice of forum.

13. Second, regardless of whether venue is proper in this District, this Court is more than justified in transferring this case to the Texas Bankruptcy Court, pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014, in the interest of justice or for the convenience of the parties.

14. Venue is proper in the Texas Bankruptcy Court because there is a pending chapter 7 case there of the Debtor's affiliate, Rincon. Judge Hale has been handling Rincon's

bankruptcy case since 2016 when it was originally filed as a chapter 11 and is familiar with the types of issues that are likely to arise in the instant case. Like the Debtor, Rincon was an owner and operator of oil and gas interests in California, subject to the same regulatory scheme as the Debtor, and was controlled by the same principal as the Debtor, Randeep Grewal. Rincon also had the same secured creditors as the Debtor, UBS and GLR, which is an affiliate of both Rincon and the Debtor. As a result, this case can be more efficiently administered by Judge Hale given his familiarity with the Debtor's principal and affiliates and the issues in this case. It also would be wholly unfair for the Debtor's creditors to be drawn into proceedings in this District, given that the Debtor has no prior relationship with the State of New York that could have suggested to such creditors that a bankruptcy case could be filed here.

15. As noted above, the Committee supports the arguments in the Transfer Motion that the assets of the Debtor and its trade creditors and employees are located near Santa Barbara and that the California Bankruptcy Court would be an appropriate place for this case to be transferred. However, given that Rincon's related case is pending in the Texas Bankruptcy Court and Judge Hale is so familiar with the people behind this Debtor, the Committee believes that a transfer of this case to the Texas Bankruptcy Court is warranted.

16. For these reasons, the Committee urges this Court to transfer venue of the Debtor's case to the Texas Bankruptcy Court.

Dated:   August 23, 2019

                                             */s/ Steven W. Golden*
                                             Robert J. Feinstein, Esq.
                                             Richard E. Mikels, Esq.
                                             Steven W. Golden, Esq.
                                             PACHULSKI STANG ZIEHL & JONES LLP
                                             780 Third Avenue, 34th Floor
                                             New York, NY  10017
                                             Telephone:  (212) 561-7700
                                             Facsimile:  (212) 561-7777

                                             Jeffrey N. Pomerantz, Esq.
                                             Maxim B. Litvak, Esq.
                                             PACHULSKI STANG ZIEHL & JONES LLP
                                             10100 Santa Monica Blvd., 13th Floor
                                             Los Angeles, CA 90067
                                             Telephone:  (310) 277-6910
                                             Facsimile:   (310) 201-0760

                                             *Proposed Counsel to the Official Committee of Unsecured Creditors*