O'MELVENY & MYERS LLP
Evan M. Jones
Darren L. Patrick
(*pro hac vice* applications pending)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: ejones@omm.com

Gary Svirsky
Samantha M. Indelicato
(*pro hac vice* applications pending)
Seven Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: gsvirsky@omm.com

GIBSON, DUNN & CRUTCHER LLP
Olivia Adendorff
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
E-mail: oadendorff@gibsondunn.com

*Attorneys for UBS AG, London Branch*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **HVI Cat Canyon, Inc.,**       Debtor. | **Case No. 19-32857-hdh11** |

**OBJECTION OF UBS AG, LONDON BRANCH TO DEBTOR'S MOTION TO SELL PROPERTY KNOWN AS THE REDU PROPERTY**

OMM_US:77152416.4

UBS AG, London Branch ("UBS"), the senior secured creditor in this case owed over $100 million, objects to the motion of HVI Cat Canyon, Inc. (the "Debtor") for Authorization to Sell Property Known as the REDU Asset by Private Sale (the "REDU Motion").[1] The REDU Motion seeks expedited approval for the sale of property located in Orange County, California to an individual who is apparently an insider of the Debtor, on a private basis and below the price previously offered to the Debtor in pre-petition marketing. Under these circumstances, the sale cannot be approved without more evidence that the proposed sale is the highest and best offer for the property.

1. By the REDU Motion, the Debtor seeks to sell assets located in Orange County, California by private sale to REDU Holdings, LLC (the "Buyer") for $1.25 million.

2. UBS is informed and believes, and thereon avers that Buyer is owned or controlled by Mr. William Kelleher. UBS is further informed and believes, and thereon avers that Mr. Kelleher, as a consultant during the years from 2014-2016, operated the assets of affiliated Debtor Rincon Island Limited Partnership prior to its entry into bankruptcy. This suggests that Mr. Kelleher may well be an insider of the current Debtor. The law demands that a sale of estate assets to an insider be subject to searching examination, which has not been demonstrated here. *See Old Cold, LLC*, 558 B.R. 500, 516, 521 (B.A.P. 1st Cir. 2016); *aff'd sub nom. In re Old Cold LLC*, 879 F.3d 376 (1st Cir. 2018). To be clear, not every person with any connection to the Debtor's affiliate is disqualified from purchase, but the matter demands careful scrutiny. *Id.*

---

[1] UBS files this objection in an abundance of caution. A request to hear the REDU Motion on shortened time was filed in the SDNY Bankruptcy Court at docket 97-1. It does not appear that request was acted upon, nor has the REDU Motion been filed for regular hearing. However, given potential confusion from the transfer to this Court, UBS files this Objection, and reserves the right to supplement at a later time.

3.      Further, the REDU Motion seeks approval of a private sale without opportunity for auction.  It is fundamental that a sale of estate assets must be to the "highest and best buyer," *Matter of VCR I, L.L.C.*, 922 F.3d 323, 327 (5th Cir. 2019), and recognized that this normally demands an auction process.  *Id.* at 326-27.  Again, no adequate showing has been made as to why an expedited private sale to a potential insider is required.  The Debtor argues that sale will obviate the need to post a bond, but it appears the Debtor's own papers admit that any responsible buyer can escape that requirement.  The Debtor fails to explain why an apparent administrative hearing, on a date now past, demands expedited sale without auction.  While the Debtor may not be able to operate REDU without posting a bond, that has been true for months.  If the REDU property is sold through an appropriate auction process, the bond obligation on the Debtor will disappear.

4.      UBS further is informed and believes, and thereon avers that the Debtor undertook to market the REDU asset prepetition.  At the time, the Debtor reported to UBS that it had received several offers significantly higher and better than that now offered by Buyer, and that Buyer had participated in that marketing effort.  To the extent higher and better bids are available, the Debtor must explain why the Court should approve the instant offer of Buyer.

5.      At the moment the Debtor has no Court approved financial adviser or banker qualified to broker a sale of the REDU asset.  While the Debtor has filed an application to retain Cappello Global, LLC and Camden Financial Services (d/b/a Cappello Global) (collectively, "Cappello") by separate objection UBS has demonstrated why that application is not well-taken. Certainly the REDU asset should be sold, but it must be done in a properly managed process.

5.  Finally, the Debtor has failed to meet any of the requirements for a sale free of liens pursuant to Section 363(f). UBS as secured creditor with liens encumbering the REDU asset does not at this time consent to sale free and clear.

WHEREFORE, UBS requests that the Court deny approval of the REDU Motion.

Dated:  September 4, 2019

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/  Olivia Adendorff*

Olivia Adendorff
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
E-mail: oadendorff@gibsondunn.com

- and –

O'MELVENY & MYERS LLP
Evan M. Jones
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail:  ejones@omm.com

Gary Svirsky
Times Square Tower
7 Times Square
New York, New York  10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
E-mail:  gsvirsky@omm.com

*Attorneys for UBS AG, London Branch*

## Certificate of Service

I hereby certify that the foregoing document was served on September 4, 2019, by the Electronic Case Filing system for the Bankruptcy Court for the Northern District of Texas, which gives notice to all counsel of record and by U.S. Mail to the U.S. Trustee, 1100 Commerce Street, Rm. 976, Dallas, Texas 75242.

Dated: September 4, 2019

*/s/ Olivia Adendorff*
Olivia Adendorff
