**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**Melissa A. Guseynov (mag@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 Case |
| ) | |
| HVI CAT CANYON, INC., ) | Case No. 19-32857 (HDH11) |
| ) | |
| Debtor. ) | |

**MOTION OF WELTMAN & MOSKOWITZ, LLP**
**SEEKING LEAVE TO WITHDRAW AS ATTORNEYS FOR DEBTOR**

**A HEARING WILL BE CONDUCTED ON THIS MOTION ON SEPTEMBER ____, 2019 AT _____.M. BEFORE THE HONORABLE JUDGE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE, 14TH FLOOR, 1100 COMMERCE, DALLAS, TEXAS 75242.**

**THE DEADLINE TO FILE A WRITTEN RESPONSE TO THIS MOTION IS _____. ANY WRITTEN RESPONSE MUST BE FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON _____**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.**

**IF NO RESPONSE IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

TO:   THE HONORABLE HARLIN D. HALE
      UNITED STATES BANKRUPTCY JUDGE:

Weltman & Moskowitz, LLP ("W&M" or "Movant"), counsel to HVI Cat Canyon,

Inc., debtor and debtor in possession ("Debtor"), submits this motion ("Motion"), for entry of an

order substantially in the form attached hereto as Exhibit "A" ("Proposed Order"), authorizing its withdrawal as attorneys for Debtor.

## BACKGROUND

1. On July 25, 2019 ("Petition Date"), Debtor commenced with the United States Bankruptcy Court for the Southern District of New York ("SDNY Bankruptcy Court") a voluntary case under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Debtor is authorized to continue to operate its business and manage its properties as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On August 7, 2019, Debtor filed with SDNY Bankruptcy Court its notice of presentment for entry of order pursuant to sections 327(a), 328 and 1107 of the Bankruptcy Code authorizing employment and retention of W&M, as attorneys for debtor and debtor-in-possession *nunc pro tunc* to Petition Date [ECF No. 26] ("Retention Application"). An order authorizing retention of W&M was entered on September 4, 2019 [ECF Doc 152].

4. On August 9, 2019, the United States Trustee filed a notice of appointment of Official Committee of Unsecured Creditors ("Committee").

5. Committee has retained counsel, but no motion to retain has yet been filed. No trustee or examiner has been appointed.

6. Information regarding Debtor's business, capital structure, and the circumstances leading to the commencement of this Chapter 11 Case is set forth in the Declaration of Alex G. Dimitrijevic pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and in Support of the Debtor's Chapter 11 Petition and First Day Relief ("Dimitrijevic Declaration"), which had been filed with the petition [ECF Doc 1].

7. On August 14, 2019, Santa Barbara County Air Pollution Control District, County of Santa Barbara, and Harry Hagen, Treasurer and Tax Collector ("Movants"), filed a motion to transfer venue of the chapter 11 case ("Motion to Transfer"). California Department of Conservation, Division of Oil, Gas & Geothermal Resources filed a joinder to the Motion to Transfer on August 23, 2019 [ECF No. 73]. California State Lands Commission filed its own joinder on August 23, 2019 [ECF No. 78]. Other joinders also followed.

8. On August 23, 2019, Debtor filed its objection to the Motion to Transfer [ECF No. 77], in which it argued SDNY Bankruptcy Court should retain jurisdiction. Debtor further argued against transfer to United States Bankruptcy Court for the Northern Division of the Central District of California. In the alternative, Debtor suggested that if venue were to be changed, the most appropriate Bankruptcy Court would be here in Northern District of Texas because of the affiliated Rincon Island filing.

9. On August 23, 2019, Committee filed a Statement of Position ("Committee Statement") [ECF No. 74] generally supporting a venue change but requesting transfer to United States Bankruptcy Court for the Northern District of Texas at Dallas ("N.D. Tex. Bankruptcy Court"). Debtor filed its Qualified Joinder ("Debtor's Joinder") [ECF No. 91] on August 26, 2019.

