# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| HVI CAT CANYON, INC., | ) | Case No. 19-11573 (MRB) |
| | ) | |
| Debtor . | ) | |
| | ) | |

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

FORREST KUFFER, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On September 18, 2019, I caused to be served the "Unfiled Status and Pending Motion Report," dated September 17, 2019, a copy of which is attached hereto as <u>Exhibit A</u>, by causing true and correct copies to be:

    a. delivered via facsimile to those parties listed on the annexed <u>Exhibit B</u>, and

    b. delivered via electronic mail to those parties listed on the annexed <u>Exhibit C</u>.

    _____
    Forrest Kuffer

Sworn to before me this
23rd day of September, 2019

_____
Notary Public

DIANE M. STREANY
Notary Public, State of New York
No. 01ST5003825
Qualified in Westchester County
Commission Expires November 2, 2022

**EXHIBIT A**

**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**Melissa A. Guseynov (mag@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**IN THE UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>Debtor. | Case No. 9:19-bk-11573-mb<br><br>Chapter 11<br><br>**STATUS AND PENDING MOTION**<br>**REPORT RE: STATUS CONFERENCE**<br><br>Date: September 23, 2019<br>Time: 10:00 a.m.<br>Place: 21041 Burbank Blvd., Courtroom 303<br>        Woodland Hills, CA 91367<br>Judge: Hon. Martin R. Barash |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:**

HVI Cat Canyon, Inc., debtor and debtor in possession ("Debtor"), submits this first

status report ("Report"), and respectfully states as follows:

### HISTORY AND BACKGROUND OF DEBTOR

1.      Debtor is the owner and operator of producing oil and gas interests in California.

Debtor owns an approximate 100% working interest and an average 85% net revenue interest in

several oilfields in the Santa Maria Valley of Santa Barbara County, North Belridge in Kern

County, and Richfield East Dome Unit in Orange County.  Debtor's assets include: (a) fee and

leased mineral acreage, (b) oil and gas wells, (c) compressor plants, (d) tank batteries, and (e) an

extensive pipeline infrastructure.  Debtor was formed as a Colorado corporation in 1997 and

employs approximately 50 individuals.

1      2.     Debtor's senior management consists of Randeep S. Grewal, Chairman (1997-

2  present), Alex G. Dimitrijevic, President and Chief Operating Officer (2013-present), and M.

3  Ernesto Olivares, Chief Financial Officer (2015-present) and Secretary (2018-present).

4      3.     Debtor is 100% owned by GOGH, LLC, which in turn is 100% owned by GIT,

5  Inc.

6  **B.**      **Pre-Petition Indebtedness**

7      4.     Debtor and UBS, AG, London Branch ("UBS") entered into certain loan

8  arrangements evidenced by: (i) that certain First Lien Credit Agreement with UBS dated as of

9  May 20, 2016 in the original principal amount of $50,000,000; and (ii) that certain Second Lien

10  Credit Agreement with UBS dated as of May 20, 2016 in the original principal amount of

11  $50,000,000 (together, "UBS Secured Debt").

12      5.     In addition, on May 20, 2016, Debtor and GLR, LLC ("GLR") entered into that

13  certain Amended and Restated Credit Agreement, (as amended, "GLR Secured Debt") (UBS

14  Secured Debt and GLR Secured Debt, collectively "Secured Debt"). Substantially all of

15  Debtor's assets are pledged as collateral for its obligations under the UBS Secured Debt and the

16  GLR Secured Debt. Debtor asserts that, as of the Petition Date (as defined below), the current

17  outstanding amount due to UBS is approximately $114,000,000[1], and the current outstanding

18  amount due to GLR is approximately $104,000,000.

19      6.     UBS and GLR are parties to that certain Subordination and Intercreditor

20  Agreement ("Subordination Agreement") dated as of May 20, 2016. The Subordination

21  Agreement provides, among other things, that GLR's right to payment and right to exercise

22  remedies are subordinate to those of UBS.

---

[1] UBS asserts that the UBS Secured Debt is greater than Debtor's calculation.

1    7.    As of the Petition Date, Debtor had approximately $26,000,000 in outstanding

2    obligations to trade creditors and other vendors.

