Richard E. Weltman (rew@weltmosk.com)
Michael L. Moskowitz (mlm@weltmosk.com)
Debra Kramer (dk@weltmosk.com)
Adrienne Woods (aw@weltmosk.com)
Melissa A. Guseynov (mag@weltmosk.com)
WELTMAN & MOSKOWITZ, LLP
*Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

IN THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>Debtor. | Case No. 9:19-bk-11573-mb<br><br>Chapter 11<br><br>DECLARATION IN LIEU OF AFFIDAVIT IN SUPPORT OF UTILITY MOTION, AS AMENDED, AND IN REPLY TO OBJECTION FILED BY PG&E |

Ernesto Olivares, of full age, declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of the State of California.

2. I am the Chief Financial Officer of HVI Cat Canyon, Inc. ("Debtor") and have personal knowledge of the facts contained in this Declaration in Lieu of Affidavit based upon Debtor's books and records, and, if called upon to testify I could and would testify competently as to the truth of the facts stated herein.

3. I submit this Declaration in Lieu of Affidavit pursuant to Rule 9006(d) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(c)(3)(A) in support of the Motion, as amended, filed by Debtor for entry of an Order pursuant to Sections 366 and 105 of Title 11 of the United States Code ("Bankruptcy Code") : (i) approving Debtor's proposed form of adequate assurance of payment to utility providers; (ii) establishing procedures for resolving objections by utility providers; and (iii) prohibiting utility providers from altering, refusing, or discontinuing utility service to, or discriminating against Debtor because of the

commencement of this chapter 11 case or a debt that is owed by Debtor for utility services rendered prior to the filing of its bankruptcy petition ("Amended Utility Motion"), and in reply to the Objection filed by Pacific Gas & Electric Company ("PG&E").

4.  Debtor utilizes power, waste, water and telecommunications services provided by the utility companies listed on Exhibit A (Schedule of Utility Providers) annexed to the Amended Utility Motion.

5.  Uninterrupted utility services are essential to Debtor's ongoing operations and the success of Debtor's reorganization. Should any utility provider alter, refuse, or discontinue service, even briefly, Debtor's business operations could be severely disrupted. The continuous service of electricity, gas, telephone, water and waste management is essential to Debtor's production of its oil and gas interests both above and below ground, including operation of its extensive pipeline infrastructure, oil and gas wells and tank batteries, as well as the safety of its employees who work in different locations. Interruption of the utility services provided at these locations would disrupt Debtor's ability to communicate with, and provide the necessary support to, its employees, vendors, customers, and various regulatory authorities.

6.  Moreover, Debtor's ongoing viability depends on the continuing operation of its oil fields, pipeline and gas and oil wells, without interruption. Any disruption in the provision of utility services to Debtor's oil fields, pipeline and gas and oil wells would risk cutting off an essential source of Debtor's revenue and jeopardize the preservation of the estate's going-concern value, as well as the safety of its employees. Such interruption would negatively impact the Debtor's reorganization efforts and all parties in interest.

7.  Debtor, in the Amended Utility Motion, proposes a form of adequate assurance of payment to its utility providers, other than PG&E (collectively, the "Non-PG&E Utility Providers") and procedures for resolving objections by the Non-PG&E Utility Providers. The

proposed form of adequate assurance of payment to the Non-PG&E Utility Providers and the procedures for resolving objections by the Non-PG&E Utility Providers to the adequate assurance provided, set forth in the Amended Utility Motion, are incorporated herein with the same effect as if fully stated herein.

8. With respect to PG&E, Debtor, in its Amended Utility Motion, proposed adequate assurance of future payment in the form of one-half of the utility deposit provided to PG&E pre-petition and timely payment of post-petition services provided by PG&E. PG&E has since applied the entire amount of the pre-petition utility deposit ($569,744.00) to offset approximately sixty (60%) percent of PG&E's pre-petition claim. Debtor is current on its payment of post-petition utility services provided by PG&E.

9. Contrary to PG&E's assertion in its Objection, Debtor's historical average monthly utility usage over the past twelve (12) months is approximately $170,000.00, and not $200,000.00, with only one monthly billing cycle reflecting the amount of $290,946.15.

10. Debtor and PG&E, by their respective counsel, are engaged in ongoing settlement negotiations regarding adequate assurance of payment pursuant to Section 366 of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of September 2019..

ERNESTO OLIVARES