**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**Melissa A. Guseynov (mag@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

### IN THE UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>Debtor. | Case No. 9:19-bk-11573-mb<br><br>Chapter 11<br><br>**DECLARATION IN LIEU OF AFFIDAVIT IN SUPPORT OF DEBTOR'S MOTION TO SURCHARGE COLLATERAL PURSUANT TO 11 U.S.C. §§ 506(c) AND 552(b)** |

Randeep S. Grewal, of full age, declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Hong Kong.

2. I am the Chairman of HVI Cat Canyon, Inc. ("Debtor") and have personal knowledge of the facts contained in this Declaration in Lieu of Affidavit based upon Debtor's books and records, and, if called upon to testify I could and would testify competently as to the truth of the facts stated herein.

3. The facts and statements set forth in the Motion are incorporated herein with the same effect as if fully stated herein.

4. I submit this Declaration in Lieu of Affidavit pursuant to Rule 9006(d) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(c)(3)(A) in support of Debtor's motion for entry of an Order pursuant to Sections 506(c) and 552(b) of Title 11 of the United States Code ("Bankruptcy Code") approving Debtor's surcharge of real property

subject to liens of UBS, AG, London ("UBS") and GLR, LLC ("GLR" and together with UBS, the "Secured Lenders").

4. Debtor seeks authorization to surcharge Secured Lenders' collateral in the amounts shown on the budget annexed as Exhibit A to the Motion, subject to a rollover of unused budgeted funds and a variance of 10% of the total expenditure amount listed on the 13 week budget in the approximate amount of $4,200,000.00, for the purposes of preserving that collateral and continuing Debtor's operations to prevent diminution in the value of Debtor's estate. Specifically, Debtor must immediately begin surcharging Secured Lenders' collateral to continue its operations as a going concern while protecting, preserving and maximizing the value of its assets for all creditors, and preventing (a) Debtor's involuntary forfeiture of certain oil and gas leases as a result of a discontinuation in production; and (b) untold economic harm resulting from inadequate liquidity to properly shut-in operating wells. To do otherwise, would eviscerate significant value for Debtor's estate and Secured Lenders' collateral. Moreover, the process of extracting illiquid mineral reserves and producing them into liquid crude oil and mineral gas have significantly higher value than its *in situ* minerals.

5. Debtor's income is exclusively derived from the oil and gas which it sells. A significant portion of the sales proceeds represents compensation for Debtor's services, such as the extraction and production of the oil and gas that Debtor sells. Under the equities of Debtor's Chapter 11 case discussed in the Motion, the proceeds of oil and gas sales should not accrue to the exclusive benefit of the Secured Lenders, in light of the substantial value that Debtor's services add to the *in situ* oil and gas subject to the Secured Lenders' liens.

6. Without immediate liquidity, Debtor will be unable to pay salaries, utilities, professional fees in this chapter 11 case, and other operating expenses including environmental

and regulatory compliance incurred in the ordinary course of business and may be forced to cease operations and terminate approximately 50 employees. Debtor's ability to preserve and maximize the value of its assets for all secured and unsecured creditors and to propose a Chapter 11 plan of reorganization will be critically impaired without immediate access to unencumbered cash.    To accomplish these goals, Debtor seeks entry of an order authorizing Debtor to surcharge Secured Lenders' collateral for the costs of producing oil and gas from the real property oil and gas leases serving as part of the Secured Lenders' collateral.

7.    In addition to needed funding for its operations, Debtor requires immediate liquidity to avoid forfeiture of its assets. Many of Debtor's oil and gas leases contain divestiture provisions in their habendum clauses, as is market standard. Debtor will involuntarily divest the oil and gas leases under the habendum clauses if Debtor fails to: (i) continue producing oil and gas in paying quantities; or (ii) tender payment to the lessor for delay rental payments or shut-in royalties.

8.    Surcharging the real property will provide Debtor with the liquidity needed to meet its obligations under the oil and gas leases, so that Debtor will not lose its most valuable assets, which provide Debtor's primary source of revenue and asset value. If the oil and gas leases are involuntarily forfeited because of lapse in the royalty and rental payments, Debtor will be obligated to plug and abandon wells on, remove surface equipment from, and remediate under the terms of the leases for the subject leases.   The cost of these efforts will exceed several million dollars; funds that Debtor does not have without its ongoing operations.

9.    Secured Lenders' interests encumber Debtor's current cash reserves, leaving Debtor with no means to fund a proper shut-in procedure for its active oil and gas wells. While Debtor has significant bonding to protect against environmental damage, payments from these

insurance programs may not arrive promptly, resulting in the failure to address the potential environmental problems associated with a poorly-funded shut-in effort. Debtor's ability to surcharge the collateral would provide the proper funding needed to avoid potential catastrophic environmental harm..

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration in Lieu of Affidavit is executed on September 27, 2019 in Hong Kong.

_____
RANDEEP S. GREWAL