**Richard E. Weltman (rew@weltmosk.com)**
**Michael L. Moskowitz (mlm@weltmosk.com)**
**Debra Kramer (dk@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**Melissa A. Guseynov (mag@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Debtor/Debtor-in-Possession*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**IN THE UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>                                        Debtor. | Case No. 9:19-bk-11573-mb<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION IN LIMINE**<br><br>Date: October 3, 2019<br>Time: 10:00 a.m.<br>Judge: Hon. Martin R. Barash |

**TO THE HONORABLE MARTIN R. BARASH,**
**UNITED STATES BANKRUPTCY JUDGE:**

HVI Cat Canyon, Inc., debtor and debtor in possession ("Debtor"), by and through its counsel, Weltman & Moskowitz LLP, as and for its opposition to the Motion in Limine of Secured Creditor UBS AG, London Branch ("UBS") to preclude the 2016 Netherland Sewell Reserve Report at Cash Collateral Hearing ("Report"), respectfully states as follows:

**OPPOSITION**

1.  UBS seeks to preclude Debtor from relying on the 2016 Netherland Sewell Reserve Report at the upcoming final cash-collateral hearing, alleging that it is inadmissible hearsay. The Report is admissible pursuant to FED. R. EVID. 803(6). Further the Report is highly relevant and must be considered in determining the value of Debtor's assets as it establishes that UBS is fully secured.

**LEGAL STANDARD**

2.  Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Assuming there is an objection, hearsay is made inadmissible pursuant to FED. R. EVID. 802. *See* FED. R. EVID. 801(c), 802. However, there are several exceptions to the hearsay rule. One such exception can be found in FED. R. EVID. 803(6), which provides that a record made in the course of a regularly conducted business activity is admissible even if it contains hearsay and regardless of whether or not the person preparing the record is available to testify if the custodian or other qualified witness demonstrates that such record was: (1) the regular practice of that business to make the record; (2) kept in the regular course of that business; (3) made by a person with knowledge; and (4) made at or near the time of the event recorded. *See Am. Express Travel Related Servs. Co. v. Vinhnee (In re Vinhnee),* 336 B.R. 437, 444 (9th Cir. BAP 2005). Business records are admissible despite the fact that they contain hearsay statements for two general reasons. First, businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful. Second, routine and habitual patterns of creation lend reliability to business records. *United States v. Blackburn,* 992 F.2d 666 (7th Cir. 1993).

**ARGUMENT**

3.  As established by testimony of Randeep S. Grewal, chairman of Debtor, the Report was created in the normal course of business. *See* Declaration of Randeep S. Grewal ("Grewal Decl.") annexed hereto as **Exhibit A.** The foundation for admission into evidence is

further established by the certificate of the custodian of records under FED. R. EVID. 902(11).[1]

*See* Declaration of Ernesto Olivares annexed hereto as **Exhibit B.**

        4.       Indeed, the Report was produced pursuant to (i) that certain First Lien Credit Agreement with UBS dated as of May 20, 2016 in the original principal amount of $50,000,000 and (ii) that certain Second Lien Credit Agreement with UBS dated as of May 20, 2016 in the original principal amount of $50,000,000 (collectively, "Credit Agreements"). As such, the Report was maintained in the ordinary course of business. Further, the Report was drafted by NSAI, which is familiar with, and knowledgeable of, the type of assets evaluated in 2016. While the Report is now several years old, it indicates not just the value of Debtor's oil reserve assets at that time the Report was drafted, but also the projected value of such assets. Thus, the Report constitutes an admissible business record under FED. R. EVID. 803(6) as the volumes of oil in the ground did not change. The current value of such oil would be calculated by simply multiplying the same volume of oil with the current oil price which has materially risen since this 2016 year-end report. Hence, the only question is the amount the value increased from the stated value in the report.

        5.       The foundation for admission of the Report into evidence was established by Mr. Grewal's testimony at the initial hearing on Debtor's motion for use of cash collateral. The Report is a business record that was kept in the ordinary course of Debtor's business that was produced, inter alia, pursuant to the Credit Agreements with UBS. It should further be noted that UBS relies in its own expert report on the Report – thus, the Report already was made part of the

---

[1] FED R. EVID. 902(11) permits self-authentication of 6 documents as business records under FED. R. EVID. 803(6) if the documents are accompanied by a written declaration of its custodian or other qualified person, certifying that the documents meet the requirements of FED. R. EVID. 803(6).

record by UBS and cannot be precluded from consideration. *See Expert Report of Monty Kehl dated August 29, 2016* at Appendix B, p.36 titled "Materials Relied Upon."

6.  Notably, the Report has been in UBS' possession since 2017 and, upon information and belief, at no point did UBS dispute its veracity with Debtor until this bankruptcy case was filed. It is disingenuous, years after UBS received the Report, to dispute its contents.

## CONCLUSION

7.  For the above reasons, Debtor respectfully requests that the Court deny UBS' Motion to exclude the Report.

DATED this 27th day of September 2019.

                                                **WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Debtor/Debtor in Possession*

By: */s/ Michael L. Moskowitz*
      **MICHAEL L. MOSKOWITZ**
270 Madison Avenue, Suite 1400
New York, New York 10016
(212) 684-7800