Patricia B. Tomasco (*admitted pro hac vice*)
Devin van der Hahn (pro hac vice forthcoming)
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7000
Facsimile: 713-221-7100
Email: pattytomasco@quinnemanuel.com
       devinvanderhahn@quinnemanuel.com

-and-

Razmig Izakelian (State Bar No. 292137)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
Email: razmigizakelian@quinnemanuel.com

*Attorneys for GIT, Inc.*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 9:19-BK-11573-MB<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF DEBTOR'S MOTIONS TO APPROVE USE OF CASH COLLATERAL AND TO SURCHARGE COLLATERAL**<br><br>**Hearing**<br><br>Date: October 3, 2019<br>Time: 10:00 a.m.<br>Ctrm: 201<br>Location: 1415 State Street<br>Santa Barbara, CA 93101<br>Judge: Hon. Martin Barash |

**TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that creditor and interested party GIT, Inc. ("GIT"), in accordance with the Court's September 26, 2019 order (ECF 278) ("September 26 Order"), hereby submits this supplemental brief ("Supplemental Brief") in support of: (i) Debtor's Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 Approving Use of Cash Collateral, Providing Adequate Protection and Setting Final Hearing Pursuant to Bankruptcy Rule 4001 (ECF 11) (the "Cash Collateral Motion"); and (ii) Debtor's Motion to Surcharge Collateral Pursuant to 11 U.S.C. §§ 506(c) and 552(b) (ECF 55) (the "Surcharge Motion").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the September 26 Order, this Supplemental Brief has been served upon counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors ("Committee"), Brian D. Fittipaldi of the United States Trustee ("OUST"), and counsel for any party who filed a response to the Cash Collateral Motion or the Surcharge Motion by Notice of Electronic Filing or overnight mail so that it is received by noon, Pacific Time, on September 30, 2019.

**PLEASE TAKE FURTHER NOTICE** that per the September 26 Order, any party who had previously filed a response to the Cash Collateral Motion or Surcharge Motion may respond to this Supplemental Brief by filing a single brief not to exceed five pages by no later than October 1, 2019, at noon, pacific time, and serve such brief on counsel for the Debtor, counsel for the Committee, counsel for OUST, and counsel for GIT by NEF or overnight mail so that it is received by October 2, 2019.

DATED: September 27, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: */s/Razmig Izakelian*
Razmig Izakelian

Patricia B. Tomasco (*admitted pro hac vice*)
Devin van der Hahn (pro hac vice forthcoming)
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7000
Facsimile: 713-221-7100
Email: pattytomasco@quinnemanuel.com
devinvanderhahn@quinnemanuel.com

-and-

Razmig Izakelian (State Bar No. 292137)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
Email: razmigizakelian@quinnemanuel.com

*Attorneys for GIT, Inc.*

**BRIEF INTRODUCTORY STATEMENT**

More than any other party in interest, UBS, AG, London Branch ("UBS") benefits from the Debtor's ability to continue operating the estate's oil and gas leases (the "Leases"). Should the Debtor discontinue its operations at any Lease, that non-producing Lease may expire under the terms of its own habendum clause. Further, non-operating wells may require plugging and abandonment for a variety of environmental reasons. Producing wells generate cash but only if the Debtor expends money to operate the well and truck the minerals from the field to a purchaser's facility. Because every expenditure made by the Debtor to date was specifically approved by UBS and are limited to only those expenditures that directly benefit UBS's collateral while other administrative claimants go begging, surcharge under section 506(c) of the Bankruptcy Code insures that the interests of all of the Debtor's constituencies are properly balanced.

**BACKGROUND**

Unfortunately, the shoestring budget that UBS imposed on the Debtor does not suffice to safely maintain the Debtor's operations at the Leases. Alarmingly, the slow trickle of funds released by UBS provides the Debtor with insufficient liquidity to fund proper "shut-in" procedures for wells that the Debtor must idle. The logical end of UBS's strategy in this case will needlessly eviscerate significant collateral value: as unavoidable production gaps cause certain Leases to expire, the environmental liability associated with inevitable remediation costs will mount, leaving UBS's collateral pool (a) smaller; and (b) subject to potentially crushing environmental claims.

