O'MELVENY & MYERS LLP
Evan M. Jones (S.B. # 115827)
Brian M. Metcalf (S.B. # 205809)
Darren L. Patrick (S.B. # 310727)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: ejones@omm.com
E-mail: bmetcalf@omm.com
E-mail: dpatrick@omm.com

Gary Svirsky (N.Y. SBN: 2899417)
Samantha M. Indelicato (N.Y. SBN: 5598263)
(appearing *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: gsvirsky@omm.com
E-mail: sindelicato@omm.com

*Attorneys for UBS AG, London Branch*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION IN LIEU OF AFFIDAVIT IN OPPOSITION TO EXPERT REPORT OF MONTY KEHL DATED AUGUST 29, 2019 AND IN FURTHER SUPPORT OF CASH COLLATERAL MOTION [DKT. NO. 299]**<br><br>Hearing<br>Date:   October 3, 2019<br>Time:   10:00 a.m.<br>Place:   Courtroom 201<br>          1415 State Street<br>          Santa Barbara, California |

UBS AG, London Branch ("UBS") submits the following evidentiary objections to the

*Declaration In Lieu Of Affidavit In Opposition To Expert Report Of Monty Kehl Dated August 29,*

*2019 And In Further Support Of Cash Collateral Motion* filed on September 27, 2019.  See Docket No. 299 ("Declaration").  The Declaration should be stricken in its entirety: it violates multiple scheduling orders entered in this case and consists of inadmissible testimony under the Federal Rules of Evidence ("FRE").

On August 14, 2019, while this case was pending in the Southern District of New York, Judge Wiles set September 5, 2019 as the final hearing date for the Debtor's Cash Collateral Motion and ordered that "*on or before … September 3, 2019, the Debtor shall file any reply evidence it intends to rely on at the Final Hearing, in declaration form*.  *This shall be proper reply limited in scope to the testimony in-chief and objector's responsive evidence*."  See Docket No. 43 (Interim Cash Collateral Order) at ¶ 15.  Judge Wiles reiterated this briefing schedule when entering his first bridge cash collateral order two weeks later on August 28.  See Docket No. 105 (First Bridge Order) at ¶ 6 ("[N]othing in the Order shall alter the [Interim] Cash Collateral Order, *including but not limited to the briefing schedule set forth therein*[.]) (emphasis added).

UBS complied with Judge Wiles's briefing schedule by serving its cash collateral objection and the Expert Report of Monty Kehl on August 29, 2019.[1]  Yet the Debtor chose not to submit reply evidence to UBS's objection by the September 3 deadline.  When Judge Hale issued the second bridge cash collateral order in this case on September 12, 2019, he too confirmed that Judge Wiles's briefing schedule would be maintained.  See Docket No. 182 (Bridge Cash Collateral Order) at ¶ 6:  "[N]othing in this Order shall alter the Interim Cash Collateral Order."

Most recently, this Court's September 24, 2019 *Scheduling Order Following Chapter 11 Status Conference* entered [Docket No. 251] ("Scheduling Order") set forth in painstaking detail what additional papers were permitted to be filed before the cash collateral hearing on October 3, 2019.  That order permitted the Debtor to file proper evidentiary objections to the Kehl Expert Report pursuant to Local Bankruptcy Rule 9013-1(i)(2), which the Debtor declined to do.  See

---

[1] Due to the pending venue transfer to the North District of Texas, the case docket was temporarily closed, and UBS was unable to docket its Objection until August 30, 2019.  See Docket Nos. 121 (Cash Collateral Objection); 121-2 (Kehl Expert Report).

Scheduling Order at 2 ("Objections to evidence offered in connection with the Cash Collateral Motion … shall be filed no later than September 27, 2019 at noon, Pacific Time" and "must comply with Local Bankruptcy Rule 9013-1(i)(2)"). But that order did not permit the Debtor to file reply argument or purported new evidence in support of the Cash Collateral Motion. Id.

