O'MELVENY & MYERS LLP
Evan M. Jones (S.B. # 115827)
Brian M. Metcalf (S.B. # 205809)
Darren L. Patrick (S.B. # 310727)
400 South Hope Street, 18th Floor
Los Angeles, CA  90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407
E-mail:  ejones@omm.com
E-mail:  bmetcalf@omm.com
E-mail:  dpatrick@omm.com

Gary Svirsky (N.Y. SBN: 2899417)
Samantha M. Indelicato (N.Y. SBN: 5598263)
(appearing *pro hac vice*)
Seven Times Square
New York, NY  10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
E-mail:  gsvirsky@omm.com
E-mail:  sindelicato@omm.com

*Attorneys for UBS AG, London Branch*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>   Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION IN LIEU OF AFFIDAVIT IN SUPPORT OF DEBTOR'S MOTION TO SURCHARGE COLLATERAL [DKT. NO. 301]**<br><br>Hearing<br>Date:    October 3, 2019<br>Time:   10:00 a.m.<br>Place:   Courtroom 201<br>             1415 State Street<br>             Santa Barbara, California |

UBS AG, London Branch ("UBS") submits the following evidentiary objections to Mr. Randeep Grewal's *Declaration In Lieu Of Affidavit In Support Of Debtor's Motion To Surcharge Collateral Pursuant To 11 U.S.C. §§ 506(c) and 552(b)*. See Docket No. 301 ("Surcharge

EVIDENTIARY OBJECTIONS

Declaration"). The Surcharge Declaration should be stricken in its entirety: it is an untimely and improper supplement to an untimely filed motion and consists of inadmissible testimony under the Federal Rules of Evidence.

On August 14, 2019, while this case was pending in the Southern District of New York, Judge Wiles set September 5, 2019 as the final hearing date for the Debtor's Cash Collateral Motion and ordered that "[o]n or before 4:00 p.m. (Eastern Time) on August 15, 2019, the Debtor <u>*shall file any additional pleadings and evidence beyond that relied on at the Interim Hearing that it intends to rely on at the Final Hearing, including without limitation direct testimony of any witnesses, which shall be offered in declaration form*</u>." <u>See</u> Docket No. 43 (Interim Cash Collateral Order) at ¶ 13 (emphasis added). In an attempt to circumvent Judge Wiles's cash collateral briefing schedule, the Debtor then waited until August 19, 2019 to ambush UBS with its Surcharge Motion. <u>See</u> Docket No. 55 (Surcharge Motion). As UBS explained in its Objection thereto, the Surcharge Motion not only contravened Judge Wiles's briefing schedule, it was unsupported by <u>*any evidence whatsoever*</u> and sought to bypass the specific statutory requirements of Section 363 for the use of UBS's cash collateral by seeking to "surcharge" that collateral instead. <u>See</u> Docket No. 120 (UBS Objection to Surcharge Motion).

Now, the Debtor purports to belatedly submit additional "evidence" to support the Surcharge Motion, in violation of yet another order: this Court's September 24, 2019 *Scheduling Order Following Chapter 11 Status Conference* [Docket No. 251] ("Scheduling Order"). The Scheduling Order set forth in painstaking detail what additional papers were permitted to be filed before the final hearings set for October 3, 2019. The Court permitted the Santa Barbara municipal authorities and Buganko, L.P. to present additional evidence related to the Surcharge Motion. <u>Id.</u> at ¶ 1(c), (d). The Court did <u>*not*</u> permit the Debtor to file any reply argument or additional declaration evidence in support of surcharge. <u>Id.</u>

On September 26, 2019, this Court entered its *Order (1) Granting The Emergency Motion For Leave To File Supplemental Brief Concerning Cash Collateral And Surcharge Motions Filed By GIT, Inc. And (2) Permitting Parties To File Supplemental Briefs Re: Ninth Circuit Authorities Concerning Cash Collateral And Surcharge Motions* [Docket No. 278] ("Emergency Order").

That order permitted "[t]he Debtor [to] file a single brief of points and authorities, not to exceed five pages, addressing relevant legal authorities within the Ninth Circuit concerning the Cash Collateral Motion and the Surcharge Motion no later than September 27, 2019 at noon, Pacific Time." Id. at ¶ 2. But—once again—this order nowhere permitted additional "evidence" from the Debtor to support surcharge.

