O'MELVENY & MYERS LLP
Evan M. Jones (S.B. # 115827)
Brian M. Metcalf (S.B. # 205809)
Darren L. Patrick (S.B. # 310727)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: ejones@omm.com
E-mail: bmetcalf@omm.com
E-mail: dpatrick@omm.com

Gary Svirsky (N.Y. SBN: 2899417)
Samantha M. Indelicato (N.Y. SBN: 5598263)
(appearing *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: gsvirsky@omm.com
E-mail: sindelicato@omm.com

*Attorneys for UBS AG, London Branch*

**UNITED STATES BANKRUPTCY COURT FOR**

**THE CENTRAL DISTRICT OF CALIFORNIA — NORTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 9:19-bk-11573-MB |
| HVI CAT CANYON INC., | Chapter 11 |
| Debtor. | **SECURED CREDITOR UBS AG, LONDON BRANCH'S RESPONSE TO SUPPLEMENTAL BRIEF OF GIT [DKT. 306]** |
| | Date: October 3, 2019<br>Time: 10:00 a.m.<br>Courtroom: 201<br>Address: 1425 State St.<br>Santa Barbara, CA 93101<br>Judge: Hon. Martin Barash |

On September 23, two counsel for GIT, the second tier parent of the Debtor, sat through a near five-hour status conference focused largely on scheduling. Though the possibility of supplemental briefing in light of the venue change in this case was discussed, various

SECURED CREDITOR UBS AG, LONDON BRANCH'S RESPONSE TO SUPPLEMENTAL BRIEF OF GIT

dispensations were granted to parties for additional time, and counsel for GIT participated actively in the hearing, at no time did counsel for GIT mention a desire to file their first pleading in these matters. Forty-eight hours later, they filed an emergency brief seeking permission to "address[] relevant Ninth Circuit authorities," and simply filed two joinders without leave of Court. Docket Nos. 276 (Emergency Motion for Leave to File Supplemental Brief) at 4; 274 (Joinder); 275 (Joinder).

The Court allowed GIT to file its brief. Docket No. 278 (Order). The brief completely fails to meet GIT's implied promise of new legal authorities, offering nothing new to the dispute. Nearly every case cited was already submitted by the actual parties, and GIT's argument is simply incorrect. GIT's factual assertions are also wrong and unsupported by evidence.

GIT relies in large part on In re Debbie Reynolds Hotel & Casino, Inc., 255 F.3d 1061 (9th Cir. 2001), already cited by UBS in its opposition. See GIT Br. at 5–6. However, GIT's treatment of the case is, at best, disingenuous. GIT declares that the case involves "identical circumstances" to those at issue in the instant litigation, and that the case "upheld a debtor's ability to surcharge." Id. at 5. Neither is true. Debbie Reynolds involved an agreement in which the lender specifically agreed that its collateral might be surcharged to pay counsel and no one else. 255 F.3d at 1064. The issue before the court was not whether counsel's fees might indeed be surcharged—no one argued otherwise—but whether the agreement could, by its terms, bar additional surcharge by other creditors (which the court held it might in light of Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1 (2000)), and whether counsel had to share the surcharged funds with other administrative claimants (which the court held it did not). Debbie Reynolds, 255 F.3d at 1065–69. The decision does not turn on the standards for surcharge, although the court noted that surcharge imposes an "onerous" burden on the Debtor and requires a showing of benefit with "specificity." Id. Offering not one line of evidence, the Debtor cannot meet that standard. Id. at 1068.

GIT selectively quotes footnote 4 of Debbie Reynolds for the proposition that any payment the lender consents to may be surcharged, but neglects the first sentence of that note: "The fact that [the Lender] consented to a *surcharge* in favor of Debtor's counsel supports a

2
SECURED CREDITOR UBS AG, LONDON BRANCH'S RESPONSE TO SUPPLEMENTAL BRIEF OF GIT

finding that the surcharge was properly distributed." Id. at 1068 n.4 (emphasis added). The footnote does not suggest that consent to any payment constitutes consent to surcharge, but addresses a very specific consent to a very specific surcharge. Id. There has been no consent to surcharge here.

No case supports GIT's suggestion that any consent to expenditure of cash collateral is a consent to surcharge. Indeed, the claim is absurd on its face as such a rule would guarantee that lenders rarely concede to any use of cash. In Flagstaff Foodservice Corp., which In re Cascade Hydraulics and Utility Service, Inc., 815 F.2d 546 (9th Cir. 1987) relies upon, the court rejected that proposition because of the devastating effect on cooperation by lenders—and thus reorganization—that such a rule would have. In re Flagstaff Foodservice Corp., 739 F.2d 73, 77 (2d Cir. 1984). No one could reasonably conclude that UBS consented to surcharge after Judge Wiles pressed the parties at the first day hearing—and sent them to evening conference—to settle an order to bridge use of cash collateral to full hearing on cash collateral. First, even if this were legal consent to surcharge—which it is not—UBS never tolerated in any way the legal expenses or expanded expenses the Debtor seeks now. In any event, UBS has not consented to use of cash collateral after this hearing. Further, if the law were as GIT suggests without authority—that any consent to use of cash collateral constitutes consent to surcharge—few lenders would ever agree to cash collateral use. First day hearings would go far into the night as no lender would settle an order. Fortunately, that is not the law.

