Richard E. Weltman (rew@weltmosk.com)
(NY State Bar No. 1204213) *(pro hac vice pending)*
Michael L. Moskowitz (mlm@weltmosk.com)
(NY State Bar No. 1827070) *(pro hac vice pending)*
Debra Kramer (dk@weltmosk.com)
(NY State Bar No. 1972405)
Adrienne Woods (aw@weltmosk.com)
(NY State Bar. No. 4356770) *(pro hac vice pending)*
Melissa A. Guseynov (mag@weltmosk.com)
(NY State Bar No. 4615217)
WELTMAN & MOSKOWITZ, LLP
Attorneys for Debtor/Debtor-in-Possession
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
Phone: (212) 684-7800
Fax: (212) 684-7995

**FILED & ENTERED**

**OCT 10 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** handy         **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>      Debtor and<br>      Debtor in Possession. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION, (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, AND (C) PAY PREPETITION CLAIMS OF INDEPENDENT CONTRACTORS AND (II) DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS [CASE DKT. 15]**<br><br>Date:     October 3, 2019<br>Time:    10 a.m.<br>Ctrm:    Courtroom 201<br>           U.S. Bankruptcy Court<br>           1415 State Street<br>           Santa Barbara, CA 93101<br>Judge:   Hon. Martin R. Barash |

1

Upon the Motion, dated July 30, 2019 (the "Motion")[1], of HVI Cat Canyon, Inc., as debtor and debtor in possession ("Debtor"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, for an order, *inter alia*, (i) authorizing Debtor to (a) pay prepetition wages, salaries, employee benefits, and other compensation, (b) maintain employee benefit programs and policies and pay related administrative obligations, and (c) pay Independent Contractor Obligations, and (ii) authorizing and directing all financial institutions to receive, honor, process, and pay all checks and wire transfers drawn on the Debtor's accounts related to such obligations, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.§§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and it appearing that no other or further notice need be provided; and a hearing having been held on August 1, 2019, to consider the relief requested in the Motion ("Interim Hearing"), after which the Court entered an Interim Order (the "Interim Order") granting the relief requested in the Motion to the extent indicated; and the Chapter 11 Case having subsequently been transferred to the Bankruptcy Court for the Central District of California, Northern Division; and a subsequent hearing having been held on October 3, 2019 ("Final Hearing", with the Interim Hearing, the "Hearings"), at which the Court granted the relief granted in the Interim Order on a final basis; and upon the Declaration of Alex G. Dimitrijevic Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, filed contemporaneously with the Motion, the record of the Hearings and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate,

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

creditors, and all parties in interest, and that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the relief granted in the Interim Order is granted on a final basis; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this <u>Final</u> ~~Interim~~ Order.

###

Date: October 10, 2019

Martin R Barash
United States Bankruptcy Judge

3

APPROVED AS TO FORM AND SUBSTANCE:

PACHULSKI STANG ZIEHL & JONES LLP
*[Proposed] Counsel for Official Unsecured Creditors Committee*


By: */s/ Maxim B. Litvak*
    Jeffrey N. Pomerantz
    Maxim B. Litvak


O'MELVENY & MYERS, LLP
*Counsel for UBS AG, London Branch*


By: */s/ Evan M. Jones*
    Evan M. Jones
    Gary Svirsky

4