Richard E. Weltman (rew@weltmosk.com)
(NY State Bar No. 1204213) *(pro hac vice pending)*
Michael L. Moskowitz (mlm@weltmosk.com)
(NY State Bar No. 1827070) *(pro hac vice pending)*
Debra Kramer (dk@weltmosk.com)
(NY State Bar No. 1972405)
Adrienne Woods (aw@weltmosk.com)
(NY State Bar. No. 4356770) *(pro hac vice pending)*
Melissa A. Guseynov (mag@weltmosk.com)
(NY State Bar No. 4615217)
**WELTMAN & MOSKOWITZ, LLP**
**Attorneys for Debtor/Debtor-in-Possession**
**270 Madison Avenue, Suite 1400**
**New York, New York 10016-0601**
**Phone: (212) 684-7800**
**Fax: (212) 684-7995**

**FILED & ENTERED**

**OCT 11 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust          DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>Debtor and<br>Debtor in Possession. | Case No. 9:19-bk-11573-mb<br><br>Chapter 11<br><br>**ORDER APPROVING SETTLEMENT OF PACIFIC GAS AND ELECTRIC COMPANY'S OBJECTION TO DEBTOR'S UTILITY MOTION**<br><br>Date:   October 3, 2019<br>Time:   10 a.m.<br>Ctrm:   Courtroom 201<br>         U.S. Bankruptcy Court<br>         1415 State Street<br>         Santa Barbara, CA 93101<br>Judge:  Hon. Martin R. Barash |

Upon the motion of HVI Cat Canyon, Inc. ("Debtor"), Debtor and Debtor-in-Possession, filed on July 30, 2019, for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 366 Requesting Entry of an Order (I) Approving Debtor's Proposed Form of Adequate Assurance of Payment to

{00822430 v2}    1

1  Utility Providers and, (II) Prohibiting Utility Providers From Altering, Refusing, or

2  Discontinuing Utility Service [ECF Doc. No. 13], and Amendments to Relief Requested in

3  Debtor's Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (ECF Doc. 13)

4  [ECF Doc. No. 72]  (ECF Doc. Nos. 13 and 72 are collectively referred to as the "Utility

5  Motion"); the Stipulation Regarding Adjournment of Hearing on Utility Motion and Order, dated

6  August 20, 2019 [ECF Doc. No. 58]; the Objection filed by Pacific Gas and Electric Company

7  ("PG&E") to the Utility Motion [ECF Doc. No. 125] ("PG&E Objection"); the Declaration of

8  Ernesto Olivares in Lieu of Affidavit in Support of Utility Motion, As Amended, and in Reply to

9  Objection filed by PG&E [ECF Doc. No. 298] filed by the Debtor ("Debtor's Declaration in

10 Support of Utility Motion and in Reply to PG&E Objection"); and the Declaration of Cassaundra

11 Gardner in Support of Objection of PG&E to Debtor's Utility Motion filed by PG&E [ECF Doc.

12 No. 334] ("PG&E's Declaration in Support of PG&E Objection"); and the Affidavits/Certificates

13 of Service with respect to the foregoing having been duly filed with the Court; and upon the

14 record of the hearing held on October 3, 2019 with respect to the Utility Motion, the PG&E

15 Objection, Debtor's Declaration in Support of Utility Motion and in Reply to PG&E Objection,

16 and PG&E's Declaration in Support of PG&E Objection, during which Debtor and PG&E, by

17 their respective counsel, having read into the record at the hearing terms of a settlement reached

18 by the parties.

19    PG&E and Debtor have agreed to the following settlement terms:

20    (i)    Debtor will pay to PG&E, and PG&E will accept as satisfactory adequate

21 assurance of future performance, a cash deposit in the total amount of $170,000 ("Adequate

22 Assurance").

23    (ii)   Debtor will pay to PG&E the Adequate Assurance in installments as follows: (a)

24 $85,000 to be received not later than October 11, 2019; (b) $28,333.33 to be received not later

25 than November 11, 2019; (c) $28,333.33 to be received not later than December 11, 2019; and

26 (d) $28,333.34 to be received not later than January 11, 2020.

27

(iii)    If Debtor does not pay in full the amount of the Adequate Assurance installment due on any of the dates set forth in Item (ii) above ("Payment Default"), PG&E will provide notice of such Payment Default by regular mail and email to Debtor, Attn: Ernesto Olivares or such other person as may be subsequently designated, and by email to (a) Pachulski Stang Ziehl & Jones LLP, counsel for the Official Committee of Unsecured Creditors, Attn.: Jeffrey N. Pomerantz, Esq., (b) O'Melveny & Myers, LLP, counsel for secured creditor UBS AG, London Branch, Attn.: Evan M. Jones, Esq., (c) the Office of the United States Trustee, Attn.: Brian D. Fittipaldi, Esq., and (d) any bankruptcy trustee that the Court may appoint in this case (collectively, the "Notice Parties").  In the event Debtor does not cure the Payment Default within five days of the due date of such payment, PG&E may immediately exercise its right to terminate services to the Debtor.

(iv)    Debtor shall pay, in the ordinary course, monthly payments on account of Energy Statements issued by PG&E for electric services so that payment is received by the due date shown on each statement.  In the event Debtor fails to pay timely its monthly bills to PG&E, PG&E will employ its standard collections process.  Should Debtor's electricity service be subject to termination for nonpayment or any other violation of the terms of service between Debtor and PG&E, PG&E shall provide notice of default (the "Notice") on Debtor and each of the Notice Parties in accordance with Paragraph (iii) above, providing Debtor with notice of termination absent cure of Debtor's default.  Such Notice shall not be provided less than five days prior to termination.  If the Debtor does not cure its default, PG&E may immediately exercise its right to terminate services to the Debtor.

(v)    The Debtor reserves its rights to review the last twelve months of bills issued by PG&E for billing discrepancies, and PG&E reserves its rights to dispute any such alleged discrepancy.  The Debtor may assert any prepetition billing errors by objecting to any proof of claim filed by PG&E in the Debtor's bankruptcy case, and PG&E shall have an opportunity to respond to such objection.  Any postpetition billing dispute that may arise between the Debtor and PG&E shall be submitted to PG&E for further review and resolution.

After due deliberation and sufficient cause having been shown that the proposed settlement is appropriate under the circumstances and applicable law; it is

**ORDERED** that the settlement of the Utility Motion is approved as set forth herein.

###

Date: October 11, 2019

Martin R Barash
United States Bankruptcy Judge

APPROVED AS TO FORM:

FRIEDMAN & SPRINGWATER LLP
*Counsel for Pacific Gas and Electric Company*


By:*/s/ Jeannie Kim*
    Ellen A. Friedman
    Jeannie Kim


NO OBJECTION TO THE FOREGOING:
PACHULSKI STANG ZIEHL & JONES LLP
*[Proposed] Counsel for Official Unsecured Creditors Committee*


By:*/s/ Maxim B. Litvak*
    Jeffrey N. Pomerantz
    Maxim B. Litvak


O'MELVENY & MYERS, LLP
*Counsel for UBS AG, London Branch*


By: */s/ Evan M. Jones*
    Evan M. Jones
    Gary Svirsky