| | |
|---|---|
| 1 | O'MELVENY & MYERS LLP<br>Evan M. Jones (S.B. # 115827) |
| 2 | Brian M. Metcalf (S.B. # 205809)<br>Darren L. Patrick (S.B. # 310727) |
| 3 | 400 South Hope Street, 18th Floor<br>Los Angeles, CA  90071-2899 |
| 4 | Telephone:  (213) 430-6000<br>Facsimile:  (213) 430-6407 |
| 5 | E-mail:  ejones@omm.com<br>E-mail:  bmetcalf@omm.com |
| 6 | E-mail:  dpatrick@omm.com |
| 7 | Gary Svirsky (N.Y. SBN:  2899417)<br>Samantha M. Indelicato (N.Y. SBN:  5598263) |
| 8 | (appearing *pro hac vice*)<br>Seven Times Square |
| 9 | New York, NY  10036<br>Telephone:  (212) 326-2000 |
| 10 | Facsimile:  (212) 326-2061<br>E-mail:  gsvirsky@omm.com |
| 11 | E-mail:  sindelicato@omm.com |
| 12 | *Attorneys for UBS AG, London Branch* |

**UNITED STATES BANKRUPTCY COURT FOR**

**THE CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON INC.,<br><br>Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**RESPONSE OF UBS AG, LONDON BRANCH IN SUPPORT OF APPLICATIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY COUNSEL AND FINANCIAL ADVISOR**<br><br><u>Hearing</u><br>Date:   October 28, 2019<br>Time:   11:00 a.m.<br>Place:  Courtroom 201<br>            1415 State Street<br>            Santa Barbara, California  93101 |

OMM_US:77237620.3

UBS AG, London Branch ("UBS") supports the Official Committee Unsecured Creditors' (the "Committee") applications to employ Pachulski Stang Ziehl & Jones LLP as counsel[1] and Conway MacKenzie, Inc. as financial advisor.[2] Although UBS understands the concerns raised by the California State Lands Commission (the "Commission") in its limited objections[3] to the applications, they do not present any basis to deny retention of professionals that are indisputably well qualified to advise the Committee in the discharge of its fiduciary duties.

UBS certainly agrees that the appointment of a Chapter 11 Trustee in this case is necessary, appropriate and supported by ample cause. But as noted by the Committee in its reply to the Commission's limited objections[4], the appointment of a Chapter 11 Trustee will not dissolve the Committee. Nor will it diminish the vital role that the Committee may serve in this proceeding or render it superfluous. The Bankruptcy Code mandated the formation of the Committee to represent the interests of all unsecured creditors of the estate. See 11 U.S.C. § 1102(a)(1). Nothing in the Bankruptcy Code indicates that the Committee is to be disbanded or left without advisors following the appointment of a Chapter 11 Trustee. While actions taken by a potential Chapter 11 Trustee and the interests of the Committee's constituents would likely align in most instances, the Chapter 11 Trustee is not intended to act without the balance of the Committee. In circumstances where those interests do not align, it will be imperative for the Committee to have an opportunity to intervene and advance the interests of unsecured creditors.

Moreover, in many cases an unsecured creditors' committee may provide critical input that

---

[1] See *Application for an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of August 15, 2019* [Docket No. 214].

[2] See *Application of the Official Committee of Unsecured Creditors Pursuant to Sections 328(a), 330 and 1103 of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for Authorization to Retain and Employ Conway MacKenzie, Inc. as Financial Advisor, Effective as of August 16, 2019* [Docket No. 219].

[3] See *California State Lands Commission's Limited Objection to Application For Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors, Effective as of August 16, 2019* [Docket No. 346]; *California State Lands Commission's Limited Objection to Application of the Official Committee of Unsecured Creditors for Authorization to Retain and Employ Conway Mackenzie, Inc. as Financial Advisor, Effective as of August 16, 2019* [Docket No. 347].

[4] See *Reply of the Official Committee of Unsecured Creditors to: (1) California State Lands Commission's Limited Objection to Application for Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Official Committee of Unsecured Creditors, Effective As of August 16, 2019 [Docket No. 346]; and (2) California State Lands Commission's Limited Objection to Application of the Official Committee of Unsecured Creditors for Authorization to Retain and Employ Conway Mackenzie, Inc. as Financial Advisor, Effective as of August 16, 2019 [Docket No. 347]* [Docket No. 392].

enhances the position of unsecured creditors and fosters the reorganization process. Here, the Committee has played a significant part in many of the key matters implicated in this case to date, such as supporting the transfer of venue and appointment of a Chapter 11 Trustee. To make these contributions, however, the Committee had to obtain representation by able counsel and advisors in the first place as permitted by the Bankruptcy Code. See 11 U.S.C. § 1103(a) (the "committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."); see also In re Caldor, Inc., 193 B.R. 165, 170 (Bankr. S.D.N.Y. 1996) ("Public policy favors permitting parties to retain professionals of their choice.") (citing cases).

