Richard E. Weltman (rew@weltmosk.com)
(NY State Bar No. 1204213) *(pro hac vice pending)*
Michael L. Moskowitz (mlm@weltmosk.com)
(NY State Bar No. 1827070) *(pro hac vice pending)*
Debra Kramer (dk@weltmosk.com)
(NY State Bar No. 1972405)
Adrienne Woods (aw@weltmosk.com)
(NY State Bar. No. 4356770) *(pro hac vice pending)*
Melissa A. Guseynov (mag@weltmosk.com)
(NY State Bar No. 4615217)
WELTMAN & MOSKOWITZ, LLP
Attorneys for Debtor/Debtor-in-Possession
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
Phone: (212) 684-7800
Fax: (212) 684-7995

**FILED & ENTERED**

**OCT 16 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** rust    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 9:19-bk-11573-mb<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S UTILITY MOTION, AS AMENDED [ECF DOC. NOS. 13 AND 72]**<br><br>Date:    October 3, 2019<br>Time:    10 a.m.<br>Ctrm:    Courtroom 303<br>          U.S. Bankruptcy Court<br>          21041 Burbank Boulevard<br>          Woodland Hills, CA 91367<br>Judge:  Hon. Martin R. Barash |

      Upon the motion of HVI Cat Canyon, Inc. ("Debtor"), Debtor and Debtor-in-Possession, filed on July 30, 2019, pursuant to 11 U.S.C. §§ 105(a) and 366 Requesting Entry of an Order (I) Approving Debtor's Proposed Form of Adequate

Assurance of Payment to Utility Providers and, (II) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service [ECF Doc. No. 13], and Amendments to Relief Requested in Debtor's Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (ECF Doc. 13) [ECF Doc. No. 72]  (ECF Doc. Nos. 13 and 72 are collectively referred to as the "Utility Motion"); and the Order, dated August 20, 2019 [ECF Doc. 60]; and proper notice of the Utility Motion having been provided;  and it appearing that no other or further notice need be provided; and a hearing having been held on October 3, 2019 ("Hearing") to consider the relief requested in the Utility Motion and no opposition to the relief requested in the Utility Motion having been filed; and upon the record of the Hearing and the transcript of the Hearing having been incorporated herein by reference; and upon the Affidavits/Certificates of Service with respect to the foregoing having been duly filed with the Court; and the Court having found and determined that the legal and factual basis set forth in the Utility Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The relief requested in the Utility Motion is granted as set forth herein.

2.    All Utility Providers listed on Schedule A annexed hereto, are prohibited from; (a) altering, refusing, or discontinuing Utility Services[1] to Debtor on account of any unpaid prepetition charges; (b) discriminating against Debtor, or (c) requiring payment of a deposit or receipt of any other security for continued service as a result of the commencement of Debtor's chapter 11 case or any outstanding prepetition invoices except as provided in the immediately following paragraphs.

---

[1]    All defined terms in this Order shall have the same meaning as such terms are defined in the Utility Motion, unless otherwise defined herein.

3.      Except as may be adjusted by a subsequent order of the Court, the Southern California Edison Utility Deposit in the amount of $140,000.00 held by Southern California Edison on behalf of Debtor shall constitute sufficient adequate assurance of payment as the term is used in section 366 of the Bankruptcy Code.

4.      Except as may be adjusted by a subsequent order of the Court, as adequate assurance for the payment of Utility Services provided by the Utility Providers listed on Schedule A annexed hereto  (other than Southern California Edison), Debtor shall deposit cash in an amount equal to $15,000.00 ("Adequate Assurance Deposit") into the Utility Deposit Account within five (5) days of the date of entry of this Court's Order authorizing such deposit, for the purpose of providing such Utility Providers listed on Schedule A (other than Southern California Edison) adequate assurance of payment for its post-petition Utility Services to Debtor.

