Richard E. Weltman (rew@weltmosk.com)
(NY State Bar No. 1204213) *(pro hac vice pending)*
Michael L. Moskowitz (mlm@weltmosk.com)
(NY State Bar No. 1827070) *(pro hac vice pending)*
Debra Kramer (dk@weltmosk.com)
(NY State Bar No. 1972405)
Adrienne Woods (aw@weltmosk.com)
(NY State Bar. No. 4356770) *(pro hac vice pending)*
Melissa A. Guseynov (mag@weltmosk.com)
(NY State Bar No. 4615217)
**WELTMAN & MOSKOWITZ, LLP**
**Attorneys for Debtor/Debtor-in-Possession**
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
Phone: (212) 684-7800
Fax: (212) 684-7995

FILED & ENTERED

OCT 21 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ortiz     DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor and<br>    Debtor in Possession. | Case No. 9:19-bk-11573-mb<br><br>Chapter 11<br><br>**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), AND 363(c) AND FED. R. BANKR. P. 6003 AND 6004 FOR (I) AUTHORITY TO (A) CONTINUE EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN BUSINESS FORMS AND EXISTING BANK ACCOUNTS AND (II) RELATED RELIEF**<br><br>Date:    October 3, 2019<br>Time:   10 a.m.<br>Ctrm:   Courtroom 201<br>          U.S. Bankruptcy Court<br>          1415 State Street<br>          Santa Barbara, CA 93101<br>Judge:  Hon. Martin R. Barash |

1

Upon the Motion, dated July 30, 2019 ("Motion"), of HVI Cat Canyon, Inc., as debtor and debtor in possession ("Debtor"), pursuant to sections 105(a), 363(b), and 363(c) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, Debtor requests: (i) authority to (a) continue to use its existing cash management system ("Cash Management System"), as described herein, including the continued use of the prepetition Rabobank Account[1]; (b) honor certain prepetition obligations related to the Cash Management System; and (c) maintain existing business forms; and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and upon the Dimitrijevic Declaration, the record of the Hearing and all of the proceedings had before the Court; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and a hearing having been held on August 1, 2019, to consider the relief requested in the Motion ("Interim Hearing"), after which the Court entered an Interim Order (the "Interim Order") granting the relief requested in the Motion to the extent indicated; and Debtor having opened new debtor-in-possession bank accounts ("DIP Accounts" or individual, a "DIP Account") with Wells Fargo Bank in addition to using the Rabobank Account in compliance with the requirements of the Interim Order; and the Chapter 11 Case having subsequently been transferred to the Bankruptcy Court for the Central District of California, Northern Division; and Debtor having been advised by the Office of the United States Trustee for Region 16 ("UST") that all prepetition accounts, including the Rabobank Account, must be closed; and Debtor having conferred with the UST,

---

[1] Capitalized terms not otherwise defined herein are ascribed the meaning provided in the Motion.

Official Committee of Unsecured Creditors ("UCC"), and counsel to UBS AG, London Branch ("UBS") regarding a proposed form of final order ("Final Order") to enable Debtor to close the Rabobank Account in a manner designed to minimize any negative impact on Debtor's ability to collect receivables and allow checks to clear in a timely manner; and the Court having found and determined that the relief sought in the Motion, as modified by the Interim Order and this proposed Final Order providing for closing of the Rabobank Account, is in the best interests of Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED,** that the Motion is granted on a final basis to the extent set forth herein; and it is further

**ORDERED,** that, pursuant to section 105(a) of the Bankruptcy Code, Debtor is authorized to continue to use the Rabobank Account for one (1) additional month, through November 4, 2019, after the date of entry of this Final Order, during which time Rabobank is directed to honor transfers, as directed by Debtor, of funds among current and any new bank accounts; and it is further

**ORDERED,** that on or before November 4, 2019, Debtor shall close any and all prepetition accounts and transfer all funds therein located at that time to a DIP Account; and it is further

**ORDERED,** that Debtor shall transfer all funds currently located in the Rababank Account into a DIP Bank Account; and it is further

**ORDERED,** that Debtor shall not put any new monies into the Rabobank Account; and it is further

**ORDERED,** that the Debtor will notify the UST, UCC and its secured lenders, UBS and GLR, LLC ("GLR"), should it intend to open any new DIP Bank Accounts; *provided, however,* that nothing in this Order shall specifically authorize any such transfer; and it is further

**ORDERED,** that Debtor shall maintain accurate records of all transfers within the Cash Management System so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent maintained by Debtor prior to the Petition Date; and it is further

**ORDERED,** that nothing contained herein shall prevent Debtor from closing any existing deposit account as it may deem necessary and appropriate, and financial institutions are authorized to honor Debtor's request to close any bank accounts; *provided, however,* Debtor must notify the UST, UCC and its secured lenders, UBS and GLR should it close any bank accounts; and it is further

**ORDERED,** that Debtor is authorized to use its existing Business Forms and is not required to obtain new stock reflecting their status as debtors in possession; *provided, however,* that Debtor will (i) make reasonable best efforts to include a reference to its status as debtor in possession on its Business Form and (ii) to the extent Debtor obtains new Business Forms, Debtor will cause them to identify its status as a debtor in possession; and it is further

**ORDERED,** that to the extent a bank in the ordinary course of the Cash Management System incurs an overdraft or other event giving rise to an uncovered debit, resulting from a payment made in accordance with the *Interim Order Granting Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 Approving Use of Cash Collateral, Providing Adequate Protection and Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001* [ECF No. 43] (the "Interim Cash Collateral Order") or any subsequent order, the bank shall be authorized to cover

the overdraft or debit from funds of Debtor in its possession and available for that purpose; and it is further

**ORDERED,** that Debtor is hereby authorized to execute any additional documents and reasonably cooperate with financial institutions as may be required to carry out the intent and purpose of this Order; and it is further

**ORDERED,** that nothing contained in the Motion, the Interim Order, this Final Order, or any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against Debtor, (ii) a waiver of Debtor's or any party in interest's rights to dispute any claim, or (iii) approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; and it is further

**ORDERED,** that notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any party; and it is further

**ORDERED,** that notwithstanding the relief granted in this Final Order, any payments made by Debtor shall be subject to, and in accordance with, the terms of any order entered by this Court authorizing Debtor's use of cash collateral, and the budget attached thereto; and it is further

**ORDERED,** that the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

**ORDERED,** that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED,** that any lien granted to UBS pursuant to the Interim Cash Collateral Order or any subsequent order shall apply with equal effect to the DIP Accounts; and it is further

**ORDERED,** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

###

Date: October 21, 2019

*/s/ Martin R. Barash*

Martin R Barash
United States Bankruptcy Judge

APPROVED AS TO FORM AND SUBSTANCE:

PACHULSKI STANG ZIEHL & JONES LLP
*[Proposed] Counsel for Official Unsecured Creditors Committee*


By:*/s/ Maxim B. Litvak*
    Jeffrey N. Pomerantz
    Maxim B. Litvak


O'MELVENY & MYERS, LLP
*Counsel for UBS AG, London Branch*


By: */s/ Evan M. Jones*
    Evan M. Jones
    Gary Svirsky


NO OBJECTION:

OFFICE OF THE UNITED STATES TRUSTEE


By:*/s/ Brian D. Fittpaldi*
    Brian D. Fittipaldi
*Trial Attorney for Peter C. Anderson,
United States Trustee, Region 16*