BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Counsel for GLR, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>HVI Cat Canyon,,<br><br>    Debtor. | Bk. No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**RESPONSE TO MOTION FOR POST-PETITION FINANCING, ETC.**<br><br>Date: November 12, 2019<br>Time: 11:00 a.m.<br>Place: 1415 State Street<br>   Courtroom 201<br>   Santa Barbara, CA 93101 |

  GLR, LLC, junior secured creditor ("GLR"), brings its response to the Trustee's Motion for post-petition financing, for use of cash collateral, etc., as follows:

  GLR does not oppose the Motion. It does not oppose the request to prime its lien, nor does it oppose the "carve out" for professionals. It does not oppose the request for the use of cash collateral.

  GLR does oppose two specific provisions of the Motion. First, the Motion requests authority for the Trustee to waive the estate's rights under a Right of First Refusal with regard to a sale by UBS of its secured position. Second, the Motion does not provide GLR with a replacement lien on post-filing assets.

  This case will without a doubt be a liquidation. Both the Trustee and the Committee have pending applications to allow them to select financial advisors. The clear intent of those applications is to allow the assets of the estate to be effectively marketed. As assets are sold, UBS will be paid. If asset

sales are sufficient, junior classes, starting with GLR, have a right to share in any distributions. GLR has validly perfected liens on all assets of the Debtor, subordinate to the UBS claim (and in some cases to secured property tax claims).

The Trustee's Motion states that the Court's finding regarding valuation of the assets at the hearing on cash collateral deprives GLR of the right to adequate protection. While that may be true of adequate protection for the use of cash collateral, that finding does not apply for all purposes. It was made after a hearing in which only one party provided evidence of value. It was not made on a motion to find GLR to be unsecured under section 506. Indeed, such a Motion would be inappropriate. In a liquidation case, the money goes as far as it goes, and the only real valuation that matters is the actual sale price realized. If indeed there were no hope of greater value, the Court should not have appointed a Trustee, it should have merely shut down operations and given UBS relief from the stay. It is only the hope that distribution can be made to other creditors that make appointment of a Trustee and continued operation of the business sensible.

The provision for a Right of First Refusal ("ROFR") has one purpose-to ensure a level playing field when it comes to the marketing of assets. It specifically only applies to competitors, not to financial institutions. The purpose is to prevent a competitor from buying the UBS position and thereby rendering further marketing of assets untenable. Since the provision can hardly matter to UBS, this requirement of a waiver likely comes from a competitor that wishes to bid on the Debtor's assets. If a buyer buys the UBS position but can bid far more than it has spent for estate assets, other bidding will be chilled. The unnamed competitor that seeks this waiver will have an advantage in bidding inappropriate for the Chapter 11 process.

As against this, Movant makes certain arguments. There is an argument that the provision is unassumable, as a financial accommodation. It isn't a contract to make a loan, it's a contract to purchase something at a specified price, and it is assumable. Furthermore, if UBS wishes to argue it is not assumable, it should be done in the context of a Motion to Assume, not as a half paragraph in a motion filed on less than a day's notice. The next argument is similarly unfounded. The Trustee argues that he would have to demonstrate the ability to pay the loan in full in order to assume the ROFR. There is no need for the contract to be assumed until there is a sale of the UBS obligation. At that time, the Trustee

can make a determination as to whether he can demonstrate the ability to pay the discounted amount, not the full amount. Finally, the Trustee argues that it would be difficult to find the funds to assume the contract. Perhaps that is so, but it does not mean it will be impossible. If UBS has a sale of its position-to a competitor-it will give notice and the Trustee will have 70 days to pay. This may be possible, primarily by arranging sales of some of the Debtor's assets. If it isn't possible, it isn't. But it represents the primary way through this case that provides payment to other creditors.

Meanwhile, this right is being given up for only a few weeks of operating capital. In fact, keeping the Debtor operating protects UBS more than any other party-it should be happy to finance the operations just to keep the wells from being capped and spilling, and for the value of the assets to be significantly reduced.

UBS' position with regard to the minimal value of the Debtor's assets (not shared by all parties) is potentially the best thing for the other creditors of this case. Assuming UBS believes the testimony of its own expert, it should be willing to accept a steeply discounted payoff of its obligation. That in turn allows other classes of creditors to share in distributions. To permit a competitor, but not the estate, to take advantage of such a discount subverts the entire liquidation process.

GLR further requests that it be given a replacement lien, with the same validity, extent, and priority as its present lien, on post-filing assets of the Debtor. There is no reason its cash collateral should be used without a replacement lien. If the replacement lien is valueless (if GLR is "out of the money" as described in the Motion), so be it. A replacement lien does no harm to the estate in that scenario.

Wherefore, GLR requests that the Court grant the Motion as amended by this pleading.

Dated: 11/11, 2019

BEALL & BURKHARDT, APC

By: /s/ William C. Beall
William C. Beall, Counsel for GLR, LLC

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**RESPONSE TO MOTION FOR POST-PETITION FINANCING, ETC.**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/11/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- Alicia Clough    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- Marc S Cohen    mscohen@loeb.com, klyles@loeb.com
- Alec S DiMario    alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- Karl J Fingerhood    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- H Alexander Fisch    Alex.Fisch@doj.ca.gov
- Don Fisher    dfisher@ptwww.com, tblack@ptwww.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Gisele M Goetz    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu
- Karen L Grant    kgrant@silcom.com
- Ira S Greene    Ira.Greene@lockelord.com
- Matthew C. Heyn    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- Brian L Holman    b.holman@musickpeeler.com
- Eric P Israel    eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Alan H Katz    akatz@lockelord.com
- John C Keith    john.keith@doj.ca.gov
- Jeannie Kim    jkim@friedmanspring.com
- Brian M Metcalf    bmetcalf@omm.com
- David L Osias    dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com
- Darren L Patrick    dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com
- Mitchell E Rishe    mitchell.rishe@doj.ca.gov
- Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
- Ross Spence    ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- Christopher D Sullivan    csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com
- Jennifer Taylor    jtaylor@omm.com
- John N Tedford    jtedford@dgdk.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- Salina R Thomas    bankruptcy@co.kern.ca.us
- Patricia B Tomasco    pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com
- Fred Whitaker    lshertzer@cwlawyers.com
- William E. Winfield    wwinfield@calattys.com, scuevas@calattys.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- **Emily Young**   pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **Aaron E de Leest**   aed@dgdk.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (date) _11/11/2019_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Honorable Martin Barash**
**United States Bankruptcy Court**
**21041 Burbank Boulevard, Suite 342**
**Woodland Hills, CA 91367**

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/11/2019 | William C. Beall | _/s/ William C. Beall_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**