1    MICHAEL McCONNELL
     *Michael.McConnell@kellyhart.com*
2    201 Main Street, Suite 2500
     Fort Worth, Texas 76102
3    Telephone:  (817) 878-3569
     Facsimile:   (817) 878-9769
4
   Chapter 11 Trustee
5
   ERIC P. ISRAEL (State Bar No. 132426)
6    *eisrael@danninggill.com*
     AARON E. deLEEST (State Bar No. 216832)
7    *adeleest@danninggill.com*
     DANNING, GILL, ISRAEL & KRASNOFF, LLP
8    1901 Avenue of the Stars, Suite 450
     Los Angeles, California 90067-6006
9    Telephone:  (310) 277-0077
     Facsimile:   (310) 277-5735
10
   Proposed Attorneys for Michael A. McConnell,
11    Chapter 11 Trustee

12

13 **UNITED STATES BANKRUPTCY COURT**

14 **CENTRAL DISTRICT OF CALIFORNIA**

15 **NORTHERN DIVISION**

| | |
|---|---|
| In re | Case No.: 9:19-bk-11573-MB |
| HVI CAT CANYON, INC., | Chapter 11 |
| Debtor. | **CHAPTER 11 TRUSTEE'S NOTICE OF APPLICATION AND APPLICATION TO 1) EMPLOY CR3 PARTNERS, LLP AS RESTRUCTURING/FINANCIAL ADVISOR AND 2) APPROVE ENGAGEMENT AGREEMENT; AND STATEMENT OF DISINTERESTEDNESS** |
| | [No Hearing Required] |

23    **TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE,**

24    **AND INTERESTED PARTIES:**

25        PLEASE TAKE NOTICE THAT. Michael A. McConnell, the Chapter 11 trustee (the

26    "Trustee" or "applicant") of the estate of HVI Cat Canyon, Inc. (the "debtor"), will and hereby does

27    move the Court for an order authorizing him to employ CR3 Partners, LLP ("CR3" or the "Firm")

28    as his restructuring/financial advisors and approve the Engagement Agreement, at the expense of

1 | the estate, effective as of October 21, 2019 (the "application").

2 |     The Trustee believes that good cause exists for the Trustee to employ CR3 as his

3 | restructuring/financial advisor in this case. The Trustee needs the services of the Firm to advise the

4 | Trustee and assume the role of CRO of the Debtor, among other responsibilities. The Firm has

5 | substantial experience and expertise regarding restructuring matters and is well-qualified to

6 | represent the Trustee. The terms of the Trustee's proposed retention of the Firm in this case is

7 | reasonable.

8 |     Applicant respectfully requests that the Court enter an order authorizing the Trustee, based

9 | upon the foregoing and pursuant to Section 327(a) of the Bankruptcy Code and Rule 2014(a) of the

10 | Federal Rules of Bankruptcy Procedure, to employ the Firm as his restructuring/financial advisors

11 | and approve the Engagement Agreement, effective as of October 21, 2019, with compensation of

12 | the Firm to be in accordance with the terms set forth herein.

13 |     The Trustee submits this application pursuant to Federal Rules of Bankruptcy Procedure

14 | ("FRBP") 2014 and Local Bankruptcy Rules ("LBR") 2014-1(b) and 9013-1(o).

15 |     The application is based upon this notice of application, the attached Memorandum of

16 | Points and Authorities, the attached Statement of Disinterestedness, the complete files and records

17 | of this case, and such other evidentiary matters as may be presented to the Court.

18 |     **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013

19 | 1(o)(1)(A)(ii), any objection and request for hearing must be in writing and must be filed and

20 | served within fourteen (14) days after of the date of mailing of this Notice, plus an additional 3

21 | days if this notice of motion was served by mail or pursuant to Fed. R. Civ. P. 5(b)(2)(D) or (F).

22 | The response or opposition to the application shall be filed with the Bankruptcy Court and served

23 | on the United States Trustee, at 1415 State Street, Suite 148, Santa Barbara, CA 93101, and

24 | counsel for the Trustee, Eric P. Israel, at 1901 Avenue of the Stars, Suite 450, Los Angeles, CA

25 | 90067.

26 | ///

27 | ///

28 | ///

1565588.2 26932

1          If you fail to file a written response within fourteen days of the date of the service of this

2    notice, plus an additional 3 days if this notice of motion was served by mail or pursuant to Fed. R.

3    Civ. P. 5(b)(2)(D) or (F), the Court may treat such failure as a waiver of your right to oppose the

4    application and may grant the requested relief.

5

6    DATED: November 14, 2019          DANNING, GILL, ISRAEL & KRASNOFF, LLP

7

8                                             By:

9                                                ERIC P. ISRAEL

10                                               Proposed Attorneys for Michael A. McConnell,
                                                 Chapter 11 Trustee

11

12   Date of Mailing: November 14, 2019

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1565588.2  26932                                  3

## APPLICATION

Michael A. McConnell, the Chapter 11 trustee (the "Trustee" or "Applicant") for the estate of HVI Cat Canyon, Inc. (the "debtor"), hereby applies for entry of an order under 11 U.S.C. § 327(a) authorizing the employment and retention of CR3 Partners, LLP ("CR3" or the "Firm") as his restructuring/financial advisor and to approve the Engagement Agreement, effective as of October 21, 2019, as follows:

### A.    The Bankruptcy Filing

On July 25, 2019 (the "Petition Date"), the debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Code"). The case was originally filed in the Southern District of New York. The case was transferred to the Northern District of Texas, and then later to the Central District of California.

