ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
AARON deLEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone:    (310) 277-0077
Facsimile:    (310) 277-5735

Proposed Attorneys for Michael A. McConnell,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re | Case No.: 9:19-bk-11573-MB |
| HVI CAT CANYON, INC., | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION OF CHAPTER 11 TRUSTEE FOR ORDER (1) ESTABLISHING PROCEDURES FOR THE PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES (11 U.S.C. §§ 105(a) and 331), AND AUTHORIZING PAYMENT ON A MONTHLY BASIS (11 U.S.C. § 328); AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL A. MCCONNELL** |
| | [No Hearing Required] |

**TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

PLEASE TAKE NOTICE THAT Michael A. McConnell, the Chapter 11 trustee (the "Trustee" or "applicant") of the estate of HVI Cat Canyon, Inc. (the "debtor"), will and hereby does move the Court for an order (1) establishing a procedure for monthly payments of compensation and reimbursement of expenses incurred by the Trustee and his professionals from October 21, 2019 (11 U.S.C. §§ 105(a) and 331), and (2) authorizing the Trustee to pay the estate's

1  professionals on a monthly basis (11 U.S.C. §§ 105(a), 328 and 330) effective October 21, 2019.

2      The motion is based upon this notice of motion, this motion, the Declaration of Michael A.

3  McConnell, the complete files and records of this case, and such other evidentiary matters as may

4  be presented to the Court.

5      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013

6  1(o)(1)(A)(ii), any objection and request for hearing must be in writing and must be filed and

7  served within fourteen (14) days after of the date of mailing of this Notice, plus an additional 3

8  days if this notice of motion was served by mail or pursuant to Fed. R. Civ. P. 5(b)(2)(D) or (F).

9  The response or opposition to the application shall be filed with the Bankruptcy Court and served

10 on the United States Trustee, at 1415 State Street, Suite 148, Santa Barbara, CA 93101, and

11 counsel for the Trustee, Eric P. Israel, at 1901 Avenue of the Stars, Suite 450, Los Angeles, CA

12 90067.

13     If you fail to file a written response within fourteen days of the date of the service of this

14 notice, plus an additional 3 days if this notice of motion was served by mail or pursuant to Fed. R.

15 Civ. P. 5(b)(2)(D) or (F), the Court may treat such failure as a waiver of your right to oppose the

16 application and may grant the requested relief.

17    .

18

19 DATED: November 14, 2019      DANNING, GILL, ISRAEL & KRASNOFF, LLP

20

21

22         By: _____

23            ERIC P. ISRAEL
              Proposed Attorneys for Michael A. McConnell,
              Chapter 11 Trustee

24

25 Date of Mailing: November 14, 2019

26

27

28

1565512.1 26932           2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Section 331 of the Bankruptcy Code provides that an estate's professionals are entitled to submit applications for interim compensation and reimbursement of expenses not more often than every 120 days. Given the demanding pace and scope of services required in larger Chapter 11 cases, courts routinely establish procedures pursuant to which professionals may receive some compensation, and have their expenses reimbursed, on a monthly basis. Such procedures allow debtors, trustees and interested parties to better monitor professionals' fees on an ongoing basis, allow estates to maintain a more level cash flow, and promote efficient cash management. Such procedures also mitigate the burden on trustees and professionals who otherwise are required to wait an extended period of time to receive payment for their valuable services. For these reasons, and especially so that he can better monitor the estate's cash flow, the Trustee is requesting that the Court establish such procedures in this case for fees and expenses incurred by the Trustee and his professionals from October 21, 2019.

## II.

## STATEMENT OF FACTS

### A.    BANKRUPTCY BACKGROUND

On July 25, 2019 (the "Petition Date"), HVI Cat Canyon, Inc. (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Code"). Initially, the Debtor continued to operate its business as debtor in possession of the estate, exercising the rights and powers of a trustee. *See* 11 U.S.C. § 1107(a).

On or about August 9, 2019, the U.S. Trustee established an official committee of unsecured creditors (the "Committee").

On or about October 16, 2019, the Court entered an order directing the Office of the United States Trustee to appoint a Chapter 11 trustee. Michael A. McConnell accepted appointment as the Chapter 11 trustee (the "Trustee"), and the Court entered an order approving his appointment.

**B.**    **THE TRUSTEE AND PROFESSIONALS TO BE EMPLOYED BY THE TRUSTEE**

    **1.**    **The Debtor's Employment of General Bankruptcy Counsel**

On or about November 11, 2019, the Trustee filed an *Application by Debtor in Possession for Authority to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel* (the "Danning-Gill Employment Application) (*docket no. 494*). The Trustee seeks authority to employ Danning, Gill, Israel & Krasnoff, LLP ("Danning-Gill") pursuant to § 327 of the Code and pay Danning-Gill monthly.

    **2.**    **The Debtor's Application for Authority to Employ an Accountant**

On or about November 11, 2019,. the Trustee filed an *Application by Trustee for Authority to Employ CR3, LLC as his exclusive restructuring/financial advisor* (*docket no. 495*). The Trustee seeks authority to employ CR3,. LLC ("CR3") pursuant to § 327 of the Code and pay CR3 monthly.

    **3.**    **The Trustee and His Staff**

Pursuant to § 326(a) of the Code, the Trustee is entitled to reasonable compensation for his services, in an amount not to exceed the amount determined in accordance with the fee schedule set forth in § 326(a). The Trustee will charge the estate for his and his staff's services on an hourly-fee basis, subject to the statutory cap on compensation. In awarding the Trustee compensation, the Court will consider all relevant factors. See 11 U.S.C. § 330(a)(3). The Trustee will also request reimbursement of expenses.

    **4.**    **The Committee Retains Counsel**

On or about September 20, 2019, the Committee filed an application to employ general counsel (*docket no. 214*). The hearing thereon is set for November 12, 2019, at 11:00 a.m.

/ / /

/ / /

/ / /

1565512.1  26932

4

5. **The Trustee's Anticipated Application for Authority to Employ An Accountant**

The Trustee anticipates that he will be filing an application for authority to an accountant for the purpose of providing general tax advice and preparing the estate's income tax returns. The accountant will seek compensation on an hourly-fee basis pursuant to §§ 330 and 331 of the Code.

6. **The Trustee's Anticipated Employment of Other Professionals**

From time to time, the Trustee may determine that it is necessary or appropriate to hire other or additional professionals to represent or counsel the Trustee in matters involving the estate. The Trustee's employment of such professionals will, of course, be subject to Court approval and their compensation and reimbursement of expenses will be subject to the Court-approved terms of their employment.

