SNOW SPENCE GREEN LLP
Ross Spence (TX SBN 18918400)
ross@snowspencegreen.com
Carolyn Carollo (TX SBN 24083437)
carolyncarollo@snowspencegreen.com
2929 Allen Parkway, Suite 2800
Houston, Texas 77019
Telephone: (713) 335-4800
Facsimile:  (713) 335-4848

*Attorneys for the County of Santa Barbara, California; Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California; and Santa Barbara County Air Pollution Control District*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA BARBARA DIVISION

| | |
|---|---|
| In re:<br><br>HVI Cat Canyon, Inc.,<br><br>Debtor. | Case No.:  9:19-bk-11573-MB<br><br>Chapter 11<br><br>**SANTA BARBARA COUNTY AIR POLLUTION CONTROL DISTRICT, COUNTY OF SANTA BARBARA, AND HARRY E. HAGEN, TREASURER-TAX COLLECTORS' MOTION FOR CORRECTION OR RECONSIDERATION OF INTERIM ORDER**<br><br>Date: December 20, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 201<br>        1415 State Street<br>        Santa Barbara, California<br><br>Judge: Hon. Martin R. Barash |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

The Santa Barbara County Air Pollution Control District, the County of Santa Barbara, and Harry E. Hagen, Treasurer-Tax Collector of the County of Santa Barbara[1] ("Hagen-Tax Collector") move for correction or reconsideration of this Court's November 18, 2019 interim order [ECF No. 524] and respectfully state as follows:

1. On November 7, 2019, the Trustee filed his *Emergency Motion for an Order: (1) Authorizing the Trustee to Obtain Secured Priming Superpriority Financing; (2) Authorizing the Continued Use of Cash Collateral; (3) Scheduling a Final Hearing; and (4) Granting Related Relief* [ECF No. 474] (the "Motion") for authorization to obtain post-petition financing from UBS AG, Stamford Branch ("UBS AG, Stamford Branch") and continue to use the Cash Collateral of UBS AG, London Branch.

2. On November 8, 2019, the Court conducted an initial interim hearing on the Motion and drafted and signed the *Interim Order on Trustee's Emergency Motion for an Order: (1) Authorizing the Trustee to Obtain Secured Priming Superpriority Financing; (2) Authorizing Continued Use of Cash Collateral; (3) Scheduling a Final Hearing; and (4) Granting Related Relief* [ECF No. 480] (the "First Interim Order"), authorizing up to $267,317 borrowings through a further interim hearing on November 12, 2019.

---

[1] Hagen, Treasurer-Tax Collector does not submit to the jurisdiction of this Court for determination of the Debtor's tax liabilities.

3.     The Court's First Interim Order stated, in relevant part, that "To secure the Subject Indebtedness, UBS shall be given a priming lien in first position on all assets of the estate, **but not ahead of liens securing ad valorem taxes on the real property of the estate**. Said lien shall not encumber avoiding power claims or proceeds thereof." First Interim Order at ¶ 3 (emphasis added). UBS AG, Stamford Branch and the Trustee represent that, on Friday, November 9, 2019, after entry of the First Interim Order, an advance of $197,516 was made to the Trustee pursuant to the First Interim Order.

4.     On November 12, 2019, the Court conducted a second interim hearing, and on November 18, 2019, the Court signed the *Second Interim Order on Trustee's Emergency Motion for an Order: (1) Authorizing the Trustee to Obtain Secured Priming Superpriority Financing; (2) Authorizing Continued Use of Cash Collateral; (3) Scheduling a Final Hearing; and (4) Granting Related Relief* [ECF No. 524] (the "Second Interim Order"). At the § 341(a) meeting on the morning of November 21, 2019, the Trustee and his financial advisor testified that UBS AG, Stamford Branch advanced over $990,000 to the Trustee on November 20 or 21, 2019 pursuant to the Second Interim Order.

5.     On November 21, 2019, the Court conducted the final hearing on the Motion and authorized post-petition financing on a final basis but refused UBS's request for a priming lien over Hagen-Tax Collector's lien, finding the grant of such a priming lien at the time of the Second Interim Order had been in error. At the conclusion of the hearing, UBS argued that both the amount advanced under the First Interim Order and the amount advanced under the Second Interim Order are secured by a lien that primes

the lien of Hagen-Tax Collector. Hagen-Tax Collector disputed that assertion because the Court was clear at the first interim hearing and in the First Interim Order that any advance under the First Interim Order would not prime the tax lien.

