1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:  (310) 277-0077
5  Facsimile:   (310) 277-5735

6  Attorneys for Michael A. McConnell,
   Chapter 11 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **NORTHERN DIVISION**

11  In re                          Case No.: 9:19-bk-11573-MB

12  HVI CAT CANYON, INC.,          Chapter 11

13          Debtor.                **TRUSTEE'S NOTICE OF MOTION AND
                                   MOTION FOR ORDER TERMINATING
14                                 EMPLOYMENT OF EPIQ
                                   BANKRUPTCY SOLUTIONS, LLC;
15                                 MEMORANDUM OF POINTS AND
                                   AUTHORITIES, DECLARATIONS OF
16                                 MICHAEL A. McCONNELL AND
                                   AARON E.  DE LEEST, AND REQUEST
17                                 FOR JUDICIAL NOTICE IN SUPPORT
                                   THEREOF
18
                                   Date:    December 20, 2019
19                                 Time:    10:00 a.m.
                                   Place:   Courtroom 201
20                                          1415 State Street
                                            Santa Barbara, California
21

22

23  **TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE,**

24  **AND INTERESTED PARTIES:**

25          **PLEASE TAKE NOTICE** that on December 20, 2019, at 10:00 a.m., Michael A.

26  McConnell, the Chapter 11 trustee (the "Trustee") for the estate of HVI Cat Canyon, Inc. (the

27  "Debtor"), hereby moves for an order terminating the services of EPIQ Bankruptcy Solutions, LLC

28  ("EPIQ"), effective as of October 21, 2019, the date of the Trustee's appointment.

1568081.2 26932                          1

1        This Motion is made on the grounds that EPIQ was retained by the Debtor, prior to the

2   Trustee's appointment, to act as the Debtor's claims and noticing agent for the Debtor and the

3   Trustee no longer requires its services.  By this motion, the Trustee seeks authorization to terminate

4   EPIQ's service effective as of October 21, 2019, on the grounds that its services are not necessary.

5        This Motion is based upon the accompanying Memorandum of Points and Authorities, the

6   accompanying Declarations of Michael A. McConnell and Aaron E. de Leest and the Request for

7   Judicial Notice, the papers and pleadings on file in this case, and such other evidence that may be

8   presented to the Court.

9       **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-

10  1(a)(7), any opposition to the Motion must be in writing in the format required by the Local

11  Bankruptcy Rules, filed with the Clerk of the Court and served upon counsel for the Trustee, at the

12  address in the upper left corner of the face of this Notice, upon the United States Trustee,

13  1415 State Street, Suite 148, Santa Barbara, CA 93101, not less than fourteen (14) days before the

14  hearing.  Failure to comply with this procedure may be deemed consent to the granting of the relief

15  requested

16

17  DATED: November 21, 2019          DANNING, GILL, ISRAEL & KRASNOFF, LLP

18

19

20                                    By: _____

21                                         AARON E. DE LEEST
                                           Attorneys for Michael A. McConnell,
                                           as Chapter 11 Trustee

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND FACTS

**A.    The Bankruptcy Case**

The Debtor is a Colorado corporation authorized to conduct business in the state of California. It is the owner and operator of producing oil and gas interests in California.

On July 25, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The case was originally filed in the Southern District of New York. The case was transferred to the Northern District of Texas, and then later to the Central District of California.

The Debtor initially operated its business as a "debtor in possession," until on or about October 16, 2019, when the Court entered its Agreed Order Granting Motion for Appointment of a Chapter 11 Trustee. On or about October 21, 2019, the Court approved the appointment of Michael A. McConnell as the Chapter 11 trustee in this case.

On or about August 9, 2019, an Official Creditor's Committee was appointed.

**B.    Facts Specific to the Requested Relief**

Pursuant to an order entered on August 9, 2019 (*doc. no. 36*), the Court authorized the Debtor to employ EPIQ Bankruptcy Solutions, LLC ("EPIQ") as its claims and noticing agent, among other things, to perform noticing services for the Debtor. Exhibit "1" to the Declaration of Michael A. McConnell. The Trustee has received bills aggregating approximately $72,000 from EPIQ for services in July, August, and September, 2019--before the Trustee's appointment. Exhibit "2" to the Declaration of Michael A. McConnell.

