ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
AARON E. DE LEEST (State Bar No. 216832)
adeleest@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Michael A. McConnell,
Chapter 11 Trustee

**FILED & ENTERED**

**DEC 10 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY handy     DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re | Case No. 9:19-bk-11573-MB |
| HVI CAT CANYON, INC., | Chapter 11 |
| Debtor. | **ORDER GRANTING MOTION AND ESTABLISHING PROCEDURE FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND AUTHORIZING PAYMENT ON A MONTHLY BASIS** *(doc. no. 511)* |
| | [No hearing required] |

      Michael A. McConnell (the "Chapter 11 Trustee"), has filed the *Motion Of Chapter 11 Trustee For Order (1) Establishing Procedures For The Payment Of Interim Compensation And Reimbursement Of Expenses (11 U.S.C. §§ 105(a) And 331), And Authorizing Payment On A Monthly Basis (11 U.S.C. § 328); And Memorandum Of Points And Authorities And Declaration Of Michael A. McConnell* (the "Motion") (doc. no. 511), pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Local Bankruptcy Rule 2016-1(b) seeking to establish a procedure for monthly interim compensation and reimbursement of professionals.

      The Court, having read and considered the Motion, the Notice of Errata to the Motion (doc no. 553), the Limited Objection by Buganko, LLC to the Motion (doc no. 528), the Limited Response and Reservation of Rights respecting the Motion (doc no. 543) filed by the former

1567364.1  26932

attorneys for the debtor, the Stipulation between the Chapter 11 Trustee and Buganko, LLC withdrawing its Objection to the Trustee's Motion (doc no. 568) and all of the other pleadings on file in the Debtor's case, and upon due and adequate notice of the Motion having been given in accordance with the terms thereof, and there being no opposition, and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate and creditors. It appearing that good cause exists,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted in its entirety.

2. The Trustee and professionals employed by the Trustee and the Committee (collectively the "Professionals" or "Professional") may seek monthly compensation from free and clear funds (if any) or post-petition carve-outs as provided in this Order in accord with the Guidelines of the United States Trustee.

3. On or before the 20th day of each month following the month for which compensation is sought, the Professional seeking fees and expenses from the Debtor's estate under this procedure must file with the Court and serve a monthly Professional Fee Statement (the "Monthly Statement") on the Office of the United States Trustee.

4. Each Monthly Statement must include the following information: (i) the total amount of compensation and reimbursement of expenses requested for the month, (ii) the names, hourly rates, total number of hours billed, and total amount of fees incurred by each individual during the month, (iii) a summary list of the expenses for which reimbursement is sought, (iv) detailed statements of the time entries for all individuals who performed services during the month.

5. A copy of the Monthly Statement without backup shall be served to counsel for the Official Committee of Unsecured Creditors (the "Committee") and all other parties requesting special notice (all collectively the "Recipients"). The Monthly Statement shall comport with the U.S. Trustee's Professional Fee Statement Form UST16-6.0.

6. The U.S. Trustee and each of the Recipients shall have ten (10) days after service of a Monthly Statement (the "Objection Deadline") to raise any objection thereto. Any objection to a Monthly Statement (an "Objection") must (i) be in writing, (ii) set forth the precise nature of the

Objection, the grounds therefore, and the amount of fees and/or expenses to which the Objection applies, and (iii) be filed with the Court and served, on or before the Objection Deadline, on both the Professional that submitted the Monthly Statement and each of the Recipients.  A "blanket" or general objection to a Monthly Statement will be deemed to be a nullity and shall not trigger the provisions of paragraph 7 below.  "Joinders" to objections will also be deemed a nullity if such "joinders" are not filed and served on or before the Objection Date.

7. If no timely Objection is filed and served with respect to a Monthly Statement, then, without further order of the Court, the Trustee may pay the Professionals submitting such statement the amount of 80% of the fees and out-of-pocket expenses requested in the Monthly Statement. Any and all such payments shall be on an interim basis and subject to the filing of interim and final fee applications.

8. If a timely Objection is filed and served with respect to a Monthly Statement, then the objecting party and the Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a consensual resolution of the Objection, the Professional may either: (i) set the matter for hearing with the Court, on not less than fourteen (14) days' notice to each of the Recipients; or (ii) forego payment of the disputed amount until the next interim or final fee application hearing, at which time the Court will consider and resolve the Objection.

9. Pending resolution of any timely Objection, the Trustee may pay the affected Professional the lesser of: (a) 80% of the fees and 100% of the expenses requested in the Monthly Statement and (b) the aggregate amount of fees and expenses requested in the monthly statement as to which no timely objection was made.

10. In accordance with Section 331 and applicable rules and guidelines, each of the Professionals shall file with the Court and serve on all parties identified in paragraph 3 above (and on such parties as may be required by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), an application for Court approval of interim compensation and reimbursement of expenses (including the twenty percent (20%) held back from the payment of Monthly Statements), for the period dating back to the last application for Court approval of interim compensation and reimbursement of expenses and not more frequently than every 120 days.

11.     The pendency of an Objection to payment of compensation or reimbursement of expenses requested by a Professional in a particular Monthly Statement or Interim Fee Application shall not prevent such Professional from receiving payment of fees and expenses pursuant to future Monthly Statements served in accordance with the procedures set forth above, except as otherwise ordered by the Court;

12.     Neither the payment of, nor the failure of any Recipient to serve a Notice of Objection to Fee Statement, in whole or in part, shall in any way act as a waiver of the right to later object or otherwise bind any party-in-interest or the Court with respect to the subsequent consideration of the interim or final allowance of fees and expenses of any Professional.

13.     The procedures set forth above are optional and need only be followed if a Professional is seeking monthly compensation.

#####

Date: December 10, 2019

*Martin R. Barash*
Martin R Barash
United States Bankruptcy Judge

1567364.1  26932

4