1 | ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
2 | AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
3 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
4 | Los Angeles, California 90067-6006
Telephone:   (310) 277-0077
5 | Facsimile:    (310) 277-5735

6 | Attorneys for Michael A. McConnell,
Chapter 11 Trustee
7 |

8 |             **UNITED STATES BANKRUPTCY COURT**

9 |             **CENTRAL DISTRICT OF CALIFORNIA**

10 |                   **NORTHERN DIVISION**

11 |

12 | In re                                    Case No.: 9:19-bk-11573-MB

13 | HVI CAT CANYON, INC.,                    Chapter 11

14 |         Debtor.                          **TRUSTEE'S NOTICE OF MOTION AND
                                             MOTION FOR ORDER AUTHORIZING**
15 |                                         **THE REJECTION OF
                                             ADMINISTRATION AGREEMENT**
16 |                                         **WITH GIT, INC.; MEMORANDUM OF
                                             POINTS AND AUTHORITIES,**
17 |                                         **DECLARATION OF MICHAEL A.
                                             MCCONNELL AND REQUEST FOR**
18 |                                         **JUDICIAL NOTICE IN SUPPORT
                                             THEREOF**
19 |

20 |                                         Date:    January 17, 2020
                                             Time:    10:00 a.m.
21 |                                         Place:   Courtroom 201
                                                      1415 State Street
22 |                                                  Santa Barbara, California

23 |

24 |

25 |

26 |

27 |

28 |

1570848.1  26932

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................3

I. BACKGROUND FACTS ...................................................................................................................3

    A.    The Bankruptcy Case.................................................................................................................3

    B.    The Administrative Services Agreement...................................................................................3

    C.    The Debtor's Motion to Assume the Administration Agreement .............................................4

    D.    CAP's Failures to Pay the Debtor.............................................................................................4

    E.    The Trustee's Prior Rejection Motions.....................................................................................5

    F.    Requested Relief........................................................................................................................5

II. ARGUMENT ....................................................................................................................................6

    A.    THE COURT SHOULD AUTHORIZE THE TRUSTEE TO REJECT THE
            ADMINISTRATION AGREEMENT ......................................................................................6

III. CONCLUSION................................................................................................................................8

DECLARATION OF MICHAEL A. MCCONNELL...............................................................................9

REQUEST FOR JUDICIAL NOTICE .................................................................................................12

1570848.1  26932

i

**PLEASE TAKE NOTICE** that on January 17, 2020, at 10:00 a.m., Michael A. McConnell, the Chapter 11 trustee (the "Trustee") for the estate of HVI Cat Canyon, Inc. (the "Debtor"), hereby moves (the "Motion") for an order authorizing the Trustee to reject that certain Amended and Restated General & Administrative Services Agreement, purportedly entered into on August 1, 2009, by and between the Debtor and GIT, Inc. ("GIT"), as amended, including, most recently on July 1, 2019, and all amendments (collectively, the "Administration Agreement"). The Trustee requests that the rejection be effective as of December 31, 2019. Out of an abundance of caution, the Trustee also requests that the Court confirm that the Administration Agreement and any amendments are also terminated as of December 31, 2019.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Michael A. McConnell and the Request for Judicial Notice, the papers and pleadings on file in this case, and such other evidence that may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(a)(7), any opposition to the Motion must be in writing in the format required by the Local Bankruptcy Rules, filed with the Clerk of the Court and served upon counsel for the Trustee, at the address in the upper left corner of the face of this Notice, upon the United States Trustee, 1415 State Street, Suite 148, Santa Barbara, California 93101, not less than fourteen (14) days before the hearing. Failure to comply with this procedure may be deemed consent to the granting of the relief requested.

DATED: December 24, 2019          DANNING, GILL, ISRAEL & KRASNOFF, LLP


By: _____
          AARON E. DE LEEST
          Attorneys for Michael A. McConnell,
          Chapter 11 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND FACTS

### A.    The Bankruptcy Case

The Debtor is a Colorado corporation authorized to conduct business in the State of California. It is the owner and operator of producing oil and gas wells in California. The wells are located in Santa Barbara County, Orange County and Kern County.

On July 25, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The case was originally filed in the Southern District of New York. The case was transferred to the Northern District of Texas, and then later to the Central District of California.

On or about August 9, 2019, an Official Creditor's Committee was appointed.

The Debtor initially operated its business as a "debtor in possession," until on or about October 16, 2019, when the Court entered its Agreed Order Granting Motion for Appointment of a Chapter 11 Trustee.

On or about October 22, 2019, the Court approved the appointment of Michael A. McConnell as the Chapter 11 trustee in this case.

### B.    The Administrative Services Agreement

The Debtor's schedule G *(docket no. 171)* reflects that it is a party to certain executory contracts and unexpired leases with a number of entities, including its affiliate GIT, Inc. ("GIT"). A copy of the Debtor's schedule G is attached as Exhibit "1" to the Request for Judicial Notice.

The Debtor and GIT are parties to that certain Amended and Restated General & Administrative Services Agreement, purportedly entered into on August 1, 2009, as amended, including, most recently on July 1, 2019, and all amendments (collectively, the "Administration Agreement"). A copy of the Administration Agreement is attached as Exhibit "2" to the Trustee's Declaration.

///

1     Pursuant to the Administration Agreement, GIT provides "general and administrative

2  services, including, without limitation, legal, financing, accounting, administrative / human

3  resources, insurance, IT, compliance / safety, land management including buy/sell transactions, and

4  other services" to Debtor. *See* Exhibit "2." However, legal bills of attorneys representing affiliates

5  have been added onto the GIT bills, and most of a hefty salary of Randeep Grewal and Ernest

6  Oliveras were included.  The latter are officers of the Debtor, and the Debtor did not comply with

7  the procedures to compensate insiders.  In addition, pre-petition bills were included the GIT bills.

8

9  **C.     The Debtor's Motion to Assume the Administration Agreement**

10     On or about July 30, 2019, the Debtor filed the *Motion of Debtor Pursuant to 11 U.S.C.*

11  *§ 365(A), Fed. R. Bankr. P. 6003(C) and 6006 and Local Rule 6006-1 for Entry of Order*

12  *Authorizing Assumption of Administration Agreement with GIT, Inc., Nunc Pro Tunc to the Petition*

13  *Date* (*docket no. 14*) (the "Assumption Motion").  A copy of Administration Agreement was

14  attached to the Assumption Motion collectively as Exhibit "B."  The Assumption Motion was not

15  approved by the Court.

