ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
JOHN N. TEDFORD, IV (State Bar No. 205537)
*jtedford@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Michael A. McConnell,
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re | Case No. 9:19-bk-11573-MB |
| HVI CAT CANYON, INC., | Chapter 11 |
| Debtor. | **NOTICE OF THIRD AMENDMENT TO CREDIT AGREEMENT AND BUDGET AMENDMENT** |
| | [No Hearing Required] |

PLEASE TAKE NOTICE of the Third Amendment to Credit Agreement and Agreed

Budget, a copy of which is attached as Exhibit "1" hereto.

DATED: February 5, 2020                DANNING, GILL, ISRAEL & KRASNOFF, LLP


By: _____
AARON E. DE LEEST
Attorneys for Michael A. McConnell,
Chapter 11 Trustee

1574808.1  26932

EXHIBIT 1

## THIRD AMENDMENT TO CREDIT AGREEMENT

This **THIRD AMENDMENT TO CREDIT AGREEMENT** (the "Amendment"), is made and entered into as of January 31, 2020, by and among **Michael McConnell** ("Trustee"), solely in his capacity as Chapter 11 trustee for the estate of **HVI Cat Canyon, Inc.**, a Colorado corporation ("HVI CC" and, together with Trustee, collectively, "Borrower"), and **UBS AG, Stamford Branch** ("Lender"). Capitalized terms used herein without definition shall have the same meanings herein as set forth in the Credit Agreement (as defined below).

### RECITALS

**WHEREAS**, Borrower and Lender are parties to that certain Credit Agreement dated as of November 8, 2019 (the "Credit Agreement"), as amended by the Amendment to Credit Agreement dated as of December 5, 2019 and the Second Amendment to Credit Agreement (the "Second Amendment") dated as of January 3, 2020; and

**WHEREAS**, as of the date hereof, the parties hereto intend to further amend the Credit Agreement to (i) revise certain defined terms in Section 1.01 of the Credit Agreement, and (ii) make certain other amendments as set forth below.

**NOW**, **THEREFORE**, in consideration of the premises, the covenants, promises and agreements hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

### ARTICLE 1
### ACKNOWLEDGMENTS AND RESERVATION OF RIGHTS

**Section 1.1    Acknowledgment of Defaults**.  Borrower acknowledges and represents that as of the date hereof (a) an Event of Default has occurred under Section 7.01(e) of the Credit Agreement as a result of the failure of monthly sales receipts of Borrower to be at least $750,000 for the months ending November 30, 2019 and December 31, 2019, as required under Section 6.02(l) of the Credit Agreement (the "Monthly Sales Defaults"); (b) an Event of Default has occurred under Sections 7.01(e), 7.01(g)(i)(H) and 7.01(j)(ii) of the Credit Agreement as a result of (i) the incurrence, creation or existence of a claim of Lien against any of Borrower's assets that are *pari passu* with or senior to the claims and Liens of Lender that could reasonably be expected to result in a Material Adverse Effect, (ii) the grant of a security interest in the right to receive income that could reasonably be expected to result in a Material Adverse Effect, (iii) the creation or existence of a Debt or Contingent Obligation that could reasonably be expected to result in a Material Adverse Effect, (iv) Borrower's filing of a motion to effect an order approving an administrative expense claim (other than those specifically referred to in Section 2.04 of the Credit Agreement) that has any priority over, or is *pari passu* with the administrative expense priority of the Obligations in respect of the Chapter 11 case, and (v) the failure to grant Lender a lien on avoidance actions arising under Chapter 5 of the Bankruptcy Code (other than avoidance claims of the estate against any party that is a current or former insider or affiliate of HVI CC and the proceeds of such claims), in violation of Sections 2.04, 6.02(a), 6.02(b), 6.02(g), 7.01(g)(i)(H) and 7.01(j)(ii) of the Credit Agreement (the "Priority and Avoidance Actions Defaults"); (c) an Event of Default has occurred under Section 7.01(h) of the Credit Agreement

002                    EXHIBIT            1

as a result of the Cease & Desist Order issued by the Administrator of the Office of Spill Prevention and Response, dated as of January 17, 2020 (the "Governmental Approval Default", together with the Monthly Sales Defaults and the Priority and Avoidance Actions Defaults, the "Existing Defaults"); (d) Borrower has failed to provide Lender with sufficient evidence that Borrower has complied with the covenant in Section 6.01(d)(vi) of the Credit Agreement (the "Milestone"); (e) no Events of Default other than the Existing Defaults exist under the Credit Agreement; and (f) other than the existence of the Existing Defaults, all of the representations and warranties of Borrower in the Credit Agreement are true and correct in all material respects.

