1  MICHAEL McCONNELL
   *Michael.McConnell@kellyhart.com*
2  201 Main Street, Suite 2500
   Fort Worth, Texas 76102
3  Telephone:   (817) 878-3569
   Facsimile:   (817) 878-9769
4
   Chapter 11 Trustee
5
6  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
7  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
   DANNING, GILL, ISRAEL & KRASNOFF, LLP
8  1901 Avenue of the Stars, Suite 450
   Los Angeles, California 90067-6006
9  Telephone:   (310) 277-0077
   Facsimile:   (310) 277-5735
10
11  General Counsel for Michael A. McConnell,
    Chapter 11 Trustee

12

13                **UNITED STATES BANKRUPTCY COURT**

14                **CENTRAL DISTRICT OF CALIFORNIA**

15                      **NORTHERN DIVISION**

16  In re                                   | Case No.: 9:19-bk-11573-MB

17  HVI CAT CANYON, INC.,                    | Chapter 11

18         Debtor.                           | **CHAPTER 11 TRUSTEE'S NOTICE OF APPLICATION AND APPLICATION TO EMPLOY AGUILERA TITLE AND LAND SERVICES AS SPECIAL TITLE REVIEW CONSULTANT; AND STATEMENT OF DISINTERESTEDNESS**
19
20
21                                          | [No Hearing Required]

22  **TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY**

23  **JUDGE, AND INTERESTED PARTIES:**

24          PLEASE TAKE NOTICE THAT Michael A. McConnell, the Chapter 11 trustee (the

25  "Trustee" or "applicant") of the estate of HVI Cat Canyon, Inc. (the "debtor"), will and hereby does

26  move the Court for an order authorizing him to employ Aguilera Title and Land Services

27  ("Aguilera" or "Land Consultant") as his special title review consultant, at the expense of the

28  estate, effective as of January 6, 2020 (the "application").

1575708.1  26932                                1

1    The Trustee believes that good cause exists to employ Aguilera as his special title review

2  consultant in this case.

3    Applicant respectfully requests that the Court enter an order authorizing the Trustee, based

4  upon the foregoing, and pursuant to Section 327(a) of the Bankruptcy Code and Rule 2014(a) of

5  the Federal Rules of Bankruptcy Procedure, to employ Aguilera as special title review consultant,

6  effective as of January 6, 2020, with compensation of Aguilera to be in accordance with the terms

7  set forth herein and approve the engagement letter. *See* Exhibit "3".

8    The Trustee submits this application pursuant to Federal Rules of Bankruptcy Procedure

9  ("FRBP") 2014 and Local Bankruptcy Rules ("LBR") 2014-1(b) and 9013-1.

10    The application is based upon this notice of application, the attached Statement of

11  Disinterestedness, the complete files and records of this case, and such other evidentiary matters as

12  may be presented to the Court.

13    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013

14  1(o)(1)(A)(ii), any objection and request for hearing must be in writing and must be filed and

15  served within fourteen (14) days after of the date of mailing of this Notice, plus an additional 3

16  days if this notice of motion was served by mail or pursuant to Fed. R. Civ. P. 5(b)(2)(D) or (F).

17  The response or opposition to the application shall be filed with the Bankruptcy Court and served

18  on the United States Trustee, at 1415 State Street, Suite 148, Santa Barbara, CA 93101, and

19  counsel for the Trustee, Aaron E. de Leest, at 1901 Avenue of the Stars, Suite 450, Los Angeles,

20  CA 90067.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1575708.1  26932

2

1         If you fail to file a written response within fourteen days of the date of the service of this

2    notice, plus an additional 3 days if this notice of motion was served by mail or pursuant to Fed. R.

3    Civ. P. 5(b)(2)(D) or (F), the Court may treat such failure as a waiver of your right to oppose the

4    application and may grant the requested relief.

5

6    DATED:  February 7, 2020                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

7

8                                                             By: _____

9                                                                  AARON E. DE LEEST
                                                                   Attorneys for Michael A. McConnell,
10                                                                 Chapter 11 Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1575708.1  26932                                    3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPLICATION

Michael A. McConnell, the Chapter 11 trustee (the "Trustee" or "applicant") for the estate of HVI Cat Canyon, Inc. (the "debtor"), hereby applies for entry of an order under 11 U.S.C. § 327(a) authorizing the employment and retention of Aguilera Title and Land Services ("Aguilera" or "Land Consultant") as his special title review consultant, effective as of January 6, 2020, and approve the proposed engagement letter as follows:

A.    **The Bankruptcy Filing**

On July 25, 2019 (the "Petition Date"), the debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Code"). The case was originally filed in the Southern District of New York. The case was transferred to the Northern District of Texas, and then later to the Central District of California.

The debtor initially operated its business as a "debtor in possession," allowing it to exercise substantially all rights of a trustee in the bankruptcy case. On or about October 16, 2019, the Court entered its *Agreed Order Granting Motion for Appointment of a Chapter 11 Trustee*. On or about October 21, 2019, the U.S. Trustee appointed Michael A. McConnell as the Chapter 11 Trustee for the debtor's estate. On or about October 22, 2019, the Court entered an order approving the appointment of Michael A. McConnell as the Chapter 11 trustee in this case.

The debtor is a Colorado corporation authorized to conduct business in the State of California. It is the owner and operator of producing oil and gas interests in California. According to the debtor, it "owns an approximately 100% working interest and an average 85% net revenue interest in over 1,000 oil wells in the Santa Maria Valley of Santa Barbara County, North Belridge in Kern County, and Richfield East Dome Unit in Orange County."[1] The debtor employs approximately 50 individuals. The debtor has a long history of violations and issues with regulatory agencies.

---

[1] Docket no. 16, pp. 1-2, ¶ 2.

1575708.1  26932

4

1    The debtor on its schedules listed secured claims in favor of several entities, including a

2  senior lien against all of its assets in favor of UBS, LLC ("UBS"). UBS advises that its lien

3  aggregates over $120 million. In contrast, the Trustee is advised that the Court recently found that

4  the debtor's assets were worth between $50 million and $75 million at a cash collateral hearing.

5  The debtor is a party to numerous key contracts with affiliates, including providing it office and

6  administrative services, trucking services, diluent purchases and sale of its product. UBS and

7  others sought the appointment of a Chapter 11 trustee in this case.

8    As set forth below, by this application, the Trustee seeks to employ Land Consultant as his

9  special title review consultant to assist the Trustee with respect to issues regarding various matters

10  that have or will arise in the administration of the debtor's estate including, without limitation, the

11  matters detailed below.

12

13  **B.    The Proposed Retention of Special Title Review Consultant**

14    Applicant determined upon his investigation that it is necessary and appropriate to retain a

15  special title review consultant to assist applicant with respect to title issues and various matters

16  including, without limitation, the following: The Land Consultant shall perform research and

17  analysis of title documents to determine mineral ownership and prepare a division order for

18  royalties payable under each lease held by the debtor. Ms. Aguilera shall supervise and manage

19  title work conducted by in-house landman and/or other contract landmen. Aguilera will also

20  conduct oil and gas lease review to determine leasehold ownership and draft appropriate forms and

21  contracts for ongoing and continuing oil and gas business needs. A copy of Aguilera's retainer

22  agreement is attached as Exhibit "3" hereto.

23

24  **C.    Aguilera's Qualifications and Disinterestedness**

25    Ms. Aguilera worked for oil and gas companies on the Central Coast as a petroleum

26  landman, developing a unique set of skills dealing with mineral interests in Santa Barbara County

27  and other land and title issues as well as natural resource law in general. She has over 10 years of

28  experience in the energy sector. She became an attorney in November 2014. She remains actively

1  involved in the industry as a member of the board of the National Association of Royalty Owners-

2  California.  She is one of the limited Landmen located in Santa Maria, CA that have experience

3  running oil and gas title for mineral and royalty interests.

4        As of the date of the application, to the best of applicant's knowledge and after

5  consideration of the disclosures in the attached Statement, applicant believes that the Land

6  Consultant and its employees are disinterested persons as that term is defined in 11 U.S.C.

7  §101(14), and neither the Land Consultant nor any of its employees are currently connected with

8  applicant, the debtor, debtor's creditors, any other party in interest, their respective attorneys and

9  accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district,

10  the Clerk of the Court or any relation to the United States Trustee in this district, or any person

11  employed at the Court or the Office of the United States Trustee, nor does the Land Consultant

12  currently represent or hold an adverse interest with respect to the debtor, any creditor, or to this

13  estate, except that, prior to being licensed as an attorney, Ms. Aguilera, individually, worked for the

14  debtor, Greka Integrated and affiliated entity (i.e. not as an attorney) from approximately June 2009

15  to October 2011. Ms. Aguilera was sued by Greka Integrated in 2015. Greka Integrated was

16  represented by Larsen O'Bryen LLP.  The matter was settled and a dismissal with prejudice was

17  entered into as to all claims made by Greka Integrated. Ms. Aguilera is being hired to conduct land

18  and title work and not to dispense legal advice as to the bankruptcy proceedings.  During the last

19  ten (10) years, Ms. Aguilera has conducted work for possible creditors for which Debtor will

20  provide a conflict waiver. Ms. Aguilera is also employed on a part-time basis by the law firm of

21  Kirk & Simas, LPC ("Kirk").  Kirk may represent lessors or royalty owners with claims against the

22  debtor.  It should be noted that there are only two law firms in Santa Maria that handle these sorts

23  of matters, and Kirk may represent some lease claimants. Ms. Aguilera obtained conflict waivers

24  from two known mineral owners and will be walled off from any of Kirk's clients that may be

25  lessors or royalty owners with claims against the debtor.

26

27

28

1  **D.     Terms of Proposed Employment**

2        The Land Consultant will render services to the Trustee at the Land Consultant's regular

3  hourly rates, which may be subject to adjustment from time to time.  The current hourly rates are

4  set forth in the engagement agreement as Exhibit "A" to Exhibit "3."  The Trustee and the Land

5  Consultant have agreed, subject to the Court's approval, to the terms of the Land Consultant's

6  employment in the case.

7

8  **E.     Proposed Terms of Payment**

9        Subject to the terms of this application, the Land Consultant will receive compensation and

10  reimbursement for costs at the rates and upon the terms set forth in this application and the

11  engagement agreement, which is incorporated by this reference, and attached as Exhibit "3".  The

12  Land Consultant has agreed to employment for the Trustee, effective as of January 6, 2020.  No

13  retainer is proposed for this engagement.

14        The only source of payment for the Land Consultant will be from this estate, as may be

15  approved and ordered paid by the Court after notice and hearing.  No retainer has been paid or will

16  be paid to the Land Consultant.

17        However, the Trustee holds no free and clear funds in the estate, as all funds are cash

18  collateral of UBS.  The Court has approved a borrowing and cash collateral budget.  The next

19  budget will include within the line item for the Trustee and his professionals a carve-out for the

20  Land Consultant, subject to Court approval.

21        It is not clear that free and clear funds can be generated in this case after that or that future

22  carve-outs will be forthcoming, and there is no assurance that administrative fees and costs

23  incurred could be paid, including the fees of any professional employed by the estate.

24  Notwithstanding this risk of nonpayment, the Trustee was able to procure the services of Land

25  Consultant as his special title review consultant.

26  ///

27  ///

28  ///

**F.     The Fee Procedures Motion**

The Trustee filed a motion for permission to pay the professionals of the Trustee and the Committee in accord with the professional fee notice procedures (*docket no. 511*) (the "Fee Procedures Motion"), and was approved by order of the Court on December 10, 2019 (*docket no. 610*). The Land Consultant intends to seek payment pursuant to the Fee Procedures Motion.

The Fee Procedures Motion, which authorizes the following procedures, which mirror the provisions of the Guide to Application for Employment of Professionals and Treatment of Retainer promulgated by the Office of the United States Trustee (the "Fee Guide"), for the Trustee and all of his professionals (including the Land Consultant and counsel for the Committee) to receive payments of the Land Consultant's accruing fees and costs on a monthly basis:

1.     The Trustee and professionals employed by the Trustee and the Committee (collectively the "Professionals" or "Professional") may seek monthly compensation from free and clear funds (if any) or post-petition carve-outs as provided in this Order in accord with the Guidelines of the United States Trustee.

2.     On or before the 20th day of each month following the month for which compensation is sought, the Professional seeking fees and expenses from the Debtor's estate under this procedure must file with the Court and serve a monthly Professional Fee Statement (the "Monthly Statement") on the Office of the United States Trustee.

3.     Each Monthly Statement must include the following information: (i) the total amount of compensation and reimbursement of expenses requested for the month, (ii) the names, hourly rates, total number of hours billed, and total amount of fees incurred by each individual during the month, (iii) a summary list of the expenses for which reimbursement is sought, (iv) detailed statements of the time entries for all individuals who performed services during the month.

4.     A copy of the Monthly Statement without backup shall be served to counsel for the Official Committee of Unsecured Creditors (the "Committee") and all other parties requesting special notice (all collectively the "Recipients"). The Monthly Statement shall comport with the U.S. Trustee's Professional Fee Statement Form UST16-6.0.

5.     The U.S. Trustee and each of the Recipients shall have ten (10) days after service of a Monthly Statement (the "Objection Deadline") to raise any objection thereto. Any objection to a Monthly Statement (an "Objection") must (i) be in writing, (ii) set forth the precise nature of the Objection, the grounds therefore, and the amount of fees and/or expenses to which the Objection applies, and (iii) be filed with the Court and served, on or before the Objection Deadline, on both the Professional that submitted the Monthly Statement and each of the Recipients. A "blanket" or general objection to a Monthly Statement will be deemed to be a nullity and shall not trigger the provisions of paragraph 7 below. "Joinders" to objections will also be deemed a nullity if such "joinders" are not filed and served on or before the Objection Date.

6.      If no timely Objection is filed and served with respect to a Monthly Statement, then, without further order of the Court, the Trustee may pay the Professionals submitting such statement the amount of 80% of the fees and out-of-pocket expenses requested in the Monthly Statement. Any and all such payments shall be on an interim basis and subject to the filing of interim and final fee applications.

7.      If a timely Objection is filed and served with respect to a Monthly Statement, then the objecting party and the Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a consensual resolution of the Objection, the Professional may either: (i) set the matter for hearing with the Court, on not less than fourteen (14) days' notice to each of the Recipients; or (ii) forego payment of the disputed amount until the next interim or final fee application hearing, at which time the Court will consider and resolve the Objection.

8.      Pending resolution of any timely Objection, the Trustee may pay the affected Professional the lesser of: (a) 80% of the fees and 100% of the expenses requested in the Monthly Statement and (b) the aggregate amount of fees and expenses requested in the monthly statement as to which no timely objection was made.

9.      In accordance with Section 331 and applicable rules and guidelines, each of the Professionals shall file with the Court and serve on all parties identified in paragraph 3 above (and on such parties as may be required by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), an application for Court approval of interim compensation and reimbursement of expenses (including the twenty percent (20%) held back from the payment of Monthly Statements), for the period dating back to the last application for Court approval of interim compensation and reimbursement of expenses and not more frequently than every 120 days.

10.      The pendency of an Objection to payment of compensation or reimbursement of expenses requested by a Professional in a particular Monthly Statement or Interim Fee Application shall not prevent such Professional from receiving payment of fees and expenses pursuant to future Monthly Statements served in accordance with the procedures set forth above, except as otherwise ordered by the Court;

11.      Neither the payment of, nor the failure of any Recipient to serve a Notice of Objection to Fee Statement, in whole or in part, shall in any way act as a waiver of the right to later object or otherwise bind any party-in-interest or the Court with respect to the subsequent consideration of the interim or final allowance of fees and expenses of any Professional.

12.      The procedures set forth above are optional and need only be followed if a Professional is seeking monthly compensation.

1  G.    Prayer

2      WHEREFORE, applicant prays the Court to enter its order authorizing him to employ Land

3  Consultant as his special title review consultant, effective as of January 6, 2020, as an

4  administrative expense in this bankruptcy case, approve the engagement letter, and for such other

5  and further relief as may be determined just and proper.

6

7  DATED: February ___, 2020

8                                MICHAEL A. MCCONNELL

9                                Chapter 11 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1575708.1  26932                              10

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014

1.    Name, address and telephone number of the professional ("the Professional" or "the "Land Consultant") submitting this Statement:

Maribel Aguilera
Aguilera Title and Land Services
2550 Professional Parkway
Santa Maria, CA 93455
T: 805-714-2750
Email:  Maribel@mhernandezlaw.com

Attached hereto as Exhibit "1" and incorporated by reference herein, is a copy of the Land Consultant's bio.

2.    The services to be rendered by the Professional in this case are (specify): See pages 5 within the Application.

3.    The terms and source of the proposed compensation and reimbursement of the Professional are (specify): See pages 7, 8 and 9 of the within Application.  See Exhibit "3" for 2019 rates.

4.    The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):  None

5.    The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify): Conflicts check of 20 largest creditors and parties who have appeared in the case. See Exhibit "2" for waivers.

6.    The following is a complete description of all of the Professional's connections with the debtor, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

Prior to being licensed as an attorney, Ms. Aguilera, individually, worked for the debtor, Greka Integrated and affiliated entity (i.e. not as an attorney) from approximately June 2009 to October 2011. Ms. Aguilera was sued by Greka Integrated in 2015. Greka Integrated was represented by Larsen O'Bryen LLP. The matter was settled and a dismissal with prejudice was entered into as to all claims made by Greka Integrated. Ms. Aguilera is being hired to conduct land and title work and not to dispense legal advice as to the bankruptcy proceedings. During the last ten (10) years Ms. Aguilera may have conducted work for possible creditors for which Debtor will provide a conflict waiver. Ms. Aguilera is also employed on a part-time basis by the law firm of Kirk & Simas, LPC ("Kirk").  Kirk may represent lessors or royalty owners with claims against the debtor.  It should be noted that there are only two law firms in Santa Maria that handle these sorts of matters, and Kirk may represent some lease claimants. Ms. Aguilera obtained conflict waivers from two known mineral owners and will be walled off from any of Kirk's clients that may be lessors or royalty owners with claims against the debtor.

7.    The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows (specify, attaching extra pages as necessary):  None

8.    The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the debtor.

9.    The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders effective January 6, 2020, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):

None, except as set forth in ¶ 6 above.

10.    Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

Maribel Aguilera
Aguilera Title and Land Services
2550 Professional Parkway
Santa Maria, CA 93455
T: 805-714-2750
Email: Maribel@mhernandezlaw.com

11.    The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary):

None

12.    Total number of attached pages of supporting documentation:  __17__

13.    After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

Executed on February 2, 2020, at Santa Maria, California.

MARIBEL A. AGUILERA

EXHIBIT "1"



## MARIBEL A. AGUILERA

Maribel Aguilera a true native of the Central Coast. She was born in San Luis Obispo, California. Her family moved to Santa Maria at an early age to follow the agriculture industry. She attended Santa Maria High School and received her Bachelor of Arts degree in Psychology from La Sierra University in Riverside, CA.

While in college Maribel served on the Student Body Association, participated in the Psychology Club and was accepted to the Psychology Honors Society. After becoming interested in Psychology and Law she interned at the City Attorney's Office and the Public Defender's office Mental Health Division during her last year of college.

After college Maribel returned to Santa Maria and worked for non-profit organizations. Before law school she worked for Future Leaders of America where she managed and executed a local leadership program. She earned her J.D. from the Santa Barbara College of Law while working full time at the Legal Aid Foundation of Santa Barbara County. During law school, Maribel was the Student Bar President and the Tribune for Delta Theta Phi, a professional law fraternity.

She worked for oil and gas companies on the central coast for several years as a Petroleum Landman conducting due diligence, running title searches, and working with mineral and surface owners. She has negotiated oil and gas lease terms, assignments, joint operating agreements, easements, right of ways and various agreements to expand and simplify oil and gas production. She has conducted oil and gas lease review to maintain compliance with lease obligations. She has over 10 years of experience in the energy sector. She will develop creative solutions for various types of land use problems. She has developed a unique set of skills for working with mineral and royalty interest in Santa Barbara County.

**Education**
> B.A., Psychology, La Sierra University (2009)
> J.D., Santa Barbara College of Law (2009)
> Member, State Bar of California (2014)

**Civic Activities**
> Santa Maria City Planning Commission (2014 - present)
> Director - National Association of Royalty Owners-California (2014 - present
> Director – EconAlliance (2018)
> Northern Santa Barbara County Bar Association

EXHIBIT     1

# EXHIBIT "2"



## KIRK & SIMAS
—— A Professional Law Corporation ——

### MEMORANDUM

To:     Andrea Righetti Fields
From:   Maribel Aguilera
Date:   January 6, 2020
RE:     Conflict of Interest Notice and Waiver          File #18045.01
        Oil & Gas Lease

You have asked KIRK & SIMAS, PLC (the "Firm") to represent you regarding matters relating to
Fields Enterprises and other business operations. The Firm has represented you in connection with
personal interests and ownership interests in various business entities such as Fields Enterprises.
Most recently through the Firm, Maribel Aguilera, represented you in a Lench Line Agreement for
property purchased in Exeter, California.

We are aware that you are the owner of minerals in an oil and gas lease held by HVI Cat Canyon,
Inc. ("HVI"). As you also are aware, HVI filed for Bankruptcy and you are currently being
represented by attorney Krista K. Subin in connection with your mineral interest in the oil and gas
lease and HVI's Bankruptcy proceedings.

I informed you via telephone conversation that I have been asked to conduct title and land work
for HVI in order to organize and clean up the title records. The title and land work require review
of the oil and gas lease by which your minerals are held by HVI, review of documents and other
agreements. Additional documents and work are likely to be required as the project develops.

Representation of multiple parties in this matter has important implications you should consider.

1.    **Rules of Professional Conduct.** A specific set of rules govern attorney conduct and
representation of clients when present or potential conflicts of interest exist. Rule 1.7 of the Rules
of Professional Conduct of the State Bar of California provides as follows:

*Rule 1.7:  Conflict of Interest: Current Clients.*

*(a)     A lawyer shall not, without informed written consent from each client and
compliance with paragraph (d), represent a client if the representation is directly adverse
to another client in the same or separate matter.*

*(b)     A lawyer shall not, without informed written consent from each affected client and
compliance with paragraph (d), represent a client if there is a significant risk the lawyer's
representation of the client will be materially limited by the lawyer's responsibilities to or
relationships with another client, a former client or a third person, by the lawyer's own
interests.*

*(c)     Even when a significant risk requiring a lawyer to comply with paragraph (b) is
not present, a lawyer shall not represent a client without written disclosure of the
relationship to the client and compliance with paragraph (d) where:*

1

Andrea Fields
January 6, 2020                                                                                          Page 2

    *(1)    The lawyer has, or knows that another lawyer in the lawyer's firm has, a legal, business, financial, professional, or personal relationship with or responsibility to a party or witness in the same matter; or*

    *(2)    The lawyers knows or reasonably should know that another party's lawyer is a spouse, parent, child or sibling of the lawyer, lives with the lawyer, is a client of the lawyer or another lawyer in the lawyer's firm, or has an intimate personal relationship with the lawyer.*

*(d)    Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and:*
    *(1)    The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;*

    *(2)    The representation is not prohibited by law; and*

    *(3)    The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.*

*(e)    For purposes of this rule, "matter" includes any judicial or other proceeding, application, request for a ruling or other determination, contract, transaction, claim, controversy, investigation, charge, accusation, arrest, or other deliberation, decision, or action that is focused on the interests of specific persons, or a discrete and identifiable class of persons.*

2.    <u>Prior Representation.</u> The Firm has represented you, your family, and companies owned by you and them in the past and continues to represent you and them in connection with various personal and business matters. We assume that all of those representation relationships with the Firm will continue in the future.

Because of our past and ongoing work, I am now required to obtain your consent to represent HVI in connection with title and land work which will include your mineral ownership.

3.    <u>Multiple Party Representations.</u> Multiple party representation results in loss of attorney-client privilege for communications between you and members of our Firm, because anything disclosed by one client on a matter of common interest may be disclosed to a jointly represented client in a civil proceeding between the parties.

4.    <u>Risk of Multiple Representation.</u> A single Firm representation of multiple interests has significant risks, in addition to the conflict of interest issues and loss of attorney-client privilege discussed above, which you should carefully consider.

I understand that you have hired attorney Krista K. Sabin, to represent you in the oil and gas matter with HVI, however, in the event of a dispute between you and HVI arises, Maribel Aguilera may

Andrea Fields
January 6, 2020                                                                 Page 3

not represent you or HVI without the written consent of all parties. Furthermore, under certain
circumstances, Maribel Aguilera may be prevented from representing any of the parties, even with
the consent of all parties.

In multiple representation, an attorney is more likely to balance the interests of all clients, in order
to reach a consensus, rather than to aggressively represent a single person. Aggressive
representation of a single person might result in "a better deal" for that person; and you may feel
that you deserve "a better deal" because you have invested more time, money, or energy in this
matter than have others.

5.   <u>Right to Independent Counsel.</u> You remain free to seek independent counsel at any time
even after executing the waiver attached to this notice. Should you have any questions about this
notice or the waiver, please discuss them with us before execution.

   Under the ethical standard discussed above, we are required to bring this matter to your
attention and obtain consent before representing HVI and conducting title and land work.

   Accordingly, by signing the Conflict Waiver below you acknowledge:

   a.   You have been advised of Rule 1.7 and of the conflicts associated with your
respective interest; and

   b.   You do not wish to seek separate counsel at this time and waive any conflict of
interest associated with the Firm working for HVI on the bankruptcy matters described.

<u>Conflict Waiver</u>

The Firm has explained to the undersigned that conflicting interests exist regarding their services
to you. The undersigned is currently represented by attorney Krista K. Sabin in the matters related
to oil and gas lease involved in the HVI Bankruptcy. The undersigned has been informed of the
nature and possible consequences of the conflicts.

The undersigned acknowledges the disclosure of the Firm's past and ongoing representation of the
undersigned and her related individual entities and affiliates, in both business and personal matters
and any potential conflicts arising from this representation in the current matters.

Maribel Aguilera has informed the undersigned of the nature of this firm's present and continuing
relationship with HVI, whose interest may be or are adverse to the undersigned's interest in the oil
and gas Bankruptcy matter.

The undersigned understands that she has the right to seek independent counsel before signing this
consent or at any future time and does not wish to seek separate counsel at this time.

The undersigned desires representation by the Firm to assist in personal and business matters and
subsequent ongoing affairs not related to the oil and gas lease or mineral interest held by HVI, and
therefore consents and gives approval for Maribel Aguilera to represent HVI and conduct title and

Andrea Fields
January 6, 2020                                                                          Page 4

land work.

The undersigned further acknowledges that Maribel Aguilera shall have her own separate engagement agreement with HVI and that she has read and understands that terms stated above and agrees to them.

Dated: January 6, 2020

Andrea Righetti Fields

# KIRK & SIMAS
— A Professional Law Corporation —

## MEMORANDUM

To:     **Dean Teixeira and CMT, LLC**
From:   **Maribel Aguilera**
Date:   **January 5, 2020**
RE:     **Conflict of Interest Notice and Waiver**          File #4303
         **Oil & Gas Lease**

You have asked KIRK & SIMAS, PLC (the "Firm") to represent you regarding matters relating to CMT, LLC and other business operations. The Firm has represented you in connection with personal interests and ownership interests in CMT, LLC.

We are aware that CMT, LLC is a mineral owner in an oil and gas lease held by HVI Cat Canyon, Inc. ("HVI"). As you also are aware, HVI filed for Bankruptcy and provided you with notice.

On January 6, 2020, I informed you via telephone conversation that I have been asked to conduct title and land work for HVI in order to organize and clean up the title records. The title and land work require review of your oil and gas lease mineral ownership percentage, oil and gas lease document, review of documents and other agreements. Additional document review and work are likely to be required as the project develops.

Representation of multiple parties in this matter has important implications you should consider.

1.    **Rules of Professional Conduct.** A specific set of rules govern attorney conduct and representation of clients when present or potential conflicts of interest exist. Rule 1.7 of the Rules of Professional Conduct of the State Bar of California provides as follows:

   *Rule 1.7: Conflict of Interest: Current Clients.*

   *(a)    A lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or separate matter.*

   *(b)    A lawyer shall not, without informed written consent from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person, by the lawyer's own interests.*

   *(c)    Even when a significant risk requiring a lawyer to comply with paragraph (b) is not present, a lawyer shall not represent a client without written disclosure of the relationship to the client and compliance with paragraph (d) where:*

      *(1)    The lawyer has, or knows that another lawyer in the lawyer's firm has, a legal, business, financial, professional, or personal relationship with or responsibility to a*

1

Dean Teixera,                                                                                           CMT, LLC
January 5, 2020                                                                                           Page 2

*party or witness in the same matter; or*

> *(2)    The lawyers knows or reasonably should know that another party's lawyer is a spouse, parent, child or sibling of the lawyer, lives with the lawyer, is a client of the lawyer or another lawyer in the lawyer's firm, or has an intimate personal relationship with the lawyer.*

> *(d)    Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and:*
> *(1)    The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;*

> *(2)    The representation is not prohibited by law; and*

> *(3)    The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.*

> *(e)    For purposes of this rule, "matter" includes any judicial or other proceeding, application, request for a ruling or other determination, contract, transaction, claim, controversy, investigation, charge, accusation, arrest, or other deliberation, decision, or action that is focused on the interests of specific persons, or a discrete and indentifiable class of persons.*

2.    <u>Prior Representation</u>. The Firm has represented you, your family, and companies owned by you and them in the past and continues to represent you in connection with various personal and business matters for you and CMT, LLC. We assume that all of those representation relationships with the Firm will continue in the future.

Because of our past and ongoing work, I am now required to obtain your consent to represent HVI in connection with title and land work which will include a review of your mineral ownership.

3.    <u>Multiple Party Representations</u>. Multiple party representation results in loss of attorney-client privilege for communications between you and members of our Firm, because anything disclosed by one client on a matter of common interest may be disclosed to a jointly represented client in a civil proceeding between the parties.

4.    <u>Risk of Multiple Representation</u>. A single Firm representation of multiple interests has significant risks, in addition to the conflict of interest issues and loss of attorney-client privilege discussed above, which you should carefully consider.

In the event of a dispute between you and HVI arises, Maribel Aguilera may not represent you or HVI without the written consent of all parties. Furthermore, under certain circumstances, Maribel Aguilera may be prevented from representing any of the parties, even with the consent of all parties.

Dean Teixera,                                                        CMT, LLC
January 5, 2020                                                      Page 3

In multiple representation, an attorney is more likely to balance the interests of all clients, in
order to reach a consensus, rather than to aggressively represent a single person. Aggressive
representation of a single person might result in "a better deal" for that person; and you may feel
that you deserve "a better deal" because you have invested more time, money, or energy in this
matter than have others.

5.      <u>Right to Independent Counsel</u>. You remain free to seek independent counsel at any time
even after executing the waiver attached to this notice. Should you have any questions about this
notice or the waiver, please discuss them with us before execution.

       Under the ethical standard discussed above, we are required to bring this matter to your
attention and obtain consent before representing HVI and conducting title and land work for them.

       Accordingly, by signing the Conflict Waiver below you acknowledge:

       a.      You have been advised of Rule 1.7 and of the conflicts associated with your
respective interest; and

       b.      You do not wish to seek separate counsel at this time and waive any conflict of
interest associated with the Firm working for HVI on the bankruptcy matters described.

                              <u>Conflict Waiver</u>

The Firm has explained to the undersigned that conflicting interests exist regarding their services.
The undersigned has been informed of the nature and possible consequences of the conflicts.

The undersigned acknowledges the disclosure of the Firm's past and ongoing representation of the
undersigned and his related individual entities and affiliates, in both business and personal matters
and any potential conflicts arising from this representation in the current matters.

Maribel Aguilera has informed the undersigned of the nature of this firm's present and continuing
relationship with HVI, whose interest may be or are adverse to the undersigned's interest in the oil
and gas Bankruptcy matter.

The undersigned understands that he has the right to seek independent counsel before signing this
consent or at any future time and does not wish to seek separate counsel at this time.

The undersigned desires representation by the Firm to assist in personal and business matters and
subsequent ongoing affairs and therefore consents and gives approval for Maribel Aguilera to
represent HVI and conduct title and land work.

The undersigned further acknowledges that Maribel Aguilera shall have her own separate
engagement agreement with HVI and that he has read and understands that terms stated above and
agrees to them.

Dean Teixera,                                                                          CMT, LLC
January 5, 2020                                                                          Page 4

Dated: January 5, 2020

_____
Dean Teixeira


CMT, LLC

    By: _CARISSA  M.  TEIXEIRA_

    _Carissa M. Teixeira_

**EXHIBIT "3"**

# Aguilera Title and Land Services

Maribel Aguilera
2550 Professional Parkway
Santa Maria, CA 93455
(805) 714-2750
Maribel@mhernandezlaw.com

## ENGAGEMENT AND HOURLY FEE AGREEMENT
## FOR TITLE AND LAND SERVICES
### (Oil and Gas Matters)

**1.    Party Identification**. This Engagement and Hourly Fee Agreement for Title and Land Services for Oil and Gas Matters (the "Agreement") is between **AGUILERA TITLE AND LAND SERVICES** ("Land Consultant") and **MICHAEL A. McCONNELL, solely in his capacity as the Chapter 11 Trustee for HVI Cat Canyon, Inc.** ("Client").

**2.    Land Services to be Provided**. The Land Consultant shall provide services on title work and perform landman services and other such work as is necessary, in the best professional judgment of the Land Consultant, in connection with management and supervision of HVI Cat Canyon's ("Company") land department during the Bankruptcy case No. 9:19-bk-11573-MB. The Land Consultant shall perform research and analysis of title documents to determine mineral ownership, provide information to inquiring mineral and royalty owners and prepare a division order for each lease estate held by the Company. Supervise and manage title work conducted by in-house landman and/or other contract landmen. Conduct oil and gas lease review to determine leasehold ownership and draft appropriate forms and contracts for ongoing and continuing oil and gas business needs.

**3.    Other Services Specifically Excluded.** If Client wishes that the Land Consultant provide any service not identified in Section 2 above, such as regulatory agency matters, a separate written fee agreement between the Land Consultant and Client will be required. The foregoing notwithstanding, the Land Consultant may, but is not obligated to provide assistance to Client in additional matters without such additional separate written fee agreement. If the Land Consultant undertakes such additional matters without an additional written agreement, then this Agreement shall extend to the same.

**4.    Responsible Individual.** Maribel A. Aguilera will have primary responsibility for handling Client's land department matters but may utilize other personnel to address the Client's Land needs. Although, Maribel Aguilera will have primary responsibility for the Client's land matters, other staff may perform services as may be required by consideration of efficiency and costs. Time spent on Client matters by other personnel will be charged at that personnel person usual hourly rate.

**5.    Land Consultant's and Client's Duties.** The Land Consultant and other staff, will perform the land services called for under this Agreement, keep Client informed of progress and developments, and respond within a reasonable time to Client's inquiries and communications. Client will be truthful and cooperative with the Land Consultant and keep them reasonably informed of developments.

1575704.1  26932                              022           EXHIBIT              3

Client acknowledges that the Land Consultant and Client utilize many electronic devices for efficiency and may communicate with each other using e-mail, text messages and other electronic communication systems, including messages sent, received and displayed on mobile devices. Client also acknowledges that such practices have inherent risks of interception and inadvertent disclosure to third parties. Client consents to such forms of communication, which consent may be revoked at any time by notice in writing to the Land Consultant. Client acknowledges that revoking such consent to use of electronic devices may cause a delay in communications.

6.      **Fees.** The Land Consultant Fees for services to be provided under this Agreement will be based on the hourly rates set forth on the attached Exhibit A.

The Land Consultant will charge for all activities undertaken to provide land services to the Client under this Agreement, including, but not limited to: preparing for and participating in conferences (in person and telephonic), attending meetings, reviewing and preparing correspondence, responding to correspondence, obtaining production information, providing production information to interested parties, preparing documents and e-mails, research, travel time, and telephone calls made and received by Land Consultant and personnel; and any other time required to properly provide the Client with title and land services The Client acknowledges that neither the Land Consultant, nor any other person, has made any promises about the total amount of fees or costs to be incurred by the Client under this Agreement.

The Land Consultant may change the above billing rates during the time of the engagement; however, it will notify the Client in writing, no less than thirty (30) days in advance.

7.      **Costs.** Land Consultant will advance all costs incurred on Client's behalf in connection with Land Services. Costs include but are not limited to county clerk recorder fees, other public agency fees, long-distance telephone expenses, messenger service fees, photocopying charges at 20 cents per page, facsimile charges at 50 cents per page, and any other direct costs.

8.      **No Initial Deposit Retainer.** The Land Consultant will not require a deposit retainer as a deposit against the costs and fees described above. *No one has made any promises to the Client that the fees and costs will be any particular amount or that they will not exceed any particular amount.*

9.      **Statements and Payments.** Statements are prepared and issued monthly. Payment to the Land Consultant is governed by the terms of the Trustee's Application to Employ Aguilera Title and Land Services (the "Application to Employ") filed with the Bankruptcy Court in the case of HVI Cat Canyon Inc., Case No. 9:19-bk-11573-MB.

10.     **Disclosures.** Maribel Aguilera is an attorney in California; however, she is not being hired to provide legal advice in the bankruptcy proceedings. She is being hired to provide title and land services as a Landman. Maribel Aguilera worked for creditor Greka Integrated and Debtor HVI Cat Canyon from June 2009 to October 2011, prior to becoming an attorney. During the last five (5) years she has provided legal advice to various parties that may be possible creditors in the Bankruptcy Court case of HVI Cat Canyon Inc. and in abundance of caution she will require a conflict waiver to avoid any conflicts of interest that arise.

11.    **Tax Consequences of Certain Transactions.** Client acknowledges that the Land Consultant is not licensed to give accounting or tax advice.

12.    **Discharge and Withdrawal.** Client may discharge the Land Consultant at any time. The Land Consultant may withdraw at any time for good cause.

13.    **Document Retention Policy.** Because of the volume of work performed by the Land Consultant it cannot retain all documents in its files forever. As a result, the Land Consultant has developed a document retention policy. In general, the Land Consultant retains originals or copies of all documents for a minimum of five years after the date on which the particular engagement involved ended. While Land Consultantwill make every effort to assure that the Client is provided with copies of all relevant documents as this engagement progresses that does not always occur. At the termination of service under this Agreement, Land Consultant, within a reasonable time period after Client's request, will release to the Client, all of the Client's papers and property in its possession.

14.    **Entire Agreement.** This Agreement contains the entire agreement of the parties and shall be governed by the laws of the State of California and the United States of America. This Agreement is subject to approval by the Bankruptcy Court in the case of HVI Cat Canyon, Inc., Case No. 9:19-bk-11573-MB, and subject to the terms provided in the Application to Employ filed therein.

15.    **Severability in Event of Partial Invalidity.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

16.    **Modification by Subsequent Agreement.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both parties, or an oral agreement to the extent that the parties carry it out.

17.    **Disputes to be Resolved by Bankruptcy Court.** Should any dispute arises between the Land Consultant and the Client,the dispute shall be resolved as follows:

The Land Consultant and the Trustee mutually agree that if any legal action or proceeding is initiated concerning the terms or provisions of this Agreement, any such legal action or proceeding shall be brought in the United States Bankruptcy Court in relation to the Bankruptcy case of HVI Cat Canyon, Inc. Case No. 9:19-bk-11573-MB, and that the laws of California and the United States of America shall apply. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any and all disputes pertaining to this Agreement, including without limitation the enforcement and interpretation of any of its terms, and the parties agree to submit to the jurisdiction of the Bankruptcy Court for the purpose of resolving such disputes.

18.    **Counterparts / Electronic Images.** This Agreement may be executed in one or more counterparts and the signature pages may be delivered electronically by fax or a scanned image e-mailed to the other party and such assembled counterpart shall be deemed an original.

19.     <u>Governing Law.</u> This Agreement is made and is to be performed at Santa Maria, California. In all respects, it shall be governed by and interpreted under the laws of the State of California and the United States of America.

20.     <u>Agreement Effective Date.</u> This Agreement will be effective when, having been executed by Client, the Agreement is received and countersigned by the Land Consultant, but its effective date will be retroactive to the date the Land Consultant first performed services.

21.     <u>Trustee as Representative of a Bankruptcy Estate.</u> The parties acknowledge that the Client is a trustee appointed to administer a bankruptcy estate. The parties acknowledge and agree that this Agreement is made by the Client solely in his capacity as a Chapter 11 trustee of the bankruptcy estate of HVI Cat Canyon, Inc., and not in a personal capacity, and no liability or obligations shall accrue to the Client personally.

**CLIENT IS ADVISED THAT CLIENT MAY SEEK ADVICE REGARDING THIS AGREEMENT FROM AN ATTORNEY OF CLIENT'S CHOICE BEFORE EXECUTING OR OTHERWISE ENTERING INTO THIS AGREEMENT WITH THE LAND CONSULTANT. CLIENT HEREBY ACKNOWLEDGES THAT CLIENT HAS BEEN SO ADVISED, HAS BEEN GIVEN A REASONABLE OPPORTUNITY TO SEEK THAT ADVICE, AND HEREBY CONSENTS TO ALL OF THIS AGREEMENT'S TERMS.**

**IN WITNESS WHEREOF**, the parties have executed this Engagement and Hourly Fee Agreement for Land Services (Oil and Gas Matters) at _____, Texas.

Dated: February ___, 2020

"CLIENT"                                      "LAND CONSULTANT"

                                              **AGUILERA TITLE AND LAND
                                              SERVICES**

                                              By: _____
_____              Maribel A. Aguilera
Michael A. McConnell
Chapter 11 Trustee for HVI Cat Canyon

1575704.1  26932                    4

025

# EXHIBIT A TO
# FEE AGREEMENT

|  | HOURLY RATE |  | HOURLY RATE |
|---|---|---|---|
| Maribel Aguilera | $350.00 | Personnel/Secretarial Staff | $125.00 |
| Other Landman | $250.00 |  |  |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S NOTICE OF APPLICATION AND APPLICATION TO EMPLOY AGUILERA TITLE AND LAND SERVICES AS SPECIAL TITLE REVIEW CONSULTANT; AND STATEMENT OF DISINTERESTEDNESS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  February 7, 2020 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On  February 7, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue, Suite D
Brighton, CO 80601

Debtor
HVI Cat Canyon, Inc.
630 Fifth Avenue
Suite 2410
New York, NY 10111

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  February 7, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

BY PERSONAL DELIVERY BY ALSSI ON FEBRUARY 10, 2020
The Honorable Martin R. Barash
U.S. Bankruptcy Court
21041 Burbank Boulevard, Bin on 1st Floor outside entry to Intake Section
Woodland Hills, CA 91367

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 7, 2020 | Beverly Lew | |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

William C Beall on behalf of Counter-Claimant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Counter-Claimant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Creditor GLR, LLC
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission        mscohen@loeb.com, klyles@loeb.com

Alec S DiMario on behalf of Creditor Direct Energy Business Marketing, LLC d/b/a Direct Energy Business
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Alec S DiMario on behalf of Creditor Direct Energy Business, LLC
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

H Alexander Fisch on behalf of Interested Party California Department of Fish & Wildlife
Alex.Fisch@doj.ca.gov

H Alexander Fisch on behalf of Interested Party California Regional Water Quality Control Board, Central Coast
Alex.Fisch@doj.ca.gov

Don Fisher on behalf of Interested Party Interested Party        dfisher@ptwww.com, tblack@ptwww.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee        brian.fittipaldi@usdoj.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND) brian.fittipaldi@usdoj.gov

Gisele M Goetz on behalf of Interested Party Courtesy NEF        gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu

Karen L Grant on behalf of Creditor BUGANKO, LLC        kgrant@silcom.com

Ira S Greene on behalf of Interested Party CTS Properties, Ltd.        Ira.Greene@lockelord.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

Brian L Holman on behalf of Creditor Bradley Land Company b.holman@musickpeeler.com

Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

Eric P Israel on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Michael Authur McConnell (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Razmig Izakelian on behalf of Creditor GIT, Inc.    razmigizakelian@quinnemanuel.com

Alan H Katz on behalf of Interested Party CTS Properties, Ltd.    akatz@lockelord.com

John C Keith on behalf of Creditor California State Lands Commission  john.keith@doj.ca.gov

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company    jkim@friedmanspring.com

Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors    mlitvak@pszjlaw.com

Michael Authur McConnell (TR)    Michael.mcconnell@kellyhart.com

Brian M Metcalf on behalf of Interested Party UBS AG, London Branch    bmetcalf@omm.com

David L Osias on behalf of Creditor Allen Matkins Leck Gamble Mallory & Natsis LLP
dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

Darren L Patrick on behalf of Interested Party UBS AG, London Branch
dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party
becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil, Gas & Geothermal Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
mitchell.rishe@doj.ca.gov

Zev Shechtman on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Sonia Singh on behalf of Trustee Michael Authur McConnell (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.
dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            F 9013-3.1.PROOF.SERVICE

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch
jtaylor@omm.com

John N Tedford, IV on behalf of Trustee Michael Authur McConnell (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

Salina R Thomas on behalf of Interested Party Courtesy NEF
bankruptcy@co.kern.ca.us

Salina R Thomas on behalf of Interested Party Kern County Treasurer Tax Collector
bankruptcy@co.kern.ca.us

Patricia B Tomasco on behalf of Creditor GIT, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

Fred Whitaker on behalf of Interested Party Eller Family Trust
lshertzer@cwlawyers.com, spattas@cwlawyers.com

William E. Winfield on behalf of Attorney Courtesy NEF
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Jane Connolly         wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Robert Kestner         wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Virginia Tracy         wwinfield@calattys.com, scuevas@calattys.com

Richard Lee Wynne on behalf of Interested Party NewBridge Resources, LLC
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

Emily Young on behalf of Creditor Epiq Corporate Restructuring, LLC Claims Agent
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

Aaron E de Leest on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E de Leest on behalf of Trustee Michael Authur McConnell (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

## 2. **SERVED BY UNITED STATES MAIL**:

## **20 LARGEST CREDITORS**

Santa Barbara County Treasurer-Tax
Collector
105 E. Anapamu St., Suite 109
Santa Barbara, CA 93102

Allen Matkins Leck Gamble
865 South Figueroa Street
Suite 800
Los Angeles, CA 90017-2543

Diamond McCarthy LLP
909 Fannin Street
37th Floor Two Houston Center
Houston, Texas 77010

Santa Barbara County-APCD
260 NORTH SAN ANTONIO RD.,
SANTA BARBARA, CA 93110

Akin Gump Straus Hauer & Feld
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067

Santa Barbara County P&D
123 East Anapamu Street
Santa Barbara, CA 93101

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

W. J. Kenny Corp.
C/O Allfirst Bankcorp Trust do M&T
Bank
One M&T Plaza
Buffalo, NY 14203

PG&E
77 Beale St
San Francisco, CA 94177

Ann Jenny Schupp
CIO M H Whittier Corp.
1600 Huntington Drive
South Pasadena, CA 91030

William W. Jenny Jr.
5101 East Camino Alisa
Tucson, AZ 85718

J. P. Morgan-Chase
Attn: Michael Kemey
450 West 33rd Street, 15th Floor
Ref: 030057 Nassau Assoc-Saba
New York, NY 10041

WEST COAST WELDING &
CONSTR. I
2201 Celsius Avenue Suite B
Oxnard, CA 93030

Sherrill A. Schoepe
14974 Adams Dr.
Pauma Valley, CA 92061

Andrew Kurth LLP
600 Travis Suite 4200
Houston, TX 77002

Larsen O'Brien LLP
555 South Flower
Suite 4400
Los Angeles, CA 90071

Victory Oil
222 West 6th Street. Suite 1010
San Pedro, CA 90731

California Department of
Conservation
801 K Street
Sacramento, CA 95814

Diane T. Walker
748 Oceanville Road
Stonington, ME 04681-9714

Stoner Family Trust
James G. Sanford Trustee
100 West Liberty Street. Suite 900
Reno, NV 89501

Charles C. Albright Trustee
729 West 16th Street #B8
Costa Mesa, CA 92627

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Brian Corson
2990 Lichen Place
Templeton, CA 93465

Escolle Tenants in Common
215 N. Lincoln Street
Santa Maria, CA 93458
Attn: Vincent T. Martinez

Pacific Petroleum California, Inc.
POB 2646
Santa Maria, CA 93457

## REQUESTS FOR SPECIAL NOTICE

Attorneys for Buganko
Philip W. Ganong
Ganong Law
930 Trustun Avenue, Suite 102
Bakersfield, CA 93301

Attorneys for Eller Family Trust
Cummins & White, LLP
Attn: Fred M. Whitaker, P.C.
Ashley Bolduc
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
(SERVED VIA NEF)

Attorneys for Virginia Tracy fka Virginia Kestner
Griswold
William Winfield
Nelson Comis Kettle&Kinney LLP
300 E. Esplanade Drive, Ste 1170 Oxnard,
California 93036-0238
(SERVED VIA NEF)

Frank and Sylvia Boisseranc
300 W. Paseo de Cristobal
San Clemente, CA 92672

Rob Thomson
1920 Wilbur Avenue
San Diego, CA 92109

Attorneys for Robert Kestner
William Winfield
Nelson Comis Kettle&Kinney LLP
300 E. Esplanade Drive, Ste 1170
Oxnard,  California 93036-0238
(SERVED VIA NEF)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

<u>Attorneys for Jane Connolly</u>
William Winfield
Nelson Comis Kettle&Kinney LLP
300 E. Esplanade Drive, Ste 1170
Oxnard, California 93036-0238
**(SERVED VIA NEF)**

Jane A. Adams and John S. Adams,
Trustees
PO Box 264
Yorba Linda, CA 92885

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**