O'MELVENY & MYERS LLP
Evan M. Jones (S.B. # 115827)
Jennifer M. Taylor (S.B. # 241191)
Darren L. Patrick (S.B. # 310727)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: ejones@omm.com
E-mail: jtaylor@omm.com
E-mail: dpatrick@omm.com

Gary Svirsky (N.Y. SBN: 2899417)
Samantha M. Indelicato (N.Y. SBN: 5598263)
(appearing *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: gsvirsky@omm.com
E-mail: sindelicato@omm.com

*Attorneys for UBS AG, London Branch
and UBS AG, Stamford Branch*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA — NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**UBS AG, LONDON BRANCH'S OPPOSITION TO GRL, LLC'S MOTION FOR RELIEF FROM STAY OR FOR ORDER CONFIRMING THAT THE STAY DOES NOT APPLY [DKT. NO. 767]**<br><br>Hearing<br><br>Date:   February 25, 2020<br>Time:   10:30 a.m.<br>Place:  Courtroom 201<br>          1415 State Street<br>          Santa Barbara, California  93101 |

UBS AG, London Branch and UBS AG, Stamford Branch ("UBS") respectfully submit this opposition to GRL, LLC's ("GRL") *Notice of Motion and Motion for Relief From the Automatic Stay or for Order Confirming that the Automatic Stay Does Not Apply* [Docket No. 767] (the "Motion"). The Motion is a thinly veiled attempt by Mr. Randeep S. Grewal—long after his removal as the Debtor's Chairman[1]—to interfere with the Trustee's attempts to sell the Debtor's oil and administer the estate. GRL is also attempting to overturn multiple orders of this Court prohibiting the Debtor from making royalty payments to insiders, including one negotiated by Mr. Grewal at the first day hearings.[2] As the estate's largest secured creditor, UBS has standing to object to the Motion and resist Mr. Grewal's efforts to interfere with the Trustee's progress in the case. The automatic stay "protects both the debtor and creditors" and is designed to "ensure the orderly distribution of estate property." In re Levine, 583 B.R. 231, 235 (C.D. Cal. 2018) (citing In re Bialac, 712 F.2d 426, 431 (9th Cir. 1983)). But the Motion would impose unnecessary restraints on the Trustee's management of the estate, and GRL's request to serve dubious division orders upon buyers of the Debtor's oil production would interfere with the Trustee's ability to sell oil indisputably belonging to the estate.

*First*, the Motion is procedurally improper. Under the guise of a relief from stay motion, GRL—and Mr. Grewal as its stated "principal"—seek injunctive relief ordering the Trustee to (i) pay over $110,000 in purportedly accrued royalties to GRL; (ii) continue paying "all future royalties" in an undetermined amount to GRL; and (iii) provide monthly accounting statements to GRL. Mot. at 3. Bankruptcy Rule 7001 "mandates that an injunction or other equitable relief be obtained by way of an adversary proceeding or plan confirmation, rather than by way of a

---

[1] On October 16, 2019, this Court approved the Trustee's appointment following motions by UBS; the California State Lands Commission; the California Department of Conservation Division of Oil, Gas, and Geothermal Resources; the Santa Barbara County Air Pollution District and Tax Collector; and Buganko, LLC, citing Mr. Grewal's gross mismanagement, malfeasance, insider transactions, environmental infractions, and failure to pay royalties. See Docket No. 409 (Order).

[2] See Docket No. 43 (Interim Cash Collateral Order) at ¶ 9 ("Absent further order of the Court or written consent of UBS … the Debtor shall not make … any royalty payments or surface lease payments to insiders or affiliates of the Debtor … but the Debtor shall hold any such payments in an interest-bearing escrow or segregated account"); Docket No. 572 (Final DIP Order) at ¶ 15 (same).

- 2 -

UBS OPPOSITION TO GRL RELIEF FROM STAY MOTION

1 'contested matter' motion." See In re Van Ness, 399 B.R. 897, 903–04 (Bankr. E.D. Cal. 2009) (holding that the only relief "available through a motion for stay relief is that provided by § 362(d)(4), which does not entail an injunction"). If GRL seeks such relief it must, at a minimum, comply with the Bankruptcy Rules. Id. at 904 ("It is settled that a Rule 9014 motion cannot be used to circumvent the requirement of an adversary proceeding.") (citing In re Golden Plan of California, Inc., 829 F.2d 705, 711–12 (9th Cir. 1986)). It is worth noting that GRL has just filed a counterclaim in an avoidance action filed by the Trustee seeking precisely that relief, but in a proper procedural posture. See Case No. 9:20-ap-01006-MB, Docket No. 6 (Answer and Counterclaim) at p. 8 (requesting that "the trust account and all other royalty and overriding royalty payments payable to GRL, LLC be delivered immediately").

*Second*, the Motion fails to address the legal standards for relief from the automatic stay, fails to demonstrate that "cause" for relief exists, and fails to meet GRL's evidentiary burden to show the stay does not apply. 11 U.S.C. § 362(d). There is no evidentiary foundation for Mr. Grewal's conclusory declaration that the estate is in possession of over $110,000 in royalties payable to GRL. See Mot. at 7 (Grewal Declaration). GRL provides no factual support for its position, even as it appears to admit the amount of royalties payable to GRL is disputed. See Mot. at 7 (acknowledging that the Trustee's segregated account for royalties contains only approximately $32,000 payable to GRL). Nor can GRL demonstrate a lack of adequate protection. The Trustee is, by GRL's admission, retaining all royalties (not just those claimed by GRL) in a segregated account pending future determination of rightful ownership. Mot. at 2. Further, UBS is informed that the Trustee intends to bring an interpleader action to resolve the various royalty owners' entitlements. At most, the Motion contains a stray reference to Section 541(b)(4), which excludes certain overriding royalty interests from the definition of estate property. See Mot. at 4 (citing 11 U.S.C. § 541(b)(4)(B)). Yet the Motion contains no legal analysis explaining the

application of Section 541(b)(4) to the facts of this case and no admissible evidence of the royalty amounts GRL claims are due.[3]

*Finally*, the Motion's extraordinary request for an order permitting GRL to serve certain "Oil and Gas Division Orders" on purchasers of the estate's oil production is unsupported by any facts or law and would significantly interfere with the Trustee's reorganization efforts. Mot. at 3. GRL attaches three "division orders" (for the Santa Maria, Richfield East Dome Unit, and Belridge-Gibson-McPhail properties) as exhibits to the Motion. See Docket No. 737–1 (Additional Exhibits) at pp. 107–112. As the Court knows, the Trustee has worked diligently to find buyers for the estate's oil. An assertion to the buyers that some of the purchase price is due to GRL can only disrupt the Trustee's sales. This would also open the door for other royalty holders—many of whom assert that HVICC's accounting under Mr. Grewal's administration was fatally corrupted—to serve additional (and potentially conflicting) division orders, causing further consternation and disruption. Accordingly, it is appropriate for the Court to leave the stay in place and permit orderly resolution of all royalty entitlements in the interpleader adversary while all royalty holders are adequately protected by the Trustee's escrowing of funds. The Court should not permit Mr. Grewal to obtain an unfair advantage over other royalty holders to the detriment of the Trustee's sales efforts.

Further, GRL's proposed division "orders" are highly dubious on their face. Each of them is dated December 12, 2019—just one day after this Court granted the Trustee's motion to reject all of the estate's contracts with California Asphalt Production, Inc. ("CAP"), the purchaser of over 80% of the Debtor's oil production while Mr. Grewal was in charge of both entities See Docket No. 737–1 (Additional Exhibits); Docket Nos. 612, 613 (Orders Granting Rejection of

---

[3] Moreover, any claim by GRL based on allegedly unpaid royalties must be disallowed under Section 502(d) because the Trustee's action against GRL for avoidance and recovery of transfers of estate property pursuant to Sections 542, 547, 548 and 550 remains pending. See Case No. 9:20-ap-01006-MB at Docket No. 1 (Trustee's Adversary Complaint); 11 U.S.C. § 502(d) ("[T]he court shall disallow any claim of any entity from which property is recoverable under Section 542 [or] 550 … of this title or that is a transferee of a[n avoidable] transfer … unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable[.]").

CAP Contracts). Each indicates HVI Cat Canyon, Inc. as the "Payor," but nothing in the orders suggests they are designed to be served on oil purchasers, or that any such purchasers could be liable to make royalty payments to GRL. See id. at pp. 107, 109, 111. And each order is backdated to show its "effective date" as "<7/25/2019"—*i.e.*, prior to the Petition Date of July 25, 2019. Id. It is readily apparent that these "orders" were not prepared in the ordinary course of GRL's business and were only recently generated by GRL. Indeed, there is no indication Mr. Grewal caused the Debtor to serve any such division orders on CAP while he was the Debtor's Chairman.

Nor does the Motion cite any authority under California law or the Bankruptcy Code to support GRL's request to serve the division orders on third party purchasers of the Debtor's oil. The stay clearly bars GRL from interfering with the Trustee's contracts with such parties. "It is well established in the Ninth Circuit that the contract rights of a debtor are property of the estate," and any "attempt to exercise control over [a debtor's] contract is a violation of the automatic stay." In re Nat'l Envtl. Waste Corp., 191 B.R. 832, 835 (Bankr. C.D. Cal. 1996), aff'd, 129 F.3d 1052 (9th Cir. 1997). Yet GRL has failed to articulate any reason why service of the division orders is necessary or desirable, much less demonstrated "cause" to lift the stay. Serving the orders on oil purchasers would inevitably create confusion and threaten the Trustee's purchase contracts, even if accurate. And the division orders attached to the Motion are inherently suspicious.

The Motion should be denied, and the underlying royalty dispute should be resolved either through the pending adversary proceeding between the Trustee and GRL or the interpleader action the Trustee intends to file.

Dated: February 11, 2020

Respectfully submitted,

O'MELVENY & MYERS LLP

*/s/ Darren L. Patrick*
Darren L. Patrick
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: dpatrick@omm.com

*Attorneys for UBS AG, London Branch and UBS AG, Stamford Branch*

- 6 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of eighteen and not a party to this bankruptcy case or adversary proceeding. My business address is **400 South Hope Street, Los Angeles, California 90071-2899**.

A true and correct copy of the foregoing document entitled **UBS AG, LONDON BRANCH'S OPPOSITION TO GRL, LLC'S MOTION FOR RELIEF FROM STAY OR FOR ORDER CONFIRMING THAT THE STAY DOES NOT APPLY [DKT. NO. 767]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **2/11/20**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at **the email address(es) indicated below:**

- **William C Beall**  will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Alicia Clough** aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen** mscohen@loeb.com, klyles@loeb.com
- **Alec S DiMario** alec.dimario@mhllp.com, debra.blondheim@mhllp.com; Syreeta.shoals@mhllp.com
- **Karl J Fingerhood** karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **H Alexander Fisch** Alex.Fisch@doj.ca.gov
- **Don Fisher** dfisher@ptwww.com, tblack@ptwww.com
- **Brian D Fittipaldi** brian.fittipaldi@usdoj.gov
- **Ellen Friedman** efriedman@friedmanspring.com
- **Gisele M Goetz** gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu
- **Karen L Grant** kgrant@silcom.com
- **Ira S Greene** Ira.Greene@lockelord.com
- **Matthew C. Heyn** Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman** b.holman@musickpeeler.com
- **Eric P Israel** eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com

1. **Razmig Izakelian** razmigizakelian@quinnemanuel.com
2. **Alan H Katz** akatz@lockelord.com
3. **John C Keith** john.keith@doj.ca.gov
4. **Jeannie Kim** jkim@friedmanspring.com
5. **Maxim B Litvak** mlitvak@pszjlaw.com
6. **Michael Authur McConnell (TR)** Michael.mcconnell@kellyhart.com
7. **Brian M Metcalf** bmetcalf@omm.com
8. **David L Osias** dosias@allenmatkins.com, bcrfilings@allenmatkins.com, kdemorest@allenmatkins.com, csandoval@allenmatkins.com
9. **Darren L Patrick** dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com; sindelicato@omm.com;ejones@omm.com
10. **Jeffrey N Pomerantz** jpomerantz@pszjlaw.com
11. **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com
12. **Mitchell E Rishe** mitchell.rishe@doj.ca.gov
13. **Zev Shechtman** zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
14. **Sonia Singh** ssingh@DanningGill.com, danninggill@gmail.com, ssingh@ecf.inforuptcy.com
15. **Daniel A Solitro** dsolitro@lockelord.com, ataylor2@lockelord.com
16. **Ross Spence** ross@snowspencelaw.com, janissherrill@snowspencelaw.com; donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
17. **Christopher D Sullivan** csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com
18. **Jennifer Taylor** jtaylor@omm.com
19. **John N Tedford** jtedford@DanningGill.com, danninggill@gmail.com; jtedford@ecf.inforuptcy.com
20. **Salina R Thomas** bankruptcy@co.kern.ca.us

- 8 -

Case 9:19-bk-11573-MB    Doc 784    Filed 02/11/20    Entered 02/11/20 13:07:52    Desc
Main Document    Page 9 of 9

**Patricia B Tomasco** pattytomasco@quinnemanuel.com,

barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

**Fred Whitaker** lshertzer@cwlawyers.com, spattas@cwlawyers.com

**William E. Winfield** wwinfield@calattys.com, scuevas@calattys.com

**Richard Lee Wynne** richard.wynne@hoganlovells.com,

tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

**Emily Young** pacerteam@gardencitygroup.com,

rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

**Aaron E de Leest** adeleest@DanningGill.com,

danninggill@gmail.com;adeleest@ecf.inforuptcy.com

## II. SERVED BY PERSONAL DELIVERY:

Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **2/11/2020** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

## JUDGE:

Hon. Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Courtroom 303
Woodland Hills, 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of February, 2020 at Los Angeles, California.

*/s/ Jan Wallis*
Jan Wallis

- 9 -

UBS OPPOSITION TO GRL RELIEF FROM STAY MOTION