LOEB & LOEB LLP
MARC S. COHEN (SBN 65486)
mscohen@loeb.com
STEVEN S. ROSENTHAL (SBN 109739)
srosenthal@loeb.com
ALICIA M. CLOUGH (SBN 260012)
aclough@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone:    310.282.2000
Facsimile:    310.282.2200
*Attorneys for the California State Lands Commission*

XAVIER BECERRA
Attorney General of California
CHRISTINA BULL ARNDT
Supervising Deputy Attorney General
MITCHELL E. RISHE
Deputy Attorney General
California State Bar No. 193503
Office of the California Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6394
Facsimile:  (916) 731-2121
E-mail: Mitchell.Rishe@doj.ca.gov
*Counsel for The California Geologic Energy Management Division (CalGEM)*

SNOW SPENCE GREEN LLP
W. ROSS SPENCE (pro hac vice)
ross@snowspencelaw.com
CAROLYN CAROLLO
carolyncarollo@snowspencelaw.com
2929 Allen Parkway, Suite 2800
Houston, TX 77019
(713) 335-4800 – Telephone
(713) 335-4848 – Fax
*Attorneys for the County of Santa Barbara, California; Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California; and Santa Barbara Air Pollution Control District*

Law Offices of
Karen L. Grant
State Bar No. 122084
924 Anacapa Street, Suite 1M
Santa Barbara, CA 93101
Tel: (805) 962-4413
Fax: (805)568-1641
Email: kgrant@silcom.com
*Attorneys For Buganko, LLC*

XAVIER BECERRA
Attorney General of California
H. ALEXANDER FISCH
Deputy Attorney General
California State Bar No. 193503
Office of the California Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6394
Facsimile:  (916) 731-2121
E-mail: Alex.Fisch@doj.ca.gov
*Counsel for The California Department of Fish and Wildlife*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No.: 9:19-BK-11573-MB |
| HVI CAT CANYON, INC., | Chapter 11 |
| Debtor. | **JOINDER TO OPPOSITION TO MOTION FOR RELIEF FROM STAY** |
| | Date:    February 25, 2020 |
| | Time:    10:00 a.m. |
| | Dept:    1415 State Street, Courtroom 201 Santa Barbara, California 93101 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18712506.2
232604-10002    JOINDER TO OPPOSITION TO MOTION FOR RELIEF FROM STAY

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the California State Lands Commission (the "Commission"), The California Geologic Energy Management Division ("CalGEM"), The California Department of Fish and Wildlife, Santa Barbara County, the Air Pollution Control District, the Office of Harry E. Hagen, Treasurer-Tax Collector, and royalty interest holders BUGANKO, LLC (collectively "Opponents") hereby join in the opposition of Michael A. McConnell, the Chapter 11 Trustee (the "Trustee"), filed on February 11, 2020 (Docket No. 787, the "Opposition") to the motion for relief from the automatic stay (Docket No. 767, the "Motion") filed by GRL, LLC ("GRL"). The Motion should be denied for the following reasons:

**1.    The Trustee's Segregation of Royalties Is Pursuant to a Court Order.**

The Motion is largely predicated on the fact that royalties allegedly payable to GRL have been placed in a separate trust account. This segregation of funds is not wrongful. In fact, it is in accordance with a court order. Specifically, one of the orders on a first-day motion in this case expressly instructed the then-debtor-in-possession to segregate funds owed to the debtor's insiders. *See* Docket No. 43 at ¶ 9 (entered on August 14, 2019 by the Honorable Michael E. Wiles). Since his appointment in this case, the Trustee has simply continued to segregate amounts payable to the debtor's insiders in compliance with this order. GRL is wrong in suggesting that the Trustee's apportionment of funds is unauthorized. The fact that the Trustee has been depositing royalties into a segregated account does not warrant relief from stay.

Moreover, Mr. Randeep Grewal was well aware of the procedure established by Judge Wiles in August 2019. He could have challenged the process during the hearings on the first-day motions in this case in the Southern District of New York. Instead, he chose to submit a declaration in support of the Motion filed on February 3, 2020, six months later, as if the segregation of royalties allegedly payable to GRL was somehow new to him. A motion for relief

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18712506.2
232604-10002

2

JOINDER TO OPPOSITION TO MOTION FOR RELIEF FROM STAY

from stay is not the proper procedural vehicle for Mr. Grewal to protest the establishment of a separate trust account for monies payable to the debtor's insiders.[1]

## 2. GRL Is an Affiliate of HVI, and the Trustee Has Not Had a Sufficient Opportunity to Examine Inter-Company Transfers.

GRL is an affiliated entity under common ownership with HVI. Transfers by and between HVI's affiliates – including GRL – are potentially subject to challenge under a variety of theories. At this time, the Trustee has not yet had a sufficient opportunity to explore the relationship among HVI's affiliates and whether various transfers may be avoidable. The Trustee should be given an opportunity to investigate the transfers made among HVI's affiliates, including the amounts that GRL purports to be owed in the Motion.

## 3. GRL's Affiliate Failed to Pay $1.5 Million Owed to HVI.

It is questionable whether GRL is owed any money whatsoever. GRL's affiliate wrongfully withheld approximately $1.5 million from HVI. When the Trustee was appointed, he was still selling oil and gas produced by HVI to an affiliated entity: California Asphalt Production, Inc. ("CAP"). In October 2019, the Trustee delivered crude petroleum product to CAP pursuant to an agreement between the parties. On or about October 20, 2019, CAP was contractually obligated to pay approximately $1.8 million to HVI but only paid $300,000. To date, CAP has not satisfied its obligation to pay $1.5 million that it owes to HVI.[2] Moreover, after October 20, 2019, HVI continued to deliver product to CAP, and CAP failed to pay for it, as well. At the very least, a forensic accounting is needed to assess the various transactions among HVI's insiders. And GRL certainly cannot claim that it is entitled to relief from stay in order to pursue a claim for $100,000 when its affiliate owes HVI exponentially more than this amount.

---

[1] Opponents also join in the Trustee's evidentiary objections to the Declaration of Randeep S. Grewal submitted in support of the Motion. The statements in the declaration lack foundation, given that Mr. Grewal provides no evidentiary support for the amounts GRL is purportedly owed, other than to assert that the amounts are "[a]ccording to information from the estate." Grewal Decl., ¶ 4. Mr. Grewal's representations regarding that amounts GRL claims to be owed are unsupported hearsay. Mr. Grewal's declaration should be stricken in its entirety because it lacks any probative value. The lack of evidentiary support for the allegations contained in the Motion constitutes a separate basis for denying the Motion.

[2] *See* Declaration of Alicia Clough, filed concurrently ("Clough Decl."), Ex. A (1/30/2020 Hearing Transcript at 24:10-25:10).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18712506.2
232604-10002

3

JOINDER TO OPPOSITION TO MOTION FOR RELIEF FROM STAY

### 4. GRL Has Not Established "Cause" for Relief from Stay.

GRL has not even attempted to establish "cause" for relief from the automatic stay in accordance with 11 U.S.C. section 362(d).  As the moving party, GRL bears the burden to show cause warranting relief from stay.  *See, e.g., Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.),* 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004) ("To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that 'cause' exists for relief under § 362(d)(1).") (citations omitted).  Rather than attempting to show cause, GRL simply advances its legal theories regarding property rights pursuant to section 541 in connection with oil and gas ownership according to California state law.  GRL appears to have articulated these same concepts in its answer and "counterclaim" in response to an adversary proceeding initiated by the Trustee.  *See* Docket No. 6 in Case No. 9:20-ap-01006-MB.  GRL does not need the extraordinary remedy of relief from stay to litigate this theory.  The issue will presumably be determined in due course in the avoidance action.  The fact that the parties may have a disagreement over the nature of the property rights at issue does not constitute "cause" justifying relief from stay.

### 5. GRL's Proposed Alternative Relief Would Violate the Bankruptcy Code.

GRL contends that it should be entitled to receive its share of royalties directly from the purchasers of oil and gas pursuant to an "Oil and Gas Division Order" that was allegedly presented to those purchasers.  Motion at 3:11-14.  There is no basis for instructing purchasers to pay GRL for product delivered to them by HVI.  Indeed, any such instruction would interfere with HVI's business relationships with those purchasers.  These purchasers represent newly forged relationships identified by the Trustee.  Upon his appointment, the Trustee quickly recognized that he needed to source alternative buyers of HVI's petroleum product because he concluded that HVI was selling product to insiders at a rate that was below market.[3]  GRL is now proposing that the Court should order these newly identified buyers to suddenly redirect their payments to GRL, an

---

[3] *See* Clough Decl., Ex. A (1/30/2020 Hearing Transcript at 24:10-20).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18712506.2
232604-10002

4

JOINDER TO OPPOSITION TO MOTION FOR RELIEF FROM STAY

entity unknown to them. Such a disruption in the ordinary course of the buyer-seller relationship between the Trustee and these purchasers would, understandably, make these buyers hesitant to keep doing business with the Trustee. GRL has not offered any grounds for circumventing the Trustee or otherwise upending transactions that the Trustee has made in his sound business judgment. If anything, instructing purchasers to pay GRL directly would, in itself, constitute a violation of the automatic stay. Accordingly, GRL's suggested alternative relief would violate the Bankruptcy Code. GRL has not proffered any legal basis for this relief.

* * *

For all of the foregoing reasons, as well as the reasons set forth in the Trustee's opposition to the motion for relief from stay, the Motion should be denied, and Mr. Grewal's declaration should be stricken..

Dated:    February 11, 2020            LOEB & LOEB LLP

By:   /s/ Marc S. Cohen
      Marc S. Cohen
      *Attorneys for the California State Lands Commission*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

18712506.2
232604-10002

5
JOINDER TO OPPOSITION TO MOTION FOR RELIEF FROM STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **JOINDER TO OPPOSITION TO MOTION FOR RELIEF FROM STAY**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 11, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 11, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor | Debtor |
|---|---|
| HVI Cat Canyon, Inc. | HVI Cat Canyon, Inc. |
| c/o Capitol Corporate Services, Inc. | 630 Fifth Avenue, Suite 2410 |
| 36 S. 18th Avenue, Suite D | New York, NY 10111 |
| Brighton, CO 80601 | |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 11, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Honorable Martin R. Barash**                                 Via Overnight Delivery
**United States Bankruptcy Judge**
**United States Bankruptcy Court**
**Central District of California**
**21041 Burbank Boulevard, Suite 342 I Courtroom 303**
**Woodland Hills, CA   91367**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 11, 2020 | Keisha Lyles | /s/ Keisha Lyles |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
18267316.1
232604-10002

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

- William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- Alicia Clough    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- Marc S Cohen    mscohen@loeb.com, klyles@loeb.com
- Alec S DiMario    alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- Karl J Fingerhood    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- H Alexander Fisch    Alex.Fisch@doj.ca.gov
- Don Fisher    dfisher@ptwww.com, tblack@ptwww.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Ellen Friedman    efriedman@friedmanspring.com
- Gisele M Goetz    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu
- Karen L Grant    kgrant@silcom.com
- Ira S Greene    Ira.Greene@lockelord.com
- Matthew C. Heyn    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- Brian L Holman    b.holman@musickpeeler.com
- Eric P Israel    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Alan H Katz    akatz@lockelord.com
- John C Keith    john.keith@doj.ca.gov
- Maxim B Litvak    mlitvak@pszjlaw.com
- Michael Authur McConnell (TR)    Michael.mcconnell@kellyhart.com
- Brian M Metcalf    bmetcalf@omm.com
- David L Osias    dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com
- Darren L Patrick    dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com
- Mitchell E Rishe    mitchell.rishe@doj.ca.gov
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Sonia Singh    ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com
- Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
- Ross Spence    ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- Christopher D Sullivan    csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com
- Jennifer Taylor    jtaylor@omm.com
- John N Tedford    jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- Salina R Thomas    bankruptcy@co.kern.ca.us
- Patricia B Tomasco    pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com
- Fred Whitaker    lshertzer@cwlawyers.com, spattas@cwlawyers.com
- William E. Winfield    wwinfield@calattys.com, scuevas@calattys.com
- Richard Lee Wynne    richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com
- Emily Young    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- Aaron E de Leest    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

18267316.1
232604-10002

**F 9013-3.1.PROOF.SERVICE**