**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Counsel for GLR, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI Cat Canyon,,<br><br>                Debtor. | Bk. No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**REQUEST FOR PAYMENT OF ADMINISTRATIVE RENT**<br><br>Date: March 12, 2020<br>Time: 10:00 a.m.<br>Place: 1415 State Street<br>      Courtroom 201<br>      Santa Barbara, CA 93101 |

      GLR, LLC, brings its request for payment of administrative rent as follows:

## FACTS

      On or about March 1, 2007, Debtor HVI Cat Canyon, Inc. entered into a written document titled Lease Agreement (Exhibit A) with Grewal Land Holdings, LLC. On January 9, 2015, Grewal Land Holdings, LLC amended its foreign registration with the California Secretary of State to reflect its new name-GLR, LLC (Exhibit B). GLR, LLC is now the landlord of the premises.

      The lease covers two pieces of real property. The first is described as the "Lakeview Office", and the second is described as the "Lakeview Warehouse". Rent under the Lease Agreement is $5,000.00 per month for the Lakeview Office and $2,500.00 per month for the Lakeview Warehouse.

1

Despite the title of the document, the contract is in fact for a month-to-month tenancy, with no set term. Since the filing of the case, the debtor-in-possession, and later after his appointment, the Trustee, have occupied both the Lakeview Office and the Lakeview Warehouse, and used them for the purposes intended by the Lease Agreement.

At no time since the filing of the case has rent been paid, either by the debtor-in-possession or by the Trustee. Accordingly, administrative rent is owed as follows:

| | |
|---|---|
| August 2019 | $7,500.00 |
| September, 2019 | $7,500.00 |
| October, 2019 | $7,500.00 |
| November, 2019 | $7,500.00 |
| December, 2019 | $7,500.00 |
| January, 2020 | $7,500.00 |
| February, 2020 | $7,500.00 |
| Total | $52,500.00 |

GLR, LLC is informed that the Trustee intends to vacate both premises on March 1, 2020. To the extent that the Trustee does not vacate the premises, this request should be read to request continued payment of administrative rent.

The original order permitting use of cash collateral required all "surface rents" owing to an insider or affiliate to be placed in a trust account pending further order of this Court. Although GLR, LLC meets neither the statutory definition of "insider" nor "affiliate", it is informed that the Trustee considers it as an "insider or affiliate", and has treated rents due it under the Lease Agreement as "surface rents". The Interim Order (Docket 43) became a Final Order (Docket 375). Later there were orders regarding the post-petition financing (Docket 572). All have identical language. All require escrowing of amounts owed to affiliates, until further order of the Court. All expressly reserve all issues for "future determination". GLR, LLC requests this Court to make such a determination, and enter a "further order" determining that GLR, LLC is entitled to compensation for the Debtor's and later the Trustee's use of its premises to benefit the estate.

GLR, LLC is informed that a $7,500.00 deposit was made to an escrow account for August, 2019, but has been unable to ascertain whether the Trustee has deposited to the escrow account for later months.

## ARGUMENT

The Bankruptcy Code provides for payment of the actual and necessary costs and expenses of preserving the estate. 11 U.S.C. 503(b). Rental costs are to be paid by the Trustee (and, before that the debtor-in-possession) as they are incurred. 11 U.S.C. 365(c)(3). In re Pacific Atlantic Trading Co., 27 F. 3d 401 (9th Cir. 1994); In re Fisher & Fisher, Inc., 51 BR 680 (S.D. OH 1985). It seems unlikely that even the Trustee or UBS will argue that the estate has not had the benefit of the use of the subject premises, or that such use has not been for the actual and necessary costs and expenses of preserving the estate. The existence or non-existence of a lease is not dispositive. In re Greenfield Dry Cleaning & Laundry, Inc., 249 B. R. (E.D.Pa 2000). When a rental space is used for the purpose for which the space was intended, Courts have typically allowed the contract price as an administrative expense. In re Goody's Family Clothes, Inc., 610 F. 3d. 812 (3rd Cir. 2010); cert. den. 562 U.S. 1064; In re Howe Products, Inc., 125 BR 313 (M.D. Fl. 1991).

## CONCLUSION

For the foregoing reasons, GLR, LLC requests that the Court approve as an administrative expense the unpaid rent since the filing of the case, order the Trustee to pay GLR, LLC as funds are available, and order it paid pari passu with other administrative expenses.

Dated: 2/14, 2020

BEALL & BURKHARDT, APC

By: *William C. Beall*
William C. Beall, Counsel for GLR, LLC

### DECLARATION OF RANDEEP S. GREWAL

I, Randeep S. Grewal, declare and state as follows:

1. I am a principal of GLR, LLC. Each of the matters set forth below is stated of my personal knowledge and if called as a witness, I could competently testify to each of them.

2. On or about March 1, 2007, Debtor HVI Cat Canyon, Inc., entered into a written document titled Lease Agreement with Grewal Land Holdings, LLC. A true and correct copy of the Lease Agreement is attached hereto as Exhibit A and incorporated herein by this reference.

3. On January 9, 2015, Grewal Land Holdings, LLC amended its foreign registration with the California Secretary of State to reflect its new name-GLR, LLC. A true and correct copy of the Amendment to registration is attached hereto as Exhibit B and incorporated herein by this reference.

4. The lease covers two pieces of real property. The first is described as the "Lakeview Office", and the second is described as the "Lakeview Warehouse". Rent under the Lease Agreement is $5,000.00 per month for the Lakeview Office and $2,500.00 per month for the Lakeview Warehouse.

5. The contract is in fact for a month-to-month tenancy, with no set term. Based upon information and belief, since the filing of the case, the debtor-in-possession, and later after his appointment, the Trustee, have occupied both the Lakeview Office and the Lakeview Warehouse, and used them for the purposes intended by the Lease Agreement.

6. At no time since the filing of the case has rent been paid, either by the debtor-in-possession or by the Trustee. Accordingly, administrative rent is owed as follows:

| | |
|---|---|
| August 2019 | $7,500.00 |
| September, 2019 | $7,500.00 |
| October, 2019 | $7,500.00 |
| November, 2019 | $7,500.00 |
| December, 2019 | $7,500.00 |

| | | |
|---|---|---|
| | January, 2020 | $7,500.00 |
| | February, 2020 | $7,500.00 |
| | Total | $52,500.00 |

7. GLR, LLC is informed that the Trustee intends to vacate both premises on March 1, 2020.

8. GLR, LLC is informed that a $7,500.00 deposit was made to an escrow account for August, 2019, but has been unable to ascertain whether the Trustee has deposited to the escrow account for later months.

I declare the foregoing is true under penalty of perjury, at __NY, NY__ under the laws of the United States.

Dated: 2/13/20.

Randeep S. Grewal

5

Lease Agreement

"Lakeview Office and Warehouse"

This Lease is made effective this 1st day of March, 2007, by and between Grewal Land Holdings, LLC f/k/a Greka, LLC (hereinafter "Landlord") and HVI Cat Canyon, Inc. f/k/a Greka Oil & Gas, Inc. (hereinafter "Tenant"). In consideration for the mutual promises and covenants contained herein, and for other good and valuable consideration, the parties hereby agree as follows:

1. The Landlord leases to the Tenant, and the Tenant rents from the Landlord the premises located at 2617 Clark Avenue, Santa Maria, California and commonly referred to follows:

   (a) the "Lakeview Office" which consists of an office building, yard and parking area for Tenant's employees, contractors, and invitees which premises are located on APN 129-120-026 and are identified as Area E on the map attached hereto as Exhibit A and incorporated herein by this reference,

   (b) the "Lakeview Warehouse" which consists of a warehouse building, yard and parking area for Tenant's employees, contractors, and invitees which premises are located on APN 129-170-027 and are identified by an "X" across the road from Area E on Exhibit A, and

   (c) the right to use the access road identified on Exhibit A as Area C from Clark Avenue to Area E and X.

2. The term of the Lease shall be month to month commencing March 1, 2007.

3. The Tenant shall pay to Landlord as rent the following monthly rate payable in advance on the 1st day of each month, subject to a 2% late fee:

   (a) $5,000 for the Lakeview Office, and

   (b) $2,5000 for the Lakeview Warehouse.

4. This Lease is subject to all matters of public record.

5. Tenant shall use and occupy the premises only as an oil & gas owner / operator subject at all times to the approval of the Landlord.

6. The Tenant shall not make any alterations, additions or improvements to the premises without the prior consent of the Landlord.

7. With the prior consent of the Landlord as to the design specifications, Tenant is permitted to install a sign and/or flag designating the Tenant's occupancy of the premises.



1

8. The Tenant, at his own expense, shall furnish all utilities and amendments for the benefit of the tenancy.

9. The Tenant shall maintain at its own cost general liability insurance in the minimum amount of $5,000,000 for the premises naming Landlord as an additional insured and shall provide satisfactory evidence thereof to the Landlord and shall continue same in force and effect throughout the Lease term hereof.

10. The Tenant shall not permit or commit waste to the premises and shall not unreasonably interfere with agricultural operations being conducted in the surrounding area.

11. The Tenant shall comply with all rules, regulations, ordinances codes and laws of all governmental authorities having jurisdiction over the premises.

12. The Tenant shall not permit or engage in any activity that will effect an increase in the rate of insurance for the Building in which the premises is contained nor shall the Tenant permit or commit any nuisance thereon.

13. The Tenant shall not sublet or assign the premises nor allow any other person or business to use or occupy the premises without the prior written consent of the Landlord, which consent shall be in Landlord's sole and absolute discretion.

14. At the end of the term of this Lease, the Tenant shall surrender and deliver up the premises in the same condition (subject to any additions, alterations or improvements, if any) as presently exists, reasonable wear and tear excluded.

15. Upon default in any term or condition of this Lease, the Landlord shall have the right to undertake any or all other remedies permitted by Law.

16. This Lease shall be binding upon, and inure to the benefit of, the parties, their heirs, successors, and permitted assigns.

17. Time is of the essence in this lease

18. Tenant on behalf of itself and its agents, contractors, licensees affiliates, officers, directors, and employees (collectively, "Tenant Users") agrees that it shall indemnify, protect, defend and hold harmless Landlord, its agents, contractors, licensees affiliates, officers, directors, members, managers, and employees free from and against any and all losses, liabilities, damages, claims, demands, causes of action, lawsuits, actions, suits, proceedings, judgments, awards, penalties, reasonable attorney's fees, liens (including, without limitation, mechanic's liens), reasonable costs or expenses of any kind or nature whatsoever, arising out of or resulting from Tenant Users exercising the rights granted in this Lease Agreement.

19. Landlord on behalf of itself and its agents, contractors, licensees affiliates, officers, directors, members, managers, and employees (collectively, "Landlord Users") agrees that it shall indemnify, protect, defend and hold harmless Tenant, its agents, contractors, licensees affiliates, officers, directors, and employees free from and against any and all losses, liabilities, damages, claims, demands, causes of action, lawsuits, actions, suits, proceedings, judgments, awards, penalties, reasonable attorney's fees, liens (including, without limitation, mechanic's liens), reasonable costs or expenses of any kind or nature whatsoever, arising out of or resulting from Landlord Users exercising the rights granted in this Lease Agreement.

20. Governing Law. This Lease Agreement and the obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of California.

21. Entire Agreement. This Lease Agreement constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, among the parties with respect to the subject matter hereof.

22. Headings. The captions in this Side Agreement are for convenience of reference only and shall not define or limit the provisions hereof.

23. Counterparts. This Lease Agreement and any amendment hereto may be executed via PDF signature and in several counterparts and by each party on a separate counterpart, each of which when executed and delivered shall be an original, and all of which together shall constitute one instrument. In proving this Lease Agreement it shall not be necessary to produce or account for more than one such counterpart signed by the party against whom enforcement is sought.

24. Severability. The provisions of this Lease Agreement are severable and if any one clause or provision hereof shall be held invalid or unenforceable in whole or in part in any jurisdiction, then such invalidity or unenforceability shall affect only such clause or provision, or part thereof, in such jurisdiction, and shall not in any manner affect such clause or provision in any other jurisdiction, or any other clause or provision of this Lease Agreement in any jurisdiction.

25. Attorneys Fees and Costs. In the event of any dispute arising out of the terms of this Lease Agreement, the prevailing party shall be entitled to reasonable attorneys fees and costs.

IN WITNESS WHEREOF, the undersigned have duly executed this Lease Agreement on the 21st day of December 2012, but effective March 1, 2007.

Landlord:

Grewal Land Holdings, LLC,
a Delaware Limited Liability Company

By: _____
Randeep S. Grewal, Ch. & CEO

Tenant:

HVI Cat Canyon, Inc.
a Colorado corporation

By: _____
Susan M. Whalen, SVP & GC




| LLC-6 | Amendment to Registration of a Foreign Limited Liability Company (LLC) |
|---|---|

To change the name of record for your registered foreign LLC, fill out this form; and submit for filing along with:
- A $30 filing fee.
- A certificate by the agency where the LLC was formed, certifying that the name was changed in that state, country or other place, also must be included if that name has changed.
- A separate, non-refundable $15 service fee also must be included, if you drop off the completed form.

*Important!* To change the LLC addresses, or to change the name or address of the LLC's agent for service of process, you must file a Statement of Information (Form LLC-12). To get Form LLC-12, go to www.sos.ca.gov/business-programs/business-entities/statements.

FILED VFO JCB
Secretary of State
State of California

JAN 09 2015

LLC

This Space For Office Use Only

For questions about this form, go to www.sos.ca.gov/business-programs/business-entities/filing-tips

① **LLC Name Used in California** (on file with CA Secretary of State)
Grewal Land Holdings LLC

② **LLC File No.** (Issued by CA Secretary of State)
200704710165

**New LLC Name to be used for this LLC in California**

③ If changed, list the LLC name now in the state, country or other place of the LLC's formation:
GLR LLC
*LLC Name*

④ List an alternate name to be used in California if: (1) the LLC name in Item 3 does not comply with California naming requirements or (2) you only are filing this form to change an existing alternate name. List the alternate name exactly as it is to appear on the records of the California Secretary of State. The alternate name must include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and may not include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company. (California Corporations Code section 17701.08.) Go to www.sos.ca.gov/business-programs/business-entities/name-availability for general name requirements & restrictions.

*Alternate Name*

**Existing Alternate LLC Name**

⑤ *Check this box if you completed Item 3 above, and if applicable. If you check this box, do not complete Item 4 above.*

☐ This LLC registered in California before January 1, 2014; currently transacts intrastate business in California under the alternate name listed in Item 1 above; and upon this filing, will continue to transact intrastate business in California under the alternate name listed in Item 1 above.

⑥ *Check this box if applicable. If you check this box, do not complete Item 4 above. Note: If this LLC registered in California after December 31, 2013, and the LLC name now used in the state, country or other place of the LLC's formation complies with California Corporations Code section 17701.08, you must check this box to relinquish the alternate name.*

☐ The alternate name under which this LLC currently transacts intrastate business in California will no longer be used. Upon this filing, this LLC will transact intrastate business in California under the LLC name now used in the state, country or other place of the LLC's formation.

**Read and sign below:**

I am authorized to sign this document under the laws of the state, country or other place where this LLC was formed.

▶ [Signature]
*Sign here*

Violeta Berniczky
*Print your name here*

Manager
*Your business title*

Make check/money order payable to: Secretary of State
Upon filing, we will return one (1) uncertified copy of your filed document for free; and will certify the copy upon request and payment of a $5 certification fee.

**By Mail**
Secretary of State
Business Entities, P.O. Box 944228
Sacramento, CA 94244-2280

**Drop-Off**
Secretary of State
1500 11th Street, 3rd Floor
Sacramento, CA 95814

Corporations Code §§ 17701.08, 17708.05
LLC-6 (REV 12/2014)

2014 California Secretary of State
www.sos.ca.gov/business-programs



# Delaware

PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "GREWAL LAND HOLDINGS LLC", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "GLR LLC", THE EIGHTH DAY OF JANUARY, A.D. 2015, AT 4:21 O'CLOCK P.M.

Jeffrey W. Bullock, Secretary of State

3931687    8320

150027310

AUTHENTICATION: 2023921

DATE: 01-09-15

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Exhibit B - Page 11

2007047/0/65

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**REQUEST FOR PAYMENT OF ADMINISTRATIVE RENT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/14/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Alicia Clough**    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen**    mscohen@loeb.com, klyles@loeb.com
- **Alec S DiMario**    alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- **Karl J Fingerhood**    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **H Alexander Fisch**    Alex.Fisch@doj.ca.gov
- **Don Fisher**    dfisher@ptwww.com, tblack@ptwww.com
- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Ellen Friedman**    efriedman@friedmanspring.com
- **Gisele M Goetz**    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu
- **Karen L Grant**    kgrant@silcom.com
- **Ira S Greene**    Ira.Greene@lockelord.com
- **Matthew C. Heyn**    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Eric P Israel**    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Alan H Katz**    akatz@lockelord.com
- **John C Keith**    john.keith@doj.ca.gov
- **Maxim B Litvak**    mlitvak@pszjlaw.com
- **Michael Authur McConnell (TR)**    Michael.mcconnell@kellyhart.com
- **Brian M Metcalf**    bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
- **David L Osias**    dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com
- **Darren L Patrick**    dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
- **Jeffrey N Pomerantz**    jpomerantz@pszjlaw.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Mitchell E Rishe**    mitchell.rishe@doj.ca.gov
- **Zev Shechtman**    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Sonia Singh**    ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com
- **Daniel A Solitro**    dsolitro@lockelord.com, ataylor2@lockelord.com
- **Ross Spence**    ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- **Christopher D Sullivan**    csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com
- **Jennifer Taylor**    jtaylor@omm.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                               **F 9013-3.1.PROOF.SERVICE**

- **John N Tedford**   jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- **Salina R Thomas**   bankruptcy@co.kern.ca.us
- **Patricia B Tomasco**   pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com
- **Fred Whitaker**   lshertzer@cwlawyers.com, spattas@cwlawyers.com
- **William E. Winfield**   wwinfield@calattys.com, scuevas@calattys.com
- **Richard Lee Wynne**   richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com
- **Emily Young**   pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **Aaron E de Leest**   adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _2/14/2020_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Martin Barash**
**United States Bankruptcy Court**
**21041 Burbank Boulevard, Suite 342**
**Woodland Hills, CA 91367**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/14/2020 | William C. Beall | */s/ William C. Beall* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE