BEALL & BURKHARDT, APC
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Counsel for GRL, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI Cat Canyon, Inc.,<br><br>                    Debtor. | Bk. No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**CONSOLIDATED REPLY BRIEF RE MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE STAY DOES NOT APPLY**<br><br>Date: February 25, 2020<br>Time: 10:30 a.m.<br>Place: 1415 State Street<br>         Courtroom 201<br>         Santa Barbara, CA 93101 |

GRL, LLC brings its Reply to oppositions filed by the Chapter 11 Trustee, UBS, AG, and the California State Lands Commission as follows:

Before addressing the arguments that the Objections make, it should first be discussed what arguments have not been made. None of the objecting parties make any legal argument in opposition to the argument in the Motion that GRL, LLC has a real property interest in royalties to be received. With one minor exception (to be discussed later) no party argues in opposition to the Motion's argument that the royalties and overriding royalties to be received by GRL, LLC are not property of

1

the estate. None of the oppositions contests the validity of any of the recorded interests attached to the Motion. None of the oppositions suggests any claim the estate might have against GRL, LLC (except the non-monetary action filed by the Trustee to set aside a single contractually required quitclaim deed for a property that had not produced for many years). None of the oppositions provides any scintilla of a legal argument in support of the proposition that the estate could somehow set off a post-petition debt it owes one entity against a pre-petition claim it alleges against another. Instead, the oppositions seem to primarily seek that the Court refuse to grant merited relief to a party simply because those same opposing parties have continually told the Court how bad the movant's ownership-related entities are.

## PROSPECTIVE VERSUS RETROSPECTIVE RELIEF

Both the Trustee and UBS argue that the instant motion is an inappropriate vehicle for obtaining post-filing royalties. The thrust of this Motion is with regard to future royalties. The estate has no right to them. It is not paying them over. GRL, LLC wishes to be paid its property directly from the purchasers, something it has every right to do. No argument made in any of the Objections contests that as to future royalties, GRL, LLC has an interest in real property. One stick of the bundle, so to speak. What the Objections ask is that the Trustee be permitted to take GRL, LLC's real property interest going forward to allow the estate to essentially execute on a vaguely described claim that has not been filed, a claim against a different entity. Nothing in the Bankruptcy Code permits such a result.

With regard to those royalties already paid to the Trustee, as well as those escrowed by the Debtor-in-Possession, the counterclaim in adv. No. 20-01006 will be the proper vehicle. However, unless the Trustee has a legal argument not yet advanced, for the Trustee to litigate the matter might well be litigation presented simply to cause unnecessary delay or needlessly increase the cost of litigation. GRL, LLC believes the Trustee should immediately turn over the escrowed funds simply because it is his job to do so.

2

## EFFECT OF PRIOR ORDERS

The oppositions suggest that prior orders of the various courts (on cash collateral and post-petition lending motions) require escrowing of royalties due to GRL, LLC, rather than payment. All of those orders are subject to further Order of this Court. It is time for such an Order, and nothing in any of the prior Orders prevents this Court from making such a further Order.

Furthermore, the prior Orders require deposit of royalties into escrow, but the Trustee's response makes it appear that the Trustee has been violating that Order. There is a statement in the Trustee's declaration that the Trustee has deposited (no suggestion as to when) the sum of $70,000.00 into the escrow account. The Trustee has not accounted to GRL, LLC for royalties, but the round number deposited is almost certainly incorrect.

Ironically, the Trustee has not accounted to GRL, LLC for its right to royalties, but he objects to Mr. Grewal's declaration stating that Mr. Grewal has no personal knowledge of the proper amount of royalties. Of course the Motion would have been clearer regarding amounts if the Trustee had fulfilled his obligation to account to GRL, LLC for its royalties.

The Orders referred to are based upon cash collateral and post-petition financing. But neither the Debtor nor the estate can grant a security interest in property that is not property of the Debtor, nor property of the estate. Put simply, the UBS lien is on the Debtor's net revenue interest, not on GRL, LLC's separate real property right.

## EFFECT OF THE DIVISION ORDERS

There are suggestions that the division orders would interfere with the estate's business in two ways. First, it is suggested that the purchasers of the estate's oil and gas will be confused. There is no support whatsoever in the record for this proposition. Indeed, division orders are common in the industry and the purchasers, primarily large sophisticated oil companies, will have no trouble.

3

Even further afield, there is a suggestion that somehow such an order would chill bidding on the assets. Any purchaser of the estate's rights will be an experienced, sophisticated oil and gas operator. It will understand the fact that it has to look at the estate's net revenue interest, not its gross sales proceeds. Such a buyer will not expect that after purchase it will receive the benefit of the gross proceeds, whether or not it grasps the legal concept of an incorporeal hereditament. This will be true for all the royalty holders.

## FORM OF THE DIVISION ORDERS

The oppositions have objections to the amounts and date of the proposed division orders. The date is irrelevant. The only date that matters is that date such an order is served. As far as amounts are concerned, the Trustee testified at the first meeting of creditors that he intended to pay and would pay royalties based upon the Debtor's books and records. If errors were found, adjustments would be made when such errors were found. The division orders are consistent with the Debtor's books and records (the "pay deck" described in the Trustee's opposition), and GRL, LLC's recorded interests are attached to the Motion. In addition, they have been provided to the Trustee's representative. None of the oppositions argues that any of the documents are incorrect, or that any of them have not been properly perfected. None of the oppositions makes any substantive argument concerning the percentages in the proposed division orders. It is insufficient for any of the objectors to say that the Court should deny relief based upon some problem that might be found in the future, especially because the same argument could be used to exempt the Trustee from paying any royalties at all.

## SUGGESTIONS OF SETOFF CLAIMS

The objections suggest that there might possibly be claims against some related entity that might permit the Trustee to seize GRL, LLC's property post filing on some vague setoff theory. The claims are not described, the way in which any such setoff claim would skirt the concept of mutuality

4

is not discussed. There is another suggestion that the Trustee has not had sufficient time to "investigate" claims against GRL, LLC. To the contrary, the Trustee has already sued GRL, LLC, so apparently the investigation has already occurred. GRL, LLC has been sued twice, in fact. Once, in adv. 20-01011, the Trustee claimed a legal position identical to that espoused in this motion. The other action is with regard to a single Quitclaim Deed the Trustee claims to be a voidable transfer despite the contractual requirement that the Deed be given. Movant submits that if the Trustee had other claims against GRL, LLC, they should have been included in adv. 20-01006.

In this regard, there is discussion of an alleged claim against CAP, a separate entity. Whatever the merits of that argument (Movant is informed that CAP contests it has liability), it has nothing to do with GRL, LLC. Setoff under section 553 requires the debts to be mutual.

### GRL, LLC's RIGHTS ARE NOT PROPERTY OF THE ESTATE

The Motion argues, with valid citations to courts both in and out of the Ninth Circuit that interpret California law, that GRL, LLC's portion of the proceeds of oil and gas sold is not property of the estate. The only suggestion of a response to this argument is a throw away line by UBS that a contract right of the debtor is property of the estate with a completely inapposite citation. Indeed, the Trustee has filed an adversary proceeding (20-ap-01011) which essentially takes the same position argued here by Movant-the Trustee argues that these royalty claims are *not* executory contracts.

The cases cited in the motion, *In re Delta Petroleum Corp*, *Consolidated Royalties v. Ashton*, and the California cases make it clear that GRL, LLC's interest is not property of the estate. As such, service of the division orders is not an act to exercise control over property of the estate and the stay does not apply.

### CLAIM DISALLOWANCE

The Trustee makes a claim that somehow GRL, LLC could have its claim disallowed if it doesn't return an avoided transfer. The only claim for a transfer is with regard to a single quitclaim deed that was required, contractually, to be executed, and in fact transferred no property, since the

contract was terminated. If the Trustee prevails against GRL, LLC in the pending adversary, the Quitclaim will be set aside, no action of GRL, LLC will even be required to "return" the avoided transfer.

Even more pertinently, this Motion doesn't seek payment of a claim (or even an administrative expense) but prospective relief. 502(d) is nowhere near applicable to this situation.

Since GRL, LLC's royalty interests and overriding royalty interests are not property of the estate, service of the Oil and Gas Division Orders do not violate section 362(a)(2) or (3). The Court should issue its Order finding that GRL, LLC's royalty interests and overriding royalty interests are not property of the estate and permitting service of the Oil and Gas Division Orders.

Dated: 2/19, 2020                                BEALL & BURKHARDT, APC

                                                 By: /s/ William C. Beall
                                                 William C. Beall, Counsel for GRL, LLC

## DECLARATION OF ERNESTO OLIVARES

I, Ernesto Olivares, declare and state as follows:

1. I am the Chief Financial Officer of GIT, Inc. Each of the matters set forth below is stated of my personal knowledge and if called as a witness, I could competently testify to each of them.

2. Prior to appointment of the Chapter 11 Trustee, I also acted as Chief Financial Officer of HVI Cat Canyon, Inc. My duties on behalf of both GIT, Inc. and HVI Cat Canyon, Inc. included performing accounting services. Among the accounting services was payment of royalties. Royalties are paid according to the business records of HVI Cat Canyon, known as the "pay deck".

3. There have been no changes to the royalty interests or overriding royalty interests of GRL, LLC in HVI Cat Canyon's pay deck since the petition date.

4. I have reviewed the pay deck that was turned over to the Chief Restructuring Officer, and the royalty interests and overriding royalty interests of GRL, LLC are the same in the pay deck as in the proposed Division Orders attached as Exhibit C to the Motion with one exception. The exception is that the royalty interest of GRL, LLC in the Division Order for Kern County is 0.0001587 more than the royalty interest of GRL, LLC in the pay deck for each the McPhail – 37H and Belridge leases. A royalty interest in this same amount 0.0001587 is shown in the pay deck as owned by Claudia Valentine.

I declare the foregoing is true under penalty of perjury, at Santa Maria, California under the laws of the United States.

Dated: 02/18/2020

Ernesto Olivares

## DECLARATION OF WILLIAM C. BEALL

I, William C. Beall, declare and state as follows:

1.   I am an attorney licensed to practice law in the Courts of the State of California and before this Court. Each of the matters set forth below is stated of my personal knowledge and if called as a witness, I could competently testify to each of them.

2.   On behalf of GRL, LLC, I attended a session of the first meeting of creditors on January 31, 2020.

3.   At that meeting, both Trustee Michael McConnell and Chief Restructuring Officer Tim Skillman testified under oath.

4.   Among the items of testimony was a discussion of the payment of royalties. The Trustee testified that royalties would be paid according to the "pay deck" in the Debtor's records. To the extent discrepancies were identified in the future, adjustments would be made.

5.   Also at the first meeting of creditors, I met Maribel Aguilera, an attorney from Kirk & Simas. The Trustee identified her as being tasked by him with confirming the propriety of recorded royalty and overriding royalty interests.

6.   Promptly after the meeting, I sent to Ms. Aguilera the various recorded documents (Exhibit A to the Motion). I have received no request for anything further from her.

I declare the foregoing is true under penalty of perjury, at Santa Barbara, California under the laws of the United States.

Dated: 2/19/20

*/s/ William C. Beall*
William C. Beall

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1114 State Street, Suite 200, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*):
**CONSOLIDATED REPLY BRIEF RE MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE STAY DOES NOT APPLY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/19/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- Alicia Clough    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- Marc S Cohen    mscohen@loeb.com, klyles@loeb.com
- Alec S DiMario    alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- Karl J Fingerhood    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- H Alexander Fisch    Alex.Fisch@doj.ca.gov
- Don Fisher    dfisher@ptwww.com, tblack@ptwww.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Ellen Friedman    efriedman@friedmanspring.com
- Gisele M Goetz    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu
- Karen L Grant    kgrant@silcom.com
- Ira S Greene    Ira.Greene@lockelord.com
- Matthew C. Heyn    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- Brian L Holman    b.holman@musickpeeler.com
- Eric P Israel    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Alan H Katz    akatz@lockelord.com
- John C Keith    john.keith@doj.ca.gov
- Maxim B Litvak    mlitvak@pszjlaw.com
- Michael Authur McConnell (TR)    Michael.mcconnell@kellyhart.com
- Brian M Metcalf    bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
- David L Osias    dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com
- Darren L Patrick    dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
- Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com
- Mitchell E Rishe    mitchell.rishe@doj.ca.gov
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Sonia Singh    ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com
- Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
- Ross Spence    ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- Christopher D Sullivan    csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

- **Jennifer Taylor**    jtaylor@omm.com
- **John N Tedford**    jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- **Salina R Thomas**    bankruptcy@co.kern.ca.us
- **Patricia B Tomasco**    pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com
- **Fred Whitaker**    lshertzer@cwlawyers.com, spattas@cwlawyers.com
- **William E. Winfield**    wwinfield@calattys.com, scuevas@calattys.com
- **Richard Lee Wynne**    richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com
- **Emily Young**    pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **Aaron E de Leest**    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _2/19/2020_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Honorable Martin Barash**
**United States Bankruptcy Court**
**21041 Burbank Boulevard, Suite 342**
**Woodland Hills, CA 91367**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/19/2020 | William C. Beall | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**