O'MELVENY & MYERS LLP
Evan M. Jones (S.B. # 115827)
Jennifer M. Taylor (S.B. # 241191)
Darren L. Patrick (S.B. # 310727)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: ejones@omm.com
E-mail: jtaylor@omm.com
E-mail: dpatrick@omm.com

Gary Svirsky (N.Y. SBN: 2899417)
Samantha M. Indelicato (N.Y. SBN: 5598263)
(appearing *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: gsvirsky@omm.com
E-mail: sindelicato@omm.com

*Attorneys for UBS AG, London Branch*
*and UBS AG, Stamford Branch*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA — NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**UBS AG, LONDON BRANCH'S OPPOSITION TO GLR, LLC'S REQUEST FOR PAYMENT OF ADMINISTRATIVE RENT [DKT. NO. 801]**<br><br>Hearing<br><br>Date:    March 12, 2020<br>Time:    10:00 a.m.<br>Place:    Courtroom 201<br>             1415 State Street<br>             Santa Barbara, California 93101 |

1    UBS AG, London Branch and UBS AG, Stamford Branch ("UBS") respectfully submit this

2    opposition to GLR, LLC's ("GLR") *Request for Payment of Administrative Rent* [Docket No. 801]

3    (the "Motion").  The Motion is yet another attempt by Mr. Randeep S. Grewal[1]—now acting as

4    GLR's stated "principal"—to seek preferential treatment based on questionable claims against the

5    estate.  The Motion should be denied.

6        *First*, GLR should not receive any purported "administrative" rent for the Lakeview Office

7    or the Lakeview Warehouse (the "Lakeview Property") while the Trustee's adversary complaint

8    against GLR for avoidance and recovery of fraudulent transfers remains pending.  See Mot. at 1.

9    That action alleges—and is supported by evidence in the public record—that the Debtor

10   quitclaimed all of its interest in the Lakeview Property to GLR just six days before the Petition

11   Date while both entities were under Mr. Grewal's control.   See Case No. 9:20-ap-01006-MB at

12   Docket No. 1 (Complaint) ¶ 21, Ex. 2 (Quitclaim Deed).  The Quitclaim Deed specifically identifies

13   the Lakeview Property—including assessor parcel numbers (APN) 129-120-26 and 129-170-27—

14   and provides that the Debtor "relinquishes [and] surrenders … any and all right, title, and interest"

15   therein to GLR effective July 19, 2019.  See id. at pp. 14, 25 (Legal Description)[2].  These are the

16   same APN's shown on the lease on which GLR now seeks payment.  See Mot. at 6 (Lakeview

17   Office and Warehouse Lease) ¶ 1(a), (b).  Based on the specific identification of the Lakeview

18   Property in the Quitclaim deed executed by the Debtor in favor of GLR, a reasonable inference can

19   be drawn that, prior to execution of the Quitclaim Deed, the Debtor and not GLR was the owner of

20   the Lakeview Property, which would necessarily mean the lease agreement submitted by GLR in

21   support of its motion is invalid on its face.  At a minimum, GLR's demand for rent on real property

22   that the Debtor quitclaimed to GLR less than a week before the Petition Date is highly suspect.

---

[1] On October 16, 2019, this Court approved the Trustee's appointment following motions by UBS; the California State Lands Commission; the California Department of Conservation Division of Oil, Gas, and Geothermal Resources; the Santa Barbara County Air Pollution District and Tax Collector; and Buganko, LLC, citing Mr. Grewal's gross mismanagement, malfeasance, insider transactions, environmental infractions, and failure to pay royalties.  See Docket No. 409 (Order).

[2] The Deed appears to have been executed on January 16, 2019, but was not recorded until July 19, 2019.  Id. at p. 14.  Under Mr. Grewal's control, the Debtor filed its Chapter 11 petition on July 25, 2019.  See Docket No. 1 (Petition).

1    Further, the Motion is unsupported by sufficient evidence of GLR's entitlement to post-

2    petition rent.  Mr. Grewal's supporting declaration makes no mention of GLR's ownership of the

3    property or role as the Debtor's "landlord."  See Mot. at 1; cf. Mot. at 4–5 (Grewal Declaration).

4    Conspicuously, the declaration also fails to establish that the Debtor ever made prepetition rent

5    payments to GLR or even occupied the premises.  See Mot. at 4–5 (Grewal Declaration).  Nor is it

6    plausible that the lease attached to the Motion was an arms-length transaction.  The Trustee has

7    indicated he has located new leased space for the Debtor's headquarters at $5,000 per month,

8    whereas the rent under the Lakeview Property lease is 50% higher at $7,500 per month.  See Docket

9    No. 812 (Trustee's Motion to Reject Lakeview Lease) at 7–8.  That amounts to approximately

10    $30,000 in overcharges per year.[3]

11    Given the suspicious nature of the Quitclaim Deed and the lease, GLR's claim for

12    administrative rent should be disallowed until its ownership of the property and entitlement to rent

13    are properly investigated and determined in the context of the Trustee's adversary proceeding.  See

14    11 U.S.C. § 502(d) ("[T]he court shall disallow any claim of any entity from which property is

15    recoverable under Section … 550 … of this title or that is a transferee of a[n avoidable] transfer …

16    unless such entity or transferee has paid the amount, or turned over any such property, for which

17    such entity or transferee is liable[.]"); In re MicroAge, Inc., 291 B.R. 503, 508–12 (B.A.P. 9th Cir.

18    2002) (holding that "§ 502(d) may be raised in response to the allowance of an administrative

19    claim"; that "[n]othing in the plain language of § 502(d) limits its application to prepetition claims";

20    and that "the bankruptcy court erred when it held that § 502(d) does not apply to claims for expenses

21    of administration").

22    Second, GLR's request for immediate allowance and payment of administrative rent is

23    premature.  Bankruptcy courts within the Ninth Circuit have consistently recognized that—

24    notwithstanding Section 365(d)(3)'s directive that the "trustee shall timely perform" its obligations

25    under non-residential real property leases—deferral is appropriate in cases of potential

26

---

[3] Further, the Lakeview Property lease was executed on behalf of the Debtor by Susan

27    Whalen.  Mot. at 8 (Lease).  UBS is informed Ms. Whalen acted as general counsel for all of the
"Greka" entities controlled by Mr. Grewal (including GLR).  And Mr. Grewal, who executed the

28    lease for GLR, was admittedly the Debtor's Chairman.

- 3 -

1    administrative insolvency.  See In re Orvco, Inc., 95 B.R. 724, 728 (B.A.P. 9th Cir. 1989), overruled

2    on other grounds by In re Pacific Atlantic Trading Co., 27 F.3d 401 (9th Cir. 1994) ("Because the

3    record indicates that there may not be sufficient funds in the estate to pay all administrative

4    claimants in full, the bankruptcy court did not err in deferring payment on [landlord's

5    administrative rent] claim pending a determination of the amount of the claim and the ability of the

6    Debtor to pay all administrative claimants.").

7        As the Orvco court explained, "[a]lthough section 365(d)(3) calls for timely performance

8    of the debtor's lease obligations, there is no indication that Congress intended to grant landlords

9    some type of super-priority status."  Id. at 728.  "Accordingly, most courts addressing the issue

10   have held that where there are insufficient funds in the estate to satisfy all administrative claims, a

11   landlord is only entitled to its pro rata share with the other allowed administrative claimants."  Id.

12   see also In re LPM Corp., 269 B.R. 217, 223 (B.A.P. 9th Cir. 2001), aff'd, 300 F.3d 1134 (9th Cir.

13   2002) ("[W]e are still bound by Orvco's holding that an administrative claim under § 365(d)(3)

14   does not entitle a landlord to superpriority status if the estate is administratively insolvent."); In re

15   Bryant Universal Roofing, Inc., 218 B.R. 948, 953 (Bankr. D. Ariz. 1998) ("Other courts within

16   the Ninth Circuit have followed Orvco, and this Court will also."); In re MS Freight Distribution,

17   Inc., 172 B.R. 976, 978 (Bankr. W.D. Wash. 1994) (same); In re Tandem Grp., Inc., 61 B.R. 738,

18   742 (Bankr. C.D. Cal. 1986) (pending determination of sufficiency of available funds, "the court

19   postpones its determination of the amount of administrative rent due and owing to moving party").

20       The Trustee has acknowledged the risk of administrative insolvency at numerous hearings

21   in this case; and his pleadings indicate there may be insufficient funds to pay administrative claims

22   in full.  See Docket No. 698 (Trustee's Fee Application) at ¶¶ 6, 7.  The United States Trustee has

23   also identified a "concern that there may be insufficient monies to … pay the Debtor's post-petition

24   obligations going forward."  See Docket No. 711 (UST Objection to Fee Applications) at 1–2.

25   GLR's administrative rent claim should not be allowed or paid until the Trustee determines whether

26   sufficient cash will become available to pay all administrative claims, not just those of GLR.  Until

27   that occurs, GLR is protected by the Trustee's retention of rent payments in escrow.

28       Finally, GLR has failed to articulate any sound basis for this Court to overturn its multiple

- 4 -

—

prior orders prohibiting the Debtor from making rent payments to insiders and affiliates, including one negotiated by Mr. Grewal at the first day hearings.[4]  GLR's contention that these orders do not apply because GLR is not an "insider" or "affiliate" of the Debtor, Mot. at 2, contradicts prior admissions by the Debtor's former Chairman, Mr. Randeep Grewal, and are incorrect as a matter of law.  Mr. Grewal testified at the first-day hearings that he owns and controls GLR, and that GLR is an "affiliate" and "sister company" of the Debtor:

> THE COURT:  And who is GLR? Is this an affiliate, is it somebody else?
> THE WITNESS:  It's an affiliate?
> THE COURT:  Okay. What's the nature of the corporate relationship? […]
> Is it a parent, is it a sister company? What is it?
> THE WITNESS:  It's owned -- for example, I am a director of GLR, so it's
> affiliated with my management position at GLR. So to answer your
> question, Your Honor, a sister company.
> THE COURT:  Okay.

See 8/1/2019 Hr'g Tr. (First Day Hearing) at 35:9-21.[5]  Mr. Grewal's declaration in support of the Motion again confirms he is GLR's "principal."  Mot. at 4 (Grewal declaration) ¶ 1.

In addition, UBS is informed and believes that both the Debtor and GLR are indirectly owned by Mr. Grewal.  Therefore, GLR is an "affiliate" of the Debtor pursuant to Section 101(2)(B) of the Bankruptcy Code.  Further, the Bankruptcy Code defines "insider" non-exclusively to "*include* … any affiliate, or insider of an affiliate" as well as any "director, officer, or person in control of the Debtor."  11 U.S.C. § 101(31)(B)(i)-(iii), (D) (emphasis added).   Mr. Grewal (the Debtor's prior Chairman) and GLR (his wholly-controlled "sister company" of the Debtor) both fit within the statutory definition of "insider" and are bound by the restrictions in the financing orders.  Those orders were expressly designed to prevent the Debtor from making rent (and royalty)

---

[4] See Docket No. 43 (Interim Cash Collateral Order) at ¶ 9 ("Absent further order of the Court or written consent of UBS … the Debtor shall not make … any  … surface lease payments to insiders or affiliates of the Debtor … but the Debtor shall hold any such payments in an interest-bearing escrow or segregated account"); Docket No. 572 (Final DIP Order) at ¶ 15 (same).

[5] The first day hearing transcript was admitted into evidence without objection at this Court's cash collateral trial on October 3-4, 2019 as Exhibit "UBS-18."  It also appears on the docket as Exhibit 15 to the *Declaration of Samantha Indelicato in Support of Objection of UBS AG, London Branch to Debtor's Motion for Final Order Approving Use of Cash Collateral,* see Docket No. 121-19, and as Exhibit 18 to the *Declaration of Samantha Indelicato in Support of UBS AG, London Branch's Motion to Appoint a Chapter 11 Trustee* filed on October 7, 2019, see Docket No. 365-18.

1  payments to its admitted affiliates controlled by Mr. Grewal, including GLR.

2      The Motion should be denied outright or, at most, GLR's request for allowance and payment

3  of administrative rent should be deferred until the Trustee has (i) investigated the Quitclaim Deed

4  and the GLR lease in the context of his adversary proceeding; and (ii) determined whether the estate

5  will have sufficient funds to pay all administrative claimants.

6

7   Dated:  February 27, 2020                    Respectfully submitted,

8                                                O'MELVENY & MYERS LLP

9                                                */s/ Darren L. Patrick*
                                                 Darren L. Patrick
10                                               400 South Hope Street, 18th Floor
                                                 Los Angeles, CA 90071-2899
11                                               Telephone:  (213) 430-6000
                                                 Facsimile:  (213) 430-6407
12                                               E-mail:  dpatrick@omm.com

13                                               *Attorneys for UBS AG, London Branch and*
                                                 *UBS AG, Stamford Branch*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

1

## PROOF OF SERVICE OF DOCUMENT

2

3
I am over the age of eighteen and not a party to this bankruptcy case or adversary proceeding.
My business address is **400 South Hope Street, Los Angeles, California 90071-2899**.

4
A true and correct copy of the foregoing document entitled **UBS AG, LONDON BRANCH's**
5
**OPPOSITION TO GLR, LLC's REQUEST FOR PAYMENT OF ADMINISTRATIVE**
**RENT [DKT. No. 801]** will be served or was served **(a)** on the judge in chambers in the form and
6
manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

7
**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing
8
document will be served by the court via NEF and hyperlink to the document.  On **2/27/20**, I
checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
9
that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
**the email address(es) indicated below:**

10

11
**William C Beall** will@beallandburkhardt.com, carissa@beallandburkhardt.com

12
**Alicia Clough** aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

**Marc S Cohen** mscohen@loeb.com, klyles@loeb.com
13

14
**Alec S DiMario** alec.dimario@mhllp.com, debra.blondheim@mhllp.com;

15
Syreeta.shoals@mhllp.com

16
**Karl J Fingerhood** karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

17
**H Alexander Fisch** Alex.Fisch@doj.ca.gov

18
**Don Fisher** dfisher@ptwww.com, tblack@ptwww.com

19
**Brian D Fittipaldi** brian.fittipaldi@usdoj.gov

20
**Ellen Friedman** efriedman@friedmanspring.com

21
**Gisele M Goetz** gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu

22
**Karen L Grant** kgrant@silcom.com

23
**Ira S Greene** Ira.Greene@lockelord.com

24
**Matthew C. Heyn** Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

25
**Brian L Holman** b.holman@musickpeeler.com

26
**Eric P Israel** eisrael@DanningGill.com, danninggill@gmail.com;

27
eisrael@ecf.inforuptcy.com

**Razmig Izakelian** razmigizakelian@quinnemanuel.com
28

UBS OPPOSITION TO GLR REQUEST FOR PAYMENT OF ADMINISTRATIVE RENT

1    **Alan H Katz** akatz@lockelord.com

2    **John C Keith** john.keith@doj.ca.gov

3    **Jeannie Kim** jkim@friedmanspring.com

4    **Mitchell J Langberg** mlangberg@bhfs.com, dcrudup@bhfs.com

5    **Maxim B Litvak** mlitvak@pszjlaw.com

6    **Michael Authur McConnell (TR)** Michael.mcconnell@kellyhart.com

7    **Brian M Metcalf** bmetcalf@omm.com

8    **David L Osias** dosias@allenmatkins.com, bcrfilings@allenmatkins.com,

9    kdemorest@allenmatkins.com**,** csandoval@allenmatkins.com

10   **Darren L Patrick** dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com**;**

11   sindelicato@omm.com;ejones@omm.com

12   **Jeffrey N Pomerantz** jpomerantz@pszjlaw.com

13   **Benjamin P Pugh** bpugh@ecg.law, mwoo@ecg.law, mhamburger@ecg.law,

14   calendar@ecg.law

15   **Edward S Renwick** erenwick@hanmor.com, iaguilar@hanmor.com

16   **J Alexandra Rhim** arhim@hrhlaw.com

17   **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com

18   **Mitchell E Rishe** mitchell.rishe@doj.ca.gov

19   **Zev Shechtman** zshechtman@DanningGill.com,

20   danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

21   **Sonia Singh** ssingh@DanningGill.com, danninggill@gmail.com,

22   ssingh@ecf.inforuptcy.com

23   **Daniel A Solitro** dsolitro@lockelord.com, ataylor2@lockelord.com

24   **Ross Spence** ross@snowspencelaw.com, janissherrill@snowspencelaw.com;

25   donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

26   **Christopher D Sullivan** csullivan@diamondmccarthy.com,

27   mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com

28   **Jennifer Taylor** jtaylor@omm.com

**John N Tedford** jtedford@DanningGill.com, danninggill@gmail.com;

jtedford@ecf.inforuptcy.com

**Salina R Thomas** bankruptcy@co.kern.ca.us

**Patricia B Tomasco** pattytomasco@quinnemanuel.com,

barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

**Fred Whitaker** lshertzer@cwlawyers.com, spattas@cwlawyers.com

**William E. Winfield** wwinfield@calattys.com, scuevas@calattys.com

**Richard Lee Wynne** richard.wynne@hoganlovells.com,

tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

**Emily Young** pacerteam@gardencitygroup.com,

rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

**Aaron E de Leest** adeleest@DanningGill.com,

danninggill@gmail.com;adeleest@ecf.inforuptcy.com

## II. **SERVED BY PERSONAL DELIVERY:**

Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **2/27/2020** I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

## **JUDGE:**

Hon. Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Courtroom 303
Woodland Hills, 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of February, 2020 at Los Angeles, California.

_/s/ Jan Wallis_
Jan Wallis

- 9 -