ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
SONIA SINGH (State Bar No. 311080)
*ssingh@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Michael A. McConnell, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 7<br><br>**TRUSTEE'S NOTICE OF MOTION AND MOTION TO EXPUNGE:<br>(1) NOTICE OF OIL AND GAS LIEN FILED BY CALIFORNIA ASPHALT PRODUCTION, INC. (DOCKET NO. 821);<br>(2) NOTICE OF OIL AND GAS LIEN FILED BY GTL1, LLC (DOCKET NO. 822); AND<br>(3) NOTICE OF OIL AND GAS LIEN FILED BY GIT, INC. (DOCKET NO. 823); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE, IN SUPPORT THEREOF**<br><br>Date:    April 17, 2020<br>Time:   10:00 a.m.<br>Place:   Courtroom 201<br>             1415 State Street<br>             Santa Barbara, CA 93101 |

PLEASE TAKE NOTICE that on April 17, 2020, at 10:00 a.m., Michael A. McConnell, the Chapter 11 trustee for the estate of HVI Cat Canyon, Inc., will and hereby does move the Court for an order to expunge: (1) Notice of Oil and Gas Lien filed by California Asphalt Production, Inc. on or about February 24, 2020 *(docket no. 821)*; (2) Notice of Oil and Gas Lien filed by GTL1, LLC

on or about February 24, 2020 *(docket no. 822)*; and (3) Notice of Oil and Gas Lien filed by GIT, Inc. on or about February 24, 2020 *(docket no. 823)* (collectively, the "Oil and Gas Notices") (the "Motion").  The exception to the automatic stay pursuant to 11 U.S.C. § 362(b)(3) is only available for the perfection, or maintenance or continuation of perfection, of a pre-petition interest.  Here, the Oil and Gas Notices are attempts to <u>create</u> liens for <u>post-petition</u> services, materials and rental equipment.  Accordingly, the Oil and Gas Notices are not authorized by 11 U.S.C. § 362(b)(3) and void as violative of the automatic stay pursuant to 11 U.S.C. § 362(a)(4).

The Motion is based upon the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the papers and pleadings on file in this case, and such other evidence that may be presented to the Court.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(a)(7), any opposition to the Motion must be in writing in the format required by the Local Bankruptcy Rules, filed with the Clerk of the Court and served upon counsel for the Trustee, at the address in the upper left corner of the face of this Notice, and upon the United States Trustee, 1415 State Street, Suite 148, Santa Barbara, California 93101, not less than fourteen (14) days before the hearing.  Failure to comply with this procedure may be deemed consent to the granting of the relief requested.

DATED:  March 26, 2020        DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: _____*/s/ Sonia Singh*_____
SONIA SINGH
Attorneys for Michael A. McConnell, Chapter 11 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND FACTS

A.  The Bankruptcy Case

On July 25, 2019 (the "Petition Date"), HVI Cat Canyon, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is a Colorado corporation authorized to conduct business in the State of California. It is the owner and operator of producing oil and gas wells in California. The wells are located in Santa Barbara County, Orange County and Kern County.

The case was originally filed in the Southern District of New York. The case was transferred to the Northern District of Texas, and then later to the Central District of California. On or about August 9, 2019, an Official Creditor's Committee was appointed. The Debtor initially operated its business as a "debtor in possession," until on or about October 16, 2019, when the Court entered its Agreed Order Granting Motion for Appointment of a Chapter 11 Trustee.

On or about October 21, 2019, the U.S. Trustee appointed Michael A. McConnell as the Chapter 11 trustee (the "Trustee") in this case and, on or about October 22, 2019, the Court entered its order approving the appointment.

B.  The Oil and Gas Notices Under the California Oil and Gas Lien Act

On or about February 24, 2020, California Asphalt Production, Inc. ("CAP") purported to file a Notice of Oil and Gas Lien *(docket no. 821)*, in which it asserts a lien pursuant to California Civil Procedure Code § 1203.58 for unpaid services and materials CAP allegedly provided to the Debtor post-petition between August 1, 2019 and February 4, 2020 in the aggregate amount of $2,240,686.86.

On or about February 24, 2020, GTL1, LLC ("GTL1") purported to file a Notice of Oil and Gas Lien *(docket no. 822)*, in which it asserts a lien pursuant to California Civil Procedure Code § 1203.58 for unpaid services and rental equipment GTL1 allegedly provided to the Debtor post-petition between August 1, 2019 and December 31, 2019 in the amount of $979,717.20.

On or about February 24, 2020, GIT, Inc. ("GIT") purported to file a Notice of Oil and Gas Lien *(docket no. 823)*, in which it asserts a lien pursuant to California Civil Procedure Code § 1203.58 for unpaid services and materials GIT allegedly provided to the Debtor post-petition between August 1, 2019 and January 31, 2020 in the amount of $1,276,779.29.

The Notices of Oil and Gas Liens filed by CAP, GTL1 and GIT are referred to collectively herein as the "Oil and Gas Notices."[1]

## II.

## LEGAL ARGUMENT

A.  11 U.S.C. §§ 362(b)(3) and 546(b) Do Not Authorize the Oil and Gas Notices

Section 362(b) of the Bankruptcy Code states that:

> The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay — … (3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title.

11 U.S.C. § 362(b)(3).

Section 546(b) of the Bankruptcy Code states that:

> (1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that— (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or (B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.
>
> (2) If— (A) a law described in paragraph (1) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and (B) such property has not been seized or such an action has not been commenced before the date of the filing of the petition; such interest in such property shall be perfected, or perfection of such interest shall be maintained or

---

[1] The Trustee has numerous defenses and setoffs to the asserted obligations underlying each of the Oil and Gas Notices. Among other things, the agreements were rejected effective as of earlier dates. See, e.g., docket nos. 612 (certain oil sale agreements with CAP rejected as of November 27, 2019), 613 (remaining agreements with CAP and agreement with GTL1 all rejected as of November 27, 2019) and 782 (agreement with GIT rejected as of December 31, 2019).

  continued, by giving notice within the time fixed by such law for such seizure or such commencement.

11 U.S.C. § 546(b).

  The pertinent legislative history of Section 546(b) clarifies:

> If an interest holder against whom the trustee would have rights still has, under applicable nonbankruptcy law, and as of the date of the petition, the opportunity to perfect his lien against an intervening interest holder, then he may perfect his interest against the trustee… The rights granted to a creditor under this subsection prevail over the trustee <u>only if</u> the transferee has perfected the transfer in accordance with applicable law, and that perfection relates back to a date that is <u>before the commencement of the case</u>.

(emphasis added) H.R. No. 95–595, 95th Cong., 1st Sess. (1977) 371, U.S. Code Cong. & Admin. News 1978, 5787, 5963, 6327; S.R. No. 95–989, 95th Cong., 2nd Sess. (1978) 86, U.S. Code Cong. & Admin. News 1978, 5787, 5872.

  Thus, Section 546(b) is not available if the perfection under applicable law cannot date back pre-petition. *See Matter of Valairco, Inc.*, 9 B.R. 289, 293 (Bankr. D.N.J. 1981) ("The [legislative] history clearly indicates that [Section 546(b)'s] purpose is not to permit a creditor, who itself has taken no action prior to the filing of the case, to perfect a lien subsequent to the filing of the case."); *see also In re Black*, 19 B.R. 468, 472 (Bankr. M.D. Tenn. 1982) ("Since the security interest in this case was not created until after the filing of the debtor's bankruptcy petition, [§] 546 does not preclude the trustee from avoiding this post-petition transfer."); *see also In re Allegheny Int'l, Inc.*, 93 B.R. 907, 910 (Bankr. W.D. Pa. 1988)).

  Specifically, in order for the stay exception to apply, the "interest in property" under Section 546(b) must arise and exist <u>pre-petition</u>, and the existence of an interest in property is defined by state law. 6 *Collier on Bankruptcy* ¶ 546.03[4]; *see In re Glasply Marine Indus., Inc.*, 971 F.2d 391, 394 (9th Cir. 1992) ("If a creditor possesses a pre-petition interest in property, however, and state law establishes a time period for perfection of a lien based on that interest, the creditor may still perfect the lien post-petition."); *see also In re Aznoe Agribiz, Inc.*, 416 B.R. 755, 765 (Bankr. D. Mont. 2009) ("KSI's interest in the Debtor's crop was created pre-petition when it provided fertilizer, chemicals and services, so under *Glasply Marine* it may perfect its lien post-petition.") The "narrow purpose" of the Section 546(b) exception is to "'protect, in spite of the

surprise intervention of [the] bankruptcy petition, those whom State law protects' by allowing [creditors] to perfect an interest they obtained before the bankruptcy proceedings began." *In re Grede Foundries, Inc.*, 651 F.3d 786, 791 (7th Cir. 2011) (*quoting In re Parr Meadows Racing Ass'n, Inc.*, 880 F.2d 1540, 1546 (2d Cir. 1989)).

While the post-petition perfection of a lien under Sections 362(b)(3) and 546(b) may be permissible, <u>the creation of a lien post-petition is not</u>. *In re Badea*, No. 2:15-BK-10638-GS, 2018 WL 4441731, at *5 (B.A.P. 9th Cir. Sept. 17, 2018) (emphasis added) (*citing In re N. Side Lumber Co.,* 83 B.R. 735, 738 (B.A.P. 9th Cir. 1987), *aff'd*, 865 F.2d 264 (9th Cir. 1988), and *aff'd sub nom. Indus. Indem. Co. v. Seattle-First Nat. Bank*, 865 F.2d 264 (9th Cir. 1988)). "If the creditor has a prepetition unperfected interest in the debtor's property, [the § 546(b)] exception allows the creditor to take the steps necessary to perfect that interest because '[s]uch a <u>perfection</u> of a lien is not considered the <u>creation</u> of a lien.'" *Grede Foundries,* 651 F.3d at 791 (emphasis in original) (*citing Makoroff v. City of Lockport, N.Y.*, 916 F.2d 890, 892 n. 1 (3d Cir. 1990)).

In the case at bar, notably, CAP, GTL1 and GIT did not have the requisite pre-petition "interests in property" under the California Oil and Gas Lien Act (Cal. Code of Civ. Proc. §§ 1203.50 – 1203.66) to invoke Sections 362(b)(3) and 546(b). In order for any liens to be valid in bankruptcy, the liens must have been created under state law prior to the bankruptcy filing (i.e., pre-petition). *In re N. Side Lumber Co.,* 83 B.R. at 737. The California Oil and Gas Lien Act requires two distinct steps for the perfection of an oil and gas lien: (1) recordation of the lien pursuant to Cal. Code of Civ. Proc. § 1203.58 within six months after the date on which the claimant's labor was performed or services were provided, and (2) enforcement or perfection of the lien pursuant to Cal. Code of Civ. Proc. § 1203.61 by the filing of a lien enforcement action within 180 days from the time of the recording of the lien. *See In re Rincon Island Ltd. P'ship*, 253 B.R. 880, 883 (Bankr. C.D. Cal. 2000). Here, the asserted liens were not created under the California Oil and Gas Lien Act prior to the Petition Date. Instead, each of the Oil and Gas Notices are for services, materials and rental equipment provided post-petition.

Additionally, the attempt by CAP, GTL1 and GIT to rely on the Section 546(b)(2) notice requirement is a red herring. The filing of an enforcement action is required to <u>maintain the</u>

perfection of an oil and gas lien under the California law. *See Id.* at 883 (*citing Village Nurseries v. Gould (In re Baldwin Builders),* 232 B.R. 406, 411 (B.A.P. 9th Cir. 1999)). In bankruptcy cases, when commencement of an action is required to maintain or continue perfection, Section 546(b)(2) mandates that notice shall be given instead. *Id.* at 884; *see 6 Collier on Bankruptcy* ¶ 546.03[3]. Section 546(b) thus addresses a situation where state law requires the commencement of an action to perfect an interest…"[i]n such a situation, Section 546(b) compels a creditor to perfect an interest in the post-petition period by providing notice." *In re Coated Sales, Inc.*, 147 B.R. 842, 845–46 (S.D.N.Y. 1992). Here, CAP, GTL1 and GIT are attempting to give notice of their oil and gas liens pursuant to Section 546(b)(2) in lieu of the second step for perfection under the California law. However, none of them have any pre-petition interests in property to perfect, or maintain or continue perfection of under the California Oil and Gas Lien Act. Consequently, CAP, GTL1 and GIT cannot invoke the Section 546(b)(2) notice requirement for the improper creation of post-petition liens.

B.    <u>The Oil and Gas Notices are Void as Violative of the Automatic Stay</u>

An automatic stay is created upon the filing of the bankruptcy case. 11 U.S.C. § 362(a). "Actions taken in violation of the automatic stay are void." *Badea*, No. 2:15-BK-10638-GS, 2018 WL 4441731, at *3 (*citing Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992); *Cty. of Imperial Treasurer–Tax Collector v. Stadtmueller (In re RW Meridian LLC)*, 564 B.R. 21, 28 (B.A.P. 9th Cir. 2017)). "Section 362(a)(4) of the Bankruptcy Code specifically applies the stay to 'any act to create, perfect, or enforce any lien against property of the estate.'" *In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994). "The § 362(a)(4) prohibition on any act to <u>create</u> a lien retains its force despite § 362(b)(3) and § 546(b)." *Badea*, No. 2:15-BK-10638-GS, 2018 WL 4441731, at *5 (emphasis in original). Here, CAP, GTL1 and GIT are attempting to create liens for post-petition interests – actions which are in direct violation of the automatic stay, and thus void.

"We interpret statutory exceptions, including section 546(b), narrowly to further the purpose of the automatic stay…[t]hat purpose [is to] to ensure that all creditors are treated fairly and equally." *Glasply Marine*, 971 F.2d at 394–95. Here, the Oil and Gas Notices are not

maintaining the status quo on behalf of the claimants, but rather are an inappropriate attempt to give them preferred status over other post-petition creditors of the estate. If CAP, GTL1 and GIT assert that they are owed money for post-petition services, materials and rental equipment, they should file requests for administrative claims.

## III.

## RESERVATION OF RIGHTS

In responding to the Oil and Gas Notices, the Trustee has limited his briefing to the issue of whether procedurally CAP, GTL1 and GIT have violated the automatic stay. The Trustee reserves the right to object to the administrative claims on behalf of CAP, GTL1 and GIT, when and if filed, on the merits. Additionally, to the extent that the Court perceives that the Oil and Gas Notices do not violate the automatic stay and are authorized under 11 U.S.C. § 362(b)(3), the Trustee reserves the right to object to the enforceability and scope of the purported liens under state law.

## IV.

## CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court expunge the Oil and Gas Notices filed by CAP, GTL1 and GIT; and grant such further relief as is just and proper under the circumstances.

DATED: March 26, 2020                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    */s/ Sonia Singh*
       SONIA SINGH
       Attorneys for Michael A. McConnell, Chapter 11 Trustee

1581647.2  26932                          8

# REQUEST FOR JUDICIAL NOTICE

Michael A. McConnell, the Chapter 11 trustee (the "Trustee") for the estate of HVI Cat Canyon, Inc. (the "Debtor"), requests that the Court take judicial notice of the following:

1. On July 25, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code *(docket no. 1)*. The Debtor is a Colorado corporation authorized to conduct business in the State of California. It is the owner and operator of producing oil and gas wells in California. The wells are located in Santa Barbara County, Orange County and Kern County.

2. The Debtor filed its petition in the Southern District of New York. The case was transferred to the Northern District of Texas, and then later to the Central District of California.

3. On or about August 9, 2019, an Official Creditor's Committee was appointed *(docket no. 34)*.

4. The Debtor initially operated its business as a "debtor in possession," until on or about October 16, 2019, when the Court entered its Agreed Order Granting Motion for Appointment of a Chapter 11 Trustee *(docket no. 409)*.

5. On or about October 21, 2019, the U.S. Trustee appointed Michael A. McConnell as the Chapter 11 trustee in this case *(docket no. 418)* and, on or about October 22, 2019, the Court entered its order approving the appointment *(docket no. 431)*.

6. On or about February 24, 2020, California Asphalt Production, Inc. ("CAP") filed a Notice of Oil and Gas Lien *(docket no. 821)*, in which it asserts a lien pursuant to California Civil Procedure Code § 1203.58 for unpaid services and materials CAP allegedly provided to the Debtor post-petition between August 1, 2019 and February 4, 2020 in the amount of $2,240,686.86.

7. On or about February 24, 2020, GTL1, LLC ("GTL1") filed a Notice of Oil and Gas Lien *(docket no. 822)*, in which it asserts a lien pursuant to California Civil Procedure Code § 1203.58 for unpaid services and rental equipment GTL1 allegedly provided to the Debtor post-petition between August 1, 2019 and December 31, 2019 in the amount of $979,717.20.

8. On or about February 24, 2020, GIT, Inc. ("GIT") filed a Notice of Oil and Gas Lien *(docket no. 823)*, in which it asserts a lien pursuant to California Civil Procedure Code § 1203.58

for unpaid services and materials GIT allegedly provided to the Debtor post-petition between August 1, 2019 and January 31, 2020 in the amount of $1,276,779.29.

9. Pursuant to docket no. 612, the Trustee rejected certain oil sale agreements with CAP effective as of November 27, 2019.

10. Pursuant to docket no. 613, the Trustee rejected all remaining agreements with CAP and agreement with GTL1 effective as of November 27, 2019.

11. Pursuant to docket no. 782, the Trustee rejected the agreement with GIT effective as of December 31, 2019.

DATED: March 26, 2020                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:    */s/ Sonia Singh*
       SONIA SINGH
       Attorneys for Michael A. McConnell, Chapter 11 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S NOTICE OF MOTION AND MOTION TO EXPUNGE: (1) NOTICE OF OIL AND GAS LIEN FILED BY CALIFORNIA ASPHALT PRODUCTION, INC. (DOCKET NO. 821); (2) NOTICE OF OIL AND GAS LIEN FILED BY GTL1, LLC (DOCKET NO. 822); AND (3) NOTICE OF OIL AND GAS LIEN FILED BY GIT, INC. (DOCKET NO. 823); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE, IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 26, 2020  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 26, 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 26, 2020 | Gloria Ramos | /S/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **William C Beall**   will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Bradley D Blakeley**   blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com
- **Alicia Clough**   aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen**   mscohen@loeb.com, klyles@loeb.com
- **Alan D Condren**   , berickson@seedmackall.com
- **Alec S DiMario**   alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- **Karl J Fingerhood**   karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **H Alexander Fisch**   Alex.Fisch@doj.ca.gov
- **Don Fisher**   dfisher@ptwww.com, tblack@ptwww.com
- **Brian D Fittipaldi**   brian.fittipaldi@usdoj.gov
- **Ellen A Friedman**   efriedman@friedmanspring.com, jquiambao@friedmanspring.com
- **Gisele M Goetz**   gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com
- **Karen L Grant**   kgrant@silcom.com
- **Ira S Greene**   Ira.Greene@lockelord.com
- **Matthew C. Heyn**   Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman**   b.holman@mpglaw.com
- **Brian L Holman**   b.holman@musickpeeler.com
- **Eric P Israel**   eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com
- **Alan H Katz**   akatz@lockelord.com
- **John C Keith**   john.keith@doj.ca.gov
- **Jeannie Kim**   jekim@sheppardmullin.com
- **Mitchell J Langberg**   mlangberg@bhfs.com, dcrudup@bhfs.com
- **Maxim B Litvak**   mlitvak@pszjlaw.com
- **Michael Authur McConnell (TR)**   Michael.mcconnell@kellyhart.com
- **Brian M Metcalf**   bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
- **Jerry Namba**   nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com
- **David L Osias**   dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

- **Darren L Patrick**   dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com

- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com

- **Benjamin P Pugh**   bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

- **Edward S Renwick**   erenwick@hanmor.com, iaguilar@hanmor.com

- **J. Alexandra Rhim**   arhim@hrhlaw.com

- **Todd C. Ringstad**   becky@ringstadlaw.com, arlene@ringstadlaw.com

- **Mitchell E Rishe**   mitchell.rishe@doj.ca.gov

- **George E Schulman**   GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

- **Zev Shechtman**   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

- **Sonia Singh**   ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

- **Daniel A Solitro**   dsolitro@lockelord.com, ataylor2@lockelord.com

- **Ross Spence**   ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

- **Christopher D Sullivan**   csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon@diamondmccarthy.com;aiemee.low@diamondmccarthy.com

- **Jennifer Taylor**   jtaylor@omm.com

- **John N Tedford**   jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

- **Salina R Thomas**   bankruptcy@co.kern.ca.us

- **Meagan S Tom**   meagan.tom@lockelord.com, autodocket@lockelord.com;taylor.warren@lockelord.com;autodocketdev@lockelord.com

- **Patricia B Tomasco**   pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

- **Fred Whitaker**   lshertzer@cwlawyers.com, spattas@cwlawyers.com

- **William E. Winfield**   wwinfield@calattys.com, scuevas@calattys.com

- **Richard Lee Wynne**   richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

- **Emily Young**   pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

- **Aaron E de Leest**   adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                 **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY U.S. MAIL**

HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue
Suite D
Brighton, CO 80601-2452

HVI Cat Canyon, Inc.
2550 Canet Road
San Luis Obispo, CA 93405-7836

California Asphalt Production, Inc.
Agent for Service of Process
Capitol Corporate Services, Inc.
Authorized Employee: Lo Saechao
455 Capitol Mall Complex, Suite 217
Sacramento, CA 95814

GTL1, LLC
Agent for Service of Process
C T Corporation System
Authorized Employee: Amanda Garcia
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

GIT, Inc.
Agent for Service of Process
Capitol Corporate Services, Inc.
Authorized Employee: Lo Saechao
455 Capitol Mall Complex, Suite 217
Sacramento, CA 95814

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, TX 77002

William C. Beall
Beall & Burkhardt, APC
1114 State Street
La Arcada Building, Suite 200
Santa Barbara, CA 93101

Susan M. Whalen, Esq.
The Law Office of Susan M. Whalen
2806 Alta St./ P.O. Box 938
Los Olivos, CA 93441

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**