Vincent T. Martinez, SBN 174157
TWITCHELL AND RICE, LLP
215 North Lincoln Street
P. O. Box 520
Santa Maria, CA 93456
Telephone: (805) 925-2611
Facsimile: (805) 925-1635

Attorneys for Defendant
THE ADAM FAMILY TRUST

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor.<br><br>_____<br><br>MICHAEL A. McCONNELL, CHAPTER 11 TRUSTEE,<br><br>    Plaintiff,<br><br>vs.<br><br>DONNA JEAN AANERUD, an individual;<br>RICHARD W. ACKERNMAN, Trustee;<br>JANE A. ADAMS, an individual;<br>JOHN S. ADAMS, an individual;<br>CHARLES C. ALBRIGHT, Trustee Under Trust of 5/20/76;<br>OTHER DEFENDANTS LISTED ON EXHIBIT "1" HERETO and<br>DOES 1-100,<br><br>    Defendants. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>Adv. No. 9:20-ap-01011-MB<br><br>**RESPONSE OF THE ADAM FAMILY TRUST TO TRUSTEE'S MOTION FOR AN ORDER: (1) SETTING PROCEDURES FOR ASSUMPTION OF OIL AND GAS LEASES; (2) AUTHORIZING ASSUMPTION OF SURFACE LEASES; AND (3) AUTHORIZING REJECTION OF THE LAKEVIEW OFFICE AND WAREHOUSE LEASE; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF VINCENT T. MARTINEZ**<br><br>Date: April 17, 2020<br>Time: 10:00 a.m.<br>Place: 1415 State Street<br>       Courtroom 201<br>       Santa Barbara, CA 93101<br>Judge: Hon. Martin R. Barash |

    Defendant The Adam Family Trust ("Defendant"), hereby responds by and through her

Vincent T. Martinez of the Law Firm Twitchell And Rice, LLP to Plaintiff Michael A. McConnell,

Chapter 11 Trustee's ("Plaintiff") Motion For An Order: (1) Setting Procedure s For Assumption Of Oil And Gas Leases; (2) Authorizing Assumption of Surface Leases; and (3) Authorizing Rejection Of The Lakeview Office And Warehouse.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### OIL AND GAS LEASE AND SURFACE AGREEMENT ARE SUBJECT TO 11 U.S.C. §365 BECAUSE THEY ARE EITHER AN EXECUTORY CONTRACT OR UNEXPIRED LEASE.

Defendant disagrees with Trustee assertion that he can assume Defendant's Oil And Gas Lease and/or Surface Agreement that are subject to Trustee's motion since Defendant is of the position that Trustee must comply with *11 U.S.C. §365*. The relevant provision of *11 U.S.C. §365* read as follows:

"(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(b)

(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform non-monetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing non-monetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from

such default shall be compensated in accordance with the provisions of this paragraph;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease."

*Id.*

Here, all parties agree that 11 U.S.C. §§765 & 766 do not apply to the herein circumstances. (See Trustee Motion Page 8, Lines 21-24.)

The issue before this Court is whether in California an Oil And Gas Lease or a Surface Agreement fall within the category of "...an executory contract or unexpired lease of the debtor" for the purposes of *11 U.S.C. §365((b)(1)*. Here, the terms of the oil and gas lease expressly acknowledge that the is a lease with provisions of when and how it expires. The surface agreements are executory again under its express terms which here Trustee or the Debtor Estate admits it has already benefitted from the performance of the Defendants performance of unexpired contracts. Thus, Debtor has and continued to secure performance from its counter parties, here Defendant, that cannot be guaranteed by the contract alone. Moreover the obligations of the contracts and leases here extend beyond present performance, but are inclusive of future obligations to clean-up environmentally sensitive matters.

## CONCLUSION

For the foregoing reasons, The Trustee's requests should be denied, and Defendant hereby requests that no relief prayed fro by Trustee be considered, and if considered, it be denied.

Dated: March 30, 2020                                              Twitchell And Rice, LLP

Vincent T. Martinez, Attorneys for
Attorneys for Defendant
THE ADAM FAMILY TRUST

# **DECLARATION OF VINCENT T. MARTINEZ**

I, Vincent T. Martinez, declare:

1. I am an attorney licensed to practice law in all the Courts of the State of California, and admitted to practice in the U.S. District Court for the Central District of California.

2. I am a partner of the law firm Twitchell and Rice, LLP, and am an attorney of record for The Adam Family Trust, a defendant in the above entitled matter. The following statements are within my personal knowledge and if called as a witness, I could and would competently testify thereto.

3. Here, all parties agree that 11 U.S.C. §§765 & 766 do not apply to the herein circumstances. (See Trustee Motion Page 8, Lines 21-24.)

The issue before this Court is whether in California an Oil And Gas Lease or a Surface Agreement fall within the category of "...an executory contract or unexpired lease of the debtor" for the purposes of *11 U.S.C. §365((b)(1)*. Here, the terms of the oil and gas lease expressly acknowledge that the is a lease with provisions of when and how it expires. The surface agreements are executory again under its express terms which here Trustee or the Debtor Estate admits it has already benefitted from the performance of the Defendants performance of unexpired contracts. Thus, Debtor has and continued to secure performance from its counter parties, here Defendant, that cannot be guaranteed by the contract alone. Moreover the obligations of the contracts and leases here extend beyond present performance, but are inclusive of future obligations to clean-up environmentally sensitive matters.

I declare under penalty of perjury pursuant to the laws of the United States and the State of California that the foregoing is true and correct and that this declaration is executed on March 30, 2020, at Santa Maria, California.

Vincent T. Martinez

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **215 N. Lincoln Street, Santa Maria, CA 93458**

A true and correct copy of the foregoing document described <u>RESPONSE OF THE ADAM FAMILY TRUST TO TRUSTEE'S MOTION FOR AN ORDER: (1) SETTING PROCEDURES FOR ASSUMPTION OF OIL AND GAS LEASES; (2) AUTHORIZING ASSUMPTION OF SURFACE LEASES; AND (3) AUTHORIZING REJECTION OF THE LAKEVIEW OFFICE AND WAREHOUSE LEASE; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF VINCENT T. MARTINEZ</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 31, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| United States Trustee (ND) | ustpregion16.nd.ecf@usdoj.gov |
| Michael Authur McConnell (TR) | Michael.mcconnell@kellyhart.com |
| Brian Fittipaldi (Attorney for US Trustee) | brian.fittipaldi@usdoj.gov |
| William C. Beall | will@beallandburkhardt.com;carissa@beallandburkhardt.com |
| Bradley D. Blakeley | blakeley@blakeleylawgroup.com; bradleydblakeley@gmail.com |
| Alan D. Condren | berickson@seemackall.com |
| Don Fisher | dfisher@ptwww.com; tblack@ptwww.com |
| Gisele M. Goetz | gmgoetz@hbsb.com; ggoest@collegesoflaw.edu; cecilia@hbsb.com |
| Karen L. Grant | kgrant@silcom.com |
| Brian L. Holman | b.holman@mpglaw.com |
| Eric P. Isreal | eisrael@DanningGill.com; danninggill@gmail.com; eisrael@ecf.inforuptcy.com |
| Mitchell J. Langberg | mlangberg@bhfs.com; dcrudup@bhfs.com |
| Jerry Namba | nambaepiq@earthlink.net, G23453@notify.cincompass.com; annie_cunningham@gmail.com |
| Benjamin P. Pugh | bpugh@ecg.law, mwoo@ecg.law; mhamburger@ecg.law; calendar@ecg.law |
| Edward S. Renwick | erenwick@hanmor.com; iaguilar@hanmor.com |
| J. Alexandra Rhim | arhim@hrhlaw.com |
| Todd C. Ringstad | becky@ringstadlaw.com; arlene@ringstadlaw.com |
| Zev Shechtman | zshechyman@DanningGill.com, danninggill@gmail.com zshechtman@ecf.inforuptcy.com |
| William E. Winfield | wwinfield@calattys.com; scuevas@calattys.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) March 31, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy of thereof in a

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. *Pursuant to General Order 20-02 – Procedures for Public Emergency Related to Covid-19 Outbreak a mandatory judge's copy is not being served.*

Honorable Martin R. Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

Richard W. Ackerman
c/o Richards W. Ackerman Trust 3-14-2017
P.O. Box 559
Darby, MT 59829

Labor Liquidating & Associates, LP
Hemar, Rousso & Heald, LLP
c/o J. Alexandra Rhim
15910 Ventura Blvd., 12th Fl
Encino, CA 91436

Donna Jean AAnerud
523 W. Citracado Parkway
Escondido, CA 92025

Guarantee Royalties, Inc.
Hemar, Rousso & Heald, LLP
c/o J. Alexandra Rhim
15910 Ventura Blvd., 12th Fl
Encino, CA 91436

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 31, 2020 | Sarah McComish | /s/ Sarah McComish |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**