GISELE M. GOETZ (State Bar No. 119751)
GMGoetz@hbsb.com
Hollister & Brace, A Professional Corporation
ATTORNEYS AT LAW
1126 SANTA BARBARA STREET
SANTA BARBARA, CALIFORNIA 93102
Telephone: (805) 963-6711
Facsimile: (805) 965-7351

Attorneys for Defendant Chamberlin Oil LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA,
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>Debtor.<br>_____<br><br>MICHAEL A. McCONNELL, CHAPTER 11 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>DONNA JEAN AANERUD, an individual; RICHARD W. ACKERMAN, Trustee; JANE A. ADAMS, an individual; JOHN S. ADAMS, an individual; CHARLES C. ALBRIGHT, Trustee Under Trust of 5/20/76; OTHER DEFENDANTS LISTED ON EXHIBIT "1" TO THE COMPLAINT AND DOES 1-100,<br>Defendants. | BK No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>ADV. NO. 9:20-ap-01011-MB<br><br>**OBJECTION OF DEFENDANT CHAMBERLIN OIL LLC TO MOTION OF TRUSTEE FOR AN ORDER: SETTING (1) PROCEDURES FOR ASSUMPTION OF OIL AND GAS LEASES; (2) AUTHORIZING ASSUMPTION OF SURFACE LEASES; AND (3) AUTHORIZING REJECTION OF THE LAKEVIEW OFFICE AND WAREHOUSE LEASE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 17, 2020<br>Time: 10:00 a.m.<br>Place: Courtroom 201<br>1415 State Street<br>Santa Barbara, California |

///
///
///
///

- 1 -

F:\MATTER\WK17\Chamberlin Oil - Greka Bankruptcy\Opposition to Motion of Trustee 03-31-20 final.doc

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT Chamberlin Oil LLC, a Lessor, objects to the Trustee's Motion for an order (1) setting procedures for assumption of oil and gas leases; (2) authorizing the assumption of any and all unexpired surface leases; and (3) authorizing the rejection of the lake view office and warehouse lease (the Motion) docket no. 812. This objection relates only to the portion of the motion setting procedures for assumption of oil and gas leases and only as to Chamberlin's leases.

Chamberlin's opposition is based on this notice of objection, and the memorandum of points and authorities attached hereto.

Dated: March 31, 2020

HOLLISTER & BRACE
A Professional Corporation

By: _____
GISELE M. GOETZ,
Attorneys for Defendant,
Chamberlin Oil LLC

- 2 -

F:\MATTER\WK17\Chamberlin Oil - Greka Bankruptcy\Opposition to Motion of Trustee 03-31-20 final.doc

## MEMORANDUM OF POINTS AND AUTHORITIES

The Trustee's Motion as it relates to the setting of procedures for assumption of oil and gas leases is an effort (1) to delay assuming or rejecting oil and gas leases within the time frame allowed by the Bankruptcy Code Section 365; and (2) to increase the value of the leases by creating a process to sell them without pre-existing liabilities. The effort is supported by the Trustee's filing of a Declaratory Relief action purporting to characterize all oil & gas interests, including oil and gas leases in California as "profits a prendre." As California follows the "rule of capture" or "non-ownership" approach with respect to oil and gas, California case law characterizes a *mineral interest* as akin to a profit a prendre. However, the *ownership* of the mineral estate in California is not the same as the *lease of the right to come upon the surface* and take the oil and gas subject to conditions related to timing and payment. The two interests are different and should not be conflated into the same interest for purposes of analysis.

California follows the "rule of capture," an English common law analogy to wild animals, which like oil or gas are owned by the first person to "capture" or acquire possession. *Pacific Gas & Electric Co. v. Zuckerman* (1987) 189 Cal.App.3d 1113, 1137. Like other states that follow the rule of capture or non-ownership approach, California mineral estate owners, like Chamberlin, lease the right to come on the surface of the property to explore for and produce (capture) oil and gas. California mineral estate lessors then provide within the lease for the sharing of the oil and gas that is captured via the lease. The fact that a mineral interest may be viewed as a profit a prendre merely highlights the fact that California is not an "ownership in place" state and the lease of a mineral interest, does not and cannot convey a determinable fee the way it does in Texas. Bankruptcy Courts have already addressed this issue in other rule of capture or non-ownership states and there is no reason to expect California to address it any differently. The correct analysis when a state follows the "rule of capture" or "non-ownership" model is to hold that an oil and gas lease is considered a lease of the mineral owner's right to explore for and produce oil and gas on the subject land. See, *In re Topco, Inc.* 894 F.2d 727, 739-740, n.17 (5th Cir. 1990) (Texas is an ownership in place state therefore under Texas law Bankruptcy Code Section 365 does not govern the disposition of oil and gas leases) and compare

1. *Frontier Energy, LLC v. Aurora Energy Ltd.*, 439 B.R. 674, 679-680 (Bankr. W.D. Mich. 2010) (Michigan is a non–ownership in place state therefore under Michigan law oil and gas leases come within Bankruptcy Code Section 365).

Further, California's regulations related to oil and gas development depend upon the concept that every financially solvent operator/lessee in the records of the agency will be called upon to properly plug and abandon wells in the event the current operator is unable to do so (at least back to 1996). See, Cal. Pub. Res. Code § 3237. Therefore, every lessee knows that the purchase/assumption of a lease generally carries with it the current plugging and abandonment obligations associated with that lease. Every operator/lessee knows that the sale/assignment of a lease carries with it the risk of being called upon to come back and properly plug and abandon wells if a successor fails to do so. In this respect the regulatory framework mirrors in many respects the law related to assignment of leases in California. That is, the original lessee and any subsequent lessee who assumes obligations under the lease remains responsible for lease obligations violated by a successor lessee. It is a general principle of California law that the contractual obligations agreed to and owed by the original lessee of a lease are not terminated by the lessee's assignment of the lease to a third party, even if the lessor consented to the assignment and/or the assignee expressly assumed the obligations of the lease. See, e.g., *Peiser v. Mettler* (1958) 50 Cal.2d 594, 602. An assignee of the original lessee will also have continuing liability (i.e., after the assignee itself assigns the lease to another) if the assignee expressly assumed the contractual obligations of the lease when it first acquired the lease or when the assignee later assigned it. See, e.g., *Hartman Ranch Co. v. Associated Oil Co.* (1937) 10 Cal.2d 232, 244-245; *BRE DDR BR Whittwood CA LLC v. Farmers & Merchants Bank of Long Beach* (2017) 14 Cal.App.5th 992, 1000. Because of this, when a lessee takes over a lease, the number of wells that require plugging and abandonment are drivers of price.

Here, the Debtor's effort is to improve the value of the leases by eliminating pre-petition obligations. However well intentioned, that effort comes not only at the expense of the Lessors ability to require all future lessees to be responsible for plugging and abandonment obligations, but possibly also in derogation of the State's regulatory scheme. A Federal Court adjudication

- 4 -

that the Debtor's leases are real property interests whose pre-existing obligations can be terminated in bankruptcy would suborn the entire regulatory process at the point of bankruptcy and going forward.

    For the reasons set forth above, Chamberlin objects to their three leases being treated as anything other than leases which must be accepted or rejected under Bankruptcy Code Section 365 and objects to this motion to the extent necessary to preserve its rights.

Dated: March 31, 2020

Respectfully submitted,

HOLLISTER & BRACE
A Professional Corporation

By: _____
GISELE M. GOETZ,
Attorneys for Defendant,
Chamberlin Oil LLC

F:\MATTER\WK17\Chamberlin Oil - Greka Bankruptcy\Opposition to Motion of Trustee 03-31-20 final.doc

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1126 Santa Barbara Street, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*): Objection of Defendant Chamberlin Oil LLC to Motion of Trustee for an Order: Setting (1) Procedures for Assumption of Oil and Gas Leases; (2) Authorizing Assumption of Surface Leases; and (3) Authorizing Rejection of the Lakeview Office and Warehouse Lease; Memorandum of Points and Authorities
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/31/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 03/31/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/31/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Hon. Martin R. Barash
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/31/2020 | Cecilia Ramirez | *Cecilia Ramirez* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

ADDITIONAL SERVICE INFORMATION (if needed):

1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- William C Beall   will@beallandburkhardt.com, carissa@beallandburkhardt.com
- Bradley D Blakeley   blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com
- Alicia Clough   aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- Marc S Cohen   mscohen@loeb.com, klyles@loeb.com
- Alan D Condren   , berickson@seedmackall.com
- Alec S DiMario   alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- Karl J Fingerhood   karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- H Alexander Fisch   Alex.Fisch@doj.ca.gov
- Don Fisher   dfisher@ptwww.com, tblack@ptwww.com
- Brian D Fittipaldi   brian.fittipaldi@usdoj.gov
- Ellen A Friedman   efriedman@friedmanspring.com, jquiambao@friedmanspring.com
- Gisele M Goetz   gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com
- Karen L Grant   kgrant@silcom.com
- Ira S Greene   Ira.Greene@lockelord.com
- Matthew C. Heyn   Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- Brian L Holman   b.holman@mpglaw.com
- Brian L Holman   b.holman@musickpeeler.com
- Eric P Israel   eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Razmig Izakelian   razmigizakelian@quinnemanuel.com
- Alan H Katz   akatz@lockelord.com
- John C Keith   john.keith@doj.ca.gov
- Jeannie Kim   jekim@sheppardmullin.com
- Mitchell J Langberg   mlangberg@bhfs.com, dcrudup@bhfs.com
- Maxim B Litvak   mlitvak@pszjlaw.com
- Michael Authur McConnell (TR)   Michael.mcconnell@kellyhart.com
- Brian M Metcalf   bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
- Jerry Namba   nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com
- David L Osias   dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

- **Darren L Patrick**  dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com
- **Benjamin P Pugh**  bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law
- **Edward S Renwick**  erenwick@hanmor.com, iaguilar@hanmor.com
- **J. Alexandra Rhim**  arhim@hrhlaw.com
- **Todd C. Ringstad**  becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Mitchell E Rishe**  mitchell.rishe@doj.ca.gov
- **George E Schulman**  GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com
- **Zev Shechtman**  zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Sonia Singh**  ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com
- **Daniel A Solitro**  dsolitro@lockelord.com, ataylor2@lockelord.com
- **Ross Spence**  ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- **Christopher D Sullivan**  csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon@diamondmccarthy.com;aiemee.low@diamondmccarthy.com
- **Jennifer Taylor**  jtaylor@omm.com
- **John N Tedford**  jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- **Salina R Thomas**  bankruptcy@co.kern.ca.us
- **Meagan S Tom**  meagan.tom@lockelord.com, autodocket@lockelord.com;taylor.warren@lockelord.com;autodocketdev@lockelord.com
- **Patricia B Tomasco**  pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com
- **Fred Whitaker**  lshertzer@cwlawyers.com, spattas@cwlawyers.com
- **William E. Winfield**  wwinfield@calattys.com, scuevas@calattys.com
- **Richard Lee Wynne**  richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com
- **Emily Young**  pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **Aaron E de Leest**  adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE

## 2. SERVED BY U.S. MAIL

HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue
Suite D
Brighton, CO 80601-2452

HVI Cat Canyon, Inc.
2550 Canet Road
San Luis Obispo, CA 93405-7836

California Asphalt Production, Inc.
Agent for Service of Process
Capitol Corporate Services, Inc.
Authorized Employee: Lo Saechao
455 Capitol Mall Complex, Suite 217
Sacramento, CA 95814

GTL1, LLC
Agent for Service of Process
C T Corporation System
Authorized Employee: Amanda Garcia
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

GIT, Inc.
Agent for Service of Process
Capitol Corporate Services, Inc.
Authorized Employee: Lo Saechao
455 Capitol Mall Complex, Suite 217
Sacramento, CA 95814

Patricia B. Tomasco
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, TX 77002

William C. Beall
Beall & Burkhardt, APC
1114 State Street
La Arcada Building, Suite 200
Santa Barbara, CA 93101

Susan M. Whalen, Esq.
The Law Office of Susan M. Whalen
2806 Alta St./ P.O. Box 938
Los Olivos, CA 93441

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE