ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
SONIA SINGH (State Bar No. 311080)
*ssingh@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Michael A. McConnell, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**TRUSTEE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION TO EXPUNGE: (1) NOTICE OF OIL AND GAS LIEN FILED BY CALIFORNIA ASPHALT PRODUCTION, INC. (DOCKET NO. 821); (2) NOTICE OF OIL AND GAS LIEN FILED BY GTL1, LLC (DOCKET NO. 822); AND (3) NOTICE OF OIL AND GAS LIEN FILED BY GIT, INC. (DOCKET NO. 823)**<br><br>Date:    April 17, 2020<br>Time:   10:00 a.m.<br>Place:   Courtroom 201<br>            1415 State Street<br>            Santa Barbara, CA 93101 |

Michael A. McConnell, the Chapter 11 trustee (the "Trustee") for the estate of HVI Cat Canyon, Inc. (the "Debtor"), hereby replies to the Opposition filed by California Asphalt Production, Inc., GTL1, LLC and GIT, Inc. *(docket no. 905)* (the "Opposition") to the Trustee's Motion to Expunge: (1) Notice of Oil and Gas Lien Filed by California Asphalt Production, Inc.;

(2) Notice of Oil and Gas Lien Filed by GTL1, LLC; and (3) Notice of Oil and Gas Lien Filed by GIT, Inc. *(docket no. 875)* (the "Motion to Expunge").[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

In the Motion to Expunge, the Trustee provided a detailed explanation and evidence supporting the conclusion that the automatic stay exception pursuant to Bankruptcy Code Section 362(b)(3) does not authorize the Oil and Gas Notices. Without a pre-petition interest in property under applicable non-bankruptcy law, the stay exception cannot apply. CAP, GTL1 and GIT make three basic arguments in opposing the Motion to Expunge. First, they now for the first time, and directly contrary to the notices they filed at bar, they contend that their liens arose pre-petition under the California Oil and Gas Lien Act based on the amounts they were owed as of the Petition Date under their filed proofs of claim. Second, CAP, GTL1 and GIT also maintain that their liens relate back to their pre-petition "unqualified rights to liens" under the California Oil and Gas Lien Act. Third, and finally, they argue that their liens arose pre-petition based on claims for beach under their rejected agreements in the Debtor's bankruptcy case.

As discussed below, the California Oil and Gas Lien Act makes clear that a lien arises on the first date that work is performed or services are provided for which a lien is actually claimed – and here the Oil and Gas Notices are claiming liens for work and services beginning in August 2019 – i.e., post-petition. Additionally, for purposes of Section 546(b), the Oil and Gas Notices cannot relate back to the so-called "unqualified rights to obtain liens" that CAP, GTL1 and GIT posit that they held pre-petition because such "possibilities of an interest" fail to fix any real and identifiable interests under the California Oil and Gas Lien Act. CAP, GTL1 and GIT in fact admit

---

[1] Defined terms are the same as in the Motion to Expunge.

in their Oil and Gas Notices that their liens only relate back to August 2019.[2]  Finally, Section 546(b)(1) only protects entities with an interest in property perfected under "any generally applicable law" – not other sections of the Bankruptcy Code.  The applicable state law here, the California Oil and Gas Lien Act, does not extend itself to perfect a party's claims for breach in following rejection bankruptcy.  The Oil and Gas Notices are clear attempts to create liens for post-petition interests – as such, they are not authorized by Section 362(b)(3), and thus are void as direct violations of the automatic stay.

## II.

## ARGUMENT

A.  <u>The Oil and Gas Notices Did Not Arise Pre-Petition Under The California Oil and Gas Lien Act</u>

The "interest in property" requirement under Section 546(b) must arise and exist pre-petition.  6 *Collier on Bankruptcy* ¶ 546.03[4]; *see In re Glasply Marine Indus., Inc.*, 971 F.2d 391, 394 (9th Cir. 1992).  Further, the existence of an interest in property is defined by state law.  *Id.*; *see also Butner v. United States,* 440 U.S. 48 (1979); *In re Summit Ventures, Inc.*, 135 B.R. 483, 488 (Bankr. D. Vt. 1991).  Under the applicable state law at issue, the California Oil and Gas Lien Act (Cal. Civ. Proc. Code §§ 1203.50 – 1203.66), CAP, GTL1 and GIT clearly have no pre-petition interests to perfect post-petition under Section 546(b).

In the Opposition, CAP, GTL1 and GIT argue that the California Oil and Gas Lien Act entitles lien claimants to amounts due for the previous six months of work or materials, and treats such liens to have arisen on the very first date work was ever performed or materials ever provided, even if outside the six-month window.[3]  Accordingly, CAP, GTL1 and GIT posit that based on the

---

[2] CAP Oil and Gas Notice, p. 2, l. 18 ("Here, that date is August 2019."); GTL1 Oil and Gas Notice, p. 2, l. 18; and GIT Oil and Gas Notice, p. 2, l. 17.

[3] Opposition p. 5, l. 15 – p. 6, l. 11.

labor and materials they provided to the Debtor "long before the petition date,"[4] their Oil and Gas Notices for work performed between August 2019 and January 2020 arose pre-petition.

To the contrary, the California Oil and Gas Lien Act's text makes plain that it secures an interest that exists or has arisen six months prior to the statement of lien being recorded. Specifically, the interest provided for under the California Oil and Gas Lien Act arises on the date for which a lien is later claimed:

> The lien provided for in this chapter <u>arises on the date</u> of the furnishing of the first item of material or services or the date of performance of the first labor <u>for which a lien is claimed under the provisions of this chapter</u>.

Cal. Civ. Proc. Code § 1203.56.

Further, in order to claim a lien under the California Oil and Gas Lien Act, a claimant must record a statement of lien for work performed or services provided within six months after such work was performed or services were provided:

> <u>Every person claiming a lien</u> under this chapter, shall record … a verified statement… [t]he statement of lien must be recorded <u>within six months after the date</u> on which the claimant's labor was performed or his materials or services were furnished <u>to be effective</u> as to such labor, materials, or services.

Cal. Civ. Proc. Code § 1203.58.

The California Oil and Gas Lien Act leaves no doubt that no lien or other interest in property arises until the first date that work or services are provided for which a lien is actually claimed, i.e. for which a statement of lien is filed. Here, the Oil and Gas Notices are claiming interests for services, materials and rental equipment provided beginning post-petition in <u>August 2019</u>. Accordingly, the Oil and Gas Notices did not arise until August 2019, which is post-petition. Because the Oil and Gas Notices did not arise pre-petition, they are not authorized under Sections 362(b)(3) and 546(b).

---

[4] Opposition, p. 6, ll. 1-2.

1585115.1  26932                                                4

B.  The Oil and Gas Notices Do Not Relate Back to Pre-Petition Interests in Property

In order for the automatic stay exception under 11 U.S.C. § 362(b)(3) to apply, a creditor must possess a pre-petition interest in property, such that its perfection of liens post-petition relates back to the pre-petition interest in a debtor's property. *See Glasply Marine,* 971 F.2d at 394; *see also In re Grede Foundries, Inc.*, 651 F.3d 786, 791 (7th Cir. 2011). Here, the Oil and Gas Notices do not relate back to any pre-petition interests in the Debtor's property, and accordingly violate the automatic stay.

In the Opposition, CAP, GTL1 and GIT argue that the Oil and Gas Notices relate back to their pre-petition "unqualified rights to obtain liens" based on the work performed and services provided to the Debtor prior to August 2019.[5] However, in fact, CAP, GTL1 and GIT each admitted in the Oil and Gas Notices that their Oil and Gas Notices only relate back to August 2019.[6]

Moreover, such a broad reading of the stay exception is not permitted. *See Grede*, 651 F.3d at 792; *Makoroff v. City of Lockport, N.Y.*, 916 F.2d 890, 894 (3d Cir. 1990). In *Grede,* the Seventh Circuit disagreed with the creditor's argument that it acquired an interest in the debtor's property by sending the debtor utility bills, or alternatively when the creditor provided the debtor with utility services, because these actions set in motion a process by which the creditor could have obtained a perfected tax lien. *Grede,* 651 F.3d at 792. Instead, the Seventh Circuit held that such actions meant that the creditor only had the "possibility of an interest" in debtor's property when the debtor filed its bankruptcy petition, not an interest in debtor's property for purposes of Section 546(b). *Id.*

> We have no doubt that [creditor]'s action of delivering services to [the debtor] or mailing [the debtor] utility bills created a debt or an account. But unless and until [the creditor] performed the requirements of [the state statute], [the creditor] could not claim any interest in [debtor]'s property.

*Id.*

---

[5] Opposition, p. 9, ll. 10-15.

[6] CAP Oil and Gas Notice, p. 2, l. 18; GTL1 Oil and Gas Notice, p. 2, l. 18; and GIT Oil and Gas Notice, p. 2, l. 17.

Similarly here, even if CAP, GTL1 and GIT provided services to the Debtor pre-petition, such actions only created a debt or an account, not an interest in property to qualify for the stay exception under Sections 362(b)(3) and 546(b).

The Opposition attempts to analogize the Oil and Gas Notices to the tax liens in *Parr Meadows*,[7] in which the Second Circuit found that a county obtains a Section 546(b) interest in property on a statutorily established "tax status date" when all properties are assessed. *In re Parr Meadows Racing Ass'n, Inc.*, 880 F.2d 1540, 1546–47 (2d Cir. 1989). They are not analogous. In any event, any work performed or services provided by CAP, GTL1 and GIT pre-petition did not fix a "real and identifiable interest" in debtor's property because they could have been "erased or altered by subsequent events." *See Grede,* 651 F.3d at 793 (*citing Parr Meadows,* 880 F.2d at 1548). In particular, if the Debtor had paid such debts owed to CAP, GTL1 and GIT prior to the Petition Date, such liabilities would no longer exist. Thus, any pre-petition amounts owed did not create and "real and identifiable interest" for purposes of Section 546(b).

Moreover, CAP, GTL1 and GIT failed to take the affirmative acts required to establish any pre-petition interests in property under California Oil and Gas Lien Act. In *Makoroff*, the Third Circuit found that although the city and county may have had an ever-present expectation of collecting taxes, they do not have a property interest for purposes of Section 546(b) until they take the affirmative acts necessary to fix the amount of the tax due and to acquire a lien to the extent of that amount. *Makoroff,* 916 F.2d at 894.

> It is only when the affirmative acts prescribed by statute are taken that the City or County acquires an interest in the property for the purpose of satisfying tax obligations. <u>Since the affirmative acts all occurred after the bankruptcy, neither the City nor County acquired an interest in property pre-petition which they perfected post-petition</u>. They therefore did not fall within the exception of section 546(b) to the automatic stay.

*Id.* (emphasis added).

Here, the affirmative acts prescribed by the California Oil and Gas Act require that the statement of lien be recorded within six months after the date on which the claimant's labor was performed or his materials or services were furnished to be effective as to such labor, materials, or

---

[7] Opposition, p. 8, ll. 14-18.

services. Cal. Civ. Proc. Code § 1203.58. CAP, GTL1 and GIT filed the Notices of Oil and Gas Liens in February 2020, which affirmative acts are clearly post-petition. Accordingly, CAP, GTL1 and GIT did not acquire the requisite interests in property pre-petition, and do not fall within the Section 546(b) exception to the automatic stay.

C.    11 U.S.C. § 502(g) Does Not Permit the Oil and Gas Notices

The Oil and Gas Notices do not qualify for treatment under Section 362(b)(3) based on the Trustee's rejection of the agreements with CAP, GTL1 and GIT. In the Opposition, CAP, GTL1 and GIT argue that their purported liens arose pre-petition because their claims for breach under the rejected agreements are treated as arising just before the Petition Date pursuant to Section 502(g).[8]

To the contrary, while it is true that rejection creates a claim for breach, it is a <u>general unsecured claim</u> treated as though it arose before the Petition Date. *See* 11 U.S.C. § 365(g)(1); *In re TreeSource Indus., Inc.*, 363 F.3d 994, 998 (9th Cir. 2004). Such pre-petition claims do not give CAP, GTL1 and GIT an interest in the Debtor's property to qualify for treatment under Sections 362(b)(3) and 546(b) – it is only an unsecured claim against the estate, not an interest in property. Elevating the claims to secured status is not at all what Section 502(g) contemplates.

Further, while Section 546(b)(1) explicitly protects entities with an interest in property perfected under "any generally applicable law," the "generally applicable law" cannot be other sections of the Bankruptcy Code. 6 *Collier on Bankruptcy* ¶ 546.03[2][c] (Richard Levin & Henry J. Sommer eds., 16th ed.) (*citing In re Millivision, Inc.*, 474 F.3d 4 (1st Cir. 2007); *Ivester v. Miller*, 398 B.R. 408 (M.D.N.C. 2008)). Here, the rejection claims of CAP, GTL1 and GIT do not qualify as interests which can later be perfected by the recording of a statement of lien under the applicable state statute – the California Oil and Gas Lien Act. The California Oil and Gas Lien Act provides that the statement of lien is only effective as to the labor, materials, or services provided six months prior to the date on which the statement is recorded. Cal. Civ. Proc. Code § 1203.58. There is no

---

[8] Opposition, p. 9, ll. 18-21.

1585115.1  26932                              7

indication that the statement of lien can protect a creditor's claims obtained through rejection in the bankruptcy context.

Moreover, such an expansive reading does not conform with the purpose of Section 546(b), which is "to protect, in spite of the surprise intervention of a bankruptcy petition, <u>those whom state law protects</u>…" Ivester, 398 B.R. at 424 (*citing* S.Rep. No. 95–989, at 86 (1978)) (emphasis added). Any amounts due to CAP, GTL1 and GIT as a result of rejection of their agreements in bankruptcy is not protected by the applicable state law. Therefore, the Oil and Gas Notices do not qualify for automatic stay exception under Sections 362(b)(3) and 546(b) by virtue of Section 502(g).

## III.

## CONCLUSION

For the reasons set forth herein and in the Motion to Expunge, Sections 362(b)(3) and 546(b) do not authorize the Oil and Gas Notices because they do not relate back to any interests that arose pre-petition under the California Oil and Gas Lien Act. Accordingly, the Trustee respectfully requests that the Court grant the Motion to Expunge and for all other just and proper relief.

DATED:  April 10, 2020                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    */s/ Sonia Singh*
          SONIA SINGH
          Attorneys for Michael A. McConnell, Chapter 11 Trustee

1585115.1  26932                                        8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  TRUSTEE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION TO EXPUNGE: (1) NOTICE OF OIL AND GAS LIEN FILED BY CALIFORNIA ASPHALT PRODUCTION, INC. (DOCKET NO. 821); (2) NOTICE OF OIL AND GAS LIEN FILED BY GTL1, LLC (DOCKET NO. 822); AND (3) NOTICE OF OIL AND GAS LIEN FILED BY GIT, INC. (DOCKET NO. 823)  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  April 10, 2020  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  April 10, 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor  
HVI Cat Canyon, Inc.  
c/o Capitol Corporate Services, Inc.  
36 S. 18th Avenue, Suite D  
Brighton, CO 80601

Debtor  
HVI Cat CANYON, INC.  
630 Fifth Avenue, Suite 2410  
New York, NY  10111

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 10, 2020 | Gloria Ramos | /S/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Anthony A Austin**  anthony.austin@doj.ca.gov
- **William C Beall**  will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Bradley D Blakeley**  blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com
- **Alicia Clough**  aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen**  mscohen@loeb.com, klyles@loeb.com
- **Alan D Condren**  , berickson@seedmackall.com
- **Alec S DiMario**  alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- **Karl J Fingerhood**  karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **H Alexander Fisch**  Alex.Fisch@doj.ca.gov
- **Don Fisher**  dfisher@ptwww.com, tblack@ptwww.com
- **Brian D Fittipaldi**  brian.fittipaldi@usdoj.gov
- **Ellen A Friedman**  efriedman@friedmanspring.com, jquiambao@friedmanspring.com
- **Gisele M Goetz**  gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com
- **Karen L Grant**  kgrant@silcom.com
- **Ira S Greene**  Ira.Greene@lockelord.com
- **Matthew C. Heyn**  Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman**  b.holman@mpglaw.com
- **Brian L Holman**  b.holman@musickpeeler.com
- **Eric P Israel**  eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Razmig Izakelian**  razmigizakelian@quinnemanuel.com
- **Alan H Katz**  akatz@lockelord.com
- **John C Keith**  john.keith@doj.ca.gov
- **Jeannie Kim**  jekim@sheppardmullin.com
- **Mitchell J Langberg**  mlangberg@bhfs.com, dcrudup@bhfs.com
- **Maxim B Litvak**  mlitvak@pszjlaw.com
- **Vincent T Martinez**  llimone@twitchellandrice.com, smccomish@twitchellandrice.com
- **Michael Authur McConnell (TR)**  Michael.mcconnell@kellyhart.com
- **Brian M Metcalf**  bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
- **Jerry Namba**  nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                     **F 9013-3.1.PROOF.SERVICE**

- **David L Osias**  dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

- **Darren L Patrick**  dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com

- **Jeffrey N Pomerantz**  jpomerantz@pszjlaw.com

- **Benjamin P Pugh**  bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

- **Edward S Renwick**  erenwick@hanmor.com, iaguilar@hanmor.com

- **J. Alexandra Rhim**  arhim@hrhlaw.com

- **Todd C. Ringstad**  becky@ringstadlaw.com, arlene@ringstadlaw.com

- **Mitchell E Rishe**  mitchell.rishe@doj.ca.gov

- **George E Schulman**  GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

- **Zev Shechtman**  zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

- **Sonia Singh**  ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

- **Daniel A Solitro**  dsolitro@lockelord.com, ataylor2@lockelord.com

- **Ross Spence**  ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

- **Christopher D Sullivan**  csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon@diamondmccarthy.com;aiemee.low@diamondmccarthy.com

- **Jennifer Taylor**  jtaylor@omm.com

- **John N Tedford**  jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

- **Salina R Thomas**  bankruptcy@co.kern.ca.us

- **Meagan S Tom**  meagan.tom@lockelord.com, autodocket@lockelord.com;taylor.warren@lockelord.com;autodocketdev@lockelord.com

- **Patricia B Tomasco**  pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

- **Fred Whitaker**  lshertzer@cwlawyers.com, spattas@cwlawyers.com

- **William E. Winfield**  wwinfield@calattys.com, scuevas@calattys.com

- **Richard Lee Wynne**  richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

- **Emily Young**  pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

- **Aaron E de Leest**  adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**