```
1  ERIC P. ISRAEL (State Bar No.132426)
   eisrael@DanningGill.Com
2  GEORGE E. SCHULMAN (State Bar No. 064572)
   gschulman@DanningGill.com
3  AARON E. DE LEEST (State Bar No. 216832)
   adeleest@DanningGill.com
4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
5  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for Michael A. McConnell,
   Chapter 11 Trustee
8
```

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>　　　　Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**TRUSTEE'S OPPOSITION TO GIT, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER** (*DOCKET NO. 909*)<br><br>Date:　April 17, 2020<br>Time:　10:00 a.m.<br>Place:　Courtroom 201<br>　　　　1415 State Street<br>　　　　Santa Barbara, California<br>　　　　93101 |

　　　　Michael A. McConnell, the Chapter 11 trustee ("Trustee") for the estate of HVI Cat Canyon, Inc. ("Debtor"), hereby responds to the Notice of Motion and Motion for Protective Order (Docket no. 909) ("Motion") filed by GIT, Inc. ("GIT").

　　　　GIT asserts in the Motion that it provided "administrative and IT services" to the Debtor "for years." GIT says that "[a]s part of those services, [Debtor] had access to and stored its documents on a server owned by GIT." But, according to GIT, the Debtor was not the only party storing documents on that server. As GIT reports, "[o]ther entities who received administrative services from GIT also stored

their documents on that server."[1]  GIT has not told the Trustee, or the Court, who those other alleged entities are.  GIT also reports that the server contains 8 terabytes of data.[2]  GIT has not claimed that data from different entities was segregated into different partitions.  GIT suggests that no such different partitions exit.  Indeed, GIT does not say, but suggests, that the other alleged entities who used the server used common programs and common storage locations.  For example, it is possible all of the entities used the same Outlook program and thus stored all of their e-mails in one location on the server.  The Debtor does not know, and GIT's motion does not explain how data was stored, accessed or protected.  That also may mean that any of the entities who had access to GIT's server could access anyone else's data on that server, including anyone ese's privileged or confidential communications.

The Trustee rejected the administrative services contract with GIT as of December 31, 2019.  (Docket no. 782).  However, GIT continued to provide the 's motion Debtor and the Trustee access to the server until it was suddenly cut off on February 19, 2020.  The Trustee sought permission to copy the Debtor's property on the server, and when that was denied, the Trustee sought (Docket no. 867) and obtained (Docket no. 871) an order for a Rule 2004 subpoena so that the Trustee could recover the Debtor' property on the server.

GIT advances three arguments as to why the subpoena should be quashed or modified.  First, GIT asserts that the subpoena is overbroad, as it seeks documents which do not belong to the Debtor.  Second, GIT asserts the subpoena is burdensome because the Trustee "already possess many of the documents on the server."  Third, GIT asserts the subpoena is oppressive because it requires GIT to review the 8 terabytes of data on the server in a short period of time.

---

[1] Motion, at 1.

[2] Motion, at 1.

Overbreadth: The Trustee is only interested in obtaining the Debtor's documents which are on the server. GIT apparently cannot provide the Trustee access to the Debtor's documents only because GIT, in providing administrative and IT services for various entities, did not keep their documents separate. Thus, GIT wants time to review of all 8 terabytes.[3] That GIT chose, in providing "administrative and IT services" to the Debtor and multiple affiliated (or even unaffiliated) companies is GIT's problem, not the Trustee's. The Trustee is happy to simply image the server and thereafter review the imaged server for the Debtor's documents.

Burdensome: That the Trustee already possesses "many" of the Debtor's documents is not an excuse to keep the Trustee from possession of all of Debtor's documents. The Debtor is entitled to all of its property. The Trustee is also entitled to obtain a complete copy of the entirety of the Debtor's documents in their original form from the server, so that the Trustee has access to all of the metadata for each of Debtor's documents.

Oppressive: That GIT wants to review all 8 terabytes to figure out what to produce from the joint server is GIT's issue, not the Trustee's. Once again, that GIT chose to comingle the data of multiple companies for which it provided administrative and IT services was GIT's choice. And the subpoena does not require GIT to review anything. All the subpoena requires is that GIT provide access so the Trustee's experts can image the server.

---

[3] GIT says that it offered to produce the e-mails of "50 current and former employees and contractors whose e-mails are on the server." Motion, at 4. That is not necessarily the universe of all of the Debtor's property in e-mails. For example, people who do not fall neatly into the "employee" or "independent contractor" categories may have, in this far flung group of numerous entities, performed services for the Debtor.

During the time the Debtor had access to the server, the Debtor apparently had access to everything on that server. That includes before any bankruptcy was filed, after the bankruptcy was filed, and after the Trustee was appointed. GIT was apparently totally unconcerned about access during those periods. And GIT's concerns about the privileged and proprietary material of GIT and its affiliated companies apparently does not extend to concern of GIT's access to the Debtor's privileged and proprietary data, access which GIT plainly tells the Court it intends to look at, if compelled to produce the server, to review every document on that server. Yes, GIT admits in the motion that GIT will review the Debtor's privileged communications with its counsel and GIT will review the Debtor's trade secrets. GIT makes plain it is going to review all 8 terabytes on the server.

As noted, nowhere does GIT explain to whom it was providing services other than to Debtor and GIT. No other entity has come forward and claimed privilege or trade secrets. For privilege to attach, *California Evidence Code* § 954 makes clear the privilege musts be asserted by the holder, by someone authorized by the holder, or by the attorney. Other than GIT's own privileged communications, GIT makes no claim that it falls into any of those categories for any other entity. And § 952 makes clear that to be privileged, the communication must not be disclosed to third persons, yet GIT is here to tell us that communications between one of its unnamed clients and that client's lawyer were available to everyone with access to the server, whether those people were within the privilege or not.

Similarly, trade secret protection is limited in California to information which "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *California Civil Code* § 3246.1(d)(2). Nowhere does GIT explain what it did, in providing administrative and IT support to its various clients, most of whom are unnamed, to maintain the secrecy of each client's trade secrets.

Most important is that while GIT asserts the need to protect the attorney-client privileged information and trade secrets of its clients, it has proposed that it be given

1585386.1 26932                         4

time to review all 8 terabytes of data on the server, including, obviously all of the Debtor's privileged communications with its lawyers and all of Debtor's trade secrets.

The Motion should be denied. The Trustee is entitled to a complete copy of all the Debtor's documents in their original form from the server. The Trustee's inspection and copying of the server should go forward on April 20, 2020.

DATED: April 13, 2020

DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: /s/ *George E. Schulman*
GEORGE E. SCHULMAN
Attorneys for Michael A. McConnell,
Chapter 11 Trustee

1585386.1  26932

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S OPPOSITION TO GIT, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER (DOCKET NO. 909)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 13, 2020 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On April 13, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue, Suite D
Brighton, CO 80601

Debtor
HVI Cat Canyon, Inc.
630 Fifth Avenue
Suite 2410
New York, NY 10111

☐ Service information continued on attached page.

**3. SERVED BY OVERNIGHT MAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by overnight mail service (FedEx - Monday delivery)as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2020 | Vivian Servin | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION** (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Anthony A Austin**    anthony.austin@doj.ca.gov
- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Bradley D Blakeley**    blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com
- **Alicia Clough**    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen**    mscohen@loeb.com, klyles@loeb.com
- **Alan D Condren**    , berickson@seedmackall.com
- **Alec S DiMario**    alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- **Karl J Fingerhood**    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **H Alexander Fisch**    Alex.Fisch@doj.ca.gov
- **Don Fisher**    dfisher@ptwww.com, tblack@ptwww.com
- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Ellen A Friedman**    efriedman@friedmanspring.com, jquiambao@friedmanspring.com
- **Gisele M Goetz**    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com
- **Karen L Grant**    kgrant@silcom.com
- **Ira S Greene**    Ira.Greene@lockelord.com
- **Matthew C. Heyn**    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman**    b.holman@mpglaw.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Eric P Israel**    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Alan H Katz**    akatz@lockelord.com
- **John C Keith**    john.keith@doj.ca.gov
- **Jeannie Kim**    jekim@sheppardmullin.com
- **Mitchell J Langberg**    mlangberg@bhfs.com, dcrudup@bhfs.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

- **Maxim B Litvak**   mlitvak@pszjlaw.com
- **Vincent T Martinez**   llimone@twitchellandrice.com, smccomish@twitchellandrice.com
- **Michael Authur McConnell (TR)**   Michael.mcconnell@kellyhart.com
- **Brian M Metcalf**   bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
- **Jerry Namba**   nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com
- **David L Osias**   dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com
- **Darren L Patrick**   dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Benjamin P Pugh**   bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law
- **Edward S Renwick**   erenwick@hanmor.com, iaguilar@hanmor.com
- **J. Alexandra Rhim**   arhim@hrhlaw.com
- **Todd C. Ringstad**   becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Mitchell E Rishe**   mitchell.rishe@doj.ca.gov
- **George E Schulman**   GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com
- **Zev Shechtman**   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Sonia Singh**   ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com
- **Daniel A Solitro**   dsolitro@lockelord.com, ataylor2@lockelord.com
- **Ross Spence**   ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- **Christopher D Sullivan**   csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon@diamondmccarthy.com;aiemee.low@diamondmccarthy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                              F 9013-3.1.PROOF.SERVICE

- **Jennifer Taylor**   jtaylor@omm.com
- **John N Tedford**   jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- **Salina R Thomas**   bankruptcy@co.kern.ca.us
- **Meagan S Tom**   meagan.tom@lockelord.com, autodocket@lockelord.com;taylor.warren@lockelord.com;autodocketdev@lockelord.com
- **Patricia B Tomasco**   pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com
- **Fred Whitaker**   lshertzer@cwlawyers.com, spattas@cwlawyers.com
- **William E. Winfield**   wwinfield@calattys.com, scuevas@calattys.com
- **Richard Lee Wynne**   richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com
- **Emily Young**   pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
- **Aaron E de Leest**   adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    F 9013-3.1.PROOF.SERVICE