ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
AARON E. DE LEEST (State Bar No. 216832)
adeleest@DanningGill.com
SONIA SINGH (State Bar No. 311080)
ssingh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Michael A. McConnell, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**TRUSTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO EXPUNGE: (1) NOTICE OF OIL AND GAS LIEN FILED BY CALIFORNIA ASPHALT PRODUCTION, INC. (DOCKET NO. 821); (2) NOTICE OF OIL AND GAS LIEN FILED BY GTL1, LLC (DOCKET NO. 822); AND (3) NOTICE OF OIL AND GAS LIEN FILED BY GIT, INC. (DOCKET NO. 823)**<br><br>Date:    May 19, 2020<br>Time:    10:30 a.m.<br>Place:   Courtroom 201<br>         1415 State Street<br>         Santa Barbara, CA 93101 |

Michael A. McConnell, the Chapter 11 trustee (the "Trustee") for the estate of HVI Cat Canyon, Inc. (the "Debtor"), hereby submits his supplemental brief in support of the Motion to Expunge: (1) Notice of Oil and Gas Lien Filed by California Asphalt Production, Inc.; (2) Notice of Oil and Gas Lien Filed by GTL1, LLC; and (3) Notice of Oil and Gas Lien Filed by GIT, Inc.

1589098.1  26932                            1

*(docket no. 875)* (the "Motion to Expunge").[1]  At the initial hearing on the Motion to Expunge held on April 17, 2020, the Court requested further briefing on the matter.  The Court directed the parties to file supplemental briefing by May 8, 2020 regarding the comments made at the hearing – which dealt with whether the Oil and Gas Notices relate back to interests which arose pre-petition under the California Oil and Gas Lien Act (the "Act").

As a threshold issue, CAP, GTL1 and GIT acknowledge and admit in their Oil and Gas Notices that under the Act, their liens "relate back to the 'date of the furnishing of the first item of material or services or the date of performance of the first labor for which [the] lien is claimed.' Cal. Civ. Proc. Code § 1203.56.  <u>Here, that date is August 2019</u>."[2]  Now, in direct contradiction of both the position taken in their underlying notices and the language of the statute itself – CAP, GTL1 and GIT posit that the cited statute instead provides for a relation back to the beginning of the original contractual relationship between the entities.  For the reasons stated in the Reply Memorandum of Points and Authorities in support of the Motion to Expunge *(docket no. 920)* (the "Reply"), the Oil and Gas Notices cannot relate back to any pre-petition interests in property.  To summarize the Trustee's arguments:

1. Perfection under Bankruptcy Code Section 546(b) must relate back to a prepetition period.  6 *Collier on Bankruptcy* ¶ 546.03[2][c][i] (Richard Levin & Henry J. Sommer eds., 16th ed.) (*citing* 11 U.S.C. §§ 544(a), 545(2); H.R. Rep. No. 595, 95th Cong., 1st Sess. 371 (1977), *reprinted in* App. Pt. 4(d)(i) *infra* (stating applicable law must relate back to prepetition period); *Makoroff v. City of Lockport, N.Y.*, 916 F.2d 890 (3d Cir. 1990); *In re Parr Meadows Racing Ass'n, Inc.*, 880 F.2d 1540 (2d Cir. 1989).

The paradigm Section 546(b) case would arise in a state which has adopted the U.C.C. – "[u]nder various sections of the U.C.C., a perfected security interest relates back to either the filing of a financing statement or the date that the security interest attaches." *Makoroff,* 916 F.2d at 892.

---

[1] Defined terms are the same as in the Motion to Expunge.

[2] CAP Oil and Gas Notice, p. 2, l. 16-18; GTL1 Oil and Gas Notice, p. 2, l. 16-18; and GIT Oil and Gas Notice, p. 2, l. 15-17.

<blockquote>
Where a state law allows a creditor to perfect his security interest within a certain period of time after the security interest attaches, section 546(b) allows the creditor to complete the steps required under state law for perfection.
</blockquote>

*Id.*

Here, unlike a secured creditor whose interest is perfected by filing a financing statement and his priority relates back to the date when his security interest attached, CAP, GTL1 and GIT cannot rely on the Section 546(b) notice requirement post-petition to maintain perfection of any oil and gas liens under the Act because <u>no interests were ever created in the Debtor's property under the Act pre-petition.</u>

In *Makoroff*, the Third Circuit determined that the claimants did not have property interests for purposes of Section 546(b) because they <u>did not</u> take the "affirmative acts necessary to fix the amount of the tax due and to acquire a lien to the extent of that amount" <u>prior to the petition date</u>. The Third Circuit noted that "city taxes do not become a lien until notice of a tax assessment has been published." Similarly under the Act, <u>a lien is only created upon recordation of the statement of lien</u>. Cal. Civ. Proc. Code §§ 1203.56, 1203.58. In lieu of recording the statements of liens, CAP, GTL1 and GIT filed the Oil and Gas Notices in February 2020, post-petition in the bankruptcy case. Such affirmative acts are clearly post-petition. The Oil and Gas Notices were also explicitly for post-petition services. Therefore, CAP, GTL1 and GIT did not acquire the requisite interests in property pre-petition to utilize Section 546(b).

2. CAP, GTL1 and GIT's argument that their purported liens "relate back" to the beginning of their contractual relationship with the Debtor is not only in direct contradiction to their Oil and Gas Notices, but also meritless. The text of the Act and the Central District of California Bankruptcy Court decision interpreting the Act leave no doubt that the lien for labor performed, or materials or services furnished <u>arises</u> on the date for which a lien is <u>claimed</u> – and the <u>deadline to claim a lien</u> is six months after the claimant's labor was performed or services were provided. Cal. Civ. Proc. Code §§ 1203.56, 1203.58; *In re Rincon Island Ltd. P'ship*, 253 B.R. 880, 883 (Bankr. C.D. Cal. 2000) ("[r]ecordation must occur within six months after the date on which the claimant's labor was performed or services were provided.")

1  Specifically, a lien under the Act arises on the <u>first date of the period for which the lien is claimed for</u>:

> The lien provided for in this chapter <u>arises on the date</u> of the furnishing of the first item of material or services or the date of performance of the first labor <u>for which a lien is claimed under the provisions of this chapter.</u>

Cal. Civ. Proc. Code § 1203.56.

The Act <u>does not</u> say that the lien arises on the <u>first day of the contract</u> between the parties. Rather, as set forth above, the lien only arises, for priority purposes, on the date of the furnishing of the first item of material or services or performance <u>for which a lien is claimed under the Act.</u> Cal. Civ. Proc. Code § 1203.56. However, there is also only a right to claim a lien under the Act for the labor performed and materials and services furnished within the <u>six months prior to recording the statement of lien</u>. Cal. Civ. Proc. Code § 1203.52. The Act is unequivocal that its purpose is to provide a lien for labor performed, or materials or services furnished, within <u>six months</u> prior to the date of recording the statement of lien. Section § 1203.52 of the Act specifically provides that:

> [a]ny person who shall, under contract with the owner of any leasehold for oil or gas purposes perform any labor or furnish any material or services used or employed, or furnished to be used or employed in the drilling or operating of any oil or gas well upon such leasehold, or in the constructing, putting together, or repairing of any material so used or employed, or furnished to be so used or employed, <u>shall be entitled to a lien under this chapter</u>, whether or not a producing well is obtained and whether or not such material is incorporated in or becomes a part of the completed oil or gas well, <u>for the amount due him for any such labor performed, or materials or services furnished, within six months prior to the date of recording the statement of lien as provided in Section 1203.58</u>, including, without limitation, shipping and mileage charges connected therewith, and interest from the date the same was due.

Cal. Civ. Proc. Code § 1203.52.

Recording the statement of lien is required in order to claim a lien under the Act. In doing so, the period of time for which one's claim for labor performed and materials and services provided is only for the six months prior to recording the statement of lien:

> <u>Every person claiming a lien</u> under this chapter, <u>shall record … a verified statement</u>… [t]he statement of lien must be recorded <u>within six months after the date</u> on which the claimant's labor was performed or his materials or services were furnished <u>to be effective as to such labor, materials, or services.</u>

Cal. Civ. Proc. Code § 1203.58.

In sum, nowhere in the text of the Act does it provide for relation back outside the six-month period of recording the statement of lien to the first date work was ever performed or materials ever provided.  Instead, the Act is unambiguous that the attachment and filing of the statement of lien is simultaneous, such that at the time the statement of lien is recorded, the maximum period that the lien can cover is up to six months.  The Oil and Gas Notices were filed in February 2020 to cover a period beginning in August 2019.  Accordingly, the Oil and Gas Notices cannot relate back to the beginning of any contractual relationship between the parties – and instead only relate back to the date on which the liens are claimed for, or August 2019.

Therefore, as set forth in the Motion to Expunge and the Reply, without a pre-petition interest in property, CAP, GTL1 and GIT cannot utilize the automatic stay exception in Section 546(b), and the Motion to Expunge should be granted.

DATED: May 8, 2020                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:     */s/ Sonia Singh*
        SONIA SINGH
        Attorneys for Michael A. McConnell, Chapter 11 Trustee

1589098.1  26932                                5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO EXPUNGE: (1) NOTICE OF OIL AND GAS LIEN FILED BY CALIFORNIA ASPHALT PRODUCTION, INC. (DOCKET NO. 821); (2) NOTICE OF OIL AND GAS LIEN FILED BY GTL1, LLC (DOCKET NO. 822); AND (3) NOTICE OF OIL AND GAS LIEN FILED BY GIT, INC. (DOCKET NO. 823) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 8, 2020 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 8, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 8, 2020 | Gloria Ramos | /S/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                  **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Anthony A Austin**    anthony.austin@doj.ca.gov
- **William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- **Bradley D Blakeley**    blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com
- **Alicia Clough**    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
- **Marc S Cohen**    mscohen@loeb.com, klyles@loeb.com
- **Alan D Condren**    , berickson@seedmackall.com
- **Alec S DiMario**    alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
- **Karl J Fingerhood**    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
- **H Alexander Fisch**    Alex.Fisch@doj.ca.gov
- **Don Fisher**    dfisher@ptwww.com, tblack@ptwww.com
- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Ellen A Friedman**    efriedman@friedmanspring.com, jquiambao@friedmanspring.com
- **Gisele M Goetz**    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com
- **Karen L Grant**    kgrant@silcom.com
- **Ira S Greene**    Ira.Greene@lockelord.com
- **Matthew C. Heyn**    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
- **Brian L Holman**    b.holman@mpglaw.com
- **Brian L Holman**    b.holman@musickpeeler.com
- **Tracy K Hunckler**    thunckler@daycartermurphy.com, cgori@daycartermurphy.com;rmahoney@daycartermurphy.com
- **Eric P Israel**    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Evan M. Jones**    ejones@omm.com, ejones@omm.com
- **Alan H Katz**    akatz@lockelord.com
- **John C Keith**    john.keith@doj.ca.gov
- **Jeannie Kim**    jekim@sheppardmullin.com, lsemeraro@sheppardmullin.com
- **Mitchell J Langberg**    mlangberg@bhfs.com, dcrudup@bhfs.com
- **Maxim B Litvak**    mlitvak@pszjlaw.com
- **Vincent T Martinez**    llimone@twitchellandrice.com, smccomish@twitchellandrice.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

- **Michael Authur McConnell (TR)**   Michael.mcconnell@kellyhart.com
- **Brian M Metcalf**   bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
- **Jerry Namba**   nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com
- **David L Osias**   dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com
- **Darren L Patrick**   dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
- **Jeffrey N Pomerantz**   jpomerantz@pszjlaw.com
- **Benjamin P Pugh**   bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law
- **Edward S Renwick**   erenwick@hanmor.com, iaguilar@hanmor.com
- **J. Alexandra Rhim**   arhim@hrhlaw.com
- **Todd C. Ringstad**   becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Mitchell E Rishe**   mitchell.rishe@doj.ca.gov
- **George E Schulman**   GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com
- **Zev Shechtman**   zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Sonia Singh**   ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com
- **Daniel A Solitro**   dsolitro@lockelord.com, ataylor2@lockelord.com
- **Ross Spence**   ross@snowspencelaw.com, janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
- **Christopher D Sullivan**   csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon@diamondmccarthy.com;aiemee.low@diamondmccarthy.com
- **Jennifer Taylor**   jtaylor@omm.com
- **John N Tedford**   jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- **Salina R Thomas**   bankruptcy@co.kern.ca.us
- **Meagan S Tom**   meagan.tom@lockelord.com, autodocket@lockelord.com;taylor.warren@lockelord.com;autodocketdev@lockelord.com
- **Patricia B Tomasco**   pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com
- **Fred Whitaker**   lshertzer@cwlawyers.com, spattas@cwlawyers.com
- **William E. Winfield**   wwinfield@calattys.com, scuevas@calattys.com
- **Richard Lee Wynne**   richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                       **F 9013-3.1.PROOF.SERVICE**

- **Emily Young**  pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

- **Aaron E de Leest**  adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

## 2. SERVED BY U.S. MAIL

HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue Suite D
Brighton, CO 80601-2452 HVI

HVI Cat Canyon, Inc.
2550 Canet Road
San Luis Obispo, CA 93405-7836

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**