1   Patricia B. Tomasco (admitted pro hac vice)
    Quinn Emanuel Urquhart & Sullivan, LLP
2   711 Louisiana, Suite 500
    Houston, Texas 77002
3   Telephone:  713-221-7000
    Facsimile:  713-221-7100
4   Email: pattytomasco@quinnemanuel.com

5   -and-

6   Razmig Izakelian (State Bar No. 292137)
    Quinn Emanuel Urquhart & Sullivan, LLP
7   865 S. Figueroa Street, 10th Floor
    Los Angeles, California 90017
8   Telephone: 213-443-3000
    Facsimile: 213-443-3100
9   Email: razmigizakelian@quinnemanuel.com

10

11  *Attorneys for GIT, Inc., California Asphalt Production, Inc., and GTL1, LLC*

12              **UNITED STATES BANKRUPTCY COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HVI CAT CANYON, INC., | § | Case No. 9:19-bk-11573-MB |
| | § | |
| Debtor. | § | **OMNIBUS REPLY TO** |
| | § | **OPPOSITIONS OF THE TRUSTEE** |
| | § | **AND UBS TO MOTION FOR** |
| | § | **APPROVAL AND PAYMENT OF** |
| | § | **ADMINISTRATIVE CLAIMS** |
| | § | |
| | § | Date: May 19, 2020 |
| | § | Time: 10:30 a.m. [PT] |
| | § | Place: Courtroom 201 |
| | § |         1415 State Street |
| | § |         Santa Barbara, California |
| | § | |

        GIT, Inc., California Asphalt Production, Inc., and GTL1, LLC ("GIT", "CAP", "GTL", and

collectively, the "Claimants") hereby file this reply ("Reply") to the *Opposition of UBS AG, London*

*Branch and UBS AG, Stamford Brach to Notice of Motion and Motion for Approval and Payment of*

*Administrative Claims* [ECF 972] ("UBS" and "UBS Opposition") and the *Trustee's Notice of*

*Opposition and Opposition to Motion for Approval and Payment of Administrative Claims Filed by*

*GIT., Inc., California Asphalt Production, Inc., and GTL1, LLC* [ECF 976] ("Trustee", "Trustee Opposition", and with the UBS Opposition, the "Oppositions").  The Claimants address the key points raised in the Oppositions below.

## REPLY TO TRUSTEE OPPOSITION

The Trustee makes a series of arguments, each of which lacks merit or fails to address the relevant legal standards.

*First*, the Trustee argues that the Motion is premature, and thus should either be denied without prejudice or the hearing continued, because there is no available money to pay administrative claims. Trustee Opposition at 13-14.  However, the Claimants have not requested immediate payment of the administrative claims, and have deferred to the Court's discretion concerning the timing of the payments.  For example, the Claimants have no objection to receiving payments on account of their administrative claims after consummation of a sale of confirmation of a plan.  The Trustee's argument that there is no money to pay administrative claims does not moot the request to allow those claims.

*Second*, the Trustee argues that the Motion is premature because UBS has superpriority over administrative expense claims. Trustee Opposition at 14.  This is a red herring.  The Motion does not seek payment of the administrative claims ahead of UBS.

*Third*, the Trustee argues that the dispute should be adjudicated in an adversary proceeding. Trustee Opposition at 15-16.  This argument lacks merit.  The Trustee concedes that motions to allow and pay administrative expense claims are properly contested matters. *Id.* at 15:26-27 ("[R]equests for payment of administrative expenses are allowed after 'notice and a hearing,' giving rise to 'contested matters' governed by FRBP 9014.").  To the extent that the Trustee believes that the claims may be reduced by setoff, he can assert that argument in a contested matter. *See In re Orexigen Therapeutics, Inc.*, 596 B.R. 9 (Bankr. D. Del. Nov. 13,

2018) (ruling on setoff issue as a contested matter) *aff'd* 2020 WL 42824 (D. Del. Jan. 3, 2020) *appeal filed* Case No. 20-1136 (3d Cir. Feb 4, 2020).[1] The Trustee has not identified any other disputes that would require adjudication via adversary proceeding.

*Fourth*, the Trustee argues that the claims should be treated as a contested matter with all adversary proceeding rules applied, or consolidated with the adversary proceeding involving GLR LLC and GRL LLC. Trustee Opposition at 17-18. The Trustee's argument lacks merit. Disputes between the Trustee, on the one hand, and GLR LLC and GRL LLC, on the other hand, have no bearing on the claims asserted in the Motion, because those are different entities with rights under different contracts and through real property interests. Moreover, all of the discovery that the Trustee may seek (such as requests for documents and depositions) is available in contested matters. *See* Fed. R. Civ. Proc. 9014(c).

*Fifth*, the Trustee asserts that it is premature to argue the merits because he requires time to develop the record. Trustee Opposition at 18. He argues that he intends to develop certain defenses and counter-arguments. *Id.* For example, he argues that the Claimants are not entitled to administrative priority because their purported extension of credit was not approved by the Court. *Id.* at 19. However, the Trustee does not dispute that the Claimants actually provided credit, that the debtor-in-possession and Trustee accepted that credit, and that the credit was extended in the ordinary course of the debtor's business. Thus, Court approval was not required under section 364(a). The Trustee's remaining arguments refer to either payment of the claims, or discuss unrelated claims the Trustee is investigating against the Claimants. *Id.* at 19. Arguments concerning the payment of claims are irrelevant, because the Claimants are not seeking immediate

---

[1] The Trustee asserts that CAP's claims may be reduced by setoff, but does not assert the same with respect to GIT or GTL. Moreover, it appears that the Trustee is no longer asserting that CAP setoff any of its claims against amounts owed to HVI. Indeed, CAP is asserting claims against the estate, and it appears that the estate intends to assert its own claims against CAP.

payment. And arguments concerning the Trustee's investigation of other claims are irrelevant, because the Trustee is free to investigate such claims and assert them if and when he feels it is appropriate to do so.

*Last*, the Trustee argues that the Claimants have not met their burden because there is no evidence regarding prepetition transactions between HVI and the Claimants. That is not true – the Trustee himself attached prepetition invoices that show the amounts billed prepetition were generally consistent with amounts billed postpetition. *Compare* ECF 976 at 100 (prepetition GIT invoice for $195,520.60), 101 (prepetition CAP invoice for $313,235.63), 106 (prepetition GTL invoice for $192,214), 109 (prepetition CAP invoice for marketing fees for $1,742.37) *with* ECF 946 at 73 (postpetition GIT invoice for $122,093.51), 79 (postpetition CAP invoice for $447,466.88), 96 (postpetition GTL invoice for $235,038), 84 (postpetition CAP invoice for marketing fees of $737.16). Moreover, the Trustee does not dispute that: 1) the Claimants actually provided unsecured credit to the estate; 2) the credit was extended in the ordinary course of the debtor's business; 3) the debtor-in-possession and Trustee accepted that credit; and 4) he did not dispute or object to the vast majority of the invoices he received, even though he received them months ago. This means that the claims are automatically entitled to administrative priority under section 364(a) of the Bankruptcy Code.[2]

---

[2] The Trustee asserts that there is a $15,000 discrepancy between one invoice he received and one of the invoices attached to the Motion. Trustee Opposition at 21. That one invoice does not change the fact there is no dispute that the Trustee accepted services and never objected to the vast majority of the invoices that he received. The only objection was apparently for amounts billed by GIT in October 2019 above $156,000. ECF 976 at 113. The claims should be allowed, at a minimum, in the amounts for which there was no objections or disputes.

**REPLY TO UBS OPPOSITION**

UBS' Opposition fares no better than the Trustee.[3] *First*, UBS argues that the Claimants have not provided evidence to support their request for administrative claims, asserting that the amounts in the invoices do not match the amounts asserted in the Motion. That is because, as explained in the Motion, GIT is not seeking allowance of legal fees as administrative expenses. Motion at 3 n.1.

UBS goes on to argue that there is no admissible evidence that the Claimants entered into contracts with HVI, or that the goods and services were provided pursuant to the terms of those contracts. That argument is disingenuous. The Claimants explained that they provided goods and services to HVI, noted that operators of oil and gas wells often contract for those services, attached the relevant contracts, and attached the invoices for amounts billed for goods and services provided under those contracts. Olivares Decl. ¶¶ 3-6. The Claimants also specifically cited evidence that after his appointment, the Trustee continued to utilize the services provided by GIT, CAP, and GTL. Motion at 2-3 (citing Olivares Decl. ¶ 9, 11, 13). And they cited several documents publicly filed by the Trustee demonstrating that the Trustee continued to utilize goods and services provided by those entities. Motion at 2-3. Additionally, the Trustee does not dispute that goods and services were provided, and that they were provided under the relevant contracts. *See* Trustee Opposition.

UBS also argues that there is no evidence that the expenses reflected in the invoices benefitted the estate. This is again disingenuous. UBS specifically admits that certain goods provided by CAP are "useful in running an oil production business," UBS Opposition at 4, and does not dispute that administrative services by GIT, such as processing payroll, and that trucking

---

[3] It is not entirely clear why UBS opposes the Motion. The Claimants did not request in the Motion that they receive payment ahead of UBS.

services by GTL to move oil, benefitted the estate. Nor do UBS or the Trustee dispute that the Trustee actually accepted these services. Why would the Trustee, an estate fiduciary, accept the goods and services unless they benefitted the estate?

UBS next asserts that black-letter law holding that contract rates are presumed reasonable does not apply to these contracts. That argument relies on a misreading of *In re Cook Inlet Energy LLC*, 583 B.R. 494, 505 (B.A.P. 9th Cir. 2018). Contrary to UBS' argument, in that case, the Bankruptcy Appellate Panel did not decline to apply the contract presumption because the contract was with an insider. *Id.* (not using the term insider). The reason it did not apply the contract presumption was because the contract was an employment contract for management services, for which there is no marketplace. To the contrary, here, there is a marketplace for the goods and services provided by the Claimants, and the Claimants submitted admissible evidence from an individual with 33 years of experience in the oil and gas industry that the rates charged were generally below those charged in the oil and gas industry. Olivares Decl. ¶ 7.[4] Notably, the Trustee refused, when asked, to provide copies of contracts or invoices for any substitute goods and services he procured after rejecting the GIT, CAP and GTL contracts. Certainly, these replacement contracts could shed light on this argument, yet the Trustee refused to share them.

Most importantly, UBS does not dispute that the goods and services were provided in the ordinary course of HVI's business, and that the Trustee accepted the vast majority of the services

---

[4] UBS also argues that that the Motion stated that "GIT 'advanced' funds after improper set-off by the Claimants left the Trustee with n funds to operate the estate when he arrived." UBS Opposition at 5. UBS does not actually cite the Motion, because no such statement or argument was made in the Motion. To the extent that UBS is referring to CAP's prepayment to the Trustee, the Motion specifically cites the Trustee's motion to accept the prepayment, and UBS admits that the prepayment was made. UBS Opposition at 5 n.17. Additionally, to the extent that UBS is referring to any allegations that CAP set off any postpetition payments, that is incorrect, because no setoff has actually occurred, and there is no evidence that a setoff has actually occurred.

without ever objecting to the amounts billed. That means that the claims are entitled to administrative priority under either section 364(b) or 503(b).

*Second*, UBS argues that the claims cannot be paid before UBS' liens. UBS Opposition at 7. This is a red herring. The Motion does not seek payment of administrative claims ahead of secured claims. Nor does the Motion seeks immediate payment. Motion at 9. It only seeks equal treatment with other administrative claimants. That can be accomplished, for example, by making in parri passu payments to all allowed administrative claimants, escrowing funds for the Claimants, or reserving the Claimants' rights to seek disgorgement of already paid administrative claims if necessary to achieve equal treatment.

*Third*, UBS asserts, contrary to well-settled Supreme Court precedent and the fundamental policy of equal treatment of similarly situated creditors, that even if the Claimants are allowed administrative claims, they should not receive equal treatment with other administrative claims. UBS Opposition at 6. Its position is that providing equal treatment to the Claimants would somehow "prioritize these claims over other administrative claims that were properly given priority through the Court's orders." Opposition at 7. But, UBS does not cite any order preventing the Trustee from paying for goods and services that he voluntarily accepted. It argues that the cash collateral and financing orders prohibit payment to GIT for "prepetition work or claims." *Id.* at 8. But GIT is only seeking reimbursement for postpetition work. Similarly, UBS argues that the cash collateral and financing order limit payments to insiders and affiliates, but the provision it cites (limiting insider or affiliate royalty payments, surface lease payments, or professional fee payments), does not impact the goods and services provided by the Claimants.

*Fourth*, UBS asserts that the Claimants have not satisfied the scrutiny for insider claims. However, as discussed above, there is ample evidence that the Claimants provided services, the

Trustee accepted those services, and that the Trustee did not object to the vast majority of the invoices.

*Fifth*, UBS argues that the Claimants cannot demand payment exceeding the approved budgets in this case. Opposition at 9-10. But there is no dispute that the Claimants have not even received the budgeted amounts. Therefore, at a minimum, the Claimants are entitled to administrative claims in the budgeted amounts for which they have not been paid.[5]

*Sixth*, UBS argues that payments to GIT and CAP are barred by a subordination and credit agreement with UBS. UBS Opposition at 12. This is again a red herring. The Motion does not seek payment of the administrative claims ahead of UBSs' pre-petition secured claims.

*Last*, UBS argues that the Claimants are not entitled to administrative claims because they have received and not returned avoidable transfers. UBS Opposition at 12. But there is no evidence of any avoidable transfers. No postpetition setoffs have actually occurred, and the Trustee has not asserted any avoidance claims, formally or informally, against the Claimants.

For the reasons stated above, the Motion should be granted in the following amounts: 1) $1,584,426.38 for CAP; 2) $599,984.20 for GTL; and 3) $468,530.76 for GIT.

DATED: May 12, 2020                    Respectfully submitted,

                                       QUINN EMANUEL URQUHART & SULLIVAN LLP

                                       By:    */s/ Razmig Izakelian*
                                              Patricia B. Tomasco
                                              Razmig Izakelian

                                       Attorneys for GIT, Inc., California Asphalt Production,
                                       Inc., and GTL1, LLC

---

[5] Claimants acknowledge that CAP received $313,235.62 in August 2019 and $347,820 in September 2019, and that GTL received $181,733 in August 2019 and $198,000 in September 2019. Thus, CAP reduces its request to $1,584,426.38, and GTL reduces its request to $599,984.20. GIT has not received payments for postpetition services. Excluding all line items for professional fees and legal fees in the invoices, its claim is $468,530.76.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): <u>OMNIBUS REPLY TO OPPOSITIONS OF THE</u>
<u>TRUSTEE AND UBS TO MOTION FOR APPROVAL AND PAYMENT OF ADMINISTRATIVE CLAIMS</u>
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>05/12/2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/12/2020 | Razmig Izakelian | /s/ Razmig Izakelian |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Anthony A Austin on behalf of Creditor California Department of Toxic Substances Control
anthony.austin@doj.ca.gov

Anthony A Austin on behalf of Interested Party California Department of Toxic Substances
Control
anthony.austin@doj.ca.gov

William C Beall on behalf of Counter-Claimant GLR, LLC, a Delaware limited liability
company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Counter-Claimant GRL, LLC, a Delaware limited liability
company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Creditor GLR, LLC
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Defendant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Defendant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Bradley D Blakeley on behalf of Defendant RDI Royalty Distributors, Inc
blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission
mscohen@loeb.com, klyles@loeb.com

Alan D Condren on behalf of Defendant Roman Catholic Archbishop of Los Angeles
, berickson@seedmackall.com

Alan D Condren on behalf of Defendant Elizabeth Esser
, berickson@seedmackall.com

Alan D Condren on behalf of Defendant Stephen Fisher
, berickson@seedmackall.com

Alec S DiMario on behalf of Creditor Direct Energy Business Marketing, LLC d/b/a Direct
Energy Business
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Alec S DiMario on behalf of Creditor Direct Energy Business, LLC
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA
and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

H Alexander Fisch on behalf of Interested Party California Department of Fish & Wildlife
Alex.Fisch@doj.ca.gov

H Alexander Fisch on behalf of Interested Party California Regional Water Quality Control
Board, Central Coast
Alex.Fisch@doj.ca.gov

Don Fisher on behalf of Defendant Corian Cross Holdings, LP
dfisher@ptwww.com, tblack@ptwww.com

Don Fisher on behalf of Interested Party Interested Party
dfisher@ptwww.com, tblack@ptwww.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee
brian.fittipaldi@usdoj.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Ellen A Friedman on behalf of Interested Party Pacific Gas and Electric Company
efriedman@friedmanspring.com, jquiambao@friedmanspring.com

Gisele M Goetz on behalf of Defendant Chamberlin Oil LLC
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Gisele M Goetz on behalf of Interested Party Courtesy NEF
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Karen L Grant on behalf of Creditor BUGANKO, LLC
kgrant@silcom.com

Karen L Grant on behalf of Defendant Janet K Ganong
kgrant@silcom.com

Ira S Greene on behalf of Interested Party CTS Properties, Ltd.
Ira.Greene@lockelord.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and
Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

Brian L Holman on behalf of Counter-Claimant Bradley Land Company
b.holman@mpglaw.com

Brian L Holman on behalf of Creditor Bradley Land Company
b.holman@musickpeeler.com

Brian L Holman on behalf of Defendant Bradley Land Company
b.holman@mpglaw.com

Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Financial Advisor CR3 Partners, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Michael Authur McConnell (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Razmig Izakelian on behalf of Creditor California Asphalt Production, Inc.
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor GIT, Inc.
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor GTL1, LLC
razmigizakelian@quinnemanuel.com

Alan H Katz on behalf of Interested Party CTS Properties, Ltd.
akatz@lockelord.com

John C Keith on behalf of Creditor California State Lands Commission
john.keith@doj.ca.gov

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company
jekim@sheppardmullin.com

Mitchell J Langberg on behalf of Defendant Adam B Firestone
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Alice Sedgwick Wohl
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Alice Sedgwick, Dec'd
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Jerome Brevoort Dwight
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant John A Feliciano
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Jonathan Ashley Dwight
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Katherine S Hanberg
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Lance H Brown
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Lela Minturn Dwight
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Louise H Feliciano
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Susanna Sedgwick
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant William Hanberg
mlangberg@bhfs.com, dcrudup@bhfs.com

Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors
mlitvak@pszjlaw.com

Vincent T Martinez on behalf of Creditor Adam Family Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Candace Laine Evenson

llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Escolle Tenants In Common
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor The Bognuda Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor The Morganti Ranch, a limited partnership
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Defendant The Bognuda Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Michael Authur McConnell (TR)
Michael.mcconnell@kellyhart.com

Brian M Metcalf on behalf of Interested Party UBS AG, London Branch
bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com

Jerry Namba on behalf of Defendant CMT, LLC
nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com

David L Osias on behalf of Creditor Allen Matkins Leck Gamble Mallory & Natsis LLP
dosias@allenmatkins.com,
bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

Darren L Patrick on behalf of Interested Party UBS AG, London Branch
dpatrick@omm.com, darren-patrick-
1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured
Creditors
jpomerantz@pszjlaw.com

Benjamin P Pugh on behalf of Defendant Jane A. Adams
bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

Benjamin P Pugh on behalf of Defendant John S. Adams
bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

Edward S Renwick on behalf of Creditor "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor Goodwin "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Cross-Claimant Goodwin "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

J. Alexandra Rhim on behalf of Creditor Guarantee Royalties, Inc.
arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Creditor Laor Liquidating Associates, LP
arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Defendant Guarantee Royalties, Inc.
arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Defendant Laor Liquidating Associates, LP
arhim@hrhlaw.com

Todd C. Ringstad on behalf of Defendant Charles C. Albright
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party
becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil,
Gas & Geothermal Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and
Geothermal Reources
mitchell.rishe@doj.ca.gov

George E Schulman on behalf of Trustee Michael Authur McConnell (TR)
GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Trustee Michael Authur McConnell (TR)
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Sonia Singh on behalf of Trustee Michael Authur McConnell (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.
dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California

ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snows
pencelaw.com

Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the
County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snows
pencelaw.com

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snows
pencelaw.com

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com,
mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamond
mccarthy.com;erika.shannon@diamondmccarthy.com;aiemee.low@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch
jtaylor@omm.com

John N Tedford, IV on behalf of Trustee Michael Authur McConnell (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

Salina R Thomas on behalf of Interested Party Courtesy NEF
bankruptcy@co.kern.ca.us

Salina R Thomas on behalf of Interested Party Kern County Treasurer Tax Collector
bankruptcy@co.kern.ca.us

Meagan S Tom on behalf of Creditor Netherland, Sewell & Associates, Inc.
meagan.tom@lockelord.com,
autodocket@lockelord.com;taylor.warren@lockelord.com;autodocketdev@lockelord.com

Patricia B Tomasco on behalf of Creditor GIT, Inc.
pattytomasco@quinnemanuel.com,
barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

Fred Whitaker on behalf of Interested Party Eller Family Trust
lshertzer@cwlawyers.com, spattas@cwlawyers.com

William E. Winfield on behalf of Attorney Courtesy NEF
wwinfield@calattys.com, scuevas@calattys.com

William  E. Winfield  on behalf of Creditor  Jane Connolly
wwinfield@calattys.com,  scuevas@calattys.com

William  E. Winfield  on behalf of Creditor  Robert Kestner
wwinfield@calattys.com,  scuevas@calattys.com

William  E. Winfield  on behalf of Creditor  Virginia  Tracy
wwinfield@calattys.com,  scuevas@calattys.com

William  E. Winfield  on behalf of Defendant Jane Connolly
wwinfield@calattys.com,  scuevas@calattys.com

William  E. Winfield  on behalf of Defendant Kathleen Seymour
wwinfield@calattys.com,  scuevas@calattys.com

William  E. Winfield  on behalf of Defendant Robert Kestner
wwinfield@calattys.com,  scuevas@calattys.com

William  E. Winfield  on behalf of Defendant Virginia  Tracy
wwinfield@calattys.com,  scuevas@calattys.com

Richard Lee Wynne  on behalf of Interested Party NewBridge  Resources, LLC
richard.wynne@hoganlovells.com,
tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

Emily  Young  on behalf of Creditor  Epiq Corporate Restructuring, LLC Claims  Agent
pacerteam@gardencitygroup.com,  rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

Aaron E de Leest on behalf of Attorney Danning, Gill,  Israel & Krasnoff, LLP
adeleest@DanningGill.com,  danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E de Leest on behalf of Trustee Michael Authur McConnell  (TR)
adeleest@DanningGill.com,  danninggill@gmail.com;adeleest@ecf.inforuptcy.com