Patricia B. Tomasco (admitted pro hac vice)
Quinn Emanuel Urquhart & Sullivan, LLP
711 Louisiana, Suite 500
Houston, Texas 77002
Telephone: 713-221-7000
Facsimile: 713-221-7100
Email: pattytomasco@quinnemanuel.com

-and-

Razmig Izakelian (State Bar No. 292137)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
Email: razmigizakelian@quinnemanuel.com

*Attorneys for GIT, Inc., California Asphalt Production, Inc., and GTL1, LLC*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | | |
|---|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 9:19-bk-11573-MB<br><br>**OMNIBUS RESPONSE TO THE EVIDENTIARY OBJECTIONS OF THE TRUSTEE AND UBS TO THE DECLARATION OF ERNESTO OLIVARES FILED IN SUPPORT OF MOTION TO APPROVE ADMINISTRATIVE CLAIMS**<br><br>Date: May 19, 2020<br>Time: 10:30 a.m. [PT]<br>Place: Courtroom 201<br>       1415 State Street<br>       Santa Barbara, California |

GIT, Inc., California Asphalt Production, Inc., and GTL1, LLC ("GIT", "CAP", "GTL", and collectively, the "Claimants") hereby file this response to the evidentiary objections filed by UBS AG, London Branch, UBS AG, Stamford Branch ("UBS" and the "UBS Objections"), and the chapter 11 trustee ("Trustee" and the "Trustee Objections") [ECF 975, 977] to the Declaration of Ernesto

Olivares filed in support of the Claimants' Motion for Approval and Payment of Administrative Claims ("Motion").

## RESPONSES TO TRUSTEE OBJECTIONS

| # | Statement | Objection | Response |
|---|---|---|---|
| 1 | "Those materials and services were necessary so that HVI could operate its wells. Without those materials and services HVI would have to shut down its operations, which would have made its properties unsaleable. It is my understanding that operators of oil and gas wells will often contract for similar services."<br><br>¶ 3, lines 7-10. | Lack of Personal Knowledge, Fed. R. Evid. 602; Lack of Foundation, Fed. R. Evid., 602, 701, 801; Improper Opinion and Inadmissible Legal Conclusion, Fed. R. Evid. 701, 702, 703. | Mr. Olivares is the CFO of GIT, CAP, and GTL. He has worked in the oil and gas industry for 33 years, and has been employed by GIT, CAP, and GTL for 17 years. He thus has personal knowledge of why the materials and services were provided, and can provide admissible lay opinion testimony, based on his perceptions, of whether HVI would have to shut down operations without the services and whether oil and gas well operators will contract for similar services. |
| 2 | "HVI and GIT were parties to that certain Amended and Restated General & Administrative Services Agreement entered into on August 1, 2009, and amended from time to time. A true and correct copy of this agreement is attached hereto as Exhibit A."<br><br>¶ 4, lines 11-13. | Best Evidence Rule (Document Speaks For Itself), Fed. R. Evid. 1002. | Mr. Olivares does not purport to describe the agreement. He is authenticating it, and the Trustee does not dispute that the attached exhibit is authentic. Nor can he, because it is identical to the agreement he filed in support of his motion to reject the agreement. |
| 3 | "HVI and CAP were parties to that certain: (a) Crude Oil Purchase Contract No. COP-002, and all amendments; (b) Crude Oil Purchase Contract No. COP-003, and all amendments; (c) Crude Oil Purchase Contract No. COP-004, and all amendments; (d) Waste Gas Handling Agreement, and all amendments; (e) Supply Agreement, and all amendments; (f) Amended and Restated Agreement, and all amendments; and (g) Supply Agreement, and all amendments. A copy of these contracts is attached hereto as Exhibit B."<br><br>¶ 5, lines 14-20. | Best Evidence Rule (Document Speaks For Itself), Fed. R. Evid. 1002. | Mr. Olivares does not purport to describe the agreements. He is authenticating them, and the Trustee does not dispute that the attached exhibit is authentic. Nor can he, because it is identical to the agreements he filed in support of his motion to reject the agreements. |

| | | | |
|---|---|---|---|
| 4 | "HVI and GTL were parties to a trucking agreement ("Agreement")."  ¶ 6, line 21. | Lack of Foundation, Fed. R. Evid., 602, 701, 801 | Mr. Olivares is the CFO of GTL and has been employed by GTL for the last 17 years. He therefore has personal knowledge that HVI and GTL were parties to a trucking agreement. Moreover, the Trustee asserted in his motion to reject the agreement that HVI and GTL were parties to a trucking agreement. |
| 5 | "It is my understanding that the rates charged by GIT, CAP, and GTL are generally below those in the oil and gas industry."  ¶ 7, lines 23-24. | Lack of Personal Knowledge, Fed. R. Evid. 602; Lack of Foundation, Fed. R. Evid., 602, 701, 801; Improper Opinion and Inadmissible Legal Conclusion, Fed. R. Evid. 701, 702, 703. | Mr. Olivares is the CFO of GIT, CAP, and GTL. He has worked in the oil and gas industry for 33 years, and has been employed by GIT, CAP, and GTL for 17 years. He thus has personal knowledge of the oil and gas industry, an understanding of rates generally charged in the industry, and can provide lay witness testimony based on his own perceptions. |
| 6 | "After HVI filed bankruptcy, GIT, CAP, and GTL continued to provide materials and services to HVI on the same terms as they did before HVI's bankruptcy. If these entities had not provided materials and services to HVI, it is very likely that HVI would have to shut in its wells, which would have made its properties unsaleable."  ¶ 9, lines 3-6. | Lack of Personal Knowledge, Fed. R. Evid. 602; Lack of Foundation, Fed. R. Evid., 602, 701, 801; Improper Opinion and Inadmissible Legal Conclusion, Fed. R. Evid. 701, 702, 703. | Mr. Olivares is the CFO of GIT, CAP, and GTL. He thus has personal knowledge of the terms of the materials and services provided to HVI by the Claimants and the terms on which they provided prepetition and postpetition materials and services. He has also worked in the oil and gas industry for 33 years, and can provide lay witness testimony about HVI needing to shut in its wells and the properties becoming unsaleable based on his perception. |
| 7 | "After his appointment, the Trustee continued to utilize the services provided by GIT, CAP, and GTL."  ¶ 11, lines 10-11. | Lack of Foundation, Fed. R. Evid., 602, 701, 801. | Mr. Olivares is the CFO of GIT, CAP, and GTL. He has personal knowledge that the Trustee continued to utilize the services of the Claimants after his appointment. |
| 8 | "In October 2019, CAP voluntar[ily] prepaid HVI so that the Trustee could pay payroll and related expenses. That payment was not due until November 25, | Lack of Personal Knowledge (regarding Trustee's | Mr. Olivares is the CFO of CAP and has been employed by CAP for the last 17 years. He has personal knowledge of why CAP prepaid HVI, what the Trustee |

-3-

| # | Statement | Objection | Response |
|---|---|---|---|
| | 2019."<br><br>¶ 12, lines 12-13. | intent or conduct), Fed. R. Evid. 602; Lack of Foundation, Fed. R. Evid., 602, 701, 801. Irrelevant/Vague and ambiguous, as it does not describe how much was advanced, if anything, Fed. R. Evid. 401, 402, 403. | represented to obtain the prepayment, and when the payment was due. Additionally, it is not relevant what amount was advanced, all that is relevant is that there was an advance, and that the Trustee asserted that the advance was in the ordinary course of HVI's business. Additionally, the Trustee does not actually dispute that CAP prepaid HVI. |
| 9 | "I understand that the Trustee rejected the agreements with CAP and GTL as of November 27, 2019, and the agreement with GIT as [of] December 31, 2019. However, the Trustee continued to utilize the materials and services provided by these companies after those dates. For example, he continued to access HVI's files on GIT's server pursuant to the parties' agreement until February 2020. He accepted shipments of hot loads and soft water from December 2019 to January 2020. He also utilized GTL's trucking services in December 2019."<br><br>¶ 13, lines 14-21. | Lack of Personal Knowledge (regarding Trustee's intent or conduct), Fed. R. Evid. 602; Lack of Foundation, Fed. R. Evid., 602, 701, 801 | Mr. Olivares is the CFO of GIT, CAP, and GTL. He has personal knowledge that the Trustee continued to utilize the services of the Claimants after rejection of the agreements. |

**RESPONSES TO UBS' OBJECTIONS**

| # | Statement | Objection | Response |
|---|---|---|---|
| 1 | ¶ 3. "GIT, CAP, and GTL provided materials and services to HVI before HVI filed bankruptcy. Those materials and services were necessary so that HVI could operate its wells. Without those materials and services HVI would have to shut down its operations, which would have made its properties unsaleable. It is my understanding that operators of oil and gas wells | **Objections**: lack of foundation, speculative (FRE 602), inadmissible opinion, conclusory (FRE 701).<br><br>The | Mr. Olivares is the CFO of GIT, CAP, and GTL. He has worked in the oil and gas industry for 33 years, and has been employed by GIT, CAP, and GTL for 17 years. He thus has personal knowledge of why the materials and services were provided, and can provide admissible lay opinion testimony, based on his perception, of whether HVI would have to shut |

-4-

| | | | Declaration fails to establish foundation for Mr. Olivares' knowledge regarding whether the shut down of operations would make the Debtor's properties unsaleable and whether other oil and gas operators will contract for similar services | down operations without the services, whether shut down would make the properties unsaleable, and whether oil and gas well operators will contract for similar services. |
|---|---|---|---|---|
| | | will often contract for similar services." | | |
| 2 | | ¶ 4. "HVI and GIT were parties to that certain Amended and Restated General & Administrative Services Agreement entered into on August 1, 2009, and amended from time to time. A true and correct copy of this agreement is attached hereto as Exhibit A." | **Objection**: lack of foundation (FRE 602). | Mr. Olivares is the CFO of GIT, CAP, and GTL and has been employed by GIT, CAP, and GTL for 17 years. He has the ability to authenticate GIT's agreement with HVI. Moreover, UBS does not object to the authenticity of the agreement, since it is identical to the agreement the Trustee filed in support of his motion to reject the agreement that UBS required as a condition of its DIP loans to the Trustee. |
| 3 | | ¶ 5. "HVI and CAP were parties to that certain: (a) Crude Oil Purchase Contract No. COP-002, and all amendments; (b) Crude Oil Purchase Contract No. COP-003, and all amendments; (c) Crude Oil Purchase Contract No. COP-004, and all amendments; (d) Waste Gas Handling Agreement, and all amendments; (e) Supply Agreement, and all amendments; (f) Amended and Restated Agreement, and all amendments; and (g) Supply Agreement, and all amendments. A copy of these contracts is attached hereto as Exhibit B." | **Objection**: lack of foundation (FRE 602). | Mr. Olivares is the CFO of GIT, CAP, and GTL and has been employed by GIT, CAP, and GTL for 17 years. He has the ability to authenticate CAP's agreement with HVI. Moreover, UBS does not object to the authenticity of the exhibit, since it is identical to the agreements the Trustee filed in support of his motion to reject the agreements that UBS required as a condition of its DIP loans to the Trustee. |

| | | | Objections | |
|---|---|---|---|---|
| 1 | 4 | ¶ 6. "HVI and GTL were parties to a trucking agreement ("Agreement")." | **Objections**: hearsay (FRE 801); lack of foundation (FRE 602). | Mr. Olivares is the CFO of GTL and has been employed by GTL for the last 17 years. He therefore has personal knowledge that HVI and GTL were parties to a trucking agreement. |
| 2 | 5 | ¶ 7. "It is my understanding that the rates charged by GIT, CAP, and GTL are generally below those in the oil and gas industry." | **Objections**: speculative, lack of foundation (FRE 602); hearsay (FRE 801, 802); inadmissible opinion, conclusory (FRE 701). <br><br>This statement is based on speculation and not supported by the requisite personal knowledge or foundation. There is no evidence in the record related to the rates charged in the oil and gas industry or Mr. Olivares' knowledge related thereto. | Mr. Olivares is the CFO of GIT, CAP, and GTL. He has worked in the oil and gas industry for 33 years, and has been employed by GIT, CAP, and GTL for 17 years. He thus has personal knowledge of the oil and gas industry, an understanding of rates generally charged in the industry, and can provide lay witness testimony based on his own perception. |
| 3 | 6 | ¶ 9. "After HVI filed bankruptcy, GIT, CAP, and GTL continued to provide materials and services to HVI on the same terms as they did before HVI's bankruptcy. If these entities had not provided materials and services to HVI, it is very likely that HVI would have to shut in its wells, which would have made its properties unsaleable." | **Objections**: speculative, lack of foundation (FRE 602), hearsay (FRE 801, 802), inadmissible opinion, conclusory (FRE 701). <br><br>This statement is based on speculation, and not | Mr. Olivares is the CFO of GIT, CAP, and GTL. He has worked in the oil and gas industry for 33 years, and has been employed by GIT, CAP, and GTL for 17 years. He thus has personal knowledge of the oil and gas industry, and whether shutting in wells can make properties unsaleable, and can provide lay witness testimony based on his own perception. |

| | | | | |
|---|---|---|---|---|
| | | | supported by the requisite showing of personal knowledge or foundation. The Declaration fails to establish foundation for Mr. Olivares' knowledge regarding whether the shut down of operations would make the Debtor's properties unsaleable. | |
| | 7 | ¶ 11. "After his appointment, the Trustee continued to utilize the services provided by GIT, CAP, and GTL." | **Objections**: lack of foundation (FRE 602); hearsay (FRE 801, 802). | Mr. Olivares is the CFO of GIT, CAP, and GTL and has been employed by those entities for the last 17 years. He has personal knowledge that the Trustee continued to utilize the services of the Claimants after his appointment. Moreover, there is no hearsay because there is no out of court statement. |
| | 8 | ¶ 12. "In October 2019, CAP voluntar[ily] prepaid HVI so that the Trustee could pay payroll and related expenses. That payment was not due until November 25, 2019." | **Objections**: lack of foundation (FRE 602); hearsay (FRE 801, 802). | Mr. Olivares is the CFO of CAP and has been employed by CAP for the last 17 years. He has personal knowledge of why CAP prepaid HVI, what the Trustee represented in its motion to approve the prepayment, and when the payment was due. Additionally, the statement by the Trustee about why he needed the prepayment is an admission of a party opponent and therefore not hearsay. |
| | 9 | ¶ 13. "I understand that the Trustee rejected the agreements with CAP and GTL as of November 27, 2019, and the agreement with GIT as [of] December 31, 2019. However, the Trustee continued to utilize the materials and services provided by | **Objections**: speculative, lack of foundation (FRE 602); hearsay (FRE 801, 802); inadmissible | Mr. Olivares is the CFO of CAP and has been employed by CAP for the last 17 years. He has personal knowledge of the materials and services provided by those entities. To the extent that the Trustee's acceptance of services is an out of court |

| | | | | |
|---|---|---|---|---|
| | | these companies after those dates. For example, he continued to access HVI's files on GIT's server pursuant to the parties' agreement until February 2020. He accepted shipments of hot loads and soft water from December 2019 to January 2020. He also utilized GTL's trucking services in December 2019." | opinion, conclusory (FRE 701). This statement is based on speculation and not supported by the requisite showing of personal knowledge or foundation. | statement (which it is not), such statement is an admission by a party opponent, which is not hearsay. |
| | 10 | ¶ 14. "Neither HVI nor the Trustee have paid GIT, CAP, or GTL for any of the materials or services provided by those entities after HVI filed bankruptcy." | **Objections:** speculative, lack of foundation (FRE 602); hearsay (FRE 801, 802); inadmissible opinion, conclusory (FRE 701). This statement is based on speculation and not supported by the requisite personal knowledge or foundation. There is no evidence regarding payments made by the Debtor or Trustee since the Petition Date. | Mr. Olivares is the CFO of GIT, CAP, and GTL and has been employed by those entities for the last 17 years. He has personal knowledge of what has and has not been paid to those entities after HVI filed bankruptcy. Moreover, there is no hearsay because there is no out of court statement. |
| | 11 | ¶ 15. "GIT, CAP, and GTL sent monthly invoices to HVI and later, the Trustee. A true and correct copy of those invoices are attached hereto as Exhibit C." | **Objections:** lack of foundation (FRE 602); hearsay (FRE 801, 802). | Mr. Olivares is the CFO of GIT, CAP, and GTL and has been employed by those entities for the last 17 years. He has personal knowledge of what invoices were sent to HVI and the Trustee. Moreover, the Trustee (who is the representative of the estate) has not objected to this statement, nor |

| | | | |
|---|---|---|---|
| | | | does he dispute the fact that the Claimants sent monthly invoices to HVI and later the Trustee. |
| 12 | Objectionable Evidence: Exhibit C to Olivares Declaration (Invoices). | **Objections:** lack of foundation (FRE 602); hearsay (FRE 801, 802). The Declaration attaches a number of invoices that are inadmissible as hearsay. The Declaration does not cure the hearsay problem—they are offered for the contents therein, but no business records foundation is provided; there is no indication that Mr. Olivares can testify to the accuracy of the invoices or how they were prepared. | Mr. Olivares is the CFO of GIT, CAP, and GTL and has been employed by those entities for the last 17 years. He has personal knowledge of the invoices sent by GIT, CAP, and GTL, and therefore can authenticate them without a business records declaration. Moreover, the Trustee (who is the representative of the estate) has not objected to the exhibits themselves on any grounds. |
| 13 | ¶ 16. "To the best of my knowledge, GIT, CAP, and GTL have not received any objections, formal or informa[l], to the amounts billed in the invoices." | **Objections:** speculative, lack of foundation (FRE 602); hearsay (FRE 801, 802); inadmissible opinion, conclusory (FRE 701). This statement is based on speculation and not | Mr. Olivares is the CFO of GIT, CAP, and GTL. He states that to the best of knowledge, GIT, CAP, and GTL have not received any objections to the amounts billed in the invoices. This statement is based on his own knowledge. |

| | | supported by the requisite personal knowledge or foundation. There is no evidence in the record related to whether the Debtor or Trustee objected to the amounts billed in the invoices. | |
|---|---|---|---|

DATED: May 12, 2020  Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:  */s/ Razmig Izakelian*
   Patricia B. Tomasco
   Razmig Izakelian

Attorneys for GIT, Inc., California Asphalt Production, Inc., and GTL1, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): OMNIBUS RESPONSE TO THE EVIDENTIARY OBJECTIONS OF THE TRUSTEE AND UBS TO THE DECLARATION OF ERNESTO OLIVARES FILED IN SUPPORT OF MOTION TO APPROVE ADMINISTRATIVE CLAIMS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/12/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/12/2020 | Razmig Izakelian | /s/ Razmig Izakelian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Anthony A Austin on behalf of Creditor California Department of Toxic Substances Control
anthony.austin@doj.ca.gov

Anthony A Austin on behalf of Interested Party California Department of Toxic Substances Control
anthony.austin@doj.ca.gov

William C Beall on behalf of Counter-Claimant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Counter-Claimant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Creditor GLR, LLC
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Defendant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Defendant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Bradley D Blakeley on behalf of Defendant RDI Royalty Distributors, Inc
blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission
mscohen@loeb.com, klyles@loeb.com

Alan D Condren on behalf of Defendant Roman Catholic Archbishop of Los Angeles
, berickson@seedmackall.com

Alan D Condren on behalf of Defendant Elizabeth Esser
, berickson@seedmackall.com

Alan D Condren on behalf of Defendant Stephen Fisher
, berickson@seedmackall.com

Alec S DiMario on behalf of Creditor Direct Energy Business Marketing, LLC d/b/a Direct Energy Business
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Alec S DiMario on behalf of Creditor Direct Energy Business, LLC
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

H Alexander Fisch on behalf of Interested Party California Department of Fish & Wildlife
Alex.Fisch@doj.ca.gov

H Alexander Fisch on behalf of Interested Party California Regional Water Quality Control Board, Central Coast
Alex.Fisch@doj.ca.gov

Don Fisher on behalf of Defendant Corian Cross Holdings, LP
dfisher@ptwww.com, tblack@ptwww.com

Don Fisher on behalf of Interested Party Interested Party
dfisher@ptwww.com, tblack@ptwww.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee
brian.fittipaldi@usdoj.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)
brian.fittipaldi@usdoj.gov

Ellen A Friedman on behalf of Interested Party Pacific Gas and Electric Company
efriedman@friedmanspring.com, jquiambao@friedmanspring.com

Gisele M Goetz on behalf of Defendant Chamberlin Oil LLC
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Gisele M Goetz on behalf of Interested Party Courtesy NEF
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Karen L Grant on behalf of Creditor BUGANKO, LLC
kgrant@silcom.com

Karen L Grant on behalf of Defendant Janet K Ganong
kgrant@silcom.com

Ira S Greene on behalf of Interested Party CTS Properties, Ltd.
Ira.Greene@lockelord.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

Brian L Holman on behalf of Counter-Claimant Bradley Land Company
b.holman@mpglaw.com

Brian L Holman on behalf of Creditor Bradley Land Company
b.holman@musickpeeler.com

Brian L Holman on behalf of Defendant Bradley Land Company
b.holman@mpglaw.com

Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Financial Advisor CR3 Partners, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Michael Authur McConnell (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Razmig Izakelian on behalf of Creditor California Asphalt Production, Inc.
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor GIT, Inc.
razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor GTL1, LLC
razmigizakelian@quinnemanuel.com

Alan H Katz on behalf of Interested Party CTS Properties, Ltd.
akatz@lockelord.com

John C Keith on behalf of Creditor California State Lands Commission
john.keith@doj.ca.gov

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company
jekim@sheppardmullin.com

Mitchell J Langberg on behalf of Defendant Adam B Firestone
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Alice Sedgwick Wohl
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Alice Sedgwick, Dec'd
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Jerome Brevoort Dwight
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant John A Feliciano
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Jonathan Ashley Dwight
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Katherine S Hanberg
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Lance H Brown
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Lela Minturn Dwight
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Louise H Feliciano
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Susanna Sedgwick
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant William Hanberg
mlangberg@bhfs.com, dcrudup@bhfs.com

Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors
mlitvak@pszjlaw.com

Vincent T Martinez on behalf of Creditor Adam Family Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Candace Laine Evenson

llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Escolle Tenants In Common
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor The Bognuda Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor The Morganti Ranch, a limited partnership
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Defendant The Bognuda Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Michael Authur McConnell (TR)
Michael.mcconnell@kellyhart.com

Brian M Metcalf on behalf of Interested Party UBS AG, London Branch
bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com

Jerry Namba on behalf of Defendant CMT, LLC
nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com

David L Osias on behalf of Creditor Allen Matkins Leck Gamble Mallory & Natsis LLP
dosias@allenmatkins.com,
bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

Darren L Patrick on behalf of Interested Party UBS AG, London Branch
dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com

Benjamin P Pugh on behalf of Defendant Jane A. Adams
bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

Benjamin P Pugh on behalf of Defendant John S. Adams
bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

Edward S Renwick on behalf of Creditor "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor Goodwin "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Cross-Claimant Goodwin "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

J. Alexandra Rhim on behalf of Creditor Guarantee Royalties, Inc.
arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Creditor Laor Liquidating Associates, LP
arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Defendant Guarantee Royalties, Inc.
arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Defendant Laor Liquidating Associates, LP
arhim@hrhlaw.com

Todd C. Ringstad on behalf of Defendant Charles C. Albright
becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party
becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil, Gas & Geothermal Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
mitchell.rishe@doj.ca.gov

George E Schulman on behalf of Trustee Michael Authur McConnell (TR)
GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Trustee Michael Authur McConnell (TR)
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Sonia Singh on behalf of Trustee Michael Authur McConnell (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.
dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California

ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;donnasutton@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com,
mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon@diamondmccarthy.com;aiemee.low@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch
jtaylor@omm.com

John N Tedford, IV on behalf of Trustee Michael Authur McConnell (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

Salina R Thomas on behalf of Interested Party Courtesy NEF
bankruptcy@co.kern.ca.us

Salina R Thomas on behalf of Interested Party Kern County Treasurer Tax Collector
bankruptcy@co.kern.ca.us

Meagan S Tom on behalf of Creditor Netherland, Sewell & Associates, Inc.
meagan.tom@lockelord.com,
autodocket@lockelord.com;taylor.warren@lockelord.com;autodocketdev@lockelord.com

Patricia B Tomasco on behalf of Creditor GIT, Inc.
pattytomasco@quinnemanuel.com,
barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

Fred Whitaker on behalf of Interested Party Eller Family Trust
lshertzer@cwlawyers.com, spattas@cwlawyers.com

William E. Winfield on behalf of Attorney Courtesy NEF
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Jane Connolly
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Robert Kestner
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Virginia Tracy
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Jane Connolly
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Kathleen Seymour
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Robert Kestner
wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Virginia Tracy
wwinfield@calattys.com, scuevas@calattys.com

Richard Lee Wynne on behalf of Interested Party NewBridge Resources, LLC
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

Emily Young on behalf of Creditor Epiq Corporate Restructuring, LLC Claims Agent
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

Aaron E de Leest on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E de Leest on behalf of Trustee Michael Authur McConnell (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com