**BEALL & BURKHARDT, APC**
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
CARISSA N. HOROWITZ, STATE BAR NO. 274814
SUITE 200, LA ARCADA BUILDING
1114 STATE STREET
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774

Attorneys for GRL, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI Cat Canyon, Inc.,<br><br>          Debtor. | Bk. No. 9:19-bk-11573-MB<br>Chapter 13<br><br>**EX PARTE MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE IN RE CONTEMPT**<br><br>No Hearing Set |

GRL, LLC requests that this Court issue an Order to Show Cause to Trustee Michael McConnell directing him to establish that he has complied with Court Orders requiring him to segregate amounts for administrative expenses of the estate due or allegedly due to GRL, LLC and GLR, LLC, as well as to show cause that his and his agents' statements regarding the same have not been an attempt to mislead the Court as follows:

## FACTS

The Court knows the facts. GRL, LLC and GLR, LLC have consistently taken the position that the Trustee has not funded the insider escrow account as required by numerous Court Orders. The Trustee is fond of providing no information to GRL, LLC and GLR, LLC, then arguing that they cannot prove a case, since they do not know the facts. At a hearing on May 19, there was further discussion of the possible need to file this motion. At that time, counsel for the Trustee suggested that a deposit would be made for the month of March within a day or so. As an offer of proof, since then, there has been no

1

1  accounting given for March, 2020. Whether there has been a deposit is information within the Trustee's
2  control.
3      As an offer of proof, counsel for GRL, LLC and GLR, LLC promptly contacted counsel for the
4  Trustee after the statements made in the March 19 hearing. Counsel for the Trustee promised
5  information by May 29, 2020, but sent an e-mail saying they were "still working on this". The Trustee
6  must explain to the Court why it is impossible to account for payments made months ago in a timely
7  manner.
8      First, there is no dispute that the previous orders of the Court required the Trustee to deposit
9  royalties owed to GRL, LLC and rents due to GLR, LLC into an escrow account (see Request for Judicial
10 Notice [hereafter "RJN"]).
11     Second, the information and documents attached to GRL, LLC and GLR, LLC's Motion to
12 Reconsider and Reply Brief re Motion to Reconsider (see RJN) make out a prima facie case that the
13 Trustee has violated the Court Orders in at least the following manners:
14     1.   Failing to timely fund the escrow account. The Trustee has taken the position at various
15 times that royalties for a month are to be paid with thirty days of the end of the month, and within sixty
16 days of the end of the month. The Trustee has not complied with either time line.
17     2.   Failing to account for the difference between the Debtor's books and the amounts
18 deposited by the Trustee for the months of August through November, 2019, and amount in excess of
19 $40,000.00.
20     3.   Failing to make a sufficient deposit for the months of August through November, 2019.
21     4.   Failing to make any deposit for the month of January, 2020, and amount in excess of
22        $10,000.00.
23     5.   Failing to pay or account for March or April royalties through and including May 30, 2020.
24     6.   In addition, the Trustee must establish that he did not attempt to mislead the Court in at
25 least three different ways; a) by making a declaration that he had " segregated an additional $70,000." ; b)
26 by making a sworn statement that he " accounted for the professional fees and insider or affiliate royalties
27 incurred during my tenure, setting aside and accounting for those monies"; and c) by repeatedly stating to
28

1. the Court (and having his counsel and COO state the same) that the escrow account was being timely and properly funded.

A prima facie case has been established. The Court should issue its Order to the Trustee, the party with possession of all the pertinent facts, to invite the Trustee to establish that he has been forthright with the Court and complied with the Orders of the Court.

Respectfully submitted,

Dated: May 30, 2020

BEALL & BURKHARDT, APC

By: /s/ William C. Beall
William C. Beall, Counsel for GRL, LLC and GLR, LLC

3