JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
MONSI MORALES (SBN 235520)
*Monsi@MarguliesFaithLaw.com*
ANNA LANDA (SBN 276607)
*Anna@Marguliesfaithlaw.Com*
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Plaintiff, GTL1, LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>                                   Debtor. | Case No.: 9:19-bk-11573-MB<br><br>Chapter 11<br><br>Adv. No.: _____ |
| GTL1, LLC,<br><br>                                   Plaintiff,<br><br>v.<br><br>MICHAEL A. McCONNELL, Chapter 11 Trustee,<br><br>                                   Defendant. | **COMPLAINT FOR:**<br><br>(1) **BREACH OF CONTRACT;**<br>(2) **BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING;**<br>(3) **COMMON COUNTS – WORK & LABOR RENDERED;**<br>(4) **COMMON COUNTS – MATERIALS RENDERED;**<br>(5) **COMMON COUNTS – ACCOUNT STATED;**<br>(6) **COMMON COUNTS – QUANTUM MERUIT;**<br>(7) **COMMON COUNTS – QUANTUM VALEBANT;**<br>(8) **NEGLIGENT MISREPRESENTATION;**<br>(9) **DECLARATORY JUDGMENT; AND**<br>(10) **PRELIMINARY INJUNCTION [11 U.S.C. § 105(a)]**<br><br>Date: SEE SUMMONS<br>Time: SEE SUMMONS<br>Crtrm: SEE SUMMONS |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff GTL1, LLC ("Plaintiff" or "GTL1"), creditor in the above-captioned chapter 11 bankruptcy case, brings this Complaint against defendant Michael A. McConnell, chapter 11 trustee ("Trustee" or "Defendant") for the bankruptcy estate of HVI CAT Canyon, Inc. ("HVI" or the "Debtor"), and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b) in that this proceeding arises in, and relates to, the chapter 11 case pending in the Central District of California, Northern Division, titled *In re HVI Cat Canyon, Inc.,* Case Number 9:19-bk-11573-MB (the "Bankruptcy Case"). Plaintiff consents to entry of final orders and judgment by the Bankruptcy Court.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K), and (O).

3. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. This Court has authority and power to issue the relief requested herein pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 105(a), Federal Rule of Bankruptcy Procedure ("FRBP") 7001 and FRBP 7065, which incorporates Federal Rule of Civil Procedure 65, and its general equity powers to issue injunctive relief.

## PARTIES

5. Plaintiff is and, at all relevant times referenced herein, was a Colorado limited liability company authorized to conduct business in the State of California.

6. Defendant Michael A. McConnell is the duly-appointed chapter 11 trustee of the Debtor's bankruptcy estate (the "Estate") in the above-captioned chapter 11 case pending in the United States Bankruptcy Court for the Central District of California, Northern Division, titled *In re HVI Cat Canyon, Inc.,* Case Number 9:19-bk-11573-MB.

1

## **GENERAL ALLEGATIONS**

2      7.      On July 25, 2019 (the "Petition Date"), the Debtor initiated the Bankruptcy

3   Case by the filing of a voluntary bankruptcy petition under chapter 11 of title 11 of the

4   United States Code (commencing at 11 U.S.C. § 101, *et. seq.*, hereinafter referred to as

5   the "Bankruptcy Code") in the Southern District of New York. The case was transferred

6   to the Northern District of Texas, and then to the Central District of California.

7      8.      The Debtor is the owner and operator of oil and gas wells in California,

8   located in Santa Barbara County, Orange County, and Kern County.

9      9.      The Debtor operated its business as a "debtor in possession" from the

10   Petition Date, through and including October 16, 2019 (the "DIP Period"), when the

11   Court entered its Agreed Order Granting Motion for Appointment of a Chapter 11

12   Trustee. (Bankruptcy Case docket number ("BK Dkt. No. 409).

13      10.      Defendant was appointed as chapter 11 trustee pursuant to an Order of the

14   Bankruptcy Court entered on or about October 22, 2019 ("BK Dkt. No. 431).

15   **TRANSPORATION SERVICES**

16      11.      Prepetition, Plaintiff provided the Debtor with trucking transportation

17   services for the transportation of crude oil between the Debtor's extraction locations and

18   the purchaser's refinery, as well as delivery of light crude oil diluent (the "Transportation

19   Services").

20      12.      Plaintiff's Transportation Services included transportation of oil charged at

21   the rate of $3.00 per barrel and for demurrage fees at the rate of $80 per hour (the

22   "Transportation Services Agreement").

23      13.      Post-petition, Plaintiff continued to provide the Estate with the

24   Transportation Services (the "Post-Petition Transportation Services").

25      14.      Following the appointment of the Trustee, Plaintiff continued to provide

26   Transportation Services and operate under the Transportation Services Agreement

27   pursuant to the explicit demands for such services by the Trustee. The Trustee

28

demanded and accepted the Transportation Services through and including December 26, 2019.

15.    Plaintiff sent monthly invoices (each, an "Invoice," and collectively, the "Invoices") to the Trustee for the Post-Petition Transportation Services.  Attached as "Exhibit A" are true and correct copies of Plaintiff's Invoices for its post-petition services.

16.    Each Invoice reflects the monthly charges incurred by Plaintiff, including, among other things, the Post-Petition Transportation Services, which are evidenced by Plaintiff's highway transportation receipts (the "Run Tickets") for the applicable month.

17.    Each Run Ticket was signed by a representative or agent of the Debtor or, subsequently, the Trustee, acknowledging that the Post-Petition Transportation Services were provided and the amounts due therefor.

18.    Plaintiff has not received any objections, formal or informal, to the amounts invoiced to the Estate.

19.    During multiple communications, the Trustee (or his agent/representative) explicitly promised to pay for Plaintiff's post-petition services.

20.    The total amount of fees due and owing to Plaintiff by the Estate for Plaintiff's Post-Petition Transportation Services provided between August 1, 2019 and December 31, 2019, is $625,796.00.

**EQUIPMENT RENTAL**

21.    Prepetition, Plaintiff rented certain vehicles and equipment (the "Rented Equipment") to the Debtor. Such rental services included the payment of insurance premiums for the specific leased equipment (the "Equipment Rental Agreement") (the Transportation Services agreement and Equipment Rental Agreement are collectively referred to herein as the "Agreements").

22.    The Equipment Rental Agreement included a $15,000 per month flat fee for the use of specific vehicles, the use of vacuum trucks charged on an hourly basis, and reimbursement for insurance premiums on the Rented Equipment of $10,480.24 per month.

23.    Plaintiff continued to honor the Equipment Rental Agreement after the Petition Date (the "Post-Petition Equipment Rental") in the ordinary course of the Debtor's business.

24.    Following the appointment of the Trustee, Plaintiff continued to provide the Rented Equipment under the Equipment Rental Agreement pursuant to the explicit demands for the use of the Rented Equipment by the Trustee.

25.    The Trustee demanded and accepted use of the Rented Equipment through December 31, 2019, and beyond.

26.    The Trustee returned the Rented Equipment weeks, and in some cases, months after rejecting the Equipment Rental Agreement.

27.    The monthly Invoices sent by Plaintiff to the Debtor and the Trustee includes amounts due and owing to Plaintiff pursuant to the Equipment Rental Agreement for the Post-Petition Equipment Rental.

28.    Plaintiff has not received any objections, formal or informal, to the amounts invoiced to the Estate.

29.    During multiple communications between Plaintiff and the Trustee (or his agent/representative), the Trustee promised to pay for the use of Plaintiff's equipment.

30.    The total amount of fees due and owing to Plaintiff by the Estate for the Post-Petition Equipment Rental provided between August 1, 2019 and December 31, 2019, is $353,921.20.

31.    The Estate owes additional amounts for Rented Equipment that continued to be used after January 1, 2020 but has not been paid for in an amount to be determined subject to proof.

**BUDGETED EXPENSES FOR PLAINTIFF'S POST-PETITION SERVICES**

32.    During the Bankruptcy Case, the Debtor and, subsequently, the Trustee sought and obtained authority to use of cash collateral in accordance with an approved budget (as amended, the "Budget").

33.    From the Petition Date through January 2020, the Budget included line items specifically covering the estimated costs for Plaintiff's post-petition services and equipment.  Specifically, pursuant to the Court and UBS-approved Budget, the Debtor and the Estate were authorized to pay Plaintiff more than $955,000, in the aggregate, for line-item expenses of (1) "Transportation," which included charges for the Post-Petition Transportation Services, Rented Equipment, and insurance, and (2) "Vacuum Trucks," for use of Plaintiff's vacuum trucks.

34.    The post-petition fees incurred by the Estate for the Transportation Services and Rented Equipment total $979,717.20 (the "GTL1 Invoiced Amounts").  Of the GTL1 Invoiced Amounts, the Estate has only paid $379,733 pursuant to allowed amounts under the Budget for August and September of 2019. Since taking over control of the Estate in October of 2019, the Trustee has failed and refused to make any further payments to GTL1, which outstanding amounts total $599,984.20.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

35.    Plaintiff realleges and incorporates paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.    The Agreements are valid and binding agreements for goods and services that are subject to enforcement in accordance with the Agreements' terms.

37.    Plaintiff has performed its material obligations under the terms of the Agreements.

38.    The Trustee breached the Agreements with Plaintiff by failing to pay for the post-petition services and Rented Equipment provided to the Estate by Plaintiff.

39.    Plaintiff has demanded payment from the Estate for all the services rendered under the Agreements, and by the filing of this Complaint, hereby further demands payment of the amounts due and owing. The Trustee has failed and refused, and continues to fail and to refuse, to pay for goods and services provided and rendered by Plaintiff.

40.     Due to the Trustee's breach of the Agreements, Plaintiff has suffered damages in an amount not less than $599,984.20.

## SECOND CLAIM FOR RELIEF

### (Breach of Covenant of Good Faith & Fair Dealing)

41.     Plaintiff realleges and incorporates paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     The Agreements with the Estate are valid and binding agreements for goods and services that are subject to enforcement in accordance with the Agreements' terms.

43.     The covenant of good faith and fair dealing is implied in the Agreements.

44.     By breaching the Agreements without any justifiable cause, Defendants deprived Plaintiff of the benefit of the Agreements.

45.     Plaintiff has performed its material obligations under the terms of the Agreements.

46.     Defendants had a fundamental obligation not to do anything that would have the effect of destroying or injuring the right of Plaintiff, as the other party to the Agreements, to receive the fruits of the Agreements.

47.     Defendants injured the rights of the Plaintiff by failing to pay for the post-petition goods and services provided to the Estate by the Plaintiff.

48.     Due to the Defendants' breach of the Agreements, the Plaintiff has been deprived the benefits of the Agreements in an amount not less than $599,984.20, plus interest at the applicable federal rate of interest.

## THIRD CLAIM FOR RELIEF

### (Common Counts – Work & Labor Rendered)

49.     Plaintiff realleges and incorporates paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.     Plaintiff provided the Estate Post-Petition Transportation Services between

6

1    August 1, 2019 and December 31, 2019, as requested by the Debtor and the Trustee.

2        51.    Plaintiff has demanded payment from the Estate for all Post-Petition

3    Transportation Services rendered, and by the filing of this Complaint, hereby further

4    demands payment of the amounts due and owing.

5        52.    Defendants have failed and refused, and continue to fail and to refuse, to

6    pay the reasonable value for Post-Petition Transportation Services provided by Plaintiff.

7                            **FOURTH CLAIM FOR RELIEF**

8                        **(Common Counts – Materials Rendered)**

9        53.    Plaintiff realleges and incorporates paragraphs 1 through 52 of this

10    Complaint as if fully set forth herein.

11        54.    Plaintiff provided the Estate with the Rented Equipment, as requested by

12    and for the benefit of Defendants.

13        55.    Plaintiff has demanded payment from the Estate for the Estate's use of the

14    Rented Equipment, and by the filing of this Complaint, hereby further demands payment

15    of the amounts due and owing.

16        56.    Defendants have failed and refused, and continue to fail and to refuse, to

17    pay the reasonable value for the use of the Rented Equipment provided by Plaintiff.

18                            **FIFTH CLAIM FOR RELIEF**

19                        **(Common Counts – Account Stated)**

20        57.    Plaintiff realleges and incorporates paragraphs 1 through 56 of this

21    Complaint as if fully set forth herein.

22        58.    The Agreements were based on pre-petition transactions between the

23    parties for Transportation Services and the Rented Equipment that continued after the

24    Debtor filed the Bankruptcy Case.

25        59.    Plaintiff sent monthly Invoices to the Debtor and the Trustee, thereby

26    providing an account of the fees and costs incurred and owing for Plaintiff's post-petition

27    goods and services.

28        60.    Plaintiff has not received any objections, formal or informal, to the amounts

1    stated in the Invoices.

2    61.    The Debtor's and Trustee's assent to the Invoices are implied as no

3    objections were made in a reasonable time.

4    62.    The Debtor's and Trustee's assent to the Invoices may be inferred by

5    reason of the signatures by agents or representatives of the Debtor and, subsequently,

6    the Trustee on the Run Tickets.

7    63.    Neither the Debtor nor the Trustee has paid Plaintiff for the Post-Petition

8    Transportation Services and the Post-Petition Equipment Rental in an amount not less

9    than $599,984.20.

10    **SIXTH CLAIM FOR RELIEF**

11    **(Common Counts – Quantum Meruit)**

12    64.    Plaintiff realleges and incorporates paragraphs 1 through 63 of this

13    Complaint as if fully set forth herein.

14    65.    Plaintiff provided the Estate with the Post-Petition Transportation Services

15    pursuant to explicit and implicit requests for the services by Defendants.

16    66.    Defendant implicitly promised to pay for the provision of the Post-Petition

17    Transportation Services.

18    67.    The signatures by agents or representatives of the Debtor and,

19    subsequently, the Trustee on the Run Tickets evidence the Post-Petition Transportation

20    Services provided by Plaintiff to the Estate and constitute promises by the Estate to pay

21    for such services.

22    68.    Plaintiff is entitled to the reasonable value of the Post-Petition

23    Transportation Services in an amount to be determined by proof.

24    **SEVENTH CLAIM FOR RELIEF**

25    **(Common Counts – Quantum Valebant)**

26    69.    Plaintiff realleges and incorporates paragraphs 1 through 68 of this

27    Complaint as if fully set forth herein.

28    70.    Plaintiff provided the Estate with the Rented Equipment pursuant to explicit

1    and implicit requests for the Rented Equipment by Defendants.

2         71.    Defendant implicitly promised to pay for the use of the Rented Equipment.

3         72.    Plaintiff is entitled to the reasonable value of the Estate's use of the Rented

4    Equipment in an amount to be determined by proof.

5                          **EIGHTH CLAIM FOR RELIEF**

6                          **(Negligent Misrepresentation)**

7         73.    Plaintiff realleges and incorporate paragraphs 1 through 72 of this

8    Complaint as if fully set forth herein.

9         74.    After his appointment in the Bankruptcy Case, the Trustee demanded that

10   Plaintiff continue to provide the Post-Petition Transportation Services and Post-Petition

11   Equipment Rental.

12        75.    The Trustee, as the fiduciary of the Estate, owed a duty of care to Plaintiff

13   as an administrative creditor of the Estate, providing post-petition goods and services for

14   the continued operation of the Debtor's business and the benefit of the Estate.

15        76.    The Trustee breached his duty of care to Plaintiff by representing to

16   Plaintiff that the Estate would pay for the Post-Petition Transportation Services and the

17   Post-Petition Equipment Rental to induce Plaintiff to continue providing such services

18   and goods to the Estate.

19        77.    The Trustee knew or should have known that he did not intend to pay

20   Plaintiff for the Post-Petition Transportation Services and the Post-Petition Equipment

21   Rental.

22        78.    Plaintiff was justified in relying on the Trustee's representations that

23   Plaintiff would be paid for the Post-Petition Transportation Services and the Post-Petition

24   Equipment Rental.

25        79.    As a result of Plaintiff's justifiable reliance on the Trustee's statements,

26   Plaintiff provided Post-Petition Transportation Services and Post-Petition Equipment

27   Rental from October 17, 2019 to December 31, 2019, which services and goods were

28   worth not less than $377,528.10.

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment- Valid Administrative Claim)

80.    Plaintiff realleges and incorporates paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81.    Plaintiff is informed and believes that it holds a valid administrative expense claim against the Estate, in the amount of $599,984.20, for the Post-Petition Transportation Services and Post-Petition Equipment Rental provided by Plaintiff to and for the benefit of the Estate.

82.    An actual and substantial controversy has arisen and now exists between the Plaintiff, on the one hand, and the Defendants, on the other hand, concerning whether the Plaintiff holds a valid administrative expense claim against the Estate. Plaintiff contends that it holds a valid administrative expense claim against the Estate pursuant to 11 U.S.C. § 503(b)(1)(A) for unpaid services and rented equipment Plaintiff provided to the Estate post-petition because the administrative expense claim (a) arose from a transaction with the Debtor, as the Debtor-In-Possession, and later the Trustee; and (b) directly and substantially benefited the Estate.  Plaintiff is informed and believes, and on that basis, alleges that Defendants dispute this contention.

83.    Accordingly, an actual and justiciable controversy has arisen and exists between the Plaintiff, on the one hand, and Defendants, on the other hand.  A judicial resolution is warranted and necessary to enable the parties to know the nature and extent of their legal rights and obligations.

84.    By reason of the foregoing, Plaintiff is entitled to declaratory relief that it holds a valid administrative expense claim against the Estate in the amount of $599,984.20 pursuant to 11 U.S.C. § 503(b)(1)(A).

## TENTH CLAIM FOR RELIEF

### (Preliminary Injunction Under 11 U.S.C. § 105(a))

85.    Plaintiff realleges and incorporates paragraphs 1 through 84 of this Complaint as if fully set forth herein.

10

86.  Pursuant to 11 U.S.C. § 105(a), Bankruptcy Rule 7001(7) and Civil Rule 65, incorporated by Bankruptcy Rule 7065, the Bankruptcy Court should issue a temporary restraining order and a preliminary injunction restraining the Trustee from disbursing further payments of all other administrative claims, including all further professional fees, until and unless Plaintiff receives payment on its administrative expense claim *pari passu*.

87.  The Plaintiff has a reasonable likelihood of success on the merits of its request for allowance of its administrative expense claim because the administrative expense claim (a) arose from a transaction with the Debtor, as the Debtor-In-Possession, and later the Trustee; and (b) directly and substantially benefited the Estate.

88.  Plaintiff may suffer irreparable harm if the injunctive relief is not granted because, if other administrative claimants continue to receive disbursements from the Estate and Plaintiff's claim is not paid *pari passu*, there is significant risk that the assets of the Estate may be depleted, rendering the Estate administratively insolvent, and Plaintiffs will have no recourse or opportunity to receive payment on its claim of equal priority under the Bankruptcy Code.

89.  Plaintiff will suffer substantial harm if the Defendants are permitted to continue to distribute considerable amounts of the Estate's cash to the professionals in this Bankruptcy Case without equal treatment afforded to Plaintiff on account of its administrative expense claim

90.  Conversely, the Trustee and Estate will not be harmed by the injunctive relief sought, as the Estate is required to pay all administrative priority claims *pro rata*, and the injunctive relief sought requires that the Trustee and the Estate comply with the provisions of the Bankruptcy Code setting forth the priorities for distributions to creditors.

91.  The threatened injury to the Plaintiff outweighs the damage the proposed injunction may cause to the Defendants, as it merely requires payments to be made to Plaintiff *pari passu* with other administrative expense creditors, and delays further disbursement of funds to holders of administrative expense claims until the validity of

1    Plaintiff's administrative claim is made.

2         92.    The requested injunction would not be against the public interest and, in

3    fact, supports the public interest by ensuring that one of the fundamental tenets of the

4    Bankruptcy Code – equal treatment of creditors sharing priority status – is adhered to in

5    this Bankruptcy Case.

6         93.    Plaintiff has no speedy or adequate remedy available at law for the relief it

7    is seeking.  Injunctive relief is therefore necessary to afford Plaintiff meaningful redress

8    of its rights.

9         94.    By reason of the foregoing, Plaintiff is entitled to injunctive relief restraining

10   the Trustee from making further distributions on account of allowed administrative

11   expenses claims of the Estate until determination of the validity of Plaintiff's

12   administrative expense claim can be made and Plaintiff can receive distributions *pari*

13   *passu*.

14        **WHEREFORE,** the Plaintiff respectfully pray for a judgment against the Defendant

15   as follows:

16        a.    Awarding Plaintiff damages caused by the Defendants' breach of their

17   obligations under the Agreements with Plaintiff, in an amount to be determined at trial

18   and believed to be not less than $599,984.20, together with costs, disbursements, and

19   any applicable pre-judgment interest.

20        b.    An order of restitution in the amount equal to the reasonable value of the

21   services and goods Plaintiff provided Defendants, and for which Plaintiff has not been

22   paid.

23        c.    Awarding Plaintiff damages caused by the Defendant's negligent

24   misrepresentation, in an amount to be determined at trial and believed to be not less

25   than $377,528.10, together with costs, disbursements, and any applicable pre-judgment

26   interest.

27        d.    Declaratory relief that Plaintiff holds a valid administrative expense claim

28   under 11 U.S.C. § 503(b)(1)(A).

e.    A temporary restraining order and preliminary injunction barring the Trustee from disbursing further payments of all other administrative claims, including all further professional fees, until a determination is made with respect to Plaintiff's administrative expense claim.

f.    Awarding Plaintiff costs of suit incurred herein;

g.    Recovery of attorneys' fees and other damages as allowed by law; and,

h.    For such other and further relief as this Court deems just and proper.

DATED:  September 1, 2020                    **MARGULIES FAITH LLP**

By: */s/ Jeremy W. Faith        .*
Jeremy W. Faith
Monsi Morales
Attorneys for Plaintiff GTL1, LLC

# Exhibit A

GTL1, LLC

# INVOICE
HVI0819

Invoice Date:          August 31, 2019

Bill To:          HVI Cat Canyon, Inc.

| Description | Unit | Quantity | Price | Amount |
|---|---|---|---|---|
| Lease Transfer - Security to Belridge | BBL | | $3.00 | $0 |
| Crude Oil | BBL | 39,876 | $3.00 | $119,626 |
| LCR to HVI | BBL | 6,798 | $3.00 | $20,392 |
| Vehicle Leasing per Month | NA | 15,000 | | $15,000 |
| Demurrage | HRS | 403.75 | $80.00 | $32,300 |
| Vehicle DMV | NA | | | $0 |
| | | | | $0 |
| Vacuum Trucks | HRS | 596.50 | $80.00 | $47,720 |

$          235,038

OK

Exhibit A                    Page 14

GTL1, LLC

# INVOICE

GTL1HVI0919

Invoice Date:    **September 30, 2019**

Bill To:    **HVI Cat Canyon, Inc.**

| Description | Unit | Quantity | Price | Amount |
|---|---|---|---|---|
| Lease Transfer - Security to Belridge | BBL | | $3.00 | $0 |
| Crude Oil | BBL | 29,318 | $3.00 | $87,955 |
| LCR to HVI | BBL | 5,930 | $3.00 | $17,791 |
| Vehicle Leasing per Month | NA | 15,000 | | $15,000 |
| Demurrage | HRS | 510.50 | $80.00 | $40,840 |
| Vehicle DMV | NA | | | $0 |
| | | | | $0 |
| Vacuum Trucks | HRS | 694.00 | $80.00 | $55,520 |

$    **217,106**

GTL1, LLC

# INVOICE

GTL1HVI103119

Invoice Date:    October 31, 2019

Bill To:    HVI Cat Canyon, Inc.

| Description | Unit | Quantity | Price | Amount |
|---|---|---|---|---|
| Lease Transfer - Security to Belridge | BBL | | $3.00 | $0 |
| Crude Oil | BBL | 35,608 | $3.00 | $106,823 |
| LCR to HVI | BBL | 8,022 | $3.00 | $24,066 |
| Vehicle Leasing per Month | NA | 15,000 | 1 | $15,000 |
| Demurrage | HRS | 418.00 | $80.00 | $33,440 |
| Vehicle DMV | NA | | | $0 |
| | | | | $0 |
| Vacuum Trucks | HRS | 854.50 | $80.00 | $68,360 |

$    247,689

GTL1, LLC

# INVOICE

GTL1HVI1119

Invoice Date:          **November 30, 2019**

Bill To:          **HVI Cat Canyon, Inc.**

| Description | Unit | Quantity | Price | Amount |
|---|---|---|---|---|
| Lease Transfer - Security to Belridge | BBL | | $3.00 | $0 |
| Crude Oil | BBL | 27,047 | $3.00 | $81,140 |
| LCR to HVI | BBL | 6,666 | $3.00 | $19,999 |
| Vehicle Leasing per Month | NA | 15,000 | 1 | $15,000 |
| Demurrage | HRS | 351.25 | $80.00 | $28,100 |
| Vehicle DMV | NA | | | $0 |
| | | | | $0 |
| Vacuum Trucks | HRS | 655.50 | $80.00 | $52,440 |

$          196,679

GTL1, LLC

# INVOICE

GTL1HVI1219

Invoice Date:      December 31, 2019

Bill To:      HVI Cat Canyon, Inc.

| Description | Unit | Quantity | Price | Amount |
|---|---|---|---|---|
| Lease Transfer - Security to Belridge | BBL | | $3.00 | $0 |
| Crude Oil | BBL | 1,036 | $3.00 | $3,107 |
| LCR to HVI | BBL | 1,666 | $3.00 | $4,997 |
| Vehicle Leasing per Month | NA | 15,000 | 1 | $15,000 |
| Demurrage | HRS | 65.25 | $80.00 | $5,220 |
| Vehicle DMV | NA | | | $0 |
| Hot Loads | BBL | | | $0 |
| Vacuum Trucks | HRS | 31.00 | $80.00 | $2,480 |

$      30,804

GTL1, LLC

# INVOICE

Invoice Date:    August 31 ,2019

Bill To:  HVI Cat Canyon, Inc.

| Description | Month | Year | Amount |
|---|---|---|---|
| Share of Auto Insurance | August | 2,019 | $10,480.24 |

$    10,480.24

GTL1, LLC

# INVOICE

Invoice Date:    September 30 ,2019

Bill To:  HVI Cat Canyon, Inc.

| Description | Month | Year | Amount |
|---|---|---|---|
| Share of Auto Insurance | September | 2,019 | $10,480.24 |

$    10,480.24

GTL1, LLC.

# INVOICE

Invoice Date:    October 31 ,2019

Bill To:  HVI Cat Canyon, Inc.

| Description | Month | Year | Amount |
|---|---|---|---|
| Share of Auto Insurance | October | 2,019 | $10,480.24 |

$    10,480.24

GTL1, LLC

# INVOICE

Invoice Date:    November 31 ,2019

Bill To:  HVI Cat Canyon, Inc.

| Description | Month | Year | Amount |
|---|---|---|---|
| Share of Auto Insurance | November | 2,019 | $10,480.24 |

$    10,480.24

GTL1, LLC

# INVOICE

Invoice Date:    December 31 ,2019

Bill To:  HVI Cat Canyon, Inc.

| Description | Month | Year | Amount |
|---|---|---|---|
| Share of Auto Insurance | December | 2,019 | $10,480.24 |

$        10,480.24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING; (3) COMMON COUNTS – WORK & LABOR RENDERED; (4) COMMON COUNTS – MATERIALS RENDERED; (5) COMMON COUNTS – ACCOUNT STATED; (6) COMMON COUNTS – QUANTUM MERUIT; (7) COMMON COUNTS – QUANTUM VALEBANT; (8) NEGLIGENT MISREPRESENTATION; (9) DECLARATORY JUDGMENT; AND (10) PRELIMINARY INJUNCTION [11 U.S.C. § 105(a)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 1, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On September 1, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Honorable Martin R. Barash, U.S. Bankruptcy Court, 21041 Burbank Blvd., Suite 342, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 1, 2020 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# ADDITIONAL SERVICE INFORMATION (if needed):

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

ATTORNEY FOR CREDITOR: Anthony A Austin    anthony.austin@doj.ca.gov
ATTORNEY FOR CREDITOR: William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
ATTORNEY FOR INTERESTED PARTY: Bradley D Blakeley    blakeley@blakeleylawgroup.com,
bradleydblakeley@gmail.com
ATTORNEY FOR CREDITOR: Alicia Clough    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
ATTORNEY FOR CREDITOR: Marc S Cohen    mscohen@loeb.com, klyles@loeb.com
ATTORNEY FOR INTERESTED PARTY: Alan D Condren    berickson@seedmackall.com
ATTORNEY FOR CREDITOR: Alec S DiMario    alec.dimario@mhllp.com, debra.blondheim@mhllp.com;
Syreeta.shoals@mhllp.com
ATTORNEY FOR CREDITOR: Jeremy Faith Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;
Vicky@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
ATTORNEY FOR INTERESTED PARTY: Karl J Fingerhood    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
ATTORNEY FOR INTERESTED PARTY: H Alexander Fisch    Alex.Fisch@doj.ca.gov
ATTORNEY FOR INTERESTED PARTY: Don Fisher    dfisher@ptwww.com, tblack@ptwww.com
ATTORNEY FOR U.S. TRUSTEE: Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
ATTORNEY FOR INTERESTED PARTY: Ellen A Friedman    efriedman@friedmanspring.com,
khollander@friedmanspring.com
ATTORNEY FOR INTERESTED PARTY: Gisele M Goetz    gmgoetz@hbsb.com,
ggoetz@collegesoflaw.edu;cecilia@hbsb.com
ATTORNEY FOR CREDITOR: Karen L Grant    kgrant@silcom.com
ATTORNEY FOR INTERESTED PARTY: Ira S Greene    Ira.Greene@lockelord.com
ATTORNEY FOR CREDITOR: Matthew C. Heyn    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
ATTORNEY FOR CREDITOR: Brian L Holman    b.holman@mpglaw.com
ATTORNEY FOR INTERESTED PARTY: Tracy K Hunckler    thunckler@daycartermurphy.com,
cgori@daycartermurphy.com
ATTORNEY FOR TRUSTEE: Eric P Israel    eisrael@DanningGill.com,
danninggill@gmail.com;eisrael@ecf.inforuptcy.com
ATTORNEY FOR INTERESTED PARTY: Evan M Jones    ejones@omm.com, ejones@omm.com
ATTORNEY FOR INTERESTED PARTY: Alan H Katz    akatz@lockelord.com
ATTORNEY FOR CREDITOR: John C Keith    john.keith@doj.ca.gov
ATTORNEY FOR INTERESTED PARTY: Jeannie Kim    jekim@sheppardmullin.com, lsemeraro@sheppardmullin.com
ATTORNEY FOR CREDITOR: Mitchell J Langberg    mlangberg@bhfs.com, dcrudup@bhfs.com
ATTORNEY FOR CREDITOR COMMITTEE: Maxim B Litvak    mlitvak@pszjlaw.com
ATTORNEY FOR CREDITOR: Vincent T Martinez    llimone@twitchellandrice.com, smccomish@twitchellandrice.com
TRUSTEE: Michael Arthur McConnell (TR)    Michael.mcconnell@kellyhart.com
ATTORNEY FOR INTERESTED PARTY: Brian M Metcalf    bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
ATTORNEY FOR INTERESTED PARTY: Jerry Namba    nambaepiq@earthlink.net,
G23453@notify.cincompass.com;annie_cunningham@ymail.com
ATTORNEY FOR CREDITOR: David L Osias    dosias@allenmatkins.com, bcrfilings@allenmatkins.com,
kdemorest@allenmatkins.com,csandoval@allenmatkins.com
ATTORNEY FOR INTERESTED PARTY: Darren L Patrick    dpatrick@omm.com, darren-patrick-
1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
ATTORNEY FOR CREDITOR COMMITTEE: Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
ATTORNEY FOR INTERESTED PARTY: Benjamin P Pugh    bpugh@ecg.law,
mhamburger@ecg.law;calendar@ecg.law
ATTORNEY FOR CREDITOR: Edward S Renwick    erenwick@hanmor.com, iaguilar@hanmor.com
ATTORNEY FOR CREDITOR: J. Alexandra Rhim    arhim@hrhlaw.com
ATTORNEY FOR INTERESTED PARTY: Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com
ATTORNEY FOR CREDITOR: Mitchell E Rishe    mitchell.rishe@doj.ca.gov
ATTORNEY FOR TRUSTEE: George E Schulman    GSchulman@DanningGill.Com,
danninggill@gmail.com;gschulman@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE

ATTORNEY FOR TRUSTEE: Zev Shechtman    zshechtman@DanningGill.com,
danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
ATTORNEY FOR TRUSTEE: Sonia Singh    ssingh@DanningGill.com, danninggill@gmail.com,
ssingh@ecf.inforuptcy.com
ATTORNEY FOR INTERESTED PARTY: Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
ATTORNEY FOR INTERESTED PARTY: Ross Spence    ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
ATTORNEY FOR INTERESTED PARTY: Ross Spence    ross@snowspencelaw.com,
janissherrill@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
ATTORNEY FOR CREDITOR: Christopher D Sullivan    csullivan@diamondmccarthy.com,
mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shann
on@diamondmccarthy.com;aiemee.low@diamondmccarthy.com
ATTORNEY FOR INTERESTED PARTY: Jennifer Taylor    jtaylor@omm.com
ATTORNEY FOR TRUSTEE: John N Tedford, IV    jtedford@DanningGill.com,
danninggill@gmail.com;jtedford@ecf.inforuptcy.com
ATTORNEY FOR INTERESTED PARTY: Salina R Thomas    bankruptcy@co.kern.ca.us
ATTORNEY FOR CREDITOR: Meagan S Tom    meagan.tom@lockelord.com, autodocket@lockelord.com;
taylor.warren@lockelord.com;autodocketdev@lockelord.com
ATTORNEY FOR INTERESTED PARTY: Fred Whitaker    lshertzer@cwlawyers.com, spattas@cwlawyers.com
ATTORNEY FOR CREDITOR: William E. Winfield    wwinfield@calattys.com, scuevas@calattys.com
ATTORNEY FOR INTERESTED PARTY: Richard Lee Wynne    richard.wynne@hoganlovells.com,
tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com
ATTORNEY FOR CREDITOR: Emily Young    pacerteam@gardencitygroup.com,
rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
ATTORNEY FOR TRUSTEE: Aaron E de Leest    adeleest@DanningGill.com,
danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**