# SB – EXHIBIT A

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Thursday, November 19, 2015**                                                               **Hearing Room   302**

<u>9:30 AM</u>
**1:14-14734**     **Martha J. Castro**                                                              **Chapter 11**

**#4.00**     Motion RE: Objection to Claim Number 1 by Claimant
Los Angeles County Treasurer and Tax Collector

fr. 9/10/15, 10/8/15

                    Docket          52

**Tentative Ruling:**

      Debtor filed her chapter 11 petition on October 17, 2014.  Debtor listed on schedule A that she holds an equitable interest in real property located at 5911-5915 S. Wilton Pl., Los Angeles, CA  90047 (the "Wilton Property").  Debtor indicates on her schedules that she is the trustee for the Edison Castro Intervivos Family Trust (the "Trust"), but that she is not a beneficiary of the Trust.  Debtor also listed a rental property located at 22500 Marilla St., Chatsworth, CA, 91311 (the "Marilla Property").

      On November 6, 2014, creditor Los Angeles County Treasurer & Tax Collector (the "LACTTC") filed a proof of claim in the amount of $79,105.51 for "property taxes"  <u>Proof of Claim no. 1</u>, filed November 6, 2014 (the "LACTTC PoC"). Attached to the Claim no. 1 were copies of "Statement of Prior Year Taxes" as of November 5, 2014 and "Substitute Secured Property Tax Bill" for July 1, 2014 to June 30, 2015. Proof of Claim no. 1 was amended on May 18, 2015, the amount of which was reduced to $53,719.66  (the "LACTTC Am. PoC").  Attached to the LACTTC Am. PoC is a "Statement of Prior Year Taxes" as of May 18, 2015, and "Substitute Secured Property Tax Bill" for July 1, 2014 to June 30, 2015.

      Debtor objects to the LACTTC Am. PoC, contending that "mere copies of unauthenticated and unsupported property tax bills" are not sufficient to establish *prima facie* validity.  <u>Claim Objection</u>,5:17-18; 24-25. Debtor states that she is unable to determine the validity of the claim and the amount asserted.

      Debtor also argues that the redemption penalties and the penalties and costs imposed for the Wilton Property tax bill is to punish a delinquent taxpayer, rather than to compensate LACTTC for actual loses because the assessment has no direct relation to any specific costs incurred by the state.  Debtor cites to the pre-BAPCPA case <u>In re Hovan</u>, 96 F.3d 1254, 1257 (9th Cir. 1996) to support her argument that the redemption penalties and costs imposed are not compensatory in effect and thus should be accorded fourth priority under 11 U.S.C. § 726(a)(4).  Debtor further

# United States Bankruptcy Court
## Central District of California
San Fernando Valley
Judge Maureen Tighe, Presiding
Courtroom 302 Calendar

**Thursday, November 19, 2015**                                                                 **Hearing Room  302**

<u>9:30 AM</u>
**CONT...        Martha J. Castro                                                                                Chapter 11**

argues that Cal. Rev. & Tax Code § 4103's designation of redemption penalties as interest "for purposes of … any claim in a bankruptcy proceeding" reflects an effort by the California state legislature to avoid the priority scheme of 11 U.S.C. § 726, and is thus preempted by the Supremacy Clause of the U.S. Constitution.  LACTTC notes in its response that the provisions of §§ 724 and 726 are not applicable in this non-liquidating chapter 11 case.

      Debtor also notes that the mortgage for the Marilla Property impounded the property taxes and insurance as part of the mortgage payment.  When Debtor modified her mortgage with Bank of America ("BofA") on September 3, 2010, she believes her unpaid property taxes and delinquent mortgage payments were recapitalized and made part of the new loan amount.  Debtor argues that the modification agreement with BofA made BofA responsible for paying the property taxes through an impounded escrow account.

### **Standard**

      A proof of claim is deemed allowed unless a party in interest objects under § 502(a) and constitutes "prima facie evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). *See also* Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. *See* Adv. Comm. Notes to Fed. R. Bankr.P. 9014.

      Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." <u>Wright v. Holm ( In re Holm )</u>, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)); *see also* <u>Ashford v. Consolidated Pioneer Mort. ( In re Consol. Pioneer Mort.)</u>, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." <u>In re Holm</u>, 931 F.2d at 623.

      "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." <u>In re Consol. Pioneer</u>, 178 B.R. at 226 (*quoting* <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See* <u>In re</u>

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Thursday, November 19, 2015**                                                                               **Hearing Room    302**

<u>9:30 AM</u>
**CONT...        Martha J. Castro**                                                                                           **Chapter 11**

<u>Holm</u>, 931 F.2d at 623.

### **<u>Analysis</u>**

      LACTTC, in its response, contends that Debtor's pro forma objection does not "shift the burden" as Debtor claims, and that it gave sufficient evidentiary basis for its claim by attaching a copy of "Statement of Prior Year Taxes."  Specifically, the Statements of Prior Year Taxes included among other things: (1) the parcel no. for each of the Properties; (2) the year of the tax delinquencies; (3) the principal taxes owed; (4) the amount of the penalties and costs; (5) the redemption penalties; (6) the amount of the redemption fees; (7) any applicable "Subject To Power To Sell Fees"; and (8) the total taxes owed for both the Wilton Property and the Marilla Property. Because LACTTC gave a proper evidentiary basis to support its claim, it points out that it is now Debtor's burden to assert some factual basis for the objection. LACTTC did, however, include a declaration from Bonita Sandoz, the Bankruptcy Unit Supervisor for LACTTC who is responsible for calculating and analyzing the amount of property taxes, including penalties, interest, and other charges that are owed to the County by taxpayers who have filed bankruptcy.  The documentation provided by LACTTC in support of LACTTC Am. PoC provides a sufficient evidentiary basis for the claim, and Debtor has not provided evidence that negates any of the facts asserted in the LACTTC Am. PoC.

      Addressing Debtor's argument that the redemption penalties and the penalties and costs imposed for the Wilton Property tax bill the assessment has no direct relation to any specific costs incurred by the state, LACTTC argues that Debtor's authority is not on point and is stale after Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA").  LACTTC points out that, unlike here where the issue is real property taxes, in <u>Hovan</u>, the Ninth Circuit ruled on claims for unsecured priority taxes and is therefore distinguishable.

      LACTTC notes that Congress passed BAPCPA and added 11 U.S.C. § 511, which provides that "the rate of interest shall be determined under non-bankruptcy law." In other words, bankruptcy does not affect the amount that the taxpayer is obligated to pay to the taxing agencies under the appropriate state law.  Pursuant to § 511(a):

> If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be rate determined

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Thursday, November 19, 2015**                                                           **Hearing Room      302**

9:30 AM
**CONT...        Martha J. Castro                                                                   Chapter 11**
under applicable nonbankruptcy law.

11 U.S.C. § 511(a)

As there is no uniform rate of interest applicable to tax claims, LACTTC contends that § 511 was added to simplify the calculation rate. Under § 511, the House Report stated:

Sec. 704. Rate of Interest on Tax Claims. Under current law, there is no uniform rate of interest applicable to tax claims. As a result, varying standards have been used to determine the applicable rate. Section 704 of the Act amends the Bankruptcy Code to add section 511 for the purpose of simplifying the interest rate calculation.

H. Rpt. No. 109- 31, § 256, 109th Cong. 1st Sess. (2005) p. 101.

Thus, LACTTC maintains that § 511 mandates that "nonbankruptcy law" applies to all taxes where "interest" is required, and the filing of Debtor's bankruptcy cannot affect the amount that the taxpayer is obligated to pay to the taxing authorities, in accordance with applicable law.

Read in conjunction with 11 U.S.C. § 511, LACTTC contends that Cal. Rev. & Tax Code §§ 2617 and 2618 provide that it is entitled to a 10% delinquent penalty in the event that a debtor fails to submit the first and second installment of real property taxes by the close of business on December 10 and April 10 respectively, as follows:

All taxes due November 1, if unpaid, are delinquent at 5 p.m., or the close of business, whichever is later, on December 10, and thereafter a delinquent penalty of 10 percent attaches to them.

Cal. Rev. & Tax Code § 2617.

The second half of taxes on real property, if unpaid, is delinquent at 5 p.m., or the close of business, whichever is later, on April 10, and thereafter a delinquent penalty of 10 percent attaches to it.

Cal. Rev. & Tax Code § 2618.

Section 506(b) provides for "interest on such claim, <u>and</u> any reasonable fees, costs or charges provided under the agreement or State statute under which such

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Thursday, November 19, 2015**                                             **Hearing Room      302**

<u>9:30 AM</u>
**CONT...       Martha J. Castro                                                       Chapter 11**

claim arose". 11 U.S.C. § 506(b) (emphasis added). LACTTC contends that the 10% interest under RTC §§ 2617 and 2618 are the "interest" referred to under § 506(b).

    In <u>In re Collier</u>, 416 B.R. 713, 719 (Bankr.N.D.Cal. 2008)(subsequently overruled by <u>In re Collier</u>, 2009 WL 5449150 (Bankr.N.D.Cal., Jan. 5, 2009)) ("<u>Collier 1</u>"), the bankruptcy court, in ruling on a taxing authority's objection to confirmation of a chapter 13 plan, found that a taxing authority's redemption penalties were not part of its allowed secured claim, relying on the cases <u>In re County of Orange</u>, 262 F.3d 1014 (9th Cir.2001); <u>Weston Inv. Co. v. State</u>, 31 Cal.2d 390, 189 P.2d 262 (1948); and <u>Ferreira v. County of El Dorado</u>, 222 Cal.App.3d 788, 272 Cal.Rptr. 49 (Cal.Ct.App.1990), which held that real property tax redemption penalties were not part of the lien. The <u>Collier 1</u> court, following this line of authority, reasoned that these penalties would constitute general, unsecured claims. <u>Id.</u>  Thereafter, the taxing authority in <u>Collier</u> filed a supplemental brief, advising the <u>Collier</u> court that the cases relied upon were legislatively overruled by Cal. Gov.Code § 43001 and Cal. Rev. & Tax. Code § 2187. While finding the former statute to be somewhat ambiguous, the <u>Collier</u> court held that the latter statute legislatively overrules the line of cases relied upon for the previous ruling ("<u>Collier 2</u>").  The taxing authority in <u>Collier 1</u> had asserted that post-petition penalties were allowable as part of its secured claim pursuant to 11 U.S.C. § 506(b). Section 506(b) provides, in pertinent part, that "fees, costs, and charges" are part of a secured claim in a bankruptcy case to the extent provided by state statute. Having been advised that the authority relied upon was no longer good law, the <u>Collier 2</u> court held that the penalties may not qualify as "fees" or "costs," they clearly qualify as "charges."  <u>In re Collier</u>, 2009 WL 5449150, at *1 (Bankr. N.D. Cal. Jan. 5, 2009).

    While not controlling here, the Court finds the reasoning of <u>Collier</u> 2 persuasive, especially when read in with <u>In re Fowler</u>, 493 B.R. 148 (Bankr.E.D.Cal. 2012).  In <u>Fowler</u>, the debtor's argument was the same as that made by Debtor here, specifically that § 4103(b) was unconstitutional because it converted California's 18% redemption penalty into an interest rate for bankruptcy purposes only, which makes it a "bankruptcy-specific" statute that treats non-bankrupt taxpayers and taxpayers in bankruptcy differently. <u>Fowler</u>, 493 B.R. 148 at 150.  The <u>Fowler</u> debtor argued that because it is a bankruptcy-specific statute, Cal. Rev. & Tax. Code § 4103(b) was not "applicable non-bankruptcy law" for the purposes of 11 U.S.C. § 511 and went beyond the authority granted by § 511.  <u>Id.</u> at 151.

    After reviewing the legislative history and the line of cases, including <u>Collier 1</u>, the <u>Fowler</u> court held that that Cal. Rev. & Tax. Code § 4103(b) was not invalid as violative of the Supremacy Clause and that the debtor must pay the taxing authority's

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Thursday, November 19, 2015**                                                                                      **Hearing Room    302**

<u>9:30 AM</u>
**CONT...**         **Martha J. Castro**                                                                                         **Chapter 11**

secured claim in full at a rate of 18% per annum. <u>In re Fowler</u>, 493 B.R. 148 at 158. The <u>Fowler</u> court also clarified that Cal. Rev. & Tax Code § 2187 was expanded by the California legislature after the Ninth Circuit's decision in <u>In re County of Orange</u> to state that "every tax, penalty or interest, including redemption penalty or interest, on real property is a lien against the property assessed." <u>Fowler</u>, 493 B.R. 148 at 157, <u>quoting</u> <u>Cal. Bill Analysis</u>, S.B. 1494 Assem., June 26, 2002. The <u>Fowler</u> court reasoned that the use by the California legislature of "redemption penalty or interest" in § 2187 is evidence of the legislature's intent and belief that the redemption penalties be and are effectively an interest rate. <u>Id.</u> The <u>Fowler</u> court explained:

> Because the court does not agree that the reference to "applicable nonbankruptcy law" in § 511 limits states to establishment of an interest rate for unpaid tax claims in bankruptcy via statutes that are not bankruptcy specific, the court finds that RTC § 4103(b) does not actually conflict with 11 U.S.C. § 511(a). Nor is this a situation where Congress has expressly preempted a state's ability to legislate the interest rate on unpaid tax claims or regulated so pervasively that it "occupies the field." This is, in fact, a situation where Congress has expressly and concurrently authorized state legislation on the matter, thus inviting the states to "preempt" federal law with respect to the calculation of interest on secured claims for unpaid taxes. For the foregoing reasons the court finds that RTC § 4103(b) is not invalid as violative of the Supremacy Clause….

<u>In re Fowler</u>, 493 B.R. 148, 158 (Bankr. E.D. Cal. 2012).

Finally, Debtor argues that her modified mortgage with BofA provided for unpaid property taxes to be recapitalized and made part of the new loan amount. Debtor argues that the modification agreement with BofA made BofA responsible for paying the property taxes through an impounded escrow account. LACTTC correctly notes that it was not a party to the modification agreement, and that Debtor should resolve the issue with BofA of whether the impounded escrow account is being properly distributed to the taxing authorities.

Objection overruled.

| **Party Information** |
|---|

**Debtor(s):**

   Martha J. Castro                                                                                     Represented By
                                                           Anthony Obehi Egbase

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
**Judge Maureen Tighe, Presiding**
**Courtroom 302 Calendar**

**Thursday, November 19, 2015**                                                          **Hearing Room    302**

9:30 AM
**CONT...      Martha J. Castro**                                                                          **Chapter 11**
   **Movant(s):**

   Martha J. Castro                                              Represented By
                                                                         Anthony Obehi Egbase

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Thursday, November 19, 2015**                                                                                                    **Hearing Room    302**

<u>9:30 AM</u>
**1:14-14734**     **Martha J. Castro**                                                                                                                **Chapter 11**

    **#5.00**     Motion RE: Objection to Claim Number 4 by Claimant
               City of Los Angeles

               fr. 9/10/15; 10/8/15

                                Docket     53

   **Tentative Ruling:**

     [9-10-15 tentative:]
Debtor filed her chapter 11 petition on October 17, 2014.  Debtor listed on schedule A that she holds an equitable interest in real property located at 5911-5915 S. Wilton Pl., Los Angeles, CA  90047 (the "Wilton Property").  Debtor indicates on her schedules that she is the trustee for the Edison Castro Intervivos Family Trust (the "Trust"), but that she is not a beneficiary of the Trust.
        On March 18, 2015 creditor the City of Los Angeles (the "City") filed a proof of claim in the amount of $7,882.03 for "fees – code enforcement / rent stabilization ordinance."  <u>Proof of Claim no. 4</u>, filed March 18, 2015 (the "City PoC").  Attached to the City PoC is a copy of a billing statement dated March 16, 2015, listing various fees and late charges for "rent and code accounting" for the Wilton Property.

        Debtor objects to the City PoC, contending that "mere copies of unauthenticated and unsupported property tax bills" are not sufficient to establish *prima facie* validity.  Debtor states that she is unable to determine the validity of the claim and the amount asserted.
        A proof of claim is deemed allowed unless a party in interest objects under § 502(a) and constitutes "prima facie evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). *See also* Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. *See* Adv. Comm. Notes to Fed. R. Bankr.P. 9014.
        Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." <u>Wright v. Holm ( In re Holm )</u>, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 Collier on Bankruptcy § 502.02, at 502-22 (15th ed.1991)); *see also* <u>Ashford v.</u>

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Judge Maureen Tighe, Presiding
### Courtroom 302 Calendar

**Thursday, November 19, 2015**                                                                      **Hearing Room      302**

9:30 AM
**CONT...        Martha J. Castro**                                                                                          **Chapter 11**

Consolidated Pioneer Mort. ( In re Consol. Pioneer Mort.), 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." In re Holm, 931 F.2d at 623.

"If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." In re Consol. Pioneer, 178 B.R. at 226 (*quoting* In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See* In re Holm, 931 F.2d at 623.

The City, in its response, contends that Debtor's pro forma objection does not "shift the burden" as Debtor claims, and that it gave sufficien
t evidentiary basis for its claim by attaching an invoice. Because the City gave a proper evidentiary basis to support its claim, the City points out that it is Debtor's burden to assert some factual basis for the objection. The City did, however, include a declaration from Michael Prendergast, Senior Management Analyst charged with billing and collection duties related to the City's Housing and Community Investment Department, who was tasked with assisting the Deputy City Attorney in preparing the proof of claim.

The City is correct that a party objecting to a claim must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves."  In re Holm, 931 F.2d at 623.  Here, Debtor's boilerplate objection did not challenge any particular aspect of the City PoC.  This is exactly the type of "mere formal objection" that was contemplated in Holm, and it is not adequate to defeat this claim.

Objection overruled.  The City to lodge order within 7 days.

|  Party Information  |
|---|

**Debtor(s):**

   Martha J. Castro                                                                Represented By
                                                                                  Anthony Obehi Egbase

**Movant(s):**

   Martha J. Castro                                                                Represented By
                                                                                  Anthony Obehi Egbase

# United States Bankruptcy Court
# Central District of California
San Fernando Valley
Judge Maureen Tighe, Presiding
Courtroom 302 Calendar

**Thursday, November 19, 2015**                                                          **Hearing Room    302**

<u>9:30 AM</u>
**1:14-14734**      **Martha J. Castro**                                                                                  **Chapter 11**

   **#6.00**      Status and Case Management Conference

             fr. 1/15/15; 3/5/15, 3/26/15, 5/7/15, 8/13/15, 10/15/15

             Docket        1

**Tentative Ruling:**

   Continue to October 15, 2015 at 9:30 a.m. Debtor to file notice.

|                     Party Information                     |

**Debtor(s):**

   Martha J. Castro                                      Represented By
                                                                 Anthony  Egbase

**Movant(s):**

   Martha J. Castro                                      Represented By
                                                                 Anthony  Egbase