J. ALEXANDRA RHIM (SBN 180636)
CHRISTOPHER D. CROWELL (SBN 253103)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, CA  91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985

Attorneys for Laor Liquidating Associates, LP
and Guarantee Royalties Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>　　　　　　　　　Debtor. | Case No. 9:19-bk-11573-MB<br><br>**OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDERS: (I)(A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS, (B) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (C) AUTHORIZING AND APPROVING THE SELECTION OF A STALKING HORSE BIDDER, (D) APPROVING EXPENSE REIMBURSEMENT, (E) SCHEDULING (i) AN AUCTION AND (ii) A SALE HEARING, (F) APPROVING THE FORM AND MANNER OF ALL PROCEDURES, PROTECTIONS, SCHEDULES, AND AGREEMENTS, AND (G) GRANTING RELATED RELIEF; AND (II)(A) APPROVING SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF**<br><br>Date:  September 4, 2020<br>Time:  3:00 p.m.<br>Place:  Courtroom 201<br>　　　　1415 State Street, Santa Barbara<br>　　　　California |

Laor Liquidating Associates, LP ("Laor") and Guarantee Royalties Inc. ("Guarantee" together with Laor shall be referred to collectively as, the "Claimants") hereby submit this objection (the "Objection") to the Chapter 11 Trustee's bid procedures as described in the motion filed as docket no. 1221. The Claimants represent as follows in support of their Objection:

## **ARGUMENT**

The Claimants agree with many of the issues raised by other parties in their objections to the Trustee's bid procedures. The bid procedures are problematic in connection with the REDU Assets, which are not included in the assets to be sold to the stalking horse bidder. Moreover, the Motion does not meaningfully address the REDU Assets to enable creditors to assess any bid made at the proposed auction. As such, the Claimants oppose the bid procedures for the reasons below:

A.  <u>The Court Should Disapprove the Bid Procedures as to the REDU Assets</u>.

The proposed procedures would deprive the Claimants of any meaningful opportunity to assess bids for the REDU Assets or to lodge a sufficient objection thereto. The Motion primarily addresses the proposed asset sale to the Stalking Horse Bidder which does not propose to purchase the REDU Assets. Instead, a bidder may bid for the REDU Assets at the September 23, 2020 auction without notification to creditors regarding their qualifications or identity. Yet, any opposition to the sale motion is due on September 21, 2020 *prior* to that auction. The Trustee then proposes to file a notice of Successful Bidder on September 24, 2020. Thereafter, parties can file a Supplemental Limited Sale Objection on October 4, 2020 but only on *limited* issues "based on the manner in which the Auction was conducted, selection of the Successful Bidder and the identity of the Successful Bidder(s) or Backup Bidder(s) in the event the Successful Bidder or Backup Bidder(s) are not the Stalking Horse Bidder, including Designated Contract counterparty objections based on inadequate assurance of future performance by a Successful Bidder other than the Stalking Horse Bidder."

These procedures are insufficient to protect the Claimants' rights. For instance, the Trustee seeks to restrict a party's objection to *only* the limited issues described above. This limitation is unacceptable given the proposed belated receipt of information depriving creditors of the ability to evaluate the bid or the bidder. This is particularly problematic given the need to ensure that a

1

OPPOSITION TO MOTION RE BIDDING PROCEDURES

successful bidder will be a responsible operator. Further, an issue exists whether it is permissible for only a portion of the REDU Assets to be purchased given that the REDU area is a unitized area. These complex issues cannot be considered and resolved on a truncated basis as sought by the Trustee.

B.  <u>The Claimants Reserve All Rights to Oppose The Motion On the Grounds That Claimants' Leases Are Subject to the Lease Assumption Requirements Under 11 U.S.C. § 365</u>.

There is presently a pending adversary proceeding in which declaratory relief is sought whether certain oil and gas leases are subject to the lease assumption requirements under Section 365. The Trustee's motion for summary judgment on the issue has been continued to September 29, 2020. The Claimants oppose the motion and further reserve the right to maintain its position in connection with the sale motion.

C.  <u>It is Unclear Whether The REDU Agreement Must be Assumed and Assigned</u>.

An issue exists whether a sale of any REDU Assets requires assumption and assignment of the underlying REDU Agreement. Further, it is unclear whether such agreement is capable of assumption and assignment. This additional issue must be addressed in conjunction with an evaluation of a sale of the REDU Assets.

## **CONCLUSION**

Based on the foregoing, the Claimants request that the Motion be denied as to the REDU Assets. The Claimants continue to reserve all rights and request that the Court order such other relief as is just and necessary.

DATED: September 3, 2020          HEMAR, ROUSSO & HEALD, LLP

/s/ *J. Alexandra Rhim*
BY: _____
J. Alexandra Rhim
Attorneys for Laor Liquidating Associates, LP
and Guarantee Royalties, Inc.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
15910 Ventura Blvd., 12th Floor, Encino, California 91436.

A true and correct copy of the foregoing document described as OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDERS: (I)(A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS, (B) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS, (C) AUTHORIZING AND APPROVING THE SELECTION OF A STALKING HORSE BIDDER, (D) APPROVING EXPENSE REIMBURSEMENT, (E) SCHEDULING (i) AN AUCTION AND (ii) A SALE HEARING, (F) APPROVING THE FORM AND MANNER OF ALL PROCEDURES, PROTECTIONS, SCHEDULES, AND AGREEMENTS, AND (G) GRANTING RELATED RELIEF; AND (II)(A) APPROVING SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 3, 2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**X** Service information continued on attached page

**2. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **September 3, 2020**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**X** Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/03/20 | SANAZ ADNANI | */s Sanaz Adnani* |
| *Date* | *Printed Name* | *Signature* |

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA  91436
(818) 501-3800

**Service List**

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**

William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
Bradley D Blakeley    blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com
Alicia Clough    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
Marc S Cohen    mscohen@loeb.com, klyles@loeb.com
Alan D Condren    berickson@seedmackall.com
Don Fisher    dfisher@ptwww.com, tblack@ptwww.com
Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
Gisele M Goetz    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com
Karen L Grant    kgrant@silcom.com
Brian L Holman    b.holman@mpglaw.com
Tracy K Hunckler    thunckler@daycartermurphy.com, cgori@daycartermurphy.com;rmahoney@daycartermurphy.com
Eric P Israel    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
Mitchell J Langberg    mlangberg@bhfs.com, dcrudup@bhfs.com
Vincent T Martinez    llimone@twitchellandrice.com, smccomish@twitchellandrice.com
Michael Authur McConnell (TR)    Michael.mcconnell@kellyhart.com
Brian M Metcalf    bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
Jerry Namba    nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com
Benjamin P Pugh    bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law
Edward S Renwick    erenwick@hanmor.com, iaguilar@hanmor.com
J. Alexandra Rhim    arhim@hrhlaw.com
Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com
Zev Shechtman    zshechtman@DanningGill.com,danninggill@gmail.com; zshechtman@ecf.inforuptcy.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
William E. Winfield    wwinfield@calattys.com, scuevas@calattys.com

**2.    SERVED BY UNITED STATES MAIL**

Donna Jean AAnerud
523 W. Citracado Parkway
Escondido, CA 92025

Richard W. Ackerman
c/o Richards W. Ackerman Trust 3-14-77
P.O. Box 559
Darby, MT 59829

Bruce W Wagner
Twitchell and Rice, LLP
215 North Lincoln St
PO Box 520
Santa Maria, CA 93456

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA  91436
(818) 501-3800