PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
HUGH M. RAY, III (*pro hac vice* pending)
hugh.ray@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:    415.983.1000
Facsimile:    415.983.1200

*Attorneys for Union Oil Company of California
and Chevron U.S.A. Inc.*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**CHEVRON'S LIMITED OBJECTION TO THE TRUSTEE'S SALE MOTION, ASSUMPTION NOTICE, ABANDONMENT MOTION, AND RESERVATION OF RIGHTS**<br><br>Hearing:    October 5, 2020<br>Time:    10:00 a.m.<br>Place:    Courtroom 201<br>    1415 State Street, Santa Barbara<br>    California CA 93101 |

Union Oil Company of California and Chevron U.S.A. Inc. (collectively "Chevron"), through undersigned counsel, submit this limited objection and reservation of rights (the "Limited Objection") to the chapter 11 trustee of the above-captioned estate's (the "Trustee") motion to, among other things, sell substantially all of the estate's assets (the "Sale Motion") [Docket No. 1243] and abandon other assets ("Abandonment Motion") [Docket 1288], and the Assumption Notice [Docket No. 1290]

-1-
LIMITED OBJECTION AND RESERVATION OF RIGHTS

4837-0847-4571

(defined herein), and respectfully represents as follows:

**BACKGROUND**

1. On August 28, 2020, the Trustee filed his Sale Motion. On September 8, 2020 the Court entered its order approving the bid procedures proposed in the Sale Motion (the "Bid Procedures Order") [Docket No. 1268].

2. On September 14, 2020, the Trustee filed his *Notice of Motion and Motion for Order Authorizing the Abandonment of any Unsold Assets and Rejection of any Unsold Unexpired Leases and/or Executory Contracts* (the "Abandonment Motion") [Docket No. 1288].

3. On September 14, 2020, the Trustee filed his *Notice of Executory Contracts and Unexpired Leases that may be Assumed and Assigned in Connection with the Sale of the Debtor's Assets and the Proposed Cure Amounts with Respect Thereto* (the "Assumption Notice") [Docket No. 1290]. The Trustee attached as exhibits to the Assumption Notice the list of "Designated Contracts" that could be assumed and assigned in connection with a sale. This list of Designated Contracts included several where one of the Chevron entities appears to be a party. However, the cure is unspecified.

4. The Sale Motion and Abandonment Motion envision a sale of certain properties, and the possible abandonment of others. However, Chevron has identified properties owned by the Debtor that are not identified on the exhibits to either the Sale Motion or the Assumption Notice. Chevron contacted the Trustee regarding those properties and the Trustee will investigate and should add any accidentally excluded properties to the sale/auction process. The Trustee may have to serve an amended notice to include any omitted properties. Chevron intends to continue to work cooperatively with the Trustee.

5. Chevron (or its affiliates) is a party to various agreements with the Debtor. Chevron's treatment on these contracts remains unclear because the final terms of an acquisition are unknown. The Bid Procedures Order allows great flexibility on the terms of a proposed sale, leaving parties such as Chevron with insufficient information to determine whether it will be ultimately necessary to pursue

its objection.

## **LIMITED OBJECTION**

6.  Chevron supports a sale of the Debtor's assets to a responsible operator and does not have an objection to the Trustee pursuing a sale of the Debtor's assets generally. As mentioned above, Chevron identified potentially omitted properties that are not part of the Sale Motion. Chevron has brought these to the Trustee's attention and the Trustee may add any accidentally omitted assets to the sales process, and Chevron reserves the right to object if he does not.

7.  Additionally, the final terms of a sale remain undetermined for the following reasons:

   a. The purchaser(s) may change,

   b. The REDU purchaser (if any) remains unknown,

   c. The assets being sold may change,

   d. The liabilities being assumed remain uncertain, and

   e. The creditors know nothing about the identity of other bidders.

8.  Other parties have filed objections to the Sale Motion on similar grounds. Chevron adopts the objections of all other objecting parties if needed to preserve Chevron's right to object on those grounds.

9.  Chevron reserves the right to object to the "Texaco" contracts on the Assumption Notice depending on the eventual outcome of the sale. Chevron reserves the right to adopt the positions of other lease counterparties who have also objected to the proposed treatment of leases generally and the cure values listed on the Assumption Notice. The Assumption Notice does not provide much notice to the parties whose rights are affected. The Notice was filed at 2:53 pm Pacific Time on September 14, mailed around the nation, and requires an objection to be filed in court by September 21. Chevron reserves the right to supplement given the short notice. Additionally, the cure amount on the Buganko Surface Rental Agreement should be adjusted for legal fees and costs of Buganko in enforcing the agreement.

10. Under 11 U.S.C. §363(b)(1), the estate may sell assets "after notice and a hearing." "Notice and a hearing" is defined to mean "after such notice as is appropriate in the particular

circumstances, and such opportunity for a hearing as is appropriate in the particular circumstance." 11 U.S.C. §102(1)(a). Here, the Trustee bears the burden of proof that sufficient notice has been given to all creditors and parties in interest of the assets to be sold, the liabilities to be assumed, and the important *bona fides* of a purchaser. The Constitution also requires minimal notice that comports with due process. Given the delays of the postal service, less than 7 days actual notice of cure amounts was provided to the hundreds of parties affected by the Assumption Notice.

11. If the sale does more than merely convey assets and assume liabilities, but rather includes a *sub rosa* plan for distribution of assets, release and establishment of claims, or other non-sale actions, then the sale would be objectionable in the absence of a plan. As the current terms are in flux, this may not become an issue of contention. Additionally, any proposed use of proceeds must follow the rules on the absolute priority rule. *See Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017).

12. Finally, concomitant with the Sale Motion, the Trustee has filed the Abandonment Motion and the Assumption Notice. Through these, the Trustee has identified properties that *may* be assumed and seeks authority to possibly abandon those that are not. Of course, Chevron reserves the right to object to any asset's abandonment on any grounds, including that the asset to be abandoned is not property of the estate (because, for example, the leases had expired prepetition). Similarly, abandonment can be constrained by other legal obligations. The Trustee disclosed that the Stalking Horse Purchaser conducted an environmental study and shared the results with him—but not with the creditor body. Despite acknowledgment of the issue, the Trustee's declarations in support contain inadequate facts to support his position on the issues raised by *Midlantic Nat. Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 507 (1986). Chevron cannot tell whether the Trustee has met his burden to demonstrate that the estate can lawfully abandon the property as proposed in the Abandonment Motion.

**RESERVATION OF RIGHTS**

13. Chevron reserves its right to object to the Sale Motion, Assumption Notice, or Abandonment Motion on any grounds asserted by any other person. Chevron further reserves the right

to object to the sale, assumption, or abandonment on any independent ground, including those raised herein and any constitutional, statutory or prudential ground. Chevron will supplement this objection, if necessary, once the outcome of the auction has been disclosed and the full details of a specific asset sale to a specific purchaser are known.

## CONCLUSION

WHEREFORE, Chevron respectfully requests that, unless this limited objection is resolved or withdrawn, the Sale Motion be denied. Chevron continues to reserve all rights and requests that the Court order such other relief as is just and necessary.

Dated: September 21, 2020

By  */s/ Philip S. Warden*
       Philip S. Warden

*Attorneys for Union Oil Company of California and Chevron U.S.A. Inc.*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Pillsbury Winthrop Shaw Pittman LLP, 4 Embarcadero Center, 22nd Floor, San Francisco, CA  94111

A true and correct copy of the foregoing document entitled (*specify*): Chevron's Limited Objection to the Trustee's Sale Motion, Assumption Notice, Abandonment Motion, and Reservation of Rights
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/21/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attachment.

☑ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/21/2020 | Anna Lau | /s/ Anna Lau |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed)

1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

   - Anthony A Austin -  anthony.austin@doj.ca.gov
   - William C Beall - will@beallandburkhardt.com; carissa@beallandburkhardt.com
   - Bradley D Blakeley - blakeley@blakeleylawgroup.com; bradleydblakeley@gmail.com
   - Alicia Clough - aclough@loeb.com, mnielson@loeb.com, ladocket@loeb.com
   - Marc S Cohen - mscohen@loeb.com; klyles@loeb.com
   - Alan D Condren - berickson@seedmackall.com
   - Alan D Condren - acondren@seedmackall.com; berickson@seedmackall.com
   - Alec S Dimario – alec.dimario@mhllp.com; debra.blondheim@mhllp.com; Syreeta.shoals@mhllp.com
   - Jeremy Faith - Jeremy@MarulisFaithlaw.com, Helen@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com; Vicky@MarguliesFaithlaw.com
   - Karl J Fingerhood - karl.fingerhood@usdoj.gov, efile_ees.enrd@usdo.gov
   - H. Alexander Fisch – Alex.fisch@doj.ca.gov]
   - Don Fisher - dfisher@ptwww.com; tblack@ptwww.com
   - Brian D Fittipaldi -  brian.fittipaldi@usdoj.gov
   - Ellen A Friedman - efriedman@friedmanspring.com; khollander@friedmanspring.com
   - Gisele M Goetz - gmgoetz@hbsb.com; ggoetz@collegesoflaw.edu; cecilia@hbsb.com
   - Karen L Grant - kgrant@silcom.com
   - Ira S Greene - Ira.Greene@lockelord.com
   - Matthew C. Heyn - Matthew.Heyn@doj.ca.gov; mcheyn@outlook.com
   - Brian L Holman - b.holman@mpglaw.com
   - Brian L Holman - b.holman@musickpeeler.com
   - Tracy K Hunckler - thunckler@daycmtennurphy.com; cgori@daycartermurphy.com
   - Samantha Indelicato -  sindelicato@omm.com
   - Eric P Israel - eisracl@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - Razmig Izakelian -  razmigizakelian@quinnemanuel.com
   - Evan M Jones -ejones@omm.com, ejones@omm.com
   - Alan H Katz - akatz@lockelord.com

2

- John C Keith  -  jolm.keith@doj.ca.gov
- Jeannie Kim  -  jekim@sheppardmullin.com, dgatmen@sheppardmullin.com
- Anna Landa – Anna@MarguliesFaithlaw.com; Helen@MarguliesFaithLaw.com; Vicky@MarguliesFaithLaw.com; Angela@MarguliesFaithLaw.com
- Mitchell J Langberg - mlangberg@bhfs.com; dcrudup@dhfs.com
- Maxim B Litvak  -  mlitvak@pszjlaw.com
- Vincent T Martinez - llimone@twitchellandrice.com; smccomish@twitchellandrice.com
- Michael Arthur McConnell (TR) – Michael.mcconnell@kellyhart.com
- Brian M Metcalf - bmetcalf@omm.com; brian-metcalf-9774@ecf.pacerpro.com
- Monserrat Morales - Monsi@MarguliesFaithLaw.com; Vicky@MargulieFaithlaw.com; Helen@marguliesfaithlaw.com; Angela@MarguliesFaithlaw.com
- Alan I Nahmias - anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Jerry Namba - nambaepiq@earthlink.net; atty_namba@bluestylus.com
- David L Osias - dosias@allenmatkins.com, bcrfilings@allenmatkins.com, kdemorest@allenmatkins.com; csandoval@allenmatkins.com
- Darren L. Patrick - dpatrick@omm.com; Darren-patrick-1373@ecfpacerpro.com; sindelicato@omm.com; ejones@omm.com
- Jeffrey N Pomerantz - jpomerantz@pszjlaw.com
- Benjamin P Pugh - bpugh@ecg.law; mhamburger@ecg.law; calendar@ecg.law
- Edward S Renwick - erenwick@hanmor.com; iaguilar@hanmor.com
- J. Alexandra Rhim arhim@hrhlaw.com
- Todd C. Ringstad - becky@ringstadlaw.com; arlene@ringstadlaw.com
- Mitchell E Rishe - mitchell.rishe@doj.ca.gov
- George E Schulman - GSchulman@DanningGill.Com; danninggill@gmail.com; gschulman@ecf.infomptcy.com
- Zev Shechtman - zshechtman@DanningGill.com; danninggill@gmail.com; zshechtman@ecf.infomptcy.com
- Sonia Singh - ssingh@DanningGill.com; danninggill@gmail.com; ssingh@ecf.infomptcy.com
- Daniel A Solitro - dsolitro@lockelord.com; ataylor2@lockelord.com
- Ross Spence - ross@snowspencelaw.com, janissherrill@snowspencelaw.com; brittanyDecoteau@snowspencelaw.com
- Christopher D Sullivan - csullivan@diamondmccmihy.com; mdomer@diamondmccarthy.com; kmartinez@diamondmccarthy.com;

3

  quentin.roberts@diamondmccarthy.com; erika.shannon@diamondmccarthy.com; aiemee.low@diamondmccarthy.com

- Jennifer Taylor - jtaylor@omm.com

- John N Tedford - jtedford@DanningGill.com; danninggill@gmail.com; jtedford@ecf.infomptcy.com

- Salina R Thomas - bankruptcy@co.kem.ca.us

- Meagan S Tom - meagan.tom@lockelord.com; autodocket@lockelord.com; taylor.warren@lockelord.com; autodocketdev@lockelord.com

- Patricia B Tomasco - pattytomasco@quinnemanuel.com; barbarahowell@quinnemanuel.com; cristinagreen@quinnemanuel.com

- Fred Whitaker - lshe1izer@cwlawyers.com; spattas@cwlawyers.com

- William E. Winfield - wwinfield@calattys.com; scuevas@calattys.com

- Richard Lee Wynne - richard.wynne@hoganlovells.com; tracy.southwell@hoganlovells.com; cindy.mitchell@hoganlovells.com

- Emily Young - pace1ieam@gardencitygroup.com; rjacobs@ecf.epiqsystems.com; ECFinbox@epiqsystems.com

- Aaron Ede Leest - adeleest@DanningGill.com; danninggill@gmail.com; adeleest@ecf.inforuptcy.com

4