JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
MONSI MORALES (SBN 235520)
*Monsi@MarguliesFaithLaw.com*
ANNA LANDA (SBN 276607)
*Anna@MarguliesFaithLaw.com*
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777

Attorneys for Creditors,
California Asphalt Production, Inc., GTL1, LLC and GIT, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>　　　　　　　　　　　Debtor. | Case No.: 9:19-bk-11573-MB<br><br>Chapter 7<br><br>**OPPOSITION TO TRUSTEE'S MOTION FOR THE SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS**<br><br><u>Sale Confirmation Hearing</u><br>Date:    October 5, 2020<br>Time:   10:00 a.m.<br>Place:   Courtroom 201<br>　　　　　1415 State Street<br>　　　　　Santa Barbara, California |

　　　California Asphalt Production, Inc. ("CAP"), GTL1, LLC ("GTL1") and GIT, Inc. ("GIT") (collectively "Creditors") creditors of the above-captioned Debtor HVI CAT Canyon, Inc. (the "Debtor") hereby file this opposition (the "Opposition") to the Trustee" 's Motion for Order Approving Sale of Substantially All of the Estate's Assets (the "Sale Motion", Dkt. No. 1221) and respectfully states as follows:

## I.
## BACKGROUND

　　　The Debtor initiated the Bankruptcy Case by the filing of a voluntary bankruptcy petition under chapter 11 of the Bankruptcy Code (commencing at 11 U.S.C. § 101, et.

seq., hereinafter referred to as the "Bankruptcy Code") on July 25, 2019 (the "Petition Date").

Prior to the Petition Date, the Debtor and Creditors entered into various agreements for the provision of services, materials, and equipment necessary for the operation of the Debtor's oil and gas extraction business.

GTL1 provided the Debtor with transportation services for both delivery of diluent and transport of oil to the refinery. Additionally, GTL1 rented equipment to the Debtor used in its operations. Provision of these services and equipment continued through various dates with some equipment still in use by the Trustee.

GIT provided general and administrative services to HVI, including accounting, administrative, human resources, insurance, IT, compliance and safety, and land management pursuant to a pre-petition administrative services agreement. GIT's services to the Debtor continued through and including December 2019.

CAP had a two-way business relationship with the Debtor by which CAP was both the purchaser of the Debtor's crude oil and the seller to the Debtor of diluent. Like the services and material supplied by GTL1 and GIT, CAP continued to conduct business with the Debtor post-petition, including after the appointment of the Trustee.

The Trustee rejected the agreements with CAP and GTL1 as of November 27, 2019 and rejected the agreement with GIT as of December 31, 2019. However, at the Trustee's request, Creditors continued to provide services, materials and equipment to the Estate, and the Trustee accepted those services, materials, and equipment, both before and after rejection of the agreements.

On March 30, 2020, Creditors CAP, GTL1 and GIT each filed a proof of claims (the "Proof of Claims," Claims Nos. 125, 123 and 126 respectively).

On February 24, 2020, CAP, GTL1, and GIT each filed notices of oil and gas liens in the Bankruptcy Case (Dkt. Nos. 821, 822 and 823 respectively) (collectively the "Lien Notices"). The Lien Notices were filed pursuant to the California Code of Civil Procedure ("CCP") § 1203.50 *et seq.* to perfect the pre-petition lien rights of Creditors for amounts

incurred going back six months from the date of the Lien Notices (the "Creditors' Liens"). Creditors provided services and supplies for the Debtor's leaseholds at (a) Beldridge in Kern County, California; (b) Santa Maria Valley in Santa Barbara County, California; and (c) Richfield East Dome Unit in Orange County, California (the "Leasehold Interests"). As such, the Creditors' Liens attached to the Debtor's Leasehold Interests (the "Leasehold Collateral").

Creditors maintain that under 11 U.S.C. § 362(b)(3) the automatic stay does not apply to the filing of the Lien Notices as acts "to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under 546(b) of this title." The Trustee has disputed the application of Section 362(b)(3), and on March 26, 2020 the Trustee filed a Motion to Expunge the Lien Notices [Dkt. No. 875] (the "Expungement Motion"), contending that the Lien Notices violated the automatic stay and were therefore void. Creditors objected to the Expungement Motion and the Court ultimately denied the motion without prejudice and ordered that the dispute over the Creditors' Liens must be resolved by way of an adversary proceeding.

On July 9, 2020, the Trustee filed a complaint against Creditors challenging Creditors' Liens, as Adversary No. 9:20-ap-01039-MB (the "Lien Adversary"). The only argument put forth by the Trustee in the Lien Adversary is that the Lien Notices violated the automatic stay and the Creditors' Liens are therefore void.

Creditors filed an answer to the Lien Adversary (the "Answer") and counterclaim (the "Lien Counterclaim") on August 10, 2020. In the Lien Counterclaim, Creditors assert that the Creditors' Liens are both valid and <u>senior</u> to other liens filed against the Estate based on the lien preference provisions of CCP § 1203.56. Lien Counterclaim, p. 10, ¶ 48.[1]

---

[1] On September 1, 2020, Creditors filed separate complaints against the Trustee (the "Adversary Proceedings," 9:20−ap−01049−MB, 9:20−ap−01048−MB, 9:20−ap−01050−MB, respectively), whereby Creditors are seeking judgment against the Estate for administrative expenses. Concurrently, GTL1 filed a Motion for Temporary Restraining Order ("TRO", Dkt. No. 2 in Adversary Case 9:20−ap−01048−MB.) asking the Court to enjoin the Trustee from further distributions to administrative expense holders pending allowance of the claims.

The Sale Motion seeks to sell the Debtor's assets "free and clear of all liens, claims, rights, interests, and encumbrances whatsoever, other than as set forth in the APA or the REDU APA, in accordance with Bankruptcy Code section 363(b) and (f)." (Sale Motion, Page 30, lines 7-9). Furthermore, the Sale Motion seeks to value the collateral and strip Creditors liens pursuant to Federal Rule of Bankruptcy Procedure 3012 in order to make a ruling that the secured claims of Creditors, and others, are "out of the money and entirely unsecured." (Sale Motion, Page 62, lines 26-27). Finally, the Trustee requests that due to the claims of Creditors, and others, being unsecured, that the cash proceeds of the sale be distributed to UBS AG, Samford Branch and UBS AG, London Branch pursuant to the "senior" liens held by the UBS entities. (Sale Motion, Page 57, lines 25-26).

## II.

## CREDITORS' LIENS SHOULD ATTACH TO PROCEEDS PENDING THE RESOLUTION OF THE LIEN COUNTERCLAIM

The Sale Motion makes the unsupported and conclusory representation at Page 57, in part, as follows:

> In addition, any liens of GRL, Rival, the State Controller, Collection Service, CAP, GTL1 and GIT are all junior to the senior liens of UBS AG, Stamford Branch and UBS AG, London Branch. As a result, their purported claims are entirely unsecured. See 11 U.S.C. §§ 506(a) and (d). The Court is requested to value the secured interests of […] CAP, GTL1 and GIT at zero pursuant to Fed. R. Bankr. P. 3012. Therefore, since their claims are not allowed secured claims and are entirely unsecured as of the Petition Date, the Trustee can sell the Purchased Assets and their liens need not attach to sale proceeds.

There is no substantive or factual discussion of the priority of liens, and no evidence is submitted by way of a title report or testimony regarding the lien priorities of any of the alleged secured creditors. Furthermore, the validity and priority of the Creditors' Liens are currently the subject of the Lien Adversary and Lien Counterclaim. Creditors have asserted that the Creditors' Liens are senior to all other liens asserted against the subject Leasehold Collateral. Creditors acknowledge that the Creditors' Liens are subject to a bona fide dispute and the sale may occur free and clear of such

4

Liens. However, the unsupported representation that the Creditors' Liens are junior to the liens of UBS is not conceded – and is in fact a pending question in the Lien Counterclaim.

The Lien Counterclaim in the Second Claim for Relief, states in relevant part at Page 10, Paragraph 48, as follows:

> An actual and substantial controversy has arisen and now exists between the Counterclaimants, on the one hand, and the Trustee, on the other hand, concerning whether the Counterclaimants hold valid Oil and Gas Liens against the Estate. Counterclaimants contend that they hold valid and <u>senior liens</u> against the Estate pursuant to California Civil Procedure Code § 1203.58 for unpaid services and materials Counterclaimants provided to the Estate post-petition. (emphasis added).

Importantly, oil and gas liens created under the California Oil and Gas Liens statute enjoy heightened preference over certain other liens pursuant to § 1203.56, which states:

> The lien provided for in this chapter arises on the date of the furnishing of the first item of material or services or the date of performance of the first labor for which a lien is claimed under the provisions of this chapter. Upon compliance with the provisions of Section 1203.058, such lien <u>shall be preferred to all other titles, charges, liens or encumbrances which may attach to or upon any of the property upon which a lien is given by this chapter subsequent to the date the lien herein provided for arises.</u> (emphasis added)

Given the asserted seniority over any liens that attached to the Leasehold Collateral after the date the underlying Creditors' Liens first arose. Given the pending dispute as to when the Creditors' Liens first arose – the priority of the Creditors' Liens relative to the liens of the UBS entities remains an open question that the Court has yet to decide.

Creditors agree with the proposition that a sale of estate assets free and clear of liens that are subject to a bona fide dispute is authorized, including in the context of the proposed sale. However, given the fact that the priority of the Creditors' Liens is subject to such bona fide dispute, the disputed interest must attach to the proceeds of the sale pending a resolution of the Lien Adversary and Lien Counterclaim. "The purpose of § 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets

need not be delayed while such disputes are being litigated. Typically, <u>the proceeds of sale are held subject to the disputed interest and then distributed as dictated by the resolution of the dispute</u>; such procedure preserves all parties' rights by simply transferring interests from property to dollars that represent its value".(emphasis added) <u>Moldo v. Clark (In re Clark)</u>, 266 B.R. 163, 171-72 (B.A.P. 9th Cir. 2001); *See, generally*, 3 Lawrence P. King, *Collier on Bankruptcy* P 363.06 (15th. ed rev. 1998).

    Here, the Trustee may not strip the Creditors' Liens from the Leasehold Collateral unless and until the Court has resolved the Lien Adversary and Lien Counterclaim. Thus, the relief sought in the Sale Motion under Section 363(f)(4) goes beyond what is authorized thereunder.  To the extent that a sale is allowed, the cash proceeds must be held by the Estate subject to the Creditors' Liens until such time as the priority of such liens has been adjudged by this Court.

### III.
### CONCLUSION

    As provided above, and the reasons set forth in the Creditors' Adversary Proceedings, Answer and TRO, Creditors respectfully request that the Court condition a sale of the estate assets on the enforcement of the Creditors' interests and deny the Trustee's Sale Motion to the extent that it seeks a sale of the estate assets free and clear of those interests.

DATED:  September 21, 2020        **MARGULIES FAITH LLP**

By:   */s/Jeremy W. Faith*   .
      Jeremy W. Faith
Attorneys for CAP, GTL1 & GIT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **OPPOSITION TO TRUSTEE'S MOTION FOR THE SALE OF SUBSTANTIALLY ALL OF THE ESTATE'S ASSETS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 21, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On September 21, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Pursuant to Amended General Order 20-02, judge's copies are not required for any document less than 25 pages.
DEBTOR: HVI Cat Canyon, c/o Capital Corporate Services, Inc., 36 S. 18th Ave., Suite D, Brighton, CO 80601

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 21, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Counsel for UBS: Evan M Jones    ejones@omm.com, ejones@omm.com
Counsel for UBS: Brian M Metcalf    bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
Counsel for UBS: Darren L Patrick    dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
Counsel for UBS: Jennifer Taylor    jtaylor@omm.com
ATTORNEY FOR CREDITOR COMMITTEE: Maxim B Litvak    mlitvak@pszjlaw.com
ATTORNEY FOR CREDITOR COMMITTEE: Jeffrey N Pomerantz    jpomerantz@pszjlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 21, 2020 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

ATTORNEY FOR CREDITOR: Anthony A Austin    anthony.austin@doj.ca.gov
ATTORNEY FOR CREDITOR: William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
ATTORNEY FOR INTERESTED PARTY: Bradley D Blakeley    blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com
ATTORNEY FOR CREDITOR: Alicia Clough    aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com
ATTORNEY FOR CREDITOR: Marc S Cohen    mscohen@loeb.com, klyles@loeb.com
ATTORNEY FOR INTERESTED PARTY: Alan D Condren    berickson@seedmackall.com
ATTORNEY FOR CREDITOR: Alec S DiMario    alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com
ATTORNEY FOR CREDITOR: Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
ATTORNEY FOR INTERESTED PARTY: Karl J Fingerhood    karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov
ATTORNEY FOR INTERESTED PARTY: H Alexander Fisch    Alex.Fisch@doj.ca.gov
ATTORNEY FOR INTERESTED PARTY: Don Fisher    dfisher@ptwww.com, tblack@ptwww.com
ATTORNEY FOR U.S. TRUSTEE: Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
ATTORNEY FOR INTERESTED PARTY: Ellen A Friedman    efriedman@friedmanspring.com, khollander@friedmanspring.com
ATTORNEY FOR INTERESTED PARTY: Gisele M Goetz    gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com
ATTORNEY FOR CREDITOR: Karen L Grant    kgrant@silcom.com
ATTORNEY FOR INTERESTED PARTY: Ira S Greene    Ira.Greene@lockelord.com
ATTORNEY FOR CREDITOR: Matthew C. Heyn    Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com
ATTORNEY FOR CREDITOR: Brian L Holman    b.holman@mpglaw.com
ATTORNEY FOR INTERESTED PARTY: Tracy K Hunckler    thunckler@daycartermurphy.com, cgori@daycartermurphy.com
ATTORNEY FOR TRUSTEE: Eric P Israel    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
ATTORNEY FOR INTERESTED PARTY: Evan M Jones    ejones@omm.com, ejones@omm.com
ATTORNEY FOR INTERESTED PARTY: Alan H Katz    akatz@lockelord.com
ATTORNEY FOR CREDITOR: John C Keith    john.keith@doj.ca.gov
ATTORNEY FOR INTERESTED PARTY: Jeannie Kim    jekim@sheppardmullin.com, lsemeraro@sheppardmullin.com
ATTORNEY FOR CREDITOR: Mitchell J Langberg    mlangberg@bhfs.com, dcrudup@bhfs.com
ATTORNEY FOR CREDITOR COMMITTEE: Maxim B Litvak    mlitvak@pszjlaw.com
ATTORNEY FOR CREDITOR: Vincent T Martinez    llimone@twitchellandrice.com, smccomish@twitchellandrice.com
TRUSTEE: Michael Arthur McConnell (TR)    Michael.mcconnell@kellyhart.com
ATTORNEY FOR INTERESTED PARTY: Brian M Metcalf    bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com
ATTORNEY FOR INTERESTED PARTY: Jerry Namba    nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com
ATTORNEY FOR CREDITOR: David L Osias    dosias@allenmatkins.com, bcrfilings@allenmatkins.com, kdemorest@allenmatkins.com,csandoval@allenmatkins.com
ATTORNEY FOR INTERESTED PARTY: Darren L Patrick    dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com
ATTORNEY FOR CREDITOR COMMITTEE: Jeffrey N Pomerantz    jpomerantz@pszjlaw.com
ATTORNEY FOR INTERESTED PARTY: Benjamin P Pugh    bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law
ATTORNEY FOR CREDITOR: Edward S Renwick    erenwick@hanmor.com, iaguilar@hanmor.com
ATTORNEY FOR CREDITOR: J. Alexandra Rhim    arhim@hrhlaw.com
ATTORNEY FOR INTERESTED PARTY: Todd C. Ringstad    becky@ringstadlaw.com, arlene@ringstadlaw.com
ATTORNEY FOR CREDITOR: Mitchell E Rishe    mitchell.rishe@doj.ca.gov
ATTORNEY FOR TRUSTEE: George E Schulman    GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

ATTORNEY FOR TRUSTEE: Zev Shechtman     zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
ATTORNEY FOR TRUSTEE: Sonia Singh     ssingh@DanningGill.com, danninggill@gmail.com, ssingh@ecf.inforuptcy.com
ATTORNEY FOR INTERESTED PARTY: Daniel A Solitro     dsolitro@lockelord.com, ataylor2@lockelord.com
ATTORNEY FOR INTERESTED PARTY: Ross Spence     ross@snowspencelaw.com, janissherrill@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
ATTORNEY FOR INTERESTED PARTY: Ross Spence     ross@snowspencelaw.com, janissherrill@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com
ATTORNEY FOR CREDITOR: Christopher D Sullivan     csullivan@diamondmccarthy.com, mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon@diamondmccarthy.com;aiemee.low@diamondmccarthy.com
ATTORNEY FOR INTERESTED PARTY: Jennifer Taylor     jtaylor@omm.com
ATTORNEY FOR TRUSTEE: John N Tedford, IV     jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
ATTORNEY FOR INTERESTED PARTY: Salina R Thomas     bankruptcy@co.kern.ca.us
ATTORNEY FOR CREDITOR: Meagan S Tom     meagan.tom@lockelord.com, autodocket@lockelord.com; taylor.warren@lockelord.com;autodocketdev@lockelord.com
ATTORNEY FOR INTERESTED PARTY: Fred Whitaker     lshertzer@cwlawyers.com, spattas@cwlawyers.com
ATTORNEY FOR CREDITOR: William E. Winfield     wwinfield@calattys.com, scuevas@calattys.com
ATTORNEY FOR INTERESTED PARTY: Richard Lee Wynne     richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com
ATTORNEY FOR CREDITOR: Emily Young     pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com
ATTORNEY FOR TRUSTEE: Aaron E de Leest     adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.