1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Michael A. McConnell,
   Chapter 11 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **NORTHERN DIVISION**

| | |
|---|---|
| 11 In re | Case No. 9:19-bk-11573-MB |
| 12 HVI CAT CANYON, INC., | Chapter 11 |
| 13          Debtor. | **NOTICE OF SUBMISSION OF FULLY EXECUTED REDU ASSET PURCHASE AGREEMENT** |
| 14 | |
| 15 | Sale Hearing |
| 16 | Date:     October 5, 2020<br>Time:     10:00 a.m.<br>Place:    Courtroom 201 |
| 17 | 1415 State Street<br>Santa Barbara, California |

18

19        PLEASE TAKE NOTICE that Michael A. McConnell, the Chapter 11 trustee (the

20  "Trustee") for the estate of HVI Cat Canyon, Inc. (the "Debtor") and Redu Holdings, LLC, have

21  entered into the REDU Purchase and Sale Agreement, a fully executed copy of which is attached as

22  Exhibit "1" hereto.

23  DATED:  September 23, 2020        DANNING, GILL, ISRAEL & KRASNOFF, LLP

24

25                      By:    _/s/ Aaron E. de Leest_
                               AARON E. DE LEEST
26                             Attorneys for Michael A. McConnell,
                               Chapter 11 Trustee
27

28  DATE OF MAILING:  September 23, 2020

1611925.1  26932

EXHIBIT 1

# REDU PURCHASE AND SALE AGREEMENT

By and Between

## MICHAEL A. MCCONNELL, CHAPTER 11 TRUSTEE FOR

## HVI CAT CANYON, INC.

### as **SELLER**

and

## REDU HOLDINGS, LLC, a Delaware limited liability company

### as **BUYER**

## September 18, 2020

[DISCLAIMER:    This is a proposed form Purchase and Sale Agreement only and not an offer that can be accepted.  Until the authorized representatives of Seller and Buyer agree to and execute a definitive written agreement, neither Seller nor Buyer has any obligation (legal or otherwise) to conclude a transaction.  Unless included in a definitive written agreement, communications (written or oral) shall not create any obligations whatsoever on Seller and Buyer may not rely on them as the basis for taking or foregoing any action or opportunity or for incurring any costs. Each of Seller and Buyer reserves the right to reject any or all proposals for any reason whatsoever and to accept any one or more proposals, and to negotiate such proposals in any matter it deems appropriate, and further reserves the right to revise and comment upon this proposed form Purchase and Sale Agreement after the date hereof.]

# TABLE OF CONTENTS

**Page**

ARTICLE I DEFINITIONS AND CONSTRUCTION ................................................................. 1

    1.01    Defined Terms ............................................................................................. 1

    1.02    Other Definitional Provisions and Construction ........................................... 7

ARTICLE II ASSET ACQUISITION ...................................................................................... 8

    2.01    Asset Acquisition ........................................................................................ 8

    2.02    Excluded Assets ........................................................................................ 10

    2.03    Revenues and Expenses ........................................................................... 12

    2.04    Assigned Contracts; Cure Costs................................................................ 12

ARTICLE III PURCHASE PRICE ....................................................................................... 13

    3.01    Purchase Price .......................................................................................... 13

    3.02    Assumed Real Property Taxes .................................................................. 14

    3.03    Deposit ..................................................................................................... 14

    3.04    Adjustment to Purchase Price ................................................................... 14

    3.05    Purchase Price Tax Allocation .................................................................. 15

ARTICLE IV TITLE MATTERS; ENVIRONMENTAL MATTERS ....................................... 15

    4.01    NORM ....................................................................................................... 15

    4.02    Title and Environmental Matters; No Diligence Period .............................. 16

    4.03    Unit Agreement ......................................................................................... 16

    4.04    "As Is" and "Where Is" Sale ...................................................................... 16

    4.05    No Contingencies ...................................................................................... 16

ARTICLE V REPRESENTATIONS AND WARRANTIES OF SELLER ................................ 16

    5.01    Existence .................................................................................................. 16

    5.02    Legal Power .............................................................................................. 16

    5.03    Execution .................................................................................................. 16

    5.04    Brokers ..................................................................................................... 17

    5.05    Litigation ................................................................................................... 17

    5.06    Leases ...................................................................................................... 17

    5.07    Applicable Contracts................................................................................. 17

    5.08    Permits ..................................................................................................... 17

    5.09    Wells ........................................................................................................ 17

5.10    Limitation on Representations ................................................................. 17

ARTICLE VI REPRESENTATIONS AND WARRANTIES OF BUYER .................................. 17

6.01    Existence ......................................................................................... 17

6.02    Legal Power ...................................................................................... 17

6.03    Execution ......................................................................................... 18

6.04    Brokers ............................................................................................ 18

6.05    Investment ........................................................................................ 18

6.06    Qualification ..................................................................................... 18

6.07    Accredited Investor ........................................................................... 18

6.08    Adequate Assurances Regarding Assigned Contracts ............................ 18

6.09    Financial Capability ........................................................................... 18

6.10    Reliance ........................................................................................... 18

ARTICLE VII CERTAIN AGREEMENTS OF THE PARTIES ............................................ 18

7.01    Operation of Assets ........................................................................... 19

7.02    Breach Notice ................................................................................... 19

7.03    Preservation of Records ..................................................................... 19

7.04    Transition of Certain Accounting Matters ............................................. 19

7.05    Casualty Loss .................................................................................... 20

7.06    Consents in Favor of Royalty Claimants ............................................... 20

ARTICLE VIII BANKRUPTCY COURT APPROVAL ...................................................... 20

8.01    Bankruptcy Court Approval ................................................................. 20

ARTICLE IX CONDITIONS TO CLOSING ................................................................... 21

9.01    Conditions to Obligations of Seller ...................................................... 21

9.02    Conditions to Obligations of Buyer ...................................................... 21

ARTICLE X CLOSING ............................................................................................. 22

10.01    Closing ........................................................................................... 22

10.02    Actions To Be Taken At Closing ........................................................ 22

10.03    Payments ........................................................................................ 23

ARTICLE XI LIMITATION AND SURVIVAL ................................................................. 23

11.01    Limitation and Survival of Warranties ................................................ 23

11.02    Buyer's Assumption ......................................................................... 23

ARTICLE XII TERMINATION ........................................................................................ 24

12.01   Right of Termination ........................................................................................ 24

12.02   Buyer's Failure to Close ................................................................................... 24

12.03   Effect of Termination ....................................................................................... 24

12.04   Backup Buyer .................................................................................................... 25

12.05   Default by Seller ............................................................................................... 25

12.06   Default by Buyer ............................................................................................... 25

ARTICLE XIII TAXES ................................................................................................... 26

13.01   Sales Taxes, Filing Fees, Etc. .......................................................................... 26

13.02   Other Taxes ...................................................................................................... 26

ARTICLE XIV MISCELLANEOUS ............................................................................... 26

14.01   Disclaimers ....................................................................................................... 26

14.02   Final Settlement Statement .............................................................................. 28

14.03   Survival ............................................................................................................ 28

14.04   Assignability .................................................................................................... 28

14.05   Seller's Disclaimers ......................................................................................... 28

14.06   Dispute Resolution; Venue .............................................................................. 29

14.07   Notices .............................................................................................................. 29

14.08   Governing Law ................................................................................................. 30

14.09   Waiver of Jury Trial ......................................................................................... 30

14.10   No Admissions .................................................................................................. 30

14.11   Entire Agreement; Amendments and Waivers ................................................. 30

14.12   Successors; Third Party Beneficiaries .............................................................. 30

14.13   Severability ...................................................................................................... 31

14.14   Further Assurances ........................................................................................... 31

14.15   Waiver of Consequential Damages ................................................................... 31

14.16   Time of the Essence .......................................................................................... 31

14.17   Multiple Counterparts ....................................................................................... 31

14.18   Renewals and Extensions and New Leases ....................................................... 31

**EXHIBITS:**

| | |
|---|---|
| **Exhibit A** | **Leases** |
| **Exhibit A-1** | **Wells** |
| **Exhibit A-2** | **Sale Area** |
| **Exhibit B** | **Applicable Contracts** |
| **Exhibit C** | **Excluded Assets** |
| **Exhibit D** | **Form of Schedule of Assigned Contracts to be Assumed** |
| **Exhibit E** | **Form of Quitclaim Deed, Assignment and Bill of Sale** |

**SCHEDULES:**

| | |
|---|---|
| **Schedule 2.02(u)** | **Insurance Policies** |
| **Schedule 2.04** | **Cure Costs** |
| **Schedule 5.05** | **Litigation** |
| **Schedule 5.08** | **Permits** |

## REDU PURCHASE AND SALE AGREEMENT

This **REDU Purchase and Sale Agreement** (this "*Agreement*") is made and entered into on September 18, 2020 (the "*Execution Date*"), by and between Michael A. McConnell, solely in his capacity as Chapter 11 Trustee for HVI Cat Canyon, Inc., a Colorado corporation ("*Seller*"), a debtor (the "*Debtor*") in Bankruptcy Case No. 9:19-bk-11573-MB (the "*Bankruptcy Case*") in the U.S. Bankruptcy Court for the Central District of California, Santa Barbara Division (the "*Bankruptcy Court*"), and **Redu Holdings, LLC**, a Delaware limited liability company ("*Buyer*").  Seller and Buyer are sometimes referred to herein collectively as the "*Parties*" and individually as a "*Party*."

## RECITALS

On July 25, 2019 (the "*Bankruptcy Filing Date*"), the Debtor filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

On August 9, 2019, the United States Trustee for the Southern District of New York appointed an Official Committee of Unsecured Creditors.

On August 28, 2019, the Bankruptcy Case was transferred to the United States Bankruptcy Court for the Northern District of Texas, and on September 12, 2019, the Bankruptcy Case was transferred to the Bankruptcy Court.

On October 16, 2019, the Bankruptcy Court entered that certain Order directing the United States Trustee for the Central District of California to appoint a Chapter 11 Trustee.  On October 21, 2019, the Bankruptcy Court approved the appointment of Michael A. McConnell as the Chapter 11 Trustee (in such capacity, the "*Trustee*").

On September 8, 2020], the Bankruptcy Court entered that certain Order approving certain procedures governing the bid process (the "*Bid Procedures*").

Seller desires to sell to Buyer, and Buyer desires to purchase from Seller, the Assets (as hereinafter defined), less and except the Excluded Assets (as hereinafter defined), pursuant to Section 363(f) of the Bankruptcy Code and the terms of this Agreement, but only upon the approval of the Bankruptcy Court.

NOW, THEREFORE, for and in consideration of the premises and of the mutual agreements, provisions and covenants herein contained, and the mutual benefits to be derived therefrom, the Parties do hereby covenant and agree as follows:

## ARTICLE I
## DEFINITIONS AND CONSTRUCTION

*1.01    Defined Terms*.  Each capitalized term used herein shall have the meaning ascribed to them in this <u>Article I</u> unless such terms are defined elsewhere in this Agreement.

"*Affiliate*" shall have the meaning set forth in Section 101(2) of the Bankruptcy Code.

"*Agreement*" shall have the meaning set forth in the introduction to this Agreement.

"*Allocated Value*" means, for each Lease, the amount set forth for such Lease on Exhibit A.

"*Applicable Contracts*" means all Contracts and Leases, if any, to which Seller is a party that relate to the Assets, including Contracts to the extent they are used by Seller in the operation or development of the Assets, or any other Contracts by which the Assets are bound and that, subject to the other provisions of this Agreement, will be binding on Buyer after the Closing, including purchase and sale agreements; farmin and farmout agreements; bottomhole agreements; crude oil, condensate, and natural gas purchase and sale, gathering, transportation and marketing agreements; Hydrocarbon storage agreements; acreage contribution agreements; area of mutual interest agreements, operating agreements and balancing agreements; pooling declarations or agreements; unitization agreements; processing agreements; surface use agreements; crossing agreements; water supply agreements; saltwater disposal agreements or other waste disposal agreements; facilities or equipment leases; letters of objection; letter agreements; and other similar contracts and agreements held by Seller, in each case, to the extent related to Seller's right, title and interest in the Assets.

"*Assets*" shall have the meaning set forth in Section 2.01.

"*Assigned Contracts*" shall have the meaning set forth in Section 2.04(f).

"*Assignment*" means the Quitclaim Deed, Assignment and Bill of Sale from Seller to Buyer, pertaining to the Assets, substantially in the form attached to this Agreement as Exhibit E.

"*Assumed Obligations*" shall have the meaning set forth in Section 11.02(a).

"*Assumed Real Property Taxes*" shall have the meaning set forth in Section 3.02.

"*Bankruptcy Case*" shall have the meaning set forth in the introduction to this Agreement.

"*Bankruptcy Code*" shall mean title 11 of the United States Code.

"*Bankruptcy Court*" shall have the meaning set forth in the introduction to this Agreement.

"*Bankruptcy Filing Date*" shall have the meaning set forth in the recitals to this Agreement.

"*Bid Procedures*" shall have the meaning set forth in the recitals to this Agreement.

"*Breach Notice*" shall have the meaning set forth in Section 7.02(a).

"*Business Days*" shall mean any day other than a Saturday, a Sunday, or a day on which banks are closed for business in Los Angeles, California, United States of America.

"*Buyer*" shall have the meaning set forth in the introduction to this Agreement.

"*Closing*" shall have the meaning set forth in Section 10.01.

"*Closing Date*" shall have the meaning set forth in Section 10.01.

"*Contract*" means any contract or agreement, but excluding, however, any Lease, easement, right-of-way, Permit or other instrument creating or evidencing any oil and gas mineral interests or other real property interests.

"*Contract Notice*" shall have the meaning set forth in Section 2.04(d).

"*Cure Costs*" shall have the meaning set forth in Section 2.04(a).

"*Debtor*" shall have the meaning set forth in the introduction to this Agreement.

"*Deposit*" shall have the meaning set forth in Section 3.03(a).

"*Effective Time*" shall mean 12:00 a.m. Pacific Time on September 1, 2020.

"*Environmental Laws*" means all laws and regulations of any Governmental Authority having jurisdiction over the Assets in question addressing pollution, protection of the environment, or occupational health and safety, and all amendments to such laws and all regulations implementing any of the foregoing.

"*Environmental Liabilities*" means all obligations, duties, losses, liabilities, claims, fines, expenses, damages, costs (including any remediation or clean-up costs) or penalties created by, related to, or arising out of any Environmental Law or Assigned Contracts, together with any attorneys' or arbitrators' fees and all other related legal fees and costs in connection with any of the foregoing.

"*Excluded Assets*" shall have the meaning set forth in Section 2.02.

"*Excluded Contracts*" shall have the meaning set forth in Section 2.02(m).

"*Excluded Inventory*" shall have the meaning set forth in Section 2.01(k).

"*Execution Date*" shall have the meaning set forth in the introduction to this Agreement.

"*Final Settlement Date*" shall have the meaning set forth in Section 14.02.

"*Final Settlement Statement*" shall have the meaning set forth in Section 14.02.

"*Free and Clear*" means free and clear of any and all liens, claims, encumbrances, and interests in property under Section 363(f) of the Bankruptcy Code, except for Permitted Encumbrances and Assumed Obligations.

"*GAAP*" shall mean generally accepted accounting principles as in effect in the United States of America from time to time.

"*General Liabilities*" means all obligations, duties, losses, liabilities, claims, fines, expenses, damages, costs or penalties created by, related to, or arising out of ownership or operation of the Assets, the Assigned Contracts, or any Legal Requirements, excluding Environmental Liabilities, together with any attorneys' or arbitrators' fees and all other related legal fees and costs in connection with any of the foregoing.

"*Governmental Approvals*" shall mean any approvals of any Governmental Authority required in connection with the transactions contemplated by this Agreement, but excluding consents and approvals from Governmental Authorities that are customarily obtained after closing in connection with a sale of assets similar to the Assets.

"*Governmental Authority*" shall mean any governmental, quasi-governmental, state, county, city or other political subdivision of the United States, or any agency, court or instrumentality, or statutory or regulatory body thereof, including the California Department of Conservation's Geologic Energy Management Division, and/or the Federal Regulatory Commission.

"*Grewal Entities*" includes Randeep Grewal, California Asphalt Production, Inc., GIT, Inc., GTL1, LLC, GLR, LLC, GRL, LLC, GSR, LLC, any Person in which Randeep Grewal owns, directly or indirectly, an interest equal or to greater than ten percent (10%), any Insider of the Debtor and any Affiliate of the Debtor, and any Affiliate of any of the foregoing.

"*Grewal ORRIs*" means all overriding royalty interests and production payments with respect to the Assets owned by Grewal Entities.

"*Hazardous Material*" means any substance regulated or that may form the basis of liability under any Environmental Law, including but not limited to any substance defined or regulated as "*hazardous,*" "*toxic,*" a "*pollutant,*" a "*contaminant,*" a "*waste,*" or words of similar meaning and regulatory effect, including but not limited to Hydrocarbons, oil and gas exploration and production waste, and NORM.

"*Hydrocarbons*" means oil, gas and other hydrocarbons (including casinghead gas and condensate) produced or processed in association therewith (whether or not such item is in liquid or gaseous form), including all crude oils, condensates and natural gas liquids at atmospheric pressure and all gaseous hydrocarbons (including wet gas, dry gas and residue gas) or any combination thereof, and sulphur, carbon dioxide and any other minerals extracted from, attributable to or produced in association therewith.

"*Insider*" shall have the meaning in Section 101(31) of the Bankruptcy Code.

"*Knowledge*" shall mean the actual knowledge of Michael A. McConnell, without any requirement of inquiry or investigation.

"*Leases*" shall have the meaning set forth in Section 2.01(a).

"*Legal Requirements*" shall mean all applicable federal, state and local laws (statutory, judicial or otherwise), judgments, decrees, orders, statutes, ordinances, rules and regulations in effect from time to time.

"*Losses*" shall mean all claims, causes of action, demands, lawsuits, suits, losses, costs, damages, liabilities and expenses of every type, including attorneys' fees and expenses.

"*Material Adverse Effect*" shall mean a material adverse effect on the Assets or the prospects or value thereof, in each case taken as a whole, excluding matters (such as, without limitation, decreases in the prices received for natural gas, natural gas liquids, crude oil, condensate or other natural resources) that (A) are general, regional, industry-wide or economy-wide developments, conditions, political events, diseases, and pandemics (and, in each case, any escalations thereof or related or resulting events and conditions), (B) result from the pendency of the Bankruptcy Case, (C) result from any action of Seller taken pursuant to, or any failure of Seller to take any action prohibited by, any order of the Bankruptcy Court or this Agreement, or (D) result from the public disclosure of this Agreement or any of the transactions contemplated in this Agreement.

"*Net Revenue Interest*" with respect to any Property, the interest in and to all Hydrocarbons produced, saved and sold from or allocated to such Property, after giving effect to all royalties, production payments and other burdens upon, measurable by or payable out of production therefrom.

"*NORM*" means naturally occurring radioactive material.

"*Operating Expenses*" shall have the meaning set forth in Section 2.03.

"*Operations Wells*" shall have the meaning set forth in Section 2.01(c).

"*Owned Real Property*" shall have the meaning set forth in Section 2.01(b).

"*Party*" or "*Parties*" shall have the meaning set forth in the introduction to this Agreement.

"*Permits*" shall have the meaning set forth in Section 2.01(e).

"*Permitted Encumbrances*" means with respect to any Asset any and all of the following:

(a)    required notices to and filings with a Governmental Authority in connection with the consummation of the transaction contemplated by this Agreement;

(b)    rights reserved to or vested in a Governmental Authority having jurisdiction to control or regulate such Asset in any manner whatsoever and all Legal Requirements of such Governmental Authorities;

(c)    the terms and conditions of all Assigned Contracts;

(d)     easements, rights-of-way, permits, licenses, servitudes, surface leases, sub-surface leases, grazing rights, logging rights, ponds, lakes, waterways, canals, ditches, reservoirs, equipment, pipelines, utility lines, railways, streets, roads and structures on, over or through such Asset that do not materially affect or impair the ownership, use or operation of such Asset;

(e)     the Assumed Real Property Taxes, all liens securing such Assumed Real Property Taxes, and all other taxes not yet delinquent;

(f)     any obligations or duties affecting such Asset to any municipality or public authority with respect to any franchise, grant, license or permit of record;

(g)     the terms and conditions of the instruments creating such Asset and all royalties, overriding royalties, carried interests, production payments, reversionary interests and other burdens on or deductions from the proceeds of production created or in existence as of the Effective Time (in each case) that do not operate to reduce the Net Revenue Interest for such Asset (if any) set forth on Exhibit A or increase the Working Interest for such Asset (if any) set forth on Exhibit A without a corresponding increase in the corresponding Net Revenue Interest;

(h)     all matters of record;

(i)     materialman's, mechanic's, oil and gas, repairman's, employee's, contractor's, operator's, and other similar liens or encumbrances arising in the ordinary course of business for payments not yet delinquent that are inchoate and have not been perfected pursuant to law or that are contained in joint operating agreements or similar agreements covering the Assets;

(j)     the Grewal ORRIs; and

(k)     any matters set forth in the Schedules to this Agreement.

"*Person*" shall mean any natural person, firm, partnership, association, corporation, limited liability company, company, trust, entity, public body or government.

"*Preliminary Settlement Statement*" shall have the meaning set forth in Section 10.02(d).

"*Property*" *or* "*Properties*" shall have the meaning set forth in Section 2.01(c).

"*Purchase Price*" shall have the meaning set forth in Section 3.01.

"*Qualified Buyer*" shall have the meaning set forth in the Bid Procedures.

"*Records*" shall have the meaning set forth in Section 2.01(j).

"*Retained Proceeds*" shall have the meaning set forth in Section 2.02(p).

"*Sale*" shall have the meaning set forth in Section 8.01(a).

"*Sale Area*" means the lands described in <u>Exhibit A-2</u>.

"*Sale Order*" shall mean an order of the Bankruptcy Court approving the Sale, in form and substance reasonably acceptable to Seller and Buyer.

"*Securities Act*" shall mean the Securities Act of 1933, as amended and the rules and regulations promulgated thereunder.

"*Seller*" shall have the meaning set forth in the introduction to this Agreement.

"*Tax Allocation*" shall have the meaning set forth in <u>Section 3.05</u>.

"*Third Party*" means any Person other than a Party to this Agreement or an Affiliate of a Party to this Agreement.

"*Trustee*" shall have the meaning set forth in the recitals to this Agreement.

"*Unit Agreement*" means that certain Unit Agreement for the Richfield East Dome Unit, Richfield Oil and Gas Field, Orange County, California, dated October 15, 1969 and recorded on December 30, 1969 as Instrument No. 18862 in Book 9177 Page 873 of the Official Records of Orange County, California, as the same may have been amended to date.

"*Units*" shall have the meaning set forth in <u>Section 2.01(a)</u>.

"*Wells*" shall have the meaning set forth in <u>Section 2.01(c)</u>.

"*Working Interest*" shall mean with respect to any Property, the interest in such Property that is burdened with the obligation to bear and pay costs of development and operations in connection with such Property, but without regard to the effect of royalties, overriding royalties, production payments or similar burdens measured or payable out of production therefrom.

### 1.02    *Other Definitional Provisions and Construction.*

(a)    As used herein and in any certificate or document made or delivered pursuant hereto, accounting terms not wholly defined in this Agreement shall have the respective meanings given to them under GAAP as in effect on the date of such certificate or document.

(b)    The meanings given to terms defined herein shall be equally applicable to both the singular and plural forms of such terms.

(c)    Unless the context requires otherwise (i) the gender (or lack of gender) of all words used in this Agreement includes the masculine, feminine and neuter; (ii) references to Articles and Sections refer to Articles and Sections of this Agreement; (iii) references to Exhibits and Schedules refer to the Exhibits and Schedules attached to this Agreement, each of which is made a part hereof for all purposes; (iv) references to money refer to legal currency of the United States of America; and (v) the word "<u>including</u>" means "<u>including, without limitation</u>".

(d)      The Parties have participated jointly in the negotiation and drafting of this Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

(e)      References to "days" herein means calendar days, unless otherwise specified.  In the event the date on which Buyer or Seller is required to take any action under the terms of this Agreement is not a Business Day, the action will be taken on the next succeeding Business Day.  All periods of time referred to herein are calculated by excluding the first day and including the last day, and shall include all calendar days (whether or not Business Days) except for the last day, which must be a Business Day.

## ARTICLE II
## ASSET ACQUISITION

*2.01    Asset Acquisition*.  At the Closing, and upon the terms and subject to the conditions of this Agreement and approval of the Bankruptcy Court, and for the consideration specified in Section 3.01, the Seller agrees to sell, assign, transfer and convey, and Buyer agrees to purchase, pay for and accept, all of Seller's right, title and interest in and to the following assets primarily located in, relating to, constituting or used in connection with the REDU Oil Field in Orange County, California (less and except for the Excluded Assets, such interest of Seller in such assets, collectively, the "Assets"):

(a)      the Hydrocarbons leases (and all leasehold estates created thereby), subleases and oil and gas fee interests, non-leasehold mineral rights, mineral servitudes, working interests, production payments, executive rights, overriding royalties, mineral interests, non-participating mineral interests, net profits interests, Net Revenue Interests, carried interests, options, rights to Hydrocarbons in place, rights of recoupment, reversionary interests, convertible interests, rights to reassignment, pipeline rights-of-way and other similar rights-of-way and easements, and all other oil and gas interests of any kind or character derived therefrom, whether vested or contingent, whether producing or non-producing, in each case, located within the Sale Area, including all such interests described in Exhibit A (Seller's interest in such leases and other interests, the "*Leases*"), together with all rights, privileges, benefits and powers conferred upon Seller as the holder of the Leases with respect to the use and occupation of the surface of the lands covered thereby, and together with any and all rights, titles and interests of Seller in and to any units or pooling arrangements (including statutory forced pooling orders) wherein all or any part of the Leases are pooled or unitized, including the units and pooling arrangements set forth in Exhibit A, including any and all rights, titles and interests of Seller, if any, in and to the Unit Agreement (Seller's interest in such units or pools, the "*Units*"), and including all interests of Seller derived from the Leases in production of Hydrocarbons from any such Unit, whether such Unit production of Hydrocarbons comes from Wells located on or off of a Lease;

(b)      all real property owned by Seller, together with all buildings and improvements located thereon and rights and interests appurtenant thereto (collectively, the "*Owned Real Property*");

(c)        each of the Hydrocarbons wells located on or under the Leases or the Units (whether or not completed), including the wells set forth on <u>Exhibit A-1</u>, whether such wells are producing, idle, shut-in or abandoned (Seller's interest in such wells, the "*Wells*"), and (ii) each of the fresh water wells, injection wells, salt water disposal wells and other wells of every nature and kind located on the Leases or Units (the "*Operations Wells*", and collectively with the Leases, Units, Owned Real Property and Wells, the "*Properties*", and each individually a "*Property*");

(d)        all equipment, gathering systems, pipelines, flow lines, water lines, machinery, fixtures, improvements and other real, personal and mixed property, operational or nonoperational that is located on the lands within the Sale Area or otherwise used in connection with the Properties or the other Assets, including well equipment, casing, tubing, pumps, motors, machinery, rods, tanks, pipes, compressors, meters, separators, heaters, treaters, boilers, fixtures, structures, materials and other items and appurtenances relating to or used in connection with the ownership or operation of the Properties or the other Assets;

(e)        to the extent permitted by Legal Requirements, any permit, license, registration, consent, order, approval, variance, exemption, waiver, franchise, right or other authorization (in each case) of any Governmental Authority (the "*Permits*") relating to the ownership or operation of the Properties;

(f)        all of the easements, rights-of-way, surface fee interests, surface leases, surface use agreements and other surface usage rights existing as of the Closing Date to the extent used in connection with the ownership or operation of the Properties or other Assets;

(g)        all of the Applicable Contracts, including the Contracts set forth on <u>Exhibit B</u>, that are assumed by Seller and assigned to Buyer pursuant to <u>Section 2.04</u> (collectively, the "*Assigned Contracts*");

(h)        all radio and communication towers, wellhead communication systems and other equipment and automation systems and related telemetry on wells, in each case that are primarily used in connection with the operation of the Properties or the other Assets;

(i)        all offices, warehouses, laydown yards and other similar assets, in each case located on the Properties (including any owned or leased real or personal property relating thereto);

(j)        copies of all books, records and files, reports, Asset tax and accounting records, if any, in each case to the extent relating to the Assets, including: (i) land and title records (including lease files, division files, Third Party brokerage information, run sheets, mineral ownership reports, abstracts of title, surveys, maps, elections, well files, title opinions and title curative documents); (ii) correspondence with Governmental Authorities; (iii) facility files (including construction records); (iv) well files, proprietary seismic data and information, production records, electric logs, core data, pressure data, and all related matters, (v) all licensed geological, geophysical and seismic data and information which is transferable without payment of any fee to a Third Party; and (vi) environmental, regulatory, accounting and Asset tax records; but excluding any of the foregoing items to the extent comprising or otherwise attributable to the Excluded Assets (the foregoing, subject to such exclusion, the "*Records*"), *provided* the Trustee shall retain the original Records in case such Records are necessary for litigation purposes;

(k)     all Hydrocarbons produced from or allocated to the Properties on and after the Effective Time, as well as all Hydrocarbons in storage or pipeline as of the Effective Time, excluding approximately 10,000 barrels of oil stored in the Las Palmas Project located near Bakersfield, California (the "*Excluded Inventory*") without regard to whether or not such Excluded Inventory is produced from or allocated to the Properties;

(l)     Seller's (i) reserve studies, estimates and evaluations, estimates and valuations of assets or unliquidated liabilities, pilot studies, engineering, production, financial or economic studies, reports or forecasts, and any and all similar forward-looking economic, evaluative, or financial information relating to the Assets, and (ii) licensed geological, geophysical or seismic data relating to the Assets, to the extent, in each case, such data or information is transferable and which such transfer does not require the payment of a Third Party fee (unless Buyer agrees in writing to pay such fee);

(m)     except to the extent included in the Excluded Assets, all of Seller's proprietary computer software, patents, trade secrets, copyrights and other intellectual property, in each case relating to the Assets, *provided* the Trustee's access shall not be limited during the Bankruptcy Case or any action arising from the Bankruptcy Case;

(n)     except to the extent included in the Excluded Assets, all insurance policies relating to the Assets and all rights, claims and causes of action (including all audit rights, rights of indemnity, set-off or refunds and any and all rights and interests of Seller under any policy or agreement of insurance of Seller to the extent such rights, claims or causes of action relate to the Assets from and after the Effective Time or any of the Assumed Obligations);

(o)     except for the Retained Proceeds, all trade credits, and all other proceeds, income or revenues attributable to the Assets, whether attributable to the period prior to, at or after the Effective Time;

(p)     except to the extent included in the Excluded Assets, all claims, causes of action, manufacturers' and contractors' warranties and other rights of Seller arising under or with respect to any Assets, whether attributable to the period prior to, at or after the Effective Time;

(q)     except to the extent included in the Excluded Assets, all rights and interests of Seller relating to the Assets (i) under any policy or agreement of insurance or (except to the extent related to any Assumed Obligations) indemnity, or (ii) to any insurance or condemnation proceeds or awards arising, in each case, from acts, omissions or events, or damage to or destruction of property;

(r)     all audit rights arising under any of the Assigned Contracts with respect to the Assets, whether attributable to the period prior to, at or after the Effective Time; and

(s)     any vehicles and other rolling stock owned by Seller and used with respect to any of the Assets.

**2.02    Excluded Assets**.  Seller shall reserve, except, and retain all of the following assets (the "*Excluded Assets*"):

(a)    all of Seller's right, title and interest in and to any Hydrocarbons, real property, leases, equipment or other assets or property of whatever type or character that are located outside of, do not relate to, do not constitute, or are not used in connection with, the REDU Oil Field located in Orange County, California, which excluded assets include all property that is the subject of that certain Purchase and Sale Agreement, dated as of August 18, 2020, by and between Seller and Team Maria Joaquin, L.L.C., a Delaware limited liability corporation, and Maria Joaquin Basin, L.LC., a Delaware limited liability corporation, relating to the purchase and sale of certain of the Seller's property located in Santa Barbara County, California and Kern County, California;

(b)    all documents and instruments and other data or information of Seller that may be protected by an attorney-client privilege (other than title opinions, environmental reports or evaluations, and any documents and instruments that relate to or cover Assumed Obligations);

(c)    all documents and instruments and other data or information that cannot be disclosed to Buyer as a result of confidentiality arrangements under agreements with Third Parties (provided that Seller shall use commercially reasonable efforts to obtain waivers of any such confidentiality arrangements or permit Buyer to execute a joinder agreement with respect thereto, without any obligation to incur any out-of-pocket cost or expense or provide any other consideration);

(d)    all claims and causes of action related to (i) Chapter 5 of the Bankruptcy Code, (ii) any commercial tort claims, (iii) claim objections with respect to scheduled or filed claims in the Bankruptcy Case, or (iv) any claims and causes of action against any director or officer of the Debtor, any Insider or Affiliate or any director or officer of an Insider or Affiliate;

(e)    all information and data of Seller which is not transferable or which a transfer requires the payment of a Third Party fee (unless Buyer agrees in writing to pay such fee);

(f)    documents prepared or received by Seller with respect to (i) lists of prospective purchasers for such transactions compiled by Seller, (ii) bids submitted by other prospective purchasers of the Assets or any other interest in the Assets, (iii) analyses by Seller of any bids submitted by any prospective purchaser, (iv) correspondence between or among Seller or its or their respective representatives, and any prospective purchaser other than Buyer, and (v) correspondence between Seller or any of their respective representatives with respect to any of the bids, the prospective purchasers or the transactions contemplated in this Agreement;

(g)    all of the Seller's corporate minute books and corporate tax or financial records that relate to Seller's business generally (without specific reference to the ownership and operation of the Assets);

(h)    Seller's name, trade names and logos or any ownership interests in Seller;

(i)    all security deposits, letters of credit, performance bonds or sureties;

(j)    the properties specifically identified on <u>Exhibit C</u>;

(k)    all cash and bank accounts of the bankruptcy estate as of the Effective Time;

(l)      all master services agreements;

(m)     all Applicable Contracts (other than the Assigned Contracts), including that certain Credit Agreement dated as of November 8, 2018, by and between the Trustee and UBS AG, Stamford Branch (such contracts or agreements other than the Assigned Contracts, the "*Excluded Contracts*"), and all rights thereunder;

(n)      all engagements and similar letters and agreements with the Seller's legal advisors, it being agreed that Buyer shall have no right to claim, own or waive any attorney-client or similar privilege in favor of the Seller  with respect to the ownership or operation of the Assets;

(o)      any assets or properties otherwise expressly identified as Excluded Assets under this Agreement;

(p)      all trade credits, all accounts receivable, if any, and all other proceeds, income or revenues attributable to the Assets at or prior to the Effective Time (the "*Retained Proceeds*");

(q)      all tax refunds arising from the reassessment of any taxes paid by Seller on or prior to the Closing;

(r)      books, records and files that relate solely to any Excluded Assets;

(s)      the Excluded Inventory;

(t)      the Purchase Price; and

(u)      all insurance policies listed on <u>Schedule 2.02(u)</u>.

***2.03***    ***Revenues and Expenses***.  (i) Seller shall remain entitled to all proceeds attributable to the Assets prior to the Effective Time, (ii) Seller shall remain responsible for all operating expenses (including costs of insurance) and capital expenditures incurred in the ownership and operation of the Assets in the ordinary course of business and, where applicable, under and pursuant to the relevant operating or unit agreement or forced pooling order, if any (the "*Operating Expenses*") attributable to the Assets prior to the Effective Time that are actually paid by Seller prior to the Closing Date, and (iii) subject to the occurrence of the Closing, upon Closing Buyer shall be entitled to all of the rights of ownership attributable to the Assets for the period of time from and after the Effective Time, including the right to all production, proceeds of production and other proceeds attributable to the Assets from and after the Effective Time, and shall be responsible for all Operating Expenses attributable to the Assets that (A) are payable from and after the Effective Time and (B) are attributable to the Assets between the Bankruptcy Filing Date and the Effective Time and are not actually paid by Seller prior to the Closing Date.

***2.04***    ***Assigned Contracts; Cure Costs***.

(a)      At the Closing, the Buyer shall pay, pursuant to Section 365 of the Bankruptcy Code, and the Sale Order, any and all costs or expenses that are required to be paid under Sections 365(b)(1)(A), and 365(b)(1)(B) of the Bankruptcy Code, as applicable, to cure any

defaults under the Assigned Contracts in connection with the assumption and assignment of such Assigned Contracts (such costs or expenses required to be paid by Buyer, the "*Cure Costs*"). For the avoidance of doubt, the Buyer shall pay all Cure Costs in cash at closing. Buyer shall not be required to make any payment of Cure Costs for, and Buyer shall not assume or have any obligation for any liabilities with respect to, any Excluded Contract. For the avoidance of doubt, and without limiting the generality of the foregoing in any way, Buyer shall be responsible for paying as Cure Costs, any unpaid royalties or other Lease payments from and after the Effective Time.

(b)     Schedule 2.04 sets forth each Applicable Contract and Seller's good faith estimate of the amount of the Cure Costs payable in respect of each such Applicable Contract (and if no Cure Cost is estimated to be payable in respect of any Applicable Contract, the amount of such Cure Cost designated for such Applicable Contract shall be "$0.00"). In addition, Buyer shall be responsible for cure costs of all surface leases and royalties to Buganko, Inc.

(c)     Buyer has delivered to Seller schedules of the Applicable Contracts to be assumed by Seller and assigned to Buyer (as Assigned Contracts) at the Closing (in the form annexed hereto as Exhibit D), which Buyer shall have delivered to Seller with its bid at the auction. Seller shall provide sufficient notice under the Bankruptcy Code and local rules of the Bankruptcy Court as required by the Bankruptcy Court to all counterparties to the Assigned Contracts of their assumption or rejection and, with respect to the Assigned Contracts to be assumed, also provide a schedule of Cure Costs. Any Applicable Contracts that are not set forth on such list of Assigned Contracts to be assumed shall be Excluded Contracts and deemed rejected, and shall be an Excluded Asset for all purposes hereof.

(d)     Promptly following the Execution Date (to the extent not completed prior to the Execution Date) and within the time limits set by the Bankruptcy Court, Seller shall deliver a written notice in a form reasonably acceptable to Buyer of the proposed assignments of the Assigned Contracts and the proposed Cure Costs for each Assigned Contract to all non-debtor parties to the Assigned Contracts, which notice shall notify each non-debtor party to such Assigned Contract of (i) the proposed Cure Cost for such Assigned Contract and (ii) an objection deadline for such non-debtor party to object to the proposed Cure Cost (each such notice, a "*Contract Notice*"). To the extent Schedule 2.04 is supplemented from time to time to include additional Assigned Contracts in accordance with Section 2.04(b) above, Seller shall, as promptly as is practicable, deliver Contract Notices to the counterparties to such Assigned Contracts of the potential assignment of such Assigned Contracts and the proposed Cure Costs for such Assigned Contracts (consistent with Seller's good faith estimates set forth in Schedule 2.04). To the extent that any objections are received from such non-debtor parties in response to such Contract Notices, Seller shall take all reasonably necessary actions to resolve such disputes with the applicable non-debtor party, and all such resolutions with respect to any Assigned Contract shall be acceptable to Buyer in its reasonable discretion.

# ARTICLE III
# PURCHASE PRICE

**3.01    Purchase Price.** The unadjusted purchase price for the Assets shall be $50,000 (fifty thousand dollars) (the "*Purchase Price*"), plus assumption of all Assumed Real Property Taxes (as defined below).

**3.02    *Assumed Real Property Taxes.***    Buyer advises that it will make arrangements to assume all unpaid real property taxes on the Assets, which are anticipated to be approximately Two Hundred Thirty-Eight Thousand Dollars ($238,000).  As a result, Seller will not be paying or selling Free and Clear of the Assumed Real Property Taxes and the liens securing those taxes on the Assets located there, except to the extent Seller may dispute any of those taxes and tax liens.  The Assumed Real Property Taxes are to be calculated as of the Effective Time.  For the avoidance of doubt, the Buyer shall pay all Assumed Real Property Taxes in cash at Closing.  All tax refunds actually paid or reductions obtained from and after the Closing Date as a result of reassessments underlying the Assumed Real Property Taxes initiated by Seller prior to Closing, shall remain property of the Seller.

**3.03    *Deposit*.**    Contemporaneously with the execution of this Agreement, Buyer has delivered to Seller $50,000 (the "*Deposit*") to be deposited in the account specified by the Seller.  Thereafter, the Deposit shall be held by Seller in a non-interest bearing account, subject and pursuant to the terms of this Agreement.  If the Closing occurs, then the Deposit shall be retained by Seller and applied to the Purchase Price payable to Seller at Closing.  The Deposit shall be non-refundable to the Buyer and shall be retained by the Seller except (x) in the event of a termination of this Agreement based on a breach by Seller as provided in <u>Section 12.04</u> of this Agreement, or (y) in the event of a failure of Buyer's conditions to Closing as provided in <u>Section 9.02</u> of this Agreement.

**3.04    *Adjustment to Purchase Price*.**    At Closing, the Purchase Price shall be adjusted as follows:

(a)    The Purchase Price shall be adjusted upward by the following:

(1)    The amount of all actual reasonable and customary Operating Expenses attributable to the Assets, paid by or on behalf of Seller in connection with the operation of the Assets and which are, according to GAAP, attributable to the period of time between the Effective Time and the Closing Date.

(2)    In accordance with the provisions in <u>Section 14.02</u>, if applicable.

(3)    Any Cure Costs for which Buyer is responsible pursuant to <u>Section 2.04</u>, that are paid by Seller, including, but not limited to, any royalties or other amounts under the Leases.

(4)    The value of Hydrocarbons in storage and in pipelines on the Effective Time, but excluding the Excluded Inventory, based upon prevailing market prices for such Hydrocarbons taking into account quality and location.

(5)    The amount by which the anticipated amount of the Assumed Real Property Taxes is greater than the adjusted amount of actual Assumed Real Property Taxes.

(b)    The Purchase Price shall be adjusted downward by the following:

(1)    The amount of all of cash or other proceeds received by Seller attributable to the Assets for the period of time from and after the Effective Time, including the

right to all production, proceeds of production and other proceeds received by Seller and attributable to the Assets for the period of time from and after the Effective Time.

(2)    If applicable, in accordance with Sections 7.02(b) and 14.02.

(3)

**3.05    Purchase Price Tax Allocation.**    Seller and Buyer agree that for the purpose of making the requisite filings under Section 1060 of the Internal Revenue Code, and the Treasury regulations thereunder, the amount treated for tax purposes as consideration for the Assets shall be allocated among the Assets in a manner consistent with the Allocated Values (the "*Tax Allocation*").  Seller and Buyer each agree to report the federal, state and local income and other tax consequences of the transactions contemplated herein, and in particular to report the information required by Section 1060(b) of the Internal Revenue Code in a manner consistent with the Tax Allocation, and, except as otherwise required by law, neither Party nor their respective Affiliates shall take a tax position that is inconsistent with the allocation. For purposes of the Tax Allocation, Buyer and Seller agree to allocate 20% of the Purchase Price to the Personal Property and 80% of the Purchase Price to the remainder of the Assets.

**ARTICLE IV**
**TITLE MATTERS; ENVIRONMENTAL MATTERS**

**4.01    NORM**. **BUYER ACKNOWLEDGES THAT THE OIL AND GAS ASSETS HAVE BEEN USED FOR EXPLORATION, DEVELOPMENT AND PRODUCTION OF HYDROCARBONS AND WATER AND THAT THERE MAY BE PETROLEUM, PRODUCED WATER, WASTES OR OTHER MATERIALS LOCATED ON, UNDER OR ASSOCIATED WITH THE OIL AND GAS ASSETS. EQUIPMENT AND SITES INCLUDED IN THE OIL AND GAS ASSETS MAY CONTAIN NORM. NORM MAY AFFIX OR ATTACH ITSELF TO THE INSIDE OF WELLS, MATERIALS AND EQUIPMENT AS SCALE, OR IN OTHER FORMS; THE WELLS, MATERIALS AND EQUIPMENT LOCATED ON OR INCLUDED IN THE OIL AND GAS ASSETS MAY CONTAIN NORM AND OTHER WASTES OR HAZARDOUS SUBSTANCES/ AND HAZARDOUS MATERIALS; AND NORM CONTAINING MATERIAL AND OTHER WASTES OR HAZARDOUS SUBSTANCES OR HAZARDOUS MATERIALS MAY HAVE BEEN BURIED, COME IN CONTACT WITH THE SOIL OR OTHERWISE BEEN DISPOSED OF ON OR AROUND THE OIL AND GAS ASSETS. SPECIAL PROCEDURES MAY BE REQUIRED FOR THE REMEDIATION, REMOVAL, TRANSPORTATION OR DISPOSAL OF WASTES, ASBESTOS, HAZARDOUS SUBSTANCES OR HAZARDOUS MATERIALS, INCLUDING HYDROGEN SULFIDE GAS AND NORM FROM THE OIL AND GAS ASSETS. BUYER SHALL ASSUME RESPONSIBILITY FOR THE CONTROL, STORAGE, HANDLING, TRANSPORTING AND DISPOSING OF OR DISCHARGE OF ALL MATERIALS, SUBSTANCES AND WASTES FROM THE OIL AND GAS ASSETS (INCLUDING PRODUCED WATER, HYDROGEN SULFIDE GAS, DRILLING FLUIDS, NORM AND OTHER WASTES), AFTER THE CLOSING DATE, OTHER THAN IN RESPECT OF ASSUMED OBLIGATIONS (FOR WHICH BUYER SHALL BE RESPONSIBLE REGARDLESS OF WHEN THE UNDERLYING ENVIRONMENTAL CONDITIONS CAME ABOUT).**

**4.02     Title and Environmental Matters; No Diligence Period**.  Buyer has such knowledge and experience, and has made acquisitions of a similar nature, as to be aware of the substantial risks and uncertainties inherent in the purchase of the assets of the type contemplated by this Agreement and has independently, and without reliance upon Seller (except for reliance on the representations and warranties expressly set forth in Article V), and based on such information as Buyer has deemed appropriate, formed its own independent judgment and made its own analysis and decision to enter into this Agreement.  Without limiting the generality of the foregoing, Buyer acknowledges and agrees that Buyer has had the opportunity to review and examine, and has satisfied itself with the condition of title to the Assets and the operating and environmental condition of the Assets.  For the avoidance of doubt, Buyer shall not have any diligence period under this Agreement.

**4.03     Unit Agreement.**     Notwithstanding anything to the contrary contained herein, Buyer acknowledges and agrees that to the extent included in the unit created by the Unit Agreement, the Leases are subject to and controlled by the Unit Agreement, which may contain provisions that have the effect of amending, waiving and/or superseding some of the terms of a Lease; that the transfer of the Leases pursuant to this Agreement is made expressly subject to the Unit Agreement and that Buyer agrees to be bound by all terms of the Unit Agreement.  Buyer understands and agrees that under the terms of the Unit Agreement the transfer of title to the Leases to Buyer is not binding on the unit operator under the Unit Agreement until the unit operator is notified of the change of ownership; Buyer assumes all responsibility for notifying the unit operator of the transfer of title and providing any information requested by the unit operator.

**4.04     "As Is" and "Where Is" Sale.**  The Assets are sold on an "as is" and "where is" basis, with no warranty or representations whatsoever.

**4.05     No Contingencies.**  Except as provided in Article IX, this sale is NOT subject to any contingencies.  Without limitation, this sale is not contingent upon Buyer obtaining financing.  Buyer understands and agrees that neither its receipt of a commitment from a lending institution, its acceptance of such a commitment, not its satisfaction of any condition set forth in such a commitment shall in any way be a condition of Buyer's obligations under this Agreement.

### ARTICLE V
### REPRESENTATIONS AND WARRANTIES OF SELLER

Seller represents and warrants as follows:

**5.01     Existence**.  To Seller's Knowledge, the Debtor is a company duly organized and validly existing under the laws of the State of Colorado.  The Trustee for Seller has full legal power, right and authority to carry on its business in the states where the Assets are located.

**5.02     Legal Power**.  Subject to Bankruptcy Court approval of this Agreement and the transactions contemplated herein, Seller has the legal power and right to enter into and perform this Agreement and the transactions contemplated hereby.

**5.03     Execution**.  Subject to Bankruptcy Court approval of this Agreement and the transactions contemplated herein, the execution, delivery and performance of this Agreement

are duly and validly authorized by all requisite corporate action on the part of Seller and constitute the legal, valid and binding obligation of Seller enforceable in accordance with its terms.

       **5.04**   **Brokers**.  To Seller's Knowledge, Seller has not employed, directly or indirectly, any broker or finder or incurred, directly or indirectly, any liability for any brokerage fees, commissions or finders' fees in connection with the transactions contemplated by this Agreement in each case for which Buyer will become directly or indirectly liable.

       **5.05**   **Litigation**.  To Seller's Knowledge, Schedule 5.05 is a list of all pending litigation involving or relating to the Assets, other than the Bankruptcy Case.

       **5.06**   **Leases.**  To Seller's Knowledge, Exhibit A includes a list of all of the Leases.

       **5.07**   **Applicable Contracts**.  To Seller's Knowledge, Exhibit B is a list of all Assigned Contracts.

       **5.08**   **Permits.** To Seller's Knowledge, Schedule 5.08 includes a list of all of the Permits.

       **5.09**   **Wells.**  To Seller's Knowledge, Exhibit A-1 is a list of Wells.

       **5.10**   **Limitation on Representations**.  Seller is a third party fiduciary appointed to administer the assets of the Bankruptcy Case.  Seller has not seen or inspected the Assets and has not determined the fitness of any of the Assets for any particular use.  Seller makes no warranties whatsoever other than as expressly provided in this Article V.

## ARTICLE VI
## REPRESENTATIONS AND WARRANTIES OF BUYER

       Buyer represents and warrants to Seller as follows:

       **6.01**   **Existence**.  Buyer is a limited liability company, duly organized, validly existing and in good standing under the laws of the state of Delaware.  Buyer has full legal power, right and authority to carry on its business in the states where the Assets are located.

       **6.02**   **Legal Power**.  Buyer has the legal power and right to enter into and perform this Agreement and Buyer has the legal power and right to perform the transactions contemplated hereby.  The consummation of the transactions contemplated by this Agreement will not violate, or be in conflict with:

       (a)     any provision of Buyer's certificate of incorporation or by-laws;

       (b)     any material agreement or instrument to which Buyer is a party or by which Buyer is bound; or

       (c)     any judgment, order, ruling or decree applicable to Buyer as a party in interest or any Legal Requirement applicable to Buyer.

**6.03    *Execution*.** The execution, delivery and performance of this Agreement and the transactions contemplated hereby are duly and validly authorized by all requisite corporate action on the part of Buyer. This Agreement constitutes the legal, valid and binding obligation of Buyer enforceable in accordance with its terms.

**6.04    *Brokers*.** Buyer has not employed, directly or indirectly, any broker or finder or incurred, directly or indirectly, any liability for any brokerage fees, commissions or finders' fees in connection with the transactions contemplated by this Agreement in each case for which Seller will become directly or indirectly liable.

**6.05    *Investment*.** Buyer is acquiring the Assets for its own account, for investment and not with a view to, or for offer or resale in connection with, a distribution thereof within the meaning of the Securities Act or a distribution thereof in violation of any applicable securities laws. Buyer, together with its directors, executive officers and advisors, is familiar with investments of the nature of the Assets, understands that this investment involves substantial risks, has adequately investigated the Assets and has substantial knowledge and experience in financial and business matters and the ownership and operation of oil and gas properties such that it is capable of evaluating, and has evaluated, the merits and risks inherent in purchasing the Assets and is able to bear the economic risks of such investment.

**6.06    *Qualification*.** Buyer is a Qualified Buyer and has funds readily available to satisfy all of its obligations under this Agreement to be performed at the Closing. Buyer is not aware of any event or occurrence that is reasonably likely to result in its inability to have the financial capacity to complete its obligations hereunder.

**6.07    *Accredited Investor*.** Buyer is an accredited investor, as such term is defined in Regulation D of the Securities Act, and will acquire the Assets for its own account and not with a view to a sale or distribution thereof in violation of the Securities Act, and the rules and regulations thereunder, any applicable state blue sky laws or any other applicable securities laws.

**6.08    *Adequate Assurances Regarding Assigned Contracts*.** Buyer is and will be capable of satisfying the conditions contained in Sections 365(b)(1)(C) and 365(f) of the Bankruptcy Code with respect to the Assigned Contracts.

**6.09    *Financial Capability*.** Buyer currently has or at Closing will have available funds necessary to consummate the transactions contemplated by this Agreement, including the acquisition of the Assets and assumption of the Liabilities, and the payment therefor (i) to Seller of the Purchase Price, (ii) of any Cure Amount, and (iii) of the Assumed Real Property Taxes, and to perform its obligations under this Agreement on the terms and subject to the conditions contemplated hereby.

**6.10    *Reliance*.** Buyer has or will have completed all of the due diligence which it believes are required to consummate this transaction. Buyer has not and will not rely on any oral or written representation of Seller or any of Seller's agents except as set forth in Article V above.

### ARTICLE VII
### CERTAIN AGREEMENTS OF THE PARTIES

**7.01    Operation of Assets**. Except as contemplated in this Agreement, otherwise consented to by Buyer in writing (which consent will not be unreasonably delayed, withheld or conditioned) or as provided for in any applicable operating agreement or other agreement set forth in any Schedule hereto, during the period of time from the Execution Date through the Closing Date, Seller shall operate its business with respect to the Assets, in all material respects, to the best of his ability, in the ordinary course of business as previously conducted, but Seller in its sole discretion may adjust such operations as it believes necessary to take into account the impacts of the COVID-19 pandemic, including institution of safety measures, and the recent decline in oil prices.

**7.02    Breach Notice**.

(a)    If, prior to the Closing Date, Buyer discovers the existence of a breach of any of Seller's representations, warranties or covenants contained in this Agreement, Buyer shall notify Seller in writing of such information (the "*Breach Notice*") within one (1) Business Day after such discovery.  The Breach Notice shall contain reasonable details regarding the alleged breach and Buyer's good faith estimate of the potential Losses associated with such breach.

(b)    Upon receipt of a Breach Notice, Seller shall have the option, in its sole discretion, upon written notice to Buyer prior to or on the Closing Date, to either (i) accept the Buyer's good faith estimate of the potential Losses arising from such breach and agree to reduce the Purchase Price by such amount, in which case such breach shall be waived by Buyer, the Parties shall proceed to Closing in accordance with the terms hereof and the Purchase Price shall be so reduced, (ii) remove the Properties affected by such breach from the Assets to be conveyed to Buyer hereunder, in which case the Parties shall proceed to Closing in accordance with the terms hereof and the affected Properties shall be retained by Seller, and the Purchase Price shall be reduced by Allocated Value of such Properties, or (iii) dispute the existence or the estimated Losses attributable to the alleged breach and submit such disagreement to the Bankruptcy Court in accordance with Section 14.06, in which case the disputed amount of such breach shall be placed by Buyer into an escrow account pending outcome of the Bankruptcy Court's decision, the Parties shall proceed to Closing, the Property shall be conveyed by Seller to Buyer with a reduction of the Purchase Price by such disputed amount and upon completion of the Bankruptcy Court proceedings with regard to such dispute the escrow amount shall be disbursed in accordance with the Bankruptcy Court's decision.

**7.03    Preservation of Records**.  Buyer shall preserve (or offer to redeliver to Seller) all Records delivered by Seller to Buyer for a period of two (2) years following Closing and will allow Seller access (including the right to make copies at the expense of Seller) to such Records at all reasonable times during business hours.  It is understood and agreed that, except as expressly provided herein, Seller does not represent or warrant to Buyer the accuracy of the Records so delivered.  Seller may, at its election, make and retain copies of any or all such Records prior to Closing at its sole cost and expense.

**7.04    Transition of Certain Accounting Matters**.  With respect to each Property with respect to which Seller is disbursing proceeds of production attributable to other parties entitled thereto, Seller and Buyer agree that Seller shall, at or prior to Closing, deliver or cause to

be delivered to Buyer a copy or electronic copy of its "pay list" for each such property and a list of all parties for whom it is holding in suspense proceeds of production attributable to production occurring after the Effective Time. From and after the Closing Date, Buyer shall become responsible for all disbursements of proceeds of production and such disbursement activities shall be included in the matters which Buyer assumes. Seller shall not be obligated to provide any additional information or detail with respect to such "pay list" other than such information as Seller currently has available and is utilized in Seller's day to day business.

### 7.05    *Casualty Loss*.

(a)    If after the Execution Date and prior to the Closing Date any part of the Assets shall be damaged or destroyed by fire or other casualty or if any part of the Assets shall be taken in condemnation or under the right of eminent domain or if proceedings for such purposes shall be pending or threatened, Seller shall as soon as reasonably practicable notify Buyer in writing of such occurrence. This Agreement shall remain in full force and effect notwithstanding any such destruction, taking or proceeding, or the threat thereof and the Parties shall proceed with the transactions contemplated by this Agreement notwithstanding such occurrence (and without reduction of the Purchase Price).

(b)    At the Closing, Seller shall pay to Buyer all sums paid to Seller by Third Parties by reason of the destruction or taking of such Assets between the Execution Date and the Closing and shall assign, transfer and set over unto Buyer all of the rights, title and interest of Seller in and to any claims, causes of action, unpaid proceeds or other payments from Third Parties arising out of such destruction or taking. Seller agrees to maintain until the Closing Date the same or comparable insurance coverage that it has in place on the Execution Date with respect to the Assets. Except as set forth in the preceding sentence, Seller shall not be obligated to carry or maintain, and shall have no obligation or liability to Buyer for its failure to carry or maintain, any insurance coverage with respect to any of the Assets.

### 7.06    *Consents in Favor of Royalty Claimants*.    Buyer agrees that, as part of the assumption of the Leases, if a Lease does not already include such a term and if so requested by Seller, Buyer will agree to amend the Lease to provide that no further transfer or assignment by Buyer of such Lease shall be made without prior consent of the lessor under the Lease, and such consent shall not be unreasonably withheld, conditioned or delayed. Buyer agrees to cooperate in good faith to further reflect this amendment in any Lease as requested, with costs to be shared equally by the lessor under the Lease and the Buyer.

### ARTICLE VIII
### BANKRUPTCY COURT APPROVAL

### 8.01    *Bankruptcy Court Approval*.

(a)    Buyer and Seller acknowledge that this Agreement and the sale of the Assets and assumption and assignment of the Assigned Contracts are subject to Bankruptcy Court approval. Within five (5) Business Days following the auction, the Trustee has or will, in good faith, using commercially reasonable efforts, file an appropriate application with the Bankruptcy Court seeking approval of the sale of the Assets Free and Clear to Buyer (the "*Sale*").

(b)    Buyer agrees and acknowledges that Seller, including its representatives, is and may continue soliciting inquiries, proposals or offers from Third Parties for the Assets, and that Seller shall be free to hold an auction to consider and if received accept a bid higher and better in Seller's sole discretion.

# ARTICLE IX
# CONDITIONS TO CLOSING

**9.01    *Conditions to Obligations of Seller*.**  The obligations of Seller to proceed with the Closing shall be subject to the waiver by Seller or satisfaction of the following conditions:

(a)    *Representations and Warranties.* The representations and warranties of Buyer contained in this Agreement shall be correct in all material respects (except that those representations and warranties which are qualified as to materiality or similar expressions shall be true and correct in all respects) on and as of the Closing Date with the same effect as though such representations and warranties had been made on and as of such date.

(b)    *Compliance With Covenants*. Each and all of the covenants and agreements of Buyer to be performed on or before the Closing pursuant to the terms hereof shall have been performed and satisfied in all material respects.

(c)    *Governmental Approvals*.  All material Governmental Approvals shall have been obtained.

(d)    *No Contrary Order.*  No Court has entered an order that would stay or prevent in any material manner the ability of either Party to close or consummate the transactions contemplated hereby.

(e)    *Violation of Orders.*  The consummation of the transactions contemplated hereunder shall not violate any order, decision, ruling or decree of any Governmental Authority having competent jurisdiction over the transactions contemplated by this Agreement or require (by any Governmental Authority) any material action on the part of Seller.

(f)    *Sale Order*.  The Sale Order shall have been entered, be unstayed and all conditions to Closing in the Sale Order have been satisfied.

(g)    *No Material Adverse Effect.*  There shall have been no Material Adverse Effect between the Execution Date and the Closing which would likely result in a suit, action or other proceeding which, if successful, would restrict in any material respect or prohibit the consummation of the transactions contemplated hereby.

**9.02    *Conditions to Obligations of Buyer*.**  The obligations of Buyer to proceed with the Closing shall be subject to the waiver by Buyer or satisfaction of the following conditions:

(a)    *Representations and Warranties.* The representations and warranties of Seller contained in this Agreement shall be correct in all material respects (except that those representations and warranties which are qualified as to materiality or similar expressions shall be true and correct in all respects) on and as of the Closing Date with the same effect as though such

representations and warranties had been made on and as of such date; provided, however, that Buyer's right not to proceed with the Closing as a result of the breach of Seller's representations and warranties shall only arise in the event that Buyer has a right to terminate this Agreement pursuant to Article XII.

(b)    *Compliance With Covenants*.  Each and all of the covenants and agreements of Seller required to be performed on or before the Closing pursuant to the terms hereof shall have been performed and satisfied in all material respects.

(c)    *Governmental Approvals*.  All material Governmental Approvals shall have been obtained.

(d)    *No Contrary Order*.  No Court has entered an order that would stay or prevent in any material manner the ability of either Party to close or consummate the transactions contemplated hereby.

(e)    *Violation of Orders*.  The consummation of the transactions contemplated hereunder shall not violate any order, decision, ruling or decree of any Governmental Authority having competent jurisdiction over the transactions contemplated by this Agreement or require (by any Governmental Authority) any material action on the part of Buyer.

(f)    *Sale Order*.  The Bankruptcy Court shall have entered the Sale Order, and such order shall not have been reversed, modified, amended or stayed.

(g)    *No Material Adverse Effect*.  There shall have been no Material Adverse Effect between the Execution Date and the Closing which would likely result in a suit, action or other proceeding which, if successful, would restrict in any material respect or prohibit the consummation of the transactions contemplated hereby.

## ARTICLE X
## CLOSING

*10.01  Closing*.  Pending entry of the Sale Order by the Bankruptcy Court, and assuming neither Buyer or Seller has rightfully exercised its option to terminate this Agreement without a breach as provided for herein, the closing of the transactions contemplated by this Agreement (the "*Closing*") shall take place at the offices of Danning, Gill, Israel & Krasnoff, LLP, 1901 Avenue of the Stars, Suite 450, Los Angeles, CA  90067-6006, or such other location as Seller may designate in writing, at a mutually agreeable time not later than eleven (11) days after the entry of the Sale Order (the *"Closing Date"*).

*10.02  Actions To Be Taken At Closing*.  At Closing, the following shall occur:

(a)    Seller and Buyer shall execute and deliver a quitclaim deed, assignment and bill of sale of the Assets substantially in the form attached as Exhibit E, together with such other forms of assignment as may be required by Governmental Authorities or reasonably requested by Buyer to facilitate recording;

(b)    Seller shall execute and deliver to Buyer an affidavit, signed under penalties of perjury, that (i) states that Seller is not a "foreign person" within the meaning of section 1445 of the Internal Revenue Code and (ii) sets forth Seller's name, taxpayer identification number and office address;

(c)    Buyer shall pay to Seller the adjusted Purchase Price;

(d)    Seller and Buyer shall execute and deliver a mutually agreeable settlement statement (the "*Preliminary Settlement Statement*") setting forth the Purchase Price hereunder and an accounting of all cash amounts related to the Assets and the transactions contemplated by this Agreement, including, without limitation, any accounting for taxes pursuant to this Agreement;

(e)    Seller and Buyer shall execute and deliver such other instruments and documents and take such other actions as may be reasonably necessary or desirable to evidence and effectuate the transactions contemplated by this Agreement; and

(f)    Seller shall execute and deliver to Buyer, on forms prepared by Seller and reasonably acceptable to the Buyer, transfer orders and letters in lieu thereof directing all purchasers of production to make payments to Buyers of proceeds attributable to production from the Assets from and after the Effective Time.

**10.03    Payments**.  All amounts required to be paid by any Party hereto to another Party hereto shall be made by wire transfer of immediately available funds to an account designated by the payee.  Seller and Buyer shall furnish specific written payment instructions to the other Party to make such payments and the counter Party may make all payments as so instructed until notified in writing of a change in the payment instructions.

## ARTICLE XI
## LIMITATION AND SURVIVAL

**11.01    Limitation and Survival of Warranties**.  Except as expressly provided in this Agreement to the contrary, the Assets are being sold by Seller to Buyer without recourse, covenant, representation or warranty of any kind, express, implied, or statutory.

(a)    *Survival of Seller's Representations.*  All representations and warranties made by Seller in Article V shall terminate at Closing.

**11.02    Buyer's Assumption**. If the Closing occurs:

(a)    Buyer hereby assumes and agrees to pay, perform and discharge the following liabilities and obligations (collectively, the "*Assumed Obligations*"):

(1)    all liabilities (including all General Liabilities and Environmental Liabilities) and obligations that are attributable to the ownership or operation of the Assets and arise on or after the Effective Time, including but not limited to all of Sellers' liabilities under the Assigned Contracts except such liabilities that are satisfied or discharged by payment of Cure Costs;

(2)      all of Seller's liabilities and obligations to properly plug and abandon all wells located on the Assets and remove all related facilities and equipment now or hereafter located on the Assets and clean up and restore the Assets (including all obligations to clean, close and abandon all pits and impoundments) in accordance with all applicable laws and regulations, and to the satisfaction of all applicable Governmental Authorities (regardless of whether any such obligation to plug, abandon, remove, clean up and restore is attributable to periods of time prior to or after the Effective Time);

(3)      the proper storage, clean-up, transportation, handling and disposal in accordance with all Environmental Laws, at Buyer's sole cost and expense, of certain waste (sludge and liquids) located in a frack tank and/or vacuum truck at the HVI REDU yard;

(4)      all Cure Costs;

(5)      the Assumed Real Property Taxes and all taxes as provided in Article XIII of this Agreement; and

(6)      to the extent not already described above in this Section, all liabilities arising from, related to, or associated with the ownership, operation, use or maintenance of any of the Assets to the extent such liabilities accrue and arise after Closing.

## ARTICLE XII
## TERMINATION

**12.01   Right of Termination**.  This Agreement may be terminated at any time at or prior to Closing:

(a)      by Seller on or before the Closing Date if the conditions set forth in Section 9.01 have not been satisfied in all material respects by Buyer or waived by Seller in writing by the Closing Date; and

(b)      by Buyer on or before the Closing Date if the conditions set forth in Section 9.02 have not been satisfied in all material respects by Seller or waived by Buyer in writing by the Closing Date.

**12.02   Buyer's Failure to Close**.  If Buyer fails to consummate Closing by the Closing Date, unless Buyer has validly exercised its right to terminate this Agreement pursuant to Section 12.01(b), then Seller may terminate this Agreement which shall become null and void and retain the Deposit as its sole and exclusive remedy for Buyer's breach hereof.

**12.03   Effect of Termination**.  In the event that Closing does not occur as a result of Buyer exercising its right to terminate pursuant to Section 12.01(b), this Agreement shall be null and void and no Party shall have any further rights or obligations under this Agreement, and the Deposit (without interest) shall be returned to Buyer.  The provisions of Sections 12.03, 12.04, 12.05, 12.06, Article XIV, any indemnification obligation of Buyer, and any other provisions that expressly survive the Closing, shall survive the termination of this Agreement.

**12.04  Backup Buyer**.  In the event that the Bankruptcy Court approves the sale of the Assets to another party, Buyer agrees to be a backup buyer for the Assets at the price last bid by the Buyer for the Assets under the Bid Procedures.  In that event, the Trustee shall retain the Deposit until the sale closes, and the Deposit will be refunded to the Buyer upon the closing of the sale.  Provided however, in the event Buyer becomes the backup buyer, the Trustee shall have no right to retain the Deposit for more than sixty (60) days after the entry of the sale order.

**12.05  Default by Seller.**

IN THE EVENT THE CLOSING DOES NOT OCCUR BY REASON OF ANY DEFAULT OF SELLER, THEN BUYER SHALL BE ENTITLED, AS ITS SOLE AND EXCLUSIVE REMEDY (EXCEPT AS OTHERWISE PROVIDED IN THIS SECTION), WHETHER AT LAW OR IN EQUITY, TO TERMINATE THIS AGREEMENT AND RECOVER THE DEPOSIT. NOTWITHSTANDING ANYTHING IN THIS AGREEMENT TO THE CONTRARY, SELLER SHALL NOT BE IN DEFAULT WITH RESPECT TO ANY OF ITS OBLIGATIONS HEREUNDER UNLESS AND UNTIL SELLER RECEIVES NOTICE FROM BUYER SPECIFYING SUCH DEFAULT AND SELLER FAILS TO CURE SUCH DEFAULT WITHIN FIVE (5) BUSINESS DAYS AFTER RECEIPT OF SUCH NOTICE, EXCEPT THAT NO SUCH CURE PERIOD SHALL APPLY TO A DEFAULT BY SELLER WHICH IS THE FAILURE TO CLOSE THE TRANSACTION ON THE CLOSING DATE. FURTHER, NOTWITHSTANDING ANYTHING IN THIS AGREEMENT TO THE CONTRARY, IF BUYER OBTAINS ACTUAL KNOWLEDGE, PRIOR TO THE CLOSING DATE, THAT SELLER HAS BREACHED ANY COVENANT HEREUNDER, IF BUYER ELECTS TO PROCEED TO THE CLOSING, THEN ANY SUCH BREACH SHALL BE DEEMED WAIVED FOR PURPOSES HEREOF.

**12.06  Default by Buyer.**

IN THE EVENT THAT THE CLOSING DOES NOT OCCUR BY REASON OF ANY MATERIAL DEFAULT OF BUYER, BUYER AND SELLER ACKNOWLEDGE THAT IT WOULD BE IMPRACTICAL AND EXTREMELY DIFFICULT TO ESTIMATE THE DAMAGES WHICH SELLER WILL SUFFER.  THEREFORE BUYER AND SELLER HEREBY AGREE THAT A REASONABLE ESTIMATE OF THE DAMAGES THAT SELLER WOULD SUFFER IN THE EVENT THAT BUYER SO DEFAULTS IS AND WILL BE, AS SELLER'S SOLE AND EXCLUSIVE REMEDY (WHETHER AT LAW OR IN EQUITY), SELLER'S RETENTION OF THE DEPOSIT.  SAID AMOUNT WILL BE THE FULL, AGREED AND SOLE AMOUNT OF MONETARY DAMAGES FOR THE DEFAULT OF BUYER, ALL OTHER CLAIMS TO DAMAGES OR OTHER REMEDIES, INCLUDING WITHOUT LIMITATION THE REMEDY OF SPECIFIC PERFORMANCE, BEING HEREIN EXPRESSLY WAIVED BY SELLER.  THE PAYMENT OF SUCH AMOUNT IS NOT INTENDED AS A FORFEITURE OR PENALTY, BUT IS INTENDED TO CONSTITUTE LIQUIDATED DAMAGES TO SELLER PURSUANT TO CALIFORNIA CIVIL CODE §§1671, 1676 AND 1677.  SELLER HEREBY WAIVES THE PROVISIONS OF CALIFORNIA CIVIL CODE §3389.  THIS AGREEMENT WILL THEREUPON BE TERMINATED AND NEITHER PARTY WILL HAVE ANY FURTHER RIGHTS OR OBLIGATIONS HEREUNDER, PROVIDED HOWEVER THAT NOTHING IN THIS SECTION SHALL LIMIT SELLER'S RIGHT TO INDEMNIFICATION PURSUANT TO ANY INDEMNIFICATION

PROVISION IN THIS AGREEMENT. NOTWITHSTANDING ANYTHING IN THIS AGREEMENT TO THE CONTRARY, BUYER SHALL NOT BE IN DEFAULT WITH RESPECT TO ANY OF ITS OBLIGATIONS HEREUNDER UNLESS AND UNTIL BUYER RECEIVES NOTICE FROM SELLER SPECIFYING SUCH DEFAULT AND BUYER FAILS TO CURE SUCH DEFAULT WITHIN FIVE (5) BUSINESS DAYS AFTER RECEIPT OF SUCH NOTICE, EXCEPT THAT NO SUCH CURE PERIOD SHALL APPLY TO A DEFAULT BY BUYER WHICH IS THE FAILURE TO CLOSE THE TRANSACTION ON THE CLOSING DATE.

BUYER'S
INITIALS

SELLER'S
INITIALS

## ARTICLE XIII
## TAXES

*13.01  Sales Taxes, Filing Fees, Etc..*  Buyer shall be liable for any sales tax or other transfer tax, as well as any applicable conveyance, transfer and recording fees and real estate transfer stamps or taxes imposed on the transfer of the Assets pursuant to this Agreement. If Seller is required by applicable state law to report and pay these taxes and/or fees, Buyer shall, upon presentment of an invoice by Seller, promptly deliver a check to Seller in full payment of the invoice.

*13.02  Other Taxes.*  Except as set forth below, the sale shall be Free and Clear of all real estate, production, property, severance, excise, ad valorem and other similar such taxes or fees (other than income taxes) relating to production of oil, gas and condensate attributable to the Assets, but the sale will be subject to the Assumed Real Property Taxes. Except for the Assumed Real Property Taxes, such taxes and fees accruing prior to the Effective Time shall be paid or otherwise removed by Seller, and all such taxes relating to such production on and after the Effective Time shall be the responsibility of Buyer. The Parties shall make an adjustment in calculating the Preliminary Settlement Statement and the Final Settlement Statement, for any portion of such other allowable taxes for which Seller is responsible and from which Seller may not otherwise be able to sell Free and Clear. In furtherance of doing so, Seller shall provide to Buyer its best estimate of the portion of taxes its will be responsible for at least five (5) Business Days prior to Closing and at least fifty-five days following the Closing, Buyer shall furnish to Seller a schedule of the actual taxes paid and Seller's portion of such taxes. If there is any dispute as to a Party's proportionate share of taxes, the dispute may be submitted to the Bankruptcy Court for determination.

## ARTICLE XIV
## MISCELLANEOUS

*14.01  Disclaimers.*

(a)    EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY SET FORTH IN Article V, (I) SELLER MAKES NO REPRESENTATIONS OR WARRANTIES,

EXPRESS, STATUTORY OR IMPLIED, AND (II) SELLER EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO BUYER (INCLUDING ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO BUYER BY ANY EMPLOYEE, REPRESENTATIVE, OR AGENT OF SELLER), AND BUYER ACKNOWLEDGES THAT IT HAS NOT RELIED ON ANY SUCH REPRESENTATION OR WARRANTY.

(b)    EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY SET FORTH IN Article V, SELLER EXPRESSLY DISCLAIMS, AND BUYER ACKNOWLEDGES THAT IT HAS NOT RELIED UPON, ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED BY ANY EMPLOYEE, REPRESENTATIVE, OR AGENT OF SELLER, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE ASSETS, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE ASSETS, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE PRODUCTION OF HYDROCARBONS FROM THE ASSETS OR THE UNIT CREATED BY THE UNIT AGREEMENT, (VI) THE MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS, (VII) THE STATUS OF THE UNIT AGREEMENT OR ANY OPERATIONS CONDUCTED UNDER OR PURSUANT TO THE UNIT AGREEMENT; (VIII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY OR ON BEHALF OF SELLER OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (IX) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO BUYER OR ANY BUYER REPRESENTATIVE IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO, AND (X) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT. EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY SET FORTH IN Article V, SELLER FURTHER DISCLAIMS, AND BUYER ACKNOWLEDGES THAT IT HAS NOT RELIED UPON, ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY ASSETS, RIGHTS OF A BUYER UNDER APPROPRIATE STATUTES TO CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE CONSIDERATION, IT BEING EXPRESSLY UNDERSTOOD AND AGREED BY THE PARTIES THAT, BUYER SHALL BE DEEMED TO BE ACQUIRING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS" AND "WHERE IS" WITH ALL FAULTS OR DEFECTS (KNOWN OR UNKNOWN, LATENT, DISCOVERABLE OR UNDISCOVERABLE), AND THAT BUYER HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS AS BUYER DEEMS APPROPRIATE.

(c)    EXCEPT AS AND TO THE LIMITED EXTENT EXPRESSLY SET FORTH IN Article V, SELLER HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO

ENVIRONMENTAL LAWS, THE RELEASE OF HAZARDOUS MATERIALS OR OTHER MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY, NATURAL RESOURCES OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE ASSETS, AND NOTHING IN THIS AGREEMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY, AND BUYER ACKNOWLEDGES THAT IT HAS NOT RELIED UPON ANY SUCH REPRESENTATION OR WARRANTY, AND BUYER SHALL BE DEEMED TO BE ACQUIRING THE ASSETS "AS IS" AND "WHERE IS" WITH ALL FAULTS FOR PURPOSES OF THEIR ENVIRONMENTAL CONDITION AND THAT  BUYER HAS MADE OR CAUSED TO BE MADE SUCH ENVIRONMENTAL INSPECTIONS AS BUYER DEEMS APPROPRIATE.

(d)     Seller and Buyer agree that, to the extent required by applicable law to be effective, the disclaimers of certain representations and warranties contained in this Section 14.01 are conspicuous disclaimers for the purpose of any applicable law.

*14.02   Final Settlement Statement*. As soon as reasonably practicable after sixty (60) days following the Closing but not later than the one hundred and twentieth (120th) day following the Closing Date (the "*Final Settlement Date*"), Seller shall prepare and deliver to Buyer the final settlement statement setting forth the Purchase Price hereunder and an accounting of all cash amounts related to the Assets and the transactions contemplated by this Agreement, including, without limitation, any accounting for taxes pursuant to this Agreement, based on the most recent actual figures for each adjustment (the "*Final Settlement Statement*"). If Seller does not deliver the Final Settlement Statement to Buyer on or before the Final Settlement Date, the Preliminary Settlement Statement shall be deemed to be the Final Settlement Statement, and such Final Settlement Statement shall become final and binding upon the Parties. Within ten (10) days after the earlier of (i) the expiration of the Final Settlement Date or (ii) the delivery by Seller of the Final Settlement Statement, (x) Buyer shall pay to Seller the amount by which the final adjusted Purchase Price exceeds the preliminary adjusted Purchase Price or (y) Seller shall pay to Buyer the amount by which the preliminary adjusted Purchase Price exceeds the final adjusted Purchase Price, as applicable.

*14.03   Survival*. Buyer's representations, warranties, covenants and agreements in this Agreement and any document delivered pursuant hereto shall survive the Closing.

*14.04   Assignability*.  This Agreement, and the rights, interests and obligations hereunder, shall not be assigned by the Buyer by operation of law or otherwise without the express written consent of the Seller (which consent may be granted or withheld in the sole discretion of the Seller).  Any purported assignment by Buyer in violation of the foregoing provisions shall be void and of no effect.

*14.05   Seller's Disclaimers*.  Except as expressly set forth in this Agreement, Seller disclaims all liability and responsibility for any representation, warranty, statements or communications (orally or in writing) to any Person (including, any information contained in any opinion, information or advice that may have been provided to any such Person by any officer, director, stockholder, partner, employee, agent, consultant, representative or contractor of Seller,

or any engineer or engineering firm, or other agent, consultant or representative) wherever and however made with respect to the transactions contemplated hereby.

*14.06  Dispute Resolution; Venue.*  EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS AGREEMENT, ANY CONTROVERSY, DISPUTE OR CLAIM BETWEEN THE PARTIES HERETO ARISING UNDER, OR RELATED TO, THIS AGREEMENT SHALL BE DETERMINED BY THE BANKRUPTCY COURT (OR, IN THE EVENT THE BANKRUPTCY CASE HAS ENDED AND THE BANKRUPTCY COURT DOES NOT REOPEN THE CASE UPON APPLICATION OR SHALL DETERMINE IT DOES NOT HAVE OR WILL NOT EXERCISE JURISDICTION, THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA OR A COURT OF COMPETENT JURISDICTION LOCATED IN THE COUNTY OF LOS ANGELES, CALIFORNIA) WHICH SHALL HAVE EXCLUSIVE JURISDICTION TO DETERMINE ANY SUCH DISPUTE, AND EACH PARTY HEREBY CONSENTS TO THE EXERCISE OF SUCH JURISDICTION BY EACH SUCH COURT.

*14.07  Notices.*  All notices, requests, instructions or other correspondence to be given hereunder by one Party to another shall be in writing and mailed by registered or certified mail, return receipt requested, postage prepaid, or delivered personally (which shall include delivery by a courier or messenger service) or by telecopy transmission with confirmation of receipt, as follows:

If to Seller, addressed to:

> Michael A. McConnell
> 201 Main Street, Suite 2500
> Fort Worth, Texas  76102
> E-mail: michael.mcconnell@kellyhart.com

with a copy to (which shall not constitute notice):

> Danning, Gill, Israel & Krasnoff, LLP
> c/o Eric P. Israel
> 1901 Avenue of the Stars, Suite 450
> Los Angeles, CA  90067-6006
> E-mail: eisrael@danninggill.com

with a copy to (which shall not constitute notice):

> O'Melveny & Myers LLP
> c/o Evan M. Jones
> 400 S. Hope Street, 18th Floor
> Los Angeles, CA 90071
> Email: ejones@omm.com

If to Buyer, addressed to:

326 S. Pacific Coast Hwy.

Suite 102

Redondo Beach, CA 90277

_____    Notices given by mail or by personal delivery shall be effective (and deemed to have been given) upon actual receipt.  Notices given by telecopier shall be effective upon actual receipt if received and confirmed by return transmission during the recipient's normal business hours or at the beginning of the recipient's next Business Day after receipt if not received during the recipient's normal business hours.

Buyer and Seller may change any address to which notice is to be given to it by giving notice thereof as provided above of such change of address.

**14.08  Governing Law**.  The provisions of this Agreement and the documents delivered pursuant hereto shall be governed by and construed in accordance with the laws of the State of California (excluding any conflicts-of-law rule or principle that might refer same to the laws of another jurisdiction).

**14.09  Waiver of Jury Trial**.    SELLER AND BUYER DO HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, AND ANY AND ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, SUIT OR OTHER LEGAL PROCEEDING BASED UPON, ARISING OUT OF, OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

**14.10  No Admissions**.  Buyer and Seller agree that neither this Agreement, nor any part hereof, nor any performance under this Agreement, nor any payment of any amount pursuant to any provision of this Agreement shall constitute or be construed as a finding, evidence of, or an admission or acknowledgement of any liability, fault, or past or present wrongdoing, or violation of any law, rule, regulation, or policy, by either Seller or Buyer or by their respective officers, directors, employees, or agents.

**14.11  Entire Agreement; Amendments and Waivers**.  This Agreement (together with all Schedules) constitutes the entire agreement between the Parties pertaining to the subject matter hereof and thereof and supersedes all prior agreements, understandings, negotiations and discussions, whether oral or written, of the Parties, and there are no representations, warranties, covenants or agreements between the Parties in connection with the subject matter hereof and thereof except as set forth specifically herein or therein.  No supplement, modification or waiver of this Agreement shall be binding unless executed in writing by the Party or Parties to be bound thereby and expressly referencing this Agreement.  No waiver of any of the provisions of this Agreement shall be deemed or shall constitute a waiver of any other provision hereof (regardless of whether similar) nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided.

**14.12  Successors; Third Party Beneficiaries**.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.  Nothing

in this Agreement, express or implied, is intended to confer upon any Person other than the Parties and their respective successors and assigns any rights, benefits or obligations hereunder.

       **14.13   *Severability***.  If any one or more of the provisions contained in this Agreement or in any document delivered pursuant hereto shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Agreement or any other such document.

       **14.14   *Further Assurances***.  After Closing, the Parties will take all appropriate action and execute any documents, instruments or conveyances of any kind that may be reasonably necessary to effectuate the intent of this Agreement.

       **14.15   *Waiver of Consequential Damages***.   NOTWITHSTANDING ANY PROVISION IN THIS AGREEMENT TO THE CONTRARY, NO PARTY SHALL HAVE ANY LIABILITY UNDER THIS AGREEMENT FOR (AND EACH PARTY HEREBY RELEASES THE OTHER PARTY FROM) EXEMPLARY, PUNITIVE, SPECIAL, INDIRECT, CONSEQUENTIAL, REMOTE OR SPECULATIVE DAMAGES.

       **14.16   *Time of the Essence***.  With respect to all dates and time periods in this Agreement, time is of the essence. If the date specified in this Agreement for giving any notice or taking any action is not on a Business Day (or if the period during which any notice is required to be given or any action taken expires on a date which is not a Business Day), then the date for giving such notice or taking such action (or the expiration date of such period during which notice is required to be given or action taken) shall be the next day which is a Business Day.

       **14.17   *Multiple Counterparts***.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any signature hereto delivered by a Party by facsimile transmission or other electronic transmission shall be deemed an original signature hereto.

       **14.18   *Renewals and Extensions and New Leases.***  This Agreement and the Sale shall apply to all renewals, extensions, modifications, ratifications, reinstatements and other similar arrangements of the Leases (or other determinable interests) which are included in the Assets made prior to the Execution Date whether or not the same are described in <u>Exhibit A</u>.

*{signature page to follow}*

IN WITNESS WHEREOF, the Parties hereby execute this Agreement as of Execution Date.

**SELLER:**

**HVI CAT CANYON, INC.,** a Colorado corporation

By: _____

Name: Michael A. McConnell

Title:___ Chapter 11 Trustee _____

**BUYER:**

REDU HOLDINGS, LLC, A Delaware Limited

Liability Company

By: _____

Name: William Kelleher

Title:___ Managing Member _____

# EXHIBIT A

LEASES

## RICHFIELD EAST DOME UNIT (REDU)

SUBJECT ACREAGE: 568 acres, more or less, as more fully described in that certain Unit Agreement for Richfield east Dome Unit, Richfield Oil and Gas Field, recorded on December 30, 1969 at Book 9177, Page 873 of the Official Records of Orange County, California.

SUBJECT LEASES:

1.  Oil and Gas Lease dated November 08, 1926 by and between Martin Etchandy, as Lessor, and A. J. Delany, as Lessee, recorded in Book 19, Page 31 of the Lease Records of Orange County, California.

2.  Oil and Gas Lease dated August 3, 1928 by and between Martin Etchandy, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 187, Page 109 of the Lease Records of Orange County, California.

3.  Oil and Gas Lease dated May 29, 1929 by and between Lillian a. Jesson, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 275, Page 389 of the Lease Records of Orange County, California.

4.  Oil and Gas Lease dated July 5, 1928 by and between John H. Mosley, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 250, Page 419 of the Lease Records of Orange County, California.

5.  Oil and Gas Lease dated June 25, 1928 by and between E. Walter Pyne, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 174, Page 298 of the Lease Records of Orange County, California

6.  Oil and Gas Lease dated October 7, 1953 by and between Stem Realty, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 2607, Page 335 of the Lease Records of Orange County, California.

7.  Oil and Gas Lease dated December 4, 1966 by and between Portfirio E. Duarte, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 502 of the Lease Records of Orange County, California.

8.  Oil and Gas Lease dated December 4, 1966 by and between A. E. Hernandez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 379 of the Lease Records of Orange County, California.

9.  Oil and Gas Lease dated December 4, 1966 by and between Manuel Pinedo, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 388 of the Lease Records of Orange County, California.

10. Oil and Gas Lease dated December 3, 1966 by and between Ramon P. Tovar, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 397 of the Lease Records of Orange County, California.

11. Oil and Gas Lease dated December 1, 1966 by and between Rudolf Garcia, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 406 of the Lease Records of Orange County, California.

12. Oil and Gas Lease dated December 3, 1966 by and between Louis Vargas, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 415 of the Lease Records of Orange County, California.

13. Oil and Gas Lease dated December 10, 1966 by and between Rudolph Arias, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 493 of the Lease Records of Orange County, California.

14. Oil and Gas Lease dated December 10, 1966 by and between Alexander Jimenez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 475 of the Lease Records of Orange County, California.

15. Oil and Gas Lease dated February 3, 1937 by and between John H. Wents, as Lessor, and A. D. Mitchell, as Lessee, recorded in Book 888, Page 151 of the Lease Records of Orange County, California.

16. Oil and Gas Lease dated December 19, 1966 by and between J. G. Joseph, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 424 of the Lease Records of Orange County, California.

17. Oil and Gas Lease dated December 15, 1966 by and between Phineas Solomon, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 484 of the Lease Records of Orange County, California.

18. Oil and Gas Lease dated December 21, 1966 by and between V. E. Buckmaster, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 433 of the Lease Records of Orange County, California.

19. Oil and Gas Lease dated December 22, 1966 by and between P. A. Waldworth, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 442 of the Lease Records of Orange County, California.

20. Oil and Gas Lease dated December 29, 1965 by and -between Lupa Vasquez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8156, Page 853 of the Lease Records of Orange County, California.

21. Oil and Gas Lease dated January 9, 1967 by and between Roman Catholic Archbishop of Los Angles, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8159, Page 313 of the Lease Records of Orange County, California.

22. Oil and Gas Lease dated January 7, 1967 by and between James R. Roberts, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8155, Page 396 of the Lease Records of Orange County, California.

23. Oil and Gas Lease dated January 13, 1967 by and between Freda Joseph, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8175, Page 248 of the Lease Records of Orange County, California.

24. Oil and Gas Lease dated February 16, 1967 by and between May H. Morrison, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8190, Page 553 of the Lease Records of Orange County, California.

25. Oil and Gas Lease dated February 20, 1967 by and between Gordon Boller, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8244, Page 316 of the Lease Records of Orange County, California.

26. Oil and Gas Lease dated February 23, 1967 by and between Jean E. Hathaway, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8190, Page 545 of the Lease Records of Orange County, California.

27. Oil and Gas Lease dated April 10, 1967 by and between Harold F. Taylor, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8311, Page 002 of the Lease Records of Orange County, California.

28. Oil and Gas Lease dated April 10, 1967 by and between Roy H. Scott, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8310, Page 987 of the Lease Records of Orange County, California.

29. Oil and Gas Lease dated April 10, 1967 by and between John C. Scott, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8336, Page 418 of the Lease Records of Orange County, California.

30. Oil and Gas Lease dated July 29, 1966 by and between Phyllis H. Mirelez, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 272 of the Lease Records of Orange County, California.

31. Oil and Gas Lease dated July 27, 1966 by and between Joe Matinez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 263 of the Lease Records of Orange County, California.

32. Oil and Gas Lease dated July 25, 1966 by and between Efrain G. Savala, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 254 of the Lease Records of Orange County, California.

33. Oil and Gas Lease dated July 28, 1966 by and between Sabas Porras, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 245 of the Lease Records of Orange County, California.

34. Oil and Gas Lease dated August 1, 1966 by and between Antonio Moreno, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 236 of the Lease Records of Orange County, California.

35. Oil and Gas Lease dated August 2, 1966 by and between Helen V. Mirlez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 218 of the Lease Records of Orange County, California.

36. Oil and Gas Lease dated August 3, 1966 by and between E.W. Naess, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 210 of the Lease Records of Orange County, California.

37. Oil and Gas Lease dated May 2, 1968 by and between Jerome Weinberg, Inc., as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8602, Page 510 of the Lease Records of Orange County, California.

38. Oil and Gas Lease dated November 28, 1966 by and between Pauline V. Bayna Fordell, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 192 of the Lease Records of Orange County, California.

39.  Oil and Gas Lease dated November 28, 1966 by and between Doris Maussnest, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8751, Page 739 of the Lease Records of Orange County, California.

40. Oil and Gas Lease dated August 6, 1966 by and between Walter B. Morlock, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8855, Page 870 of the Lease Records of Orange County, California.

41. Oil and Gas Lease dated August 9, 1966 by and between Eustaquio A. Vega, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 174 of the Lease Records of Orange County, California.

42. 42. Oil and Gas Lease dated August 10, 1966 by and between theodore Sandoval, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 813 7, Page 183 of the Lease Records of Orange County, California.

43. Oil and Gas Lease dated August 10, 1966 by and between Esther Gonzales, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 280 of the Lease Records of Orange County, California.

44. Oil and Gas Lease dated August 11, 1966 by and between Fred John Yalas, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 200 of the Lease Records of Orange County, California.

45.  Oil and Gas Lease dated August 12, 1966 by and between Apolinar Ramirez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 289 of the Lease Records of Orange County, California.

46. Oil and Gas Lease dated August 12, 1966 by and between Ladisio Recendez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 298 of the Lease Records of Orange County, California.

47. Oil and Gas Lease dated August 16, 1966 by and between E. R. Schmitt, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 307 of the Lease Records of Orange County, California.

48. Oil and Gas Lease dated August 18, 1966 by and between Family Plan Mortgage Company, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 316 of the Lease Records of Orange County, California.

49. Oil and Gas Lease dated August 19, 1966 by and between W. C. McCall, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 325 of the Lease Records of Orange County, California.

50. Oil and Gas Lease dated August 23, 1966 by and between Leo Harry Sad, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 459 of the Lease Records of Orange County, California.

51. Oil and Gas Lease dated August 26, 1966 by and between Mike G. Olivares, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 334 of the Lease Records of Orange County, California.

52. Oil and Gas Lease dated October 3, 1966 by and between Casimero R. Anguiana, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 343 of the Lease Records of Orange County, California.

53. Oil and Gas Lease dated November 22, 1966 by and between Bryan E. Gatewood, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 467 of the Lease Records of Orange County, California.

54. Oil and Gas Lease dated November 22, 1966 by and between Albert H. Rangel, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 352 of the Lease Records of Orange County, California.

55. Oil and Gas Lease dated November 25, 1966 by and between Bank of America, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 361 of the Lease Records of Orange County, California.

56. Oil and Gas Lease dated November 27, 1966 by and between Robert Flores, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 370 of the Lease Records of Orange County, California.

57. Oil and Gas Lease dated September 15, 1927 by and between Joseph Mondotte, as Lessor, and Continental Oil Company, as Lessee, recorded in Book 96, Page 306 of the Lease Records of Orange County, California.

58. Oil and Gas Lease dated May 27, 1968 by and between Placentia Unified School District, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8693, Page 883 of the Lease Records of Orange County, California.

59. Oil and Gas Lease dated January 31, 1955 by and between A. T. & S. F Railway, as Lessor, and James Herley, as Lessee, recorded in Book 3038, Page 443 of the Lease Records of Orange County, California.

60. Oil and Gas Lease dated June 22, 1967 by and between Hathaway Company, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8311, Page 118 of the Lease Records of Orange County, California.

61. Oil and Gas Lease dated August 28, 1968 by and between Stern Realty Company, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8720, Page 501 of the Lease Records of Orange County, California.

62. Oil and Gas Lease dated February 24, 1953 by and between Victor Lypps, as Lessor, and James Michelin, as Lessee, recorded in Book 2465, Page 371 of the Lease Records of Orange County, California.

63. Oil and Gas Lease dated March 22, 1954 by and between Emory P. Francis, as Lessor, and James Michelin, as Lessee, recorded in Book 2694, Page 001 of the Lease Records of Orange County, California.

64. Oil and Gas Lease dated May 29, 1940 by and between Walter E. Pyne, as Lessor, and Chiksan Oil Company, Ltd., as Lessee, recorded in Book 1089, Page 591 of the Lease Records of Orange County, California.

65. Oil and Gas Lease dated May 29, 1940 by and between Rudolph Wetzer, as Lessor, and Chiksan Oil Company, Ltd., as Lessee, recorded in Book 1062, Page 529 of the Lease Records of Orange County, California.

66. Oil and Gas Lease dated May 29, 1940 by and between Harry Helming, as Lessor, and Chiksan Oil Company, Ltd., as Lessee, recorded in Book 1093, Page 361 of the Lease Records of Orange County, California.

67. Oil and Gas Lease dated May 29, 1940 by and between Ellen C. Wauberg, as Lessor, and Chiksan Oil Company, Ltd as Lessee, recorded in Book 1094, Page 243 of the Lease Records of Orange County, California.

68. Oil and Gas Lease dated October 1, 1919 by and between Walter E. Pyne; as Lessor, and National Bank & Trust Company, as Lessee, recorded in Book 13, Page 60 of the Lease Records of Orange County, California.

69. Oil and Gas Lease dated November 16, 1967 by and between Jerome Weinberg, Inc., as Lessor, and Getty Oil Company, as Lessee, recorded in Book 8472, Page 592 of the Lease Records of Orange County, California.

70. Oil and Gas Lease dated January 3, 1927 by and between Samuel P. Mullen, as Lessor, and General Petroleum, as Lessee, recorded in Book 1, Page 355 of the Lease Records of Orange County, California.

71. Oil and Gas Lease dated April 20, 1927 by and between Chanslr-Canf. Midway Oil Company, as Lessor, and general Petroleum, as Lessee, recorded in Book 39, Page 247 of the Lease Records of Orange County, California.

72. Oil and Gas Lease dated March 17, 1919 by and between Nick Hugo, as Lessor, and Oscar R. Howard, as Lessee, recorded in Book 9, Page 354 of the Lease Records of Orange County, California.

73. Oil and Gas Lease dated October 1, 1945 by and between Stem Realty Company, as Lessor, and basin Oil Company, as Lessee, recorded in Book 1380, Page 179 of the Lease Records of Orange County, California.

Unitized in Section 27, 28, 29, 32, 33, and 34 ofT-3-S, R-9-W

Lessor: Richards Fletcher Evans, Rosa B. Evans. Marion S. Flippen, Anna M. Richards, Eliza Travis Flippen, Wade H. Flippen, Jeannette Flippen, Edith H. Flippen
Dated: August 24, 1943
Recorded: V1229/P271

Lessor: Benoit Oxandabourne, Gracreuse Oxandbourne, Ralph A. Phillips, Frances L. Phillips, Gertrude D. Wilson
Dated: April 25, 1962
Recorded: V6139/P014

Lessor:  Ralph A. Phillips, Frances L. Phillips, Gertrude D. Wilson
Dated: April 25, 1962
Recorded: V6139/P015

Lessor: Lilah 0. Nicchols, Frank H. Nichols, Clara Wells Lambert, Leta W. Abbot
Dated: April 25, 1962
Recorded: V6139/P027

Lessor: Lilah 0. Nicchols, Frank H. Nichols, Clara Wells Lambert, Leta W. Abbot
Dated: April 25, 1962
Recorded: V6139/P028

Lessor: David C. Bright, William C. Bright
Dated: April 25, 1962
Recorded: V6139/P042

Lessor: Charles F. Ahline
Dated: April 25, 1962
Recorded: V6217/P383

Lessor: Charles F. Ahline
Dated: April 25, 1962
Recorded: V6217/P384

Lessor: Charles L. Wilson, Hermine Lucy Jenkins
Dated: September 24, 1944
Recorded: Vl251/P532

Lessor: J.D. Kenner, Crystal M. Kenner

Dated: September 24, 1944
Recorded: V1258/P458

Lessor: Thomas Bradford McMurtrey
Dated: September 24, 1944
Recorded: V1261/Pl01

Lessor: G.W. Wells, Clara L. Wells, D.H. Blume, Annie F. Blume, John H. Nichols, Josephine
        E. Nichols, Colistia A. Wilson, Earl M. Bright, Ralph A. Phillips,
Frances L. Phillips
Dated: September 24, 1944
Recorded: V1261/Pl10

Lessor: Bertie Domann, May E. Dennis, N.T. Edwards, May L. Edwards, W.J. Cheney, Eva F.
        Cheney, Roberta Lee Fixen, Sally W. Koehler, Elizabeth Cobb
Dated: September 24, 1944
Recorded: Vl261/P110

Lessor: Anaheim Union Water Company
Dated: February 10, 1926
Recorded: V0057/P081
Lessor: Rosa Yorba Locke, Herman F. Lock
Dated: June 2, 1926
Recorded: V0059/P084

Lessor: Laurie Vejar, Carrie Vejar, Beatrice Vejar De Soto, Ernest De Soto, Ramona Vejar,
        Theresa Vejar McEachin, Earl McEachin, Sophia Vejar Jones, Lawrence Jones
Dated: February 1, 1926
Recorded: V0059/P317

Lessor: Anaheim Union Water Company
Dated: March 15, 1943
Recorded: VI193/P087

Lessor: Adolf Schoepe, Martha Virginia Schoepe
Dated: April 1, 1965
Recorded: V7520/P832

Lessor: Adolf Schoepe, Martha Virginia Schoepe
Dated: May 22, 1967
Recorded: V8317/Pl76

Lessor: Richard F. Hathaway
Dated: May 16, 1949
Recorded: V606/P735

Lessor: Mayme C. Nelson
Dated: July 13, 1949
Recorded: V1897/P292

Lessor: Agapito Munoz
Dated: July 13, 1949
Recorded: V2030/Pl

Lessor: Adelaide V. Krause
Dated: July 5, 1949
Recorded: Vl897/P305

Lessor: Avalon A. Adams, Trustee
Dated: June 26, 1971
Recorded: V9701/P330

Lessor: Municipal Securities Company
Dated: March 23, 1957
Recorded: V3990/P568

Lessor: Louis O. Dorado, Jr. Et Ux
Lessee: R.K. Sunny, Inc
Dated: August 1, 1966
Recorded: 8137/227

Grantor: Mobil Exploration & Production North America, Inc
Grantee: Omimer Petroleum, Inc
Dated: 10/1/90 (mineral deed)
Recorded: 91-100760

Lessor: Ricardo De Casas
Lessee: Hathaway Co.
Dated:  06/22/50
Recorded: 2044/ 379

Lessor: Lola M. Hathaway
Dated: 08/10/29
Lessee: Oscar R. Howard
Recorded: 592 / 329
Tract: 48

Lessor: Lucy A. Kammerer
Dated: 03/08/54
Lessee: Hathaway Co.
Recorded: 2093/ 616

Tract:58

Lessor: Joseph W. Johnson
Dated: 04/10/19
Lessee: Amalgamated Oil
Recorded:10/90
Tract:58

Lessor: P.W. & V.B. Thomson
Dated: 04/30/19
Lessee: Amalgamated Oil
Recorded: 10 /258
Tract:59

Lessor: Emma J. Bayha
Dated: 05/17/19
Lessee: Amalgamated Oil
Recorded: 10/355
Tract:60A

Lessor: Jerome Weinberg, Inc.
Dated: 11/16/67
Lessee: Getty Oil, Inc.
Recorded: 8472 / 592
Tract:60A

Lessor: E.L. Danker
Dated: 09/09/57
Lessee: Hathaway Co.
Recorded: 4051/365
Tract:65

Lessor: Olive Krug
Dated: 04/26/19
Lessee: M.P. Waite
Recorded: 10/310
Tract: 63

Lessor: George W. Issac
Dated: 08/02/19
Lessee: Petro Midway Co.
Recorded: 11/198
Tract: 64

Lessor: Dr. SW Dove et al
Dated: 10/16/19

Lessee: Robert M. Shearer
Recorded: 13/81
Tract: 69

Lessor: Nonnan T. Boisseranc
Dated: 03/30/1920
Lessee: Robert M. Shearer (Lots 5 &10 of Block 35 of Yorba Linda Tract as shown in Book 5,
Pages 17 &18 of Miscel. Maps, Orange County, Ca.)

Lessor: Avalon A. Adams, Trste
Dated: 06/26/71
Lessee:Texaco
Recorded: 9701/284
Tract: 70

Lessor: Avalon A. Adams, Trste
Dated: 06/26/71
Lessee: Texaco
Recorded: 9701/307
Tract: 72-2

Lessor: Ivan Collier
Dated: 10/01/72
Lesee: Texaco
Recorded: 10412/787
Tract: 47

Lessor: Nonnan Boiseranc
Dated: 03/01/71
Leesse: Texaco
Recorded: 9701/381
Tract: 69

Lessor: F.D. & L.D. Thomson
Dated: 02/09/71
Lessee: Getty Oil Co.
Recorded: 10368 / 53
Tract: 59

Lessor:  J.K. Ganong (Koch Est)
Dated: 12/31/71
Lessee: Texaco
Recorded: 11056 /147
Tract: 69

Lessor: Agnes E. Schlecter

Dated: 10/04/27
Lessee: Conoco
Recorded: 95/241
Tract: 43

Lessor: Gerardo R. Navarro
Dated: 07/25/21
Lesee: Sam P. Mullen
Recorded: 27/43
Tract: 44

Lessor: Chansolor-Canfield
Dated: 12/31/28
Lessee: Conoco
Recorded: Ptns. Of Lots 1-10, 16-27, inclusive Midway Oil
Bile 23 of Richfield Townsite, map thereof recorded June 15, 1888 in Book 31, Page 61,
Los Angeles County.

Lessor: E. Walter Payne
Dated: 10/01/19
Lessee: Nat'l Bank & Trst.
Recorded: 18/64
Tract: 48

Lessor: E. Walter Payne
Dated: 01/06/20
Lessee: Harrington-Dumas
 Recorded: 12/294
Tract: 50

Lessor: E.P. Francis '
Dated: 07/30/61
Lessee: State Explor. Co
Recorded: 2412/272
Tract: 51

Lessor: Margaret M. Lee
Dated: 01/29/52
Lessee: State Explor. Co.
Recorded: 2412/266
Tract: 52

Lessor: Stem Realty Co.
Dated: 05/01/51
Lessee: State Explor. Co.
Recorded: 2413/75
Tract: 53

Lessor: Stern Realty Co.
Dated: 05/01/51
Lessee: State Explor.Co.
Recorded: 2413/75
Tract: 55

Lessor: Stern Realty Co.
Dated: 0/18/S3
Lessee: State Explor. Co.
Recorded: 2617/351
Tract: 56

Lessor: Katherine Yamell
Dated: 04/10/28
Lessee: Merchants Petro.
Recorded 158/l
Tract: 61

Lessor: Stern Realty Co.
Dated: 08/30/29
Lessee: Jimsco Oil Co.
Recorded: 308/324
Tract: 64

Lessor: Cloyd Laibe et al
Dated: 11/01/65
Lessee: Union Oil Co.
Recorded: 8287/250:  8305 / 96

Lessor: Merchants Petroleum Co.
Dated: 06/20/28
Lesee: Union Oil Co.
Recorded: 172/233
Tract: 23

Lessor: Stern Realty
Dated:11/01/18
Lessee: Union Oil Co.
Recorded: 7/185
Tract: 4

Lessor: California Trust Co.
Dated: 08/27/54
Lessee: Arrowhead Oil Co.
Recorded: 7407/285

Tract: 41

Lessor: A.Wardman et ux
Dated: 01/04/19
Lessee: F.M. Shelby
Recorded: 9/240
Tract: 62

Lessor: John S. Zuckeman et ux
Dated: 07/12/1929
Lessee: Bradford Bros. Inc.
Recorded: 295/80
Tract: 4

Lessor: E. Walter Payne
Dated: 05/29/40
Lessee: Chiksan Oil Co.
Recorded: 1089/591
Tract: 49

Lessor: Stern Realty Co.
Dated: 10/01/45
Lessee: Basin Oil Co.
Recorded: 1380/179
Tract: 65

**All interest listed above are subject to an override royalty of 2% by RSG:**

1.  Assignment of Interest in Oil and gas Leases from Greka Oil and Gas, Inc. to Randeep S. Grewal recorded October 28, 2002 with Instrument No. 2004000972452 and 2004000972454 in the Official Records of Orange County.

2.  Assignment of Overriding Royalty from Saba Petroleum to Randeep S. Grewal recorded on November 24, 1999 as Instrument No. 01991668786 in the Official Records of Kern County.

Note: Randeep S. Grewal has transferred the override to different entities and changed the names of entities.

# EXHIBIT A-1

## WELLS

| HVI Cat Canyon Wells | R.E.D.U Field | | | | | | |
|---|---|---|---|---|---|---|---|
| API | Lease Name | Well No. | Current Status | Field | PLSS | Location (Lat/Long) | County |
| 0405906250 | Redu | X10 | Active | Richfield | 33, 03S, 09W, SB | (33.86837006, -117.83302307) | Orange |
| 0405906562 | Redu | X11 | Active | Richfield | 33, 03S, 09W, SB | (33.87232208, -117.83205414) | Orange |
| 0405906454 | Redu | X12 | Active | Richfield | 33, 03S, 09W, SB | (33.87160110, -117.83228302) | Orange |
| 0405902952 | Redu | X14 | Active | Richfield | 33, 03S, 09W, SB | (33.86941528, -117.83258057) | Orange |
| 0405902951 | Redu | X15 | Active | Richfield | 33, 03S, 09W, SB | (33.86894226, -117.83202362) | Orange |
| 0405906251 | Redu | X16 | Active | Richfield | 33, 03S, 09W, SB | (33.86883545, -117.83225250) | Orange |
| 0405906462 | Redu | X17 | Active | Richfield | 33, 03S, 09W, SB | (33.87166595, -117.83171082) | Orange |
| 0405906241 | Redu | X2 | Idle | Richfield | 33, 03S, 09W, SB | (33.86831665, -117.83538055) | Orange |
| 0405906547 | Redu | X20 | Idle | Richfield | 33, 03S, 09W, SB | (33.87103653, -117.83119202) | Orange |
| 0405906059 | Redu | X21 | Idle | Richfield | 33, 03S, 09W, SB | (33.86903763, -117.83116150) | Orange |
| 0405906510 | Redu | X22 | Active | Richfield | 33, 03S, 09W, SB | (33.86896515, -117.82994843) | Orange |
| 0405906052 | Redu | X23 | Idle | Richfield | 33, 03S, 09W, SB | (33.87236786, -117.82896423) | Orange |
| 0405906054 | Redu | X24 | Idle | Richfield | 33, 03S, 09W, SB | (33.87149429, -117.82895660) | Orange |
| 0405906056 | Redu | X25 | Active | Richfield | 33, 03S, 09W, SB | (33.86978531, -117.82892609) | Orange |
| 0405906249 | Redu | X3 | Idle | Richfield | 33, 03S, 09W, SB | (33.86831665, -117.83522797) | Orange |
| 0405920660 | Redu | X31 | Idle | Richfield | 33, 03S, 09W, SB | (33.87178040, -117.82826233) | Orange |
| 0405920659 | Redu | X32 | Idle | Richfield | 33, 03S, 09W, SB | (33.87178040, -117.82822418) | Orange |
| 0405920661 | Redu | X33 | Active | Richfield | 33, 03S, 09W, SB | (33.87178421, -117.82819366) | Orange |
| 0405920663 | Redu | X35 | Idle | Richfield | 33, 03S, 09W, SB | (33.87178421, -117.82810974) | Orange |
| 0405920662 | Redu | X36 | Idle | Richfield | 33, 03S, 09W, SB | (33.87178040, -117.82807159) | Orange |
| 0405920664 | Redu | X37 | Idle | Richfield | 33, 03S, 09W, SB | (33.87178421, -117.82802582) | Orange |
| 0405906644 | Redu | X38 | Idle | Richfield | 33, 03S, 09W, SB | (33.87067032, -117.82813263) | Orange |
| 0405906643 | Redu | X39 | Idle | Richfield | 33, 03S, 09W, SB | (33.87067032, -117.82794952) | Orange |
| 0405906519 | Redu | X4 | Idle | Richfield | 33, 03S, 09W, SB | (33.86907196, -117.83463287) | Orange |
| 0405906646 | Redu | X40 | Idle | Richfield | 33, 03S, 09W, SB | (33.86960983, -117.82793427) | Orange |
| 0405906307 | Redu | X41 | Idle | Richfield | 33, 03S, 09W, SB | (33.86805344, -117.82817841) | Orange |
| 0405906309 | Redu | X42 | Active | Richfield | 33, 03S, 09W, SB | (33.86801147, -117.82705688) | Orange |
| 0405906638 | Redu | X43 | Idle | Richfield | 33, 03S, 09W, SB | (33.87256622, -117.82640076) | Orange |
| 0405920912 | Redu | X47 | Idle | Richfield | 33, 03S, 09W, SB | (33.86987305, -117.82884979) | Orange |
| 0405921242 | Redu | X48 | Active | Richfield | 33, 03S, 09W, SB | (33.86750793, -117.83549500) | Orange |
| 0405921273 | Redu | X49 | Active | Richfield | 33, 03S, 09W, SB | (33.86751175, -117.83523560) | Orange |
| 0405906064 | Redu | X5 | P&A | Richfield | 33, 03S, 09W, SB | (33.86854935, -117.83446503) | Orange |
| 0405921271 | Redu | X50 | Active | Richfield | 33, 03S, 09W, SB | (33.86751556, -117.83537292) | Orange |
| 0405906252 | Redu | X8 | Idle | Richfield | 33, 03S, 09W, SB | (33.86941528, -117.83339691) | Orange |

EXHIBIT A-1

TO

REDU PURCHASE AND SALE AGREEMENT

| 0405906063 | Redu | X9 | P&A | Richfield | 33, 03S, 09W, SB | (33.86880875, -117.83305359) | Orange |
|---|---|---|---|---|---|---|---|
| 0405906035 | Redu | XW1 | Idle | Richfield | 32, 03S, 09W, SB | (33.86842728, -117.83753204) | Orange |
| 0405906050 | Redu | XW10R | Idle | Richfield | 33, 03S, 09W, SB | (33.86903000, -117.82865906) | Orange |
| 0405906649 | Redu | XW11 | Idle | Richfield | 33, 03S, 09W, SB | (33.87137604, -117.82639313) | Orange |
| 0405906641 | Redu | XW12 | Idle | Richfield | 33, 03S, 09W, SB | (33.87012863, -117.82650757) | Orange |
| 0405906468 | Redu | XW13 | Idle | Richfield | 33, 03S, 09W, SB | (33.87081528, -117.83169556) | Orange |
| 0405906560 | Redu | XW14 | Idle | Richfield | 33, 03S, 09W, SB | (33.87176132, -117.83119202) | Orange |
| 0405906240 | Redu | XW15 | Idle | Richfield | 33, 03S, 09W, SB | (33.87036896, -117.83311462) | Orange |
| 0405921241 | Redu | XW16 | Active | Richfield | 33, 03S, 09W, SB | (33.86750793, -117.83556366) | Orange |
| 0405921251 | Redu | XW17 | Active | Richfield | 33, 03S, 09W, SB | (33.86751175, -117.83544159) | Orange |
| 0405906639 | Redu | XW18 | Idle | Richfield | 33, 03S, 09W, SB | (33.87248230, -117.82809448) | Orange |
| 0405920665 | Redu | XW19 | Idle | Richfield | 33, 03S, 09W, SB | (33.87178421, -117.82815552) | Orange |
| 0405906065 | Redu | XW2 | Active | Richfield | 33, 03S, 09W, SB | (33.86900711, -117.83380890) | Orange |
| 0405921272 | Redu | XW20 | Active | Richfield | 33, 03S, 09W, SB | (33.86751175, -117.83530426) | Orange |
| 0405906563 | Redu | XW21 | Idle | Richfield | 33, 03S, 09W, SB | (33.87098694, -117.83254242) | Orange |
| 0405906051 | Redu | XW3 | Active | Richfield | 33, 03S, 09W, SB | (33.87183762, -117.83028412) | Orange |
| 0405906053 | Redu | XW4 | Idle | Richfield | 33, 03S, 09W, SB | (33.87060928, -117.83025360) | Orange |
| 0405906057 | Redu | XW5 | Idle | Richfield | 33, 03S, 09W, SB | (33.86971283, -117.83032227) | Orange |
| 0405906055 | Redu | XW6 | Active | Richfield | 33, 03S, 09W, SB | (33.87065506, -117.82875824) | Orange |
| 0405906637 | Redu | XW7 | Idle | Richfield | 33, 03S, 09W, SB | (33.87255096, -117.82798004) | Orange |
| 0405920666 | Redu | XW8 | Idle | Richfield | 33, 03S, 09W, SB | (33.87178421, -117.82813263) | Orange |
| 0405906305 | Redu | XW9 | Idle | Richfield | 33, 03S, 09W, SB | (33.87152863, -117.82796478) | Orange |
| 0405906316 | Redu | Y1 | P&A | Richfield | 33, 03S, 09W, SB | (33.87342072, -117.82563782) | Orange |
| 0405906276 | Redu | Y11 | Idle | Richfield | 33, 03S, 09W, SB | (33.87038803, -117.82398224) | Orange |
| 0405906291 | Redu | Y12 | Active | Richfield | 33, 03S, 09W, SB | (33.86957550, -117.82384491) | Orange |
| 0405906610 | Redu | Y13 | Active | Richfield | 33, 03S, 09W, SB | (33.86856842, -117.82345581) | Orange |
| 0405920704 | Redu | Y14 | Active | Richfield | 33, 03S, 09W, SB | (33.86928177, -117.82119751) | Orange |
| 0405920705 | Redu | Y15 | Idle | Richfield | 33, 03S, 09W, SB | (33.86925507, -117.82120514) | Orange |
| 0405920706 | Redu | Y16 | Idle | Richfield | 33, 03S, 09W, SB | (33.86923218, -117.82122803) | Orange |
| 0405920703 | Redu | Y17 | Idle | Richfield | 33, 03S, 09W, SB | (33.86920166, -117.82125854) | Orange |
| 0405920702 | Redu | Y18 | Idle | Richfield | 33, 03S, 09W, SB | (33.86919403, -117.82128143) | Orange |
| 0405920694 | Redu | Y19 | Active | Richfield | 33, 03S, 09W, SB | (33.86917114, -117.82129669) | Orange |
| 0405906282 | Redu | Y2 | P&A | Richfield | 33, 03S, 09W, SB | (33.87168503, -117.82563019) | Orange |
| 0405920695 | Redu | Y20 | Idle | Richfield | 33, 03S, 09W, SB | (33.86915207, -117.82132721) | Orange |
| 0405920691 | Redu | Y22 | Active | Richfield | 33, 03S, 09W, SB | (33.86912918, -117.82137299) | Orange |
| 0405906601 | Redu | Y27 | Idle | Richfield | 34, 03S, 09W, SB | (33.86923599, -117.81739044) | Orange |
| 0405906281 | Redu | Y3 | P&A | Richfield | 33, 03S, 09W, SB | (33.87095642, -117.82584381) | Orange |
| 0405906605 | Redu | Y30 | Active | Richfield | 34, 03S, 09W, SB | (33.86867142, -117.81634521) | Orange |
| 0405906221 | Redu | Y35 | Idle | Richfield | 34, 03S, 09W, SB | (33.86963654, -117.81510925) | Orange |
| 0405906108 | Redu | Y36 | Idle | Richfield | 34, 03S, 09W, SB | (33.87212753, -117.81476593) | Orange |
| 0405906105 | Redu | Y37 | Active | Richfield | 34, 03S, 09W, SB | (33.87123489, -117.81463623) | Orange |

| 0405906104 | Redu | Y38 | Idle | Richfield | 34, 03S, 09W, SB | (33.87231064, -117.81451416) | Orange |
|---|---|---|---|---|---|---|---|
| 0405906286 | Redu | Y4 | P&A | Richfield | 33, 03S, 09W, SB | (33.87086487, -117.82553101) | Orange |
| 0405906604 | Redu | Y40 | Active | Richfield | 34, 03S, 09W, SB | (33.87045288, -117.81420135) | Orange |
| 0405906222 | Redu | Y41 | Idle | Richfield | 34, 03S, 09W, SB | (33.86983871, -117.81396484) | Orange |
| 0405906106 | Redu | Y42 | Active | Richfield | 34, 03S, 09W, SB | (33.87076569, -117.81324768) | Orange |
| 0405906210 | Redu | Y43 | Idle | Richfield | 34, 03S, 09W, SB | (33.86998367, -117.81294250) | Orange |
| 0405906110 | Redu | Y46 | Active | Richfield | 34, 03S, 09W, SB | (33.87168884, -117.81143188) | Orange |
| 0405906114 | Redu | Y47 | Idle | Richfield | 34, 03S, 09W, SB | (33.87116623, -117.81109619) | Orange |
| 0405906111 | Redu | Y49 | Idle | Richfield | 34, 03S, 09W, SB | (33.87177658, -117.80995941) | Orange |
| 0405920913 | Redu | Y53 | Active | Richfield | 33, 03S, 09W, SB | (33.87004471, -117.82558441) | Orange |
| 0405906287 | Redu | Y6 | Idle | Richfield | 33, 03S, 09W, SB | (33.86991119, -117.82568359) | Orange |
| 0405906279 | Redu | Y9 | P&A | Richfield | 33, 03S, 09W, SB | (33.87066650, -117.82485962) | Orange |
| 0405906317 | Redu | YW1 | P&A | Richfield | 33, 03S, 09W, SB | (33.87247467, -117.82582092) | Orange |
| 0405920708 | Redu | YW10 | Idle | Richfield | 33, 03S, 09W, SB | (33.86931229, -117.82118988) | Orange |
| 0405906578 | Redu | YW11 | Idle | Richfield | 33, 03S, 09W, SB | (33.87271881, -117.82029724) | Orange |
| 0405906579 | Redu | YW12 | Idle | Richfield | 33, 03S, 09W, SB | (33.87173462, -117.82047272) | Orange |
| 0405906298 | Redu | YW13 | Idle | Richfield | 33, 03S, 09W, SB | (33.86864471, -117.82072449) | Orange |
| 0405906295 | Redu | YW14 | Active | Richfield | 34, 03S, 09W, SB | (33.86907196, -117.81932831) | Orange |
| 0405906121 | Redu | YW15C&K | Idle | Richfield | 34, 03S, 09W, SB | (33.87025452, -117.81790924) | Orange |
| 0405906109 | Redu | YW16C&K | Idle | Richfield | 34, 03S, 09W, SB | (33.87218857, -117.81492615) | Orange |
| 0405906107 | Redu | YW17C&K | Idle | Richfield | 34, 03S, 09W, SB | (33.87182236, -117.81520844) | Orange |
| 0405906603 | Redu | YW18 | Idle | Richfield | 34, 03S, 09W, SB | (33.87013245, -117.81533051) | Orange |
| 0405906112 | Redu | YW19 | Active | Richfield | 34, 03S, 09W, SB | (33.87207794, -117.81439209) | Orange |
| 0405906319 | Redu | YW2 | P&A | Richfield | 33, 03S, 09W, SB | (33.87247086, -117.82427979) | Orange |
| 0405906212 | Redu | YW20 | Idle | Richfield | 34, 03S, 09W, SB | (33.87010193, -117.81245422) | Orange |
| 0405906113 | Redu | YW21 | Idle | Richfield | 34, 03S, 09W, SB | (33.87100220, -117.81158447) | Orange |
| 0405920692 | Redu | YW22 | Active | Richfield | 33, 03S, 09W, SB | (33.86912155, -117.82140350) | Orange |
| 0405906602 | Redu | YW24 | Idle | Richfield | 34, 03S, 09W, SB | (33.86954880, -117.81629944) | Orange |
| 0405906310 | Redu | YW-25 | Idle | Richfield | 33, 03S, 09W, SB | (33.86788177, -117.82494354) | Orange |
| 0405920701 | Redu | YW26 | Idle | Richfield | 33, 03S, 09W, SB | (33.86913681, -117.82135010) | Orange |
| 0405906275 | Redu | YW3 | P&A | Richfield | 33, 03S, 09W, SB | (33.87099838, -117.82425690) | Orange |
| 0405906288 | Redu | YW4 | Active | Richfield | 33, 03S, 09W, SB | (33.86986923, -117.82449341) | Orange |
| 0405906320 | Redu | YW6 | P&A | Richfield | 33, 03S, 09W, SB | (33.87252426, -117.82338715) | Orange |
| 0405906581 | Redu | YW7 | Idle | Richfield | 33, 03S, 09W, SB | (33.87116623, -117.82228851) | Orange |
| 0405906609 | Redu | YW8 | Idle | Richfield | 33, 03S, 09W, SB | (33.86846924, -117.82251740) | Orange |
| 0405920707 | Redu | YW9 | Idle | Richfield | 33, 03S, 09W, SB | (33.86933899, -117.82118225) | Orange |
| 0405906230 | Redu | Z1 | Active | Richfield | 32, 03S, 09W, SB | (33.86666870, -117.83876801) | Orange |
| 0405906235 | Redu | Z10 | Active | Richfield | 33, 03S, 09W, SB | (33.86594009, -117.83564758) | Orange |
| 0405906243 | Redu | Z12 | Idle | Richfield | 33, 03S, 09W, SB | (33.86743546, -117.83453369) | Orange |
| 0405921240 | Redu | Z13 | Idle | Richfield | 33, 03S, 09W, SB | (33.86751175, -117.83563232) | Orange |
| 0405906233 | Redu | Z17 | Active | Richfield | 33, 03S, 09W, SB | (33.86656570, -117.83479309) | Orange |

| 0405906234 | Redu | Z18 | Active | Richfield | 33, 03S, 09W, SB | (33.86493301, -117.83467102) | Orange |
|---|---|---|---|---|---|---|---|
| 0405906231 | Redu | Z2 | Active | Richfield | 32, 03S, 09W, SB | (33.86750031, -117.83753967) | Orange |
| 0405906061 | Redu | Z20 | Idle | Richfield | 33, 03S, 09W, SB | (33.86642456, -117.83208466) | Orange |
| 0405906312 | Redu | Z22 | Active | Richfield | 33, 03S, 09W, SB | (33.86645508, -117.83100891) | Orange |
| 0405906314 | Redu | Z23 | Active | Richfield | 33, 03S, 09W, SB | (33.86538315, -117.83103943) | Orange |
| 0405906068 | Redu | Z24 | Idle | Richfield | 33, 03S, 09W, SB | (33.86749649, -117.83052063) | Orange |
| 0405906048 | Redu | Z25 | Idle | Richfield | 33, 03S, 09W, SB | (33.86666870, -117.83030701) | Orange |
| 0405906071 | Redu | Z26 | Active | Richfield | 33, 03S, 09W, SB | (33.86746216, -117.83016968) | Orange |
| 0405906306 | Redu | Z27 | Active | Richfield | 33, 03S, 09W, SB | (33.86607742, -117.82997894) | Orange |
| 0405906069 | Redu | Z28 | Idle | Richfield | 33, 03S, 09W, SB | (33.86738586, -117.82961273) | Orange |
| 0405906229 | Redu | Z3 | Idle | Richfield | 32, 03S, 09W, SB | (33.86668015, -117.83752441) | Orange |
| 0405906525 | Redu | Z30 | Idle | Richfield | 33, 03S, 09W, SB | (33.86737442, -117.82833099) | Orange |
| 0405906228 | Redu | Z4 | Active | Richfield | 32, 03S, 09W, SB | (33.86590576, -117.83774567) | Orange |
| 0405906246 | Redu | Z5 | Active | Richfield | 33, 03S, 09W, SB | (33.86669159, -117.83666992) | Orange |
| 0405906244 | Redu | Z6 | Idle | Richfield | 33, 03S, 09W, SB | (33.86572266, -117.83676147) | Orange |
| 0405906245 | Redu | Z8 | Active | Richfield | 33, 03S, 09W, SB | (33.86668777, -117.83576202) | Orange |
| 0405900960 | Redu | Z9 | Idle | Richfield | 33, 03S, 09W, SB | (33.86624527, -117.83568573) | Orange |
| 0405906227 | Redu | ZW1 | Idle | Richfield | 32, 03S, 09W, SB | (33.86586380, -117.83912659) | Orange |
| 0405921278 | Redu | ZW11 | Idle | Richfield | 33, 03S, 09W, SB | (33.86751175, -117.83516693) | Orange |
| 0405906548 | Redu | ZW12 | Idle | Richfield | 33, 03S, 09W, SB | (33.86513519, -117.83187866) | Orange |
| 0405906524 | Redu | ZW13 | Idle | Richfield | 33, 03S, 09W, SB | (33.86646271, -117.82789612) | Orange |
| 0405906232 | Redu | ZW14 | Active | Richfield | 33, 03S, 09W, SB | (33.86471939, -117.83619690) | Orange |
| 0405906236 | Redu | ZW15 | Idle | Richfield | 33, 03S, 09W, SB | (33.86384964, -117.83537292) | Orange |
| 0405906247 | Redu | ZW2 | Idle | Richfield | 33, 03S, 09W, SB | (33.86751175, -117.83667755) | Orange |
| 0405906248 | Redu | ZW3 | Idle | Richfield | 33, 03S, 09W, SB | (33.86591339, -117.83676147) | Orange |
| 0405906254 | Redu | ZW4 | Active | Richfield | 33, 03S, 09W, SB | (33.86770630, -117.83388519) | Orange |
| 0405906060 | Redu | ZW5 | Idle | Richfield | 33, 03S, 09W, SB | (33.86639786, -117.83348846) | Orange |
| 0405907329 | Redu | ZW6 | Idle | Richfield | 33, 03S, 09W, SB | (33.86753082, -117.83111572) | Orange |
| 0405906313 | Redu | ZW7 | Active | Richfield | 33, 03S, 09W, SB | (33.86578369, -117.83050537) | Orange |
| 0405906526 | Redu | ZW9 | Idle | Richfield | 33, 03S, 09W, SB | (33.86727142, -117.82743835) | Orange |

## EXHIBIT A-2

### SALE AREA



1610787.1  26932

EXHIBIT A-2
TO
REDU PURCHASE AND SALE AGREEMENT

# EXHIBIT B

## ASSIGNED CONTRACTS

**SURFACE LEASES**

| No. | Instrument Title | Field | Lease Name | Address of the Lease Property | Payee | Payee Address |
|---|---|---|---|---|---|---|
| 1 | Modified Surface Lease | REDU | Boisseranc | 1920 E. Orchard Dr., Placentia, CA, 92870 | Frank Boisseranc and Sylvia, Co-Trustees of the Frank and Sylvia Bois | 300 W. Paseo de Cristobal San Clemente, CA 92672 |
| 2 | Amendment to Surface Rental Agreement | REDU | Buganko | 1920 E. Orchard Dr., Placentia, CA, 92870 | Buganko, LLC | Janet K. Ganong P.O. Box 8042 Mammoth Lake, CA 93546 |
| 3 | 2016 Modification of Surface Lease and Agreement | REDU | Thomson | 1920 E. Orchard Dr., Placentia, CA, 92870 | Robert S. Thomson, AS TRUSTEE OF THE THOMSON REVOCABLE DECLARATION OF TRUST DATED MAY 12, 2005 | 1920 Wilbur Ave. San Diego, CA 92109 |
| | | | | | Leigh Medema | 3401 Casinos Circle, Unit A. Lone Tree, CO, 80124 |
| | | | | | Michael T. McLaughlin | 3840 N. Woodridge Way Flagstaff, AZ 86004 |
| | | | | | Tim McLaughlin | 1450 E. Del Mar Ave. Orange, CA 92865 |
| | | | | | Sean W. McLaughlin | 2160 Elden Ave. Unit 101 Costa Mesa, CA 92627 |
| 4 | First Amendment to the July 1, 1972 Agreement as to Parcel 1  (9/1/2011) | REDU | Etchandy | 1920 E. Orchard Dr., Placentia, CA, 92870 | Lois Etchandy | 38547 Calle de Companero Murietta, CA 92562 |
| | | | | | Dominic Etchandy | 772 W. Town & Country Rd. Orange, CA 92868-4710 |
| | | | | | R.D. Etchandy C/O Susan McCulloch | 315 S. Via Montenaro Anaheim, CA 92807 |
| 5 | First Amendment to the July 1, 1972 Agreement as to Parcel 2  (9/21/2010) | REDU | State College | 1920 E. Orchard Dr., Placentia, CA, 92870 | State College, LLC | 2345 N. W. Haze Ave. Corvallis, OR 97330 |
| 6 | Grant of Easement and Surface Use  3/2/09 | REDU | Guarantee/Laor | 1920 E. Orchard Dr., Placentia, CA, 92870 | Guarantee Royalties, Inc. | 4640 Admiralty Way. Ste 700 Marina Del Rey, CA 90292 |
| | | | | | Laor Liquidating Associates, LP | 11801 Washington Blvd. Los Angeles, CA 90066 |
| | | | | | | |

**CONTRACTS**

| Counterparty | Field | Service | Primary Contact | Email | Address |
|---|---|---|---|---|---|
| JL Landscape Services, Inc. | REDU | Weed Abatement | Jorge Lopez | jllandscape@sbcglobal.net | 5575 Via Del Coyote, Yorba Linda, CA  92887 |
| Krummrich Engineering Corp | Santa Maria Valley/All | Field Management and Engineering, Processing | Paul Codd | pcodd@kecorp.us | 590 Poli Street Ventura, CA 93001 |

**REDU UNIT**

Unit Agreement for the Richfield East Dome Unit, Richfield Oil and Gas Field, Orange County, California, dated October 15, 1969 and recorded on December 30, 1969 as Instrument No. 18862 in Book 9177 Page 873 of the Official Records of Orange County, California, as the same may have been amended to date.

**REDU OPERATING**

Unit Operating Agreement for the Richfield East Dome Unit, Richfield Oil and Gas Field, Orange County, California, dated October 15, 1969.

1610787.1  26932

EXHIBIT B
TO
REDU PURCHASE AND SALE AGREEMENT

# **EXHIBIT C**

## EXCLUDED ASSETS

None.

## **EXHIBIT D**

FORM OF SCHEDULES OF ASSIGNED CONTRACTS TO BE ASSUMED

| Contract/Surface Lease | Counterparty | Cure Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## EXHIBIT E

### FORM OF QUITCLAIM DEED, ASSIGNMENT AND BILL OF SALE

**RECORDING REQUESTED BY AND**

**WHEN RECORDED PLEASE RETURN TO:**

**PLEASE SEND TAX STATEMENTS**

**AND RELATED MATERIALS TO:**

The Same.

_____

*Space above for Recorder's Use Only, Please.*

Special indexing request:  Recorder please index as "Grantor" each of McConnell, Michael A., as Trustee, HVI Cat Canyon, Inc., and [OTHERS?]

```
DOCUMENTARY TRANSFER TAX (total):
                                        $_____
Including ___ County  @ $_._/$___       $_____
City of _____  @ $_._$_____       $_____

_____ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED

_____ OR COMPUTED ON FULL VALUE LESS LIENS AND
           ENCUMBRANCES REMAINING AT TIME OF SALE

    _____
        Signature of Declarant or Agent determining tax.

    Firm Name: _____
```

# QUITCLAIM DEED, ASSIGNMENT AND BILL OF SALE

| | |
|---|---|
| **Affects Assessor's Parcel(s) No.:** | **See Exhibit A** |

THIS QUITCLAIM DEED, ASSIGNMENT AND BILL OF SALE (this "Instrument"), [effective as of _____ _, 2020], as of 7:00 a.m. Pacific Standard Time ("Effective Time"), is made by Michael A. McConnell, solely in his capacity as Chapter 11 Trustee for HVI Cat Canyon, Inc. (the "Grantor"), to _____, a _____ (the "Grantee"), pursuant, upon and subject to the terms and provisions of that certain Purchase and Sale Agreement dated _____, 2020, by and between Grantor and Grantee (the "Agreement"), and that certain order [DESCRIBE] authorizing and approving the transaction that is the subject of the Agreement and this Instrument ("Order") reference being made to a fully executed counterpart original of the Agreement in the hands of each of Grantor and Grantee and to a certified copy of the Order recorded concurrently herewith for further particulars.

## ARTICLE I

### Granting

For Ten Dollars ($10.00) and other good and valuable consideration, the receipt, and sufficiency of which are hereby acknowledged, Grantor does hereby remise, release, quitclaim, transfer, convey, set over, assign and deliver unto Grantee all of Grantor's right, title and interest in and to the following (the "Assets," i.e., (a) through (s), below, excluding however the hereinafter defined and described Excluded Assets):

(a)    the leases (and all leasehold estates created thereby), subleases and oil and gas fee interests, non-leasehold mineral rights, mineral servitudes, working interests, production payments, executive rights, overriding royalties, mineral interests, non-participating mineral interests, net profits interests, net revenue interests, carried interests, options, rights to oil, gas and other hydrocarbons, (including casinghead gas, condensate, sulfur, carbon dioxide and any other minerals extracted from, attributable to or produced in association therewith) ("Hydrocarbons") in place, rights of recoupment, reversionary interests, convertible interests, rights to reassignment, pipeline rights-of-way and other similar rights-of-way and easements, and all other oil and gas interests of any kind or character derived therefrom, whether vested or contingent, whether producing or non-producing, in each case, described in Exhibit A (Grantor's interest in such leases and other interests, the "Leases"), together with all rights, privileges, benefits and powers conferred upon Grantor as the holder of the Leases with respect to the use

1608779.1 26932                                    3

and occupation of the surface of the lands covered thereby, and together with any and all rights, titles and interests of Grantor in and to any units or pooling arrangements (including statutory forced pooling orders) wherein all or any part of the Leases are pooled or unitized, including the units and pooling arrangements set forth in Exhibit A, including any and all rights, titles and interests of Seller, if any, in and to that certain Unit Agreement for the Richfield East Dome Unit, Richfield Oil and Gas Field, Orange County, California, dated October 15, 1969 (as such agreement may have been amended to date, the "Unit Agreement") and recorded on December 30, 1969 as Instrument No. 18862 in Book 9177 Page 873 of the Official Records of Orange County, California (Grantor's interest in such units or pools, the "Units"), and including all interests of Grantor derived from the Leases in production of Hydrocarbons from any such Unit, whether such Unit production of Hydrocarbons comes from Wells located on or off of a Lease;

(b)     all real property described in Exhibit A, together with all buildings and improvements located thereon and rights and interests appurtenant thereto (collectively, the "Owned Real Property");

(c)     each of the Hydrocarbons wells located on or under the Leases or the Units (whether or not completed), including the wells set forth on Exhibit A-1, whether such wells are producing, idle, shut-in or abandoned (Grantor's interest in such wells, the "Wells"), and (ii) each of the fresh water wells, injection wells, salt water disposal wells and other wells of every nature and kind located on the Leases or Units (the "Operations Wells", and collectively with the Leases, Units, Owned Real Property and Wells, the "Properties", and each individually a "Property");

(d)     all equipment, gathering systems, pipelines, flow lines, water lines, machinery, fixtures, improvements and other real, personal and mixed property, operational or nonoperational that is located on or otherwise used in connection with the Properties or other Assets, including well equipment, casing, tubing, pumps, motors, machinery, rods, tanks, pipes, compressors, meters, separators, heaters, treaters, boilers, fixtures, structures, materials and other items and appurtenances relating to or used in connection with the ownership or operation of the Properties or the other Assets (Grantor's interest in such properties, collectively, the "Personal Property");

(e)     to the extent permitted by Legal Requirements, any permit, license, registration, consent, order, approval, variance, exemption, waiver, franchise, right or other authorization (in each case) of any Governmental Authority (the "Permits") relating to the ownership or operation of the Properties;

(f)     all of the easements, rights-of-way, surface fee interests, surface leases, surface use agreements and other surface usage rights existing as of the Closing Date to the extent used in connection with the ownership or operation of the Properties or other Assets;

(g)      all of the Applicable Contracts, including the contracts set forth on Exhibit B (collectively, the "Assigned Contracts");

(h)      all radio and communication towers, wellhead communication systems and other equipment and automation systems and related telemetry on wells, in each case that are primarily used in connection with the operation of the Properties or the other Assets;

(i)      all offices, warehouses, laydown yards and other similar assets, in each case located on the Properties (including any owned or leased real or personal property relating thereto);

(j)      copies of all books, records and files, reports, Asset tax and accounting records, if any, in each case to the extent relating to the Assets, including:  (i) land and title records (including lease files, division files, Third Party brokerage information, run sheets, mineral ownership reports, abstracts of title, surveys, maps, elections, well files, title opinions and title curative documents); (ii) correspondence with Governmental Authorities; (iii) facility files (including construction records); (iv) well files, proprietary seismic data and information, production records, electric logs, core data, pressure data, and all related matters, (v) all licensed geological, geophysical and seismic data and information which is transferable without payment of any fee to a Third Party; and (vi) environmental, regulatory, accounting and Asset tax records; but excluding any of the foregoing items to the extent comprising or otherwise attributable to the Excluded Assets (the foregoing, subject to such exclusion, the "Records"), provided Grantor shall retain the original Records in case such Records are necessary for litigation purposes;

(k)      all Hydrocarbons produced from or allocated to the Properties on and after the Effective Time, as well as all Hydrocarbons in storage or pipeline as of the Effective Time, excluding the Excluded Inventory (as defined below);

(l)      Grantor's (i) reserve studies, estimates and evaluations, estimates and valuations of assets or unliquidated liabilities, pilot studies, engineering, production, financial or economic studies, reports or forecasts, and any and all similar forward-looking economic, evaluative, or financial information relating to the Assets, and (ii) licensed geological, geophysical or seismic data relating to the Assets, to the extent, in each case, such data or information is transferable and which such transfer does not require the payment of a Third Party fee (unless Grantee agrees in writing to pay such fee);

(m)      except to the extent included in the Excluded Assets, all of Grantor's proprietary computer software, patents, trade secrets, copyrights and other intellectual property, in each case relating to the Assets, provided the Trustee's access shall not be limited during the Bankruptcy Case or any action arising from the Bankruptcy Case;

(n)       except to the extent included in the Excluded Assets, all insurance policies relating to the Assets and all rights, claims and causes of action (including all audit rights, rights of indemnity, set-off or refunds and any and all rights and interests of Grantor under any policy or agreement of insurance of Grantor to the extent such rights, claims or causes of action relate to the Assets from and after the Effective Time or any of the Assumed Obligations);

(o)       except for the Retained Proceeds, all trade credits, and all other proceeds, income or revenues attributable to the Assets, whether attributable to the period prior to, at or after the Effective Time;

(p)       except to the extent included in the Excluded Assets, all claims, causes of action, manufacturers' and contractors' warranties and other rights of Grantor arising under or with respect to any Assets, whether attributable to the period prior to, at or after the Effective Time;

(q)       except to the extent included in the Excluded Assets, all rights and interests of Grantor relating to the Assets (i) under any policy or agreement of insurance or (except to the extent related to any Assumed Obligations) indemnity, or (ii) to any insurance or condemnation proceeds or awards arising, in each case, from acts, omissions or events, or damage to or destruction of property;

(r)       all audit rights arising under any of the Assigned Contracts with respect to the Assets, whether attributable to the period prior to, at or after the Effective Time; and

(s)       any vehicles and other rolling stock owned by Grantor and used with respect to any of the Assets.

NOTWITHSTANDING THE FOREGOING, the Assets shall not include, and there is excepted, reserved and excluded from this Instrument and its effect (collectively, the "Excluded Assets"):

(a)       all of Seller's right, title and interest in and to any Hydrocarbons, real property, leases, equipment or other assets or property of whatever type or character that are located outside of, do not relate to, do not constitute, or are not used in connection with, the REDU Oil Field located in Orange County, California, which excluded assets include all property that is the subject of that certain Purchase and Sale Agreement, dated as of August 18, 2020, by and between Seller and Team Maria Joaquin, L.L.C., a Delaware limited liability corporation, and Maria Joaquin Basin, L.LC., a Delaware limited liability corporation, relating to the purchase and sale of certain of the Seller's property located in Santa Barbara County, California and Kern County, California;

(b)    all documents and instruments and other data or information of Grantor that may be protected by an attorney-client privilege (other than title opinions, environmental reports or evaluations, and any documents and instruments that relate to or cover Assumed Obligations);

(c)    all documents and instruments and other data or information that cannot be disclosed to Grantee as a result of confidentiality arrangements under agreements with Third Parties (provided that Grantor shall use commercially reasonable efforts to obtain waivers of any such confidentiality arrangements or permit Grantee to execute a joinder agreement with respect thereto, without any obligation to incur any out-of-pocket cost or expense or provide any other consideration);

(d)    all claims and causes of action related to (i) Chapter 5 of the Bankruptcy Code, (ii) any commercial tort claims, (iii) claim objections with respect to scheduled or filed claims in the Bankruptcy Case, or (iv) any claims and causes of action against any director or officer of the Debtor, any Insider or Affiliate or any director or officer of an Insider or Affiliate;

(e)    all information and data of Grantor which is not transferable or which a transfer requires the payment of a Third Party fee (unless Grantee agrees in writing to pay such fee);

(f)    documents prepared or received by Grantor with respect to (i) lists of prospective purchasers for such transactions compiled by Grantor, (ii) bids submitted by other prospective purchasers of the Assets or any other interest in the Assets, (iii) analyses by Grantor of any bids submitted by any prospective purchaser, (iv) correspondence between or among Grantor or its or their respective representatives, and any prospective purchaser other than Grantee, and (v) correspondence between Grantor or any of their respective representatives with respect to any of the bids, the prospective purchasers or the transactions contemplated in this Agreement;

(g)    all of the Grantor's corporate minute books and corporate tax or financial records that relate to Grantor's business generally (without specific reference to the ownership and operation of the Assets);

(h)    Grantor's name, trade names and logos or any ownership interests in Grantor;

(i)    all security deposits, letters of credit, performance bonds or sureties;

(j)    the properties specifically identified on Exhibit C;

(k)    all cash and bank accounts of the bankruptcy estate as of the Effective Time;

(l)    all master services agreements;

(m)    all Applicable Contracts (other than the Assigned Contracts), including that certain Credit Agreement dated as of November 8, 2018, by and between the Trustee and UBS AG,

Stamford Branch (such contracts or agreements other than the Assigned Contracts, the "Excluded Contracts"), and all rights thereunder;

(n)    all engagements and similar letters and agreements with the Grantor's legal advisors, it being agreed that Grantee shall have no right to claim, own or waive any attorney-client or similar privilege in favor of the Grantor  with respect to the ownership or operation of the Assets;

(o)    any assets or properties otherwise expressly identified as Excluded Assets under the Agreement;

(p)    all trade credits, all accounts receivable, if any, and all other proceeds, income or revenues attributable to the Assets at or prior to the Effective Time (the "Retained Proceeds");

(q)    all tax refunds arising from the reassessment of any taxes paid by Seller on or prior to the Closing;

(r)    books, records and files that relate solely to any Excluded Assets;

(s)    approximately 10,000 barrels of oil stored in the Las Palmas Project located near Bakersfield, California (the "Excluded Inventory") without regard to whether or not such Excluded Inventory is produced from or allocated to the Properties;

(t)    the Purchase Price; and

(u)    all insurance policies listed on Schedule 2.02(u) of the Agreement.

TO HAVE AND TO HOLD the Assets, together with all and singular the rights, privileges, contracts and appurtenances, in any way appertaining or belonging thereto, unto Grantee, its successors and assigns, forever, subject to the matters set forth herein.

Notwithstanding anything to the contrary contained herein, to the extent covered by the Unit Agreement, all property and rights transferred to Grantee pursuant to this Instrument are and shall remain subject to the Unit Agreement.

## ARTICLE II

### Disclaimers

(a)    (i) Grantor makes no representations or warranties, express, statutory or implied, and (ii) Grantor expressly disclaims all liability and responsibility for any representation, warranty, statement or information made or communicated (orally or in writing) to Grantee (including any opinion, information, projection or advice that may have been provided to Grantee

by any employee, representative, or agent of Grantor), and Grantee acknowledges that it has not relied on any such representation, warranty statement or information.

(b)      Grantor expressly disclaims, and Grantee acknowledges that it has not relied upon, any representation or warranty, express, statutory or implied by any employee, representative, or agent of Grantor, as to (i) title to any of the Assets, (ii) the contents, character or nature of any report of any petroleum engineering consultant, or any engineering, geological or seismic data or interpretation, relating to the Assets, (iii) the quantity, quality or recoverability of hydrocarbons in or from the Assets, (iv) any estimates of the value of the Assets or future revenues generated by the Assets, (v) the production of hydrocarbons from the Assets, (vi) the maintenance, repair, condition, quality, suitability, design or marketability of the Assets, (vii) the content, character or nature of any information memorandum, reports, brochures, charts or statements prepared by or on behalf of Grantor or Third Parties with respect to the Assets, (viii) any other materials or information that may have been made available to Grantee or any Grantee representative in connection with the transactions contemplated by the Agreement or any discussion or presentation relating thereto, and (ix) any implied or express warranty of freedom from patent or trademark infringement.  Grantor further disclaims, and Grantee acknowledges that it has not relied upon, any representation or warranty, express, statutory or implied, of merchantability, freedom from latent vices or defects, fitness for a particular purpose or conformity to models or samples of materials of any Assets, rights of a Grantee under appropriate statutes to claim diminution of consideration or return of the consideration, it being expressly understood and agreed by the parties that, Grantee shall be deemed to be acquiring the Assets in their present status, condition and state of repair, "as is" and "where is" with all faults or defects (known or unknown, latent, discoverable or undiscoverable), and that Grantee will make or cause to be made such inspections as Grantee deems appropriate.

(c)      Grantor has not and will not make any representation or warranty regarding any matter or circumstance relating to environmental laws, the release of hazardous materials or other materials into the environment or the protection of human health, safety, natural resources or the environment, or any other environmental condition of the Assets, and nothing in the Agreement or otherwise shall be construed as such a representation or warranty, and Grantee acknowledges that it has not relied upon any such representation or warranty, and Grantee shall be deemed to be acquiring the Assets "as is" and "where is" with all faults for purposes of their environmental condition and that Grantee will make or cause to be made such environmental inspections as Grantee deems appropriate.

(d)      Without in any way qualifying the provisions of the foregoing subsections of this Article II, no warranty, representation, statement or information made or communicated by or on behalf of Grantor has been made or communicated for the benefit of any successor or assignee of Grantee or of any other Third Party.

(e)      Grantor and Grantee agree that, to the extent required by applicable law to be effective, the disclaimers of certain warranties contained in this Instrument are "conspicuous" disclaimers for the purposes of any applicable law, rule or order.

**Initials of Grantee: _____**

## ARTICLE III

### Miscellaneous

Section 3.01      <u>Construction</u>.  The captions in this Instrument are for convenience only and shall not be considered a part of or affect the construction or interpretation of any provision of this Instrument. Grantor and Grantee acknowledge that they have participated jointly in the negotiation and drafting of this Instrument and as such they agree that if an ambiguity or question of intent or interpretation arises hereunder, this Instrument shall not be construed more strictly against one party than another on the grounds of authorship.

Section 3.02      <u>No Third Party Beneficiaries</u>.  Except only insofar as expressly provided in Section 3.03, nothing in this Instrument shall provide any benefit to any Third Party or entitle any Third Party to any claim, cause of action, remedy or right of any kind, it being the intent of the parties hereto that this Instrument shall otherwise not be construed as a Third Party beneficiary contract.

Section 3.03      <u>Assignment</u>.  Subject to the limitations provided in Article II above, this Instrument shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

Section 3.04      <u>Agreement</u>.   If there is a conflict between this Instrument and the Agreement, the Agreement shall control.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement.

Section 3.05      <u>Governing Law</u>.  This Instrument, other documents delivered pursuant hereto and the legal relations between the parties hereto shall be governed and construed in accordance with the laws of the State of California, without giving effect to principles of conflicts of laws that would result in the application of the laws of another jurisdiction.

Section 3.06      <u>Counterpart Execution</u>.  This Instrument may be executed in any number of counterparts, and each counterpart hereof shall be effective as to each party that executes the same whether or not all of such parties execute the same counterpart. If counterparts of this Instrument are executed, the signature pages from various counterparts may be combined into one composite instrument for all purposes. All counterparts together shall constitute only one Instrument, but each counterpart shall be considered an original.

Section 3.07    <u>Recording</u>.  To facilitate the recording or filing of this Instrument, the counterpart to be recorded in a given county may contain only that portion of the exhibits that describes Assets located in that county.  In addition to filing this Instrument, the parties hereto shall execute and file with the appropriate authorities, whether federal, state or local, all forms or instruments required by applicable law to effectuate the conveyance contemplated hereby. Said instruments shall be deemed to contain all of the exceptions, reservations, rights, titles and privileges set forth herein as fully as though the same were set forth in each such instrument. The interests conveyed by such separate assignments are the same, and not in addition to the Assets conveyed herein.

[*Signature Pages to Follow*]

IN WITNESS of which, this Instrument is executed by the parties on the date of their respective acknowledgments below, but shall be effective for all purposes as of the Effective Time.

**GRANTOR:**

Michael A. McConnell, solely in his capacity as Chapter 11 Trustee for HVI Cat Canyon, Inc.

_____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _____ )

                                      ) §

County of _____ )

On _____, before me, _____ a  Notary Public, personally appeared _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the foregoing paragraph is true and correct

WITNESS my hand and official seal.


_____

Signature of Notary

(Affix seal here)

**GRANTEE**:

[_____]

By: _____
Name:
Title:

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

STATE OF _____ )

                                                   ) §

County of _____ )

On _____, before me, _____ a  Notary
Public, personally appeared _____ who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the
foregoing paragraph is true and correct

WITNESS my hand and official seal.

1608779.1  26932

_____

Signature of Notary

(Affix seal here)

**EXHIBIT A TO QUITCLAIM DEED, ASSIGNMENT AND BILL OF SALE**

**Legal Description**

[To come.]

**EXHIBIT A-1 TO QUITCLAIM DEED, ASSIGNMENT AND BILL OF SALE**

**Wells**

[To come.]

**EXHIBIT B TO QUITCLAIM DEED, ASSIGNMENT AND BILL OF SALE**

**Assigned Contracts**

[To come.]

**EXHIBIT C TO QUITCLAIM DEED, ASSIGNMENT AND BILL OF SALE**

**Excluded Assets**

[To come.]

## SCHEDULE 2.02(u)

### INSURANCE POLICIES

|  | Carrier | Amount of Coverage | Policy Expiration Date |
|---|---|---|---|
| General Liability | Markel International | $2,000,000 | 12/1/2020 |
| Worker's Compensation | Markel International | $1,000,000 | 12/1/2020 |
| Umbrella | Markel International | $5,000,000 | 12/1/2020 |

## SCHEDULE 2.04

### CURE COSTS

**SURFACE LEASES**

| Instrument Title | Field | Lease Name | Address of the Lease Property | Payee | Payee Address | Pre-Petition Amount Due | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount (H+I) | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|
| Modified Surface Lease | REDU | Boisseranc | 1920 E. Orchard Dr., Placentia, CA, 92870 | Frank Boisseranc and Sylvia, Co-Trustees of the Frank and Sylvia Bois | 300 W. Paseo de Cristobal San Clemente, CA 92672 | $0.00 | $0.00 | $0.00 | $0.00 |
| Amendment to Surface Rental Agreement | REDU | Buganko | 1920 E. Orchard Dr., Placentia, CA, 92870 | Buganko, LLC | Janet K. Ganong P.O. Box 8842 Mammoth Lake, CA 93546 | $119,011.97 | $0.00 | $119,011.97 | $119,011.97 |
| 2016 Modification of Surface Lease and Agreement | REDU | Thomson | 1920 E. Orchard Dr., Placentia, CA, 92870 | Robert S. Thomson, AS TRUSTEE OF THE THOMSON REVOCABLE DECLARATION OF TRUST DATED MAY 12, 2005 | 1920 Wilbur Ave. San Diego, CA 92109 | $7,256.56 | $0.00 | $7,256.56 | $7,256.56 |
| | | | | Leigh Miedema | 3401 Casinos Circle, Unit A. Lone Tree, CO, 80124 | $32,502.93 | $0.00 | $32,502.93 | $32,502.93 |
| | | | | Michael T. McLaughlin | 3840 N. Woodridge Way Flagstaff, AZ 86004 | $2,678.49 | $0.00 | $2,678.49 | $2,678.49 |
| | | | | Tim McLaughlin | 1450 E. Del Mar Ave. Orange, CA 92865 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | Sean W. McLaughlin | 2160 Elden Ave. Unit 101 Costa Mesa, CA 92627 | $0.00 | $0.00 | $0.00 | $0.00 |
| First Amendment to the July 1, 1972 Agreement as to Parcel 1 (9/1/2011) | REDU | Etchandy | 1920 E. Orchard Dr., Placentia, CA, 92870 | Lois Etchandy | 38547 Calle de Companero Murietta, CA 92562 | $7,343.60 | $7,343.60 | $14,687.20 | $14,687.20 |
| | | | | Dominic Etchandy | 772 W. Town & Country Rd. Orange, CA 92868-4710 | $7,343.60 | $7,343.60 | $14,687.20 | $14,687.20 |
| First Amendment to the July 1, 1972 Agreement as to Parcel 2 (9/21/2010) | REDU | State College | 1920 E. Orchard Dr., Placentia, CA, 92870 | R.D. Etchandy C/O Susan McCulloch State College, LLC | 315 S. Via Montenaro Anaheim, CA 92807 | $7,343.60 | $0.00 | $7,343.60 | $7,343.60 |
| First Amendment to the July 1, 1972 Agreement as to Parcel 2 (9/21/2010) | REDU | State College | 1920 E. Orchard Dr., Placentia, CA, 92870 | | 2345 N. W. Haze Ave. Corvallis, OR 97330 | $15,851.33 | $0.00 | $15,851.33 | $15,851.33 |
| Grant of Easement and Surface Use 3/2/09 | REDU | Guarantee/Luor | 1920 E. Orchard Dr., Placentia, CA, 92870 | Guarantee Royalties, Inc. | 4640 Admiralty Way, Ste 700 Marina Del Rey, CA 90292 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | Luor Liquidating Associates, LP | 11801 Washington Blvd. Los Angeles, CA 90066 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | Totals | | $199,332.08 | $14,687.20 | $214,019.28 | $214,019.28 |

**CONTRACTS**

| Counterparty | Field | Service | Primary Contact | Address | Email | Pre-Petition Amount Due | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount (H+I) | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|
| JL Landscape Services, Inc. | REDU | Weed Abatement | Jorge Lopez | 5575 Via Del Coyote, Yorba Linda, CA 92887 | jllandscape@sbcglobal.net | $0.00 | $0.00 | $0.00 | $0.00 |
| Krummrich Engineering Corporation | Santa Maria Valley/All | Field Management and Engineering, Processing | Paul Codd | 590 Poli Street, Ventura, CA 93001 | pcodd@kecorp.us | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | Totals | | $0.00 | $0.00 | $0.00 | $0.00 |

1

**SCHEDULE 2.04**

CURE COSTS

UNIT AGREEMENT AND OIL AND GAS LEASES

| Instrument Title | Field | Leases | | Payee | Payee Address | | Pre-Petition Amount Due | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount (H+I) | Proposed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| REDU UNIT AGREEMENT AND REDU OPERATING AGREEMENT | REDU | ALL OIL AND GAS LEASES IN THE REDU UNIT AGREEMENT ARE LISTED BELOW AND INCORPORATED HEREIN | | Payee names and address listed below | Payee names and address listed below | | $6,569,722.62 | $75,697.26 | $6,645,419.88 | $75,697.26 |

2

082

5035833_1.xlsx

**SCHEDULE 2.04**
CURE COSTS

| | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 1 | Lease dated November 08, 1926 by and between Martin Etchandy, as Lessor, and A. J. Delany, as Lessee, recorded in Book 19, Page 31 of the Lease Records of Orange County, California. |
| 2 | Lease dated August 3, 1928 by and between Martin Etchandy, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 187, Page 109 of the Lease Records of Orange County, California. |
| 3 | Lease dated May 29, 1929 by and between Lillian a. Jesson, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 275, Page 389 of the Lease Records of Orange County, California. |
| 4 | Orange County, California. |
| 5 | Lease dated June 25, 1928 by and between E. Walter Pyne, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 174, Page 298 of the Lease Records of Orange County, California |
| 6 | Lease dated October 7, 1953 by and between Stem Realty, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 2607, Page 335 of the Lease Records of Orange County, California. |
| 7 | Lease dated December 4, 1966 by and between Portfirio E. Duarte, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 502 of the Lease Records of Orange County, California. |
| 8 | Lease dated December 4, 1966 by and between A. E. Hernandez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 379 of the Lease Records of Orange County, California. |
| 9 | Lease dated December 4, 1966 by and between Manuel Pinedo, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 388 of the Lease Records of Orange County, California. |
| 10 | Lease dated December 3, 1966 by and between Ramon P. Tovar, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 397 of the Lease Records of Orange County, California. |
| 11 | Lease dated December 1, 1966 by and between Rudolf Garcia, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 406 of the Lease Records of Orange County, California. |
| 12 | Lease dated December 3, 1966 by and between Louis Vargas, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 415 of the Lease Records of Orange County, California. |
| 13 | Lease dated December 10, 1966 by and between Rudolph Arias, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 493 of the Lease Records of Orange County, California. |
| 14 | Lease dated December 10, 1966 by and between Alexander Jimenez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 475 of the Lease Records of Orange County, California. |
| 15 | Lease dated February 3, 1937 by and between John H. Wents, as Lessor, and A. D. Mitchell, as Lessee, recorded in Book 888, Page 151 of the Lease Records of Orange County, California. |
| 16 | Lease dated December 19, 1966 by and between J. G. Joseph, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 424 of the Lease Records of Orange County, California. |
| 17 | Lease dated December 15, 1966 by and between Phineas Solomon, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 484 of the Lease Records of Orange County, California. |
| 18 | Lease dated December 21, 1966 by and between V. E. Buckmaster, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 433 of the Lease Records of Orange County, California. |
| 19 | Lease dated December 22, 1966 by and between P. A. Waldworth, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 442 of the Lease Records of Orange County, California. |

1610822_1.xlsx

**SCHEDULE 2.04**
CURE COSTS

| # | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 20 | Lease dated December 29, 1965 by and -between Lupa Vasquez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8156, Page 853 of the Lease Records of Orange County, California. |
| 21 | Lease dated January 9, 1967 by and between Roman Catholic Archbishop of Los Angles, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8159, Page 313 of the Lease Records of Orange County, California. |
| 22 | Lease dated January 7, 1967 by and between James R. Roberts, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8155, Page 396 of the Lease Records of Orange County, California. |
| 23 | Lease dated January 13, 1967 by and between Freda Joseph, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8175, Page 248 of the Lease Records of Orange County, California. |
| 24 | Lease dated February 16, 1967 by and between May H. Morrison, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8190, Page 553 of the Lease Records of Orange County, California. |
| 25 | Lease dated February 20, 1967 by and between Gordon Boller, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8244, Page 316 of the Lease Records of Orange County, California. |
| 26 | Lease dated February 23, 1967 by and between Jean E. Hathaway, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8190, Page 545 of the Lease Records of Orange County, California. |
| 27 | Lease dated April 10, 1967 by and between Harold F. Taylor, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8311, Page 002 of the Lease Records of Orange County, California. |
| 28 | Lease dated April 10, 1967 by and between Roy H. Scott, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8310, Page 987 of the Lease Records of Orange County, California. |
| 29 | Lease dated April 10, 1967 by and between John C. Scott, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8336, Page 418 of the Lease Records of Orange County, California. |
| 30 | Lease dated July 29, 1966 by and between Phyllis H. Mirelez, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 272 of the Lease Records of Orange County, California. |
| 31 | Lease dated July 27, 1966 by and between Joe Matinez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 263 of the Lease Records of Orange County, California. |
| 32 | Lease dated July 25, 1966 by and between Efrain G. Savala, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 254 of the Lease Records of Orange County, California. |
| 33 | Lease dated July 28, 1966 by and between Sabas Porras, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 245 of the Lease Records of Orange County, California. |
| 34 | Lease dated August 1, 1966 by and between Antonio Moreno, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 236 of the Lease Records of Orange County, California. |
| 35 | Lease dated August 2, 1966 by and between Helen V. Mirlez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 218 of the Lease Records of Orange County, California. |
| 36 | Lease dated August 3, 1966 by and between E.W. Naess, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 210 of the Lease Records of Orange County, California. |
| 37 | Lease dated May 2, 1968 by and between Jerome Weinberg, Inc., as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8602, Page 510 of the Lease Records of Orange County, California. |
| 38 | Lease dated November 28, 1966 by and between Pauline V. Bayna Fordell, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 192 of the Lease Records of Orange County, California. |

1610822_1.xlsx

**SCHEDULE 2.04**
CURE COSTS

| | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 39 | Lease dated November 28, 1966 by and between Doris Maussnest, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8751, Page 739 of the Lease Records of Orange County, California. |
| 40 | Lease dated August 6, 1966 by and between Walter B. Morlock, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8855, Page 870 of the Lease Records of Orange County, California. |
| 41 | Lease dated August 9, 1966 by and between Eustaquio A. Vega, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 174 of the Lease Records of Orange County, California. |
| 42 | Lease dated August 10, 1966 by and between theodore Sandoval, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 813 7, Page 183 of the Lease Records of Orange County, California. |
| 43 | Lease dated August 10, 1966 by and between Esther Gonzales, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 280 of the Lease Records of Orange County, California. |
| 44 | Lease dated August 11, 1966 by and between Fred John Yalas, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 200 of the Lease Records of Orange County, California. |
| 45 | Lease dated August 12, 1966 by and between Apolinar Ramirez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 289 of the Lease Records of Orange County, California. |
| 46 | Lease dated August 12, 1966 by and between Ladisio Recendez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 298 of the Lease Records of Orange County, California. |
| 47 | Lease dated August 16, 1966 by and between E. R. Schmitt, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 307 of the Lease Records of Orange County, California. |
| 48 | Lease dated August 18, 1966 by and between Family Plan Mortgage Company, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 316 of the Lease Records of Orange County, California. |
| 49 | Lease dated August 19, 1966 by and between W. C. McCall, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 325 of the Lease Records of Orange County, California. |
| 50 | Lease dated August 23, 1966 by and between Leo Harry Sad, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 459 of the Lease Records of Orange County, California. |
| 51 | Lease dated August 26, 1966 by and between Mike G. Olivares, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 334 of the Lease Records of Orange County, California. |
| 52 | Lease dated October 3, 1966 by and between Casimero R. Anguiana, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 343 of the Lease Records of Orange County, California. |
| 53 | Lease dated November 22, 1966 by and between Bryan E. Gatewood, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 467 of the Lease Records of Orange County, California. |
| 54 | Lease dated November 22, 1966 by and between Albert H. Rangel, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 352 of the Lease Records of Orange County, California. |
| 55 | Lease dated November 25, 1966 by and between Bank of America, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 361 of the Lease Records of Orange County, California. |
| 56 | Lease dated November 27, 1966 by and between Robert Flores, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 370 of the Lease Records of Orange County, California. |
| 57 | Lease dated September 15, 1927 by and between Joseph Mondotte, as Lessor, and Continental Oil Company, as Lessee, recorded in Book 96, Page 306 of the Lease Records of Orange County, California. |

1610822_1.xlsx

**SCHEDULE 2.04**
CURE COSTS

| | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 58 | Lease dated May 27, 1968 by and between Placentia Unified School District, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8693, Page 883 of the Lease Records of Orange County, California. |
| 59 | Lease dated January 31, 1955 by and between A. T. & S. F Railway, as Lessor, and James Herley, as Lessee, recorded in Book 3038, Page 443 of the Lease Records of Orange County, California. |
| 60 | Lease dated June 22, 1967 by and between Hathaway Company, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8311, Page 118 of the Lease Records of Orange County, California. |
| 61 | Lease dated August 28, 1968 by and between Stern Realty Company, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8720, Page 501 of the Lease Records of Orange County, California. |
| 62 | Lease dated February 24, 1953 by and between Victor Lypps, as Lessor, and James Michelin, as Lessee, recorded in Book 2465, Page 371 of the Lease Records of Orange County, California. |
| 63 | Lease dated March 22, 1954 by and between Emory P. Francis, as Lessor, and James Michelin, as Lessee, recorded in Book 2694, Page 001 of the Lease Records of Orange County, California. |
| 64 | Lease dated May 29, 1940 by and between Walter E. Pyne, as Lessor, and Chiksan Oil Company, Ltd., as Lessee, recorded in Book 1089, Page 591 of the Lease Records of Orange County, California. |
| 65 | Records of Orange County, California. |
| 66 | Lease dated May 29, 1940 by and between Harry Helming, as Lessor, and Chiksan Oil Company, Ltd., as Lessee, recorded in Book 1093, Page 361 of the Lease Records of Orange County, California. |
| 67 | Lease dated May 29, 1940 by and between Ellen C. Wauberg, as Lessor, and Chiksan Oil Company, Ltd as Lessee, recorded in Book 1094, Page 243 of the Lease Records of Orange County, California. |
| 68 | Lease dated October 1, 1919 by and between Walter E. Pyne; as Lessor, and National Bank & Trust Company, as Lessee, recorded in Book 13, Page 60 of the Lease Records of Orange County, California. |
| 69 | Lease dated November 16, 1967 by and between Jerome Weinberg, Inc., as Lessor, and Getty Oil Company, as Lessee, recorded in Book 8472, Page 592 of the Lease Records of Orange County, California. |
| 70 | Lease dated January 3, 1927 by and between Samuel P. Mullen, as Lessor, and General Petroleum, as Lessee, recorded in Book 1, Page 355 of the Lease Records of Orange County, California. |
| 71 | Lease dated April 20, 1927 by and between Chanslr-Canf. Midway Oil Company, as Lessor, and general Petroleum, as Lessee, recorded in Book 39, Page 247 of the Lease Records of Orange County, California. |
| 72 | Lease dated March 17, 1919 by and between Nick Hugo, as Lessor, and Oscar R. Howard, as Lessee, recorded in Book 9, Page 354 of the Lease Records of Orange County, California. |
| 73 | Lease dated October 1, 1945 by and between Stem Realty Company, as Lessor, and basin Oil Company, as Lessee, recorded in Book 1380, Page 179 of the Lease Records of Orange County, California. |
| 74 | Lease – Lessor: Richards Fletcher Evans, Rosa B. Evans. Marion S. Flippen, Anna M. Richards, Eliza Travis Flippen, Wade H. Flippen, Jeannette Flippen, Edith H. Flippen, Dated: August 24, 1943, Recorded: V1229/P271 |
| 75 | Lease – Lessor: Benoit Oxandabourne, Gracreuse Oxandbourne, Ralph A. Phillips, Frances L. Phillips, Gertrude D. Wilson, Dated: April 25, 1962, Recorded: V6139/P014 |
| 76 | Lease – Lessor:  Ralph A. Phillips, Frances L. Phillips, Gertrude D. Wilson, Dated: April 25, 1962, Recorded: V6139/P015 |
| 77 | Lease – Lessor: Lilah O. Niccholls, Frank H. Nichols, Clara Wells Lambert, Leta W. Abbot, Dated: April 25, 1962, Recorded: V6139/P027 |
| 78 | Lease – Lessor: Lilah O. Niccholls, Frank H. Nichols, Clara Wells Lambert, Leta W. Abbot, Dated: April 25, 1962, Recorded: V6139/P028 |

1610822_1.xlsx

**SCHEDULE 2.04**
CURE COSTS

| | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 79 | Lease - Lessor: David C. Bright, William C. Bright, Dated: April 25, 1962, Recorded: V6139/P042 |
| 80 | Lease - Lessor: Charles F. Ahline, Dated: April 25, 1962, Recorded: V6217/P383 |
| 81 | Lease - Lessor: Charles F. Ahline, Dated: April 25, 1962, Recorded: V6217/P384 |
| 82 | Lease - Lessor: Charles L. Wilson, Hermine Lucy Jenkins, Dated: September 24, 1944, Recorded: VI251/P532 |
| 83 | Lease - Lessor: J.D. Kenner, Crystal M. Kenner, Dated: September 24, 1944, Recorded: V1258/P458 |
| 84 | Lease - Lessor: Thomas Bradford McMurtrey, Dated: September 24, 1944, Recorded: V1261/PI01 |
| 85 | Lease - Lessor: G.W. Wells, Clara L. Wells, D.H. Blume, Annie F. Blume, John H. Nichols, Josephine E. Nichols, Colistia A. Wilson, Earl M. Bright, Ralph A. Phillips, Frances L. Phillips, Dated: September 24, 1944, Recorded: V1261/PI10 |
| 86 | Lease - Lessor: Bertie Domann, May E. Dennis, N.T. Edwards, May L. Edwards, W.J. Cheney, Eva F. Cheney, Roberta Lee Fixen, Sally W. Koehler, Elizabeth Cobb, Dated: September 24, 1944, Recorded: VI261/P1I0 |
| 87 | Lease - Lessor: Anaheim Union Water Company, Dated: February 10, 1926, Recorded: V0057/P081 |
| 88 | Lease - Lessor: Rosa Yorba Locke, Herman F. Lock, Dated: June 2, 1926, Recorded: V0059/P084 |
| 89 | Lease - Lessor: Laurie Vejar, Carrie Vejar, Beatrice Vejar De Soto, Ernest De Soto, Ramona Vejar, Theresa Vejar McEachin, Earl McEachin, Sophia Vejar Jones, Lawrence Jones, Dated: February 1, 1926, Recorded: V0059/P317 |
| 90 | Lease - Lessor: Anaheim Union Water Company, Dated: March 15, 1943, Recorded: VI193/P087 |
| 91 | Lease - Lessor: Adolf Schoepe, Martha Virginia Schoepe, Dated: April 1, 1965, Recorded: V7520/P832 |
| 92 | Lease - Lessor: Adolf Schoepe, Martha Virginia Schoepe, Dated: May 22, 1967, Recorded: V8317/PI76 |
| 93 | Lease - Lessor: Richard F. Hathaway, Dated: May 16, 1949, Recorded: V606/P735 |
| 94 | Lease - Lessor: Mayme C. Nelson, Dated: July 13, 1949, Recorded: V1897/P292 |
| 95 | Lease - Lessor: Agapito Munoz, Dated: July 13, 1949, Recorded: V2030/PI |
| 96 | Lease - Lessor: Adelaide V. Krause, Dated: July 5, 1949, Recorded: VI897/P305 |
| 97 | Lease - Lessor: Avalon A. Adams, Trustee, Dated: June 26, 1971, Recorded: V9701/P330 |
| 98 | Lease - Lessor: Municipal Securities Company, Dated: March 23, 1957, Recorded: V3990/P568 |
| 99 | Lease - Lessor: Louis O. Dorado, Jr. Et Ux, Lessee: R.K. Sunny, Inc, Dated: August 1, 1966, Recorded: 8137/227 |
| 100 | Grantor: Mobil Exploration & Production North America, Inc, Grantee: Omimer Petroleum, Inc, Dated: 10/1/90 (mineral deed), Recorded: 91-100760 |
| 101 | Lease - Lessor: Ricardo De Casas, Lessee: Hathaway Co., Dated:  06/22/50, Recorded: 2044/ 379 |
| 102 | Lease - Lessor: Lola M. Hathaway, Dated: 08/10/29, Lessee: Oscar R. Howard , Recorded: 592 / 329, Tract: 48 |
| 103 | Lease - Lessor: Lucy A. Kammerer, Dated: 03/08/54, Lessee: Hathaway Co, Recorded: 2093/ 616 Tract:58 |
| 104 | Lease - Lessor: Joseph W. Johnson, Dated: 04/10/19, Lessee: Amalgamated Oil, Recorded: 10/90 Tract:58 |
| 105 | Lease - Lessor: P.W. & V.B. Thomson, Dated: 04/30/19, Lessee: Amalgamated Oil, Recorded: 10 /258 Tract:59 |
| 106 | Lease - Lessor: Emma J. Bayha, Dated: 05/17/19, Lessee: Amalgamated Oil, Recorded: 10/355 Tract:60A |
| 107 | Lease - Lessor: Jerome Weinberg, Inc., Dated: 11/16/67, Lessee: Getty Oil, Inc., Recorded: 8472 / 592 Tract:60A |
| 108 | Lease - Lessor: E.L. Danker, Dated: 09/09/57 Lessee: Hathaway Co., Recorded: 4051/365 Tract:65 |
| 109 | Lease - Lessor: Olive Krug, Dated: 04/26/19, Lessee: M.P. Waite, Recorded: 10/310 Tract: 63 |
| 110 | Lease - Lessor: George W. Issac, Dated: 08/02/19 Lessee: Petro Midway Co., Recorded: 11/198 Tract: 64 |
| 111 | Lease - Lessor: Dr. SW Dove et al, Dated: 10/16/19, Lessee: Robert M. Shearer, Recorded: 13/81 Tract: 69 |

1610822_1.xlsx

## SCHEDULE 2.04
### CURE COSTS

| | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 112 | Lease - Lessor: Nonnan T. Boisseranc, Dated: 03/30/1920, Lessee: Robert M. Shearer (Lots 5 &10 of Block 35 of Yorba Linda Tract as shown in Book 5, Pages 17 &18 of Miscel. Maps, Orange County, Ca.) |
| 113 | Lease - Lessor: Avalon A. Adams, Trste, Dated: 06/26/71, Lessee: Texaco, Recorded: 9701/284 Tract: 70 |
| 114 | Lease - Lessor: Avalon A. Adams, Trste, Dated: 06/26/71, Lessee: Texaco, Recorded: 9701/307 Tract: 72-2 118 |
| 115 | Lease - Lessor: Ivan Collier, Dated: 10/01/72, Lesee: Texaco, Recorded: 10412/787 Tract: 47 |
| 116 | Lease - Lessor: Nonnan Boiseranc, Dated: 03/01/71, Lessee: Texaco, Recorded: 9701/381 Tract: 69 |
| 117 | Lease - Lessor: F.D. & L.D. Thomson, Dated: 02/09/71, Lessee: Getty Oil Co., Recorded: 10368 / 53 Tract: 59 |
| 118 | Lease - Lessor: J.K. Ganong (Koch Est), Dated: 12/31/71, Lessee: Texaco, Recorded: 11056 /147 Tract: 69 |
| 119 | Lease - Lessor: Agnes E. Schlecter, Dated: 10/04/27, Lessee: Conoco, Recorded: 95/241 Tract: 43 |
| 120 | Lease - Lessor: Gerardo R. Navarro, Dated: 07/25/21, Lesee: Sam P. Mullen, Recorded: 27/43 Tract: 44 |
| 121 | Lease - Lessor: Chansolor-Canfield, Dated: 12/31/28, Lessee: Conoco, Recorded: Ptns. Of Lots 1-10, 16-27, inclusive Midway Oil, Blie 23 of Richfield Townsite, map thereof recorded June 15, 1888 in Book 31, Page 61, Los Angeles County. |
| 122 | Lease - Lessor: E. Walter Payne, Dated: 10/01/19, Lessee: Nat'l Bank & Trst. Recorded: 18/64 Tract: 48 |
| 123 | Lease - Lessor: E. Walter Payne, Dated: 01/06/20, Lessee: Harrington-Dumas, Recorded: 12/294 Tract: 50 |
| 124 | Lease - Lessor: E.P. Francis, Dated: 07/30/61, Lessee: State Explor. Co, Recorded: 2412/272 Tract: 51 |
| 125 | Lease - Lessor: Margaret M. Lee, Dated: 01/29/52, Lessee: State Explor. Co., Recorded: 2412/266 Tract: 52 |
| 126 | Lease - Lessor: Stem Realty Co., Dated: 05/01/51, Lessee: State Explor. Co., Recorded: 2413/75 Tract: 53 |
| 127 | Lease - Lessor: Stern Realty Co., Dated: 05/01/51, Lessee: State Explor.Co., Recorded: 2413/75 Tract: 55 |
| 128 | Lease - Lessor: Stern Realty Co., Dated: 0/18/53, Lessee: State Explor. Co., Recorded: 2617/351 Tract: 56 |
| 129 | Lease - Lessor: Katherine Yamell, Dated: 04/10/28, Lessee: Merchants Petro., Recorded 158/I Tract: 61 |
| 130 | Lease - Lessor: Stern Realty Co., Dated: 08/30/29, Lessee: Jimsco Oil Co., Recorded: 308/324 Tract: 64 |
| 131 | Lease - Lessor: Cloyd Laibe et al, Dated: 11/01/65, Lessee: Union Oil Co., Recorded: 8287/250: 8305 / 96 |
| 132 | Lease - Lessor: Merchants Petroleum Co., Dated: 06/20/28, Lesee: Union Oil Co., Recorded: 172/233 Tract: 23 |
| 133 | Lease - Lessor: Stern Realty, Dated:11/01/18, Lessee: Union Oil Co., Recorded: 7/185, Tract: 4 |
| 134 | Lease - Lessor: California Trust Co., Dated: 08/27/54, Lessee: Arrowhead Oil Co., Recorded: 7407/285, Tract: 41 |
| 135 | Lease - Lessor: A.Wardman et ux, Dated: 01/04/19, Lessee: F.M. Shelby, Recorded: 9/240 Tract: 62 |
| 136 | Lease - Lessor: John S. Zuckeman et ux, Dated: 07/12/1929, Lessee: Bradford Bros. Inc., Recorded: 295/80, Tract: 4 |
| 137 | Lease - Lessor: E. Walter Payne, Dated: 05/29/40, Lessee: Chiksan Oil Co., Recorded: 1089/591 Tract: 49 |
| 138 | Lease - Lessor: Stern Realty Co., Dated: 10/01/45, Lessee: Basin Oil Co., Recorded: 1380/179 Tract: 65 |

1610822_1.xlsx

SCHEDULE 2.04
CURE COSTS

REDU ROYALTY PAYEES AND PROPOSED CURE AMOUNTS

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [+1] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| 271 LAND HOLDING, LLC | 18 Dreamlight | Irvine, CA 92603 | $0.00 | $26.47 | $26.47 | $26.47 |
| ADOLPH J. & LINDA D. BELASQUEZ | 140 MARION BLVD. | FULLERTON, CA 92635-352 | $23,452.21 | $121.53 | $23,573.74 | $121.53 |
| AFA INVESTMENTS, LLC | 4804 LAUREL CANYON BLVD., PMB 811 | VALLEY VILLAGE, CA 91607 | $976.12 | $90.95 | $1,067.07 | $90.95 |
| Agua Tibia Ranch | P.O. BOX 578 | Pauma Valley, CA 92061 | $288.92 | $26.90 | $315.82 | $26.90 |
| Alexander Cary | 1012 N Bradford Ave | Placentia, CA 92670 | $13,200.38 | $60.88 | $13,261.26 | $60.88 |
| ALICE COSTA | 250 S. EL CAMINO REAL #113 | SAN CLEMENTE, CA 92672 | $10,146.80 | $49.98 | $10,196.78 | $49.98 |
| ALICE M. EVANS & RICHARD V. EVANS | 2127 NORTH FREEMAN | SANTA ANA, CA 92706 | $34,977.70 | $174.64 | $35,152.34 | $174.64 |
| Allen David Janes | 1018 Janes RD | Medford, OR 97501 | $0.00 | $0.00 | $0.00 | $0.00 |
| Andrew Barbour | 4520 N Scenic Mountain Dr | Tucson, AZ 85750 | $0.00 | $0.00 | $0.00 | $0.00 |
| ANGIE G. OLIVARES | 512 S. LAWENCE AVENUE | FULLERTON, CA 92832-251 | $18,217.42 | $90.98 | $18,308.40 | $90.98 |
| ANITA BLEECKER DOYLE | P.O. BOX 24017 | FRESNO, CA 93779-4017 | $2,110.92 | $10.18 | $2,121.10 | $10.18 |
| ANNA HATHAWAY TRUST ACCT.02-0846-30 | P.O. BOX 226270 | DALLAS, TX 75222-6270 | $4,600.53 | $22.41 | $4,622.94 | $22.41 |
| ANNE DOMONOSKE | PO BOX 2172 | VENTURA, CA 93002 | $1,097.83 | $145.29 | $1,243.12 | $145.29 |
| ANTHONY D. HUNTER | 1712 CHEDDAR STREET | LAS VEGAS NV 89117 | $2,598.73 | $45.83 | $2,644.56 | $45.83 |
| ANTHONY M. & LILLIAN LEWICKI | 7931 CRAMER ST. | LONG BEACH, CA 90808-4425 | $30,097.00 | $165.54 | $30,262.54 | $165.54 |
| ANTONIA PELAYO DE SANTANA | 2224 1/2 SO. HASTER ST. | ANAHEIM, CA 92802 | $874.55 | $4.24 | $878.79 | $4.24 |
| AQUAENCO, INC.AQUAENCO, INC | P.O. BOX 702416 | TULSA, OK 74171-2416 | $451.45 | $2.20 | $453.65 | $2.20 |
| ARNOLD H. GOLD, TRUSTEE Hatway Family Q/Tip Trusy date 2/18/84 | 10842 Alta View Drive | Studio City, CA 91604-3901 | $30,788.95 | $163.76 | $30,952.71 | $163.76 |
| ARNOLD O. DOMINGUEZ | 1712 AMHERST ROAD | TUSTIN, CA 92780-6604 | $6,098.70 | $29.71 | $6,128.41 | $29.71 |
| ARTHUR Y. NAKAHARA & JAMES H NAKAHARA AS TRUSTEE OF THE NAKAHARA FAMILY TRUST "A" DATED 11-9-90 | 25620 ARAGON WAY | YORBA LINDA, CA 92887 | $3,101.68 | $186.84 | $3,288.52 | $186.84 |
| ASHEN F. CAREY | 4641 PINE VALLEY DRIVE | WEST BLOOMFIELD, MI 48323-2968 | $12,361.51 | $60.90 | $12,422.41 | $60.90 |
| Barbara Ackerman | P.O. BOX 559 | DARBY, MT 59829 | $1,327.32 | $123.70 | $1,451.02 | $123.70 |
| BARBARA E. CAMPBELL | 39444 CYPRESS POINT DR. | PALM DESERT, CA 91326-1402 | $976.02 | $171.79 | $1,147.81 | $171.79 |
| BARKLEY WALLACE DEAN | 12 CHATTANOOGA | SAN FRANCISCO, CA 94114 | $951.63 | $49.64 | $901.63 | $49.64 |
| BARNES FAMILY TRUST DTD 4-5-01 | 40488 Via Tapadero | Murrieta, CA 92562 | $1,741.16 | $56.04 | $1,797.20 | $56.04 |
| BARTELO R. ENCINAS | 124 1/2 W. SANTA FE | PLACENTIA, CA 92670-5632 | $11,031.66 | $52.22 | $11,083.88 | $52.22 |
| BCD MINERALS, LLC / DAVID A. BRIGHT | 61 ST. ANDREWS CIRCLE | CRESTED BUTTE, CO 81224 | $1,867.40 | $62.33 | $1,929.73 | $62.33 |
| BCD MINERALS LLC | 61 ST ANDREWS CIRCLE | Iverson | $1,867.40 | $62.33 | $1,929.73 | $62.33 |
| BEATRICE F. GUINN | 6082 RIDGE WAY | YORBA LINDA, CA 92886 | $583.46 | $56.38 | $639.84 | $56.38 |
| BEATRICE F. GUINN | 6082 RIDGE WAY | YORBA LINDA, CA 92886 | $2,333.93 | $114.81 | $2,448.74 | $114.81 |
| BEATRICE R MELLO PAYAN | P.O. BOX 460 | ATWOOD, CA 92601-0460 | $4,182.27 | $20.38 | $4,202.65 | $20.38 |
| BEATRICE ROSALES MELLO | P.O. BOX 460 | ATWOOD, CA 92601-0460 | $4,701.98 | $22.88 | $4,724.86 | $22.88 |
| BENDECON INVESTMENTS A PARTNERSHIP | 2320 E. ORANGETHROPE | ANAHEIM, CA 92806 | $16,148.70 | $74.51 | $16,223.21 | $74.51 |
| BENITA PELAYO DE MARTINEZ | 4505 E. PHILO AVE. | ORANGE, CA 92869 | $874.51 | $4.25 | $878.76 | $4.25 |
| BENJAMIN RICHARD YPPS | 3074 LAKEMONT DRIVE | FALLBROOK, CA 92028 | $155.13 | $7.44 | $162.57 | $7.44 |
| BESSIE H. GOLDNER | 27 REVERE WAY | HUNTSVILLE, AL 35801 | $18,292.01 | $91.35 | $18,383.36 | $91.35 |
| BETH L. KRAUSHAAR, TR. OF I.N. | 1700 KANOLA ROAD | LA HABRA, CA 90631-8217 | $10,412.21 | $51.56 | $10,463.77 | $51.56 |
| BETH MCMANIS | 118 N. 31st Ave | Yakima, WA 98902 | $812.52 | $49.71 | $862.23 | $49.71 |
| BETTY J. BREW | 306 SUNRISE DRIVE | CLOVERDALE, CA 95425 | $837.22 | $20.35 | $857.57 | $20.35 |
| BETTY J. HUND | 22832 Sail Wind Way | Lake Forest, CA 92630 | $319.31 | $24.45 | $343.76 | $24.45 |
| BONNIE REUTER LEAVER | 712 N. LINDEN DR. | BEVERLY HILLS, CA 90210-3226 | $17,264.27 | $85.83 | $17,350.10 | $85.83 |
| BOYS CLUB OF LAGUNA BEACH | 1085 LAGUNA CANYON RD. | LAGUNA BEACH, CA 92651-1836 | $5,545.63 | $185.09 | $5,730.72 | $185.09 |
| BRYAN & BEATRICE GATEWOOD | P.O. BOX 56 | ATWOOD, CA 92601-0056 | $19,866.84 | $91.64 | $19,958.48 | $91.64 |
| BUTTRAM TRUST | 2704 ROGERS AVENUE | FORT WORTH, TX 76109-135 | $315.50 | $1.43 | $316.93 | $1.43 |
| BYRON & ANN BARKER | 811 WENDT TERRACE | LAGUNA BEACH, CA 92651 | $226.88 | $104.41 | $331.29 | $104.41 |
| CARALEE DEAN IVERSON | 175 CAMILLE CT | ALAMO, CA 94507 | $2,170.75 | $202.31 | $2,373.06 | $202.31 |
| CARMEN PENA | 1120 W. SECOND STREET | SANTA ANA, CA 92707 | $10,146.73 | $49.98 | $10,196.71 | $49.98 |
| CAROL M THOMPSON | 37154 FLORAL CREEK CIRC. | MURRIETTA, CA 92562 | $583.52 | $56.39 | $639.91 | $56.39 |
| CAROL M. THOMPSON | 6122 Ridge Way | Yorba Linda, CA 92886 | $583.52 | $56.39 | $639.91 | $56.39 |
| CAROLYN SUGARS | P.O. BOX 1404 | DAVIS, CA 95617 | $8,028.49 | $39.11 | $8,067.60 | $39.11 |

1610822_1.xlsx

**SCHEDULE 2.04**

CURE COSTS

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| CATHERINE M. LYPPS TRUSTEE | 1499 Old Mountain Ave. SPC 29 | San Jacinto, CA 92583-1029 | $2,155.91 | $96.26 | $2,252.17 | $96.26 |
| CATHERINE WELLS | 1104 GATEWOOD CT. | WICHITA, KS 67206 | $1,747.59 | $8.43 | $1,756.02 | $8.43 |
| C-F ASSOCIATES, INC | P.O. BOX 701200 | TULSA, OK 74170-1200 | $451.36 | $2.18 | $453.54 | $2.18 |
| CHARLENE MARIE | 329 OSBORNE STREET | VISTA, CA 92084 | $257.06 | $22.31 | $279.37 | $22.31 |
| CHARLES NORBERT LYPPS | 2680 CANYON CREST DRIVE | ESCONDIDO, CA 92027 | $257.04 | $22.31 | $279.35 | $22.31 |
| CHARLES RUBY JR. | 654 SAUSALITO BLVD | SAUSALITO, CA 94965 | $997.07 | $89.69 | $1,086.76 | $89.69 |
| CHARLOTTE A. FOSTER | 9900 W. 58st APT. C4 | COUNTRYSIDE, IL 60525 | $3.07 | $2.19 | $5.26 | $2.19 |
| CHILDRENS HOME SOCIETY OF CALIF. ATTN: CONTROLLERS DEPT. | 1300 WEST FOURTH STREET | LOS ANGELES, CA 90017-1475 | $96,441.61 | $537.13 | $96,978.74 | $537.13 |
| CHILDREN'S HOSPITAL OF ORANGE CO. MS. KERRI RUPPERT, CFO | 455 S. MAIN STREET | ORANGE, CA 92868 | $87,134.59 | $490.53 | $87,625.12 | $490.53 |
| CHRISTINE LEE BERGER | 13146 SW KATHERINE STREET | TIGARD, OR 97223 | $2,403.54 | $11.60 | $2,415.14 | $11.60 |
| CLIFFORD O. GATEWOOD | 1661 BUENA VISTA | CORONA, CA 91720 | $13,776.45 | $80.20 | $13,856.65 | $80.20 |
| CLIFFORD SELF | PO BOX 53810 | IRVINE, CA 92619 | $5,092.94 | $36.70 | $5,129.64 | $36.70 |
| CODY BISHOP | 521 QUAIL RUN COURT | MONTEREY, CA 93940 | $1,176.69 | $115.40 | $1,292.09 | $115.40 |
| Corian Cross Holdings, LP | 30800 Rancho Viejo Rd. | San Juan Capistrano, CA 92675 | $7,324.10 | $626.57 | $7,950.67 | $626.57 |
| COURAGEOUS LIVING CHRISTIAN CHRUCH | PO BOX 53810 | IRVINE, CA 92619 | $5,092.88 | $36.65 | $5,129.53 | $36.65 |
| Crowell Family Trust | 1371 Treasure Lane | Santa Ana, CA 92705 | $580.96 | $141.19 | $722.15 | $141.19 |
| CURRIE FAMILY TRUST | 7580 E. Martella Ln. | Anaheim, CA 92808 | $4,873.70 | $344.55 | $5,218.25 | $344.55 |
| D.S.C.M., INC | P.O. BOX 4335 | TULSA, OK 74159-0335 | $1,055.43 | $5.12 | $1,060.55 | $5.12 |
| DANIEL MAY, TRUSTEE, JOHNSON TRUST | 359 S. Gerhart Ave | Los Angeles, CA 90022 | $4,136.50 | $751.41 | $4,887.91 | $751.41 |
| DAVID A JONES | 408 Charles Dr | San Luis Obispo, CA 93401 | $3,087.19 | $195.36 | $3,282.55 | $195.36 |
| DAVID ALAN PEARCE | 1630 NORTH MAIN ST. #230 | WALNUT CREEK, CA 94596 | $4,465.33 | $79.64 | $4,544.97 | $79.64 |
| DAVID BOLLER | 3408 CARNATION AVE. | LOS ANGELES, CA 90026 | $2,927.61 | $14.57 | $2,942.18 | $14.57 |
| DAVID C. BRIGHT | 2770 W. LINCOLN AVE. SP#80 | Anaheim, CA 92801 | $2,006.07 | $62.34 | $2,068.41 | $62.34 |
| DAVID H. LYPPS | 615 W. FALLBROOK ST. | FALLBROOK, CA 92028 | $2,155.95 | $96.24 | $2,252.19 | $96.24 |
| DAVID OFELIA FOSTER | 2922 DEKE-BATT ST #47 | LAKEWOOD, CA 90712 | $819.36 | $215.39 | $1,034.75 | $215.39 |
| DAVID ROME / ROME TRUST | 516 NORTH LINDEN DRIVE | BEVERLY HILLS, CA 90210-322 | $49,533.08 | $215.53 | $49,761.61 | $215.53 |
| DAVID WILLIAM TUGGY | 6804 RISEDEN DRIVE | DALLAS, TX 75252 | $1,856.14 | $77.46 | $1,933.60 | $77.46 |
| DEBORAH A. KAMIN BUDERWITZ | 2111 OVERLAND AVE | LOS ANGELES, CA 90025 | $910.62 | $81.93 | $992.55 | $81.93 |
| Deborah R. Stern | 790 Raymundo Ave. | Los Altos, CA 94024 | $136.96 | $9.47 | $146.43 | $9.47 |
| DELBERT A. BRASWELL | 34428 Yucaipa Blvd E-196 | YUCAIPA, CA 92399 | $1,954.32 | $126.17 | $2,080.49 | $126.17 |
| Dellena M. Ludwig | 630 W. Elm | Fullerton, CA 92832 | $10,679.63 | $80.21 | $10,759.84 | $80.21 |
| DEPARTMENT OF HEALTH SERVICES | State Recovery Unit P.O. Box 421 | SaCRAMENTO, CA 95899-9916 | $2,982.78 | $169.13 | $3,151.91 | $169.13 |
| DEREK K. HUNTER | 15 BLUE RIDGE LANE | WOODSIDE, CA 94062-250 | $1,947.86 | $45.85 | $1,993.71 | $45.85 |
| DEVON SFS OPERATING, INC. | P.O. BOX 730292 | DALLAS, TX 75373-0292 | $3,312.87 | $16.04 | $3,328.91 | $16.04 |
| DOMINIC C. ETCHANDY | 5030 E. CRESCENT DRIVE | ANAHEIM, CA 92807 | $1,870.79 | $123.12 | $1,993.91 | $123.12 |
| DONALD E. & LEONA SLATER | 5110 E. CRESCENT DRIVE | ANAHEIM, CA 92807 | $1,194.80 | $107.50 | $1,302.30 | $107.50 |
| DONALD E. FRISBEE | 4540 FM 66 | Waxahatie, TX 75167 | $4,517.95 | $237.90 | $4,755.85 | $237.90 |
| DONALD E. FRISBEE INTER VIVIOS REVOCABLE TRUST DATED 7/23/03 | 4540 FM 66 | Waxahatie, TX 75167 | $4,694.04 | $247.19 | $4,941.23 | $247.19 |
| DONALD H. FOSTER | 5431 NE 35TH #5 | SILVER SPRING, FL 34488-942 | $632.08 | $2.89 | $634.97 | $2.89 |
| DONNA JEAN AANERUD | 523 W. CITRACADO PARKWAY | ESCONDIDO, CA 92025 | $257.04 | $22.32 | $279.36 | $22.32 |
| DORIS DORIS F MULVENY TRUSTEE OF THE DORIS F. MULVENY REVOCABLE TRUST | 26591 IDE AVE. | HEMET, CA 92545 | $8,907.05 | $43.68 | $8,950.73 | $43.68 |
| DOROTHEA K ZUCKERMAN | 812 C KALPATI CIRCLE | CARLSBAD, CA 92008-4159 | $16,854.96 | $84.14 | $16,939.10 | $84.14 |
| DOROTHY J WASSNER, TRUSTEE OF THE D.J. WASSNER REVOCABLE TRUST- 1-24-95 | 4584 N Tatterham Way | Boise, ID 83713 | $2,872.17 | $96.25 | $2,968.42 | $96.25 |
| DOROTHY K ZUCKERMAN | 1012 LOMA VISTA DR | BEVERLY HILLS, CA 90210 | $7,169.66 | $34.92 | $7,204.58 | $34.92 |
| E N PALSGROVE | 920 WENTWORTH CIRCLE | VISTA, CA 92083-537 | $37,598.32 | $267.80 | $37,866.12 | $267.80 |
| EDMUND H BERGER | 13347 S W CLEARVIEW WAY | TIGARD, OR 97223-1728 | $2,400.44 | $11.58 | $2,412.02 | $11.58 |
| EDWARD H. BARKER & CHARLES F. BARKER BARKER FAMILY TRUST UDT 6-4-82 | 1935 CANYON CLOSE RD. | PASADENA, CA 91107-1061 | $24,046.40 | $124.61 | $24,171.01 | $124.61 |
| EDWARD K ZUCKERMAN | 40920 WILSHIRE BLVD, SUITE 1200 | LOS ANGELES, CA 90024 | $17,666.98 | $84.17 | $17,751.15 | $84.17 |

1610822_1.xlsx

090

**SCHEDULE 2.04**

CURE COSTS

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [1+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| EDWARD K. ZUCKERMAN | 10990 WILSHIRE BLVD., 16TH FLOOR | LOS ANGELES, CA 90024 | $7,169.66 | $34.93 | $7,204.59 | $34.93 |
| EDWIN CHARLES WALKER | 5705 Loma Verde Drive | Paso Robles, CA 93446 | $203.90 | $17.11 | $221.01 | $17.11 |
| ELEANOR WESTBROOKE | 830 WASHINGTON | ALBANY, CA 94706-103 | $1,328.89 | $6.38 | $1,335.27 | $6.38 |
| ELIZABETH SUSAN HUNT | 1445 SE Division St | Portland, OR 97202 | $1,808.09 | $95.21 | $1,903.30 | $95.21 |
| ELLER FAMILY TRUST | P.O. BOX 1111 | LAKE FOREST, CA 92609 | $1,443.04 | $129.82 | $1,572.86 | $129.82 |
| EROLINDA METZGER | 419 W. 2ND STREET | CLOVERDALE, CA 95425-310 | $447.99 | $2.18 | $450.17 | $2.18 |
| EST MARIA PEREZ RODRIGUEZ C/O JOE RODRIGUEZ, ADMIN. | 4022 ODESSA DR. | YORBA LINDA, CA 92886 | $10,837.39 | $50.00 | $10,887.39 | $50.00 |
| ESTATE MANUELA G. GARCIA | P.O. BOX 2946 | SACRAMENTO, CA 95814 | $2,733.36 | $13.32 | $2,746.68 | $13.32 |
| ESTATE OF EDNA G. YORBA | 5409 E. SUNCREST RD. | ANAHEIM, CA 92807 | $3,049.04 | $14.56 | $3,063.60 | $14.56 |
| ESTATE OF RUDOLPH L. ESTATE OF RUDOLPH L. ARIAS | 1613 E. OAK STREET | PLACENTIA, CA 92670-660 | $2,838.09 | $13.79 | $2,851.88 | $13.79 |
| ESTHER MORALES | 3210 AVE. Q | GALVESTON, TX 77550 | $2,733.46 | $13.30 | $2,746.76 | $13.30 |
| Eugene J. Stern Redidiary Trust | 790 Raymundo Ave. | Los Altos, Ca 94024 | $6,509.93 | $57.47 | $6,567.40 | $57.47 |
| EVELINE TAYLOR | 3223 S. ILLINOIS ST. | ANAHEIM, CA 92805 | $59,966.64 | $368.86 | $60,335.50 | $368.86 |
| EVELYN ROPER | 2345 NWH HAYES AVE | CORVALLIS, OR 97330 | $1,749.19 | $56.29 | $1,805.48 | $56.29 |
| FRANCINE HATHAWAY RIPPY | 1841 VALLECITO DRIVE | HACIENDA HEIGHTS, CA 91745 | $0.00 | $0.00 | $0.00 | $0.00 |
| FRANCINE PHILLIPS FISHER | 1206 Band Tail Drive | Carson City, NV 89701 | $2,853.80 | $161.81 | $3,015.61 | $161.81 |
| FRANK GLASER GLASER ET UX TRUST | 30184 VIA RIVERA | RANCHO PALOS VERDES, CA 90275 | $163.28 | $114.96 | $278.24 | $114.96 |
| FRANK L. WATERS | 108 NORTH ORANGE DRIVE | LOS ANGELES, CA 90036-301 | $1,055.39 | $5.11 | $1,060.50 | $5.11 |
| FRANK M BOISSERANC AND SYLVIA S. BOISSER CO-Trustees of the Frank and Sylvia Boisseranc trust | 300 W. PASEO DE CRISTOBAL | SAN CLEMENTE, CA 92672 | $568.37 | $754.06 | $1,322.43 | $754.06 |
| FRANK M BOISSERANC TRUSTEE | 300 W. PASEO DE CRISTOBAL | SAN CLEMENTE, CA 92672 | $568.37 | $754.06 | $1,322.43 | $754.06 |
| FRANK P. SCOTT | 62501 BEAVER LOOP RD. #1 | NORTH BEND, OR 97459 | $3,673.90 | $17.60 | $3,691.50 | $17.60 |
| FRED J YSLAS | 1569 CANFIELD LANE #1 | ANAHEIM, CA 92805 | $8,465.79 | $66.20 | $8,531.99 | $66.20 |
| FRED M KAY, M.D. | 10276 E. NOLINA TR. | SCOTTSDALE, AZ 85262 | $138,299.54 | $778.47 | $139,078.01 | $778.47 |
| Frederic A. Moreli,Trustee of the Freder | 2460 Chardonnay Drive | Carson City, NV 89703 | $243.10 | $59.12 | $302.22 | $59.12 |
| FREDERICK K. GLEASON | 1501 CLIFF DR. | NEWPORT BEACH, CA 92663 | $5,142.11 | $238.07 | $5,380.18 | $238.07 |
| FREDRICK KRAUSE | 727 EL MIRADOR | FULLERTON, CA 92835 | $9,825.11 | $82.42 | $9,907.53 | $82.42 |
| GARY B. GATEWOOD | 1821 ROAD 72 | PASCO, WA 99301 | $13,852.54 | $80.20 | $13,932.74 | $80.20 |
| GARY R. GLEASON | 2268 HOWARD | SAN CARLOS, CA 94070 | $708.61 | $49.69 | $758.30 | $49.69 |
| GARY WAYNE MORLOCK | 15844 BENT TREE ROAD | POWAY, CA 92064 | $1,418.48 | $109.37 | $1,527.85 | $109.37 |
| Gavin Barbour | 22 Main St. | Kittery, ME 03904 | $0.00 | $0.00 | $0.00 | $0.00 |
| GEORGE FOSTER | 5924 S. ADA STREET | CHICAGO, IL 60636-1802 | $619.98 | $2.87 | $622.85 | $2.87 |
| JACQUELINE MANN | 4641 AVE. DE LAS ESTRELLAS | YORBA LINDA, CA 92886 | $910.52 | $72.33 | $982.85 | $72.33 |
| GRETCHEN HOWARD | 12011 6TH AVE. N.W. | SEATTLE, WA 98177 | $4,390.49 | $231.18 | $4,621.67 | $231.18 |
| GRIFFITH L. RUBY | 1016 Rock Rose Lane | Lompoc, Ca 93436 | $163.28 | $47.15 | $210.43 | $47.15 |
| GRL, LLC | 45 Rockefeller pl, Suite 2410 | New York, NY 10111 | $631,381.92 | $11,683.76 | $643,065.68 | $11,683.76 |
| GSR, LLC | 45 Rockefeller Plaza Suite 2410 | New York, NY 10111 | $114,216.49 | $7,219.92 | $121,436.41 | $7,219.92 |
| GUARANTEE ROYALTIES INC. | 11801 WASHINGTON BLVD. | LOS ANGELES, CA 90066 | $32,912.39 | $820.63 | $33,733.02 | $820.63 |
| HAROLD G. HUND | 45 SIDNEY DR. | OROVILLE, CA 95966 | $56,272.52 | $32.48 | $56,305.00 | $32.48 |
| HARRIET K SEARES TRUSTEE OF THE ROBERT S SEARES FAMILY TRST OF 1990 | 1053 N MARVISTA AVE | PASADENA, CA 91104-3860 | $17,074.54 | $82.41 | $17,156.95 | $82.41 |
| HEIDI ELIZABETH LYPPS | 472 37TH STREET # 1 | OAKLAND, CA 94609-2813 | $155.17 | $7.43 | $162.60 | $7.43 |
| Helen MCMANIS | 118 N 31st Ave | Yakima, WA 98902 | $812.52 | $49.71 | $862.23 | $49.71 |
| HENRY R. & CARMEN BLEECKER | 1724 N. GLENVIEW AVE. | ANAHEIM, CA 92807-1007 | $12,939.38 | $64.19 | $13,003.57 | $64.19 |
| HERBERT DAVID SCOTT | 1713 PROSPECT ST. | NATIONAL CITY, CA 92050-5150 | $0.00 | $0.00 | $0.00 | $0.00 |
| HERBERT FOSTER | 9610 S. MASON AVENUE | OAK LAWN, IL 60453-285 | $2,552.68 | $12.32 | $2,565.00 | $12.32 |
| IBIS ENTERPRISES, LTD | P.O. BOX 1722 | TULSA, OK 74101-1722 | $1,055.43 | $5.09 | $1,060.52 | $5.09 |
| INA V. GATHAS | 631 N. LEMON ST. | ANAHEIM, CA 92805-2627 | $1,986.14 | $9.15 | $1,995.29 | $9.15 |
| IRA E. SANDITEN TRUSTEE DEBORAH A. SANDITEN TRUST | 3314 E. 51ST ST. SUITE 207K | TULSA, OK 74135 | $4,165.90 | $20.30 | $4,186.20 | $20.30 |
| ISAAC N. KRAUSHAAR | 1700 KANOLA ROAD | LA HABRA, CA 90631 | $45,743.34 | $258.32 | $46,001.66 | $258.32 |
| JACK J. LYPPS | 100 Hollon Glen # 107 | Escondido, CA 92026-1354 | $2,156.15 | $96.27 | $2,252.42 | $96.27 |
| JACQUELINE MAE MORRIS | 26049 CLEARINGSIDE | JUNCTION CITY, OR 97448-9596 | $5,987.32 | $14.56 | $6,001.88 | $14.56 |
| JAMES CALLAS | 2020 VIA SOLONA | SAN CLEMENTE, CA 92673-372 | $904.68 | $4.37 | $909.05 | $4.37 |
| JAMES D. MANZO | 1230 21ST STREET NE | SALEM, OR 97301 | $10,544.43 | $52.22 | $10,596.65 | $52.22 |

16161022_1.xlsx

**SCHEDULE 2.04**

CURE COSTS

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| JAMES FLIPPEN | 45674 ROAD 128 | ORANGE GROVE, CA 93646 | $8,881.70 | $43.67 | $8,925.37 | $43.67 |
| JAMES MACPHERSON | 2650 MAIN STREET UNIT G-3 | CAMBRIA, CA 93428 | $1,206.28 | $5.83 | $1,212.11 | $5.83 |
| JAMES R HEYING | P.O. Box 963 | Forest Falls, CA 92339-0963 | $275.46 | $91.33 | $366.79 | $91.33 |
| JAMES R. ROBERTS | 35260 PAUBA ROAD | TEMECULA, CA 92592 | $8,758.75 | $42.93 | $8,801.68 | $42.93 |
| JANA BROSMAN | P. O. BOX 1163 | COSMOPOLIS, WA 98537 | $1,040.42 | $5.06 | $1,045.48 | $5.06 |
| JANE A ADAMS AND JOHN S ADAMS TRUSTEES | PO BOX 264 | YORBA LINDA, CA 92885 | $27,461.10 | $4,988.35 | $32,449.45 | $4,988.35 |
| JANET K. GANONG | 2307 MYRTLE STREET | BAKERSFIELD, CA 93301 | $2,502.46 | $442.28 | $2,944.74 | $442.28 |
| JANET L. HUND | 1780 W. LINCOLN #315 | ANAHEIM, CA 92801 | $317.77 | $1.44 | $319.21 | $1.44 |
| JANET PIERCE BOSTIC | 1900 N. TORREY PINES #124 | LAS VEGAS, NV 89108-2655 | $437.81 | $6.39 | $444.20 | $6.39 |
| JANIS L. MORLOCK | 2441 LILY LANGTRY CT. | PARK CITY, UT. 84060 | $135.09 | $109.36 | $244.45 | $109.36 |
| JANIS M. LLOYD | 68797 Ridge Road | North Bend, OR 97459 | $203.87 | $17.10 | $220.97 | $17.10 |
| Jama Barbour | 66 Lois St. | Portsmouth, NH 03801 | $0.00 | $0.00 | $0.00 | $0.00 |
| JEAN F BACAL, TRUSTEE | 3967 CENTER AVENUE | NORCO, CA 92860 | $12,608.57 | $751.41 | $13,359.98 | $751.41 |
| JEANNE E. HUND | 25430 SUN CITY BLVD | SUN CITY, CA 92586 | $317.90 | $1.47 | $319.37 | $1.47 |
| JEFFERY OXANDABOURE | P. O. BOX 6925 | TAHOE CITY, CA 96145 | $234.16 | $16.72 | $250.88 | $16.72 |
| JEFFREY SHAFFER MD | 729 BIGHAM CR. | GENEVA, IL 60134 | $1,947.03 | $406.65 | $2,353.68 | $406.65 |
| Jennifer S. Hart | 38200 SE Lusted Rd | Boring, OR 97009 | $485.74 | $107.11 | $592.85 | $107.11 |
| JESSE B. GRANER | 3377 CALIFORNIA AVENUE | SIGNAL HILL, CA 90807-4605 | $448.21 | $2.19 | $450.40 | $2.19 |
| JESSE R. HATHAWAY | 264 E. MONTECITO AVE. | SIERRA MADRE, CA 91024 | $0.00 | $0.00 | $0.00 | $0.00 |
| JESSIE THOMPSON C/O SCOTT N. THOMPSON | 14152 LIVINGSTON ST. | TUSTIN, CA 92680 | $11,990.60 | $59.50 | $12,050.10 | $59.50 |
| JESUS PELAYO | 4505 E. PHILO AVENUE | ORANGE, CA 92669 | $874.37 | $4.21 | $878.58 | $4.21 |
| JIM VARNER | 5900 EAST LERDO HIGHWAY | SHAFTER, CA 93263 | $448.02 | $2.18 | $450.20 | $2.18 |
| JO ANN TOMLINSON | 7820 Leisure Town Road | Vacaville, CA 95688 | $4,931.76 | $238.04 | $5,169.80 | $238.04 |
| JOAN COLLIER TRUST | 1720A San Luis Drive | San Luis Obispo, CA 93401 | $758.38 | $184.41 | $942.79 | $184.41 |
| JOAN KRAUSE, TRUSTEE OF THE | 727 EL MIRADOR | FULLERTON, CA 92835 | $596.52 | $482.94 | $1,079.46 | $482.94 |
| JOAN M. LEWIS | 1711 Askam Lane | Los Altos, CA 94024 | $270.18 | $23.47 | $293.65 | $23.47 |
| JOE TOMAINO | 7820 Leisure Town Rd. | Vacaville, CA 95688 | $24,433.27 | $423.63 | $24,856.90 | $423.63 |
| JOHN A TUCKER (TUCKER FAMILY TRUST) | 300 HOLANI STREET | PUKALANI, HI 96768 | $2,870.86 | $13.99 | $2,884.85 | $13.99 |
| John B. Stern | 12939 Montana Ave. Ste 203 LA, Ca. 90049 | Los Angeles, Ca. 90049 | $541.23 | $12.37 | $553.60 | $12.37 |
| JOHN C. MCGLYN | 440 COLERIDGE AVENUE | PALO ALTO, CA 94301-360 | $157.87 | $0.73 | $158.60 | $0.73 |
| JOHN DANA PEARCE | 2926 VISTA GRANDE | FAIRFIELD, CA 94533 | $12,097.01 | $79.61 | $12,176.62 | $79.61 |
| JOHN E. HUND | 102 E. BAY #2 | BALBOA, CA 92661 | $317.70 | $1.44 | $319.14 | $1.44 |
| JOHN ETCHANDY | 12742 E. TRASK AVE. | GARDEN GROVE, CA 92643-3041 | $37,818.66 | $174.46 | $37,993.12 | $174.46 |
| JOHN H. WENTS | 122 N. NICHOLSON AVENUE, APT E | MONTEREY PARK, CA 91755 | $459.37 | $3.65 | $463.02 | $3.65 |
| JOHN O BEARDEN | 660 N. FARM ROAD #65 | BOIS D ARC, MO 65612 | $1,747.65 | $8.43 | $1,756.08 | $8.43 |
| JOHN WERTIN | 600 Aldean Place | Newport Beach, CA 92265 | $1,741.81 | $316.40 | $2,058.21 | $316.40 |
| JOSEPH KRAUS | 99 TRECREST CT. | ROSEVILLE, CA 95678 | $113.85 | $9.86 | $123.71 | $9.86 |
| JOSEPH M. PACHECO | 20313 N. Fletcher Way | Peoria, AZ 85382 | $1,869.09 | $112.59 | $1,981.68 | $112.59 |
| JOSEPHINE JOHNSON | 4201 GLENBROOK | BAKERSFIELD, CA 93306 | $7,020.21 | $34.19 | $7,054.40 | $34.19 |
| JUANITA A. GARCIA | 3353 GEORGETOWN PL | SANTA CLARA, CA 95051-1535 | $2,110.83 | $10.18 | $2,121.01 | $10.18 |
| JUANITA MUNOZ | 8803 Frances Folsom St SW | Lakewood, WA 98498 | $420.58 | $7.59 | $428.17 | $7.59 |
| Judy A Oldham | 1017 Meadowbridge Dr. | Folsom, CA 95630 | $785.79 | $191.08 | $976.87 | $191.08 |
| Judy A. Oldham Trustee of the Laura R Cla | 1017 Meadowbridge Dr. | Folsom, CA 95630 | $785.79 | $191.08 | $976.87 | $191.08 |
| JULIAN & HELEN HATHAWAY | 11854 FLORENCE AVENUE | SANTA FE SPRINGS, CA 90670-1404 | $46,610.80 | $248.16 | $46,858.96 | $248.16 |
| JULIE A. MCKOY | 8113 E. PHILLIPS CIRCLE | CENTENNIAL, CO 80112-3513 | $350.80 | $115.12 | $465.92 | $115.12 |
| JULIE MARIE HELFRICH | 737 SOUTHBOROUGH DRIVE | WEST VANCOUVER, BC CANADA V7S5 1N1 | $2,403.45 | $11.61 | $2,415.06 | $11.61 |
| K & K OIL, LLC ATTN: TOMOHIKO KOKUSO | 1401 BENTLEY AVENUE. SUITE 203 | LOS ANGELES, CA 90025 | $20,986.75 | $104.79 | $21,091.54 | $104.79 |
| KATHLEEN W. CLIFT | 6722 E. HORSESHOE ROAD | ORANGE, CA 92869 | $2,809.96 | $19.66 | $2,829.62 | $19.66 |
| KATHLEEN WETZEL CLIFT | 6722 HORSESHOE ROAD | ORANGE, CA 92869 | $2,897.50 | $20.23 | $2,917.73 | $20.23 |
| KENNETH COMBS | 13504 RUSSEL STREET | WHITTER, CA 90602-314 | $1,809.43 | $8.72 | $1,818.15 | $8.72 |
| KENNETH E. GATEWOOD | 9135. GRAND AVE., SPACE 35 | SAN JACINTO, CA 92583 | $16,060.54 | $80.20 | $16,140.74 | $80.20 |
| KENNETH E. GATEWOOD C/O Jessica M. Gatewood Executrix | 3550 Alden Way #18 | San Jose, CA 95117 | $16,060.54 | $80.20 | $16,140.74 | $80.20 |
| KEVIN R. BENDON | 122 STARFLOWER STREET | BREA, CA 92821 | $5,825.31 | $28.39 | $5,853.70 | $28.39 |

092

1610822_1.xlsx

## SCHEDULE 2.04

### CURE COSTS

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [1+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| KITTY LEE COX | 2903 MC4018 | YELLVILLE, AR 72687 | $257.01 | $22.32 | $279.33 | $22.32 |
| KRISTINA E. SMIRL | 111 N. GREENFIELD AVE. | WAUKESHA, WI 53186-5266 | $4,702.11 | $22.90 | $4,725.01 | $22.90 |
| KRISTINE TOMLINSON TRUSTEE | 2176 Hackamore Dr | Mohave Valley, AZ 86440 | $999.03 | $134.19 | $1,133.22 | $134.19 |
| LANDOWNERS ROYALTY CO. | PO BOX 491150 | LOS ANGELES, CA 90049 | $17,493.76 | $194.87 | $17,688.63 | $194.87 |
| LAOR | 4640 ADMIRALTY WAY | MARINA DEL REY, CA 90292 | $62,575.64 | $1,560.25 | $64,135.89 | $1,560.25 |
| LARRY L. & MARY L. WALLACE, JT/WROS. | PO BOX 1146 | APSEN CO 81612 | $1,826.56 | $60.96 | $1,887.52 | $60.96 |
| LATIN AMERICA FREE METHODIST CHURCH PACIFIC COAST LATIN AM CONFERENCE | 925 S. Melrose St. | PLACENTIA, CA 92870 | $8,631.79 | $69.58 | $8,701.37 | $69.58 |
| LAURA E. HUND | 1404 N. TUSTIN 1-3 | SANTA ANA, CA 92701 | $317.88 | $1.45 | $319.33 | $1.45 |
| LAURA LYPPS DANIEL | 16 SUNRISE | WESTBROOK, CT 06498 | $155.15 | $7.45 | $162.60 | $7.45 |
| LAURICE JOSEPH EXEC EST JOSEPH DECD C/O JOSEPH BARKETT - EMERALD PROP. | 42 N. SUTTER STREET, SUITE 307 | STOCKTON, CA 95202 | $7,228.06 | $35.21 | $7,263.27 | $35.21 |
| LAWRENCE E. HUND | 10481 BROADVIEW PLACE | SANTA ANA, CA 92705-1466 | $317.79 | $1.47 | $319.26 | $1.47 |
| LAWRENCE L STILES | 11485 ACROPOLIS DRIVE | YUCAIPA, CA 92399 | $1,288.46 | $120.08 | $1,408.54 | $120.08 |
| LEIGH T. MEDEMA | 3401 Cascina Cir. Unit A | Highlands Ranch, CO 80126 | $3,962.76 | $470.62 | $4,433.38 | $470.62 |
| LEROY WINKLER | 219 CALLE CLEMENTE | SAN CLEMENTE, CA 92672-220 | $1,892.89 | $8.74 | $1,901.63 | $8.74 |
| LILLIAN N. TAYLOR | P.O. BOX 337 | BONSALL, CA 92003-033 | $2,181.71 | $10.20 | $2,191.91 | $10.20 |
| LILLY S. ALVAREZ, TRUSTEE OF THE L.S. ALVAREZ FAMILY TRUST 02/19/98 | 1204 N. RIVERA ST. | ANAHEIM, CA 92801-2306 | $7,227.88 | $35.24 | $7,263.12 | $35.24 |
| LINDA C. MAHNKEN, TRUSTEE | 2550 Canet Rd. | San Luis Obispo, CA 93405 | $950.48 | $184.40 | $1,134.88 | $184.40 |
| LOIS ETCHANDY | 1113 Southlyn Place | ANAHEIM, CA 92807 | $3,478.39 | $123.10 | $3,601.49 | $123.10 |
| LOUINE HATHAWAY | P.O. BOX 4172 | YAH-TA-HEY, NM 87375 | $0.00 | $0.00 | $0.00 | $0.00 |
| LOUIS DORADO | 835 W. WARNER RD, SUITE 101-441 | PLACENTIA, CA 92670 | $10,837.32 | $50.00 | $10,887.32 | $50.00 |
| LOUIS O. SENIK | 606 VAN BUREN | IRVINE, CA92612 | $431.19 | $96.90 | $528.09 | $96.90 |
| LOUISE K. DURKEE | 18 MOURNING SUN | LOS ANGELES, CA 90005-3912 | $19,466.67 | $146.27 | $19,612.94 | $146.27 |
| LOUISE L. ORGA | 2892 SUNSET PLACE | HEMPSTEAD, NY 11550-2522 | $24,832.82 | $114.55 | $24,947.37 | $114.55 |
| LOWELL LANE CRAIG | 30 BURR AVENUE | UNIONDALE, NY 11553 | $3,312.68 | $15.28 | $3,327.96 | $15.28 |
| LOWELL A. & ROSINE K. ELLER | 875 JERUSALEM AVE. | LAKE FOREST, CA 92630 | $2,353.79 | $10.80 | $2,364.59 | $10.80 |
| Lowell Patsey | 21775 TAHOE LANE | Sedona, AZ 86351 | $7,450.39 | $34.37 | $7,484.76 | $34.37 |
| LUCILLE D KOCH | 110 House Rock Road | PACOIMA, CA 91331 | $1,623.76 | $141.18 | $1,764.94 | $141.18 |
| LUPE DECASAS | 9685 ARLETA | PLACENTIA, CA92870 | $69,354.84 | $388.57 | $69,743.41 | $388.57 |
| LUPE G. DECASAS | 1026 AVE DE PIO PICO | PLACENTIA, CA 92870 | $2,733.34 | $13.32 | $2,746.66 | $13.32 |
| LYN CHADEZ | 1026 AVE DEL PIO PICO | PLACENTIA, CA 92670 | $2,733.35 | $13.33 | $2,746.68 | $13.33 |
| MADLYN RATLIFF | 4585 AVE DE LOS ARBOLES | YORBA LINDA, CA 92886 | $592.42 | $49.71 | $642.13 | $49.71 |
| MAMIE M. PEMBROKE | 1711 Magnolia | Junction City, OR 97448 | $44,643.70 | $298.36 | $44,942.06 | $298.36 |
| Margaret Ann Crowell,Trustee | P.O. BOX 10619 | COSTA MESA, CA 92627 | $22,699.20 | $110.05 | $22,809.25 | $110.05 |
| MARGARITA PELAYO COSTA | 1035 Scott Dr., Apt 330 | Prescott, AZ 86301 | $5,149.21 | $141.18 | $5,290.39 | $141.18 |
| MARIA CASTANEDA DE ESPINOSA DIONISIO RODRIGUEZ | 660 S. GLASSELL #8 | ORANGE, CA 92866 | $874.53 | $4.23 | $878.76 | $4.23 |
| MARIANNE PEARCE SPRINGER | #1012 SECTOR LIBERTAD | GUADALAJARA JALISCO, | $914.84 | $4.26 | $919.10 | $4.26 |
| MARIANNE PEARCE SPRINGER AS TRUSTEE | 3126 Calle Grande Vista | San Clemente, CA 92672 | $509.59 | $45.84 | $555.43 | $45.84 |
| MARILYN FRANCES BEARD | 3126 Calle Grande VIS | San Clemente, CA 92572-3543 | $3,299.74 | $33.76 | $3,333.50 | $33.76 |
| MARION BLISS | 27461 FRUITWAY ROAD | JUNCTION CITY, OR 97448 | $3,136.73 | $15.27 | $3,152.00 | $15.27 |
| MARJORIE ANNE STRELLMAN | 3717 E. 3RD ST. | LONG BEACH, CA 90814-1605 | $2,353.93 | $10.84 | $2,364.77 | $10.84 |
| MARK KRAUS | 329 OSBORNE STREET | VISTA, CA 92084 | $357.82 | $22.30 | $380.12 | $22.30 |
| MARTHA L. BOUGHEN | 6081 HALE AVENUE | CLEARLAKE, CA 95422 | $113.88 | $9.91 | $123.79 | $9.91 |
| MARTHA L. BOUGHEN GUARDIAN FOR LUKE WOODROW PAYNE BOUGHEN | 27101 MISSION HILLS DR. | HUNTINGTON BEACH, CA 92648-4510 | $3,631.30 | $17.59 | $3,648.89 | $17.59 |
| MARTINA M. MCGLYNN | 27101 MISSION HILLS DR. | Buena Park, CA 90620 | $1,824.51 | $8.81 | $1,833.32 | $8.81 |
| Martinez Vera | 911 ORANGE AVENUE | SAN JUAN CAPISTRANO, CA 92675-1505 | $157.79 | $0.74 | $158.53 | $0.74 |
| MARY ANN DILLON | 5841 Los Encinos St. | SAN JUAN CAPISTRANO, CA 92675-1505 | $10,236.41 | $49.97 | $10,286.38 | $49.97 |
|  | 2005 E. CAIRO DRIVE | LOS ANGELES, CA 90005 | $282.26 | $95.21 | $377.47 | $95.21 |
| MARY BERGEMANN, DECD C/O GETTY OIL COMPANY | 3810 WILSHIRE BLVD. | TEMPE, AZ 85282 | $5,426.44 | $25.03 | $5,451.47 | $25.03 |
| MARY D. KRAUS | 2709 KIRK LANE | LOS ANGELES, CA 90005 | $5,140.83 | $39.55 | $5,180.38 | $39.55 |
| MARY ELEANOR CALVIN | 10692 ENCINO DRIVE | BOWIE, MD 20715 | $6,809.67 | $33.15 | $6,842.82 | $33.15 |
|  |  | OAK VIEW, CA 93022 |  |  |  |  |

16 10822_1 .xlsx

**SCHEDULE 2.04**

**CURE COSTS**

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [1+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| MARY LEE PROPST | 909 N. E. LINDEN AVE. | HILLSBORO, OR 97124-2650 | $831.00 | $77.46 | $908.46 | $77.46 |
| MARY LOCKHART HOLDER | 5612 Beachwood St | PUNTA GORDA, FL 33982 | $127.34 | $14.02 | $141.36 | $14.02 |
| MARY MCFARLAND | ROUTE-1 P.O. BOX 139 | CLEVER, MO 65631 | $1,747.46 | $8.43 | $1,755.89 | $8.43 |
| MARY MELAINE TOKAR | 532 N. JANSS WAY | ANAHEIM, CA 92805 | $26,115.23 | $200.92 | $26,316.15 | $200.92 |
| MAXIMO PELAYO-MONTE LIBANO 54 | COLONIA INDEPENDENCIA | GUADALAJARA JALISCO, MEXICO | $915.06 | $4.23 | $919.29 | $4.23 |
| MAY H. MORRISON | 1012 NORTH BRADFORD | PLACENTIA, CA 92670-430 | $1,206.27 | $5.83 | $1,212.10 | $5.83 |
| MCFARLAND FAMILY TRUST RUTH MCFARLAND TRUSTEE | 5801 FRIENDS AVENUE | WHITTIER, CA 90601-372 | $40,593.80 | $228.49 | $40,822.29 | $228.49 |
| MCKUSKEY OIL COMPANY L.L.C. | PO BOX BG 201 S. MCKUSKEY AVE | WEWOKA, OK 74884-0816 | $13,822.11 | $62.83 | $13,884.94 | $62.83 |
| MEDELLA SHELLHORN | 3329 ANTELOPE LANE | SOLVANG, CA 93675 | $50.00 | $0.00 | $50.00 | $50.00 |
| MICHAEL L. MITCHELL | 6528 BRITTAIN STREET | LONG BEACH, CA 90808 | $17,873.86 | $89.53 | $17,963.39 | $89.53 |
| MICHAEL MCLAUGHLIN | 940 N. Switzer Canyon | Flagstaff AZ 86001 | $553.47 | $199.07 | $752.54 | $199.07 |
| MICHAEL MCLAUGHLIN, DDS | 940 N. Switzer Canyon | FLAGSTAFF, AZ 86001 | $553.47 | $199.07 | $752.54 | $199.07 |
| MICHAEL OXANDABOURE | 17391 ELM | FOUNTAIN VALLEY, CA 92708 | $6,680.04 | $34.20 | $6,714.24 | $34.20 |
| MILLENNIUM ENERGY, INC. | 712 ARBOR AVENUE | VENTURA, CA 93003 | $207.83 | $15.29 | $223.12 | $15.29 |
| MILTON M. BROCK | 194 AVENIDA ORONTES | CATHEDRAL CITY, CA 92234 | $7,139.84 | $34.78 | $7,174.62 | $34.78 |
| MT. WASHINGTON PEDIATRIC HOSPITAL | 1708 WEST RODGERS AVE. | BALTO, MD 21209 | $8,045.08 | $39.19 | $8,084.27 | $39.19 |
| Municipal Securities Company | 1940 Soda Mountain | Ashland, OR 97520 | $30,069.00 | $852.67 | $30,921.67 | $852.67 |
| NAESS FAMILY TRUST B | 2261 Allview Terrace | LAGUNA BEACH, CA 92651 | $1,952.10 | $128.41 | $2,080.51 | $128.41 |
| NANCY E. STEINKE | 4505 MCBRIDE | MILTON, WI 53563 | $52.21 | $2.92 | $55.13 | $2.92 |
| NANCY STEINKE | 4505 McBRIDE | MILTON, WI 53563 | $52.21 | $2.92 | $55.13 | $2.92 |
| NANCY W. MCGILVRA | 8618 S. 31st Way | PHOENIX, AZ 85042 | $245.48 | $95.21 | $340.69 | $95.21 |
| NELDA J. BAYHA | 4145 SW TUALATIN AVE | PORTLAND, OR 97239 | $2,203.08 | $94.55 | $2,297.63 | $94.55 |
| Nicholas John Lypps | 158 Mystery Lane | Gunnison, Co. 81230 | $257.01 | $22.33 | $279.34 | $22.33 |
| Nicolai Family Partners | P.O. Box 91894 | Long Beach, Ca. 90809 | $1,064.02 | $99.16 | $1,163.18 | $99.16 |
| NICOLE KATHERIN DEAN | 101222 LAKE | TRUKEE, CA 96161 | $551.99 | $49.65 | $601.64 | $49.65 |
| NICOLE KATHERINE DEAN | 101222 LAKE | TRUKEE, CA 96161 | $5,098.29 | $51.48 | $5,149.77 | $51.48 |
| NORMA OXANDABOURE | 18990 VISTA DE MONTANAS | MURRIETA, CA 92562 | $2,351.63 | $34.22 | $2,385.85 | $34.22 |
| OCEANIA Petroleum Corporation | 556 Greenway Plaza Suite 110 | Houston, TX 77046 | $50.00 | $0.00 | $50.00 | $50.00 |
| OLGA N. URBACH | 10975 BEDFORD DRIVE APT #101 | LOSA ANGELES, CA 90035-104 | $473.23 | $2.19 | $475.42 | $2.19 |
| Otis E. Pittman | 1621 NO. LINDENDALE AVE. | Fullerton, CA 92631 | $6,509.22 | $211.18 | $6,720.40 | $211.18 |
| OTTIS E. PITTMAN | 1621 NO. LINDENDALE AVE. | FULLERTON, CA 92831 | $6,509.22 | $211.18 | $6,720.40 | $211.18 |
| P.K. DAY | 1321 LICK CREEK ROAD | EDWARDS, MO 65326 | $12,172.37 | $60.42 | $12,232.79 | $60.42 |
| PACIFIC AMERICAN OIL CO. | 10900 WILSHIRE BLVD SUITE-1600 | LOS ANGELES, CA 90024 | $116,735.63 | $5,519.08 | $122,254.71 | $5,519.08 |
| PAM OGDEN | 18120 RIDGEGATE CT. | GLASTONE, OR 97027 | $113.84 | $9.90 | $123.74 | $9.90 |
| PAMELA SHELLHORN | 17032 LA KENICE WAY | YORBA LINDA, CA 92886-3717 | $910.68 | $81.93 | $992.61 | $81.93 |
| PATRICIA BROEDER | 2938 COUNTY ROAD #163 | STEPHENVILLE, TX 76401 | $1,624.91 | $8.44 | $1,633.35 | $8.44 |
| Paul and Martha Pullen | 1621 NO. LINDENDALE AVE. | Chico, CA 95927 | $29,694.63 | $182.65 | $29,877.28 | $182.65 |
| PAUL CAREY | 212 BAKER APT. 108 | ROYAL OAK, MI 48067 | $12,591.80 | $60.91 | $12,652.71 | $60.91 |
| PAUL RAYMOND STUCK JR. | 2407 POINSETTIA STREET | SANTA ANA, CA 92706-2051 | $3,715.00 | $97.81 | $3,812.81 | $97.81 |
| PAULA McGINNIS | 1510 SAN LORENZO AVE | BERKELEY, CA 94707 | $3,734.91 | $141.76 | $3,876.67 | $141.76 |
| PAULINE V. BUCHANAN | 1819 RAND AVENUE | CARSON CITY, NV 89706 | $3,734.15 | $18.20 | $3,752.35 | $18.20 |
| PEDESTAL OIL CO., INC. | P. O. BOX 99550 | OKLAHOMA CITY, OK 73199 | $26,769.54 | $142.08 | $26,911.62 | $142.08 |
| PETER GAMBINO | 17841 PINERIDGE DRIVE | YORBA LINDA, CA 92886 | $318.86 | $146.78 | $465.64 | $146.78 |
| PETROLEUM LANDOWNERS CORP LTD | P.O. BOX 11471 | SANTA ANA, CA 92711-147 | $1,507.90 | $7.27 | $1,515.17 | $7.27 |
| PHYLLIS AILEEN KRUGER | 985 ITHACA DRIVE | BOULDER, CO 80303 | $4,585.60 | $22.36 | $4,607.96 | $22.36 |
| PHYLLISH. REYMUNDO | 1648 EAST OAK STREET | PLACENTIA, CA 92870-6606 | $18,230.42 | $90.25 | $18,320.67 | $90.25 |
| PLACENTIA UNIFIED SCHOOL DIST | 1301 E. ORANGETHROPE AVENUE | PLACENTIA, CA 92870 | $171,295.61 | $964.23 | $172,259.84 | $964.23 |
| PRISCILLA FREEBERG | 12813 EAGLE RIDGE DRIVE | BURNSVILLE, MN 55337-3582 | $2,542.50 | $124.65 | $2,667.15 | $124.65 |
| PROSPECTIVE INVESTMENT AND TRADING CO. LTD. | 2162 E. 61ST STREET | TULSA, OK 74136 | $18,293.36 | $91.35 | $18,384.71 | $91.35 |
| R.O.I. SVC TTE UNDER DEC OF TRST DTD 3/5/90 FBO THOMP-GOODWIN | P.O. BOX 80375 | PHOENIX, AZ 85060-0375 | $11,838.00 | $58.49 | $11,896.49 | $58.49 |
| RALPH A. PHILLIPS | P. O. Box 1020 | Topock, AZ 86436 | $2,853.76 | $161.82 | $3,015.58 | $161.82 |
| RALPH BERNUMDEZ | 1601 EUCALYPTUS | BREA, CA 92621 | $10,178.07 | $49.98 | $10,228.05 | $49.98 |
| RALPH R. GONZALEZ | 18622 CENTER STREET | ORANGE, CA 92869 | $2,733.44 | $13.33 | $2,746.77 | $13.33 |

1610822_1.xlsx

**SCHEDULE 2.04**

CURE COSTS

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [1+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| RAMON F. LEYVA | 28 Rocky Knoll | IRVINE, CA 92612 | $8,978.32 | $44.02 | $9,022.34 | $44.02 |
| RAY PRESCOTT | 560 SHOREPINES | COOS BAY, OR 97420 | $1,814.63 | $60.55 | $1,875.18 | $60.55 |
| RICHARD A. GATEWOOD | 1020 Greenbriar Drive | Mountain Home, AR 72653 | $1,019.09 | $80.20 | $1,099.29 | $80.20 |
| RICHARD A. WALLACE TRUSTEE | 11792 LOMA LINDA WAY | SANTA  ANA, CA 92705-3033 | $1,826.58 | $60.96 | $1,887.54 | $60.96 |
| RICHARD AND DIANE MORRIS FAMILY TRUST | 6658 DENTON FERRY RD | COTTER, AR 72626 | $3,398.05 | $155.28 | $3,553.33 | $155.28 |
| RICHARD HATHAWAY, JR. | 19599 HIGHWAY 89 | HAT CREEK, CA 96040 | $0.00 | $0.00 | $0.00 | $0.00 |
| Richard M. White | 20211 Country Scene County RD 174 | Hebbes, TX 78023 | $11,729.02 | $90.23 | $11,819.25 | $90.23 |
| RICHARD T. LEAVER | 712 NORTH LINDEN DR. | BEVERLY HILLS, CA 90210-3226 | $3,613.26 | $17.60 | $3,630.86 | $17.60 |
| RICHARD W. ACKERMAN | P.O. BOX 559 | DARBY, MT 59829 | $476.28 | $38.57 | $514.85 | $38.57 |
| RICHARD W. ACKERMAN TRUSTEE OF RICHARDS W. ACKERMAN TRUST 3-14-77 | P.O. BOX 559 | DARBY, MT 59829 | $1,327.32 | $123.70 | $1,451.02 | $123.70 |
| ROBERT A. & MARILLYN PESTOLESI TRUSTEES OF THE PESTOLESI | 9192.5 V L BOX | VICTORVILLE, CA 92392 | $791.55 | $3.83 | $795.38 | $3.83 |
| ROBERT A. & MARILYN PESTOLES | 9192.5 V L BOX | Victorville, Ca. 92393 | $0.00 | $0.00 | $0.00 | $0.00 |
| ROBERT A. & SARAH CLOSSON | 1093 HWY 12 East | TOWNSEND, MT 59644-9801 | $7,864.15 | $109.84 | $7,973.99 | $109.84 |
| ROBERT D. ETCHANDY TRUST | 315 VIA MONTANERA | ANAHEIM, CA 92807 | $23,620.70 | $123.10 | $23,743.80 | $123.10 |
| ROBERT E. WETZEL | 1419 KEEGAN WAY | SANTA  ANA, CA 92701-1624 | $4,120.32 | $28.81 | $4,149.13 | $28.81 |
| ROBERT EMIL WETZEL | 1419 KEEGAN ST. | SANTA  ANA, CA 92705 | $241.08 | $19.07 | $260.15 | $19.07 |
| ROBERT ETCHANDY | 315 SOUTH VIA MONTANERA | ANAHEIM, CA 92807-402 | $578.07 | $112.58 | $690.65 | $112.58 |
| Robert L. Williams & Margaret L. Williams ROBERT L. WILLIAMS AS TO REMAINDER | 2221 RIDGE DRIVE | GRAND JUNCTION, CO 81506 | $810.37 | $141.34 | $951.71 | $141.34 |
| ROBERT MORALES | P.O. BOX 3 | ATWOOD, CA 92601-0003 | $2,110.97 | $10.18 | $2,121.15 | $10.18 |
| ROBERT P. SCOTT | 7200 DUNDEE LANE | FALLON, NV 89406 | $0.00 | $0.00 | $0.00 | $0.00 |
| Robert S. Thomson, Trustee | 1920 Wilbur Ave. | San Diego, Ca. 92109 | $1,126.70 | $315.00 | $1,441.70 | $315.00 |
| ROBERTA W. CHIPMAN | 101 W. RIVER ROAD #37 | TUCSON, AZ 85704-511 | $315.47 | $1.46 | $316.93 | $1.46 |
| RODNEY CAREY | 709 E. FARNUM | ROYAL OAK, MI 48067 | $13,200.38 | $60.88 | $13,261.26 | $60.88 |
| ROGAN TAGGERT SEAMANS | 208 N. WASHINGTON ST | CLOVERDALE, CA 95425 | $2,454.11 | $95.21 | $2,549.32 | $95.21 |
| ROGER & ROSENDA V ORTIZ | 320 VAN BUREN | PLACENTIA, CA 92670-5426 | $4,182.35 | $20.39 | $4,202.74 | $20.39 |
| ROLLA R. WEBB | 3323 EAST MARIPOSA | PHOENIX, AZ 58018-332 | $315.55 | $1.44 | $316.99 | $1.44 |
| ROMAN CATHOLIC BISHOP OF Los Angeles | 2811 EAST VILLA REAL DRIVE | ORANGE, CA 92867 | $2,111.00 | $10.19 | $2,121.19 | $10.19 |
| ROMAN CATHOLIC BISHOP OF ORANGE | 2811 EAST VILLA REAL DRIVE | ORANGE, CA 92867 | $2,111.00 | $10.19 | $2,121.19 | $10.19 |
| RONALD FREDO VAN VLIET | 1401 W. Brighton Street | La Habra, Ca. 92870 | $1,299.21 | $66.31 | $1,365.52 | $66.31 |
| RONALD L. AND CAROLYN L. VAN DE PUTTE | 1776 N. PRELUDE DR. | ANAHEIM, CA 92807 | $4,112.75 | $137.26 | $4,250.01 | $137.26 |
| ROSALIO CASTANEDA PELAYO HIJA DE LA PIEDRA | #2998 COLONIA OBIATOS S.L. | GUADALAJARA JALISCO,  44700 | $914.92 | $4.23 | $919.15 | $4.23 |
| ROSE L. BREIT TRUSTEE TESTAMENTARY TRUST EST CARLOS N. DOMINGUEZ | 527 BUTTONWOOD | ANAHEIM, CA 92805-2226 | $6,098.70 | $29.71 | $6,128.41 | $29.71 |
| ROSE PICKENS c/o ANNETTE DIAS | 3316 INGLEY STREET | EUREKA, CA 95503 | $52,830.46 | $298.37 | $53,128.83 | $298.37 |
| ROSE REYMUNDO | 4222 CASA LOMA | YORBA LINDA, CA 92686 | $10,146.88 | $50.00 | $10,196.88 | $50.00 |
| SADD Family Trust | 10100 Santa Monica Suite 800 | Los Angeles, Ca. 90067 | $11,023.63 | $54.57 | $11,078.20 | $54.57 |
| SAMUEL W. WEBB | P.O. BOX 470 | PINE, AZ 85544-047 | $315.57 | $1.45 | $317.02 | $1.45 |
| SANDRA D MCENTEE | 255 Hawks Hill Rd | Scotts Valley, Ca. 95066 | $4,020.20 | $134.17 | $4,154.37 | $134.17 |
| Sarah Barbour | 2432 Forge DR | Forest Grove, OR 97116 | $0.00 | $0.00 | $0.00 | $0.00 |
| SEAN MCLAUGHLIN | 17132 Treehaven LN. | Huntington Beach, CA. 92647 | $432.09 | $199.08 | $631.17 | $199.08 |
| SECARIAS PELAYO | 4702 HOLLYLINE | SANTA ANA, CA 92703 | $874.73 | $4.20 | $878.93 | $4.20 |
| SHARON M. PENTEK SUCCESSOR TRUSTEE | 2822 FARVIEW | RICHFIELD, WI 53076 | $1,046.44 | $5.05 | $1,051.49 | $5.05 |
| SHEILA DIANE VAN PATTEN | 512 GLENHILL DR | RIVERSIDE, CA 92507-3003 | $1,684.57 | $54.20 | $1,738.77 | $54.20 |
| SHEPPARD & ENOCH PRATT HOSPITAL TRUSTEES C/O SEC. TRUST CO. CUST LJN | 100 PLAZA ONE | JERSEY CITY, NJ 07311 | $8,045.01 | $39.20 | $8,084.21 | $39.20 |
| SMITH BROTHERS | 8705 HUMMINGBIRD AVE | FOOUNTAIN VALLEY, CA 92708 | $2,258.26 | $410.21 | $2,668.47 | $410.21 |
| ST. JOSEPH HOSPITAL FOUNDATION | 1100 W. STEWART DRIVE | ORANGE, CA 92863-5600 | $20,881.29 | $104.77 | $20,986.06 | $104.77 |
| STEINWARD FAMILY TRUST DTD | 1214 Warren St. | Placentia, Ca. 92870 | $926.25 | $5.38 | $931.64 | $5.38 |
| Steve Knutzen | 5201 unkill Horne Rd 338 | Honolulu, HI 96825 | $2,331.15 | $107.93 | $2,439.08 | $107.93 |
| STEVEN ALAN SANDTEN | 3314 E. 51ST ST. SUITE 207K | TULSA, Ok 74135 | $4,165.94 | $20.28 | $4,186.22 | $20.28 |
| STEVEN K HEYING | 1800 ASH AVE | COTTAGE GROVE, OR 97424 | $275.43 | $91.36 | $366.79 | $91.36 |

1610822_1.xlsx

**SCHEDULE 2.04**

**CURE COSTS**

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| STEVEN R TOSCHI | 340 Beckett Place | Grover Beach, CA 93433 | $32,630.71 | $182.70 | $32,813.41 | $182.70 |
| STINER A. DOTSON | 7380 S. EASTERN AVE STE 124 - 248 | LAS VEGAS, NV 79123-1552 | $16,323.06 | $81.49 | $16,404.55 | $81.49 |
| SUSAN NOREEN BOYDEN | 1364 EMERAUDE GLEN | Escondido, Ca 92029 | $57.40 | $22.31 | $79.71 | $22.31 |
| TERESA ROGERSON | 715 Ohio St | VALLEJO, CA 94590 | $98.04 | $9.88 | $107.92 | $9.88 |
| Terri Denise Whitlock | P.O.Box 277 | Tishomingo, OK 73460 | $0.00 | $0.00 | $0.00 | $0.00 |
| THE ENGELBERT FAMILY TRUST UTD 4/11/01 DAVID & KRISTINA ENGELBERT | 5430 W. IVANHOE COURT | CHANDLER, AZ 85226 | $1,882.45 | $62.82 | $1,945.27 | $62.82 |
| The Roundrock Group | 5003 Windy Meadow Dr. | Plano, Tx. 75023 | $18,654.20 | $185.09 | $18,839.29 | $185.09 |
| The Thomson Rev. Declaration Trust Robert S. Thomson, Trustee | 1920 Wilbur Ave | San Diego, CA 92109 | $1,126.70 | $315.00 | $1,441.70 | $315.00 |
| THEODESIA GEISLER | 1049 MERRYMAN AVENUE | KLAMATH FALLS, OR 97603-363 | $1,357.13 | $6.54 | $1,363.67 | $6.54 |
| THEODORE B. WANBERG | 10448 WHEATRIDGE DRIVE | SUN CITY, AZ 85373 | $4,702.13 | $22.91 | $4,725.04 | $22.91 |
| THEODORE KRUGER | 27981 CALLE VALDES | MISSION VIEJO, CA 92692 | $2,291.94 | $11.03 | $2,302.97 | $11.03 |
| THERESA LEE BROWN | 1809 HARPER AVE | HERMOSA BEACH, CA 80254 | $583.46 | $56.37 | $639.83 | $56.37 |
| THOMAS E. MORLOCK TRUST DTD 11/13/87 | 6640 Redwood Drive # 104 | ROHNERT PARK, CA 94928 | $1,813.08 | $60.51 | $1,873.59 | $60.51 |
| THOMAS J. WETZEL | 2889 Cobble Way | Meridian, ID 83642 | $3,309.89 | $47.93 | $3,357.82 | $47.93 |
| Thomas Morlock | 6640 Redwood Drive # 104 | ROHNERT PARK, CA 94928 | $0.00 | $0.00 | $0.00 | $0.00 |
| TIM MCLAUGHLIN | 1450 E. Del Mar Ave. #32 | Orange, CA 92865 | $432.08 | $199.09 | $631.17 | $199.09 |
| TRINITY CHRISTIAN CENTER OF SANTA ANA I.C TBN STEWARDSHIP DEVELOPMENT | 2442 MICHELE DRIVE | TUSTIN, CA 92780 | $5,092.93 | $36.70 | $5,129.63 | $36.70 |
| TRUSTEES OF THE TOM & RUTH FLIPPEN " 1998 TRUST " | 544 VILLAGE COURT | DINUBA, CA 93618 | $8,907.23 | $43.65 | $8,950.88 | $43.65 |
| U/IW E.W PYNE #01-63904 | P.O. BOX 226270 | DALLAS, TX 75222 | $8,534.42 | $1,550.30 | $10,084.72 | $1,550.30 |
| U/IW E.W.PYNE   #01-63904 | P.O. BOX 226270 | DALLAS, TX 75222 | $99,970.61 | $777.91 | $100,748.52 | $777.91 |
| Vaquero Energy | 15545 Hermosa Rd | BAKERSFIELD, CA 93307 | $3,749.45 | $45.85 | $3,795.30 | $45.85 |
| VAQUERO ENERGY | PO BOX 13550 | BAKERSFIELD, CA 93389 | $3,749.45 | $45.85 | $3,795.30 | $45.85 |
| VERNE A. ROBINSON | 226 W. WORKS STREET | SHERIDAN, WV 82801-421 | $1,357.01 | $6.55 | $1,363.56 | $6.55 |
| VIRGINIA BAYHA BUCHANAN C/O Carolyn Harrison | 3813 Kiwanis Trail | Frazier Park, CA 93225 | $2,685.29 | $61.87 | $2,747.16 | $61.87 |
| VIRGINIA BAYHA BUCHANAN C/o Judy Crookshanks | 6383 Cresthaven Drive | La Mesa, CA 91942 | $2,685.29 | $61.87 | $2,747.16 | $61.87 |
| VIRGINIA L. HEILIGER | 3941 POLK STREET APT #49 | RIVERSIDE, CA 92505-176 | $1,809.36 | $8.72 | $1,818.08 | $8.72 |
| W. E. Nicolai | P.O. Box 91894 | Long Beach, CA 90809 | $3,077.77 | $194.77 | $3,272.54 | $194.77 |
| W. E. Nicolai | P.o. Box 91894 | Long Beach, CA 90809-1894 | $3,077.77 | $194.77 | $3,272.54 | $194.77 |
| WANBERG TRUST | 299 S 5TH AVENUE | CORNELIUS, OR 97113-791 | $25,432.98 | $122.24 | $25,555.22 | $122.24 |
| WELLS FARGO BANK TRUSTEE OF THE | 2222 W. SHAW #11 | FRESNO, CA 93711-3407 | $744.55 | $3.44 | $747.99 | $3.44 |
| WILLIAM BOYD WELLS | 2855 ACORN STREET | LEBANON, OR 97355 | $2,987.37 | $14.58 | $3,001.95 | $14.58 |
| William C Gathas, Jr | 1308 E. Rosewood Ave. | ANAHEIM, CA 92805-1118 | $1,898.29 | $9.17 | $1,907.46 | $9.17 |
| WILLIAM C. GATHAS JR. | 1308 E. ROSEWOOD AVE. | ANAHEIM, CA 92805-1118 | $1,898.29 | $9.17 | $1,907.46 | $9.17 |
| WILLIAM DOUGHTY | P.O. BOX 626 | HATCH, UT 84720 | $6,104.61 | $29.75 | $6,134.36 | $29.75 |
| WILLIAM E. ROTH ROTH FAMILY TRUST | 1991 WEBSTER ST | PALO ALTO, CA 94301 | $2,992.15 | $22.57 | $3,014.72 | $22.57 |
| WILLIAM H TAYLOR & ANNE B TAYLOR | 4650 DULIN RD SPACE 9 | FALLBROOK, CA 92028-9346 | $21,456.95 | $109.23 | $21,566.18 | $109.23 |
| WILLIAM HA TAYLOR TRUSTEE | 4650 DULIN RD SPACE 9 | FALLBROOK, CA 92028-9346 | $19,833.89 | $99.03 | $19,932.92 | $99.03 |
| WILLIAM HATHAWAY | 2240 SW 87TH AVENUE | PORTLAND, OR 97225 | $0.00 | $0.00 | $0.00 | $0.00 |
| WILLIAM L. FOSTER | 3983 RIDGE ROAD | BUFORD, GA 30519-371 | $603.24 | $2.93 | $606.17 | $2.93 |
| VINTAGE PETROLEUM LLC | 110 W. SEVENTH ST. | TULSA, OK 74119 | $964,202.32 | $6,303.10 | $970,505.42 | $6,303.10 |
| SHERRILA S. SCHOEPE | P.O. BOX 572 | Pauma Valley, CA 92061 | $418,005.29 | $0.00 | $418,005.29 | $0.00 |
| HVI CAT CANYON INC | 2601 SKYWAY DRIVE, STE. A1 | SANTA MARIA, CA 93455 | $386,837.65 | $0.00 | $386,837.65 | $0.00 |
| TOSHIAKI DOJIRI | DOJIRI MARITAL TRUST (TRUST A) 2127 NORTH FREEMAN | TORRANCE, CA 90505 | $114,932.92 | $0.00 | $114,932.92 | $0.00 |
| SPINDLETOP EXPLORATION COMPANY, INC | P. O. BOX 951505 | DALLAS, TX 75395-1505 | $76,560.29 | $0.00 | $76,560.29 | $0.00 |
| GUARANTEE ROYALTIES INC. C/O RICHARD J. LAUTER & COMPANY | 4640 Admirality Way, Suite 700 | Marina Del Rey, CA 90292 | $32,912.39 | $0.00 | $32,912.39 | $0.00 |
| The Roundrock Group | 5003 Windy Meadow Dr | Plano, TX 75023 | $18,654.20 | $0.00 | $18,654.20 | $0.00 |
| EDWARD K ZUCKERMAN | 40920 WILSHIRE BLVD, SUITE 1200 | LOS ANGELES, CA 90024 | $17,666.98 | $0.00 | $17,666.98 | $0.00 |
| ALICE M. EVANS & RICHARD V. EVANS TRUSTEES OF THE RICK TRUST UNDER THE EVANS FAMILY TRUST DTD 1/20/89 | 2127 NORTH FREEMAN | SANTA ANA, CA 92706 | $17,488.89 | $0.00 | $17,488.89 | $0.00 |

1610822_1.xlsx

**SCHEDULE 2.04**

CURE COSTS

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| JULIAN & HELEN HATHAWAY TRUSTEE, J. I. HATHAWAY FAMILY TRUST | P. O. BOX 3404 | SANTA FE SPRINGS, CA 90670-1404 | $16,980.09 | $0.00 | $16,980.09 | $0.00 |
| DOROTHEA E ZUCKERMAN | 1012 LOMA VISTA | BEVERLY HILLS, CA 90210 | $16,854.96 | $0.00 | $16,854.96 | $0.00 |
| LANDOWNERS ROYALTY CO. | PO BOX 491150 | LOS ANGELES, CA 90049 | $13,713.50 | $0.00 | $13,713.50 | $0.00 |
| Martinez Vera | 5841 Los Encinos St. | Buena Park, CA 90620 | $10,236.41 | $0.00 | $10,236.41 | $0.00 |
| ROBERT A. & SARAH CLOSSON | 1093 HWY 12 East | TOWNSEND, MT 59644-9801 | $7,399.67 | $0.00 | $7,399.67 | $0.00 |
| ARLINE SEBOURN TRUSTEE OF THE M. AND A. BEESON TRUST | 600 N. CORNELL | FULLERTON, CA 92210 | $5,724.98 | $0.00 | $5,724.98 | $0.00 |
| FRANK J. CURRIE & EVELYN R. CURRIE TRUSTEES OF THE CURRIE FAMILY TRUST DATED 10/08/1980 | 7580 E. MARTELLA LANE | ANAHEIM, CA 92808-1316 | $5,449.47 | $0.00 | $5,449.47 | $0.00 |
| JOHN C. WANBERG | | | $4,965.88 | $0.00 | $4,965.88 | $0.00 |
| JOHN DANA PEARCE | 2926 VISTA GRANDE | FAIRFIELD, CA 94533 | $4,240.64 | $0.00 | $4,240.64 | $0.00 |
| BEJAC CONSTRUCTION CO. | 5510 Via Sepulveda | Yorba Linda, CA 92887 | $3,997.33 | $0.00 | $3,997.33 | $0.00 |
| WILLIAM F. ROTH | 1991 WEBSTER ST. | PALO ALTO, CA 94301 | $2,992.00 | $0.00 | $2,992.00 | $0.00 |
| ANTHONY D. HUNTER | 1712 Cheddar Street | LAS VEGAS, NV 89117 | $2,598.73 | $0.00 | $2,598.73 | $0.00 |
| CAROLYN SUGARS | P.O. BOX 1604 | DAVIS, CA 95617 | $2,513.62 | $0.00 | $2,513.62 | $0.00 |
| DAVID ALAN PEARCE | 1630 NORTH MAIN #230 | WALNUT CREEK, CA 94596 | $2,513.59 | $0.00 | $2,513.59 | $0.00 |
| ELEANOR WESTBROOKE | 830 WASHINGTON | ALBANY, CA 94706-103 | $2,513.53 | $0.00 | $2,513.53 | $0.00 |
| WM & JAMES KINDEL, SUCC. TRUSTEES OF THE VIRGINIA F. KINDEL TRUST | 1614 VIA SAGA | SAN CLEMENTE, CA 92673-3706 | $1,955.29 | $0.00 | $1,955.29 | $0.00 |
| CHARLES IRVIN KLINE | 2875 QUAIL VALLEY RD | SOLVANG, CA 93463 | $1,948.78 | $0.00 | $1,948.78 | $0.00 |
| ANN MARION BRADY | 10437 E WATFORD WAY | SUN LAKES, AZ 85248 | $1,948.77 | $0.00 | $1,948.77 | $0.00 |
| DEREK K. HUNTER | 15 BLUE RIDGE LANE | WOODSIDE, CA 94062-250 | $1,947.86 | $0.00 | $1,947.86 | $0.00 |
| RAY PRESCOTT | 58436 RIVER RD | COQUILLE, OR 97423 | $1,814.63 | $0.00 | $1,814.63 | $0.00 |
| CHARLES RUBY JR. | 654 SAUSALITO BLVD. | SAUSALITO, CA 94965 | $1,755.56 | $0.00 | $1,755.56 | $0.00 |
| JESSIE THOMPSON C/O SCOTT N. THOMPSON | 14152 LIVINGSTON ST. | TUSTIN, CA 92780 | $1,424.94 | $0.00 | $1,424.94 | $0.00 |
| SURVIVOR'S TRUST OF THE LEMBESIS TRUST DTD 12-13-88, ANTHANASA LEMBESIS, TRSTE | 7848 11TH STREET | BUENA PARK, CA 90621 | $1,281.38 | $0.00 | $1,281.38 | $0.00 |
| CARALEE DEAN IVERSON | 175 CAMILLE CT | ALAMO, CA 94507 | $1,065.79 | $0.00 | $1,065.79 | $0.00 |
| KATHLEEN WETZEL CLIFT | 6722 HORSESHOE RD. | ORANGE, CA 92869 | $1,040.72 | $0.00 | $1,040.72 | $0.00 |
| ROBERT A. & MARILLYN PESTOLESI TRUSTEES OF THE PESTOLESI TRUST | 8566 Trinity Circle # 819-B | Huntington Beach, CA 92646 | $1,040.71 | $0.00 | $1,040.71 | $0.00 |
| DAVID H. STERN TRUST | 4640 Admiralty Way, Suite 700 | MARINA DEL REY, CA 90292 | $976.15 | $0.00 | $976.15 | $0.00 |
| JOHN L. STERN | 2330 WESTWOOD BLVD. STE 104 | LOS ANGELES, CA 90064-212 | $916.02 | $0.00 | $916.02 | $0.00 |
| JANET ADAIR BOSTIC | 1900 N. TORREY PINES SUITE 124 | LAS VEGAS, NV 89108-2655 | $856.20 | $0.00 | $856.20 | $0.00 |
| ARTHUR LEONARD TUGGY | 350 E. COLE AVENUE | WHEATON, IL 60187 | $831.00 | $0.00 | $831.00 | $0.00 |
| TERRY MICHAEL NORMAN TRUSTEE | 3805 Churchill Drive | Lake Havasu City, AZ 86406 | $578.98 | $0.00 | $578.98 | $0.00 |
| BARKLEY WALLACE DEAN | 12 CHATTANOOGA | SAN FRANCISCO, CA 94114 | $532.72 | $0.00 | $532.72 | $0.00 |
| THOMAS J. WETZEL | 2224 Littler Lane #3 | Lake Havasu City, AZ 86406 | $521.13 | $0.00 | $521.13 | $0.00 |
| Jennifer S. Hart | 38200 SE Lusted Rd. | Boring, OR 97009 | $485.74 | $0.00 | $485.74 | $0.00 |
| MARY DOMONOSKE DOHERTY TRUST dated 3/21/2005 | 741 W. 11th Street | Claremont, CA 91711 | $461.09 | $0.00 | $461.09 | $0.00 |
| Agua Tibia Ranch | P.O. BOX 578 | Pauma Valley, CA 92061 | $288.92 | $0.00 | $288.92 | $0.00 |
| NICHOLAS JOHN LYPPS | 158 MYSTERY LANE | GUNNISON, CO 81230 | $257.01 | $0.00 | $257.01 | $0.00 |
| JANE ELIZABETH ALLEN | 2683 ALAMEDA CIRCLE | CARLSBAD, CA 92009 | $256.99 | $0.00 | $256.99 | $0.00 |
| AUDREY OXANDABOURE | 3201 PLUMAS ST APT 321 | RENO, NV 89509-4769 | $234.24 | $0.00 | $234.24 | $0.00 |
| NINA INGHAM C/O VIRGINIA ANDRADE | 7600 LOWER RIVER RD | GRANTS PASS, OR 97526 | $185.71 | $0.00 | $185.71 | $0.00 |
| JOAN M. LEWIS | 1711 Askam Lane | Los Altos, CA 94024 | $174.43 | $0.00 | $174.43 | $0.00 |
| ROBERT EMIL WETZEL | 1419 KEEGAN ST. | SANTA ANA, CA 92705 | $157.32 | $0.00 | $157.32 | $0.00 |
| FRANCES JONES EDWARDS | 4458 SANTA RITA ROAD | RICHMOND, CA 94803-2311 | $114.79 | $0.00 | $114.79 | $0.00 |
| DORIS MAUSSNEST | 11030 5TH AVE. NE #206 | SEATTLE, WA 98125 | $57.61 | $0.00 | $57.61 | $0.00 |
| MAXINE M. GOODY | 1510 SAN LORENZO AVENUE | BERKELEY, CA 94707-182 | $85.16 | $0.00 | $85.16 | $0.00 |
| VIRGINIA MAE EDWARDS | P.O. BOX 3154 | WICKENBURG, AZ 85358-3154 | $61.63 | $0.00 | $61.63 | $0.00 |
| AUDREY OXANDABOURE TRUSTEE OF THE AMELIA CHAVEZ REVOCABLE TRUST | 1922 Fullerton Avenue, Apv, 101 | Corona, CA 92881 | $60.67 | $0.00 | $60.67 | $0.00 |
| NINA NINA INGHAM FAMILY TRUST | 7600 LOWER RIVER RD. | GRANTS PASS, OR 97526 | $40.33 | $0.00 | $40.33 | $0.00 |

1610822_1.xlsx

**SCHEDULE 2.04**

CURE COSTS

| Names | Street Address | City, State, Zip | Prepetition [1] | Post-Petition Amount Due Through 7/29/20 | Total Cure Amount [1+] | Proposed Cure Amount |
|---|---|---|---|---|---|---|
| MAXINE MAUSNNEST GOODY | 1510 SAN LORENZO AVE. | BERKELY, CA 94707 | $23.93 | $0.00 | $23.93 | $0.00 |
| CAROL ACKERMAN BARNES | 31510 LAUREL RIDGE | VALLEY CENTER, CA 92082-5040 | $19.37 | $0.00 | $19.37 | $0.00 |
| VANCE BURCHAM | 30385 CHANNEL WAY DR. | CANYON LAKE, CA 92587 | $8.42 | $0.00 | $8.42 | $0.00 |
| WILLIAM PAUL BLAIR | 1946 SAN PASQUAL ST. | PASADENA, CA 91107 | $8.41 | $0.00 | $8.41 | $0.00 |
| THE HUNTER LIVING TRUST DTD 10/19/90 KENNETH H. HUNTER JR, TRUSTEE | P.O. BOX 5275 | SANTA BARBARA, CA 93150 | $8.41 | $0.00 | $8.41 | $0.00 |
| GARY BURCHAM | 810 EAST WALNUT AVENUE | BURBANK, CA 91501 | $8.41 | $0.00 | $8.41 | $0.00 |
| RONALD D. LE PAGE | 23592 VIA BREVE | MISSION VIEJO, CA 92691 | $5.61 | $0.00 | $5.61 | $0.00 |
| GORDON LE PAGE | 25886 ANZO WAY | VALENCIA, CA 91355 | $5.61 | $0.00 | $5.61 | $0.00 |
| PATRICIA ANN PAIONI | 18024 RIVER CIRCLE UNIT #3 | CANYON COUNTRY, CA 91351 | $5.61 | $0.00 | $5.61 | $0.00 |
| IDA DIROS DE MALAGA C/O MIGUEL PLAZA MALAGA | P.O. BOX 423-526350 | MIAMI, FL 33152-6350 | $1.87 | $0.00 | $1.87 | $0.00 |
| THERESA CHAPPUIS DE SOLIS | JR. CANTA 233 LIMA 13 | LIMA, PERU | $1.87 | $0.00 | $1.87 | $0.00 |
| IVONNE DIROS DE ORLANDINI | LOS ALAMOS 441-SAN ISIDRO LIMA 27 | LIMA, PERU | $1.87 | $0.00 | $1.87 | $0.00 |
| TINA L. THRASHER | 17842 SOUTH MOUNTAIN ROAD | SANTA PAULA, CA 93060 | $0.71 | $0.00 | $0.71 | $0.00 |
| JULIE CHAPPIUS | 1955 UNION PL #F-98 | COLUMBIA, TN 38401 | $0.70 | $0.00 | $0.70 | $0.00 |
| KIMBERLY A. GRAVES | 3939 W. WINDMILLS BLVD. #1007 | CHANDLER, AZ 85226 | $0.70 | $0.00 | $0.70 | $0.00 |
| LISA L. PETERSON | 2856 RUTGERS AVENUE | LONG BEACH, CA 90815 | $0.70 | $0.00 | $0.70 | $0.00 |
| VINTAGE PETROLEUM, INC. | 110 W. SEVENTH ST. | TULSA, OK 74119 | $0.00 | $0.00 | $0.00 | $0.00 |
| PATRICIA FERN WETZEL or JULIE ANNE McKEMY | 577 Albertson Av | Covina, CA 91723 | $0.00 | $0.00 | $0.00 | $0.00 |
| LAOR LIQUIDATION ASSOC | 4640 Admiralty Way, Suite 700 | Marina Del Rey, CA 90292 | $0.00 | $0.00 | $0.00 | $0.00 |
| LESLIE PATRICIA LESLIE PATRICA MCLAUGHLIN EST. C/O BILL MCLAUGHLIN | 633 GRELLE AVENUE | LEWISTON, ID 83501 | $0.00 | $0.00 | $0.00 | $0.00 |
| Crow Creek Energy L.L.C. | Department 2168 | Tulsa, OK 74182 | $0.00 | $0.00 | $0.00 | $0.00 |
| MARY E. DOHERTY | 1299 GREENVALE CIRCLE | UPLAND, CA 91784 | $0.00 | $0.00 | $0.00 | $0.00 |
| MATILDA SULLIVAN | 419 WYCLIFF COURT | MELBOURNE, FL 32934-803 | $0.00 | $0.00 | $0.00 | $0.00 |
| LAOR LIQUIDATING ASSOC. | 4640 Admiralty Way, Suite 700 | Marina Del Rey, CA 90292 | $0.00 | $0.00 | $0.00 | $0.00 |
| ROYALTY DISTRIBUTORS NICOLAI ET AL ACCOUNT | P.O. BOX 80375 | PHOENIX, AZ 85060-0375 | $0.00 | $0.00 | $0.00 | $0.00 |
| KENNETH H. HUNTER | PO BOX 5275 | SANTA BARBARA, CA 93150 | $0.00 | $0.00 | $0.00 | $0.00 |
| SAN FRANCISCO OIL COMPANY C/O  WILSHIRE OIL COMPANY | 200 NORTH HARVEY ,  STE 717 | OKLAHOMA CITY, OK 73102 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | **Total** | **$6,026,551.63** | **$75,697.26** | **$6,102,248.89** | **$75,697.26** |

[1] The Trustee notes that there is a $543,170.99 discrepancy in the total prepetition amount and is investigating.  There is no discrepancy with respect to the postpetition amount.

1610822_1.xlsx

# SCHEDULE 5.05

# LITIGATION

| | | | | Court or agency's name | | |
|---|---|---|---|---|---|---|
| **Active Legal Proceedings** | | | | | | |
| No. | Title | ID Number | Nature of Case | and address | Status | Commentary |
| 1 | Department of Conservation, Division of Oil, Gas and Geothermal Resources / Debtor, Appellant | 1119C | Remedial Order under Environmental Law; life-of-bond sought | Director's Office of Appeals California Department of Conservation 801 K Street Sacramento, CA 95814 | Active | Retained special counsel Buynak to assist with this matter on 2/28/20. Got a preliminary ruling in our favor, extended deadline for supplemental briefing while exploring settlement negotiations. Trustee settled and the Settlement Agreement was apprved by the Bankruptcy Court on August 10, 2020 for Order No. 1119C. The Settlement Agreement reduces the civil penalty associated with Order No. 1119C from $5,076,420 to $2,000,000 and removes the life of bond requirement |
| 2 | U.S., et al v. HVI Cat Canyon, Inc., f/k/a Greka Oil & Gas, Inc | CV 11-05097 FMO (SSx) | Civil Penalties under Environmental Law, Injunctions, appointment of monitor | U.S. District Court Central District of California 350 W. 1st Street, Suite 4311 Los Angeles, CA 90012-4565 | Active | Retained special counsel Reetz, Fox & Bartlett LLP and Buynak, Fauver, Archbald & Spray, LLP ('Buynak') to assist with this matter on 2/28/20. |
| 3 | McConnell, Chapter 11 Trustee v. GLR, LLC and GRL, LLC | Adv. No. 9:20-ap-01006-MB | Seeking avoidance of property transfers to defendants. Defendants have asserted counterclaims and crossclaims. | U.S. Bankruptcy Court Central District of California (Santa Barbara) | Active | Adversary proceeding to avoid and recover 3 properties that the debtor quit-claimed to GLR/GRL 6 days before bankruptcy. The amended complaint also seeks to avoid earlier mineral lease amendments detrimental to the debtor. |
| 4 | McConnell, Chapter 11 Trustee v. AAnerud et al. | Adv. No. 9:20-ap-01011-MB | Declaration that the Subject Rights constitute property of the estate under section 541 of the Code, and are not the subjects of executory contracts or unexpired leases under section 365 of the Code. Defendants have asserted counterclaims. | U.S. Bankruptcy Court Central District of California (Santa Barbara) | Active | This is the adversary proceeding to declare that the oil and gas leases are interests in real property -- not true leases subject to section 365. |
| 5 | McConnell, Chapter 11 Trustee v. California Asphalt Production, Inc., GTL1, LLC, and GIT, Inc. | Adv. No. 9:20-ap-01039-MB | Complaint to determine that the post-petition notices of lien filed by California Asphalt Production, Inc., GTL1, LLC, and GIT, Inc. are void. Defendants have asserted counterclaims. | U.S. Bankruptcy Court Central District of California (Santa Barbara) | Active | This is the adversary proceeding to void the post-petition notices of oik and gas iens filed by California Asphalt Production, Inc., GTL1, LLC, and GIT, Inc. |
| 6 | Trustee's Motion to Assume Lease or Executory Contract | 9:19-bk-11573-MB | The lease assumption seeks to assume surface leases and preserve the section 365 issue of the mineral rights | U.S. Bankruptcy Court Central District of California (Santa Barbara) | Active | The lease assumption seeks to assume surface leases and preserve the section 365 issue of the mineral rights. Continued as to as to Buganko LLC (REDU) and Righetti Ranch Properties, LLC only to September 29, 2020. |
| 7 | Trustee's Notice of Emergency Motion and Seventh Motion for an Order: (1) Authorizing the Trustee to Obtain Additional Postpetition Financing; (2) Authorizing Continued Use of Cash Collateral; (3) Scheduling a Final Hearing; and (4) Granting Related Relief | 9:19-bk-11573-MB | Seeks continued borrowing and use of cash collateral | U.S. Bankruptcy Court Central District of California (Santa Barbara) | Active | The Motion was granted on an interim basis on August 6, 2020, and a final hearing will be held on August 26, 2020. |
| 8 | Trustee's Application to Employ Assessment Technologies as Special Real Property Tax Consultant | 9:19-bk-11573-MB | Application seeks to employ Assessment Technologies as the Trustee's special real property tax consultant to provide advice on real property tax issues, including the abatement of penalties and assisting the Trustee in filing an appeal of real property tax assessments. | U.S. Bankruptcy Court Central District of California (Santa Barbara) | Active | UBS AG, London Branch and UBS AG, Stamford Branch filed a limited objection to the Application. |
| 9 | OSPR Cease and Desist Order on 1/17/20 | N/A | Cease and Desist Order from Office of Spill Prevention and Response (OSPR) California Department of Fish and Wildlife | Department of Fish and Wildlife Office of Spill Prevention and Response P.O. Box 160362 (Legal Office) | Active | The Trustee worked with OSPR to comply with its requests and has now submitted plans for the Security, Bell, Redu and Bradley/Jim Hopkins facilities. All plans have been approved in final form, allowing the Trustee to produce at all of the Debtor's currently operational fields. There are eight other plans that will need to be prepared before certain other facilities can be brought back on line. |
| 10 | CalGEM 2019 Idle Well Management Plan default | N/A | On January 2, 2020, the California Geologic Energy Management Division (CalGEM) determined that HVI Cat Canyon failed to comply with the terms of its 2019 Idle Well Management Plan (IWMP), No. G3515-2019. Therefore, HVI Cat Canyon has breached the Terms of Settlement of Notice No. 0011 it executed on May 13, 2019. | State of California Natural Resources Agency - Department of Conservation - California Geologic Energy Management Division 801 K Street, MS 24-01, Sacramento, CA 95814 | Active | Buynak is working with CalGEM to determine how this default will be resolved, the plan submission date was prepetition but we're still assessing how the default will be treated. |
| 11 | Central Coast Regional Water Quality Control Board, Water Well Testing | N/A | HVI is testing agricultural water wells located at areas of historical oil well production and injection operations. This testing is a sensitive issue with the water well owners and can only be conducted with their permission. | Central Coast Regional Water Quality Control Board (Region 3) 895 Aerovista Place, Suite 101 San Luis Obispo, CA. 93401-7906 | Active | Recently HVI's land department was able to gain permission from 13 out of 16 water-well owners. |

1610787.1  26932

# SCHEDULE 5.05

TO

REDU PURCHASE AND SALE AGREEMENT

### SCHEDULE 5.08

PERMITS

| AGENCY | PERMIT TYPE | LOCATION |
|---|---|---|
| SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT | PERMIT TO OPERATE | REDU |
| CERTIFIED UNION PROGRAM AGENCY | UNIFIED PROGRAM FACILITY PERMIT | REDU |
| ORANGE COUNTY FIRE | OPERATIONAL PERMIT | REDU |
| CITY OF PLACENTIA | BUSINESS LICENSE | REDU |
| CITY OF YORBA LINDA | BUSINESS LICENSE | REDU |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF SUBMISSION OF FULLY EXECUTED REDU ASSET PURCHASE AGREEMENT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  September 23, 2020  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**: On (*date*)  September 23, 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof (without the service list) in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  September 23, 2020 , I served the following persons and/or entities by email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Attys. for Buyer  Richard B. Hemingway, Esq.  *Richard.Hemingway@tklaw.com*
Attys. for Buyer  Tye C. Hancock, Esq.  *Tye.Hancock@tklaw.com*
Trustee's Real Estate Broker Lindsay Sherrer  *Lindsay.Sherrer@tenoaksadvisors.com*
Attys. for Union Oil Company of California and Chevron U.S.A. Inc.:  Robert Wallan *robert.wallen@pillsburylaw.com*, Jonathan Doolittle *jonathan.doolittle@pillsburylaw.com*; William J. Hotze *william.hotze@pillsburylaw.com*

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| September 23, 2020 | Beverly Lew | */s/ Beverly Lew* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION** (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Anthony A Austin on behalf of Creditor California Department of Toxic Substances Control
anthony.austin@doj.ca.gov

Anthony A Austin on behalf of Interested Party California Department of Toxic Substances Control
anthony.austin@doj.ca.gov

William C Beall on behalf of Counter-Claimant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Counter-Claimant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Creditor GLR, LLC
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Defendant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Defendant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Bradley D Blakeley on behalf of Defendant RDI Royalty Distributors, Inc
blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Alicia Clough on behalf of Interested Party California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission      mscohen@loeb.com, klyles@loeb.com

Marc S Cohen on behalf of Interested Party California State Lands Commission
mscohen@loeb.com, klyles@loeb.com

Alan D Condren on behalf of Defendant Roman Catholic Archbishop of Los Angeles  , berickson@seedmackall.com

Alan D Condren on behalf of Defendant Elizabeth Esser      , berickson@seedmackall.com

Alan D Condren on behalf of Defendant Stephen Fisher      , berickson@seedmackall.com

Alec S DiMario on behalf of Creditor Direct Energy Business Marketing, LLC d/b/a Direct Energy Business
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Alec S DiMario on behalf of Creditor Direct Energy Business, LLC
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Jeremy Faith on behalf of Creditor California Asphalt Production, Inc.
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Jeremy Faith on behalf of Creditor GIT, Inc.
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

Jeremy Faith on behalf of Creditor GTL1, LLC
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

H Alexander Fisch on behalf of Interested Party California Department of Fish & Wildlife
Alex.Fisch@doj.ca.gov

H Alexander Fisch on behalf of Interested Party California Regional Water Quality Control Board, Central Coast
Alex.Fisch@doj.ca.gov

Don Fisher on behalf of Defendant Corian Cross Holdings, LP    dfisher@ptwww.com, tblack@ptwww.com

Don Fisher on behalf of Interested Party Interested Party    dfisher@ptwww.com, tblack@ptwww.com

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee    brian.fittipaldi@usdoj.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)    brian.fittipaldi@usdoj.gov

Ellen A Friedman on behalf of Interested Party Pacific Gas and Electric Company
efriedman@friedmanspring.com, khollander@friedmanspring.com

Gisele M Goetz on behalf of Defendant Chamberlin Oil LLC
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Gisele M Goetz on behalf of Interested Party Courtesy NEF
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Karen L Grant on behalf of Creditor BUGANKO, LLC    kgrant@silcom.com

Karen L Grant on behalf of Defendant Janet K Ganong    kgrant@silcom.com

Ira S Greene on behalf of Interested Party CTS Properties, Ltd.    Ira.Greene@lockelord.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

Brian L Holman on behalf of Counter-Claimant Bradley Land Company    b.holman@mpglaw.com

Brian L Holman on behalf of Creditor Bradley Land Company    b.holman@musickpeeler.com

Brian L Holman on behalf of Defendant Bradley Land Company    b.holman@mpglaw.com

Tracy K Hunckler on behalf of Interested Party Courtesy NEF
thunckler@daycartermurphy.com, cgori@daycartermurphy.com
Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Financial Advisor CR3 Partners, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Michael Arthur McConnell (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Razmig Izakelian on behalf of Creditor California Asphalt Production, Inc.    razmigizakelian@quinnemanuel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

Razmig Izakelian on behalf of Creditor GIT, Inc.    razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor GTL1, LLC  razmigizakelian@quinnemanuel.com

Evan M Jones on behalf of Interested Party UBS AG, Stamford Branch     ejones@omm.com, ejones@omm.com

Evan M. Jones on behalf of Interested Party UBS AG, London Branch     ejones@omm.com, ejones@omm.com

Alan H Katz on behalf of Interested Party CTS Properties, Ltd.    akatz@lockelord.com

John C Keith on behalf of Creditor California State Lands Commission    john.keith@doj.ca.gov

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company jekim@sheppardmullin.com,
lsemeraro@sheppardmullin.com

Anna Landa on behalf of Interested Party Courtesy NEF
Anna@MarguliesFaithlaw.com,
Helen@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com

Mitchell J Langberg on behalf of Creditor Adam B Firestone       mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Alice Sedgwick Wohl     mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Alice Sedgwick, Dec'd    mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Jerome Brevoort Dwight  mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor John A Feliciano  mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Jonathan Ashley Dwight   mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Katherine S Hanberg       mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Lance H Brown     mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Lela Minturn Dwight       mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Louise H Feliciano         mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Susanna Sedgwick, Dec'd        mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor William Hanberg   mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Adam B Firestone      mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Alice Sedgwick Wohl    mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Alice Sedgwick, Dec'd  mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Jerome Brevoort Dwight        mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant John A Feliciano       mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Jonathan Ashley Dwight        mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Katherine S Hanberg   mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Lance H Brown    mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Lela Minturn Dwight     mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Louise H Feliciano       mlangberg@bhfs.com, dcrudup@bhfs.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Mitchell J Langberg on behalf of Defendant Susanna Sedgwick       mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant William Hanberg         mlangberg@bhfs.com, dcrudup@bhfs.com

Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors
mlitvak@pszjlaw.com

Vincent T Martinez on behalf of Counter-Claimant Escolle Tenants In Common
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Adam Family Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Candace Laine Evenson
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Escolle Tenants In Common
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor The Bognuda Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor The Morganti Ranch, a limited partnership
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Candace Laine Evenson
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Defendant The Bognuda Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Michael Arthur McConnell (TR)    Michael.mcconnell@kellyhart.com

Brian M Metcalf on behalf of Interested Party UBS AG, London Branch
bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com

Brian M Metcalf on behalf of Interested Party UBS AG, Stamford Branch
bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com

Monserrat Morales on behalf of Interested Party Courtesy NEF
Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

Jerry Namba on behalf of Defendant CMT, LLC
nambaepiq@earthlink.net, G23453@notify.cincompass.com;annie_cunningham@ymail.com

David L Osias on behalf of Creditor Allen Matkins Leck Gamble Mallory & Natsis LLP
dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

Darren L Patrick on behalf of Interested Party UBS AG, London Branch
dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com

Benjamin P Pugh on behalf of Defendant Jane A. Adams
bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

Benjamin P Pugh on behalf of Defendant John S. Adams
bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

Edward S Renwick on behalf of Counter-Claimant Frank M. Boisseranc and Sylvia S Boisseranc as Trustees of the Frank
and Sylvia Boisseranc Trust
erenwick@hanmor.com, iaguilar@hanmor.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

Edward S Renwick on behalf of Counter-Claimant Presson Vera OC Land Group, a California Unincorporated Association
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Counter-Claimant Waldo A. Gillette Jr.
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor Goodwin "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Cross-Claimant Goodwin "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

J. Alexandra Rhim on behalf of Counter-Claimant Guarantee Royalties, Inc.  arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Counter-Claimant Laor Liquidating Associates, LP      arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Creditor Guarantee Royalties, Inc.  arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Creditor Laor Liquidating Associates, LP        arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Defendant Guarantee Royalties, Inc.         arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Defendant Laor Liquidating Associates, LP  arhim@hrhlaw.com

Todd C. Ringstad on behalf of Defendant Charles C. Albright         becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party        becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil, Gas & Geothermal Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
mitchell.rishe@doj.ca.gov

George E Schulman on behalf of Trustee Michael Arthur McConnell (TR)
GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

Zev Shechtman on behalf of Counter-Defendant Michael A. McConnell, Chapter 11 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Trustee Michael Arthur McConnell (TR)
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Sonia Singh on behalf of Trustee Michael Arthur McConnell (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.
dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California
ross@snowspencelaw.com, janissherrill@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California
ross@snowspencelaw.com, janissherrill@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@snowspencelaw.com, janissherrill@snowspencelaw.com;brittanyDecoteau@snowspencelaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com,
mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon
@diamondmccarthy.com;aiemee.low@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch        jtaylor@omm.com

John N Tedford, IV on behalf of Trustee Michael Arthur McConnell (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com

Salina R Thomas on behalf of Interested Party Courtesy NEF        bankruptcy@co.kern.ca.us

Salina R Thomas on behalf of Interested Party Kern County Treasurer Tax Collector        bankruptcy@co.kern.ca.us

Meagan S Tom on behalf of Creditor Netherland, Sewell & Associates, Inc.
meagan.tom@lockelord.com, autodocket@lockelord.com;taylor.warren@lockelord.com;autodocketdev@lockelord.com

Patricia B Tomasco on behalf of Creditor GIT, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

Fred Whitaker on behalf of Interested Party Eller Family Trust        lshertzer@cwlawyers.com, spattas@cwlawyers.com

William E. Winfield on behalf of Attorney Courtesy NEF        wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Jane Connolly        wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Robert Kestner        wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Virginia Tracy        wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Jane Connolly        wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Kathleen Seymour        wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Robert Kestner        wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Virginia Tracy        wwinfield@calattys.com, scuevas@calattys.com

Richard Lee Wynne on behalf of Interested Party NewBridge Resources, LLC
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

Emily Young on behalf of Creditor Epiq Corporate Restructuring, LLC Claims Agent
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

Aaron E de Leest on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E de Leest on behalf of Trustee Michael Arthur McConnell (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

## 2. SERVED BY U.S. MAIL

Debtor
HVI Cat Canyon, Inc.
c/o Capitol Corporate Services, Inc.
36 S. 18th Avenue, Suite D
Brighton, CO 80601

Debtor
HVI Cat Canyon, Inc.
630 Fifth Avenue, Suite 2410
New York, NY 10111

Brian Fittipaldi, Esq.
Office of the United States Trustee
1415 State Street, Ste 148
Santa Barbara, CA 93101-2511

The Honorable Martin R. Barash
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367

### REQUESTS FOR SPECIAL NOTICE

Attys. for Buganko
Philip Ganong, Esq.
Ganong Law Office
PO Box 192
Bakersfield, CA 93302

Atty. for California Asphalt Production,
Inc. and GTL1, LLC
Susan M. Whalen, Esq.
The Law Offices of Susan M. Whalen
2806 Alta Street, PO Box 938
Los Olivos, CA 93441

California State Controller Tax
Administration Section
Richard J. Chivaro, Chief Counsel for
California State Controller
300 Capitol Mall, Suite 1850
Sacramento, CA 95814

Atty. for Jane A. Adams and John S.
Adams, Trustees
Nicholas Dellefave, Esq.
Enterprise Counsel Group
3 Park Plaza Ste 1400
Irvine, CA 92614

Rob Thomson
1920 Wilbur Avenue
San Diego, CA 92109

Frank and Sylvia Boisseranc
300 W. Paseo de Cristobal
San Clemente, CA 92672

### 20 LARGEST CREDITORS

Santa Barbara County Treasurer-Tax
Collector
105 E. Anapamu St., Suite 109
Santa Barbara, CA 93102

Allen Matkins Leck Gamble
865 South Figueroa Street
Suite 800
Los Angeles, CA 90017-2543

Diamond McCarthy LLP
909 Fannin Street
37th Floor Two Houston Center
Houston, Texas 77010

Santa Barbara County-APCD
260 NORTH SAN ANTONIO RD.,
SANTA BARBARA, CA 93110

Akin Gump Straus Hauer & Feld
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067

Santa Barbara County P&D
123 East Anapamu Street
Santa Barbara, CA 93101

W. J. Kenny Corp.
C/O Allfirst Bankcorp Trust do M&T
Bank
One M&T Plaza
Buffalo, NY 14203

PG&E
77 Beale St
San Francisco, CA 94177

Ann Jenny Schupp
CIO M H Whittier Corp.
1600 Huntington Drive
South Pasadena, CA 91030

William W. Jenny Jr.
5101 East Camino Alisa
Tucson, AZ 85718

J. P. Morgan-Chase
Attn: Michael Kemey
450 West 33rd Street, 15th Floor
Ref: 030057 Nassau Assoc-Saba
New York, NY 10041

WEST COAST WELDING &
CONSTR. I
2201 Celsius Avenue Suite B
Oxnard, CA 93030

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

Sherrill A. Schoepe
14974 Adams Dr.
Pauma Valley, CA 92061

Andrew Kurth LLP
600 Travis Suite 4200
Houston, TX 77002

Larsen O'Brien LLP
555 South Flower
Suite 4400
Los Angeles, CA 90071

Victory Oil
222 West 6th Street. Suite 1010
San Pedro, CA 90731

California Department of
Conservation
801 K Street
Sacramento, CA 95814

Diane T. Walker
748 Oceanville Road
Stonington, ME 04681-9714

Stoner Family Trust
James G. Sanford Trustee
100 West Liberty Street
Suite 900
Reno, NV 89501

Charles C. Albright Trustee
729 West 16th Street #B8
Costa Mesa, CA 92627

## INTERESTED PARTIES

Internal Revenue Service
(Small Business/Self-Employment
Div.)
5000 Ellin Road
Lanham, MD 20706

Wyatt Sloan-Tribe, Esq.
Office of the Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013

California Dept. Of Toxic Substance
Control
(Berkeley Regional Office)
700 Heinz Avenue, Suite 200
Berkeley, CA 94710

California OSHA
1515 Clay Street, Suite 1901
Oakland, CA 94612

United States Attorney's Office
Southern District of New York
Attn: Anthony Sun, AUSA
Tax & Bankruptcy Unit
86 Chambers Street, 3rd Floor
New York, NY

U.S. Dept. of Transportation
1200 New Jersey Avenue, SE
Washington, DC 20590

State of New York Attorney General
Attn: Letia A. James
Dept. of Law
The Capitol, 2nd Floor
Albany, NY 12224

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA  19101-7346

U. S. Securities and Exchange
Commission
Attn:  Bankruptcy Counsel
444 So. Flower St., Suite 900
Los Angeles, CA  90071-9591

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

United States Attorney's Office
Federal Building, Room 7516
300 N. Los Angeles Street
Los Angeles, CA  90012

United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, D.C. 20044

U. S. Small Business Administration
Attn:  So Cal Legal Unit
330 North Brand Blvd., Suite 1200
Glendale, CA  91203-2304

Employment Development
Department
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA  94280-0001

Franchise Tax Board Chief Counsel
c/o General Counsel Section
P. O. Box 1720, MS: A-260
Rancho Cordova, CA  95741-1720

Franchise Tax Board Bankruptcy
Section, MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

Executive Director
State Board of Equalization
450 N Street, MIC: 73
Sacramento, CA  95814-0073

State Board of Equalization
Special Operations Bankruptcy
Team, MIC: 74
P. O. Box 942879
Sacramento, CA  94279-0074

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

State Board of Equalization
Account Information Group, MIC: 29
P. O. Box 942879
Sacramento, CA  94279-0029

Los Angeles County Tax Collector
P. O. Box 54110
Los Angeles, CA  90054-0110

Rival Well Services, Inc.
Bob Grayson, Jr., Agent for Service
of Process
19032 Clarisse St.
Bakersfield, CA  93314

Atty. for Rival Well Services, Inc.
Adrian S. Andrade, Esq.
Law Offices of Adrian S. Andrade &
Associates
211 E. Fesler Street
Santa Maria, CA  93454

Team Maria Joaquin, L.L.C.
c/o Scott Nonhof
16202 Butera Road
Magnolia, TX  77355

Thompson & Knight, LLP
c/o Richard B. Hemingway and
Tye C. Hancock
811 Main Street, Suite 2500
Houston, TX  77002

Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

Office of the Attorney General
1300 "I" Street
Sacramento, CA  95814-2919

## 5 LARGEST SECURED CLAIMANTS AND THEIR COUNSEL (ONLY 4 LISTED)

CTS Properties, Ltd.
c/o Ira S. Greene
Locke Lord LLP
200 Vesey Street
New York, NY 10281

Diamond McCarthy LLP
c/o Allan B. Diamond and Sheryl P.
Giugliano
Diamond McCarthy LLP
295 Madison Avenue, 27th Floor
New York, NY 10017

GIT, Inc.
c/o Peter Calamari, Patricia B. Tomasco
and Devin van der Hahn
Quinn Emanuel Urquhart & Sullivan
51 Madison Avenue, 22nd Floor
New York, NY 10010

UBS AG London Branch
c/o Evan M. Jones, Brian M. Metcalf and
Darren L. Patrick
O'Melveny & Myers, LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071

UBS AG London Branch
c/o Daniel L. Cantor
O'Melveny & Myers, LLP
Seven Times Square
New York, NY 10036

UBS AG London Branch
c/o Jennifer Taylor
O'Melveny & Myers, LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**