10. UBS AG, London Branch ("UBS"), Debtor's senior secured creditor, submitted its own Memorandum in Support of the Motion to Transfer, also arguing that the case should be transferred to N.D. Tex. Bankruptcy Court [ECF No. 76].

11. On August 28, 2019, after a hearing, Judge Michael E. Wiles entered an order transferring the case to the N.D. Tex. Bankruptcy Court [ECF No. 106].

12. The following day a Notice of Inter-District Transfer to this court was entered [ECF No. 107].

13. On September 4, 2019, this court entered an order authorizing employment and retention of W&M as Debtor's attorneys [ECF No. 152 in Case 19-32857]

14. On September 5, 2019, this court held a status conference and set down September 18 and 19 for an evidentiary hearing on final orders for the remaining first-day motions originally filed with the SDNY Bankruptcy Court.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

15. This court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue in this court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

16. The statutory predicate for the relief requested herein is Rule 2091-1 of the Local Rules of the N.D. Tex. Bankruptcy Court ("Local Rules").

## RELIEF REQUESTED

17. By this Motion, W&M requests leave to permit it to withdraw as Debtor's counsel, due to the transfer to this district and for the reasons detailed below.

18. Initially, as per W&M's engagement agreement, the parties expressly agreed that W&M's representation was limited solely to the preparation, filing and subsequent representation of Debtor in the **SDNY Bankruptcy Court** chapter 11 case. The law firm's offices are located in New York and New Jersey and none of its attorneys are admitted to practice law in the State of Texas. Without an office in Texas, or any Texas resources, it would be both impractical and inefficient for W&M to continue to represent Debtor. It is respectfully submitted that cause exists for withdrawal.

4

19. W&M advised Debtor's management of the possibility of venue transfer and resultant need for replacement weeks prior to the venue motion. However, to the best of the law firm's knowledge, Debtor has not yet engaged replacement counsel,[1] and as further explained below, declines to provide an affidavit under Local Rule 2091-1.

20. Moreover, as the hearing regarding cash collateral has been scheduled for September 18 and 19, the need for this Motion has become even more pressing.

21. Requiring W&M to remain in the case is causing a material disruption to the firm. W&M is a boutique bankruptcy and business litigation law firm, with two partners and four attorneys. Its attorneys are admitted in New York and New Jersey, and not in Texas.

22. The law firm's limited resources have been focused exclusively on this case for the past two months, to the detriment of other clients. It would be unduly burdensome and inequitable to compel W&M to continue to represent this Debtor.

23. Moreover, irreconcilable differences have developed between this law firm and Debtor's management over the handling and trajectory of this chapter 11 case. These differences have been undercutting W&M's ability to manage the case and respond appropriately to various stakeholder requests, including those of the Committee. The loss of attorney-client alignment has worsened following the filing of the venue challenge and entry of the transfer order.

**BASIS FOR RELIEF REQUESTED**

24. Local Rule 2091-1 states, in relevant part that a motion to withdraw must "specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature."

---

[1] W&M will certainly cooperate fully with replacement counsel selected by Debtor.

5

25. W&M notified Debtor of the Local Rule and requested management review and, if acceptable, execution of an affidavit pursuant to Local Rule 2091-1. Notwithstanding the fact that Debtor has had more than three weeks to secure new counsel, it has not done so. Debtor's unexplained withholding of consent has caused the law firm to be compelled to practice law in Texas. The fact is W&M attempted in good faith to obtain the requisite consent.

**WHEREFORE**, W&M respectfully requests that the Court: (i) enter an order, for good cause shown, substantially in the form of the Proposed Order, granting the relief requested herein, and (ii) grant to Movant such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         September 9, 2019

**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Debtor/Debtor in Possession*

By: */s/ Michael L. Moskowitz*
    **MICHAEL L. MOSKOWITZ**
270 Madison Avenue, Suite 1400
New York, New York 10016
(212) 684-7800