3    **OVERVIEW OF THE CASE**

4    **A. Southern District of New York (Case No. 19-12417)**

5    8.    On July 25, 2019 ("Petition Date"), Debtor commenced a voluntary case

6    ("Chapter 11 Case") under chapter 11, title 11 of the United States Code, §§    *et seq.*

7    ("Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New

8    York (Case No. 19-12417) ("New York Case").  Debtor is authorized to continue to operate its

9    business and manage its properties as a debtor in possession pursuant to sections 1107(a) and

10    1108 of the Bankruptcy Code.[2]

11    9.    Debtor is not a health care business or a small business debtor, and this is not a

12    single asset real estate case.

13    10.    Debtor sought bankruptcy protection to expeditiously pursue a potential sale or

14    sales of some or all of its assets to one or more parties.  Through this Chapter 11 Case, Debtor

15    intends to increase liquidity to, *inter alia*, satisfy the Secured Debt in full and plug and abandon

16    certain other assets over time.

17    11.    On August 9, 2019, the United States Trustee for Region 2 filed a notice of

18    appointment of Official Committee of Unsecured Creditors ("Committee").  Committee has

19    retained counsel, but no motion to retain has yet been filed.

20

21

---

[2] For additional information regarding Debtor's business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Case, please see Declaration of Alex G. Dimitrijevic Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, and in Support of the Debtor's Chapter 11 Petition and First-Day Relief ("Dimitrijevic Declaration") (New York Case, ECF Doc. 1).

3

**FIRST DAY MOTIONS**

12.    Promptly after filing its petition, Debtor filed several "first day" motions, including, *inter alia*, (i) Motion to Approve Use of Cash Collateral ("Cash Collateral Motion") (New York Case, ECF Doc. 11); (ii) Motion to Authorize Payment of E&P Operating Expenses ("E&P Expenses Motion") (New York Case, ECF Doc. 12); (iii) Motion for Approval of Adequate Assurance of Payment to Utility Services and Continuation of Service ("Utility Motion")[3] (New York Case, ECF Doc. 13); (iv) Motion to Authorize Assumption of Administration Agreement with GIT, Inc. ("Administration Motion") (New York Case, ECF Doc. 14); (v) Motion to Authorize Payment of Pre-Petition Wages, Salaries, Employee Benefits, and other Compensation ("Wage Motion") (New York Case, ECF Doc. 15); and (vi) Motion to Authorize Use of Continued Existing Cash Management System ("Cash Management Motion") (New York Case, ECF Doc. 16).

**1.    Cash Collateral and Surcharge Motions**

13.    The Cash Collateral Motion was vigorously contested by UBS.  Without the immediate use of cash collateral, Debtor could not pay salaries, utilities and other operating expenses incurred in the ordinary course of business and would be forced to cease operations.

14.    On August 14, 2019, Bankruptcy Judge Michael E. Wiles entered an Interim Order Granting Debtor's Motion for Use of Cash Collateral ("Interim Order") (New York Case, ECF Doc. 43).  The Interim Order included terms required by UBS.  The Interim Order provides no carve-out for debtor's professionals, counsel to the Official Committee of Unsecured Creditors, or the fees of the Office of the United States Trustee.  As all of Debtor's assets are

---

[3] The Utility Motion is still pending as Debtor continues to negotiate an adequate assurance security deposit with PG&E.

1   encumbered by the Secured Debt, a carve-out is necessary for Debtor to pay its administrative

2   expenses of this Chapter 11 Case.

3       15.    On August 19, 2019, Debtor filed its Motion to Surcharge Collateral Pursuant to

4   11 U.S.C. §§ 506(c) and 552(b). (New York Case, ECF Doc. 55) ("Surcharge Motion"). The

5   Surcharge Motion was originally scheduled to be heard in the New York Case on September 5,

6   2019. UBS filed their opposition to the Surcharge Motion on August 30, 2019 (Texas Case ECF

7   Doc. 120). The Committee filed its Statement of Position to the Surcharge Motion on September

8   3, 2019 (Texas Case ECF Doc. 132). No hearing has been held on the Surcharge Motion.

9       16.    After a contested evidentiary hearing held on August 27, 2019, Judge Wiles

10  entered an order allowing certain consensual amendments to debtor's 13-week cash collateral

11  budget providing for payment of certain post-petition obligations.

12      **2.    Professionals**

13      17.    On July 30, 2019, Debtor filed its Application to Retain Epiq Bankruptcy

14  Solutions, LLC ("Epiq") as Claims and Noticing Agent to Debtor (New York Case, ECF Doc.

15  10). On August 9, 2019, the Court entered the Order Approving Retention and Appointment of

16  Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent for Debtor under 28 U.S.C.

17  Section 156(c), 11 U.S.C. Section 105(a), And S.D.N.Y. LBR 5075-1 And Granting Related

18  Relief (New York Case, ECF Doc. 36).

19      18.    On August 7, 2019, Debtor filed its Application to Employ Weltman &

20  Moskowitz, LLP ("W&M") as Attorney for Debtor (New York Case, ECF Doc. 152).   On

21  September 4, 2019, Bankruptcy Judge Harlin D. Hale entered the Order Granting Application to

22  Employ Weltman & Moskowitz, LLP, as Attorney for Debtor (Texas Case, ECF Doc. 150).   On

23  September 9, 2019, W&M filed a Motion to Withdraw as Attorney for Debtor ("Withdrawal

1   Motion") (Texas Case, ECF Doc. 172).  The Withdrawal Motion remains pending.  W&M holds

2   a pre-petition balance retainer in the sum of $42,083.  From the Petition Date through September

3   15, 2019, W&M has incurred fees and expenses in the approximate amount of $393,508.51.

4   W&M does not have any attorneys barred to practice before this Court, nor does it maintain

5   offices outside of New York and New Jersey, and for weeks has advised Debtor to retain

6   replacement counsel.[4]  W&M's engagement agreement was limited solely to the filing of a case

7   in the United States Bankruptcy Court for the Southern District of New York. Although,

8   Debtor's management has advised it is interviewing replacement counsel, upon information and

9   belief, it has been unable to retain counsel, due to the absence of a carve-out to pay professionals

10  under the Interim Order and Bridge Order (Texas Case, ECF Doc. 182).  The amount of fees

11  incurred going forward for W&M will be dependent upon when this Court grants the Withdrawal

12  Motion.

13          19.   On August 27, 2019, Debtor filed its Application for Entry of an Order

14  Authorizing Employment and Retention of Cappello Global, LLC and Camden Financial

15  Services (d/b/a Cappello Global) as Financial Advisors ("Cappello Application") (New York

16  Case, ECF Doc. 100).  On September 4, 2019, UBS filed its Objection to Application for Entry

17  of an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing

18  Employment and Retention of Cappello Global, LLC and Camden Financial Services (d/b/a

19  Cappello Global) as Financial Advisors to the Debtor and Debtor-in-Possession *Nunc Pro Tunc*

20  to Petition Date (Texas Case, ECF Doc. 148).  The Cappello Application remains pending.

21

22

---

[4] Moreover, W&M does not have ECF filing credentials in this case and must file all documents by overnight mail causing filing delays. W&M has registered for ECF access but has been advised it takes up to 5 days for credentials to be issued.

6

1    **3.    Venue in New York is Challenged**

2    20.    On August 14, 2019, Santa Barbara County Air Pollution Control District, County

3    of Santa Barbara, and Harry Hagen, Treasurer and Tax Collector ("Movants"), filed a motion to

4    transfer venue of the chapter 11 case ("Motion to Transfer") (New York Case, ECF Doc. 47).

5    The California Department of Conservation, Division of Oil, Gas & Geothermal Resources filed

6    a joinder to the Motion to Transfer on August 23, 2019 (New York Case, ECF Doc. 73).

7    California State Lands Commission filed its own joinder on August 23, 2019 (New York Case,

8    ECF Doc. 78). Other joinders followed.

9    21.    On August 23, 2019, Debtor filed its objection to the Motion to Transfer (New

10    York Case, ECF Doc. 77), in which it argued venue was proper before the United States

11    Bankruptcy Court for the Southern District of New York. In the alternative, Debtor suggested the

12    Chapter 11 Case be transferred to the United States Bankruptcy Court for the Northern District

13    of Texas ("Texas Bankruptcy Court") because an affiliate of Debtor had a case pending before

14    that Court.

15    22.    On August 23, 2019, the Committee filed a Statement of Position ("Committee

16    Statement") (New York Case, ECF Doc. 74), generally supporting a venue change but requesting

17    transfer to the Texas Bankruptcy Court. Debtor thereafter filed a Qualified Joinder (New York

18    Case, ECF Doc. 91).

19    23.    UBS submitted its own Memorandum in Support of the Motion to Transfer, also

20    arguing that the Chapter 11 Case should be transferred to the Texas Bankruptcy Court (New

21    York Case, ECF Doc. 76).

22    24.    On August 28, 2019, after a lengthy hearing, Judge Wiles entered an order

23    transferring the Chapter 11 Case to the Texas Bankruptcy Court (ECF Doc. 106).

1    **4.    Sale of REDU Assets**

2    25.    As stated above, Debtor intends to sell certain assets in order to satisfy the

3    Secured Debt.  In that regard, on August 27, 2019, Debtor filed a Motion to Sell its Richfield

4    East Dome Unit ("REDU Motion") Pursuant to Section 363(f) (New York Case, ECF Doc. 96).

5    As explained in the REDU Motion, Debtor signed an Agreement of Sale and Purchase

6    ("Purchase Agreement") with REDU Holdings, LLC ("Buyer") to sell REDU for $1.25 million,

7    in its present "as is, where is" condition.  Debtor believes the offer as stated in the Purchase

8    Agreement, is likely the best and, possibly, the only offer to be received for the purchase of

9    REDU.  This is because of significant environmental assessments against the property totaling

10    approximately $38 million which significantly devalues the asset as it cannot be operated absent

11    satisfaction of such obligations.

12    26.    Objections to the REDU Motion were filed by UBS (Texas Case, ECF Doc. 149)

13    and creditor Buganko, LLC (Texas Case, ECF Doc. 155).  The REDU Motion remains pending.

14    **B.  Northern District of Texas (Case No. 19-32857)**

15    27.    On August 29, 2019, a Notice of Inter-District Transfer to Texas was entered,

16    officially transferring the case to the Texas Bankruptcy Court (Case No. 19-32857) ("Texas

17    Case") (Texas Case, ECF Doc. 107).  The case was assigned to the Honorable Harlin D. Hale.

18    28.    After the transfer, Debtor's use of cash collateral continued to be contested by the

19    Committee (Texas Case, ECF Doc. 109) and UBS (Texas Case, ECF Doc. 121).  UBS continues

20    to argue it is under-secured, while Debtor believes UBS is fully secured.

21    29.    In its response to the above-mentioned objections (Texas Case, ECF Doc. 130),

22    Debtor requested the Final Order should be entered over UBS' objection authorizing use of Cash

23    Collateral and providing replacement liens, to the extent necessary, to protect its interest.

8

1    Further, Debtor urged the Court to enter a Final Order allowing payment of necessary

2    administrative expenses of the Chapter 11 Case.

3    30.    On September 5, 2019, Judge Hale convened a status conference and set down

4    September 18 and 19 for an evidentiary hearing on final orders for the remaining first-day

5    motions originally filed in the New York Case.  At the status conference, several parties-in-

6    interest renewed their request that the Chapter 11 Case be transferred to California, noting that

7    the Texas Court had authority to affect such a transfer *sua sponte*.  As a result, the Texas Court

8    scheduled another hearing for September 10, 2019, solely to consider the issues of venue and use

9    of cash collateral.

10    31.    After a hearing held on September 10, 2019, Judge Hale entered a Bridge Order

11    Temporarily Granting Debtor's Use of Cash Collateral (Texas Case, ECF Doc. 182) under the

12    terms of the Interim Order.  The Court also determined that, based on several factors, venue of

13    the Chapter 11 Case was more appropriate in the United States Bankruptcy Court for the Central

14    District of California and entered an order transferring the Chapter 11 Case to this Court (Texas

15    Case, ECF Doc. 183).

16    **C.  Central District of California (Case No. 19-11573)**

17    32.    This Court has scheduled a status hearing for September 23, 2019 at 10:00 a.m.

18    (California Case, ECF Doc. 188).

19    33.    In order to move this Chapter 11 Case forward, after extensive negotiation with

20    UBS and the Committee, Debtor has consented to the employment of a Chief Restructuring

21    Officer and Independent Director.  UBS has not yet agreed to this proposed resolution but has

22    taken it under advisement and discussions continue.

23    34.    No claims deadline has been fixed yet in this case.

9

1  35.  At this time, Debtor does not intend to file any adversary proceedings that will be

2  necessary to confirm or implement a plan.

3  **BUDGET**

4  36.  Appended hereto is Debtor's 13-week budget prepared and filed in connection

5  with the Cash Collateral Motion. Debtor has been advised to prepare its 6-month report

6  regarding projected income, expenses a cash flow as required under the Court's Status Report

7  requirements and will present same to the Court upon its completion.

8  **CLAIMS**

9  37.  No claims bar date has been set, and Debtor has not yet, at this early stage of the

10  case, analyzed its scheduled claims to determine which may warrant objections.

11  **OTHER MATTERS**

12  38.  Diamond McCarthy LLP, a creditor, filed a Motion to Modify Automatic Stay

13  Pursuant to 11 U.S.C. § 362(d) (NY ECF Doc. 41). This motion is pending and yet to be heard

14  due to the multiple changes of venue.

15  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

16  39.  A list of executory contracts and unexpired leases to which Debtor is a party were

17  filed with its schedules (Texas Case ECF Doc. 171).  Debtor is still in the process of determining

18  which executory contracts and unexpired leases it will need to assume or reject.

19  **ASSET SALES**

20  40.  Debtor anticipates selling all or substantially all of its assets to satisfy creditors'

21  claims.  Debtor has begun the sale process with the REDU Motion, discussed above, and

22  anticipates filing additional sale motions in the near term.

23

## PLAN AND DISCLOSURE STATEMENT

41.   Debtor has not yet begun to formulate a plan and disclosure statement.  The basis for Debtor's plan, however, will be funds obtained from the sale of assets combined with plugging and abandoning other assets that are not salable.

## TIMING OF MOTIONS

42.   All pending motions set forth herein need to be heard in the ordinary course, except for the Cash Collateral Motion, the Surcharge Motion, the Utility Motion and the Withdrawal Motion. These motions should be heard as soon as possible, subject to the Court's calendar, due to the following:

- **Cash Collateral Motion:**  The Bridge Order expires on Thursday, September 19, 2019. Debtor anticipates the "status quo" being maintained through the date of the Status Conference on September 23, 2019.

- **Surcharge Motion:** This hearing must be held simultaneously with the Cash Collateral Motion.

- **Utility Motion:** Cessation of utility services extended through September 27, 2019 pending a resolution on adequate protection. Further extensions may not be granted by PG&E if no resolution is reached regarding an adequate assurance security deposit, which resolution hinges upon a final cash collateral order.

- **Withdrawal Motion:** Debtor requires local counsel admitted in this court to represent its interests moving forward.

## COMPLIANCE WITH DUTIES

43.   Debtor has, to the best of its ability, complied with its duties under sections 521, 1106 and 1107 of the Bankruptcy Code.

1      44.    Debtor's first monthly operating report for the period between July 26, 2019 and

2   August 31, 2019 is in the process of being completed and served consistent with the United

3   States Trustee's Guidelines.

4      45.    Debtor has submitted its 7-Day Package to the Office of the United States

5   Trustee.

6   Dated:    New York, New York
7             September 17, 2019
8                                              **WELTMAN & MOSKOWITZ, LLP**
9                                              *Attorneys for Debtor/Debtor in Possession*
10
11
12
13                                             By:/s/ Michael L. Moskowitz
14                                                 **MICHAEL L. MOSKOWITZ**
15                                                 270 Madison Avenue, Suite 1400
16                                                 New York, New York 10016
17                                                 (212) 684-7800

**EXHIBIT B**

**HVI CAT CANYON, INC. – Case No. 19-11573 (MRB)**
**Facsimile Master Service List**

| NAME | CONTACT | FAX NO. |
|------|---------|---------|
| ANN JENNY SCHUPP | C/O M H WHITTIER CORP. | 626-441-0420 |
| ATTORNEY GENERAL OF CALIFORNIA | XAVIER BECERRA | 213-897-2802 |
| BRUCE S. GELBER | DEPUTY ASST ATTORNEY GENERAL | 202-616-2427 |
| CALIFORNIA DEPT. OF FISH & WILDLIFE 5 | | 858-467-4299 |
| CALIFORNIA DEPT. OF TOXIC SUBSTANCE CONTROL | (BERKLEY REGIONAL OFFICE) | 510-540-3738 |
| CALIFORNIA DIVISION OF OIL, GAS & | GEOTHERMAL RESOURCES | 916-445-0732 |
| CALIFORNIA EMPLOYMENT DEVELOPMENT DEPT | | 916-449-2171 |
| CALIFORNIA OSHA | | 510-286-7037 |
| CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD | STATE WATER RESOURCES CONTROL BOARD | 805-543-0397 |
| CALIFORNIA STATE CONTROLLER | BETTY T. YEE | 916-322-4404 |
| CALIFORNIA WATER RESOURCES CONTROL BOARD | STATE WATER RESOURCES CONTROL BOARD | 916-341-5252 |
| COLE SCHOTZ P.C. | ATTN: MICHAEL D. WARNER, ESQ. | 817-977-1611 |
| CONWAY MACKENZIE, INC. | ATTN: JOHN YOUNG AND DAN FERTIG | 713-955-9800 |
| DIAMOND MCCARTHY LLP | ATTN: SHERYL P. GIUGLIANO | 212-430-5499 |
| DIAMOND MCCARTHY LLP | ALLAN DIAMOND | 713-333-5199 |
| EPA REGION 9 | ENVIRONMENTAL PROTECTION AGENCY | 415-947-3553 |
| FRIEDMAN & SPRINGWATER LLP | ATTN: ELLEN A.FRIEDMAN & JEANNIE KIM, ESQS. | 415-834-1044 |
| GIBSON, DUNN & CRUTCHER LLP | ATTN: OLIVIA ADENDORFF, ESQ. | 214-571-2900 |
| GLR, LLC | VIOLETA BERNICZKY | 212-218-4679 |
| HANNA AND MORTON LLP | ATTN: EDWARD S. RENWICK | 213-623-3379 |
| INTERNAL REVENUE SERVICE | CENTRALIZED INSOLVENCY OPERATIONS | 703-368-9694 |
| INTERNAL REVENUE SERVICE | | 866-717-8302 |
| J. P. MORGAN-CHASE | MICHAEL KERNEY | 212-759-1675 |
| LOCKE LORD LLP | ATTN: IRA S. GREENE (IG-2315) | 212-303-2754 |
| MCDOWELL HETHERINGTON LLP | ATTN: JARROD B. MARTIN | 713-337-8850 |
| MUSICK, PEELER & GARRETT LLP | ATTN: BRIAN L. HOLMAN | 213-624-1376 |
| MUSICK, PEELER & GARRETT LLP | ATTN: LAURA K. MCAVOY | 805-418-3101 |
| O'MELVENY & MYERS LLP | DANIEL L. CANTOR AND SAMANTHA M. INDELICATO, ESQS. | 212-326-2061 |
| O'MELVENY & MYERS LLP | JENNIFER TAYLOR, ESQ. | 415-984-8701 |
| PACHULSKI STANG ZIEHL & JONES LLP | ATN: ROBERT J. FEINSTEIN & STEVEN W. GOLDEN, ESQS. | 212-561-7777 |
| PACHULSKI STANG ZIEHL & JONES LLP | ATTN: JEFFREY N. POMERANTZ, ESQ. AND | 310-201-0760 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | PETER CALAMARI, ESQ. | 212-849-7100 |

**HVI CAT CANYON, INC. – Case No. 19-11573 (MRB)**
**Facsimile Master Service List**

| | | |
|---|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | DEVIN VAN DER HAHN AND PATRICIA D. TOMASCO, ESQS. | 713-221-7100 |
| ROCHELLE MCCULLOUGH, LLP | ATTN: KEVIN D. MCCULLOUGH & | 214-953-0185 |
| SANTA BARBARA COUNTY -APCD | AERON ARLIN GENET | 805-961-8801 |
| SANTA BARBARA COUNTY TREASURER-TAX COLLECTOR | | 805-568-2989 |
| SNOW SPENCE GREEN LLP | ATTN: ROSS SPENCE & CAROLYN CAROLLO, ESQS. | 713-335-4848 |
| SPENCER FANE LLP | ATTN: ERIC M. VAN HORN | 214-750-3612 |
| STATE OF COLORADO ATTORNEY GENERAL | ATTN: PHIL WEISER | 720-508-6030 |
| UNITED STATES DEPARTMENT OF JUSTICE - OUST | ATTN: BRIAN FITTIPALDI | 805-957-4103 |
| W. J. KENNY CORP. | C/O ALLFIRST BANKCORP TRUST C/O M&T BANK | 716-635-4230 |

**EXHIBIT C**

**HVI CAT CANYON, INC. – Case No. 19-11573 (MRB)**
**Electronic Mail Master Service List**

| NAME | EMAIL |
|------|-------|
| AKIN GUMP STRAUS HAUER & FELD | SDDAVIS@AKINGUMP.COM |
| ALLEN MATKINS LECK GAMBLE | JMEEDER@ALLENMATKINS.COM |
| ANDREW KURTH LLP | DZDUNKEWICZ@ANDREWSKURTH.COM |
| ATTORNEY GENERAL OF CALIFORNIA | MICHAEL.ZARRO@DOJ.CA.GOV |
| ATTORNEY GENERAL OF CALIFORNIA | MITCHELL.RISHE@DOJ.CA.GOV |
| BRIAN CORSON, IN HIS INDIVIDUAL CAPACITY | BRIAN@HUBMAC.COM |
| CA ATTORNEY GENERAL'S OFFICE | PIU@DOJ.CA.GOV |
| CALIFORNIA DEPARTMENT OF CONSERVATION | SHARON.ARMSTRONG@CONSERVATION.CA.GOV |
| CALIFORNIA DEPT. OF FISH & WILDLIFE 5 | ASKR5@WILDLIFE.CA.GOV |
| CALIFORNIA DIVISION OF OIL, GAS & GEOTHERMAL RESOURCES | WEBMASTER@CONSERVATION.CA.GOV |
| CALIFORNIA EMPLOYMENT DEVELOPMENT DEPT | WOTCSUPPORT@EDD.CA.GOV |
| CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD | CENTRALCOAST@WATERBOARDS.CA.GOV |
| CALIFORNIA STATE CONTROLLER | EOINQUIRY@SCO.CA.GOV |
| CALIFORNIA WATER RESOURCES CONTROL BOARD | INFO@WATERBOARDS.CA.GOV |
| COLE SCHOTZ P.C. ATTN: MICHAEL D. WARNER, ESQ. | MWARNER@COLESCHOTZ.COM |
| COLORADO DEPT OF PUBLIC HEALTH AND ENVIRONMENT | CDPHE.INFORMATION@STATE.CO.US |
| CONWAY MACKENZIE (FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS) | JYOUNG@CONWAYMACKENZIE.COM;DFERTIG@CONWAYMACKENZIE.COM |
| DIAMOND MCCARTHY LLP | ADIAMOND@DIAMONDMCCARTHY.COM; SGIUGLIANO@DIAMONDMCCARTHY.COM |
| EPA REGION 9 | R9.INFO@EPA.GOV |
| ESCOLLE TENANTS IN COMMON ATTN: VINCENT T. MARTINEZ | VMARTINEZ@TWITCHELLANDRICE.COM |
| FRIEDMAN & SPRINGWATER LLP | EFRIEDMAN@FRIEDMANSPRING.COM; JKIM@FRIEDMANSPRING.COM |
| GIBSON, DUNN & CRUTCHER LLP | OADENDORFF@GIBSONDUNN.COM |
| GLR, LLC | VAB@GRERANGROUP.COM |
| HANNA AND MORTON LLP | ERENWICK@HANMOR.COM |
| HVI CAT CANYON, INC. | AGD@GREKA.COM |

**HVI CAT CANYON, INC. – Case No. 19-11573 (MRB)**
**Electronic Mail Master Service List**

| | |
|---|---|
| HVI CAT CANYON, INC. | MEO@GREKA.COM |
| HVI CAT CANYON, INC. | RSG@GREKA.COM |
| LARSEN O'BRIEN LLP | ROBRIEN@LARSONOBRIENLAW.COM; PRIGALI@LARSONOBRIENLAW.COM; SBLEDSOE@LARSONOBRIENLAW.COM; HPARK@LARSONOBRIENLAW.COM; MVASQUEZ@LARSONOBRIENLAW.COM |
| LOEB & LOEB LLP | SROSENTHAL@LOEB.COM; MSCOHEN@LOEB.COM; ACLOUGH@LOEB.COM |
| LOEB & LOEB LLP | VRUBENSTEIN@LOEB.COM |
| MCDOWELL HETHERINGTON LLP | JARROD.MARTIN@MHLLP.COM |
| MUSICK, PEELER & GARRETT LLP | B.HOLMAN@MUSICKPEELER.COM; L.MCAVOY@MUSICKPEELER.COM |
| NEW YORK STATE DEPT OF ENVIRONMENTAL CONSERVATION | CONTACT@DEC.NY.GOV |
| O'MELVENY & MYERS LLP | DCANTOR@OMM.COM; SINDELICATO@OMM.COM |
| O'MELVENY & MYERS LLP | DPATRICK@OMM.COM; EJONES@OMM.COM; BMETCALF@OMM.COM |
| O'MELVENY & MYERS LLP | JTAYLOR@OMM.COM |
| PACHULSKI STANG ZIEHL AND JONES (PROPOSED COUNSEL TO UNSECURED CREDITORS COMMITTEE) ATTN: STEVEN W. GOLDEN, ROBERT J. FEINSTEIN, JEFFREY N. POMERANTZ, MAXIM B. LITVAK, ESQS. | SGOLDEN@PSZJLAW.COM; RFEINSTEIN@PSZJLAW.COM; JPOMERANTZ@PSZJLAW.COM; MLITVAK@PSZJLAW.COM |
| PACIFIC PETROLEUM CALIFORNIA, INC. ATTN: JOHN HOCHLEUTNER | JOHN@PPCINC.BIZ |
| PG&E | PGEBANKRUPTCY@PGE.COM; MXTN@PGE.COM;MARCELLUS.TERRY@PGE.COM |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | DEVINVANDERHAHN@QUINNEMANUEL.COM; PATTYTOMASCO@QUINNEMANUEL.COM |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | PETERCALAMARI@QUINNEMANUEL.COM |
| ROCHELLE MCCULLOUGH, LLP | KDM@ROMCLAW.COM; STHOMAS@ROMCLAW.COM |
| SANTA BARBARA COUNTY P&D | JZORO@CO.SANTA-BARBARA.CA.US |
| SANTA BARBARA COUNTY TREASURER-TAX COLLECTOR | SBTAXES@CO.SANTA-BARBARA.CA.US |
| SANTA BARBARA COUNTY TREASURER-TAX COLLECTOR | VMCISAA@CO.SANTA-BARBARA.CA.US |

**HVI CAT CANYON, INC. – Case No. 19-11573 (MRB)**
**Electronic Mail Master Service List**

| | |
|---|---|
| SHERRILL A. SCHOEPE | S.WETZLER@MUSICKPEELER.COM |
| SNOW SPENCE GREEN LLP | ROSS@SNOWSPENCELAW.COM;<br>CAROLYNCAROLLO@SNOWSPENCELAW.COM |
| SPENCER FANE LLP | ERICVANHORN@SPENCERFANE.COM |
| STATE OF COLORADO ATTORNEY GENERAL | ATTORNEY.GENERAL@COAG.GOV |
| THE LAW OFFICE OF SUSAN M. WHALEN | SUSAN@WHALENATTORNEY.COM |
| UNITED STATES DEPARTMENT OF JUSTICE ENVIRONMENTAL & NATURAL RESOURCES DIVISION | KARL.FINGERHOOD@USDOJ.GOV |
| UNITED STATES DEPARTMENT OF JUSTICE - OUST | BRIAN.FITTIPALDI@USDOJ.GOV |
| VICTORY OIL | SMALLBUSINESSTEAM@WOLTERSKLUWER.COM |
| WEIL, GOTSHAL & MANGES LLP | RACHAEL.FOUST@WEIL.COM |
| WEST COAST WELDING & CONSTR. I | MBARBEY@WESTCOASTWELDING.NET |
| WILLIAM W. JENNY JR. | CARAMEL@HOTMAIL.COM |

**TOTAL:   77**