Despite these dire circumstances, the Debtor has a reasonable solution: use of section 363(c)(2)(B) of title 11 (the "Bankruptcy Code") to pay restructuring expenses from cash collateral and section 506(c) of the Bankruptcy Code to pay operational expenses by surcharging UBS's collateral to the extent benefited. Costs such as professionals' fees may be best suited for payment from cash collateral. Because the value of UBS's collateral exceeds the amount of UBS's claim, the Debtor can provide adequate protection to UBS in the form of an equity cushion. Other costs, such as the costs of safely operating the Debtor's active wells and maintaining environmental compliance programs, prevent (a) any Leases from prematurely expiring; and (b) environmental

remediation costs from overwhelming the value of the Leases. Because this second category of costs accrue to the benefit of UBS's collateral, the Debtor can surcharge that collateral.

## ARGUMENT

**A. A debtor's use of cash collateral and a debtor's ability to surcharge operate in tandem.**

Section 506(c) permits a trustee or a debtor in possession to "recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect for the property." 11 U.S.C. § 506(c); *see also In re Cascade Hydraulics & Utility Serv., Inc.*, 815 F.2d 546, 548 (9th Cir. 1987) ("We allow payment of administrative expenses from the proceeds of secured collateral when incurred primarily for the benefit of the secured creditor ***or when the secured creditor cause or consented to the expense***.") (emphasis added); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 12 n. 4 (2000) ("Debtors-in-possession may also use the section [11 U.S.C. § 506(c)], as they are expressly given the rights and powers of a trustee by 11 U. S. C. § 1107.").

Section 363(e) of the Bankruptcy Code similarly deals with a debtor's use of its assets, conditioning the debtor's use of its cash collateral on the adequate protection of a secured lender's interest in that cash collateral. *See also* 11 U.S.C. § 363(c)(2)(B) (permitting a debtor to use cash collateral upon the entry of an order from the presiding court).

**B. The *Debbie Reynolds* decision upheld a debtor's ability to surcharge secured collateral under identical circumstances to those at issue here.**

The *In re Debbie Reynolds Hotel & Casino, Inc.* decision from the Ninth Circuit Court of Appeals provides guidance on a debtor's ability to surcharge. 255 F.3d 1061 (9th Cir. 2001). Unequivocally, the *Debbie Reynolds* decision holds that surcharge is appropriate where the secured creditor consents to payments made from cash encumbered by the secured creditor's liens. *Id.* at 1068. In the *Debbie Reynolds* matter, the debtor sought and received the secured lender's consent to pay certain administrative expenses from encumbered cash. The *Debbie Reynolds* court held that the secured creditor's consent to the payment of those expenses served as consent to surcharge. *See id.* at 1068, n. 4 (citing William Collier, *Collier on Bankruptcy* § 506.05[6] (15th Ed. Revised 2001) ("If the

holder of a secured claim expressly consents to the payment of a specific administrative claim from its collateral, then the secured creditor's consent may be enforceable to ensure payment of the claim of the administrative claimant from the collateral."). The court explained—and practical experience proves—that secured creditors consent to the payment of expenses from collateral to gain an element of control over the debtor's operations in a bankruptcy proceeding. *Debbie Reynolds*, 255 F.3d at 1068.

Here, the amounts paid by the Debtor pursuant to the consent of UBS qualify for surcharge against UBS's collateral. Similar to the secured creditor in the *Debbie Reynolds* matter, UBS demanded the right to and did consent to the Debtor's payment of certain expenses from cash encumbered by UBS's liens. UBS declined to demand an order requiring the Debtor to provide adequate protection in exchange for the Debtor's use of the encumbered cash. As the *Debbie Reynolds* court noted, secured creditors may consent to a debtor's use of encumbered cash in exchange for an element of control over the direction of a bankruptcy proceeding. The same pattern repeats here: UBS consented to the Debtor's use of encumbered cash as part of a bargain that allowed UBS complete control over how and when the Debtor paid expenses. Without exception, the expenses approved by UBS directly benefit UBS's collateral. In all of its actions in this case, UBS has used its leverage, whether real or threatened, to shape the Debtor's operations to suit UBS's exclusive interests. That is the bargain UBS has struck. This Court should hold UBS to that bargain and permit the Debtor to surcharge UBS's collateral. The *Debbie Reynolds* decision supports this relief, and UBS has effectively consented to surcharge. Even in the absence of UBS's consent, surcharge would still be appropriate: By preventing Lease expirations and avoiding environmental liability, the operations of the Debtor serve to preserve UBS's collateral, as required under section 506(c).

**C. The *ProAlert* holding upheld a debtor's use of cash collateral under identical circumstances to those at issue here.**

The *In re ProAlert, LLC* decision explains how sections 506(c) and 363(c)(2)(B) interact: a debtor has an absolute right to surcharge its use of cash collateral when appropriate; whereas in all other circumstances, a debtor may, upon an order from the presiding court, use cash collateral after granting the secured creditor adequate protection. 314 B.R. 436, 443–445 (B.A.P. 9th Cir. 2004).

-3-    Case No. 9:19-bk-11573-MB
SUPPLEMENTAL BRIEF IN SUPPORT OF DEBTOR'S MOTIONS TO APPROVE USE OF CASH COLLATERAL AND TO SURCHARGE COLLATERAL

During the *ProAlert* case, the debtor received the consent of the secured lender to pay for certain administrative expenses of the bankruptcy estate. *See id.* at 439. The secured creditor, however, refused to consent to the debtor's payment of the estate's professionals from cash collateral. Accordingly, the debtor sought and won court approval to pay these professional service expenses pursuant to section 363(c)(2)(B). *See id.*

Prior to the appeal before the Bankruptcy Appellate Panel for the Ninth Circuit, the secured creditor contested the debtor's ability to use cash collateral to pay the estate's professional expenses. Arguing that these payments must satisfy the test for surcharge under section 506(c), the secured creditor alleged that the professional fees did not preserve the value of the secured creditor's collateral. The panel declined to assess the debtor's payment of professional fees through the lens of section 506(c); instead, the panel determined that the debtor's ability to provide adequate protection—in the form of an equity cushion—to the secured creditor provided sufficient grounds for authorizing the debtor to use cash collateral for the payment of professional fees.

The *ProAlert* court grounded its holding on the fact that the debtor had shown that an equity cushion in the secured creditor's collateral provided adequate protection for the payments made to the estate's professionals. *Id.* at 444; *see also In re Desert Gardens IV, LLC*, No. 11-31061, 2012 WL 860369, 2012 Bank. LEXIS 1075 (Bankr. D. Ariz. Mar. 12, 2012) ("The BAP harmonized these portions of § 363 with § 506(c) by explaining that protections afforded secured creditors are "not absolute," and that adequate protection is contemplated as a means of protecting lien value while accommodating the needs of debtors and creditors.") (citing *ProAlert*, 314 B.R. at 441–42). The estate's other expenses, to which the secured creditor consented, need not receive adequate protection. *See* 11 U.S.C. 363(e) (requiring that a debtor provide adequate protection only after a party requests adequate protection for the debtor's use of cash collateral). As this Supplemental Brief discusses above, consented expenses qualify for surcharge against the secured creditor's collateral.

Like the contemplated expenses in the *ProAlert* matter, the Debtor seeks to pay reasonable professional expenses from cash collateral. Section 363(c)(2)(B) permits the Debtor to use cash collateral for any legal purpose, including—as the *ProAlert* panel held—the payment of reasonable professionals' fees. In turn, section 363(e) conditions the Debtor's use of cash collateral on the

-4- Case No. 9:19-bk-11573-MB

Debtor's ability to provide UBS with adequate protection. Despite UBS's objections, the Debtor can prove the existence of an equity cushion on UBS's collateral. Like the equity cushion proved in the *ProAlert* matter, UBS's equity cushion provides the secured creditor with adequate protection. Accordingly, this Court should approve the Debtor's use of cash collateral for the same expenses and under the same circumstances discussed in the *ProAlert* decision.

**D. Conclusion**

Since the commencement of the Debtor's case, UBS exercised complete control over the Debtor's finances through an iron-tight grip on all outflows of the Debtor's cash. Through a daily system of request-and-consent, UBS restricted and continues to restrict the Debtor's operations to only those operations that have a direct benefit on UBS's collateral. Under both statute and case law, the Debtor has demonstrated sufficient grounds for this Court to approve the Debtor's request to surcharge UBS's collateral.

For the professional fees that UBS refuses to provide its consent, the Debtor can prove that UBS has adequate protection of its security interest. In fact, UBS already has adequate protection of its interests in the form of a significant equity cushion on its collateral. Case law does not equivocate on this point: an equity cushion provides sufficient adequate protection to allow a debtor to use its cash collateral. Thus, for the professional fees that the Debtor urgently needs to pay, this Court should authorize the Debtor to pay these expenses from cash collateral. To the extent UBS argues that the entire cash collateral budget requires adequate protection, GIT submits that only those expenditures that do not qualify for surcharge under section 506(c) of the Bankruptcy Code be deemed a use of cash collateral under section 363 of the Bankruptcy Code.

[*Remainder of page intentionally left blank.*]

DATED: September 27, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:  */s/ Razmig Izakelian*
     Razmig Izakelian

Patricia B. Tomasco (*admitted pro hac vice*)
Devin van der Hahn (pro hac vice forthcoming)
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7000
Facsimile: 713-221-7100
Email: pattytomasco@quinnemanuel.com
      devinvanderhahn@quinnemanuel.com

-and-

Razmig Izakelian (State Bar No. 292137)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
Email: razmigizakelian@quinnemanuel.com

*Attorneys for GIT, Inc.*

---

-6-     Case No. 9:19-bk-11573-MB
SUPPLEMENTAL BRIEF IN SUPPORT OF DEBTOR'S MOTIONS TO APPROVE USE OF CASH COLLATERAL
AND TO SURCHARGE COLLATERAL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
865 S. Figueroa Street, 10th Floor, Los Angeles, California, 90017

A true and correct copy of the foregoing document entitled (*specify*): SUPPLEMENTAL BRIEF IN SUPPORT OF
DEBTOR'S MOTIONS TO APPROVE USE OF CASH COLLATEARL AND TO SURCHARGE COLLATERAL
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/27/2019 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/27/2019 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/27/2019 | Razmig Izakelian | /s/ Razmig Izakelian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission
mscohen@loeb.com, klyles@loeb.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee
brian.fittipaldi@usdoj.gov

Karen L Grant on behalf of Creditor BUGANKO, LLC
kgrant@silcom.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

Brian L Holman on behalf of Creditor Bradley Land Company
b.holman@musickpeeler.com

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company
jkim@friedmanspring.com

Darren L Patrick on behalf of Interested Party UBS AG, London Branch
dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party
becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil, Gas & Geothermal Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
mitchell.rishe@doj.ca.gov

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.
dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com,
mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch
jtaylor@omm.com

## 3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL

Personal Delivery
Honorable Martin R. Barash
United States Bankruptcy Court Central District of California (Santa Barbara)
21041 Burbank Blvd., Suite 342/Courtroom 303
Woodland Hills, CA 91367

Overnight Mail and Email
Karen L Grant on behalf of BUGANKO, LLC
Law Offices of Karen L. Grant
924 Anacapa Street, Suite 1M
Santa Barbara, CA 93101
kgrant@silcom.com

Eric M. Van Horn on behalf of BUGANKO, LLC
Spencer Fane LLP
2200 Ross Avenue, Suite 4800 West
Dallas, TX 75201
ericvanhorn@spencerfane.com

Ross Spence on behalf of County of Santa Barbara, California, Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California, and Santa Barbara Air Pollution Control District
Snow Spence Green LLP
America Tower
2929 Allen Parkway, Suite 2800
Houston, Texas 77019
ross@snowspencelaw.com

Evan M Jones, Brian M Metcalf, and Darren L Patrick on behalf of UBS AG, London Branch
O'Melveny & Myers LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
ejones@omm.com
bmetcalf@omm.com
dpatrick@omm.com

Gary Svirsky and Samanta M Indelicato on behalf of UBS AG, London Branch
O'Melveny & Myers LLP
Seven Times Square
New York, NY 10036
gsvirsky@omm.com
sindelicato@omm.com

Jeffrey N Pomerantz and Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors
Pachulski Stang Ziehl & Jones LLP
10100 N. Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
jpomerantz@pszjlaw.com
mlitvak@pszjlaw.com

Brian D Fittipaldi on behalf of United States Trustee
United States Department of Justice/OUST
1415 State Street, Suite 148
Santa Barbara, CA 93101
Brian.fittipaldi@usdoj.gov

Michael L. Moskowitz on behalf of HVI Cat Canyon, Inc.
Weltman and Moskowitz LLP
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
mlm@weltmosk.com