The Debtor ignored that order as well, and now seeks to dispute the Kehl Expert Report on substantive grounds with additional testimony—from an unqualified lay witness. Indeed, at the first day hearing, this is what the Debtor's lead counsel said to Mr. Grewal: "I mean, I'm not calling you as a petroleum expert, but I'm calling you as an entrepreneur and as an owner and as an operator in this particular debtor case." Transcript of August 1, 2019, First Day Hearing at 44:8–11. The Court then emphasized the point by stating that "you haven't qualified [Mr. Grewal] as an expert, you've asked him based on different grounds, so I don't know how he can testify as to a value based on a hearsay report." Id. at 45:22–25. The Court should thus strike the Declaration because it violates multiple orders in this case.

To be clear, the testimony in the Declaration consists entirely of incompetent lay opinion, speculation, and conclusory legal argument that is inadmissible under the Federal Rules of Evidence:

| No. | Objectionable Testimony | Grounds for Objection | Sustained / Overruled |
|---|---|---|---|
| 1. | ¶ 3. "The Huron Valuation fails to account for factors that should have influenced its conclusions. Notably, California Oil & Gas onshore long-life producing assets are sold on a specific matrix and are very dependent on the quality of the producing barrel. The Huron Valuation presents a trade of $88,000 per flowing barrel as the most recent comparable trade (placing Debtor's value of its producing barrels at $114 million - roughly equal to the UBS Debt) but attempts to depress this | Objections: lack of foundation (FRE 602), inadmissible opinion, conclusory (FRE 701), speculates and misstates as to what Mr. Kehl considered (FRE 602), misleading (FRE 403).<br><br>The Debtor lays no foundation for Mr. Grewal's knowledge or expertise regarding the valuation of oil and gas assets. He relies only on the vague assertion that his purported knowledge is "based upon the Debtor's books and records." Decl. at ¶ 2. He offers no support for his lay | SUSTAINED<br><br>_____<br><br>OVERRULED<br><br>_____ |

| | | | |
|---|---|---|---|
| | value by averaging trades from three (3) years ago." | opinion that the Debtor's assets are worth "$114 million" based on the data contained in the Kehl Expert Report. This statement of value is conclusory and based on incompetent opinion and pure speculation. Nor does Mr. Grewal offer any factual support for his speculative accusation that the Kehl Expert Report "attempts to depress" the value of the Debtor's assets. The statement is also argument, not testimony. | |
| 2. | ¶ 4. "The Huron Valuation does not account for the very different quality barrel. The Huron Valuation fails to differentiate between steam-injected barrels and those are are not. The Debtor's lack of steam injection produces premium long-life reserves, which Debtor has done successfully for the past 22 years. These premium long-life reserves are expected to sell at a premium as compared to steam-injected flowing barrels. Thus, the Huron Valuation is fundamentally flawed and demonstrates the lack of actual expertise to the assets of the Debtor." | <u>Objections</u>: lack of foundation (FRE 602), inadmissible opinion, conclusory (FRE 701), speculative as to what Mr. Kehl considered (FRE 602), misleading (FRE 403).<br><br>There is no evidence in the record related to the Debtor's "lack of steam objection … for the past 22 years" or the relevance of this unsupported assertion to the value of the Debtor's assets. The Declaration appears to rely on facts not before the Court and should be stricken. At best, Mr. Grewal's statements consist of argument, not evidence. The Debtor also lays no foundation for Mr. Grewal's knowledge or expertise related to the valuation of oil and gas assets. | SUSTAINED<br><br>———<br><br>OVERRULED<br><br>——— |

| | | | |
|---|---|---|---|
| 3. | ¶ 5. "[T]he Huron Valuation values the Collateral signaficantly [sic] lower than the valuations UBS used during its twelve (12) year banking history with Debtor. This utterly fails to account for the $100 million in financing provided to Debtor in May 26 which was based on Midway Sunset oil pricing of $39 per barrel; recently, Midway Sunset oil is priced at $57 per barrel, a significant increase of approximately 46%. The Huron Valuation fails to account for how UBS processed this new loan, obtained all necessary approvals from various required committees and consultants, and ultimately approved a $100 million loan to Debtor at a time when oil prices were 46% lower. This loan was made by UBS a mere three (3) years ago and clearly at some discount to the then Loan to Value ("LTV"). We would all expect a bank to advance loans at some discount to LTV. Now, however, UBS attempts to argue that the very same assets on which it relied upon to collateralize $100 million loan [sic] are worth only 50% of its funded debt. The argument lacks credibility, and the facts simply do not support it." | <u>Objections</u>: lack of foundation (FRE 602), inadmissible opinion, conclusory (FRE 701), speculative (FRE 602), misleading (FRE 403).<br><br>The Debtor lays no foundation for Mr. Grewal's knowledge or expertise of the banking industry; oil and gas financing; and assumes facts not in evidence regarding the supposed extension by UBS of $100 million in new credit to the Debtor. Mr. Grewal lays no foundation for any knowledge of what approvals UBS purportedly required in connection with its senior secured debt facility. Mr. Grewal's statements regarding oil and gas financing and UBS's internal analysis, policies, and procedures is based on pure speculation and incompetent opinion. | SUSTAINED<br><br>_____<br><br>OVERRULED<br><br>_____ |

Dated: October 1, 2019

Respectfully submitted,

O'MELVENY & MYERS LLP

<u>/s/ Darren L. Patrick</u>
Darren L. Patrick
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: ejones@omm.com
E-mail: bmetcalf@omm.com
E-mail: dpatrick@omm.com

| | |
|---|---|
| 1 | Gary Svirsky |
| 2 | Samantha M. Indelicato |
|   | (appearing *pro hac vice*) |
| 3 | Seven Times Square |
|   | New York, NY 10036 |
| 4 | Telephone: (212) 326-2000 |
|   | Facsimile: (212) 326-2061 |
| 5 | E-mail: gsvirsky@omm.com |
|   | E-mail: sindelicato@omm.com |
| 6 | *Attorneys for UBS AG, London Branch* |

*Attorneys for UBS AG, London Branch*

EVIDENTIARY OBJECTIONS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of eighteen and not a party to this bankruptcy case or adversary proceeding. My business address is **400 South Hope Street, Los Angeles, California 90071-2899**.

A true and correct copy of the foregoing document entitled **EVIDENTIARY OBJECTIONS TO DECLARATION IN LIEU OF AFFIDAVIT IN OPPOSITION TO EXPERT REPORT OF MONTY KEHL DATED AUGUST 29, 2019 AND IN FURTHER SUPPORT OF CASH COLLATERAL MOTION [DKT. NO. 299]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/1/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Alicia Clough** aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen** mscohen@loeb.com, klyles@loeb.com
- **Karl J Fingerhood** karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **Brian D Fittipaldi** brian.fittipaldi@usdoj.gov
- **Karen L Grant** kgrant@silcom.com
- **Ira S Greene** Ira.Greene@lockelord.com
- **Matthew C. Heyn** Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman** b.holman@musickpeeler.com
- **Razmig Izakelian** razmigizakelian@quinnemanuel.com
- **Jeannie Kim** jkim@friedmanspring.com
- **Michael L Moskowitz** mlm@weltmosk.com, jg@weltmosk.com;aw@weltmosk.com
- **Darren L Patrick** dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com
- **Jeffrey N Pomerantz** jpomerantz@pszjlaw.com
- **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Mitchell E Rishe** mitchell.rishe@doj.ca.gov
- **Daniel A Solitro** dsolitro@lockelord.com, ataylor2@lockelord.com
- **Ross Spence** ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- **Christopher D Sullivan** csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com
- **Jennifer Taylor** jtaylor@omm.com
- **Fred Whitaker** lshertzer@cwlawyers.com
- **Emily Young** pacerteam@gardencitygroup.com,

- 1 -

EVIDENTIARY OBJECTIONS

rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

**II. SERVED BY OVERNIGHT FEDEX**: On **10/1/2019**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR:**

HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue Suite D
Brighton, CO 80601

**ATTORNEYS FOR DEBTOR:**

Weltman & Moskowitz, LLP
Attn: Michael L. Moskowitz
270 Madison Ave., Ste. 1400
New York, NY 10016-0601

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/1/2019** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:**

Hon. Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of October, 2019, at Los Angeles, California.

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jan Wallis*
　　　　　　　　　　　　　　　　　　　　　　　　　Jan Wallis