The Declaration should be stricken in its entirety as untimely. Moreover, the testimony in the Declaration consists of incompetent lay opinion, speculation, and conclusory legal argument that is inadmissible under the Federal Rules of Evidence:

| No. | Objectionable Testimony | Grounds for Objection | Sustained / Overruled |
|---|---|---|---|
| 1. | ¶ 4. "Debtor must immediately begin surcharging Secured Lenders' collateral to continue its operations as a going concern while protecting, preserving and maximizing the value of its assets for all creditors, and preventing (a) Debtor's involuntary forfeiture of certain oil and gas leases as a result of a discontinuation in production; and (b) untold economic harm resulting from inadequate liquidity to properly shut-in operating wells. To do otherwise, would eviscerate significant value for Debtor's estate and Secured Lenders' collateral. Moreover, the process of extracting illiquid mineral reserves and producing them into liquid crude oil and mineral gas have significantly higher value than its *in situ* minerals." | Objections: lack of foundation (FRE 602), inadmissible opinion, conclusory (FRE 701), unsupported by original documentation or best evidence (FRE 1002), misleading (FRE 403).<br><br>Mr. Grewal lays no foundation for any knowledge or expertise regarding the purported risk of forfeiture of its oil and gas leases under applicable law. He relies only on the vague assertion that his purported knowledge is "based upon the Debtor's books and records." Decl. at ¶ 2. Further, the leases Mr. Grewal alludes to in the Surcharge Declaration are not in evidence (and are not attached thereto), in violation of the best evidence rule. Mr. Grewal offers no support for his lay opinion that the Debtor would suffer "untold economic harm" absent surcharge pursuant to Section 506(c) of the Bankruptcy Code. His opinion is, at best, incompetent legal | SUSTAINED<br><br>_____<br><br>OVERRULED<br><br>_____ |

|  |  |  | argument—not evidence—and is based on pure speculation. Finally, Mr. Grewal lays no foundation for any knowledge or expertise regarding the purported value of the Debtor's "liquid crude oil and mineral gas," as opposed to its "*in situ*" minerals. |  |
|---|---|---|---|---|
|  | 2. | ¶ 5. "Under the equities of Debtor's Chapter 11 case discussed in the Motion, the proceeds of oil and gas sales should not accrue to the exclusive benefit of the Secured Lenders, in light of the substantial value that Debtor's services add to the *in situ* oil and gas subject to the Secured Lenders' liens." | Objections: lack of foundation (FRE 602), inadmissible lay opinion, conclusory (FRE 701), misleading (FRE 403).<br><br>Mr. Grewal's testimony consists of incompent legal argument, not evidence. The Surcharge Declaration lays no foundation for Mr. Grewal's purported knowledge of the "equities of the Debtor's Chapter 11 case" or applicable law. Mr. Grewal also lays no foundation for his purported knowledge of the valuation of the Debtor's oil and gas assets or the alleged "value" added to the Debtor's "*in situ*" materials on account of the Debtor's alleged "services." | SUSTAINED<br><br>———<br><br>OVERRULED<br><br>——— |
|  | 3. | ¶ 6. "Without immediate liquidity, Debtor will be unable to pay salaries, utilities, professional fees in this chapter 11 case, and other operating expenses, including environmental and regulatory compliance incurred in the ordinary course of business and may be forced to cease operations and terminate approximately 50 employees. Debtor's ability to preserve and maximize the value of its assets for all secured and unsecured creditors and to propose a Chapter 11 plan of reorganization will be critically | Objections: lack of foundation (FRE 602), inadmissible opinion, conclusory (FRE 701), speculative (FRE 602), unsupported by original documentation or best evidence (FRE 1002), misleading (FRE 403).<br><br>Mr. Grewal's assertion that the Debtor "may" be forced to cease operations and terminate employees if the Surcharge Motion is not granted is facially speculative, not based on facts. No documentary evidence supporting Mr. Grewal's lay opinion is provided or attached to the Surcharge Declaration. At | SUSTAINED<br><br>———<br><br>OVERRULED<br><br>——— |

| | | | |
|---|---|---|---|
| | | impaired without immediate access to unencumbered cash." | best, Mr. Grewal's statements constitute legal argument, not evidence. | |
| 4. | ¶ 7. "In addition to needed funding for its operations, Debtor requires immediate liquidity to avoid forfeiture of its assets. Many of Debtor's oil and gas leases contain divestiture provisions in their habendum clauses, as is market standard. Debtor will involuntarily divest the oil and gas leases under the habendum clauses if Debtor fails to: (i) continue producing oil and gas in paying quantities; or (ii) tender payment to the lessor for delay rental payments or shut-in Royalties." | Objections: lack of foundation (FRE 602), inadmissible opinion, conclusory (FRE 701), unsupported by original documentation or best evidence (FRE 1002), misleading (FRE 403).<br><br>Mr. Grewal neither identifies nor attaches any oil or gas lease of the Debtor (or any habendum clause therein) at risk of forfeiture or divestiture. No foundation is laid to support Mr. Grewal's speculative assertion that a temporary stop in production would affect the Debtor's ability to operate. | SUSTAINED<br><br>———<br><br>OVERRULED<br><br>——— |
| 5. | ¶ 8. "If the oil and gas leases are involuntarily forfeited because of lapse in the royalty and rental payments, Debtor will be obligated to plug and abandon wells on, remove surface equipment from, and remediate under the terms of the leases for the subject leases. The cost of these efforts will exceed several million dollars; funds that Debtor does not have without its ongoing operations." | Objections: lack of foundation (FRE 602), inadmissible opinion, conclusory (FRE 701), unsupported by original documentation or best evidence (FRE 1002), misleading (FRE 403).<br><br>Mr. Grewal's testimony is facially speculative. There is no foundation for any knowledge or expertise of the Debtor's purported legal obligations to "plug and abandon" any of its wells based on a speculative "forfeiture" of its leases. There is no foundation for Mr. Grewal's estimate of the costs of such speculative abandonment or remediation. Not a single "term" of any oil or gas lease of the Debtor is cited or attached to the Surcharge Declaration. Mr. Grewal's testimony is | SUSTAINED<br><br>———<br><br>OVERRULED<br><br>——— |

| | | incompetent legal argument, not evidence. | |
|---|---|---|---|
| 6. | ¶ 9. "While Debtor has significant bonding to protect against environmental damage, payments from these insurance programs may not arrive promptly, resulting in the failure to address the potential environmental problems associated with a poorly-funded shut-in effort. Debtor's ability to surcharge the collateral would provide the proper funding needed to avoid potential catastrophic environmental harm." | Objections: lack of foundation (FRE 602), inadmissible opinion, conclusory (FRE 701), unsupported by original documentation or best evidence (FRE 1002), misleading (FRE 403).<br><br>Mr. Grewal's assertions are based on pure speculation. No foundation is established for Mr. Grewal's statement that speculative insurance payments "may not arrive promptly." Nor is there any basis for Mr. Grewal's purported knowledge of any "economic harm" the Debtor's might suffer if the Surcharge Motion is not granted. The testimony in the Surcharge Declaration is incompetent legal opinion with no factual basis. | |

Dated: October 1, 2019

Respectfully submitted,

O'MELVENY & MYERS LLP

*/s/ Darren L. Patrick*
Darren L. Patrick
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: ejones@omm.com
E-mail: bmetcalf@omm.com
E-mail: dpatrick@omm.com

| | |
|---|---|
| 1 | Gary Svirsky |
| 2 | Samantha M. Indelicato (appearing *pro hac vice*) |
| 3 | Seven Times Square<br>New York, NY 10036 |
| 4 | Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061 |
| 5 | E-mail: gsvirsky@omm.com<br>E-mail: sindelicato@omm.com |
| 6 | *Attorneys for UBS AG, London Branch* |

EVIDENTIARY OBJECTIONS

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of eighteen and not a party to this bankruptcy case or adversary proceeding. My business address is **400 South Hope Street, Los Angeles, California 90071-2899**.

A true and correct copy of the foregoing document entitled **EVIDENTIARY OBJECTIONS TO DECLARATION IN LIEU OF AFFIDAVIT IN SUPPORT OF DEBTOR'S MOTION TO SURCHARGE COLLATERAL [DKT. NO. 301]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/1/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Alicia Clough**  aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen**  mscohen@loeb.com, klyles@loeb.com
- **Karl J Fingerhood**  karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **Brian D Fittipaldi**  brian.fittipaldi@usdoj.gov
- **Karen L Grant**  kgrant@silcom.com
- **Ira S Greene**  Ira.Greene@lockelord.com
- **Matthew C. Heyn**  Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman**  b.holman@musickpeeler.com
- **Razmig Izakelian**  razmigizakelian@quinnemanuel.com
- **Jeannie Kim**  jkim@friedmanspring.com
- **Michael L Moskowitz**  mlm@weltmosk.com, jg@weltmosk.com;aw@weltmosk.com
- **Darren L Patrick**  dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Todd C. Ringstad**  becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Mitchell E Rishe**  mitchell.rishe@doj.ca.gov
- **Daniel A Solitro**  dsolitro@lockelord.com, ataylor2@lockelord.com
- **Ross Spence**  ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- **Christopher D Sullivan**  csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com
- **Jennifer Taylor**  jtaylor@omm.com
- **Fred Whitaker**  lshertzer@cwlawyers.com
- **Emily Young**  pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

- 1 -
EVIDENTIARY OBJECTIONS

**II. SERVED BY OVERNIGHT FEDEX**: On **10/1/2019**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR:**

HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue Suite D
Brighton, CO 80601

**ATTORNEYS FOR DEBTOR:**

Weltman & Moskowitz, LLP
Attn: Michael L. Moskowitz
270 Madison Ave., Ste. 1400
New York, NY 10016-0601

**III. SERVED BY PERSONAL DELIVERY:**

Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/1/2019** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:**

Hon. Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of October, 2019, at Los Angeles, California.

                                              */s/ Jan Wallis*
                                              Jan Wallis