GIT's reliance on In re ProAlert, LLC is equally unavailing. GIT Br. at 6–8. In that case, the lender argued that all use of cash collateral must meet the standard for surcharge. In re ProAlert, LLC, 314 B.R. 436, 439–49 (B.A.P. 9th Cir. 2004). The BAP correctly ruled that Sections 363 and 506(c) coexist, apply to different issues, and therefore apply different standards. Id. at 441. In ProAlert, the court found that the lender had a material equity cushion and thus had adequate protection for use of cash collateral without invoking surcharge or its standards. Id. at 445. UBS has never quibbled that if the Court finds that an equity cushion provides UBS adequate protection, the Court may allow cash collateral to be used under the standards of Section 363. However, there is no equity cushion, and ProAlert's holding that both sections must operate

supports UBS's argument that surcharge does not offer a basis to evade the requirement of adequate protection to use cash collateral.  See In re ProAlert, 314 B.R. at 445; see also Docket No. 120 (UBS Surcharge Objection) at 8.  Desert Gardens, cited by GIT, is entirely consistent.  See In re Desert Gardens IV, LLC, No. 2:11-bk-31061-EWH, 2012 WL 860369, *5 (Bankr. D. Ariz. Mar. 12, 2012); GIT Br. at 7.  In that case, the court found that the Debtor could not surcharge legal fees, but set for hearing whether there was adequate protection that might allow payment of fees independent of surcharge.  Id.  Again, UBS has never asserted that all use of cash collateral must meet the surcharge standard.

Finally, GIT quotes passing dicta from the controlling Cascade decision (again, a decision cited in UBS's brief) that causing or consenting to an expense may support surcharge.  In re Cascade, 815 F.2d at 548–49.  But the passage GIT quotes is pure dicta immaterial to Cascade's holding denying surcharge.  Id.  GIT then fails to mention Cascade's actual holding.  Surcharge must be shown with specificity, and the benefit must be direct and primarily to the secured creditor and may not rely purely on speculation.  In re Cascade, 815 F.2d at 548–49.  No such evidence has been offered by any party.  The suggestion that counsel for the Debtor—whose fees the Debtor seeks to surcharge—acted primarily for the benefit of UBS is both absurd and offensive.  To follow Cascade's controlling Ninth Circuit authority, this Court must deny surcharge.

The GIT pleading adds nothing to the argument.  The Debtor and UBS already agree that if an equity cushion is shown, it might provide adequate protection for use of cash collateral, but there is no credible admissible evidence of such.  See Docket No. 120 (UBS Surcharge Objection) at 8.  Even were an equity cushion shown—and none has been—that doesn't end the inquiry; cases cited by the Debtor hold that even an 11% equity cushion may be too small to provide adequate protection.  The request to use cash collateral must be denied for lack of a showing of adequate protection.  Surcharge, which GIT's own cases stress is not a substitute for adequate protection, imposes an onerous burden on the Debtor to show a primary, direct, and quantifiable benefit to the secured creditor.  There is no evidence to support surcharge and the surcharge

request must be denied.[1]

Dated: October 1, 2019

Los Angeles, CA

EVAN M. JONES
BRIAN M. METCALF
DARREN L. PATRICK
GARY SVIRSKY
SAMANTHA INDELICATO
O'MELVENY & MYERS LLP

By:    /s/ *Darren L. Patrick*
           Darren L. Patrick

Attorneys for UBS AG, London Branch

---

[1] Lest there be any doubt what the GIT pleading is really about, within ten minutes of its filing, the Debtor—an affiliate of GIT—filed a "joinder" to GIT's brief. Docket No. 311 (Joinder). Both Judge Wiles's and this Court's scheduling orders denied the Debtor the opportunity to file further pleadings after the Debtor's reply was received nearly a month ago. Doing so through ventriloquism should not be permitted.

5
SECURED CREDITOR UBS AG, LONDON BRANCH'S RESPONSE TO SUPPLEMENTAL BRIEF OF GIT

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of eighteen and not a party to this bankruptcy case or adversary proceeding. My business address is **400 South Hope Street, Los Angeles, California 90071-2899**.

A true and correct copy of the foregoing document entitled **SECURED CREDITOR UBS AG, LONDON BRANCH'S RESPONSE TO SUPPLEMENTAL BRIEF OF GIT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/1/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Alicia Clough** aclough@loeb.com, mnielson@loeb.com, ladocket@loeb.com
- **Marc S Cohen** mscohen@loeb.com, klyles@loeb.com
- **Karl J Fingerhood** karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **Brian D Fittipaldi** brian.fittipaldi@usdoj.gov
- **Karen L Grant** kgrant@silcom.com
- **Ira S Greene** Ira.Greene@lockelord.com
- **Matthew C. Heyn** Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman** b.holman@musickpeeler.com
- **Razmig Izakelian** razmigizakelian@quinnemanuel.com
- **Jeannie Kim** jkim@friedmanspring.com
- **Michael L Moskowitz** mlm@weltmosk.com, jg@weltmosk.com;aw@weltmosk.com
- **Darren L Patrick** dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com
- **Jeffrey N Pomerantz** jpomerantz@pszjlaw.com
- **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Mitchell E Rishe** mitchell.rishe@doj.ca.gov
- **Daniel A Solitro** dsolitro@lockelord.com, ataylor2@lockelord.com
- **Ross Spence** ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- **Christopher D Sullivan** csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com
- **Jennifer Taylor** jtaylor@omm.com
- **Fred Whitaker** lshertzer@cwlawyers.com
- **Emily Young** pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

**II. SERVED BY OVERNIGHT FEDEX**: On **10/1/2019**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR:**

HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue Suite D
Brighton, CO 80601

**ATTORNEYS FOR DEBTOR:**

Weltman & Moskowitz, LLP
Attn: Michael L. Moskowitz
270 Madison Ave., Ste. 1400
New York, NY 10016-0601

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **10/1/2019** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:**

Hon. Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of October, 2019, at Los Angeles, California.

                                                  */s/ Jan Wallis*
                                                  Jan Wallis

SECURED CREDITOR UBS AG, LONDON BRANCH'S RESPONSE TO SUPPLEMENTAL BRIEF OF GIT