Realistically, the Committee's ability to continue participating in this manner hinges on maintaining representation by the same professionals that through the applications it now seeks formal authorization to employ. Indeed, it is unlikely that the Committee can properly function and satisfy its statutory duties to unsecured creditors without the advice and guidance of those professionals, much less have a meaningful voice on matters raised in this case. Because of their own particular interests, other parties cannot provide the representation of all unsecured creditors that Congress vested in the Committee. Just as one would not reasonably expect UBS—which also appears to hold a very large unsecured deficiency claim—to represent all unsecured creditors, neither can the Commission. As the Commission has noted, it not only holds a large unsecured claim, but has independent regulatory responsibilities. Like UBS's secured claim, those regulatory responsibilities may come into tension with the interests of unsecured creditors. The Committee is needed to protect the interests of unsecured creditors in this process.

The Commission does not seem to dispute that the Committee needs professional representation or that the professionals it seeks to employ are exceptionally qualified. Instead, the Commission asserts that some of the services rendered by the Committee's professionals could duplicate work performed by a Chapter 11 Trustee in the future. Even if that type of prospective, hypothetical overlap of services were to materialize eventually, it is not a basis to deny the Committee's applications to employ its proposed counsel and financial advisor. Rather, the Commission will have ample opportunity to raise the issue in objections to any fee applications

submitted by the Committee's professionals that request compensation for services that the Commissions believes are duplicative of those provided by a Chapter 11 Trustee. See 11 U.S.C. § 330(a)(4)(A)(i) (bankruptcy court should not allow compensation for "unnecessary duplication of services").

For the reasons set forth above, the Court should overrule the Commission's limited objections and grant the Committee's applications to employ Pachulski Stang Ziehl & Jones LLP and Conway MacKenzie, Inc. The Committee is entitled to professional representation and its proposed counsel and financial advisor are exceptionally well suited to advise the Committee in this case.

Dated: October 15, 2019

EVAN M. JONES
BRIAN M. METCALF
DARREN L. PATRICK
GARY SVIRSKY
SAMANTHA INDELICATO
O'MELVENY & MYERS LLP

By:   /s/ *Brian M. Metcalf*
           Brian M. Metcalf

Attorneys for UBS AG, London Branch

4

OMM_US:77237620.3

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of eighteen and not a party to this bankruptcy case or adversary proceeding. My business address is **400 South Hope Street, Los Angeles, California 90071-2899**.

A true and correct copy of the foregoing document entitled **RESPONSE OF UBS AG, LONDON BRANCH IN SUPPORT OF APPLICATIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY COUNSEL AND FINANCIAL ADVISOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **October 15, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Alicia Clough**    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen**    mscohen@loeb.com, klyles@loeb.com
- **Karl J Fingerhood**    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Karen L Grant**    kgrant@silcom.com
- **Ira S Greene**    Ira.Greene@lockelord.com
- **Matthew C. Heyn**    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Jeannie Kim**    jkim@friedmanspring.com
- **Michael L Moskowitz**    mlm@weltmosk.com, jg@weltmosk.com;aw@weltmosk.com
- **Darren L Patrick**    dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Mitchell E Rishe**    mitchell.rishe@doj.ca.gov
- **Daniel A Solitro**    dsolitro@lockelord.com, ataylor2@lockelord.com
- **Ross Spence**    ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- **Christopher D Sullivan**    csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com
- **Jennifer Taylor**    jtaylor@omm.com
- **Fred Whitaker**    lshertzer@cwlawyers.com
- **Emily Young**    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

OMM_US:77237620.3

**II. SERVED BY OVERNIGHT FEDEX**: On **October 15,2019**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR:**

HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue Suite D
Brighton, CO 80601

**ATTORNEYS FOR DEBTOR:**

Weltman & Moskowitz, LLP
Attn: Michael L. Moskowitz
270 Madison Ave., Ste. 1400
New York, NY 10016-0601

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 15, 2019** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:**

Hon. Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15 day of October, 2019, at Los Angeles, California.

                                                       */s/ Lee Lattin*
                                                         Lee Lattin

OMM_US:77237620.3