5.      If an amount relating to post-petition Utility Services provided by a Utility Provider listed on Schedule A is unpaid beyond any applicable grace period, (i) such Utility Provider listed on Schedule A (other than Southern California Edison) may request a disbursement from the Utility Deposit Account, in no case to exceed the amount of the Utility Deposit contributed to the Utility Deposit Account for the benefit of such Utility Provider listed on Schedule A (other than Southern California Edison), and (ii) Southern California Edison may request a disbursement from the Southern California Edison Utility Deposit, in no case to exceed the amount of the Southern California Edison Utility Deposit for the benefit of Southern California Edison, by giving notice by mail and email to Debtor, Attn: Ernesto Olivares or such other person as may be subsequently designated, and by email to: (i) Weltman & Moskowitz, LLP, Attn: Michael L. Moskowitz, Esq. at mlm@weltmosk.com, counsel for Debtor; (ii) Pachulski Stang Ziehl & Jones LLP, Attn: Maxim Litvak, Esq. at mlitvatk@pszjlaw.com and Jeffrey N. Pomerantz, Esq. at jpomerantz@pszjlaw.com , counsel for the Official Committee of

Unsecured Creditors ("Creditors' Committee"); (iii) O'Melveny & Meyers, LLP, Attn: Evan M. Jones, Esq. at ejones@omm.com, counsel to secured creditor UBS AG London Branch; (iv) Quinn Emanuel Urquhart & Sullivan, LLP, Attn: Patty Tomasco, Esq. at pattytomasco@quinnemanuel.com, counsel for secured creditor, GIT, Inc.; and (v) any bankruptcy trustee that the Court may appoint in this case, in which case Debtor shall cause the disbursement request to be honored on the date that is three (3) business days after the date of such Utility Provider's request if the amount in question remains unpaid.

6.    Except as provided herein with respect to the rights of the Utility Providers listed on Schedule A annexed hereto to request payment of unpaid amounts related to post-petition Utility Services, the creditors of Debtor shall have no interest in, or lien on, the Adequate Assurance Deposit, the Utility Deposit Account or the Southern California Edison Utility Deposit.

7.     The Adequate Assurance Deposit and the Southern California Edison Utility Deposit shall be maintained until the entry of an order of the Court authorizing the return of the Adequate Assurance Deposit and/or the Southern California Edison Utility Deposit to Debtor.

8.    Debtor shall have the right to reduce the Adequate Assurance Deposit or the Southern California Edison Utility Deposit to the extent that any of the following occurs: (a) the Adequate Assurance Deposit includes an amount on account of a Utility Provider listed on Schedule A annexed hereto that Debtor subsequently determines should be removed from such Schedule; (b) a Utility Provider listed on Schedule A annexed hereto properly serves an Additional Assurance Request (as defined below) on the Adequate Assurance Notice Parties, and any settlement results in such Utility Provider's removal from Schedule A or in Debtor's provision of alternate assurance to such Utility Provider listed on Schedule A annexed hereto; or (c) any Utility Provider listed on Schedule A

annexed hereto has instead been provided with a different form of security acceptable to the Utility Provider.

9. The following Adequate Assurance Procedures, with respect to the submission of Additional Assurance requests, are approved in all respects, and absent compliance with the Adequate Assurance Procedures, the Utility Providers listed on Schedule A annexed hereto are forbidden from (a) altering, refusing, or discontinuing service to Debtor, (b) discriminating against Debtor on account of any prepetition charges, or (c) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance:

a. Debtor shall serve, by mail or email, a copy of this Order with respect to the relief requested in the Utility Motion, on the Utility Providers listed on Schedule A annexed hereto, within three (3) business days after the date of entry of this Order.

b. If a Utility Provider listed on Schedule A annexed hereto is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon the following parties: by mail and email to Debtor, Attn: Ernesto Olivares or such other person as may be subsequently designated, and by email to: (i) Weltman & Moskowitz, LLP, Attn: Michael L. Moskowitz, Esq. at mlm@weltmosk.com, counsel for Debtor; (ii) Pachulski Stang Ziehl & Jones LLP, Attn: Maxim Litvak, Esq. at mlitvak@pszjlaw.com and Jeffrey N. Pomerantz, Esq. at jpomerantz@pszjlaw.com, counsel for the Creditors' Committee; (iii) O'Melveny & Meyers, LLP, Attn: Evan M. Jones, Esq. at ejones@omm.com, counsel to secured creditor UBS AG London Branch; (iv) Quinn Emanuel Urquhart & Sullivan, LLP, Attn: Patty Tomasco, Esq. at pattytomasco@quinnemanuel.com, counsel for secured creditor, GIT, Inc.; and (v) any bankruptcy trustee that the

Court may appoint in this case (collectively, "Additional Assurance Request Notice Parties").

c.  Each Additional Assurance Request must: (i) be in writing; (ii) set forth the type of Utility Services and the location for which such services are provided; (iii) include a summary of Debtor's payment history relevant to the affected account(s), including any deposits and other security held by the Utility Provider listed on annexed Schedule A; and (iv) set forth why the Utility Provider listed on annexed Schedule A believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

d.  Upon Debtor's receipt of an Additional Adequate Assurance Request from a Utility Provider listed on annexed Schedule A at the addresses set forth above, Debtor shall have fourteen (14) days from the receipt of such Additional Assurance Request ("Resolution Period") to negotiate with such Utility Provider listed on Schedule A to resolve such Utility Provider's Additional Assurance Request.

e.  If Debtor determines that an Additional Assurance Request is not reasonable and is unable to reach an alternative resolution with the Utility Provider listed on Schedule A annexed hereto during the Resolution Period, Debtor will file a motion with the Court promptly seeking a hearing to determine the adequacy of assurance of payment with respect to the particular Utility Provider listed on annexed Schedule A ("Determination Motion") pursuant to section 366(c)(3) of the Bankruptcy Code.

f.  Pending resolution of any such Determination Motion, any such Utility Provider listed on annexed Schedule A shall be prohibited from altering, refusing, or discontinuing service to Debtor on account of unpaid charges for prepetition services, the filing of this chapter 11 case, or any objections to the adequacy of the Proposed Adequate Assurance.

g.    Debtor may resolve any Additional Assurance Request or Determination Motion by mutual agreement with the requesting Utility Provider listed on Schedule A annexed hereto without further order of this Court and may, in connection with any such agreement, provide such Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent Debtor believes such additional assurance is reasonable in the exercise of its business judgment; provided that Debtor will provide counsel for the Creditors' Committee with three (3) business days' notice of any proposed resolution of an Additional Adequate Assurance Request to afford the Creditors' Committee the opportunity to object thereto.  If the Creditors' Committee does not agree with the proposed resolution to the Additional Adequate Assurance Request, the Creditors' Committee may request a hearing before the Court to determine the adequacy of the assurances of payment with respect to such particular Utility Provider listed on annexed Schedule A pursuant to section 366(c)(3) of the Bankruptcy Code.

h.    Absent the filing of a Procedures Objection (as defined herein), the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider listed on annexed Schedule A that fails to make an Additional Assurance Request.

10.    Debtor is authorized to supplement, as necessary, the list of Utility Providers set forth on Schedule A annexed hereto, and shall serve copies of this Order on such newly identified Utility Providers.

11.    This Order shall be binding on all Utility Providers listed on annexed Schedule A providing Utility Services to Debtor, regardless of when each Utility Provider was added to the list of Utility Providers set forth on annexed Schedule A, provided that (i), Debtor shall increase the amount of the Adequate Assurance

Deposit by an amount equal to the average cost of two (2) weeks of Utility Services provided by such additional Utility Provider, and (ii) any such newly identified Utility Provider not on the list of Utility Providers set forth on Schedule A annexed hereto shall serve an Additional Assurance Request in compliance with the proposed Adequate Assurance Procedures.

12. Any Utility Provider listed on Schedule A annexed hereto that fails to submit an Additional Assurance Request in accordance with the Adequate Assurance Procedures and fails to file an objection or response to the Utility Motion, and the Adequate Assurance Procedures (a "Procedures Objection"), shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code.

13. Nothing contained in the Utility Motion is intended to be or shall be construed as: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's or any appropriate party in interest's rights to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or waiver of the Debtor's rights to dispute such claim subsequently.

14. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder shall be subject to the terms, conditions, requirements and

budgets imposed on Debtor under Debtor's post-petition use of cash collateral and any order governing Debtor's use of cash collateral.

17. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###

Date: October 16, 2019

Martin R Barash
United States Bankruptcy Judge

## Schedule A

## Schedule of Utility Providers

**Power Utility Providers**

Southern California Edison

Southern California Gas

**Water Utility Providers**

Golden State Water Company

Yorba Linda Water District

Casmite Corporation

**Waste Utility Providers**

Placentia Disposal

Waste Management

**Telecommunications Utility Providers**

AT&T Business Service

Sprint

Frontier Communications Corp.

Telepacific Communications

Advantage Answering Plus

Verizon Wireless

NO OBJECTION TO THE FOREGOING:

PACHULSKI STANG ZIEHL & JONES LLP
*[Proposed] Counsel for Official Unsecured Creditors Committee*

By: */s/ Maxim B. Litvak*
    Jeffrey N. Pomerantz
    Maxim B. Litvak

O'MELVENY & MYERS, LLP
*Counsel for UBS AG, London Branch*

By: */s/ Samantha Indelicato*
    Evan M. Jones
    Gary Svirsky
    Samantha Indelicato