The debtor initially operated its business as a "debtor in possession," allowing it to exercise substantially all rights of a trustee in the bankruptcy case. On or about October 16, 2019, the Court entered its *Agreed Order Granting Motion for Appointment of a Chapter 11 Trustee*. On or about October 21, 2019, the U.S. Trustee appointed Michael A. McConnell as the Chapter 11 Trustee for the debtor's estate. On or about October 22, 2019, the Court entered an order approving the appointment of Michael A. McConnell as the Chapter 11 trustee in this case.

The debtor is a Colorado corporation authorized to conduct business in the state of California. It is the owner and operator of producing oil and gas interests in California. According to the debtor, it "owns an approximately 100% working interest and an average 85% net revenue interest in over 1,000 oil wells in the Santa Maria Valley of Santa Barbara County, North Belridge in Kern County, and Richfield East Dome Unit in Orange County."[1] The debtor employs approximately 50 individuals. The debtor has a long history of violations and issues with regulatory agencies.

---

[1] Docket no. 16, pp. 1-2, ¶ 2.

1     The debtor on its schedules listed secured claims in favor of several entities, including a

2    senior lien against all of its assets in favor of UBS, LLC ("UBS"). UBS advises that its lien

3    aggregates approximately $120 million. In contrast, the Trustee is advised that the Court recently

4    found that the debtor's assets were worth between $50 million and $75 million at a cash collateral

5    hearing. The debtor is a party to numerous key contracts with affiliates, including providing it

6    office and administrative services, trucking services, purchase of diluent and sale of its product.

7    UBS and others sought the appointment of a Chapter 11 trustee in this case.

8     As set forth below, by this application, the Trustee seeks to employ CR3 as his

9    restructuring/financial advisor, to assist the Trustee with respect to various issues, without

10   limitation, the matters detailed below.

11  **B.**   **The Proposed Retention of Restructuring/Financial Advisor; CR3 Partners, LLP**

12     Applicant determined upon his investigation that it is necessary and appropriate to retain

13  restructuring/financial advisor to assist and advise the Trustee with respect to various matters

14  including, without limitation, the following:

15     a.    assume the role of Chief Restructuring Officer of the Debtor, reporting to

16  you as Trustee of the Debtor;

17     b.    Prepare a revised 13 week cash collateral budget;

18     c.    Examine the agreements with other entities and affiliates; determine if they

19  should continue, be modified, outsourced;

20     d.    Assess staffing and priorities; resources and competence;

21     e.    Evaluate corporate structure to see if other entities should be brought into the

22  HVI Cat Canyon, Inc. bankruptcy case;

23     f.    Consider substantive consolidations issues;

24     g.    Review costs to work over wells and prepare a cost/benefit analysis and

25  plan;

26     h.    Prepare a capital expenditure budget;

27     i.    Evaluate unpaid royalties and impact/jeopardy to leases;

28     j.    Review leases and review chain of title of parties;

1565588.2 26932

1          k.      Evaluate environmental issues and claims made by regulatory agencies;

2          l.      Determine ultimate viability and prepare go-forward recommendations to the

3    Bankruptcy Trustee;

4          m.      Assist the Bankruptcy Trustee with implementation of any operational

5    improvement opportunities identified;

6          n.      Support Bankruptcy Trustee in addressing issues as they arise in the

7    bankruptcy case;

8          o.      Assist the Bankruptcy Trustee in discussions with claimants in the

9    bankruptcy case as requested, and;

10         p.      Provide advise and service on other matters as requested by the Bankruptcy

11   Trustee and agreed to by CR3.

12         At this time, the Trustee holds no free and clear funds in the estate, as all funds are

13   cash collateral of UBS.   A short-term carve-out for professional fees has been negotiated with

14   UBS covering the first 5 weeks of the Trustee's involvement, including sums for CR3.  It is not

15   clear that fee and clear funds can be generated in this case after that or that future carve-outs will be

16   forthcoming, and there is no assurance that administrative fees and costs incurred could be paid,

17   including the fees of any professional employed by the estate.  Notwithstanding this risk of

18   nonpayment, the Trustee was able to procure the services of CR3 as his restructuring/financial

19   advisor.  Applicant proposes to retain CR3, effective as of October 21, 2019.

20

21   C.    **The Firm's Qualifications and Services to be Rendered**

22         CR3 specializes in restructuring and is well able to perform the required services.  CR3 is

23   experienced in debtor/creditor matters including, among other things, the representation of

24   bankruptcy trustees and various interested parties who appear in bankruptcy cases.  CR3 is

25   competent to perform the requisite services in this bankruptcy case.  CR3's breadth of experience

26   and length of service in the community is described in its firm resume, a copy of which is attached

27   as Exhibit "1" to the Statement of Disinterestedness (the "Statement"), filed with this Application

28   and incorporated herein.

1565588.2  26932                                    6

1    CR3 has handled virtually every type of matter which may arise in the context of a

2  bankruptcy case. CR3 has been retained as advisors for trustees in thousands of different

3  bankruptcy cases. CR3 and all of the professionals affiliated with it who will work on this

4  bankruptcy case are familiar with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure

5  and the Local Bankruptcy Rules. CR3 will comply with the Bankruptcy Code and all applicable

6  rules in this bankruptcy case.

7    As of the date of the application, to the best of applicant's knowledge and after

8  consideration of the disclosures in the attached Statement, applicant believes that the Firm and all

9  of its partners and associates are disinterested persons as that term is defined in 11 U.S.C.

10  §101(14), and neither the Firm nor any partners or associates of the Firm are connected with

11  applicant, the debtor, debtor's creditors, any other party in interest, their respective attorneys and

12  accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district,

13  the Clerk of the Court or any relation to the United States Trustee in this district, or any person

14  employed at the Court or the Office of the United States Trustee, nor does the Firm or its attorneys

15  represent or hold an adverse interest with respect to the debtor, any creditor, or to this estate.

16

17  **D.    Terms of Proposed Employment**

18    The Firm will render services to the Trustee at the Firm's regular hourly rates, which may

19  be subject to adjustment from time to time. The current hourly rates are set forth in the Statement

20  of Disinterestedness and in the Engagement Agreement. The Trustee and Firm have agreed,

21  subject to the Court's approval, to the terms of the Firm's employment in the case.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1565588.2  26932                                        7

E.    **Proposed Terms of Payment**

Contemporaneously with the filing of this application, the Trustee intends to file a motion to authorize the following procedures, which mirror the provisions of the Guide to Application for Employment of Professionals and Treatment of Retainer promulgated by the Office of the United States Trustee (the "Fee Guide"), for the Trustee and all of his professionals (including the Firm and counsel for the Committee) to receive payments of the Firm's accruing fees and costs on a monthly basis.

1.    The Firm will file a copy of the Firm's monthly billing statements itemizing the fees and costs incurred by the Firm on behalf of the Trustee during the preceding month ("Professional Fee Statement"), and will serve copies of the Professional Fee Statement upon the Debtor, the U.S. Trustee, those parties who request special notice in the Debtor's case, and upon any counsel for an official committee of unsecured creditors ("Committee") if a Committee is appointed by the U.S. Trustee in this case and the Committee employs counsel, or, if not appointed, upon the creditors holding the 20 largest general unsecured claims in this case.

2.    If no objection to the Professional Fee Statement is filed and served within ten (10) days after the service of the Professional Fee Statement, the Trustee shall pay to the Firm, from available free and clear or designated funds, 80% of such fees and costs, without further notice, hearing or order of the Court. If a written objection to the Professional Fee Statement is filed by a party-in-interest, the Trustee will not pay to the Firm the amount of the disputed funds, until the objection has been resolved by the Court. Notwithstanding any objection to a Professional Fee Statement, the Firm may be paid any undisputed amount of fees and costs represented by a Professional Fee Statement.

3.    No fees or costs paid to the Firm pursuant to the proposed monthly payment procedures will be deemed to be allowed by the Court. No failure by any creditor or party-in-interest to object to any Professional Fee Statement will be deemed to be a waiver of any objection to the Firm's fees and costs represented by such Professional Fee Statement. Any such objection will be reserved and may be asserted by any creditor or other party-in-interest in connection with the filing of any fee application by the Firm. No fees or costs of the Firm will be deemed to be allowed in this case, except only pursuant to an order of the Court with respect to a fee application filed by the Firm after notice and hearing.

The Firm intends to apply to this Court for compensation in conformity with the requirements of Bankruptcy Code Sections 330 and 331. The Firm understands that its compensation in the Debtor's case will be subject to the approval of the Court. Any interim payments to the Firm pursuant to the proposed monthly payment procedure will be subject to allowance by the Court, upon appropriate application and noticed hearing.

1    Periodically throughout the case, the Firm will file appropriate interim fee applications and

2    eventually a final fee application, seeking final allowance of all fees and costs.  Upon allowance of

3    such fees and costs, the Trustee will pay to the Firm the difference between the amounts allowed to

4    the Firm and any interim compensation paid to the firm.  The Firm understands and agrees that, if

5    aggregate interim payments made to the Firm exceed the amount that is ultimately allowed to the

6    Firm, the Firm will be required to, and will, promptly repay to the Trustee such difference.

7

8    **F.    General Provisions/Disclosures**

9    There will be no written employment agreement between applicant and CR3, apart from

10   this application, the Engagement Agreement, and the order entered upon this application.  The only

11   source of payment of compensation for CR3 will be from this estate, as may be approved and

12   ordered paid by the Court after notice and hearing.  No retainer has been paid or will be paid to

13   CR3.

14

15   **G.    Prayer**

16   WHEREFORE, applicant prays the Court to enter its order authorizing him to employ CR3

17   as his restructuring/financial advisor, effective as of October 21, 2019, as an administrative expense

18   in this bankruptcy case, approve the Engagement Agreement, and for such other and further relief

19   as may be determined just and proper.

20

21   DATED: November 11, 2019

22                                                    MICHAEL A. MCCONNELL
                                                     Chapter 11 Trustee
23

24

25

26

27

28

1565588.1  26932                                    9

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014

1.      Name, address and telephone number of the professional ("the Professional" or "the "Firm") submitting this Statement:

CR3 Partners, LLP
6171 West Century Boulevard, Suite 350
Los Angeles, CA 90045
T: 800-728-7276

Attached hereto as Exhibit "1" and incorporated by reference herein, is a copy of the resume for the Firm.

2.      The services to be rendered by the Professional in this case are (specify): See pages 5 and 6 within the Application.

3.      The terms and source of the proposed compensation and reimbursement of the Professional are (specify): See pages 7 and 8 of the within Application and the Engagement Agreement.  See Exhibit "A" to Engagement Agreement.

4.      The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):  None

5.      The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify): Conflicts check

6.      The following is a complete description of all of the Professional's connections with the debtor, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

7.      The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows (specify, attaching extra pages as necessary):  None

8.      The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the debtor.

9.      The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):  None

10.     Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

Tim Skillman
CR3 Partners, LLP
6171 West Century Boulevard, Suite 350
Los Angeles, CA 90045
T: 800-728-7276

11.     The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary):

None

12.     Total number of attached pages of supporting documentation: <u>9</u>

13.     After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

Executed on November *13*, 2019, at Los Angeles, California.

TIM SKILLMAN

# EXHIBIT "1"

CR3 Partners LLC

- About Us
- Who We Help
- Services
- Professionals
- News & Events
- Careers
- Contact Us

- LinkedIn



## Overview

**CR3 Partners, LLC is a national turnaround and performance improvement firm. We assist, guide and collaborate with management teams facing any sort of transition, stress or distress.**

### Who we are:

*"It is not the critic who counts*; not the man who points out how the strong man stumbles, or where the doer of deeds could have done them better. The credit belongs to the man *who is actually in the arena*, whose face is marred by dust and sweat and blood; who *strives valiantly*; who errs, who comes short again and again, because there is no effort without error and shortcoming; but who does actually strive to do the deeds; who knows great enthusiasms, the great devotions; who spends himself in a worthy cause; who at the best knows in the end the triumph of high achievement, and who at the worst, if he fails, at least fails while *daring greatly*, so that his place shall never be with those cold and timid souls who neither know victory nor defeat." – **Theodore Roosevelt**

We are acutely aware of the pressures and challenges of building and running a business. We have all been there as CxO and we are respectful of what it takes. We partner with our clients for success by combining their skills and ours, by pushing and yielding, by striving and daring, and by being the compass when most needed. We are guided in all of our work by a number of core values including dedication, honesty and accountability.

When faced with a confusing set of options, when once again battling a recurring problem, when confronting a seemingly insurmountable obstacle, who do you want in the arena with you?

## What we do

Whether outlining strategies to accelerate growth, improving an operating inefficiency, solving a working capital shortfall, providing urgent crisis management, or guiding a company through a bankruptcy, our seasoned team of executives will quickly assess, stabilize and implement the best value-maximizing options for each situation. Our team is relied upon by middle market companies nationwide who seek senior-level counsel, be it in an advisory or interim management role.

As an independent advisory firm, our services and scope are not constrained by regulatory challenges which allows us to roll up our sleeves and serve as an officer, or guide an organization through a process as an objective advisor. Priced and structured for the middle market, our partners are on the front line of an engagement from the first discussion through completion of the work. We specialize in creative solutions with first rate, personalized service.

### About Us

- Overview
- The CR3 Brand
- Industry Affiliates

### Who We Help

- Business Owners and Management
- Stakeholders
- Industry Expertise
- Case Studies

### Services

- Assessments
- Performance Improvement
- Interim Management
- Restructuring and Turnaround
- Bankruptcy Advisory

### Learn more

- Careers
- News & Events
- Contact Us



## News

- CR3 Partners Opens Los Angeles Office and Adds New Partner

## Tim Skillman, Partner

Tim Skillman is a highly experienced and successful senior executive with valuable management, consulting, and finance expertise. He has 20 years of experience advising public and private companies in change management, strategy development, and plan execution. Tim's demonstrated leadership in accountability, capital structure, and financial analysis is highlighted through his commitment to developing and executing profitable growth strategy for his clients. He is active in the restructuring community having served as a past officer and member of the Board of Directors for the Association of Certified Turnaround Professionals.

In addition to being committed to his clients, Tim is committed to his community having served numerous boards including Goodwill of Southern LA County, Minority Business Development Agency of the City of Los Angeles, Barbara Ann Karmanos Cancer Institute, and Michigan Environmental Trust, Ltd.

### Representative Experience

- President & CEO of private cloud design, engineering, and managed services. Managed all aspects of finance, operations, and service delivery.
- Chief Restructuring Officer of kitchen appliance company. Managed through a restructuring and sale of the company to a private equity firm.
- CRO of mortgage servicing company based in Pune, India. Implemented structure and oversight to prepare the company for IPO.
- CFO and COO of stationary fuel cell power generation company. Worked with the founder to take company from a concept to an operating business model.
- CEO of mortgage origination company. Managed company through a crisis in leadership and prepared company for its parent becoming a federally insured bank.
- Advisor to several tier-one automotive suppliers. Managed companies through various crises in and out of bankruptcy process.

## Contact Information

E-mail: tim.skillman@cr3partners.com
Phone: +1 (213) 393-6337
LinkedIn | VCard

## Industries

- Consumer Products
- Transportation
- Manufacturing
- Energy
- Oil & Gas
- Distribution & Logistics

## Education & Certifications

- B.A., University of Michigan
- M.B.A, University of Michigan

## Tim Skillman, Partner

14

CR3 Partners LLC

- About Us
- Who We Help
- Services
- Professionals
- News & Events
- Careers
- Contact Us
- **in** LinkedIn



## Bankruptcy Advisory

While bankruptcy protection or other legal avenues for protection are not generally perceived as the first line of defense for the majority of organizations, most legal remedies are precipitated by eternal factors including cash seizures by the bank, a significant creditor judgment, or interruption of vendor supply. Often a complex restructuring of a business, its, capital structure, or its contracts cannot be negotiated out of court.

CR3 professionals work with management teams to provide a third-party, objective point of view as to when a restructuring or turnaround engagement is best accomplished by filing for bankruptcy protection or seeking other court-supervised support.

## We guide and support clients through every part of the bankruptcy process.

- Author communications plans for internal and external stakeholders
- Create schedules and statements
- Assemble exhibits for first day orders
- Size, negotiate and source debtor in possession financing
- Submit monthly operating reports
- Assist and participate in hearings and testimony
- Help prepare disclosure statement and the Plan of Reorganization (POR)
- Get organizations back to business

## About Us

- Overview
- The CR3 Brand
- Industry Affiliates

## Who We Help

- Business Owners and Management
- Stakeholders
- Industry Expertise
- Case Studies

## Services

- Assessments
- Performance Improvement
- Interim Management
- Restructuring and Turnaround
- Bankruptcy Advisory

## Learn more

- Careers
- News & Events
- Contact Us

© 2017 CR3 Partners LLC

# EXHIBIT "2"

Engagement Agreement

CR3 PARTNERS, LLC
and
**Michael A. McConnell as Chapter 11 Bankruptcy Trustee in the HVI Cat Canyon Bankruptcy Case**

The parties to this Engagement Agreement (the "Agreement") are CR3 Partners, LLC ("CR3"), on the one hand, and Michael McConnell solely in his capacity as Chapter 11 Bankruptcy Trustee in the HVI Cat Canyon, Inc. (the "Debtor") Bankruptcy case (together with any successor, the "Bankruptcy Trustee"), on the other hand. This Agreement confirms the Bankruptcy Trustee's retention of CR3 as its exclusive restructuring/financial advisor.

1. **CR3's Services.** From the date hereof until this Agreement is terminated pursuant to paragraph 8 (the "Term"), CR3 will provide services to the Bankruptcy Trustee as described in the attached Exhibit A ("Work Authorization"). The Work Authorization may be amended from time to time with the written approval of CR3 and the Bankruptcy Trustee. The services CR3 provides pursuant to this Agreement will be limited to those services that the Bankruptcy Trustee may request within the scope of the Work Authorization. Any additional services that CR3 may agree to provide to the Bankruptcy Trustee will be the subject of a separate agreement between CR3 and the Bankruptcy Trustee

2. **Compensation.** CR3 will present an invoice to the Bankruptcy Trustee each week for services performed, and expenses incurred, under this Agreement for the preceding week. Each invoice will be due upon presentment to the Bankruptcy Trustee, after compliance with Professional Fee Statement procedures of the U.S. Trustee.

   CR3 and the Bankruptcy Trustee agree that success fees are customary for similar work. The Work Authorization may be amended to include payment of a success fee for performance meeting or exceeding certain parameters included in the Work Authorization ("Success Fee"). The Success Fee, if earned, will be paid by the Bankruptcy Trustee as defined in the Work Authorization, subject to further application and bankruptcy court approval.

3. **Expense Reimbursement.** Each week the Bankruptcy Trustee shall reimburse CR3 for all reasonable expenses incurred in connection with this engagement. CR3 shall provide weekly summaries of expenses for which reimbursement is requested by CR3. Expense reimbursements shall be handled under the Professional Fee Statement as well.

4. **Payments Generally.** No amount payable to any third party, by the Bankruptcy Trustee or any other person or entity in connection with the subject matter of this engagement shall reduce or otherwise affect any amount payable hereunder. CR3 will submit invoices for fees and expenses to the Bankruptcy Trustee, and the Bankruptcy Trustee will pay such invoices promptly following receipt, after complying with Professional Fee Statement Procedures.

5. **Indemnification and Related Matters.** None.

1564532.1  26932

17

6.  **Information and Reliance.** During the Term, the Bankruptcy Trustee will direct the Debtor to furnish CR3 with such information regarding the business, financial condition and prospects of the Bankruptcy Trustee as CR3 reasonably requests, all of which will be accurate and complete in all material respects at the time furnished, to the best of the Trustee's knowledge, other than projections, which will be prepared in good faith and based upon assumptions which, in light of the circumstances under which they are made, are reasonable. During the Term, the Bankruptcy Trustee will direct the Debtor to promptly notify CR3 if it learns of any material misstatement in, or material omission from, any information previously delivered to CR3. On an ongoing basis during the Term, the Bankruptcy Trustee will inform CR3 of any material developments or matters affecting the business, financial condition and prospects of the Bankruptcy Trustee that occur. In performing its services hereunder, CR3 shall be entitled to rely without investigation upon the accuracy of all information supplied to it by or on behalf of the Bankruptcy Trustee, the Debtor or its advisors, and CR3 shall not in any respect be responsible for independently verifying the accuracy or completeness of any of such information (including by conducting any independent due diligence review).

The Bankruptcy Trustee acknowledges that no reliance shall be placed on draft reports, conclusions or advice, whether oral or written, issued by CR3 as the same may be subject to further work, revision and other factors which may result in such drafts being substantially different from any final report or advice issued.

The Bankruptcy Trustee shall retain exclusive rights to ownership of all work output hereunder. Work output includes reports issued pursuant to any Work Authorization, but excludes, among other things, all working papers of CR3 and any correspondence, memoranda, calculations, notes, etc. that CR3 may have used in the development of the reports above or such working papers or in the performance of any work covered by a Work Authorization.

Upon termination of the engagement, papers and property that you have provided to CR3 will, at your request, be returned to you. Copies of papers CR3 has created for you, which you may need but no longer have, will be made available to you. CR3 reserves the right to destroy any items described in this paragraph that CR3 retains after notice to the Bankruptcy Trustee.

7.  **Governing Law; Venue; Waiver of Jury Trial.** This Agreement and any claim related directly or indirectly to this Agreement (including any claim concerning advice provided pursuant to this Agreement) shall be governed and construed in accordance with the laws of the State of California (without giving regard to the conflicts of law provisions thereof). No such claim shall be commenced, prosecuted or continued in any forum other than the Bankruptcy Court handling the Debtor's case or the United States District Court for the Central District of California, and each of the Bankruptcy Trustee and CR3 hereby submits on behalf of itself and its successors and assigns to the jurisdiction of such courts. The parties hereby waive on behalf of themselves and their successors and assigns any and all right to argue that this choice of forum provision is or has become unreasonable. The parties hereby waive on behalf of themselves and their successors and assigns all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of this Agreement or the engagement of CR3 pursuant to, or the performance by CR3 of the services contemplated by, this Agreement. The parties agree that any dispute may be resolved as core matter and consent to the power of the Bankruptcy Court to enter a final order therein.

8.    **Termination**.  This Agreement may be terminated at any time by CR3 or the Bankruptcy Trustee by giving written notice to the other party, which termination will be effective upon the non-terminating party's receipt of such notice.  Upon termination, the Bankruptcy Trustee shall pay CR3 all weekly fees and expenses due through the termination date.  The provisions of this Section and of Sections 2, 3, 5, 6, 7, 10 and 12 will survive any expiration or termination of this engagement.

9.    **Personnel**.  [Deleted]

10.   **Public Announcements**.  Notwithstanding the confidentially provisions of Section 12, the Bankruptcy Trustee acknowledges and agrees that CR3 may publish an announcement or "tombstone" following the completion of its engagement, either in newspapers, journals, magazines, or other publications or by direct mailings to third parties, whereby CR3 informs the public or such parties of the fact of its engagement by the Bankruptcy Trustee, the general nature of the services provided by CR3, the time period of such engagement, the general nature of the business or industry in which the Bankruptcy Trustee is engaged, the relative size in financial terms of the Bankruptcy Trustee, and similar information that generally describes the nature and extent of CR3's engagement by the Bankruptcy Trustee.

11.   **Miscellaneous**.  This Agreement may not be assigned (other than by operation of law) by either party without the prior written consent of the other.  The provisions hereof shall inure to the benefit of and be binding upon the successors, assigns, heirs and personal representatives of the Bankruptcy Trustee, CR3 and any person entitled to indemnity thereunder.  The Bankruptcy Trustee and CR3 acknowledge and agree that CR3 has been retained under this Agreement as an independent contractor to the Bankruptcy Trustee, that their respective rights and obligations are contractual in nature and that nothing herein is intended to confer any rights or remedies upon any person other than the Bankruptcy Trustee (including the management, board of directors (or similar governing body) and security holders of the Bankruptcy Trustee) as against CR3.  In addition, it is understood and agreed that this Agreement and CR3's engagement do not create a fiduciary relationship between CR3 and any person (including the Bankruptcy Trustee, its management, its board of directors (or similar governing body) and its security holders), and the Bankruptcy Trustee disclaims any intention to impose any fiduciary or other non-contractual obligations on CR3.  Any advice or opinion, whether written or oral, provided by CR3 is intended solely for the benefit and use of the Bankruptcy Trustee and other bankruptcy professionals in considering the matters to which this Agreement relates.  CR3 will not be responsible for and will not be deemed to have provided the Bankruptcy Trustee with any tax, accounting, actuarial, legal or other specialist advice.  CR3 will not, as part of any aspect of this engagement, undertake any independent valuation or appraisal of, or provide any formal opinion regarding, any assets, liabilities or the solvency of the Bankruptcy Trustee or any other entity.  Any term or provision of this Agreement that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction.  This Agreement does not constitute a representation, warranty or agreement that a specific outcome or outcomes will be obtained.  This Agreement, including the Exhibits hereto (which are hereby incorporated by reference in this Agreement), incorporates the entire understanding of the parties regarding the subject matter hereof, and supersedes all previous agreements or understandings regarding the same, whether written or oral.  No waiver, amendment or other modification of this Agreement shall be effective unless in writing and signed by each party to be bound thereby.  This Agreement may be executed in any number of counterparts, each of which may contain one or more signatures and each of which shall be deemed an original, but all of which shall constitute one and the same instrument.  Copies of this Agreement with facsimile or electronic signatures and copies of this Agreement (or pages hereof) that have been transmitted electronically (e.g., by fax or .pdf) shall be deemed to be original signed versions of this Agreement.

12. **Confidentiality**. CR3 shall use all confidential information provided to it by or on behalf of the Bankruptcy Trustee in connection with CR3's engagement hereunder (the "Confidential Information") solely for the purpose of providing the services which are the subject of this Agreement, and, except as contemplated in connection with such services and CR3's engagement hereunder, shall keep all Confidential Information confidential; provided, however, that nothing herein shall prevent CR3 or any of its Agents (as defined below) from disclosing any Confidential Information (i) pursuant to the order of any court or administrative agency or in any pending legal or administrative proceeding, or otherwise as required by applicable law, rule or regulation or legal or administrative process, (ii) upon the request or demand of any regulatory authority having jurisdiction over CR3 or any of its Agents, (iii) to CR3's or its affiliates' officers, directors, employees, legal counsel, independent auditors and other experts or agents who need to know such information and are informed of the confidential nature of such information, provided that they agree to be bound by these confidentiality provisions, (iv) to any of its affiliates (any of the persons described in clauses (iii) or (iv) to whom Confidential Information is disclosed, "Agents") or (v) for purposes of establishing a "due diligence" defense. The term Confidential Information does not include information that (A) is or becomes publicly available other than by reason of disclosure by CR3 in violation of this Section 12; (B) was in the possession of CR3 at the time of its disclosure by or on behalf of the Bankruptcy Trustee; (C) is acquired from a third party that is not, to CR3's knowledge, prohibited from disclosing such information by an obligation of confidentiality to the Bankruptcy Trustee; or (D) is developed without reference to the Confidential Information. This Section 12 and the obligations hereunder shall survive the expiration or termination of this engagement for a period of one year and shall then terminate.

13. **Court Approval Required**. The Agreement is subject to approval of the Bankruptcy Court.

*[Signature page follows.]*

Agreed to this __31st__ day of October, 2019 by:

**Michael A. McConnell as Bankruptcy Trustee to HVI Cat Canyon, Inc.**

By: _____

Name:  Michael A. McConnell

**CR3 PARTNERS, LLC:**

By: _Timothy Skillman_____

Name:  Timothy Skillman

Title:  Partner

EXHIBIT A
to
ENGAGEMENT AGREEMENT

CR3 PARTNERS, LLC
and
MICHAEL MCCONNELL AS CHAPTER 11 TRUSTEE OF HVI CAT CANYON, INC (DEBTOR)
WORK AUTHORIZATION

<u>Scope of Work:</u>

1. Tim Skillman will assume the role of Chief Restructuring Officer of the Debtor, reporting to you as Trustee of the Debtor.
2. Prepare a revised 13 week cash collateral budget
3. Examine the agreements with other entities and affiliates; determine if they should continue, be modified, outsourced
4. Assess staffing and priorities; resources and competence
5. Evaluate corporate structure to see if other entities should be brought into the HVI Cat Canyon, Inc. bankruptcy case
6. Consider substantive consolidation issues
7. Review costs to work over wells and prepare a cost/benefit analysis and plan
8. Prepare a capital expenditure budget based on item "6" above
9. Evaluate unpaid royalties and impact/jeopardy to leases
10. Review leases and see who has P&A liability – need to look at chain of title parties
11. Evaluate environmental issues and claims made by regulatory agencies
12. Determine ultimate viability and prepare go-forward recommendations to the Bankruptcy Trustee.
13. Assist the Bankruptcy Trustee with implementation of any operational improvement opportunities identified;
14. Support Bankruptcy Trustee in addressing issues as they arise in the bankruptcy case
15. Assist the Bankruptcy Trustee in discussions with claimants in the bankruptcy case as requested and;
16. Provide advice and service on other matters as requested by the Bankruptcy Trustee and agreed to by CR3.

<u>Rates:</u>

Tim Skillman will lead the engagement and may be assisted by additional personnel based on the conclusions of the assessment and approved by the Bankruptcy Trustee. Hourly billing rates for engagement personnel are as follows:

- William Snyder- $750
- Tim Skillman - $670
- James Baring- $450
- Partners - $600 - $695
- Staff- $350 to $450

CR3 personnel charge 50% of hourly rates for travel time, if required.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S NOTICE OF APPLICATION AND APPLICATION TO EMPLOY CR3 PARTNERS, LLP AS RESTRUCTURING FINANCIAL ADVISOR; AND STATEMENT OF DISINTERESTEDNESS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 14, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On November 14, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
HVI Cat Canyon, Inc.
630 Fifth Avenue
Suite 2410
New York, NY 10111

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 14, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Served by Personal Delivery to be delivered by November 15, 2019
The Honorable Martin R. Bash
U.S. Bankruptcy Court
21041 Burbank Boulevard, Bin on 1st Floor outside entry to Intake Section
Woodland Hills, CA 91367

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 14, 2019 | Vivian Servin | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                F 9013-3.1.PROOF.SERVICE

## ADDITIONAL SERVICE INFORMATION (if needed):

1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

- **William C Beall**   will@beallandburkhardt.com, carissa@beallandburkhardt.com

- **Alicia Clough**   aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

- **Marc S Cohen**   mscohen@loeb.com, klyles@loeb.com

- **Alec S DiMario**   alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

- **Karl J Fingerhood**   karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

- **H Alexander Fisch**   Alex.Fisch@doj.ca.gov

- **Don Fisher**   dfisher@ptwww.com, tblack@ptwww.com

- **Brian D Fittipaldi**   brian.fittipaldi@usdoj.gov

- **Gisele M Goetz**   gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu

- **Karen L Grant**   kgrant@silcom.com

- **Ira S Greene**   Ira.Greene@lockelord.com

- **Matthew C. Heyn**   Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

- **Brian L Holman**   b.holman@musickpeeler.com

- **Eric P Israel**   eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com

- **Alan H Katz**   akatz@lockelord.com

- **John C Keith**   john.keith@doj.ca.gov

- **Jeannie Kim**   jkim@friedmanspring.com

- **Brian M Metcalf**   bmetcalf@omm.com

- **David L Osias**   dosias@allenmatkins.com,
  bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

- **Darren L Patrick**   dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com

- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com

- **Todd C. Ringstad**   becky@ringstadlaw.com, arlene@ringstadlaw.com

- **Mitchell E Rishe**   mitchell.rishe@doj.ca.gov

- **Daniel A Solitro**   dsolitro@lockelord.com, ataylor2@lockelord.com

- **Ross Spence**   ross@snowspencelaw.com,
  janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

- **Christopher D Sullivan**   csullivan@diamondmccarthy.com,
  mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**

- **Jennifer Taylor**    jtaylor@omm.com

- **John N Tedford**    jtedford@dgdk.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

- **Salina R Thomas**    bankruptcy@co.kern.ca.us

- **Patricia B Tomasco**    pattytomasco@quinnemanuel.com,
  barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

- **Fred Whitaker**    lshertzer@cwlawyers.com

- **William E. Winfield**    wwinfield@calattys.com, scuevas@calattys.com

- **Emily Young**    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

## 2. <u>SERVED BY UNITED STATES MAIL</u>:

<u>20 LARGEST CREDITORS</u>

Santa Barbara County Treasurer-Tax
Collector
105 E. Anapamu St., Suite 109
Santa Barbara, CA 93102

Allen Matkins Leck Gamble
865 South Figueroa Street
Suite 800
Los Angeles, CA 90017-2543

Diamond McCarthy LLP
909 Fannin Street
37th Floor Two Houston Center
Houston, Texas 77010

Santa Barbara County-APCD
260 NORTH SAN ANTONIO RD.,
SANTA BARBARA, CA 93110

Akin Gump Straus Hauer & Feld
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067

Santa Barbara County P&D
123 East Anapamu Street
Santa Barbara, CA 93101

W. J. Kenny Corp.
C/O Allfirst Bankcorp Trust do M&T
Bank
One M&T Plaza
Buffalo, NY 14203

PG&E
77 Beale St
San Francisco, CA 94177

Ann Jenny Schupp
CIO M H Whittier Corp.
1600 Huntington Drive
South Pasadena, CA 91030

William W. Jenny Jr.
5101 East Camino Alisa
Tucson, AZ 85718

J. P. Morgan-Chase
Attn: Michael Kemey
450 West 33rd Street, 15th Floor
Ref: 030057 Nassau Assoc-Saba
New York, NY 10041

WEST COAST WELDING &
CONSTR. I
2201 Celsius Avenue Suite B
Oxnard, CA 93030

Sherrill A. Schoepe
14974 Adams Dr.
Pauma Valley, CA 92061

Andrew Kurth LLP
600 Travis Suite 4200
Houston, TX 77002

Larsen O'Brien LLP
555 South Flower
Suite 4400
Los Angeles, CA 90071

Victory Oil
222 West 6th Street. Suite 1010
San Pedro, CA 90731

California Department of Conservation
801 K Street
Sacramento, CA 95814

Diane T. Walker
748 Oceanville Road
Stonington, ME 04681-9714

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Stoner Family Trust
James G. Sanford Trustee
100 West Liberty Street. Suite 900
Reno, NV 89501

Charles C. Albright Trustee
729 West 16th Street #B8
Costa Mesa, CA 92627

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Brian Corson
2990 Lichen Place
Templeton, CA 93465

Escolle Tenants in Common
215 N. Lincoln Street
Santa Maria, CA 93458
Attn: Vincent T. Martinez

Pacific Petroleum California, Inc.
POB 2646
Santa Maria, CA 93457

## REQUESTS FOR SPECIAL NOTICE

Attorneys for Buganko
Philip W. Ganong
Ganong Law
930 Trustun Avenue, Suite 102
Bakersfield, CA 93301

Attorneys for Eller Family Trust
Cummins & White, LLP
Attn: Fred M. Whitaker, P.C.
Ashley Bolduc
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660

William Winfield
Nelson Comis Kettle & Kinney LLP
300 e. Esplanade Drive, Suite 1170
Oxnard, CA 93036

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**