7. **Monthly Reserves are Established by the Cash Collateral Budget**

UBS, LLC ("UBS") holds the first lien on all of the Debtor's assets in this case. Pursuant to the budget filed on or about November 7, 2019 (*docket no. 474*), UBS has loaned money to the debtor and agreed to payments into a monthly reserve for the Trustee and his professionals, and for counsel for the Committee. The Trustee is only proposing monthly payments in this case to the extent of funds carved-out by the lender and designated for that purpose, or free and clear funds, if any.

III.

**PROPOSED PROCEDURES**

The Trustee is requesting that the Court approve the following procedures providing for monthly interim payments of compensation and reimbursement of actual expenses incurred by the Trustee and the estate's professionals, and counsel for the Committee:

1. **Optional Procedure**. These procedures are optional and need only be followed if a professional is seeking monthly compensation. If the Trustee determines that, for any reason, it

1  would be imprudent to make the payments permitted under this procedure, the Trustee may defer

2  making payments to professionals until such time that payments are ordered to be made by the

3  Court in connection with noticed fee applications.

4      **2.**    <u>Scope</u>.  These procedures apply only to requests for payment of fees and expenses

5  incurred from October 21, 2019.  Requests for allowance and payment of fees and expenses

6  incurred prior to October 21, 2019, must be sought in accordance with §§ 330 and 331 of the Code,

7  and applicable federal and local bankruptcy rules.

8      **3.**    <u>**Professionals Entitled to Seek Payments Pursuant to These Procedures**</u>.  The

9  following professionals may request payment of compensation and expenses in accordance with

10  these procedures:

11          (a)    the Trustee;

12          (b)    Danning-Gill (the Trustee's general bankruptcy counsel);

13          (c)    CR3 Partners, LLC (the Trustee's restructuring/financial advisor);

14          (d)    the Trustee's accountant;

15          (e)    professionals employed in the future by the Trustee, with respect to which

16  the Court's order approving such employment authorizes the professional to seek compensation

17  and reimbursement of expenses pursuant to these procedures; and

18          (f)    Counsel for the Committee.

19      **4.**    <u>**Professionals *Not* Entitled to Seek Compensation and Reimbursement of**</u>

20  <u>**Expenses Pursuant to These Procedures**</u>.  The following professionals may *not* request payment

21  of compensation and reimbursement of expenses in accordance with these procedures:

22          (a)    Weltman & Moskowitz, LLP (the Debtor-in-Possession's former 's general

23  bankruptcy counsel);

24          (b)    Conway & Gibson, LLP (former financial advisors to Committee); and

25          (b)    professionals employed "pursuant to 11 U.S.C. § 328."[1]

26  _____

27  [1] LBR 2014-1 provides that an application seeking approval of employment of a professional "must specify ambiguously whether the professional seeks compensation pursuant to 11 U.S.C. § 328 or

28                                                    (footnote continued...)

1565512.1  26932                                6

1    **5.    Deadline for Filing and Serving Monthly Statements**.  On or before the 20th day

2    of each month following the month for which compensation and reimbursement of expenses is

3    sought, each professional seeking fees and reimbursement of expenses from the estate must file and

4    serve a monthly statement with the Court.  The Statement shall be served on

5    **6.    Contents**.  Each monthly statement must include the following information:

6        (a)    the total amount of fees for which compensation is sought;

7        (b)    the total amount of expenses for which reimbursement is sought;

8        (c)    the names, hourly rates, total number of hours billed, and total amount of

9    fees incurred by each individual providing services for which compensation is sought;

10        (d)    a detailed listing of all time spent by the professional on matters for which

11    compensation is sought;[2] and

12        (e)    a summary listing of all expenses, by category (*e.g.*, photocopy costs,

13    facsimile charges, travel, messenger and computer research), for which reimbursement is sought.

14    **7.    Objections**.  Any objection to a monthly statement must be filed no later than 14

15    days after the date on which the monthly statement is filed (the "Objection Deadline").  The

16    objection must (a) be in writing, (b) set forth the precise nature of the objection, the grounds

17    therefore, and the amount of fees and/or expenses to which the objection applies, and (c) be filed

18    with the Court and served on the professional so that it is received by the professional on or before

19    the Objection Deadline.  A "blanket" or general objection to a monthly statement will be deemed to

20    be a nullity and will not trigger the provisions of paragraph 9 below.  A "joinder" to an objection

21    will also be deemed a nullity if the joinder is not filed and served on or before the Objection Date.

22    **8.    Interim Payment Authorized if No Objection**.  If no timely objection is filed with

23    respect to a monthly statement, the Trustee may pay the professional 80% of the fees and expenses

24    _____

25    (continued)

26    11 U.S.C. § 330."  Generally, in local practice, professionals employed "pursuant to § 328" are
those entitled to compensation on a fixed- or percentage-fee basis, and professionals employed
"pursuant to § 330" are those entitled to compensation on an hourly-fee basis.

27    [2] *See* LBR 2016-1(a)(1)(E).

28

1  for which payment was sought.  Such payments will be made on an interim basis and will be

2  subject to the filing of interim and final fee applications.

3      **9.**      **Procedure If Objection Is Filed**.  If a timely objection is filed with respect to a

4  monthly statement, the objecting party and the applicable professional may attempt to resolve the

5  objection on a consensual basis.  If the parties do not reach a consensual resolution of the objection,

6  the professional may either (a) set the matter for hearing on at least 14 days' notice to the objecting

7  party, or (b) forego payment of the disputed amount and seek approval of such disputed amount in

8  connection with its next interim, or final, fee application.

9      **10.**      **Interim Payment of Amounts to Which No Objection is Made**.  Pending

10  resolution of any timely objection, the Trustee may pay the professional the lesser of (a) 80% of the

11  fees and 100% of the expenses requested in the monthly statement, and (b) the aggregate amount of

12  fees and expenses requested in the monthly statement as to which no timely objection was made.

13      **11.**      **Fee Applications Required**.  In accordance with § 331 and applicable rules and

14  guidelines, each professional will file and serve (in accordance with the Bankruptcy Code and

15  federal and local rules) an application for Court approval of interim compensation (including the

16  20% held back pursuant to paragraphs 9 and 10 above) and reimbursement of expenses not less

17  frequently than every 120 days.  Any professional who fails to file an application for interim

18  compensation when due will be ineligible to receive further monthly payments of fees and

19  expenses pursuant to the filing of monthly statements as provided above, until such professional

20  submits an application for interim compensation which is then ruled upon by the Court.

21      **12.**      **Effect of Objection on Future Fee Requests**.  The pendency of an objection to

22  payment of compensation or expenses requested by a professional in a particular monthly statement

23  or interim fee application will not prevent such professional from receiving payment of fees and

24  expenses pursuant to future monthly statements served in accordance with these procedures, except

25  as otherwise ordered by the Court.

26      **13.**      **No Waiver of Objections**.  Neither the payment of, nor the failure of any party to

27  object to, fees and expenses requested in a monthly statement will in any way act as a waiver of the

28  right to later object to such fees and expenses, or otherwise bind any party or the Court with respect

1  to the subsequent consideration of the interim or final allowance of fees and expenses of any

2  professional.

3

4                                        IV.

5                                    <u>ARGUMENT</u>

6  A.      <u>**THE PROPOSED INTERIM FEE PROCEDURE SHOULD BE APPROVED**</u>

7          Section 331 of the Code provides for the payment of interim compensation to professionals

8  retained by trustees, debtors in possession, and official committees.  In enacting this and related

9  provisions, Congress adopted the principle that "[p]rofessionals in bankruptcy cases are entitled to

10 be paid on a comparable basis to other privately retained counsel, both in terms of timeliness and

11 amount of payment." *In re Commercial Consortium of Cal.*, 135 B.R. 120, 123 (Bankr. C.D. Cal.

12 1991) (citing *Burgess v. Klenske* (*In re Monoa Fin. Co., Inc.*), 853 F.2d 687, 690 (9th Cir. 1988));

13 *In re Nucorp Energy, Inc.*, 764 F.2d 655, 658-59 (9th Cir. 1985); *First Nat'l Bank of Chicago v.*

14 *Comm. of Creditors Holding Unsecured Claims* (*In re Powerine Oil Co.*), 71 B.R. 767, 770 (9th

15 Cir. BAP 1986).

16         The Bankruptcy Appellate Panel for the Ninth Circuit has recognized that interim payments

17 for professionals on a monthly basis are appropriate in large cases.  *See U.S. Trustee v. Knudsen*

18 *Corp.* (*In re Knudsen Corp.*), 84 B.R. 668 (B.A.P. 9th Cir. 1988).  In *Knudsen*, the BAP observed

19 that

20              the problem, arising especially in large cases, is that when counsel
                must wait an extended period for payment, counsel is essentially
21              compelled to finance the reorganization.  This result is improper and
                may discourage qualified practitioners from participating in
22              bankruptcy cases; a result that is clearly contrary to Congressional
                intent.
23

24 *Id.* at 672.  Monthly payments to professionals may be appropriate without prior court approval so

25 long as they are made pursuant to a procedure that provides the opportunity for subsequent review

26 by the court.  *Id.* at 671-72.  The procedure proposed in this motion provides ample opportunity for

27 such review.

28 / / /

1    Furthermore, in *Knudsen* the BAP identified four factors a court may consider when

2  determining whether to adopt procedures such as those proposed by the Trustee in this case: (1) the

3  case is an unusually large one in which an exceptionally large amount of fees accrue each month;

4  (2) the court is satisfied that waiting an extended period of time for payment will place an undue

5  hardship on professionals; (3) the court is satisfied that the professionals will be able to respond to

6  any subsequent reassessment of fees paid pursuant to the procedures; and (4) the procedures are the

7  subject of a noticed hearing prior to any payment thereunder. *Id.* at 672-73.

8    First, although this case is not the size of *Enron* or *Kmart*, it is sufficiently large to warrant

9  the approval of procedures outlined above.  The Trustee and his staff, as well as his professionals,

10  are providing significant services to the estate, and advancing significant costs, and are expected to

11  do so going forward until the Debtor's business is sold or may be reorganized with a Chapter 11

12  plan confirmed.  Second, the Trustee, his attorneys, and his restructuring/financial advisor did not

13  receive any retainers upon their appointment or retention; as such, requiring the affected

14  professionals to delay their receipt of potentially substantial sums will cause them to suffer an

15  unreasonable and unnecessary hardship.  Third, the proposed procedure provides for a 20% fee

16  holdback (one of the methods suggested by the BAP in *Knudsen*) to ensure that each affected

17  professional will be able to address any reassessment of fees or costs paid prior to interim or final

18  allowance.  Fourth, the proposed fee procedure is the subject of a noticed motion and a hearing, to

19  be heard before the Trustee makes any payments pursuant thereto.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1565512.1  26932                                                    10

1    Although not expressly identified by the BAP in *Knudsen*, there are at least two other

2    factors warranting approval of the Trustee's proposed procedures.  First, Court has approved a

3    borrowing proposal from UBS that includes a carve-out for professionals.  The budget is attached

4    as Exhibit "1" and incorporated herein by this reference.  It is anticipated that future budgets will

5    similarly provide reserves for professionals.  Because those funds are specifically set aside for the

6    Trustee and his professionals, and Committee counsel, neither the debtor's business nor creditors

7    will be prejudiced in any way.   Second, paying the Trustee and professionals on a monthly basis

8    will allow the Trustee to better monitor the fees and costs being incurred by the estate, and manage

9    the estate's monthly cash flow to help ensure that the estate is administered as efficiently as

10   possible.

11

12                                   **V.**

13                             **CONCLUSION**

14    For the foregoing reasons, the Trustee requests that the Court enter an order (1) establishing

15   a procedure for monthly payments of compensation and reimbursement of expenses incurred by the

16   Trustee and his professionals, and counsel for the Committee, from October 21, 2019, and

17   (2) authorizing the Trustee to pay 80% of such fees and costs in accord with the procedures above.

18   The Trustee also requests such further relief as the Court deems just and proper.

19

20   DATED:  November 13, 2019          DANNING, GILL, ISRAEL & KRASNOFF, LLP

21

22                                      By:

23                                      ERIC P. ISRAEL
                                        Proposed Attorneys for Michael A. McConnell,
24                                      Chapter 11 Trustee

25

26

27

28

## DECLARATION OF MICHAEL A. MCCONNELL

I, Michael A. McConnell , declare and state as follows:

1.      I am the Chapter 11 trustee of the estate of HVI Cat Canyon, Inc. (the "Debtor").

2.      I have personal knowledge of the facts in this declaration and, if called as a witness, could testify competently to these facts.

3.      This declaration is offered in support of the foregoing motion for an order (1) establishing procedures for the payment of interim compensation and reimbursement of expenses, and (2) authorizing me to pay such fees and costs on a monthly basis (the "Motion"), which I have read.

4.      Thus far, I have employed, or are in the process of employing, or intend to seek authority to employ the following:  Danning, Gill, Israel & Krasnoff, LLP, as my general counsel and CR3, LLP as my restructuring/financial advisor and an accountant for the purpose of providing general tax advice and preparing the estate's income tax returns.  I anticipate that I may determine that it is necessary or appropriate to hire other or additional professionals to represent or counsel me in matters involving the estate.  Because of the number of professionals required, and the scope of services that will require be provided by them, I anticipate that the estate will incur substantial professional fees and costs.

5.      For the reasons set forth in the Motion, I am requesting that the Court approve my proposed procedures for monthly interim payments of compensation and reimbursement of actual expenses incurred by me and my professionals, and counsel for the Committee.  I understand that such procedures are often utilized in large bankruptcy cases in which professionals will be required to incur substantial fees and expenses, and where the non-payment of fees and expenses on a monthly basis will cause a hardship to professionals.  I believe that this is such a case.

6.      UBS, LLC ("UBS") holds the first lien on all of the Debtor's assets in this case.  Pursuant to the budget filed on or about November 7, 2019 (*docket no. 474*), UBS has loaned me money and agreed to payments into a monthly reserve for the Trustee and his professionals, and for

1  counsel for the Committee. I am only proposing monthly payments in this case to the extent of

2  funds carved-out by the lender and designated for that purpose, or free and clear funds, if any.

3         7.    I also strongly believe that it is appropriate to adopt the procedures proposed in the

4  Motion so that I can better monitor the professional fees and costs being incurred by the estate, and

5  manage the estate's monthly cash flow. I believe this will assist me in ensuring that the estate is

6  administered as efficiently as possible.

7         8.    I am requesting to be paid monthly, on an interim basis, based upon 80% of my

8  hourly rate of  $650/hour, plus expenses, the same as my professionals. I believe that payments on

9  account of fees under this framework will be less than the statutory cap provided in 11 U.S.C. §

10  326, but I understand that ultimately my compensation will be based upon disbursements pursuant

11  to section 326. The proposed budget with UBS provides for $25k per week for fees and expenses

12  of the Trustee. I will follow the same procedures as other professionals to seek monthly payments

13  by Professional Fee Statement.

14

15        I declare under penalty of perjury under the laws of the United States of America that the

16  foregoing is true and correct.

17        Executed on November 11, 2019, at Los Angeles, California.

18

19                                            Michael A. McConnell

20

21

22

23

24

25

26

27

28

EXHIBIT 1

**HVI CAT CANYON INC.**
weeks 14-18 budget

| Notes | week starting | Forecast Week 14 28-Oct-19 | Forecast Week 15 4-Nov-19 | Forecast Week 16 11-Nov-19 | Forecast Week 17 18-Nov-19 | Forecast Week 18 25-Nov-19 | TOTAL |
|---|---|---|---|---|---|---|---|
| 1 | Beginning Cash Balance | 36,784 | | | | | 36,784 |
| | Cash Inflows | | | | | | |
| 2 | SMV | | 12,000 | | 1,460,858 | | 1,472,858 |
| 3 | Redu | | | | 49,917 | | 49,917 |
| | Belridge | | | | 58,155 | | 58,155 |
| | Total Cash Inflows | | 12,000 | | 1,568,931 | | 1,580,931 |
| 4 | Royalties | | (118,392) | | (141,171) | | (259,562) |
| 5 | Escrow Royalties | | (27,690) | | (27,148) | | (54,838) |
| | Total Net Cash Inflows | | (134,081) | | 1,400,611 | | 1,266,530 |
| | Cash Outflows | | | | | | |
| 6 | Operating Expenses | 24,784 | 76,000 | 29,000 | 76,000 | 29,000 | 152,000 |
| 7 | Payroll Checks | | | | 1,096 | | 86,763 |
| 8 | Payroll Taxes | | 2,011 | | | | 3,017 |
| | Garnishment & Child Support | | 75,634 | | | | 75,634 |
| 9 | Surface Rents | | 9,008 | | 9,008 | | 16,015 |
| 10 | Consultants | | 2,500 | | 2,000 | | 4,500 |
| 11 | Phones | | 30,000 | | 170,000 | | 200,000 |
| 12 | Power PG&E | | 30,000 | | | | 20,000 |
| 13 | Power SoCalEdison | | 4,200 | 2,000 | | | 4,200 |
| | Waste Management | | 1,000 | | | | 3,000 |
| | Water | | 75 | 75 | | 75 | 225 |
| | SouthernCalGas | | 1,100 | 500 | 1,500 | | 2,600 |
| | Portable Restrooms | | | | 250 | | 300 |
| | Alarms | | | | 250 | | 250 |
| 14 | Cafeteria | | | | 250 | | 250 |
| 15 | Copies | | 10,000 | 5,000 | 5,000 | 5,000 | 25,000 |
| 16 | Chemicals | | 25,000 | 10,000 | 10,000 | 10,000 | 55,000 |
| 17 | Pumps | | 25,000 | 12,500 | 12,500 | 12,500 | 62,500 |
| 18 | Gasoline | | | | 150,000 | | 150,000 |
| 19 | Transportation | | | | 56,000 | | 56,000 |
| | Vacuum Trucks | | | | 575,000 | | 575,000 |
| | LCR | | | 25 | | | |

**HVI CAT CANYON INC.**
weeks 14-18 budget
*week starting*

| Notes | | Forecast Week 14 28-Oct-19 | Forecast Week 15 4-Nov-19 | Forecast Week 16 11-Nov-19 | Forecast Week 17 18-Nov-19 | Forecast Week 18 25-Nov-19 | TOTAL |
|---|---|---|---|---|---|---|---|
| 20 | Electricians | | 10,000 | 5,000 | 10,000 | 5,000 | 30,000 |
| 21 | Welders | | 5,000 | 2,500 | 2,500 | 2,500 | 12,500 |
| 22 | Supplies (Belts-Parts) | | 2,000 | 1,500 | 1,500 | 1,500 | 6,500 |
| 23 | Parts (Compressor, Pipe, others) | | 5,000 | 5,000 | 5,000 | 5,000 | 20,000 |
| 24 | Clean Chemical towels | | 3,000 | 1,500 | 1,500 | 1,500 | 7,500 |
| 25 | Vehicle maintenance | | 16,000 | | 8,000 | | 24,000 |
| 26 | Drink Water | | 150 | | 150 | | 300 |
| 27 | Weed abatement | | 15,000 | 10,000 | 10,000 | 10,000 | 45,000 |
| 28 | Well Analysis | | 3,000 | | 3,000 | | 6,000 |
| | Compliance | | 25,000 | | 25,000 | | 50,000 |
| | Fire Department | | | | | | |
| 29 | APCD | | 2,000 | 2,000 | 2,000 | 2,000 | 8,000 |
| 30 | SBP - APCD | | | | 146,436 | | 146,436 |
| 31 | SBP - P&D | | | | 159,843 | | 159,843 |
| 32 | SBP - FD | | | | 16,440 | | 16,440 |
| 33 | SBP - EHS | | | | 10,475 | | 10,475 |
| 34 | SBP - Tax | | 7,500 | | | | 7,500 |
| 35 | Escrow - Surface Rents | | | | | 25,000 | 25,000 |
| | Netherland and Sewell Reserve Report | 28,763 | | | | | |
| | **Total Operating Expenses** | 28,763 | 373,078 | 86,575 | 1,470,357 | 111,125 | 2,069,998 |
| | | | | | | | |
| | **G&A Expenses** | | | | | | |
| 36 | Bank Charges & fees | 100 | 100 | 100 | 100 | 100 | 500 |
| 37 | Insurances | | 9,000 | 9,000 | 19,000 | | 37,000 |
| 38 | Chapter 11 Trustee Professionals | 228,834 | 108,894 | 108,894 | 108,894 | 108,894 | 664,410 |
| | Unsecured Creditor Committee Professionals | | | | | 25,000 | 25,000 |
| 39 | U.S. Trustee Payment | | | | 156,000 | | 156,000 |
| 40 | Backoffice & Administrative | | 25,000 | | | | 25,000 |
| | Interest | | | | | | |
| | **Total G&A** | 228,934 | 142,994 | 117,994 | 283,994 | 133,994 | 907,910 |
| | | | | | | | |
| 41 | Health and Safety | | | | | | |
| 42 | SMV Health and Safety | | 28,000 | 88,000 | 56,000 | 16,000 | 188,000 |
| 43 | Beridge Health and Safety | | 4,500 | 5,000 | 20,000 | 3,000 | 32,500 |

| HVI CAT CANYON INC.<br>weeks 44-46 budget<br>week starting | Forecast<br>Week 14<br>28-Oct-19 | Forecast<br>Week 15<br>4-Nov-19 | Forecast<br>Week 16<br>11-Nov-19 | Forecast<br>Week 17<br>18-Nov-19 | Forecast<br>Week 18<br>25-Nov-19 | TOTAL |
|---|---|---|---|---|---|---|
| **Notes 44** | | | | | | |
| Redu Health and Safety | | 31,047 | 5,000 | 16,000 | 40,000 | 90,047 |
| Total Health and Safety | | 63,507 | 96,000 | 92,000 | 59,000 | 310,547 |
| **45** | | | | | | |
| Total Cash Outflows | 257,697 | 579,618 | 300,569 | 1,846,351 | 304,169 | 3,288,405 |
| Net Cash Flow | (257,697) | (713,699) | (300,569) | (445,740) | (304,169) | (2,021,875) |
| | | | | | | |
| Beginning Cash Balance | 36,784 | | | | | 36,784 |
| Net Cash Flow | (257,697) | (713,699) | (300,569) | (445,740) | (304,169) | (2,021,875) |
| Net Borrowing/(Pay Down) | 220,913 | 713,699 | 300,569 | 445,740 | 304,169 | 1,985,091 |
| Ending Cash Balance | | | | | | |
| **46** Loan Balance | 220,913 | 994,613 | 1,235,182 | 1,980,922 | 1,985,091 | 1,985,091 |

**Book Bank Balance Reconciliation**

| | |
|---|---|
| **1** Starting Balance 10/24/19 | 18,022 |
| Transfer for net amount for Sept Revenue | 23,810 |
| Transfer #1 against October Revenue | 60,000 |
| Transfer #2 against October Revenue | 20,000 |
| Balance as of 10/25/19 | 121,832 |
| | |
| Total Check Disbursements on 10/25/19 | 85,048 |
| Net Available book balance 10/28/19 | 36,784 |

**1** Forecast dependent on actual volume of delivered barrels, price and gravity adjustments.
The price per barrel is calculated for Santa Maria Valley using the average price per barrel posted by Chevron, Union 76, Exxon and Shell for Midway Sunset crude less $7.
The price per barrel for Redu is calculated using the average price per barrel posted by the same 4 corporations for Buena Vista crude less $5.75.
The price per barrel for Belridge is calculated using the average price per barrel posted by the same 4 corporations for Buena Vista crude less $0.75.
All pricing is subject to adjustments based upon the gravity of the oil produced. The prior month's revenue is collected on the 20th of the following month.
See the October 2019 Revenue Projection schedule for a detailed build up of the forecasted revenue.

**2** Affiliate California Asphalt Production, Inc. advanced $80K of the forecasted revenue for October to HVII in week 13 and an additional $32K in week 15 to cover a surface lease payment to Boisseranc.

**3**

| HVI CAT CANYON INC. | Forecast Week 14 | Forecast Week 15 | Forecast Week 16 | Forecast Week 17 | Forecast Week 18 | TOTAL |
|---|---|---|---|---|---|---|
| weeks 14-18 budget | | | | | | |
| week starting | 28-Oct-19 | 4-Nov-19 | 11-Nov-19 | 18-Nov-19 | 25-Nov-19 | |

**Notes**

4. In aggregate, monthly royalties are approximately 25% of production which is approximately 1 month's revenue less the LCR shipments; Escrow Royalties are based upon an earlier 2.5% overriding royalty on 1 month's production which is approximately 1 month's revenue less the LCR shipments.

5. Due to cash flow constraints in Week 14, the majority of forecasted disbursements for the week were rolled into the forecasted disbursements for week 15.

6. Bi-weekly payroll for HVI's 41 employees, including insider Alex Dimitrijevic's compensation that, as the President and CEO of HVI, is subject to a 15 day objection period prior to disbursement.

7. Schedule of payroll taxes due to State and Federal Taxing Authorities due on week 13.

8.

9. Surface Rent Sub schedule

| Surface Lease Owner | Amount | Timing |
|---|---|---|
| Bolsercanc | $ 14,956 | Due on the 1st of each month |
| Bugaako | $ 41,373 | Due on the 1st of the month. This amount includes $27K for unpaid surface lease payments from prior post-petition budgets. |
| Medema (1,2) Thomson (3/4) J. McLaughlin (4/4) | 7,500 | Due on the 1st of each month |
| (3) Etchandy family members | - | Lease to be rejected; no amount due |
| State College, LLC (Evelyn Roper) | | $4,851.33 due on an annual basis - has been paid for 2019. |
| Adam Family Trust | | No amount due |
| Orcutt Fee, LLC | | $5,000 due on Annual - paid for 2019 |
| Marianne Filedf | | $3,700 due on Annual - paid for 2019 |
| C.M.T. LLC | | $100 will be due in January 2020. |
| Manfred Sander | 6,800 | Due before the end of October 2019 |
| E & B Natural Resources | | Under review; no amount currently due |
| Grundoon, LLC (Firestone) | 7,500 | Due on the 1st of each month |

## HVI CAT CANYON INC.
### weeks 14-18 budget

| Notes | week starting | Forecast Week 14 28-Oct-19 | Forecast Week 15 4-Nov-19 | Forecast Week 16 11-Nov-19 | Forecast Week 17 18-Nov-19 | Forecast Week 18 25-Nov-19 | TOTAL | |
|---|---|---|---|---|---|---|---|---|
| | Morganti Ranch | $ | | | | | | $5,500 on a monthly basis but lease is currently shut in so no amount due. |
| | Morganti Ranch | $ | | | | | | Under review, no amount currently due |
| | Morganti Ranch | $ | | | | | | Under review, no amount currently due |
| | Railroad | $ | | | | | | $454 due in December 2019 |
| | (3) Judy A. Rogers, Ronald H. Souza, Jr., Michael L. | $ | | | | | | $3,000 per quarter, next payment due in December 2020 |
| | (4) Righetti family members. | | | | | | | |
| | Souza | $ | | | | | | $500 due in December 2019 |
| | Roland and Sandy Miller | $ | | | | | | No amount due in October or November 2019 |
| | Multiple Bradley Lands | $ | | | | | | $750 due in January 2020 |
| 10 | Total amount due in week 14 | $ 75,684 | | | | | | |

HVI pays the following 3 consultants on a biweekly basis:

| Name and Description: | Amount: |
|---|---|
| i) William LaFleur - landman | $ 3,000 |
| ii) Innovative Consulting Solutions - production accountant for royalty calculations | $ 1,923 |
| iii) Alliance Hydro - Geologist | $ 4,085 |
| Total Amount due to Consultants | $ 9,008 |

11  Amounts include HVI's office line at their East Clarke office and cell phones for all field employees.

12  Per adequate assurance order, $30k deposit due in Week 15 and $170k due in Week 17 (prior to the 20th).

13  Amount due for prior month's power usage.

14  Chemicals used for H2S removal that are critical to production - currently on COD terms with chemicals vendor

15  Pump maintenance and rework costs that are critical to production.

16  HVI makes daily gasoline purchases for the tankers used to haul oil and gas production with a weekly run rate of approximately $12,500. Week 15 assumes weekly run rate and payment of approximately $12.5k of overdue invoices

17  Amount due to affiliate GTL1 for transportation costs for hauling crude and LCR; vehicle leasing and insurance charges. GTL1 pays drivers $17.50/hr. for demurrage but charges HVI $80/hr.

18  Amount due to affiliate GTL1 for vacuum trucks, HVI pays $80/hr., has a monthly run rate between 500-700 hours, and week 17 assumes a 700 hour month.

19  Per Ernesto Olivares, as of 10/27/19, HVI has received 7,476 BBLs of light crude (LCR) deliveries priced at $75.50 per BBL. Approximately 100 additional BBLs are estimated to be delivered before month's end.

20  The weekly run rate for electricians is approximately $5k and week 15 assumes payment of approximately $5k of overdue invoices

21  The weekly run rate for well pulls is approximately $2.5k and week 15 assumes payment of approximately $2.5k of overdue invoices

| | Forecast Week 14 28-Oct-19 | Forecast Week 15 4-Nov-19 | Forecast Week 16 11-Nov-19 | Forecast Week 17 18-Nov-19 | Forecast Week 18 25-Nov-19 | TOTAL |
|---|---|---|---|---|---|---|

**HVI CAT CANYON INC.**
weeks 14-18 budget
week starting

| Notes | |
|---|---|
| 22 | Assumes a weekly run rate of $1.5K with an additional approximately $1K of overdue invoices to be paid in week 15. |
| 23 | Assumes a weekly run rate of $8K. |
| 24 | Assumes a weekly run rate of $1.5K for H25 field and week 15 assumes payment of $1.5K of invoices due in week 14. |
| 25 | Assumes $9K the weekly run rate for the maintenance costs for all oilfield service vehicles, including rigs. Week 15 assumes payment of an overdue invoice for approximately $9K for rig maintenance. |
| 26 | Weekly run rate for critical safety and fire protection for HVI's 700+ wells and reduction of Notice of Violation ("NOV") fines. Currently understaffed in this area as rail rom rate assumes increasing team size from 1 to approximately 2 live man teams. |
| 27 | Per Alex D; up to date on well inspections through week 14 so run rate assumes 18 weekly maintenance needed in November 2019. |
| 28 | Weekly run rate for 3rd party consultants for critical compliance requirements such as SPC ("Spill Prevention and Countermeasure") plans and APCD ("Air Pollution and Control District") plans that need to be submitted before year end to mitigate future fines and penalties from regulatory bodies. |
| 29 | Related to administrative invoicing for APCD post-petition inspections related to 35 permits necessary to mitigate potential fines and penalties. |
| 30 | Passed due post-petition Permit to Operate ("PTO") fees from the APCD for the following 13 HVI leases, excluding 2 leases quitclaimed to an insider. Subject to revision if additional permit fees for quitclaimed leases to insider are identified: |

| Facility | Fee |
|---|---|
| Armelin Lease PTO No. 07775 – R8 | $ 7,895 |
| Battles Lease PTO No. 08219 – R11 | $ 7,323 |
| Bradley Lands/Bradley Consolidated Lease PTO No. 070 | $ 41,125 |
| Continental Lease PTO No. 08222 – R11 | $ 5,405 |
| Cross Development Lease PTO No. 08863 – R9 | $ 458 |
| East Valley Farms Lease PTO No. 08864 – R9 | $ 458 |
| Fullerton Lease PTO No. 08868 – R13 | $ 7,595 |
| Jim Hopkins Lease PTO No. 08930 – R8 | $ 13,796 |
| Lakeview Gas Plant PTO No. 10108 – R8 | $ 38,032 |
| Lakeview Lease PTO No. 10096 – R8 | $ 7,385 |
| Los Flores PTO No. 07307 – R12 | $ 16,074 |
| McKenzie Lease PTO No. 10079 – R8 | $ 458 |
| Olean Lease PTO No. 10080 – R8 | $ 458 |
| Total due for APCD Permits to Operate | $ 246,436 |

Excluded PTO fee due to a quitclaimed lease to an insider

20

| Notes | HVI CAT CANYON INC. weeks 14-18 budget week starting | Forecast Week 14 28-Oct-19 | Forecast Week 15 4-Nov-19 | Forecast Week 16 11-Nov-19 | Forecast Week 17 18-Nov-19 | Forecast Week 18 25-Nov-19 | TOTAL |
|---|---|---|---|---|---|---|---|
| 31 | Goleto Lease-PPO No. 10078 - R8 | $ 4,579 | | | | | |
| | Amount is based upon the following County of Santa Barbara Planning and Development post-petition facility and lease inspection fees. Subject to revision if additional permit fees for quitclaimed leases to insiders are identified. | | | | | | |
| | Account Number/Permit ID Number: | Amount | | | | | |
| | Permit ID # 19ACB-00000-00914 for 500 post-petition un-inspected facilities | $ 110,452 | | | | | |
| | 19ACT-00880 | $ 210 | | | | | |
| | 19ACT-00922 | $ 6,560 | | | | | |
| | 19ACT-00920 | $ 10 | | | | | |
| | 19ACT-00914 | $ 350 | | | | | |
| | 19ACT-00921 | $ 6,280 | | | | | |
| | 19ACT-00926 | $ 12,640 | | | | | |
| | 19ACT-00928 | $ 9,032 | | | | | |
| | 19ACT-00938 | $ 108 | | | | | |
| | 19ACT-00930 | $ 30 | | | | | |
| | 19ACT-00932 | $ 30 | | | | | |
| | 19ACT-00934 | $ 168 | | | | | |
| | 19ACT-00936 | $ 108 | | | | | |
| | 19ACT-00887 | $ 262 | | | | | |
| | 19ACT-00878 | $ 420 | | | | | |
| | 19ACT-00877 | $ 210 | | | | | |
| | 19ACT-00879 | $ 210 | | | | | |
| | 19ACT-00881 | $ 220 | | | | | |
| | 19ACT-00924 | $ 22,640 | | | | | |
| | Total due to 2820 for inspection fees | $ 159,843 | | | | | |
| 32 | Amount is based upon the following Santa Barbara County Fire Department Post-Petition California Fire Code Inspection Permit Fees. Subject to revision if permits for additional quitclaimed leases to insiders are identified. | | | | | | |
| | Site Name | Amount | | | | | |
| | Battles | $ 1,370 | | | | | |
| | Blochman | $ 1,370 | | | | | |
| | Bell Gas Compressor | $ 1,370 | | | | | |
| | Bell Lease | $ 1,370 | | | | | |
| | Casmalia/Morganti | $ 1,370 | | | | | |

**HVI CAT CANYON INC.**
weeks 14-18 budget
week starting

| Notes | | Forecast Week 14 28-Oct-19 | Forecast Week 15 4-Nov-19 | Forecast Week 16 11-Nov-19 | Forecast Week 17 18-Nov-19 | Forecast Week 18 25-Nov-19 | TOTAL |
|---|---|---|---|---|---|---|---|
| | Chamberlin B | $ 1,370 | | | | | |
| | Chamberlin | $ 1,370 | | | | | |
| | Davis B | $ 1,370 | | | | | |
| | Davis | $ 1,370 | | | | | |
| | Fullerton Lease | $ 1,370 | | | | | |
| | Jim Hopkins | $ 1,370 | | | | | |
| | Los Flores | $ 1,370 | | | | | |
| 33 | Total due for Fire Department CFC Permits | $ 16,440 | | | | | |

Per Docket #308, Declaration of James Ray, California Unified Program Agency Supervisor for the Santa Barbara County Environmental Health Services ("EHS"), amounts due for the following Santa Barbara Post-petition Environmental Health Services Permit Fees - originally forecast to be distributed in week 2:

| Permit ID: | Permit Fee for 2020: |
|---|---|
| FA0010063 | $ 1,857 |
| FA0010325 | $ 555 |
| FA0010326 | $ 555 |
| FA0011176 | $ 555 |
| FA0011177 | $ 555 |
| FA0012019 | $ 555 |
| FA0012328 | $ 555 |
| FA0012329 | $ 555 |
| FA0012330 | $ 555 |
| FA0012495 | $ 555 |
| FA0013065 | $ 555 |
| FA0013112 | $ 555 |
| FA0013113 | $ 555 |
| FA0013134 | $ 555 |
| FA0013136 | $ 555 |
| FA0015899 | $ 848 |
| Total amount due for EHS permits | $ 10,475 |

34  Rent due on HVI East Clarks office -- not approved under Interim Cash Collateral Order

35  Chapter 11 Trustee negotiated a progress payment plan with Netherland & Sewell for a 2019 Reserve Report. The $50k-$55k total fee can be paid on a weekly basis for $25k a week once they start work.

| HVI CAT CANYON INC. | | | | | | | |
| weeks 14-18 budget | Forecast Week 14 | Forecast Week 15 | Forecast Week 16 | Forecast Week 17 | Forecast Week 18 | TOTAL |
| week starting | 28-Oct-19 | 4-Nov-19 | 11-Nov-19 | 18-Nov-19 | 25-Nov-19 | |
| Notes | | | | | | | |
| 36 | Per Ernesto Olivares, a total of $18k for worker's comp insurance to be paid in weeks 15 and 16 and $19k to renew $1MM bond due in week 17. |
| 37 | Chapter 11 Trustee professionals agree to a 20% deferral of professional fees incurred during this 5-week period, assuming the bank agrees to carve out the remaining 20%. Per Professional Fee Budget, weekly payments for Chapter 11 Trustee, Counsel and Financial Advisor will be put in escrow during this 5-week budget. Payments to professionals to be made only after employment applications are approved and payments authorized. |
| 38 | Per Professional Fee Budget, Unsecured Creditors Committee Counsel has to be escrowed $25k monthly run rate and payments will be put in escrow during this 5-week budget. |
| 39 | Per Professional Fees budget, US Trustee payment for Q3 2019 forecasted for week 15 based upon 1% of debtors disbursements in Q3 2019 of approximately $2.5M per August and September Monthly Operating Reports ("MOR"). |
| 40 | Per Ernesto Olivares on 10/30/2019, affiliate GIT's October 2019 invoice for back office and administrative services will be approximately $156k. GIT allocates expenses among the affiliated entities based upon headcount of each respective entity. Per Cost and Sale Summary schedule, GIT's allocation and the Legal Fee summary schedule details of the pre-petition invoices offset against revenue due to HVI in Week 13. |
| 41 | Per the draft 13-week Health and Safety Budget to be presented in 2-weeks. |
| 42 | The amounts reflected here reflect the first 4-weeks of the draft 13-week total SMV Health and Safety Budget. Over the full 13-week period forecasted expenses are approximately $275k but should reduce compliance violation fines and environmental risks. |
| 43 | The amounts reflected here reflect the first 4-weeks of the draft 13-week total Esfridge Health and Safety Budget. Over the full 13-week period forecasted expenses are approximately $66k but should reduce compliance violation fines, environmental risks and, by reducing these liabilities, potentially make the field more attractive to prospective buyers. |
| 44 | The amounts reflected here reflect the first 4-weeks of the draft 13-week total Bede Health and Safety Budget. Over the full 13-week period forecasted expenses are approximately $337k but should reduce compliance violation fines, environmental risks, and, by reducing these liabilities, potentially make the field more attractive to prospective buyers. |
| 45 | Total Cash Outflows for Operating, General and Administrative, and Health and Safety Expenses but not including royalties. |
| 46 | Estimated Funding required for the 5-week period ending week 18, excluding interest, is approximately $2M. Interest to be added to the 13-week budget to be presented in 2-weeks. |



**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF CHAPTER 11 TRUSTEE FOR ORDER (1) ESTABLISHING PROCEDURES FOR THE PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES (11 U.S.C. §§ 105(a) and 331), AND AUTHORIZING PAYMENT ON A MONTHLY BASIS (11 U.S.C. § 328); AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MICHAEL A. MCCONNELL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  November 14, 2019 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**: On  November 14, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
HVI Cat Canyon, Inc.
630 Fifth Avenue
Suite 2410
New York, NY 10111

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  November 14, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Served by Personal Delivery to be delivered by November  15, 2019
The Honorable Martin R. Bash
U.S. Bankruptcy Court
21041 Burbank Boulevard, Bin on 1st Floor outside entry to Intake Section
Woodland Hills, CA 91367

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 14, 2019 | Vivian Servin | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

<u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

- **William C Beall**   will@beallandburkhardt.com, carissa@beallandburkhardt.com

- **Alicia Clough**   aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

- **Marc S Cohen**   mscohen@loeb.com, klyles@loeb.com

- **Alec S DiMario**   alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

- **Karl J Fingerhood**   karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

- **H Alexander Fisch**   Alex.Fisch@doj.ca.gov

- **Don Fisher**   dfisher@ptwww.com, tblack@ptwww.com

- **Brian D Fittipaldi**   brian.fittipaldi@usdoj.gov

- **Gisele M Goetz**   gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu

- **Karen L Grant**   kgrant@silcom.com

- **Ira S Greene**   Ira.Greene@lockelord.com

- **Matthew C. Heyn**   Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

- **Brian L Holman**   b.holman@musickpeeler.com

- **Eric P Israel**   eisrael@Danning-Gill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com

- **Alan H Katz**   akatz@lockelord.com

- **John C Keith**   john.keith@doj.ca.gov

- **Jeannie Kim**   jkim@friedmanspring.com

- **Brian M Metcalf**   bmetcalf@omm.com

- **David L Osias**   dosias@allenmatkins.com,
  bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

- **Darren L Patrick**   dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com

- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com

- **Todd C. Ringstad**   becky@ringstadlaw.com, arlene@ringstadlaw.com

- **Mitchell E Rishe**   mitchell.rishe@doj.ca.gov

- **Daniel A Solitro**   dsolitro@lockelord.com, ataylor2@lockelord.com

- **Ross Spence**   ross@snowspencelaw.com,
  janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

- **Christopher D Sullivan**   csullivan@diamondmccarthy.com,
  mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

- **Jennifer Taylor**    jtaylor@omm.com

- **John N Tedford**    jtedford@Danning-Gill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

- **Salina R Thomas**    bankruptcy@co.kern.ca.us

- **Patricia B Tomasco**    pattytomasco@quinnemanuel.com,
  barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

- **Fred Whitaker**    lshertzer@cwlawyers.com

- **William E. Winfield**    wwinfield@calattys.com, scuevas@calattys.com

- **Emily Young**    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

## 2. <u>SERVED BY UNITED STATES MAIL</u>:

### <u>20 LARGEST CREDITORS</u>

Santa Barbara County Treasurer-Tax
Collector
105 E. Anapamu St., Suite 109
Santa Barbara, CA 93102

Allen Matkins Leck Gamble
865 South Figueroa Street
Suite 800
Los Angeles, CA 90017-2543

Diamond McCarthy LLP
909 Fannin Street
37th Floor Two Houston Center
Houston, Texas 77010

Santa Barbara County-APCD
260 NORTH SAN ANTONIO RD.,
SANTA BARBARA, CA 93110

Akin Gump Straus Hauer & Feld
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067

Santa Barbara County P&D
123 East Anapamu Street
Santa Barbara, CA 93101

W. J. Kenny Corp.
C/O Allfirst Bankcorp Trust do M&T
Bank
One M&T Plaza
Buffalo, NY 14203

PG&E
77 Beale St
San Francisco, CA 94177

Ann Jenny Schupp
CIO M H Whittier Corp.
1600 Huntington Drive
South Pasadena, CA 91030

William W. Jenny Jr.
5101 East Camino Alisa
Tucson, AZ 85718

J. P. Morgan-Chase
Attn: Michael Kemey
450 West 33rd Street, 15th Floor
Ref: 030057 Nassau Assoc-Saba
New York, NY 10041

WEST COAST WELDING &
CONSTR. I
2201 Celsius Avenue Suite B
Oxnard, CA 93030

Sherrill A. Schoepe
14974 Adams Dr.
Pauma Valley, CA 92061

Andrew Kurth LLP
600 Travis Suite 4200
Houston, TX 77002

Larsen O'Brien LLP
555 South Flower
Suite 4400
Los Angeles, CA 90071

Victory Oil
222 West 6th Street. Suite 1010
San Pedro, CA 90731

California Department of Conservation
801 K Street
Sacramento, CA 95814

Diane T. Walker
748 Oceanville Road
Stonington, ME 04681-9714

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Stoner Family Trust
James G. Sanford Trustee
100 West Liberty Street. Suite 900
Reno, NV 89501

Charles C. Albright Trustee
729 West 16th Street #B8
Costa Mesa, CA 92627

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Brian Corson
2990 Lichen Place
Templeton, CA 93465

Escolle Tenants in Common
215 N. Lincoln Street
Santa Maria, CA 93458
Attn: Vincent T. Martinez

Pacific Petroleum California, Inc.
POB 2646
Santa Maria, CA 93457

## REQUESTS FOR SPECIAL NOTICE

Attorneys for Buganko
Philip W. Ganong
Ganong Law
930 Trustun Avenue, Suite 102
Bakersfield, CA 93301

Attorneys for Eller Family Trust
Cummins & White, LLP
Attn: Fred M. Whitaker, P.C.
Ashley Bolduc
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660

William Winfield
Nelson Comis Kettle & Kinney LLP
300 e. Esplanade Drive, Suite 1170
Oxnard, CA 93036

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.