6. Hagen-Tax Collector requests that the Court modify and correct any language in the Second Interim Order that is contrary to the Interim Order with respect to priming the Hagen-Tax Collector's lien. UBS AG, Stamford Branch did not cite to any particular language in the Second Interim Order for its assertion of a priming lien for the advance under the First Interim Order. The only reference to that first advance is in the following sentence in paragraph 7 on page 5 of the Second Interim Order: "All advances provided by UBS AG, Stamford Branch under the Facility, including the $197,516 advanced by UBS AG, Stamford Branch on an emergency basis pursuant to the [First] Interim Order, shall be subject to the terms of this Order." This does not state that UBS AG, Stamford Branch is being granted a priming lien for the $197,516 advance, and that would be directly contrary to the language in the First Interim Order which was drafted by the Court. In that First Interim Order, the Court clearly stated that "UBS shall be given a priming lien in first position on all assets of the estate, **but not ahead of liens securing ad valorem taxes on the real property of the estate**." First Interim Order at ¶ 3 (emphasis added). The Second Interim Order does not purport to vacate, modify or subsume the First Interim Order, and UBS AG, Stamford Branch should not be permitted to use it in that way.

7. The Court should make clear that the Second Interim Order does not grant UBS AG, Stamford Branch a priming lien over Hagen-Tax Collector's lien for the advance made under the First Interim Order. The Court has inherent power to do so. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 940 (9th Cir. 2007)("bankruptcy courts, as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders.); *In re Lenox*, 902 F.2d 737, 739-740 (9th Cir. 1990")(same); *see also Credit Suisse First Boston Corp. v. Grunwald,* 400 F.3d, 1119, (9th Cir. 2005)(a court "always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory."); *Dye v. Sachs (In re Flashcom, Inc.)*, 2014 Bankr. LEXIS 4215 *21-22 (9th Cir. B.A.P. 2014)("bankruptcy courts have inherent equitable authority to modify or vacate compromise stipulations if circumstances so justify."); *Balla v. Idaho State Bd. Of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989)(Court have inherent power to modify their interlocutory orders, also citing Fed. R. Civ. P. 54(b)). The bankruptcy court's power to reconsider, modify or vacate previous orders is established by § 105(a) of the Bankruptcy Code, which provides that a bankruptcy court may, "sua sponte tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *In re Int'l Fibercom, Inc.*, 503 F3d at 940.

8. Use of the inherent power to modify prior orders is especially appropriate where there has been an error. *See Heritage Pac. Fin., LLC v. Edgar (In re Montano)*, 501 B.R. 96, 113-14 (9th Cir. B.A.P. 2013)("Simply put, a trial court's concession that it erred

in an earlier order requires that court to set aside the order and reconsider the parties' arguments…The bankruptcy court did not abuse its discretion in reconsidering an order that it conceded was entered in error.").

9. UBS AG Stamford Branch cannot argue that the $197,516 it advanced pursuant to the First Interim Order was in reliance on the Second Interim Order, which did not exist at the time of the advance. No intervening right became vested as a result of the Second Interim Order other than the second advance made after that order and before the Court's ruling at the final hearing. Section 364(e) could only be urged by UBS Stamford Branch to protect the advance it made after the Second Interim Order, not the advance it made pursuant to the First Interim Order.

WHEREFORE, PREMISES CONSIDERED, the Court should order that the Second Interim Order does not give UBS any priming lien over the Hagen-Tax Collector lien for the $197,516 advanced pursuant to the First Interim Order or any amounts other than the advance made after the Second Interim Order and before the November 21 final hearing, and the Court should grant such other relief to which the movants are entitled. A proposed form of order is attached as Exhibit 1.

Dated:  November 26, 2019        SNOW SPENCE GREEN LLP

By:  */s/ Ross Spence*
       Ross Spence

*Attorneys for the County of Santa Barbara, California; Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California; and Santa Barbara Air Pollution Control District*