The Trustee does not require the services of EPIQ and has terminated their services effective as of October 21, 2019. On or about November 15, 2019, the Trustee formally advised EPIQ that its services would not be needed. Exhibit "3" to the de Leest Declaration.

On or about November 21, 2019, the Court authorized and requested that the Trustee file the within motion requesting termination of EPIQ as the Debtor's claims and noticing agent.

1568081.2 26932                                                    3

1   The Court noted at the hearing that the order appointing EPIQ provides EPIQ "shall not

2   cease providing claims processing services during the chapter 11 case for any reason, including

3   nonpayment, without an order of the Court".

4

5                                          **II.**

6                                     **ARGUMENT**

7   Pursuant to its agreement with the Debtor, EPIQ was retained by the Debtor, on an as-

8   needed basis, to act as the Debtor's claims and noticing agent.  The Trustee seeks to terminate

9   EPIQ's services on the basis that the services are not needed by the Trustee and requests that the

10  Court authorize the Trustee to terminate EPIQ's services, effective as of October 21, 2019.

11

12                                        **III.**

13                                   **CONCLUSION**

14  For the foregoing reasons, the Trustee requests that the Court enter an order authorizing the

15  Trustee to terminate the services of EPIQ Bankruptcy Solutions, LLC, effective as of October 21,

16  2019.  The Trustee also requests such other and further relief as is just and proper under the

17  circumstances.

18

19  DATED: November 27, 2019            DANNING, GILL, ISRAEL & KRASNOFF, LLP

20

21

22                                      By: _____
                                            AARON E. DE LEEST
23                                          Attorneys for Michael A. McConnell,
                                            Chapter 11 Trustee

24

25

26

27

28

1568081.2  26932                                    4

## DECLARATION OF MICHAEL A. McCONNELL

I, Michael A. McConnell, declare as follows:

1.      I am over eighteen years of age, and I have personal knowledge of the facts in this declaration and, if called as a witness, could testify competently that the facts stated in this declaration are true and correct to the best of my knowledge and information.

2.      I am the Chapter 11 Trustee of the Bankruptcy Estate of HVI Cat Canyon, Inc. (the "Debtor"). I make this declaration in support of the Trustee's Motion for Order Terminating the Services of EPIQ Bankruptcy Solutions, LLC (the "Motion").

3.      Attached hereto as Exhibit "1" and incorporated herein by reference is a copy of the order entered on August 9, 2019 employing EPIQ.

4.      On or about November 1, 2019, I received bills from EPIQ, true and correct copies of which are attached hereto, marked as Exhibit "2" and incorporated herein by this reference.

5.      In my business judgment, I do not require the services of EPIQ and requested that my counsel terminate those services as of the date of my appointment, October 21, 2019.

6.      At a hearing on or about November 21, 2019, the Court authorized and requested that I file the within motion requesting termination of EPIQ as the Debtor's claims and noticing agent.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on November 27th, 2019 at Fort Worth, Texas.

MICHAEL A. McCONNELL

1568081.2  26932

## DECLARATION OF AARON E. DE LEEST

I, Aaron E. de Leest, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am associated with Danning, Gill, Israel & Krasnoff, LLP, attorneys of record for Michael A. McConnell, Chapter 11 Trustee.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of Trustee's Notice of Motion and Motion for Order Terminating Employment of EPIQ Bankruptcy Solutions, LLC.

2.    I sent a letter to EPIQ dated November 15, 2019 informing EPIQ that its services would not be needed by the Trustee.  Attached hereto as Exhibit "3" is a true and correct copy of the letter I sent to EPIQ.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of November, 2019, at Los Angeles, California.

Aaron E. de Leest

## **REQUEST FOR JUDICIAL NOTICE**

Michael A. McConnell, the chapter 11 trustee (the "Trustee") for the estate of HVI Cat Canyon, Inc. (the "Debtor"), requests that the Court take judicial notice of the following:

1.      On July 25, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The case was originally filed in the Southern District of New York.  The case was transferred to the Northern District of Texas, and then to the Central District of California.

2.      The Debtor initially operated its business as a "debtor in possession," until on or about October 16, 2019, when the Court entered its Agreed Order Granting Motion for Appointment of a Chapter 11 Trustee.  On or about October 21, 2019, the Court approved the appointment of Michael A. McConnell as the Chapter 11 trustee in this case.

3.      On or about August 9, 2019, an Official Creditor's Committee was appointed.

4.      Pursuant to an order entered on August 9, 2019 (*doc. no. 36*), the Court authorized the Debtor to employ EPIQ Bankruptcy Solutions, LLC ("EPIQ") as its claims and noticing agent, among other things, to perform noticing services for the Debtor.

DATED:  November 27, 2019          DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:    _____
                AARON E. DE LEEST
                Attorneys for Michael A. McConnell,
                Chapter 11 Trustee

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 Case. |
| HVI CAT CANYON, INC. | Case No. 19-12417 (MEW) |
| Debtor. | |

## ORDER APPROVING RETENTION AND APPOINTMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS CLAIMS AND NOTICING AGENT FOR DEBTOR UNDER 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), AND S.D.N.Y. LBR 5075-1 AND GRANTING RELATED RELIEF

Upon the application ("Application")[1] of HVI Cat Canyon, Inc. ("Debtor"), for an order pursuant to section 105 of title 11 of the United States Code §§ 101 *et seq.* ("Bankruptcy Code"), section 156(c) of title 28 of the United State Code and Rule 5075-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Rules") for authority to appoint and retain Epiq Bankruptcy Solutions, LLC ("Epiq") as claims and noticing agent to Debtor, and upon consideration of the Application and the Declaration of Regina Amporfro in support thereof; and Debtor having estimated that there are in excess of 1,000 creditors in this Chapter 11 case, many of which are expected to file proofs of claim; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized pursuant to 28 U.S.C. § 156(c) to utilize, at Debtor's expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Epiq has the capability and the experience to provide such services and that Epiq does not hold an interest adverse to Debtor or the estate respecting the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

EXHIBIT    1

relief requested therein in accordance with 28 U.S.C. §§157 and 1334 and the Amended Standing

Order of Reference M-431, dated January 31, 2012; and consideration of the Application and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper

notice of the Application having been provided; and it appearing that no other or further notice

need be provided; and a hearing having been held to consider the relief requested in the Application

("Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court;

and the Court having found and determined that the relief sought in the Application is in the best

interests of Debtor, it's estate, creditors and all parties in interest, and that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

    **ORDERED**, that notwithstanding the terms of the Engagement Agreement attached to the

Application, the Application is approved solely as set forth in this Order; and it is further

    **ORDERED**, that Debtor is authorized, pursuant to section 105(a) of the Bankruptcy Code,

28 U.S.C. § 156(c), and Local Rule 5075-1, to retain Epiq, and that Epiq is hereby appointed as

the claims and noticing agent, effective as of the Petition Date, under the terms and conditions set

forth in the Engagement Agreement annexed hereto as "Exhibit 1" as modified by this Order; and

it is further

    **ORDERED**, that paragraph 11.3 of the Engagement Agreement is stricken in its entirety

and replaced with the following language:

> 11.3 This Agreement shall be governed by the laws of the State of New York, without regard to that state's provisions for choice of law. Client and Epiq agree that any controversy or claim arising out of or relating to this Agreement or the alleged breach thereof shall be settled by the United States Bankruptcy Court for the Southern District of New York or any other U.S. Bankruptcy Court exercising jurisdiction over the Client's chapter 11 case.

and it is further

**ORDERED**, that paragraphs 8(a) and 8(c) of the Engagement Agreement are stricken in their entirety; and it is further

**ORDERED**, that Epiq shall be liable only for damages resulting from its willful misconduct or gross negligence; and it is further

**ORDERED**, that Epiq, as the Claims and Noticing Agent, is directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in this case, and all related tasks, all as described in the Application (collectively, the "Claims and Noticing Services"); and it is further

**ORDERED**, that Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official Claims Registers for Debtor, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk; and it is further

**ORDERED**, that Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim; and it is further

**ORDERED**, that Epiq is authorized to take such other action to comply with all duties set forth in the Application; and it is further

**ORDERED**, that Debtor is authorized to compensate Epiq in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; and it is further

**ORDERED**, that Epiq shall maintain records of all services performed, showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on Debtor, U.S. Trustee, counsel to Debtor, counsel for any official committee appointed in this case, and any party-in-interest who specifically requests service of the monthly invoices; and it is further

**ORDERED**, that the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved; and it is further

**ORDERED**, that Epiq may hold its retainer under the Engagement Agreement during the chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement; and it is further

**ORDERED**, that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of Debtor's estate; and it is further

**ORDERED**, that Debtor shall indemnify Claims and Noticing Agent under the terms of the Engagement Agreement; and it is further

**ORDERED**, that all requests by Claims and Noticing Agent for the payment of indemnification as set forth in the Application and/or Engagement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Application and/or Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Claims and Noticing Agent be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

4

**ORDERED**, that in the event that Claims and Noticing Agent seeks reimbursement from Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Application and/or Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Claims and Noticing Agent's own applications, both interim and final, but determined by this Court after notice and a hearing; and it is further

**ORDERED**, that if Epiq is unable to provide the Claims and Noticing Services, Epiq will immediately notify the Clerk and Debtor's counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtor's counsel; and it is further

**ORDERED**, that Debtor may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Claims and Noticing Agent but is not specifically authorized by this Order; and it is further

**ORDERED**, that Debtor and Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

**ORDERED**, that, notwithstanding any term in the Engagement Agreement to the contrary, exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further shall rest with the U.S. Bankruptcy Court exercising jurisdiction over the Debtor's chapter 11 case.

**ORDERED,** that Epiq shall not cease providing claims processing services during the chapter 11 case for any reason, including nonpayment, without an order of the Court; and it is further

**ORDERED,** that in the event of any inconsistency between the Engagement Agreement,

the Application and this Order, this Order shall govern.

Dated: August 9, 2019

    New York, New York

                        /s/ Michael E. Wiles
                        UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 2



# Invoice

Page 1 of 2

| | |
|---|---|
| **Remit to** | |
| Epiq Corporate Restructuring LLC | Tax ID: 33-1041096 |
| Dept 0255 | |
| P.O. Box 120255 | For billing questions, call 913-621-9980 |
| Dallas, TX 75312-0255 | or billing@epiqglobal.com |

Epiq Corporate Restructuring LLC
777 Third Ave, 12th Floor
New York, NY  10017

Payment by Wire:
Bank:                          Silicon Valley Bank (Santa Clara, CA)
ABA Routing:              121140399
Acct No:                     3300693042
SWIFT:                       SVBKUS6S

**Bill-To**

HVI RE-ORIGANIZATION
630 Fifth Avenue, Suite 2410
New York NY  10111

| Information | | | |
|---|---|---|---|
| Invoice No. | 90362912 | Invoice Date | 08/01/2019 |
| Purchase Order No. | | | |
| Customer No. | 3011255 | | |
| Currency | USD | | |
| Contract No. | 40036702 | | |
| Contract Description | HVI Cat Canyon, Inc. | | |
| Terms of Payment | Payable upon receipt | | |
| Internal Reference No | HVI | | |

**Comments**

Post Petition Services from 7/25/2019- 7/31/2019

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| CN300 | Director/V.P. Consulting | 29.400 | H | 171.0000 | 5,027.40 |
| CN200 | Senior Consultant II | 1.900 | H | 158.0000 | 300.20 |
| CN100 | Senior Consultant I | 11.600 | H | 144.0000 | 1,670.40 |
| DM200 | Director of Case Management II | 4.600 | H | 158.0000 | 726.80 |
| DM100 | Director of Case Management I | 19.900 | H | 160.0000 | 3,184.00 |
| AS300 | Senior Case Manager III | 2.600 | H | 148.5000 | 386.10 |
| AS200 | Senior Case Manager II | 6.100 | H | 143.5000 | 875.35 |
| AS100 | Senior Case Manager I | 3.300 | H | 133.0000 | 438.90 |
| CM200 | Case Manager II | 4.900 | H | 108.0000 | 529.20 |
| CM100 | Case Manager I | 0.600 | H | 63.0000 | 37.80 |
| AD300 | Admin. Support III | 1.100 | H | 40.5000 | 44.55 |
| OS815 | Call Center Operator | 0.100 | H | 55.0000 | 5.50 |
| NO100 | Noticing | 7,333 | PAG | 0.0800 | 586.64 |
| NO100T | Noticing - In state | 1,221 | PAG | 0.0800 | 97.68 |



CONFIDENTIAL
EXHIBIT 2



# Invoice

Page 2 of 2

| Information | | | |
|---|---|---|---|
| Invoice No. | 90362912 | Invoice Date | 08/01/2019 |
| Purchase Order No. | | | |
| Customer No. | 3011255 | | |

Epiq Corporate Restructuring LLC
777 Third Ave, 12th Floor
New York, NY  10017

**Comments**
Post Petition Services from 7/25/2019- 7/31/2019

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| OS205 | Facsimiles - Out of State | 7 | PAG | 0.0500 | 0.35 |
| OS223 | Envelope - #10 | 14 | EA | 0.0500 | 0.70 |
| OS821 | Voice Recorded Message | 5.830 | MIN | 0.3400 | 1.98 |
| RE100 | Postage | 800.800 | EA | 1.0000 | 800.80 |

| | | |
|---|---|---|
| Net Amount | | 14,714.35 |
| Sales Tax | | 60.84 |
| Total Amount Due  (USD) | | 14,775.19 |

**Open Items for Contract 40036702 as of 11/01/2019**

| Trans. Date | Type | Reference | Due Date | Amount | Curr. |
|---|---|---|---|---|---|
| 08/01/2019 | Invoice | 90362912 | Upon Receipt | 14,775.19 | USD |
| 09/01/2019 | Invoice | 90371516 | Upon Receipt | 39,124.31 | USD |
| 10/01/2019 | Invoice | 90380595 | Upon Receipt | 18,730.72 | USD |
| | | | Total: | 72,630.22 | USD |



# Invoice

Page 1 of 2

Epiq Corporate Restructuring LLC
777 Third Ave, 12th Floor
New York, NY 10017

| **Remit to** | |
|---|---|
| Epiq Corporate Restructuring LLC | Tax ID: 33-1041096 |
| Dept 0255 | |
| P.O. Box 120255 | For billing questions, call 913-621-9980 |
| Dallas, TX 75312-0255 | or billing@epiqglobal.com |

| | |
|---|---|
| Payment by Wire: | |
| Bank: | Silicon Valley Bank (Santa Clara, CA) |
| ABA Routing: | 121140399 |
| Acct No: | 3300693042 |
| SWIFT: | SVBKUS6S |

**Bill-To**

HVI RE-ORIGANIZATION
630 Fifth Avenue, Suite 2410
New York NY 10111

| **Information** | | | |
|---|---|---|---|
| Invoice No. | 90371516 | Invoice Date | 09/01/2019 |
| Purchase Order No. | | | |
| Customer No. | 3011255 | | |
| Currency | USD | | |
| Contract No. | 40036702 | | |
| Contract Description | HVI Cat Canyon, Inc. | | |
| Terms of Payment | Payable upon receipt | | |
| Internal Reference No | HVI | | |

**Comments**

Services for the month of August 2019

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| CN300 | Director/V.P. Consulting | 84.800 | H | 171.0000 | 14,500.80 |
| CN200 | Senior Consultant II | 9.400 | H | 158.0000 | 1,485.20 |
| CN100 | Senior Consultant I | 24.300 | H | 144.0000 | 3,499.20 |
| DM200 | Director of Case Management II | 11.600 | H | 158.0000 | 1,832.80 |
| DM100 | Director of Case Management I | 34.200 | H | 160.0000 | 5,472.00 |
| AS300 | Senior Case Manager III | 18.100 | H | 148.5000 | 2,687.85 |
| AS200 | Senior Case Manager II | 13.200 | H | 143.5000 | 1,894.20 |
| AS100 | Senior Case Manager I | 11.700 | H | 133.0000 | 1,556.10 |
| SL100 | Solicitation Consultant | 0.400 | H | 171.0000 | 68.40 |
| CM200 | Case Manager II | 3.600 | H | 108.0000 | 388.80 |
| CM100 | Case Manager I | 11.400 | H | 63.0000 | 718.20 |
| AD300 | Admin. Support III | 14.400 | H | 40.5000 | 583.20 |
| OS815 | Call Center Operator | 1.300 | H | 55.0000 | 71.50 |
| NO100 | Noticing | 9,469 | PAG | 0.0800 | 757.52 |

# epiq

# Invoice

Page 2 of 2

| Information | | | |
|---|---|---|---|
| Invoice No. | 90371516 | Invoice Date | 09/01/2019 |
| Purchase Order No. | | | |
| Customer No. | 3011255 | | |

Epiq Corporate Restructuring LLC
777 Third Ave, 12th Floor
New York, NY  10017

**Comments**
Services for the month of August 2019

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| NO100T | Noticing - In state | 2,122 | PAG | 0.0800 | 169.76 |
| OS224 | Envelope - 6X9 | 44 | EA | 0.1500 | 6.60 |
| OS225 | Envelope - 9x12 | 90 | EA | 0.2500 | 22.50 |
| OS223 | Envelope - #10 | 1,225 | EA | 0.0500 | 61.25 |
| CA100 | Database Maintenance | 2,599 | CRC | 0.0800 | 207.92 |
| OS200 | Electronic Imaging | 6 | IMG | 0.0800 | 0.48 |
| OS821 | Voice Recorded Message | 88.770 | MIN | 0.3400 | 30.18 |
| RE100 | Postage | 2,475.160 | EA | 1.0000 | 2,475.16 |
| RE105 | Shipping and Courier Fees | 500 | DLR | 1.0000 | 500.00 |

| | | |
|---|---|---|
| Net Amount | | 38,989.62 |
| Sales Tax | | 134.69 |
| Total Amount Due  (USD) | | 39,124.31 |

**Open Items for Contract 40036702 as of 11/01/2019**

| Trans. Date | Type | Reference | Due Date | Amount | Curr. |
|---|---|---|---|---|---|
| 08/01/2019 | Invoice | 90362912 | Upon Receipt | 14,775.19 | USD |
| 09/01/2019 | Invoice | 90371516 | Upon Receipt | 39,124.31 | USD |
| 10/01/2019 | Invoice | 90380595 | Upon Receipt | 18,730.72 | USD |
| | | | Total: | 72,630.22 | USD |



# Invoice

Page 1 of 2

Epiq Corporate Restructuring LLC
777 Third Ave, 12th Floor
New York, NY  10017

**Remit to**
Epiq Corporate Restructuring LLC          Tax ID: 33-1041096
Dept 0255
P.O. Box 120255                           For billing questions, call 913-621-9980
Dallas, TX 75312-0255                     or billing@epiqglobal.com

Payment by Wire:
Bank:                 Silicon Valley Bank (Santa Clara, CA)
ABA Routing:          121140399
Acct No:              3300693042
SWIFT:                SVBKUS6S

**Bill-To**
HVI RE-ORGANIZATION
630 Fifth Avenue, Suite 2410
New York NY  10111

**Information**
| | |
|---|---|
| Invoice No. | 90380595 |
| Purchase Order No. | |
| Customer No. | 3011255 |
| Currency | USD |
| Contract No. | 40036702 |
| Contract Description | HVI Cat Canyon, Inc. |
| Terms of Payment | Payable upon receipt |
| Internal Reference No | HVI |

Invoice Date    10/01/2019

**Comments**
Services for the month of September 2019

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| CN300 | Director/V.P. Consulting | 13.300 | H | 171.0000 | 2,274.30 |
| CN200 | Senior Consultant II | 3.300 | H | 158.0000 | 521.40 |
| CN100 | Senior Consultant I | 8.200 | H | 144.0000 | 1,180.80 |
| DM200 | Director of Case Management II | 0.800 | H | 158.0000 | 126.40 |
| DM100 | Director of Case Management I | 32.700 | H | 160.0000 | 5,232.00 |
| AS300 | Senior Case Manager III | 13 | H | 148.5000 | 1,930.50 |
| AS200 | Senior Case Manager II | 10.800 | H | 143.5000 | 1,549.80 |
| AS100 | Senior Case Manager I | 7.900 | H | 133.0000 | 1,050.70 |
| CM200 | Case Manager II | 0.500 | H | 108.0000 | 54.00 |
| CM100 | Case Manager I | 7.800 | H | 63.0000 | 491.40 |
| AD300 | Admin. Support III | 21.400 | H | 40.5000 | 866.70 |
| NO100 | Noticing | 9,184 | PAG | 0.0800 | 734.72 |
| NO100T | Noticing - In state | 1,530 | PAG | 0.0800 | 122.40 |
| OS205 | Facsimiles - Out of State | 1,013 | PAG | 0.0500 | 50.65 |

CONFIDENTIAL



# Invoice

Page 2 of 2

| Information | | | |
|---|---|---|---|
| Invoice No. | 90380595 | Invoice Date | 10/01/2019 |
| Purchase Order No. | | | |
| Customer No. | 3011255 | | |

Epiq Corporate Restructuring LLC
777 Third Ave, 12th Floor
New York, NY  10017

**Comments**
Services for the month of September 2019

| Code | Service | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| OS205T | Facsimiles - In State | 238 | PAG | 0.0500 | 11.90 |
| OS223 | Envelope - #10 | 1,188 | EA | 0.0500 | 59.40 |
| CA100 | Database Maintenance | 2,603 | CRC | 0.0800 | 208.24 |
| OS200 | Electronic Imaging | 131 | IMG | 0.0800 | 10.48 |
| OS821 | Voice Recorded Message | 10.480 | MIN | 0.3400 | 3.56 |
| RE100 | Postage | 1,620.080 | EA | 1.0000 | 1,620.08 |
| RE105 | Shipping and Courier Fees | 500 | DLR | 1.0000 | 500.00 |

|  | | |
|---|---|---|
| Net Amount | | 18,599.43 |
| Sales Tax | | 131.29 |
| Total Amount Due  (USD) | | 18,730.72 |

**Open Items for Contract 40036702 as of 11/01/2019**

| Trans. Date | Type | Reference | Due Date | Amount | Curr. |
|---|---|---|---|---|---|
| 08/01/2019 | Invoice | 90362912 | Upon Receipt | 14,775.19 | USD |
| 09/01/2019 | Invoice | 90371516 | Upon Receipt | 39,124.31 | USD |
| 10/01/2019 | Invoice | 90380595 | Upon Receipt | 18,730.72 | USD |
| | | | Total: | 72,630.22 | USD |

EXHIBIT 3



AARON E. DE LEEST
ASSOCIATE

E-MAIL ADDRESS:
ADELEEST@DANNINGGILL.COM

1901 AVENUE OF THE STARS
SUITE 450
LOS ANGELES, CALIFORNIA 90067-6006

(310) 277-0077 – TEL
(310) 277-5735 – FAX

November 15, 2019

Epiq Corporate Restructuring, LLC
Attn:  Robert A. Hopen
777 Third Avenue, 12th Floor
New York, NY  10017

Re:   HVI Cat Canyon, Inc., Debtor
      Case No. 9:19-bk-11573-MB

Dear Mr. Hopen:

This firm represents Michael A. McConnell, the Chapter 11 trustee (the "Trustee") for the estate
of HVI Cat Canyon, Inc. (the "Debtor"), Bankr. Case No. 9:19-bk-11573-MB.  The Debtor's
bankruptcy case is now pending in the U.S. Bankruptcy Court for the Central District of
California, Northern Division.

As you may know, on October 16, 2019, the Court entered its Agreed Order Granting Motion for
Appointment of a Chapter 11 Trustee (*docket no. 409*).  Thereafter, on October 21, 2019, Mr.
McConnell was appointed as the Trustee by the U.S. Trustee (*docket no. 418*) and, on October
22, 2019, the Court approved the Trustee's appointment in this case (*docket no. 431*).

The Trustee is informed that Epiq Corporate Restructuring, LLC ("Epiq") was retained by the
Debtor, on an as needed basis, to act as the Debtor's claims and noticing agent.  Please be
advised that, effective as of the date of his appointment (October 21, 2019), the Trustee will not
be using Epiq as his claims and noticing agent and, to the extent necessary, terminates those
services.

Please feel free to give me a call if you would like to discuss this matter further.

Sincerely,

Aaron E. de Leest

AED:bev

1566725.1  26932

020

EXHIBIT

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): <u>TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER TERMINATING EMPLOYMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF MICHAEL A. McCONNELL AND AARON E. DE LEEST, AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>November 27, 2019</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On <u>November 27, 2019</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Debtor<br>HVI Cat Canyon, Inc.<br>c/o Capitol Corporate Services, Inc.<br>36 S. 18th Avenue, Suite D<br>Brighton, CO 80601 | Debtor<br>HVI Cat Canyon,Inc.<br>630 Fifth Avenue, Suite 2410<br>New York, NY  10111 | The Honorable Martin R. Barash<br>U.S. Bankruptcy Court<br>21041 Burbank Blvd., Suite 342<br>Woodland Hills, CA 91367 |
| EPIQ Corporate Restructuring, LLC<br>Attn:  Robert A. Hopen<br>777 Third Avenue, 12th Floor<br>New York, NY  10017 | | |

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served**)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>November 27, 2019</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 27, 2019 | Beverly Lew | *[signature]* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

William C Beall on behalf of Creditor GLR, LLC    will@beallandburkhardt.com, carissa@beallandburkhardt.com

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission    mscohen@loeb.com, klyles@loeb.com

Alec S DiMario on behalf of Creditor Direct Energy Business Marketing, LLC d/b/a Direct Energy Business
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Alec S DiMario on behalf of Creditor Direct Energy Business, LLC
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

H Alexander Fisch on behalf of Interested Party California Department of Fish & Wildlife
Alex.Fisch@doj.ca.gov

H Alexander Fisch on behalf of Interested Party California Regional Water Quality Control Board, Central Coast
Alex.Fisch@doj.ca.gov

Don Fisher on behalf of Interested Party Interested Party    dfisher@ptwww.com, tblack@ptwww.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee    brian.fittipaldi@usdoj.gov

Gisele M Goetz on behalf of Interested Party Courtesy NEF    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu

Karen L Grant on behalf of Creditor BUGANKO, LLC    kgrant@silcom.com

Ira S Greene on behalf of Interested Party CTS Properties, Ltd.    Ira.Greene@lockelord.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

Brian L Holman on behalf of Creditor Bradley Land Company    b.holman@musickpeeler.com

Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Michael Authur McConnell (TR)
eisrael@dgdk.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Razmig Izakelian on behalf of Creditor GIT, Inc.    razmigizakelian@quinnemanuel.com

Alan H Katz on behalf of Interested Party CTS Properties, Ltd.    akatz@lockelord.com

John C Keith on behalf of Creditor California State Lands Commission    john.keith@doj.ca.gov

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company    jkim@friedmanspring.com

Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors    mlitvak@pszjlaw.com

Michael Authur McConnell (TR)    Michael.mcconnell@kellyhart.com

Brian M Metcalf on behalf of Interested Party UBS AG, London Branch    bmetcalf@omm.com

David L Osias on behalf of Creditor Allen Matkins Leck Gamble Mallory & Natsis LLP
dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          F 9013-3.1.PROOF.SERVICE

Darren L Patrick on behalf of Interested Party UBS AG, London Branch     dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party     becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil, Gas & Geothermal Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
mitchell.rishe@doj.ca.gov

Sonia Singh on behalf of Trustee Michael Authur McConnell (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.     dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch     jtaylor@omm.com

John N Tedford on behalf of Trustee Michael Authur McConnell (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

Salina R Thomas on behalf of Interested Party Courtesy NEF     bankruptcy@co.kern.ca.us

Salina R Thomas on behalf of Interested Party Kern County Treasurer Tax Collector
bankruptcy@co.kern.ca.us

Patricia B Tomasco on behalf of Creditor GIT, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

Fred Whitaker on behalf of Interested Party Eller Family Trust     lshertzer@cwlawyers.com

William E. Winfield on behalf of Attorney Courtesy NEF     wwinfield@calattys.com, scuevas@calattys.com

Richard Lee Wynne on behalf of Interested Party NewBridge Resources, LLC
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

Emily Young on behalf of Creditor Epiq Corporate Restructuring, LLC Claims Agent
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

Aaron E de Leest on behalf of Trustee Michael Authur McConnell (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              F 9013-3.1.PROOF.SERVICE