16     In fact, the final order approving the *Debtor's Motion Pursuant to 11 U.S.C. §§ 105(A),*

17  *363(B), and 363(C) and Fed. R. Bankr. P. 6003 and 6004 For (I) Interim and Final Authority to*

18  *(A) Continue Existing Cash Management System, (B) Honor Certain Prepetition Obligations*

19  *Related Thereto, and (C) Maintain Business Forms and Existing Bank Accounts and (II) Related*

20  *Relief* (*docket no. 16*) (the "Cash Management Motion"), entered on October 21, 2019 (*docket no.*

21  *416*), specifically provides and ordered that "nothing contained in the Motion, the Interim Order,

22  this Final Order, or any payment made pursuant to the authority granted by this Final Order, is

23  intended to be or shall be construed as . . . (iii) approval or assumption of any agreement, contract,

24  program, policy, or lease under section 365 of the Bankruptcy Code." *See* docket no. 416 at pg. 7.

25

26  **D.     CAP's Failures to Pay the Debtor and Wrongful Setoffs**

27     Since the Petition Date, the Debtor's affiliate California Asphalt Production, Inc. ("CAP"),

28  which operates a certain refinery in Santa Maria, California, has failed to pay the Debtor in full for

1570848.1 26932                                    4

1   the crude oil delivered by the Debtor to CAP and has purported to set off pre-petition and post-

2   petition amounts owed by the Debtor to CAP against amounts owed by CAP to the Debtor.  CAP

3   has also purported to set off amounts owed by CAP to the Debtor for amounts the Debtor

4   purportedly owes to the Debtor's other affiliates, GIT and GTL1 ("GTL1").  The latter "triangular

5   setoffs" have included payments to attorneys and insiders in violation of the Bankruptcy Code.

6

7   **E.    The Trustee's Prior Rejection Motions**

8           On or about November 27, 2019, in an effort to disentangle the Debtor from its contractual

9   relationships with its affiliates, among other reasons, the Trustee filed a *Motion for Order*

10  *Authorizing the Rejection of Oil Purchase Contracts (Contract No. COP-003 for Belridge Crude*

11  *Oil and All Amendments and Contract No. COP-004 for Richfield Heavy Crude Oil and All*

12  *Amendments) with California Asphalt Production, Inc., formerly known as Santa Maria Refining*

13  *Co. and Greka Refining Company (docket no. 573)* (the "First Rejection Motion").

14          In addition, on or about December 4, 2019, the Trustee filed a *Motion for Order*

15  *Authorizing the Rejection of All Contracts and Agreements with California Asphalt Production,*

16  *Inc., Formerly Known as Santa Maria Refining Co. and Greka Refining Company, and GTL1, LLC,*

17  *Not Previously Included in Prior Motion to Reject (Docket No. 573) (docket no. 586)* (the "Second

18  Rejection Motion").  The First Rejection Motion and Second Rejection Motion sought to reject all

19  the contracts and agreements between the Debtor and its affiliates CAP and GTL1.

20          Pursuant to the Court's order shortening time, entered on or about December 5, 2019

21  *(docket no. 590)*, the Court heard both the First Rejection Motion and Second Rejection Motion on

22  December 10, 2019, at 11:00 a.m., at which time the Court granted the motions.  The Court's

23  orders granting the First Rejection Motion and Second Rejection Motion were entered on or about

24  December 11, 2019 *(docket nos. 612 and 613)*.

25

26  **F.    Requested Relief**

27          As discussed below, the Trustee now seeks authority to reject the Administration

28  Agreement between the Debtor and GIT, and all amendments thereto.  The Trustee also requests

1570848.1 26932                                5

1  that the Court confirm that the Administration Agreement is also terminated.

2

3                                                 II.

4                                          ARGUMENT

5  A.    THE COURT SHOULD AUTHORIZE THE TRUSTEE TO REJECT THE

6         ADMINISTRATION AGREEMENT

7         Section 365(a) of the Bankruptcy Code provides in relevant part that, with certain

8  exceptions under sections 765 and 766 and sections 365(b), (c), and (d) (all of which are

9  inapplicable here), the Trustee, subject to the Court's approval, may reject any executory contract

10  or unexpired lease of the debtor.  11 U.S.C. § 365(a).

11        Rule 6006(a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that a

12  proceeding to reject an executory contract or unexpired lease is governed by Fed. R. Bankr. P.

13  9014. Rule 6006(c) provides, in relevant part, that notice of a motion to reject a lease must be

14  given to the other party to the contract or lease, other parties in interest as the Court may direct, and

15  the United States Trustee.

16        The Bankruptcy Code does not set forth explicit guidelines for courts to apply in

17  determining whether to approve the decision of a trustee to reject an executory contract or

18  unexpired lease.  Courts generally have applied the "business judgment" test when reviewing such

19  decisions.  *See, e.g., Group of Institutional Investors v. Chicago, Mil., St. P.& P.R.R.*, 318 U.S.

20  523, 550 (1943); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir.

21  1985), *cert. den.*, 475 U.S. 1057 (1986); *In re Richmond Metal Finishers, Inc.*, 756 F.2d 1043,

22  1046-47 (4th Cir. 1985); *In re Minger*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Tilco, Inc.*, 558 F.2d

23  1369, 1372 (10th Cir. 1977).  In *Group of Institutional Inv. v. Chicago, MIL., St. P.& P.R.R.*, the

24  Supreme Court addressed the issue of the standards involving the assumptions of executory

25  contracts or unexpired leases, and stated that "the question whether a lease should be rejected and if

26  not on what terms it should be assumed is one of business judgment." *Group of Institutional Inv. v.*

27  *Chicago, Mil., St. P.& P.R.R.*, 318 U.S. at 550.

28  ///

1570848.1  26932                                         6

1    As the above authorities state, a trustee is granted wide latitude in determining whether to

2 assume or reject an unexpired lease or executory contract. "In any event, court approval under

3 Section 365(a), if required, except in extraordinary situations, should be granted as a matter of

4 course." *In re Summit Land Company*, 13 B.R. 310, 315 (Bankr. D. Utah 1981). The Court in

5 *Summit* explained that this rule, among other things, not only places responsibility for

6 administering the estate upon the trustee, not the court, and therefore furthers the policy of judicial

7 independence considered vital by the authors of the Bankruptcy Code, but also expedites the

8 administration of estates, another goal of the Bankruptcy Code. *Id.*

9    The Trustee's decision to reject the Administration Agreement is a sound exercise of his

10 business judgment. In particular, the Trustee has located a lower cost service provider for the

11 general and administrative services GIT was providing to the Debtor. The Trustee has already

12 begun the transition to the new provider, and GIT will remain in place until December 31, 2019.

13 This transitionary period will aid in closing out the books for the year 2019. The Trustee has also

14 already rejected the agreements and contracts between the Debtor and its other affiliates -- CAP

15 and GTL1 and believes, in his business judgment, that it is appropriate to reject the Administration

16 Agreement with GIT to complete the Debtor's disentanglement from its affiliates. As set forth in

17 the First Rejection Motion and the Second Rejection Motion, CAP purported to set off amounts

18 owed by CAP to the Debtor for amounts the Debtor purportedly owes to the Debtor's other

19 affiliates GIT and GTL1.

20    Finally, because rejection itself does not terminate the Debtor's agreement with GIT,[1] the

21 Trustee requests that the Court confirm that the Administration Agreement with GIT is terminated

22 effective as of December 31, 2019. To the extent that any written notice is required under the

23 Administration Agreement, the Trustee intends this Motion to constitute such notice.

24

25

26 _____

27 [1] *E.g. In re Austin Development Co.*, 19 F.3d 1077, 1082 (5th Cir. 1994) (rejection breaches rather
than terminates the contract), cert. denied, 115 S. Ct. 201 (1994); *In re Continental Airlines*, 981
F.2d 1450, 1459-61 (5th Cir. 1993) (rejection does not invalidate or extinguish contract).

28

## III.

## CONCLUSION

For the foregoing reasons, the Trustee requests that the Court enter the order authorizing the Trustee to reject the Administration Agreement, effective as of December 31, 2019, and determining that the Administration Agreement is affirmatively terminated as of that date. The Trustee also requests such other and further relief as is just and proper under the circumstances.

DATED: December 24, 2019          DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: _____
    AARON E. DE LEEST
    Attorneys for Michael A. McConnell,
    Chapter 11 Trustee

## DECLARATION OF MICHAEL A. MCCONNELL

I, Michael A. McConnell, declare as follows:

1.      I am over eighteen years of age, and I have personal knowledge of the facts in this declaration and, if called as a witness, could testify competently that the facts stated in this declaration are true and correct to the best of my knowledge and information.

2.      I am the Chapter 11 Trustee of the Bankruptcy Estate of HVI Cat Canyon, Inc. (the "Debtor").

3.      The Debtor is a Colorado corporation authorized to conduct business in the state of California. It is the owner and operator of producing oil and gas interests in California. The wells are located in Santa Barbara County, Orange County, and Kern County. The Debtor is producing about 1,000 barrels of oil per day and only has storage for about one week of oil production.

4.      On or about October 22, 2019, the Court approved my appointment as the Chapter 11 trustee in this case.

5.      The Debtor's schedule G reflects that it was a party to certain executory contracts and unexpired leases with a number of entities, including its affiliate GIT, Inc. ("GIT").

6.      On or about July 30, 2019, the Debtor filed the *Motion of Debtor Pursuant to 11 U.S.C.\§ 365(A), Fed. R. Bankr. P. 6003(C) and 6006 and Local Rule 6006-1 for Entry of Order Authorizing Assumption of Administration Agreement with GIT, Inc., Nunc Pro Tunc to the Petition Date (docket no. 14)* (the "Assumption Motion"). A copy of Administration Agreement was attached to the Assumption Motion collectively as Exhibit "B," a true and correct copy of which is attached hereto as Exhibit "2". The Assumption Motion was not approved by the Court.

7.      In fact, the final order approving the *Debtor's Motion Pursuant to 11 U.S.C. §§ 105(A), 363(B), and 363(C) and Fed. R. Bankr. P. 6003 and 6004 For (I) Interim and Final Authority to (A) Continue Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Business Forms and Existing Bank Accounts and (II) Related Relief (docket no. 16)* (the "Cash Management Motion"), entered on October 21, 2019 *(docket no. 416)*, specifically provides and ordered that "nothing contained in the Motion, the Interim Order, this Final Order, or any payment made pursuant to the authority granted by this

1  Final Order, is intended to be or shall be construed as ... (iii) approval or assumption of any

2  agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code." *See*

3  docket no. 416 at pg. 7.

4       8.    Based on my review of the Administration Agreement and knowledge of its

5  operations, the Debtor was using GIT for its back office general and administrative services,

6  including, as set forth in the Administration Agreement for its legal, financing, accounting,

7  administrative / human resources, insurance, IT, compliance / safety, land management including

8  buy/sell transactions, and other services.  However, legal bills of attorneys representing affiliates

9  have been added onto the GIT bills, and most of a hefty salary of Randeep Grewal and Ernest

10  Oliveras were included.  The latter are officers of the Debtor, and the Debtor did not comply with

11  the procedures to compensate insiders.  In addition, pre-petition bills were included the GIT bills.  I

12  believe, in my business judgment, that it is appropriate to reject the Administration Agreement with

13  GIT.  I have located a lower cost service provider for the general and administrative services that

14  GIT was providing to the Debtor.  I have already begun the transition to the new provider and GIT

15  will remain in place until December 31, 2019.

16       9.    I have also already rejected the agreements and contracts between the Debtor and its

17  other affiliates California Asphalt Production, Inc. ("CAP"), which operates a certain refinery in

18  Santa Maria, California, and purchased the Debtor's oil, and GTL1, LLC, which provided trucking

19  and equipment to the Debtor.

20       10.    Since the Petition Date, the Debtor's affiliate CAP purported to set off pre-petition

21  and post-petition amounts owed by the Debtor to CAP against amounts owed by CAP to the

22  Debtor.  CAP also purported to set off amounts owed by CAP to the Debtor for amounts the Debtor

23  purportedly owes to the Debtor's other affiliates GIT and GTL1, LLC.  The latter "triangular

24  setoffs" have included payments to attorneys and insiders in violation of the Bankruptcy Code.

25       11.    I believe, in my business judgment, that it is appropriate to also now reject and

26  terminate the Administration Agreement with GIT to complete the Debtor's disentanglement from

27  its affiliates.

28

1570848.1 26932

10

1      I declare under penalty of perjury under the laws of the United States that the foregoing is

2 true and correct to the best of my knowledge, information and belief.

3      Executed on December 24th, 2019 at Fort Worth, Texas.

4

5

6

7     MICHAEL A. MCCONNELL

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1570848.1  26932

11

## REQUEST FOR JUDICIAL NOTICE

Michael A. McConnell, the Chapter 11 trustee (the "Trustee") for the estate of HVI Cat Canyon, Inc. (the "Debtor"), requests that the Court take judicial notice of the following:

1.     On July 25, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.

2.     The Debtor filed its petition in the Southern District of New York.  The case was transferred to the Northern District of Texas, and then later to the Central District of California.

3.     The Debtor initially operated its business as a "debtor in possession."

4.     On or about July 30, 2019, the Debtor filed the *Motion Of Debtor Pursuant to 11 U.S.C. §§ 105(A), 363(B), and 363(C) and Fed. R. Bankr. P. 6003 and 6004 For (I) Interim and Final Authority to (A) Continue Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Business Forms and Existing Bank Accounts and (II) Related Relief (docket no. 16)* (the "Cash Management Motion").

5.     On or about August 9, 2019, an Official Creditor's Committee was appointed.

6.     On or about September 9, 2019, the Debtor filed its schedule G *(docket no. 171)*, which includes the Debtor's interests as a lessee in numerous surface leases, and other types of leases.  A true and correct copy of the Debtor's Schedule G is attached hereto as Exhibit "1."

7.     On or about October 16, 2019, the Court entered its Agreed Order Granting Motion for Appointment of a Chapter 11 Trustee.

8.     On October 21, 2019 *(docket no. 416)*, the Court entered the final order approving the Cash Management Motion, which specifically ordered that "nothing contained in the [Cash Management] Motion, the Interim Order, this Final Order, or any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as . . . (iii) approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code." *See* docket no. 416 at pg. 7.

9.      On or about October 22, 2019, the Court approved the appointment of Michael A. McConnell as the Chapter 11 trustee in this case.

10.      On or about November 27, 2019, at about 2:30 p.m., the Trustee filed a *Motion for Order Authorizing the Rejection of Oil Purchase Contracts (Contract No. COP-003 for Belridge Crude Oil and All Amendments and Contract No. COP-004 for Richfield Heavy Crude Oil and All Amendments) with California Asphalt Production, Inc., formerly known as Santa Maria Refining Co. & Greka Refining Company (docket no. 573).*

11.      On or about December 4, 2019, the Trustee filed a *Motion for Order Authorizing the Rejection of All Contracts and Agreements with California Asphalt Production, Inc., Formerly Known as Santa Maria Refining Co. and Greka Refining Company, and GTL1, LLC, Not Previously Included in Prior Motion to Reject (Docket No. 573) (docket no. 586)* (the "Second Rejection Motion").

12.      Pursuant to the Court's order shortening time, entered on or about December 5, 2019 *(docket no. 590)*, the Court heard the First Rejection Motion and Second Rejection Motion on December 10, 2019, at 11:00 a.m., at which time the Court granted the motions.  The Court's orders granting the First Rejection Motion and Second Rejection Motion were entered on or about December 11, 2019 *(docket nos. 612 and 613)*.

DATED:  December 24, 2019          DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: _____
AARON E. DE LEEST
Attorneys for Michael A. McConnell,
Chapter 11 Trustee

EXHIBIT 1

**Fill in this information to identify the case:**

Debtor name ___HVI Cat Canyon, Inc.___

United States Bankruptcy Court for the: ___Northern___    District of ___TX___
(State)

Case number (If known): ___19-32857___    Chapter ___

☐ Check if this is an
amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases** | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | See attachment |
| | State the term remaining | |
| | List the contract number of any government contract | |

| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |

| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |

| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |

| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | |
| | State the term remaining | |
| | List the contract number of any government contract | |

014     EXHIBIT    1

Case 9:19-bk-11573-MB    Doc 171    Filed 09/09/19    Entered 09/09/19 08:34:12    Desc
Main Document      Page 270 of 316

Debtor: HVI Cat Canyon, Inc.

Case number (if known) 19-32357

Attachment to Schedule G
(Page 1 of 2)

| No. | Site reference | Description of contract or lease | Nature of HVI's interest in the contract or lease | Term remaining | Government contract No. # | Counterparty name | Counterparty address (1) |
|---|---|---|---|---|---|---|---|
| 2.1 | Santa Barbara County, CA | Crude Oil sales | Seller | 5/31/2020, evergreen | | California Asphalt Production, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.2 | Santa Barbara County, CA | BSM/Crude Oil delivery | Seller | evergreen | | California Asphalt Production, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.3 | Santa Barbara County, CA | Waste Gas delivery | Transferor | evergreen | | California Asphalt Production, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.4 | Santa Barbara County, CA | LCR supply | Buyer | evergreen | | California Asphalt Production, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.5 | Santa Barbara County, CA | Hot Lead supply | Buyer | evergreen | | California Asphalt Production, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.6 | Kern County, CA | Crude Oil sales | Seller | evergreen | | California Asphalt Production, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.7 | Kern County, CA | Gas sales | Seller | evergreen | | Aera Energy LLC | 10000 Ming Ave., Bakersfield, CA 93311; |
| 2.8 | Santa Barbara County, CA | Crude Oil sales | Seller | evergreen | | California Asphalt Production, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.9 | | Oil & Gas well bond | Principal | evergreen | | Fidelity & Deposit Company of Maryland | PO Box 1227, Baltimore, MD 21203 |
| 2.10 | | Surety bond | Principal | evergreen | | Fidelity & Deposit Company of Maryland | PO Box 1227, Baltimore, MD 21203 |
| 2.11 | | Liability, umbrella insurance | Insured | 12/1/2019 | | Markel International Insurance Company Limited | c/o JH Blades, 320 Oak Blvd., Suite 250, Houston, TX 77027 |
| 2.12 | | Property insurance | Insured | 12/1/2019 | | Lloyd's London | c/o Worldwide Facilities, LLC, 6 Greenway Plaza, Suite 404, Houston, TX 77046 |
| 2.13 | | Workers Compensation | Insured | 12/1/2019 | | State Compensation Insurance Fund | PO Box 8192, Pleasanton, CA 94588 |
| 2.14 | | Insurance premium finance | Insured | | | South Bay Acceptance Corp. | PO Box 639299, Cincinnati, OH 45263 |
| 2.15 | | Settlement / Escrow | Depositor | | | Unocal | c/o Todd Unterwerth, 6001 Bollinger Canyon Rd., San Ramon, CA 94583 |
| 2.16 | | Settlement / Escrow | Depositor | | | Reetz Fox Bartlett, LLP | 116 E. Sola St., Santa Barbara, CA 93101; |
| 2.17 | | G&A services | Client | | | GIT, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.18 | | Tax Sharing | Member | while in tax group | | GIT, Inc. | PO Box 5489, Santa Maria, CA 93456 |
| 2.19 | | Settlement / Installment contract | Payor | 16 installments | | West Coast Welding | 2201 Celsius Avenue, Building B, Oxnard, CA 93030 |
| 2.20 | Orange County, CA | UPA Agreement/disclosure | Operator/Working Interest Owner | included in Schedule E/F | | Included in Schedule E/F | |
| 2.21 | Orange County, CA | Unit Operating Agreement | Operator/Working Interest Owner | held by production / held by Unit Agreement | | Included in Schedule E/F | |
| 2.22 | Kern County, CA | Facility Air Permit To Operate | Permittee | | | San Joaquin Valley Air Pollution Control District | 34946 Flyover Court, Bakersfield, CA 93308 |
| 2.23 | Kern County, CA | Commercial Modular Registration | Permittee | | | Department of Housing & Community Development | 2700 M Street, Suite 250, Bakersfield, CA 93301-2370 |
| 2.24 | Kern County, CA | Generation of Haz Waste EPA-ID | Permittee | | | Department of Toxic Substance Control | PO Box 806, Sacramento, CA 95812-0806 |
| 2.25 | Kern County, CA | Approvals/Project Permits To Conduct Well Operations | Permittee | | | Department of Conservation Division Of Oil, Gas and Geothermal Resources | 801 K St., MS 24-03, Sacramento, CA 95814 |
| 2.26 | Kern County, CA | Permit To Operate Regulated Materials | Permittee | | | Public Health Services Environmental Health Div. | 2700 M Street, Suite 300, Bakersfield, CA 93301-2370 |
| 2.27 | Orange County, CA | Crude Oil Wells (5-28) | Permittee | | | South Coast Air Quality Management District | 21865 Copley Drive, Diamond Bar, CA 91765 |
| 2.28 | Orange County, CA | Facility Air Permit To Operate | Permittee | | | South Coast Air Quality Management District | 21865 Copley Drive, Diamond Bar, CA 91765 |
| 2.29 | Orange County, CA | Oil Storage Tanks Business License | Permittee | | | City of Placentia | 401 E. Chapman, Placentia, CA 92870 |
| 2.30 | Orange County, CA | Oil Wells Business Certificate | Permittee | | | City of Yorba Linda | 4845 Casa Loma Ave., Yorba Linda, CA 92886 |
| 2.31 | Orange County, CA | Fire Authority Permit | Permittee | | | Orange County Fire Authority | 1 Fire Authority Road, Irvine, CA 92602 |
| 2.32 | Orange County, CA | Approvals/Project Permits To Conduct Well Operations | Permittee | | | Department of Conservation Division Of Oil, Gas and Geothermal Resources | 801 K St., MS 24-03, Sacramento, CA 95814 |
| 2.33 | Orange County, CA | Generation of Haz Waste EPA-ID | Permittee | | | Department of Toxic Substance Control | PO Box 806, Sacramento, CA 95812-0806 |
| 2.34 | Orange County, CA | CUPA Haz Mat Disclosure | Permittee | | | Orange County Health Care Agency | 1241 East Dyer Rd., Suite 120, Santa Ana, CA 92705 |
| 2.35 | Orange County, CA | Permit To Operate Air Pressure Tank | Permittee | | | State of California DOSH | 1515 Clay St., Suite 1302, Oakland, CA 94612 |
| 2.36 | Orange County, CA | Permit To Operate Air Pressure Tank | Permittee | | | State of California DOSH | 1515 Clay St., Suite 1302, Oakland, CA 94612 |
| 2.37 | Orange County, CA | Permit To Operate Air Pressure Tank | Permittee | | | State of California DOSH | 1515 Clay St., Suite 1302, Oakland, CA 94612 |
| 2.38 | Orange County, CA | Permit To Operate Air Pressure Tank | Permittee | | | State of California DOSH | 1515 Clay St., Suite 1302, Oakland, CA 94612 |
| 2.39 | Santa Barbara County, CA | Electrical Maintenance Permit | Permittee | | | Santa Barbara County Building & Safety Division | 123 E. Anapamu Street, Santa Barbara, CA 93101; |
| 2.40 | Santa Barbara County, CA | Storm Water Permit/Waste Pile Management Facility/Road Projects | Permittee | | | Central Coast Regional Water Quality Control Board | 895 Aerovista Place, Suite 101, San Luis Obispo, CA 93420-7906 |
| 2.41 | Santa Barbara County, CA | Generation of Haz Waste EPA-ID | Permittee | | | Department of Toxic Substance Control | PO Box 806, Sacramento, CA 95812-0806 |
| 2.42 | Santa Barbara County, CA | Annual Hazardous Materials Permit | Permittee | | | Santa Barbara County Environmental Health Services | 2125 S. Centerpointe Parkway, Suite 333, Santa Maria, CA 93455 |
| 2.43 | Santa Barbara County, CA | Hot Work Permit / Facility Fire Permit | Permittee | | | Santa Barbara County Fire Department | 4410 Cathedral Oaks Rd., Santa Barbara, CA 93110 |
| 2.44 | Santa Barbara County, CA | Unified Program Facility Permit | Permittee | | | Santa Barbara County Hazmat/Environmental Health Services | 2125 S. Centerpointe Parkway, Suite 333, Santa Maria, CA 93455 |
| 2.45 | Santa Barbara County, CA | Permit to Operate Air Pressure Tank | Permittee | | | State of California DOSH | 1515 Clay St., Suite 1302, Oakland, CA 94612 |
| 2.46 | Santa Barbara County, CA | Permit to Operate Air Pressure Tank | Permittee | | | State of California DOSH | 1515 Clay St., Suite 1302, Oakland, CA 94612 |
| 2.47 | Santa Barbara County, CA | Land Use Permit | Permittee | | | Santa Barbara County Planning & Development Dept | 123 E. Anapamu Street, Santa Barbara, CA 93101; |
| 2.48 | Santa Barbara County, CA | Approvals/Project Permits To Conduct Well Operations | Permittee | | | Department of Conservation Division Of Oil, Gas and Geothermal Resources | 801 K St., MS 24-03, Sacramento, CA 95814 |

Case number (if known) 19-32857

Debtor: HVI Cat Canyon, Inc.

Attachment to Schedule G
(Page 2 of 2)

| No. | Site reference | Description of contract or lease | Nature of HV's interest in the contract or lease | Government contract No., if any | Term remaining | Counterparty name | Counterparty address (1) |
|---|---|---|---|---|---|---|---|
| 2.49 | Kern County, CA | License Agreement 9/24/07 | Lessee (Grantee) | | | Aera Energy, LLC | 10000 Ming Ave., Bakersfield, CA 93311 |
| 2.50 | Orange County, CA | Surface Lease 3/1/71, Book 9701, Page 381 | Lessee (Grantee) | | | Frank and Sylvia Boisseranc | 300 W. Paseo De Cristobal, San Clemente, CA 95672 |
| 2.51 | Orange County, CA | Surface Rental Agreement 12/31/71, Book 11958, Page 1473 | Lessee (Grantee) | | | Bugatto | PO Box 8242, Mammoth Lakes, CA 93546 |
| 2.52 | Orange County, CA | Agreement 7/1/72 | Lessee (Grantee) | | | Luis Eschandy | 140 Strata Plaza, Anaheim, CA 92807 |
| 2.53 | Orange County, CA | Agreement 7/1/72 | Lessee (Grantee) | | | Dominique C. Eschandy | 770 W. Town & Country Rd., Orange CA 92868 |
| 2.54 | Orange County, CA | Agreement 7/1/72 | Lessee (Grantee) | | | R.D. Eschanoy Trustee | 315 S. Via Montebano, Anaheim, CA 92807 |
| 2.55 | Orange County, CA | Agreement 7/1/72 | Lessee (Grantee) | | | State College, LLC | 2345 NW Hayes Ave., Corvallis, OR 97330 |
| 2.56 | Orange County, CA | Grant of Easement and Surface Use 3/2/06, #2000001443928 | Lessee (Grantee) | | | Guarantee Royalties, Inc. and Last Liquidating Assoc. | 4640 Admiralty Way, Suite 700, Marina Del Rey, CA 90292 |
| 2.57 | Orange County, CA | Surface Lease 2/9/71, Boo 10368, Page 53 | Lessee (Grantee) | | | Frederick D. Thomson, Jr. | 824 Avalon Ct., San Diego, CA 92109 |
| 2.58 | Orange County, CA | Surface Lease 2/9/71, Boo 10368, Page 53 | Lessee (Grantee) | | | Leigh T. Medema | 3401 Cascina Circle Unit A, Highlands Ranch, CO 80126 |
| 2.59 | Orange County, CA | Surface Lease 2/9/71, Boo 10368, Page 53 | Lessee (Grantee) | | | Michael McLaughlin | 3840 N. Woodridge Way, Flagstaff, AZ 86004 |
| 2.60 | Orange County, CA | Surface Lease 2/9/71, Boo 10368, Page 53 | Lessee (Grantee) | | | Tim McLaughlin | 1127 Buckingham Dr., #F, Costa Mesa, CA 92626 |
| 2.61 | Orange County, CA | Surface Lease 2/9/71, Boo 10368, Page 53 | Lessee (Grantee) | | | Sean McLaughlin | 17015 Springdale St., Apt. 125, Huntington Beach, CA 93649 |
| 2.62 | Santa Barbara County, CA | Pipeline Lease | Lessee (Grantee) | | | Adam Family Trust | 2101 Sieben Rd., Santa Maria, CA 93456 |
| 2.63 | Santa Barbara County, CA | License Agreement 9/5/2000 | Lessee (Grantee) | | | Orcutt Fee, LLC | 1555 Orcutt Hill Rd., Orcutt, CA 93455 |
| 2.64 | Santa Barbara County, CA | MC-70021 Easement and Right of Way Agreement 12/29/93 | Lessee (Grantee) | | | Marianne Fried | 2053 A Street, Santa Maria, CA 93455 |
| 2.65 | Santa Barbara County, CA | Right of Way Agreement 3/10/94 | Lessee (Grantee) | | | CMT, LLC | 865 Sage Crest Rd., Santa Maria, CA 93555 |
| 2.66 | Santa Barbara County, CA | MC70119 Right of Way Agreement | Lessee (Grantee) | | | Manfred Sander | PO Box 593, Santa Maria, CA 93456 |
| 2.67 | Santa Barbara County, CA | MC6162 Surface Lease | Lessee (Grantee) | | | E&B Natural Resources | 1600 Norris Rd., Bakersfield, CA 93308 |
| 2.68 | Santa Barbara County, CA | Surface Lease Agreement 12/1/95 | Lessee (Grantee) | | | Grundloon, LLC | 620 McMurray Rd., Buellton, CA 93427 |
| 2.69 | Santa Barbara County, CA | Letter of Authorization 8/20/43 | Lessee (Grantee) | | | Morgonri Beach | PO Box 2075, Orcutt, CA 93457 |
| 2.70 | Santa Barbara County, CA | Agreement 12/29/65 | Lessee (Grantee) | | | Paul T. Righetti | PO Box 928165 Dallas, TX 75267 |
| 2.71 | Santa Barbara County, CA | Right of Way Agreement 11/9/001 | Lessee (Grantee) | | | Paul T. Righetti | 7476 Graciosa Rd., Santa Maria, CA 93455 |
| 2.72 | Santa Barbara County, CA | Right of Way Agreement 11/9/001 | Lessee (Grantee) | | | Paul A. Righetti, R. Fowler & Timothy Righetti, Trustees | 7476 Graciosa Rd., Santa Maria, CA 93455 |
| 2.73 | Santa Barbara County, CA | Right of Way Agreement 11/9/001 | Lessee (Grantee) | | | Righetti Family Trust | 7476 Graciosa Rd., Santa Maria, CA 93455 |
| 2.74 | Santa Barbara County, CA | Right of Way Agreement 11/9/001 | Lessee (Grantee) | | | Pyche Oil Company | 7476 Graciosa Rd., Santa Maria, CA 93455 |
| 2.75 | Santa Barbara County, CA | Right of Way Agreement 11/23/92 | Lessee (Grantee) | | | Judy A. Rogers | PO Box 234, Santa Maria, CA 93456 |
| 2.76 | Santa Barbara County, CA | Right of Way Agreement 11/23/92 | Lessee (Grantee) | | | Ronald H. Souza, Jr. | PO Box 234, Santa Maria, CA 93456 |
| 2.77 | Santa Barbara County, CA | Right of Way Agreement 11/23/92 | Lessee (Grantee) | | | Michael J. Souza | PO Box 2337, Orcutt, CA 93457 |
| 2.78 | Santa Barbara County, CA | Right of Way Agreement 11/23/92 | Lessee (Grantee) | | | Ronald James Souza and Sandler | 3028 Sandy Hill Lane, Santa Maria, CA 93455 |
| 2.79 | Santa Barbara County, CA | MC-70033 Right of Way Agreement 5/3/78 | Lessee (Grantee) | | | Bruce & Julie Gordon | 2955 E. Clark Ave., Santa Maria, CA 93455 |
| 2.80 | Santa Barbara County, CA | MC70088 Right of Way Agreement 5/3/78 | Lessee (Grantee) | | | Nodlew, Inc. | PO Box 386, Santa Maria, CA 93456 |
| 2.81 | Santa Barbara County, CA | Right of Way Agreement 11/24/92 | Lessee (Grantee) | | | Jack & Georgette Garvin and George & Catherine Steele | 3501 Telephone Rd., Santa Maria, CA 93454 |
| 2.82 | Santa Barbara County, CA | MC6575-2 Right of Way Agreement 12/19/95 | Lessee (Grantee) | | | Donald and Richard Vincent | 230 Winchester Canyon Rd., Goleta, CA 93117 |
| 2.83 | Santa Barbara County, CA | VO-NW-1 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.84 | Santa Barbara County, CA | VO-NW-6 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.85 | Santa Barbara County, CA | VO-NW-4 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.86 | Santa Barbara County, CA | SXXV.C-6 Amend to ROW | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.87 | Santa Barbara County, CA | MC-70117 ROW Agree | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.88 | Santa Barbara County, CA | MC-6569-1ROW Agree dtd | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.89 | Santa Barbara County, CA | MC-65315 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.90 | Santa Barbara County, CA | MC-65662 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.91 | Santa Barbara County, CA | MC-66559 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.92 | Santa Barbara County, CA | ROW Agreement MC 6561 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.93 | Santa Barbara County, CA | ROW Agreement MC 6574-1 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.94 | Santa Barbara County, CA | ROW Agreement MC-06383 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.95 | Santa Barbara County, CA | MC-6586c | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.96 | Santa Barbara County, CA | SXXV.C-A & 2B | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.97 | Santa Barbara County, CA | ROW Agreement SXXV 57576 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.98 | Santa Barbara County, CA | Shell Letter AgreementMC-66589 | Lessee (Grantee) | | | Bradley Land Company | PO Box 1932, Santa Maria, CA 93456 |
| 2.99 | Santa Barbara County, CA | Lease Agreement 3/1/07 | Tenant | | evergreen | GLX, LLC | 45 Rockefeller Plaza, Suite 2410, New York NY 10111 |
| 2.100 | | | Operator | 12/31/2019 Notice 0011 | | California's Dept. of Conservation, Division Of Oil & Gas | 801 K St., MS 24-03, Sacramento, CA 95814 |
| 2.101 | | Settlement Agreement | Payor | | 12 installments | Hunton Andrews Kurth LLP | 600 Travis Street, Suite 4200, Houston, TX 77002 |
| 2.102 | | Settlement Agreement | Payor | | 3 installments | Brian Corson | 2990 Ucken Place, Templeton, CA 93457 |
| 2.103 | | Settlement Agreement | Payor | | 2 installments | Pacific Petroleum Company | P.O. Box 2646, Orcutt, CA 93457 |

EXHIBIT 2

**AMENDED AND RESTATED**
**GENERAL & ADMINISTRATIVE**
**SERVICES AGREEMENT**

This Amended and Restated General & Administrative Services Agreement ("Agreement") is entered into effective this 1st day of July, 2019 by and between GIT, Inc., a Colorado corporation, ("Consultant") and HVI Cat Canyon, Inc., a Colorado corporation, ("Client"). Consultant and Client shall sometimes be referred to herein, together, as the "Parties".

RECITALS

WHEREAS, the Parties were parties to that certain General & Administrative Services Agreement entered into on April 7, 2011 and effective August 1, 2009 and the First Amendment thereto entered into on February 10, 2015 and effective January 1, 2015 to memorialize the terms and conditions of Consultant providing to Client general and administrative services including, without limitation, legal, financing, accounting, administrative / human resources, insurance, IT, compliance / safety, land management including buy/sell transactions, and other services (the "G&A Services") and Client paying to Consultant consideration for said G&A Services; and

WHEREAS, the Parties desire to amend and restate the terms and conditions related to G&A Services provided by Consultant and the consideration paid by Client therefor.

NOW, THEREFORE, in consideration of the premises and mutual covenants contained herein, the receipt and adequacy of which is hereby mutually acknowledged, the Parties agree as follows:

1. <u>Services.</u> Client continues to retain Consultant to provide G&A Services, and Consultant continues to accept such engagement upon the terms and conditions herein set forth.

2. <u>Term of Agreement</u>. This Agreement shall continue month-to-month subject to cancellation by either party with thirty (30) days' written notice to the other party.

3. <u>Consideration</u>. For Consultant's time and costs expended in providing the G&A Services described herein, Client agrees to pay monthly to Consultant the total general and administrative expenses actually incurred by Consultant on Client's behalf in the prior month. At the end of the following month, the total general and administrative expenses actually incurred by Consultant shall be allocated to Client based upon Client's number of employees during said prior month in addition to any expenses incurred on Client's behalf.

4. <u>Consultant as independent contractor</u>. Consultant is an independent contractor and is not an employee, partner, or joint venturer of Client for any purpose, and in its capacity as an independent contractor, Consultant has no fiduciary obligation, expressed or implied, with regard to Client. Consultant shall have no authority to bind Client without Client's express written consent. Except as otherwise provided herein, Consultant shall control the time, location and manner of the services that Consultant provides to Client.

5. <u>Taxes</u>. Consultant shall be solely responsible for and shall make proper and timely payment of any withholding or other taxes required by law, and Consultant hereby agrees to indemnify Client against any claims, liabilities or expenses that Client incurs as a result of Consultant's breach of its obligations under this paragraph 5.

EXHIBIT    2

6.  Use of Information. Client will furnish to Consultant such information as Consultant reasonably requests for purposes of providing G&A Services under this Agreement (the "Information"). Client recognizes and confirms that Consultant assumes no responsibility for the accuracy and completeness of the Information and will be using and relying upon the Information (and information available from generally recognized public sources) without assuming responsibility for independent verification or independent evaluation of any of the Information.

7.  Notice. Any request for services may be made in writing or verbally by telephone or meeting. Notwithstanding the foregoing, notices to be given hereunder by either party to the other shall be effectuated in writing either by hand delivery, courier or electronic mail delivery or by mail registered or certified, postage prepaid, with return receipt requested. Notices shall be addressed to the Parties at the addresses set forth below or to such other addresses as either Client or Consultant may designate by written notice to each other.

8.  Attorneys' fees. If either party shall bring an action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs from the unsuccessful party.

9.  Waiver of breach. The waiver by either party to a breach of any provision in this Agreement cannot operate or be construed as a waiver of any subsequent breach by either party.

10. Severability. The invalidity or unenforceability of any particular provision in this Agreement shall not affect the other provisions hereof, and this Agreement shall be construed in all respects as if the invalid or unenforceable provision were omitted.

11. Entire Agreement. Except as otherwise provided herein, this Agreement covers the entire understanding of the Parties as to the provision of services by Consultant, superseding all prior understandings and agreements, and no modifications or amendment of its terms and conditions shall be effective unless in writing and signed by the Parties or their respective duly authorized agents.

12. Counterparts, Signatures. This Agreement may be executed in counterparts, all of which shall be considered one and the same agreement and shall become effective when counterparts have been signed by each party and delivered to the other party. This Agreement, once executed by a party, may be delivered to the other party hereto by facsimile or email transmission of a copy of this Agreement bearing the signature of the party so delivering this Agreement.

13. Headings. The headings of this Agreement are for convenience of reference and shall not form part of, or affect the interpretation of, this Agreement.

14. Governing law. This Agreement shall be interpreted, construed and governed according to the laws of the State of California. The Parties hereto hereby submit to the exclusive jurisdiction of the courts within the County of Santa Barbara with respect to any dispute arising under this Agreement, the agreements entered into in connection herewith or the transactions contemplated hereby or thereby.

15. Successors and assigns. This Agreement shall be binding upon and inure to the benefit of Client's successors and assigns. The Parties hereto agree that this Agreement shall not be assignable by Consultant.

16. Confidentiality. Because this engagement will from time to time involve legal issues relating to active or contemplated litigation to which Client is or may become a party, Consultant will be working closely with and under the direction of Client's legal counsel. Consultant's work will be used by Client's

[INITIALS] [INITIALS]

018

legal counsel in representing Client in such legal matters. Thus, all such work and communications during this engagement shall be treated as confidential, covered by the attorney work product doctrine and subject to the attorney client privilege. Consultant shall not disclose its work product or any communication made during this engagement to any third party without the prior written consent of Client's legal counsel.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date and year first above written.

Consultant:                                    Client:

GIT, INC.                                      HVI CAT CANYON, INC.

By:_____                 By:_____
    Ernesto Olivares, CFO                          Alex G. Dimitrijevic, Pres/COO

019

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING THE REJECTION OF ADMINISTRATION AGREEMENT WITH GIT, INC.; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF MICHAEL A. MCCONNELL AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 24, 2019  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.   SERVED BY UNITED STATES MAIL**: On December 24, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 24, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

BY PERSONAL DELIVERY BY ALSSI ON DECEMBER 26, 2019
The Honorable Martin R. Barash
U.S. Bankruptcy Court
21041 Burbank Blvd., Bin on 1st Floor outside entry to Intake Section
Woodland Hills, CA 91367

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| December 24, 2019 | Beverly Lew | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                               **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

William C Beall on behalf of Creditor GLR, LLC
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission
mscohen@loeb.com, klyles@loeb.com

Alec S DiMario on behalf of Creditor Direct Energy Business Marketing, LLC d/b/a Direct Energy Business
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Alec S DiMario on behalf of Creditor Direct Energy Business, LLC
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

H Alexander Fisch on behalf of Interested Party California Department of Fish & Wildlife
Alex.Fisch@doj.ca.gov

H Alexander Fisch on behalf of Interested Party California Regional Water Quality Control Board, Central Coast
Alex.Fisch@doj.ca.gov

Don Fisher on behalf of Interested Party Interested Party     dfisher@ptwww.com, tblack@ptwww.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee   brian.fittipaldi@usdoj.gov

Gisele M Goetz on behalf of Interested Party Courtesy NEF
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu

Karen L Grant on behalf of Creditor BUGANKO, LLC     kgrant@silcom.com

Ira S Greene on behalf of Interested Party CTS Properties, Ltd.     Ira.Greene@lockelord.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

Brian L Holman on behalf of Creditor Bradley Land Company     b.holman@musickpeeler.com

Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Michael Authur McConnell (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

Razmig Izakelian on behalf of Creditor GIT, Inc.    razmigizakelian@quinnemanuel.com

Alan H Katz on behalf of Interested Party CTS Properties, Ltd.    akatz@lockelord.com

John C Keith on behalf of Creditor California State Lands Commission    john.keith@doj.ca.gov

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company
jkim@friedmanspring.com

Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors
mlitvak@pszjlaw.com

Michael Authur McConnell (TR)    Michael.mcconnell@kellyhart.com

Brian M Metcalf on behalf of Interested Party UBS AG, London Branch    bmetcalf@omm.com

David L Osias on behalf of Creditor Allen Matkins Leck Gamble Mallory & Natsis LLP
dosias@allenmatkins.com,
bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

Darren L Patrick on behalf of Interested Party UBS AG, London Branch
dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party
becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil, Gas &
Geothermal Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal
Reources
mitchell.rishe@doj.ca.gov

Sonia Singh on behalf of Trustee Michael Authur McConnell (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.
dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.co
m

Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the County of
Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.co
m

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch
jtaylor@omm.com

John N Tedford, IV on behalf of Trustee Michael Authur McConnell (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

Salina R Thomas on behalf of Interested Party Courtesy NEF    bankruptcy@co.kern.ca.us

Salina R Thomas on behalf of Interested Party Kern County Treasurer Tax Collector
bankruptcy@co.kern.ca.us

Patricia B Tomasco on behalf of Creditor GIT, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

Fred Whitaker on behalf of Interested Party Eller Family Trust    lshertzer@cwlawyers.com

William E. Winfield on behalf of Attorney Courtesy NEF
wwinfield@calattys.com, scuevas@calattys.com

Richard Lee Wynne on behalf of Interested Party NewBridge Resources, LLC
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

Emily Young on behalf of Creditor Epiq Corporate Restructuring, LLC Claims Agent
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

Aaron E de Leest on behalf of Trustee Michael Authur McConnell (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

## 2. **SERVED BY UNITED STATES MAIL:**

| Debtor | Debtor | Capital Asphalt Production, Inc. |
|---|---|---|
| HVI Cat Canyon, Inc. | HVI Cat Canyon,Inc. | and other affiliates of the Debtor |
| c/o Capitol Corporate Services, Inc. | 630 Fifth Avenue, Suite 2410 | Susan M. Whalen, Esq. |
| 36 S. 18th Avenue, Suite D | New York, NY 10111 | The Law Office of Susan M. Whalen |
| Brighton, CO 80601 | | 2806 Alta St./P. O. Box 938 |
| | | Los Olivos, CA 93441 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**