**Section 1.2    Acknowledgment of Authority.**  Borrower acknowledges and represents that (a) the execution and entry of this Amendment by Borrower is within Borrower's powers and has been duly authorized by the Court pursuant to the Second Amendment Order (as defined in the Second Amendment) and (b) no further authorization or approval or other action by, and no notice to or filing with any Person is required for the due execution and entry of this Amendment by Borrower.

**Section 1.3    Reservation of Rights.**  Notwithstanding any Advance made prior to, on or after the date hereof or any provision of this Amendment, (a) Lender is not waiving, and shall not be deemed to have waived, the Existing Defaults, any other Events of Default or any conditions to any Advance (including, without limitation, the conditions set forth in Section 4.02(b) or (c) of the Credit Agreement), (b) the satisfaction of Section 4.1(c) of the Second Amendment shall remain a condition to all future Advances under the Credit Agreement, (c) Lender hereby reserves all of its rights, remedies, and powers under the Credit Agreement and the other Loan Documents, at law, in equity, or otherwise (including, without limitation, the right to impose a default rate of interest with respect to all Obligations, retroactive to the date on which the Existing Defaults occurred or such later date as Lender may determine in its sole discretion), and (d) Borrower agrees that (i) neither the making of any Advance nor the acceptance by Lender of any payments provided for in the Loan Documents shall excuse Borrower from any of its obligations under the Loan Documents and (ii) it will not assert laches, waiver or any other defense to the enforcement of any of the Loan Documents based upon the making of any Advance by Lender during the occurrence of the Existing Defaults or any other Event of Default or the acceptance by Lender of any of the payments provided for in the Loan Documents.

## ARTICLE 2
## AMENDMENTS TO CREDIT AGREEMENT

**Section 2.1    Amendments to Section 1.01: Definitions.**

(a) The definition of "Availability Period" in Section 1.01 of the Credit Agreement is hereby amended and restated as follows:

"Availability Period": The period commencing on the Closing Date and ending on the earlier of (i) February 7, 2020 and (ii) the Maturity Date.

## ARTICLE 3
## AGREED BUDGET

**Section 3.1    Agreed Budget.**    The parties agree and acknowledge that the budget attached hereto as Exhibit A shall constitute the Agreed Budget for all purposes under the Credit Agreement and the other Loan Documents as of the date hereof, subject to further modification in accordance with the terms of the Credit Agreement. Trustee represents and warrants that Trustee is not aware of any information contained in the Agreed Budget which is false or misleading or of any omission of information which causes such Agreed Budget to be false or misleading.

## ARTICLE 4
## CONDITIONS OF LENDING

**Section 4.1    Conditions Precedent.**    The effectiveness of this Amendment is subject to the following conditions precedent:

(a) Lender shall have received the following, in form and substance satisfactory and acceptable to Lender:

  (i)    an executed copy of this Amendment delivered by Borrower to Lender;

  (ii)    such other documents as Lender may reasonably request;

(b) the representations and warranties contained in Section 5.01 of the Credit Agreement are true and correct as though made on and as of the date of this Amendment;

(c) other than the existence of the Existing Defaults, no event or condition has occurred and is continuing, or would result from the making of any Advance, which constitutes an Event of Default or Potential Event of Default;

(d) other than in connection with the existence of the Existing Defaults (including in connection with failure of the Final Borrowing Order to grant a senior priming lien with regard to the Treasurer and Tax Collector of the Country of Santa Barbara, California), no pleading or application shall have been filed in the Court by any party in interest which is not withdrawn, dismissed or denied within ten (10) days after filing seeking (i) to dismiss or convert the Chapter 11 Case to a Chapter 7 case, (ii) the removal of Trustee, or the appointment of an examiner having enlarged powers relating to the operation of the business of Borrower (beyond those set forth under Section 1106(a)(3) and (4) of the Bankruptcy Code) under Section 1106(b) of the Bankruptcy Code, (iii) the granting of a super-priority claim or a Lien *pari passu* or senior to that of Lender granted pursuant to any Collateral Documents, the Interim Borrowing Order or the Final Borrowing Order, (iv) to stay, reverse, vacate, or otherwise modify the Interim Borrowing Order or the Final Borrowing Order without the prior written consent of Lender, or (v) relief from the automatic stay (or any other injunction having similar effect) so as to allow a third party to proceed against any material property or assets of Borrower; and

(e) no order, judgment or decree of any court (including, without limitation, the Court), arbitrator or governmental authority shall purport to enjoin or restrain Lender from making any Advance.

## ARTICLE 5
## MISCELLANEOUS

**Section 5.1    Entire Agreement; Effect on Credit Agreement.**  This Amendment and the Loan Documents and all exhibits hereto and thereto embody the entire agreement between the parties respecting the subject matter hereof and thereof and supersede all prior agreements, proposals, communications and understandings relating to such subject matter.  The terms of the Amendment shall be considered a part of the Credit Agreement as if fully set forth therein. Except as specifically amended by this Amendment, the Credit Agreement and the other Loan Documents shall remain in full force and effect and are hereby ratified and confirmed.  The execution, delivery and performance of this Amendment shall not constitute a waiver of any provision of, or operate as a waiver of any right, power or remedy of, Lender under the Credit Agreement or any of the other Loan Documents.

**Section 5.2    Miscellaneous.**  This Amendment shall be binding upon the parties and their respective successors and assigns.  The section headings are furnished for the convenience of the parties and are not to be considered in the construction or interpretation of this Amendment or the Credit Agreement.  This Amendment may be executed in any number of counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

**Section 5.3    Governing Law.**  The  construction,  validity,  enforcement  and interpretation of this Amendment shall be governed by, and construed in accordance with, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York.

**Section 5.4    No Other Amendments.**  In case of a conflict between the terms of this Amendment and the Credit Agreement, the terms of this Amendment control.  Except as expressly set forth in this Amendment, the terms of the Credit Agreement remain unchanged and in full force and effect.

**Section 5.5.    Final Borrowing Order Controls.**  All of the terms and agreements of the Final Borrowing Order, as supplemented by the Second Amendment Order, are incorporated in this Amendment by reference. In the event of any direct conflict or inconsistency between the provisions of this Amendment and the Final Borrowing Order, the provisions of the Final Borrowing Order, as supplemented by the Second Amendment Order, shall control.

**Section 5.5    Fees and Expenses.**  Without limiting the generality of Section 8.05 of the Credit Agreement, Borrower agrees to pay all reasonable fees and expenses of Lender in connection with this Amendment (including reasonable attorneys' fees and expenses).

[The remainder of this page is left intentionally blank.]

IN WITNESS WHEREOF, the parties have executed this Amendment as of the day and year first above written.

BORROWER:

HVI CAT CANYON, INC.

By: _____

Name: Michael McConnell

Title:   Chapter 11 Trustee for the estate of HVI Cat
         Canyon, Inc.

*[Signature Page to Third Amendment to Credit Agreement]*

**THE LENDER:**

UBS AG, STAMFORD BRANCH

By: _____

Name: Houssem Daly

Title:   Associate Director


By: _____

Name: Kenneth Chin

Title:   Director

*[Signature Page to Third Amendment to Credit Agreement]*

## EXHIBIT A

**AGREED BUDGET**

(See Attached)

| HVI CAT CANYON INC.<br>*WORKING DRAFT* 3-Week Cash Flow Forecast (2-Week DIP Extension)<br>week starting | Actual<br>Week 24<br>6-Jan-20 | Actual<br>Week 25<br>13-Jan-20 | Actual<br>Week 26<br>20-Jan-20 | Forecast<br>Week 27<br>27-Jan-20 | Forecast<br>Week 28<br>3-Feb-20 | 3-Week<br>TOTAL |
|---|---|---|---|---|---|---|
| Beginning Cash Balance | 665,361 | 958,288 | 351,648 | 19,079 | - | 351,648 |
| **1  Cash Inflows (*)** | | | | | | |
| SMV | - | - | - | - | - | |
| Redu | - | - | 57,234 | - | - | 57,234 |
| Belridge | - | - | 97,360 | - | - | 97,360 |
| Other | - | 62,714 | 7,385 | - | - | 7,385 |
| **Total Cash Inflows** | - | 62,714 | 161,979 | - | - | 161,979 |
| 2  Royalties | - | - | (24,842) | - | - | (24,842) |
| 3  Escrow Royalties(**) | - | - | (4,777) | - | - | (4,777) |
| **Total Net Cash Inflows** | - | 62,714 | 132,360 | - | - | 132,360 |
| **Cash Outflows** | | | | | | |
| **Operating Expenses** | | | | | | |
| Payroll Checks | - | 73,008 | - | 76,000 | - | 76,000 |
| 4  Payroll Taxes | - | 27,044 | 28,303 | 26,000 | 26,000 | 80,303 |
| Garnishment & Child Supports | - | - | 3,500 | 500 | - | 4,000 |
| 5  Surface Rents | 11,956 | 5,625 | - | 94,111 | - | 94,111 |
| 6  Consultants | - | 12,474 | - | 12,474 | - | 12,474 |
| 7  Phones | - | 492 | - | 2,500 | 2,500 | 5,000 |
| 8  Power PG&E | - | 99,115 | 61,034 | - | - | 61,034 |
| 9  Power SoCalEdison | - | - | - | 12,000 | - | 12,000 |
| Waste Management | - | - | - | - | 1,500 | 1,500 |
| Water | - | 1,551 | 120 | 1,000 | 2,000 | 3,120 |
| SouthernCalGas | - | - | - | 500 | - | 500 |
| Portable Restrooms | - | 2,676 | - | - | 3,000 | 3,000 |
| Alarms | - | - | - | 500 | - | 500 |
| Cafeteria | - | - | - | - | - | - |
| Copies | - | 353 | - | - | - | - |
| 10  Chemicals | - | 13,746 | - | 2,500 | 5,000 | 7,500 |
| 11  Pumps | - | - | - | 6,000 | 10,000 | 16,000 |
| Gasoline | - | 9,321 | - | 6,000 | 12,000 | 18,000 |
| 12  Transportation | - | - | - | 12,350 | 10,000 | 22,350 |
| 13  Vacuum Trucks | - | 81,115 | - | 45,000 | 55,000 | 100,000 |
| 14  LCR | - | 29,113 | - | 13,000 | 25,000 | 38,000 |
| 15  Electricians | - | - | - | 5,000 | 5,000 | 10,000 |
| 16  Welders | - | - | - | 15,000 | 15,000 | 30,000 |
| 17  Supplies (Belts-Parts, Labor) | - | 5,507 | - | 4,000 | 4,000 | 8,000 |
| 18  Parts (Compressor, Pipe, others) | - | 6,073 | 4,517 | 6,000 | 10,000 | 20,517 |
| Clean Chemical towers | - | - | - | - | - | - |
| Vehicle maintenance | - | - | - | - | 5,000 | 5,000 |
| Drink Water | - | - | - | - | 500 | 500 |
| 19  Weed abatement | - | 36,281 | - | 10,000 | - | 10,000 |
| 20  Well Analysis | 1,320 | - | - | 6,000 | - | 6,000 |
| 21  Compliance | 26,128 | 32,370 | - | 20,000 | 20,000 | 40,000 |
| 22  SBP - APCD | - | 658 | - | 3,000 | - | 3,000 |
| 23  SBP - P&D | - | - | - | 162,926 | 3,800 | 166,726 |
| SBP - FD | - | 7,643 | - | - | - | - |
| 24  SBP - EHS | - | - | - | 1,000 | - | 1,000 |
| SBP - Tax | - | - | - | - | - | - |
| OC - Tax | - | - | - | - | - | - |
| KC - Tax | - | - | - | - | - | - |
| 25  Escrow - Surface Rents(**) | - | - | - | 7,500 | - | 7,500 |
| 26  Netherland and Sewell Reserve Report | - | - | - | 20,000 | - | 20,000 |
| 27  GSI Phase 1 Environmental Study | - | - | - | - | - | - |
| 28  Backoffice & Administrative | 50,808 | - | - | 44,000 | 70,000 | 114,000 |
| **Total Operating Expenses** | 90,212 | 444,166 | 97,473 | 614,861 | 285,300 | 997,635 |
| **Net Operating Profit** | $  (90,212) | $  (381,452) | $  34,886 | $  (614,861) | $  (285,300) | $  (865,275) |

| HVI CAT CANYON INC.<br>WORKING DRAFT 3-Week Cash Flow Forecast (2-Week DIP Extension)<br>week starting | Actual<br>Week 24<br>6-Jan-20 | Actual<br>Week 25<br>13-Jan-20 | Actual<br>Week 26<br>20-Jan-20 | Forecast<br>Week 27<br>27-Jan-20 | Forecast<br>Week 28<br>3-Feb-20 | 3-Week<br>TOTAL |
|---|---|---|---|---|---|---|
| Beginning Cash Balance | 665,361 | 958,288 | 351,648 | 19,079 | | 351,648 |
| **Total Health and Safety & Deferred Maintenance** | | | | | | |
| 29 **Health and Safety** | | | | | | |
| SMV Health and Safety | - | 3,500 | 6,550 | 1,050 | - | 7,600 |
| Belridge Health and Safety | - | - | - | - | - | - |
| Redu Health and Safety | - | 10,000 | - | 43,847 | - | 43,847 |
| Total Health and Safety | - | 13,500 | 6,550 | 44,897 | - | 51,447 |
| 30 Deferred Maintenance | | 117,574 | | 41,281 | 33,606 | 74,888 |
| **Total Health and Safety & Deferred Maintenance** | - | 131,074 | 6,550 | 86,178 | 33,606 | 126,334 |
| Bank Charges & fees | 90 | 120 | 90 | 100 | - | 190 |
| 31 Insurances | - | - | - | 71,/10 | 9,879 | 81,589 |
| 32 Chapter 11 Trustee and his Professionals | 118,994 | 93,994 | 360,815 | 212,763 | 423,675 | 997,253 |
| 33 Unsecured Creditor Committee Professionals | 59,727 | - | - | 33,000 | - | 33,000 |
| U.S. Trustee Payment | 27,075 | - | - | - | - | - |
| 34 Interest | | - | - | - | - | - |
| Bankruptcy Related Expenses | 205,886 | 94,114 | 360,905 | 317,573 | 433,554 | 1,112,032 |
| **Total Cash Outflows** | 296,098 | 669,354 | 464,929 | 1,018,612 | 752,460 | 2,236,001 |
| **Net Cash Flow** | (296,098) | (606,640) | (332,569) | (1,018,612) | (752,460) | (2,103,641) |
| Beginning Cash Balance | 665,361 | 958,288 | 351,648 | 19,079 | - | 351,648 |
| Net Cash Flow | (296,098) | (606,640) | (332,569) | (1,018,612) | (752,460) | (2,613,673) |
| Net Borrowing/(Pay Down) | 589,025 | - | - | 999,533 | 752,460 | 2,262,025 |
| **Ending Cash Balance** | 958,288 | 351,648 | 19,079 | | | |
| **Loan Balance** | 4,724,258 | 4,724,258 | 4,724,258 | 5,723,791 | 6,476,251 | 6,476,251 |
| (*)Forecast depend on actual delivered barrels and price | | | | Approved 2nd Amendment Loan Amount | | 6,237,569 |
| (**) Not approved under Interim Cash Collateral Order | | | | Additional 2-Week extension funding req | | 238,682 |

1  **Sales Contract with Texican:**
Volume and pricing for production sales in January are subject to change based upon Texican and P-66's capacity.
**Lease Name:  Security**
Volume:  350 bpd, plus 1000 bbls (Bel Lt/Security blend) in tankage
Field: Cat Canyon
Term: 30 day spot
Pricing:  Average of the four posters for Midway Sunset, less $5.95 market differential and less 1.70 sulfur differential, gravity adjusted less $1.35 transportation cost. (trucking fee)
Sulfur is 50 cents per degree over 1.0: (4.4-1)*.50
**Lease:Richfield East Dome Unit (REDU)**
Vol (bpd):300 bpd appx
Pricing:Average of the four posters for Buena Vista Hills less $4.95 gravity adjusted.
Tariff:Phillips 66 will pay all tariff and PLA and gauging fees
Term:8 mos., to a 30 day evergreen
Effective:2/1/2019
**Lease:Belridge Gibson McPhail**
Vol (bpd):24 bpd appx
Pricing:Average of the four posters for Midway Sunset less $1.10 cents, gravity adjusted.
Trucking:Phillips 66 pays all trucking fees and tariffs

**Sales Contract with Pacific Coast Energy Company's ("PCEC"):**
Pricing is the average of the daily posted quote price for Chevron, Shell and Union 76, less a $3/BBL discount.  We have 2 options for transportation vendors, Pacific Petroleum California ("PPC") or Petrol Transport ("PT"), and from our prior experience PPC charges about $105 per hour for transportation so, assuming each load takes about 4 hours to load and unload, we factored in an estimated additional $3.50/BBL reduction to account for transportation costs.
The PCEC contract is for 350 BBLs/day and covers the Santa Maria Valley ("SMV") leases, which include the Bell lease, so you'll see P66 and PCEC both listed as buyers for Bell.  We anticipate shipping the Davis inventory to PCEC first.

2  In aggregate, monthly royalties are approximately 13% of production.
3  Escrow Royalties are based upon an insider's 2.5% overriding royalty on 1 month's production.
4  Payroll Taxes: Week 26 catch-up on Payroll taxes from week 23 or January 3rd payroll, which we recently received from Tino as Ernesto did not provide the usual schedule due to the transition.  Pay payroll taxes from week 25 in week 27 and finally get back in sync by week 28 when we'll pay week 27's taxes.
5  Surface Rent Sub schedule: We will catch-up on some passed due surface rent payments from the beginning of January as well as paying the surface lease payments due on Feb 1st on time.

| Surface Lease Owner: | | Amount |
|---|---|---|
| Boisseranc | $ | 11,956 |
| Buganko | $ | 14,878 |
| Medema (1/2) Thomson (1/4) (- McLaughlin (1/4) | $ | 7,500 |
| (3) Etchandy family members | $ | |
| State College, LLC (Evelyn Roper) | $ | 1,581 |
| Adam Family Trust | $ | |
| Orcutt Fee, LLC | $ | 5,000 |
| Marianne Friedl | $ | 3,700 |
| C.M.T LLC | $ | 100 |
| Manfred Sander | $ | 6,800 |
| E & B Natural Resources | $ | |
| Grundoon, LLC (Firestone) | $ | 7,500 |
| Morganti Ranch | $ | 5,500 |
| Morganti Ranch | $ | - |
| Morganti Ranch | $ | |
| Railroad | $ | 454 |
| (4) Righetti family members | $ | 3,000 |
| (3) Judy A. Rogers, Ronald H. Souza, Jr., Michael J. Souza | $ | 750 |
| Roland and Sandy Miller | $ | 300 |
| Multiple Bradley Lands | $ | - |
| | $ | 69,019 |

6  HVI pays the following 3 consultants on a biweekly basis:

| HVI CAT CANYON INC.<br>*WORKING DRAFT* 3-Week Cash Flow Forecast (2-Week DIP Extension)<br>week starting | Actual<br>Week 24<br>6-Jan-20 | Actual<br>Week 25<br>13-Jan-20 | Actual<br>Week 26<br>20-Jan-20 | Forecast<br>Week 27<br>27-Jan-20 | Forecast<br>Week 28<br>3-Feb-20 | 3-Week<br>TOTAL |
|---|---|---|---|---|---|---|
| Beginning Cash Balance | 665,361 | 958,288 | 351,648 | 19,079 | - | 351,648 |

| Name and Description: | Amount: |
|---|---|
| i) William LaFleur - Landman | $    6,000 |
| ii) Innovative Consulting Solutions - production accountant | $    1,923 |
| iii) Alliance-Hydro - Geologist | $    4,085 |
| **Total Amount due to Consultants** | $   12,008 |

7   Amounts include HVI's office line at their East Clarke office and cell phones for all field employees.

8   Scheduled a payment plan with Power PG&E to break the recent ~$400k energy bill into 4 monthly payments of ~100k due the second week of each month.  Estimated ongoing charges will be between $60k-$100k per month and we paid the most recent bill of $61k in week 26.

9   Amount due for prior month's power usage.

10  Chemicals used for H2S removal that are critical to production - currently on COD terms with chemicals vendor

11  Pump maintenance and rework costs that *are critical* to production, week 28 increased to 10k to bring vendor Ace Pump current on outstanding A/P balance.

12  Week 27 Transportation forecasted to be ~$12.3k as payment for the disposal fee for the Guzman vacuum truck currently sitting on the Boisseranc's property

13  Vacuum Trucks forecasted to total $82k in weeks 27 and 28 to bring PPC current on all A/P balances and an addition $18k for ongoing transportation of crude PPC is doing for PCEC.

14  Assumes reduced LCR usage at $75 per BBL, 1 load in week 27 and 2 in week 28.

15  The weekly run rate for electricians is approximately $5k.

16  The weekly run rate for welders is increased to $15k per week for next 2 weeks to bring West Coast Welding current on outstanding A/P for lease repairs while shut-in.

17  Assumes a weekly run rate of approximately $4k for supplies.

18  Assumes a weekly run rate of approximately $5k is for parts.

19  Weekly run rate for critical safety and fire protection for HVI's 700+ wells and reduction of Notice of Violation ("NOV") fines.  Currently understaffed in this area and run rate assumes increasing team size

20  Well Analysis forecast to be about $6k in week 27 as payment to top up ALTA's retainer to complete the 2019 Compliance Year Emissions Audit.

21  Week 27 Compliance line item contains a $5k retainer for Stan Brown who will be assisting the Geologist John in the preparation of Underground Injection Reports (UICs) for HVI's Santa Maria area oil fields; also includes weekly run rate for Spill Contingency Plan consultant's run rate and a contingency reserve for any NOVs or other fines not yet received.

22  In week 27, $3k due to APCD for 2 NOVs.

23  Due in week 27 by 1/31/2020, $162,926 is due to Santa Barbara County Planning and Development for 2020 Annual Well and Tank Facility Inspections.

25  Bradley II-16 Final Invoice of $916 with Santa Barbara County Environmental Health Services before they can issue a no further action letter.

26  Rent due on HVI East Clarke office - not approved under Interim Cash Collateral Order

27  Chapter 11 Trustee negotiated a progress payment plan with Netherland & Sewell for a 2019 Reserve Report.  The $100-$120k total fee can be paid on weekly basis for $25k a week.  Final payment on Phase 1 Environmental Study per Credit Agreement revised forecast is still to be determined.  Once the study is complete we will remit payment.

29  $10k in week 27 for ASAP movers to move office from Lakeview to new office location.  $14k in week 27 for the new office lease deposit and $20k for TechExpress service and equipment.  Another $30k

30  Includes Wayne V's retainer of $6,550 for the Spill Contingency Plan Prep in week 26 on the SMV Health and Safety line item.  $30k for REDU injection lines hydro-testing in week 27 of Redu health and

31  Deferred Maintenance in weeks 27 and 28 for amounts due to WCW and Standard Oil for passed due balances on Deferred Maintenance projects in Security

32  Insurances includes $26k for Anthem Health Insurance Plan, $40k for Colonial Health, $10k for insurance premium financing agreement.  Also, Week 27 includes 1st installement of $36.7k on a total $128k in past due balance on HVI's State Fund Worker's Comp plan that GIT invoiced HVI for but never paid from August-December, the amount also includes January and February's monthly amount due - monthly run rate is $18k.  Finally, week 27 also include HVI's portion of the Colonial Health Voluntary Bridge Health Insurance plan, the plan has a significant past due balance due to GIT not making payments any Greka affiliates but HVI's portion is around $8k.

| Worker's Comp Insurance Payment Plan: | 1st - week 27 | 2nd - week 29 | 3rd - week 31 | Total: |
|---|---|---|---|---|
| | $    36,709.92 | $    55,064.88 | $    55,064.88 | $    146,839.68 |

33  Professional Fees includes weekly carve out for Chapter 11 trustee professionals for January fees, weeks 24-27 and week 28 includes the 20% holdback for October to December fees due to KellyHart,

34  UCC Professional Fees of $33k forecast in week 28, which includes their special counsel and Pachulski's fees.

35  Not factored into the cash flow as a disbursement but tracked in the 'DIP Loan' tab.  The Advances shall bear interest on the unpaid principal amount thereof at a rate per annum equal to (i) prior to the Second Amendment Effective Date, the Base Rate in effect for each such Advance plus one and one-half percent (1.50%), and (ii) on and after the Second Amendment Effective Date, the Base Rate in effect for each such Advance plus three and one-half percent (3.50%), in each case, calculated on the basis of a 365- (or 366-, as the case may be) day year for the actual days elapsed.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF THIRD AMENDMENT TO CREDIT AGREEMENT AND BUDGET AMENDMENT  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  February 5, 2020 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On  February 5, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor
HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue, Suite D
Brighton, CO 80601

Debtor
HVI Cat Canyon,Inc.
630 Fifth Avenue, Suite 2410
New York, NY  10111

The Honorable Martin R. Barash
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  February 5, 2020 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 5, 2020 | Beverly Lew | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

William C Beall on behalf of Counter-Claimant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Counter-Claimant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Creditor GLR, LLC
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission
mscohen@loeb.com, klyles@loeb.com

Alec S DiMario on behalf of Creditor Direct Energy Business Marketing, LLC d/b/a Direct Energy Business
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Alec S DiMario on behalf of Creditor Direct Energy Business, LLC
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

H Alexander Fisch on behalf of Interested Party California Department of Fish & Wildlife
Alex.Fisch@doj.ca.gov

H Alexander Fisch on behalf of Interested Party California Regional Water Quality Control Board, Central Coast
Alex.Fisch@doj.ca.gov

Don Fisher on behalf of Interested Party Interested Party
dfisher@ptwww.com, tblack@ptwww.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee
brian.fittipaldi@usdoj.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Gisele M Goetz on behalf of Interested Party Courtesy NEF
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu

Karen L Grant on behalf of Creditor BUGANKO, LLC
kgrant@silcom.com

Ira S Greene on behalf of Interested Party CTS Properties, Ltd.
Ira.Greene@lockelord.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Brian L Holman on behalf of Creditor Bradley Land Company
b.holman@musickpeeler.com

Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Michael Authur McConnell (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Razmig Izakelian on behalf of Creditor GIT, Inc.
razmigizakelian@quinnemanuel.com

Alan H Katz on behalf of Interested Party CTS Properties, Ltd.
akatz@lockelord.com

John C Keith on behalf of Creditor California State Lands Commission
john.keith@doj.ca.gov

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company
jkim@friedmanspring.com

Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors
mlitvak@pszjlaw.com

Michael Authur McConnell (TR)
Michael.mcconnell@kellyhart.com

Brian M Metcalf on behalf of Interested Party UBS AG, London Branch
bmetcalf@omm.com

David L Osias on behalf of Creditor Allen Matkins Leck Gamble Mallory & Natsis LLP
dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

Darren L Patrick on behalf of Interested Party UBS AG, London Branch
dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party
becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil, Gas & Geothermal
Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
mitchell.rishe@doj.ca.gov

Zev Shechtman on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              F 9013-3.1.PROOF.SERVICE

Sonia Singh on behalf of Trustee Michael Authur McConnell (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.
dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch    jtaylor@omm.com

John N Tedford, IV on behalf of Trustee Michael Authur McConnell (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

Salina R Thomas on behalf of Interested Party Courtesy NEF    bankruptcy@co.kern.ca.us

Salina R Thomas on behalf of Interested Party Kern County Treasurer Tax Collector
bankruptcy@co.kern.ca.us

Patricia B Tomasco on behalf of Creditor GIT, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

Fred Whitaker on behalf of Interested Party Eller Family Trust
lshertzer@cwlawyers.com, spattas@cwlawyers.com

William E. Winfield on behalf of Attorney Courtesy NEF
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Jane Connolly
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Robert Kestner
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Virginia Tracy
wwinfield@calattys.com, scuevas@calattys.com

Richard Lee Wynne on behalf of Interested Party NewBridge Resources, LLC
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

Emily Young on behalf of Creditor Epiq Corporate Restructuring, LLC Claims Agent
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

Aaron E de Leest on behalf of Trustee Michael Authur McConnell (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE