ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Michael A. McConnell,
Chapter 11 Trustee

FILED & ENTERED

OCT 13 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust          DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>HVI CAT CANYON, INC.,<br><br>Debtor. | Case No. 9:19-bk-11573-MB<br><br>Chapter 11<br><br>**ORDER AUTHORIZING (A) THE TRUSTEE'S SALE TO REDU HOLDINGS, LLC OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, RELATED CURE AMOUNTS, AND (C) GRANTING RELATED RELIEF**<br><br>DATE:       October 8, 2020<br>TIME:        10:00 a.m.<br>PLACE:     Courtroom 201<br>                   1415 State Street<br>                   Santa Barbara, California |

On October 8, 2020, at 10:00 a.m. (the "Sale Hearing") there came before the United States

Bankruptcy Court for the Central District of California, Northern Division (the "Court"), the

Honorable Martin R. Barash, United States Bankruptcy Judge, presiding, a hearing on *Trustee's*

*Notice of Motion and Motion for Orders: (A) Approving Sale Of Substantially All Of the Estate's*

*Assets, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and*

*Unexpired Leases, and (C) Granting Related Relief (docket no. 1221)*, (the "Motion")[1] filed by

Michael A. McConnell, the Chapter 11 Trustee  (the "Trustee")[2] for the estate of HVI Cat Canyon,

Inc. (the "Debtor").  Eric P. Israel of Danning, Gill, Israel & Krasnoff, LLP appeared via Zoom.gov

on the Motion for the Trustee, and all other appearances were as noted on the record of the hearing.

The Court having read and considered the Motion and all papers filed in support thereof,

including the Trustee's supplements thereto and the Notices, Oppositions and Responses filed by

California Department of Conservation, Geologic Energy Management Div. (*docket no. 1294*),

Stephen Fisher, as Trustee of the Nancy W. Ashton Revocable Trust, Elizabeth Esser, and Roman

Catholic Archbishop of Los Angeles (*docket no. 1298*), the United States of America on behalf of

USEPA and US Coast Guard (*docket no. 1304*), Buganko, LLC, Janet K. Ganong Estate and Living

Trust (*docket no. 1305*), Chamberlin Oil LLC (*docket no. 1307*), Gary K. Kaestner, Trustee of the

Conzelman Family Trust (*docket no. 1308*), County of Santa Barbara, California, Santa Barbara

Air Pollution Control District (*docket no. 1312*), GLR, LLC, and GRL, LLC *(docket no. 1313*),

Jane A. and John S. Adams, Trustees (*docket no. 1314*), Guarantee Royalties, Inc., and Laor

Liquidating Associates, LP (*docket nos. 1316 and 1357*), County of Santa Barbara; County

Treasurer Tax Collector (*docket no. 1317*), Goodwin "A" Mineral Owners Group et al. (docket no.

1319), Union Oil Company of CA (*docket no. 1323*), California Asphalt Production, Inc., GIT,

Inc., GTL1, LLC (*docket no. 1324*), and State College LLC (*docket no. 1342*) (collectively, the

"Objections"), it appearing that the relief requested in the Motion for entry of an Order (this

"Order") (a) authorizing the sale (the "Sale") of the Assets (defined as REDU Assets in the Motion)

to Redu Holdings, LLC. (the "Buyer"), pursuant to the Purchase and Sale Agreement between the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the APA (as defined herein), as applicable; *provided* that in the event of any conflict with respect to the meaning of a capitalized but undefined term, the meaning ascribed to such term in the APA shall control.

[2] All references to the "Trustee" shall include the Seller, the Debtor and the bankruptcy estate (the "Estate"), as the context requires.

Trustee and the Buyer, dated as of September 18, 2020 (together with all other documents contemplated thereby, as such agreement may be amended, restated or supplemented, the "APA"), a copy of which is attached as Exhibit 1 to the *Notice of Submission of Executed REDU Purchase Agreement* (*docket no. 1328*), free and clear of all Liens, Claims, and Interests (each as defined herein); (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases to the Buyer; and (c) granting related relief, all as more fully set forth in the Motion; and the Court having entered the *Order (A) Establishing Bidding Procedures for the Sale of Substantially All of the Estate's Assets, (B) Establishing Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (C) Authorizing and Approving the Selection of a Stalking Horse Bidder, (D) Approving Expense Reimbursement, (E) Scheduling an Auction and Sale Hearing, (F) Approving the Form and Manner of All Procedures, Protections, Schedules, and Agreements, and (G) Granting Related Relief* (*docket no. 1268*) (the "Bidding Procedures Order"); and the Trustee having filed the *Notice of Successful Bidders with Respect to the Debtor's Assets (docket no. 1327)*(the "Notice of Successful Bidder") identifying the Buyer as the Successful Bidder for the Assets in accordance with the Bidding Procedures Order; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Estate, its creditors, and all other parties in interest; and the Court having found that the Trustee provided appropriate notice of the Motion and opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements and evidence in support of the relief requested therein; and the Court having determined

that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; based on the Court's findings of fact and conclusions of law set forth on the record at the hearing; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

### Findings of Fact and Conclusions of Law

A.      The findings of fact and conclusions of law herein, and as set forth on the record at the hearing, constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law, they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

### Jurisdiction and Venue

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of Cases and Proceedings to the Bankruptcy Judges of the Central District of California, from the United States District Court for the Central District of California, General Order 13-05 dated July 1, 2013.  Without limiting the generality of the foregoing, this Court has exclusive in rem jurisdiction over the Assets pursuant to 28 U.S.C. § 1334(e), as such Assets are property of the Debtor's chapter 11 Estate, and, as a result of such jurisdiction, this Court has all necessary power and authority to grant the relief contained herein.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### Statutory Predicates

C.      The statutory and other legal bases for the relief requested in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 3012,

6004, 6006, 9007, 9008 and 9014 and Local Rule 6004-(1).  The consummation of the transactions contemplated by the APA and this Order is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and the Trustee and the Buyer have complied with all of the applicable requirements of such sections and rules in respect of such transactions.

### Sufficient Notice

D.     As evidenced by the declarations and/or certificates of service and publication notice filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, the Bidding Procedures, the Sale (and all transactions contemplated in connection therewith), the assumption and assignment to the Buyer of the executory contracts and unexpired leases specified as of the date hereof pursuant to the APA (collectively, the "<u>Assigned Contracts</u>"), the Cure Amounts (as defined below), the Sale Hearing, and all deadlines related thereto, has been provided, as relevant, in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 3012, 6004, 6006, 9007, 9008 and 9014, Local Rule 6004-(1) and in compliance with the Bidding Procedures Order, to all interested persons and entities, including, without limitation, the Notice Parties (as defined below).

E.     Notice of the Sale Hearing was published in the *Los Angeles Times* and the *Santa Barbara News Press* on September 17, 2020 and September 18, 2020, respectively, in accordance with the Bidding Procedures Order and was sufficient and proper notice to any other interested parties, including those parties whose identities are unknown to the Trustee.  With respect to any parties that may have claims against the Debtor, but whose identities are not reasonably ascertainable by the Trustee, the publication of the Sale Notice was sufficient and reasonably calculated under the circumstances to reach such parties.

F.        The Trustee filed and served his *Notice of Executory Contracts and Unexpired Leases that May be Assumed and Assigned in Connection with the Sale of the Debtor's Assets and the Proposed Cure Amounts with Respect Thereto* (*docket no. 1290*) (the "<u>Assumption Notice</u>"), which Assumption Notice was substantially in the form of the notice of assumption and assignment of executory contracts or unexpired leases, attached as Exhibit 3 to the Motion, in accordance with the Bidding Procedures, identifying, among other things, the Cure Amounts (as defined below). The Trustee served the Assumption Notice on each of the non-Debtor counterparties to the Assigned Contracts (as defined above). The service of the Assumption Notice was sufficient under the circumstances and in full compliance with the Bidding Procedures Order, and no further notice need be provided in respect of the Trustee's assumption and assignment to the Buyer of the Assigned Contracts or the Cure Amounts.  All non-Debtor counterparties to the Assigned Contracts have had an adequate opportunity to object to the assumption and assignment of the Assigned Contracts and the Cure Amounts.

G.        The notice described in the foregoing Paragraphs C–F is good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Bidding Procedures, the Sale (and all transactions contemplated in connection therewith), the assumption and assignment to the Buyer of the Assigned Contracts, the Cure Amounts, the Sale Hearing, consent and preferential purchase rights related to oil and gas interests and surface rights, and all deadlines related thereto is or shall be required.

**Marketing and Sale Process**

H.        The Sale of the Assets to the Buyer pursuant to the Bidding Procedures was duly authorized pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code, Bankruptcy Rule 6004(f) and Local Rule 6004-1.  As demonstrated by (i) testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale

Hearing, the Trustee and their professionals, agents, and other representatives have marketed the Assets and conducted all aspects of the sale process, including the solicitation of bids for the Assets, in good faith and in compliance with the Bidding Procedures and the Bidding Procedures Order. The marketing process undertaken by the Trustee and his professionals, agents and other representatives with respect to the Assets has been adequate and appropriate and reasonably calculated to maximize value for the benefit of all stakeholders. The Bidding Procedures were duly noticed, were substantively and procedurally fair to all parties, including all potential bidders and all provisions governing credit bidding, and were conducted in a diligent, non-collusive, fair and good-faith manner.

I.      The Bid Deadline passed at 12:00 p.m. (Noon) (prevailing Pacific Time), on September 18, 2020 pursuant to the Bidding Procedures and Bidding Procedures Order. On September 23, 2020, the Trustee filed a notice stating that the Trustee only received the Bid reflected in the APA and did not receive any competing Bids for the Assets, and that he designated the Bid as a Qualified Bid. Pursuant to the terms of the Bidding Procedures, the transaction contemplated by the APA was the highest and best bid for the Assets and, therefore, was designated as the Successful Bid. On September 23, 2020, the Trustee filed the Notice of Successful Bidder identifying the Buyer as the Successful Bidder for the Assets in accordance with the Bidding Procedures Order. As established by the record of the Sale Hearing, the bidding and related procedures established by the Bidding Procedures Order have been complied with in all material respects by the Trustee and the Buyer. The Bidding Procedures afforded a full, fair and reasonable opportunity for any entity or person to make a higher or otherwise better offer to purchase the Assets, and the APA constitutes the best and highest offer for the Assets.

**Corporate Authority**

J.    The Assets constitute property of the Estate and title thereto is vested in the Trustee within the meaning of section 541 of the Bankruptcy Code.  The Trustee (i) has full power and authority to execute the APA and all other documents contemplated thereby, and the Sale to the Buyer has been duly and validly authorized by all necessary corporate action, (ii) has all of the power and authority necessary to consummate the Sale and all transactions contemplated by the APA, (iii) has taken all action necessary to authorize and approve the APA and the consummation by the Trustee of the Sale and all transactions contemplated thereby, and (iv) requires no consents or approvals, other than those expressly provided for in the APA, to consummate such transactions.

**Highest and Best Offer; Business Judgment**

K.    The Trustee, in exercising his business judgment, has demonstrated a sufficient basis to enter into the APA, sell the Assets on the terms outlined therein and assume and assign the Assigned Contracts to the Buyer under sections 363 and 365 of the Bankruptcy Code.  All such actions are appropriate exercises of the Trustee's business judgment and in the best interests of the Debtor's Estate, its creditors, and other parties in interest.  Approval of the Sale pursuant to the APA at this time is in the best interests of the Trustee, the Debtor, the Estate, its creditors, and all other parties in interest.

L.    The offer of the Buyer, upon the terms and conditions set forth in the APA, including, without limitation, the total consideration to be realized by the Estate thereunder, (i) is the highest and best offer received by the Trustee after extensive marketing, including through the Bidding Procedures, (ii) is in the best interests of the Trustee, the Debtor, the Estate, its creditors, and all other parties in interest and (iii) constitutes full and adequate consideration, is fair and reasonable and constitutes reasonably equivalent value, fair consideration, and fair value for the Assets under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.  The Trustee sought

other offers for the Assets that were comparable to the APA but was unable to obtain any such offer.  Taking into consideration all relevant factors and circumstances, no other entity has offered to purchase the Assets for greater economic value to the Trustee, the Debtor, the Estate, or its creditors.

### Opportunity to Object

M.    A reasonable opportunity to object or be heard with respect to the Motion, the Bidding Procedures, the Sale (and all transactions contemplated in connection therewith), the assumption and assignment to the Buyer of the Assigned Contracts, the Cure Amounts, the Sale Hearing, consent and preferential purchase rights related to oil and gas interests or Surface Rights, and all deadlines related thereto, has been afforded to all interested persons and entities, including, without limitation:  (i) the Office of the U.S. Trustee for the Central District of California; (ii) the Committee; (iii) all creditors, including all known lessors and royalty claimants;  (iv) all entities who have expressed an interest in a transaction with respect to some or all of the Assets during the past 12 months; (v) all entities who have asserted any lien or interest in or upon the Assets; (vi) the Internal Revenue Service and all federal, state, and local regulatory or taxing authorities or recording offices; (vii) all entities known to hold or to have asserted any "Lien," "Claim," or "Interest" (each as defined herein) with respect to any of the Assets; (viii) all parties entitled to notice pursuant to Local Rule 2002-1(b); (ix) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder and; (x) all parties with an oil and gas interest or surface rights, including, without limitation, a royalty interest or working interest, which may provide for consent rights or preferential purchase rights with respect to certain of the Assets (the foregoing persons and entities, collectively, the "Notice Parties").

### Good Faith Purchaser; Arm's Length Sale

N.      The APA was negotiated, proposed, and entered into by the Trustee and the Buyer without collusion, in good faith, and from arm's length bargaining positions.  Neither the Trustee, nor the Buyer, nor any affiliate of the Buyer has engaged in any conduct that would cause or permit the APA or the Sale to be avoided under section 363(n) of the Bankruptcy Code.

O.      The Buyer is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

P.      Neither the Buyer nor any of its affiliates, members, officers, directors, shareholders or any of its or their respective successors or assigns is an "insider" or "affiliate" of the Debtor, as those terms are defined in sections 101(31)  and 101(2) of the Bankruptcy Code, and the Buyer's professionals, agents and other representatives have complied in all respects with the Bidding Procedures Order and all other applicable orders of this Court in negotiating and entering into the APA.  The APA complies with the Bidding Procedures Order and all other applicable orders of this Court.

**Free and Clear Transfer Required by Buyer**

Q.      The Buyer would not have entered into the APA and would not consummate the Sale, thus adversely affecting the Trustee, the Debtor, the Estate, and the creditors, if each of (i) the Sale and (ii) the assumption and assignment of the Assigned Contracts to the Buyer were not free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever (with the sole exception of the Permitted Encumbrances and the Assumed Obligations) as more fully set forth in Paragraph 8 of this Order, or if the Buyer would, or in the future could, be liable for any successor liabilities.  For the avoidance of doubt, the Buyer shall have no responsibility whatsoever with respect to any liabilities except to the extent such liabilities constitute Permitted Encumbrances or Assumed Obligations, which liabilities shall remain the responsibility of the Trustee and the Debtor's Estate before, on, and after the Closing.

R.      As of the Closing, pursuant and subject to the terms of the APA and this Order, the transfer of the Assets and the Sale will effect a legal, valid, enforceable, and effective transfer of the Assets and will vest the Buyer with all of the Trustee, the Debtor and the Estate's right, title, and interests in the Assets free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever (with the sole exception of the Permitted Encumbrances and the Assumed Obligations), including, without limitation, (i) mortgages, deeds of trust, pledges, charges, security interests, rights of first refusal, hypothecations, encumbrances, easements, servitudes, leases or subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of offset or recoupment, rights under any operating agreement not assumed by or assigned to the Buyer, right of use or possession, subleases, leases, conditional sale arrangements, any dedication under any gathering, transportation, treating, purchasing or similar agreement that is not assumed by or assigned to the Buyer, or any rights that purport to give any party a right of first refusal or consent with respect to the debtor's interest in the Assets or any similar rights; (ii) all claims as defined in Bankruptcy Code section 101(5), including, without limitation, all rights or causes of action (whether in law or in equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the debtor or any other person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of the above-captioned cases, and whether imposed by agreement, understanding, law, equity or otherwise; (iii) all debts, liabilities, obligations, contractual rights and claims and labor, employment and pension claims, in each case, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded,

perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or un-matured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of this chapter 11 case, and whether imposed by agreement, understanding, law, equity or otherwise; (iv) any rights based on any successor or transferee liability; (v) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtor's or the Buyer's interest in the Assets, or any similar rights; (vi) any rights under labor or employment agreements; (vii) any rights under mortgages, deeds of trust, and security interests; (viii) any rights related to intercompany loans and receivables between the debtor and any non-debtor subsidiary or affiliate; (ix) any rights under pension, multiemployer plan (as such term is defined in Section 3(37) or Section 4001(a)(3) of the Employee Retirement Income Security Act of 1974 (as amended, "ERISA"), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plans of the Debtor or any multiemployer plan to which the Debtor has at any time contributed to or had any liability or potential liability; (x) any other employee claims related to worker's compensation, occupational disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Age Discrimination and Employment Act of 1967 and Age Discrimination in Employment Act, as amended, (g) the Americans with Disabilities Act of 1990, (h) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code and of any similar state law (collectively, "COBRA"), (i) state discrimination laws, (j) state unemployment compensation laws or any other similar state laws, (k)

any other state or federal benefits or claims relating to any employment with the debtor or any of its predecessors, or (l) the WARN Act (29 U.S.C. §§2101 *et seq*.); (xi) any bulk sales or similar law; (xii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Assets prior to the Effective Time, including, without limitation, any *ad valorem* taxes assessed by any applicable taxing authority other than the Permitted Encumbrances and the Assumed Obligations; (xiii) any unexpired and executory contract or unexpired lease to which the debtor is a party that is not an Assigned Contract that will be assumed and assigned pursuant to this Order and the APA; and (xiv) any other liabilities as provided in the APA.

## Satisfaction of Section 363(f)

S.     The Trustee may sell the Assets free and clear of any and all Liens, Claims, and Interests (each as defined herein) of any kind or nature whatsoever, including any rights or claims based on any putative successor or transferee liability, as set forth herein, because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.  All parties in interest, including, without limitation, any holders of Liens, Claims, and/or Interests, and holders of any consent and preferential purchase rights related to oil and gas interests or surface rights, and any non-Debtor counterparties to the Assigned Contracts, who did not object, or who withdrew their objection, to the Sale, the Motion, the assumption and assignment of the applicable Assigned Contracts or the associated Cure Amounts are deemed to have consented to the relief granted herein pursuant to section 363(f)(2) of the Bankruptcy Code.  Those (i) holders of Liens, Claims, or Interests and (ii) non-Debtor parties to Assigned Contracts that did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code or are adequately protected by having their Liens, Claims, or Interests, if any, attach to the portion of the proceeds of the Sale ultimately attributable to the Assets against or in which they claim an interest,

in the order of their priority, with the same validity, force and effect, if any, which they now have against such Assets, subject to any claims and defenses the Trustee, Debtor or their Estate may possess with respect thereto.

### No Successorship

T.      Neither the Buyer nor any of its affiliates are successors to the Trustee, the Debtor or the Estate by reason of any theory of law or equity, and neither the Buyer nor any of its affiliates shall assume or in any way be responsible for any liability or obligation of any of the Trustee, the Debtor and/or the Estate, except as otherwise expressly provided in the APA.

### Assigned Contracts

U.      The Trustee has demonstrated (i) that it is an exercise of his sound business judgment to assume and assign the Assigned Contracts to the Buyer in each case in connection with the consummation of the Sale, and (ii) that the assumption and assignment of the Assigned Contracts to the Buyer is in the best interests of the Trustee, the Debtor, the Estate and its creditors, and other parties in interest.  The Assigned Contracts being assigned to the Buyer are an integral part of the Assets being purchased by the Buyer and, accordingly, such assumption, assignment and cure of any defaults under the Assigned Contracts are reasonable and enhance the value of the Debtor's Estate.  Any non-Debtor counterparty to an Assigned Contract that has not actually filed with the Court an objection to such assumption and assignment in accordance with the terms of the Motion is deemed to have consented to such assumption and assignment.

### Cure Amounts and Adequate Assurance

V.      The Trustee and the Buyer, as applicable, have, including by way of entering into the APA, agreeing to the provisions relating to the Assigned Contracts therein, entering into

relevant stipulations with counterparties (i) cured, or provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assigned Contracts within the meaning of section 365(b)(1)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assigned Contracts within the meaning of section 365(b)(1)(B) of the Bankruptcy Code and the Buyer has, based upon the record of these proceedings, including the evidence presented by the Trustee at the Sale Hearing, provided adequate assurance of its future performance of and under the Assigned Contracts pursuant to sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code. The Buyer's promise under the APA to perform the obligations under the Assigned Contracts after the Effective Time shall constitute adequate assurance of future performance under the Assigned Contracts being assigned to the Buyer within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code. The Cure Amounts are hereby deemed to be the sole amounts necessary to cure any and all defaults under the Assigned Contracts under section 365(b) of the Bankruptcy Code.

### Time Is of the Essence; Waiver of Stay

W.    Time is of the essence in consummating the Sale. In order to maximize the value of the Assets, it is essential that the sale and assignment of the Assets occur within the time constraints set forth in the APA. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004 and 6006.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### Motion is Granted

1.    The relief requested by the Motion is granted as set forth herein.

### Objections Overruled

2.      Any and all objections to the Motion, including the Objections, or to the relief granted herein, or entry of this Order, whether filed, stated on the record before this Court or otherwise, which have not been withdrawn, waived, or settled, and all reservations of rights included therein, are denied and overruled on the merits.  All objections to the entry of this Order or to the relief granted herein that were not timely filed are hereby forever barred.

3.      Notice of the Motion, the Bidding Procedures, the Sale (and all transactions contemplated in connection therewith), the assumption and assignment to the Buyer of the Assigned Contracts, the Cure Amounts, the Sale Hearing, consent and preferential purchase rights related to oil and gas interests and Surface Rights, and all deadlines related thereto was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 3012, 6004 and 6006.

### Approval of the APA

4.      The APA, including all of the terms and conditions thereof, is hereby approved.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Trustee and the Estate are each authorized and directed to take any and all actions necessary to fulfill the obligations under, and comply with the terms of, the APA and to consummate the Sale pursuant to and in accordance with the terms and conditions of the APA and this Order, without further leave of the Court.  The Trustee is further authorized to pay, without further order of this Court, whether before, at, or after the Closing, any expenses or costs that are required to be paid in order to consummate the transactions contemplated by the APA or perform the Estate's obligations under the APA.

5.      Each of the Trustee and the Estate are authorized, in accordance with the APA, to execute and deliver, and empowered to perform under, consummate, and implement, the APA, together with all additional instruments, documents, and other agreements that may be

reasonably necessary or desirable to implement the APA, and to take all further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to possession, the Assets, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the APA.

**Binding Effect of Order**

6.      This Order and the APA shall be binding upon all creditors of, and equity holders in, the Debtor and any and all other parties in interest, including, without limitation, any and all holders of Liens, Claims, and Interests (including holders of any rights or claims based on any putative successor or transferee liability) of any kind or nature whatsoever, all non-Debtor parties to the Assigned Contracts, the Buyer, all successors and assigns of the Buyer, the Debtor and its affiliates and subsidiaries, the Trustee and any successor trustee appointed in the Debtor's chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code.  Nothing contained in any chapter 11 (or other) plan confirmed in these bankruptcy cases or the confirmation order confirming any such plan shall conflict with or derogate from the provisions of the APA or this Order.  To the extent of any such conflict or derogation, the terms of this Order shall govern.

**Amendments to the APA**

7.      The APA and any related agreements, documents, or other instruments may be modified, amended, supplemented or restated by the parties thereto in a writing signed by both parties and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, supplement or restatement should not have a material adverse effect on the Debtor's Estate, absent Court authorization.  In that respect, to the extent the Trustee has been authorized to abandon any asset of the Estate, the Trustee shall be deemed authorized to enter into any modification or amendment to the APA, that has been agreed between the Seller and

Buyer in a writing signed by both parties and in accordance with the terms thereof, without further

order of this Court, to include any abandoned asset as part of the Assets under the APA; and only in

that event, such assets shall be included in the Assets sold pursuant to this Order and shall be

subject to all the terms, provisions and protections provided herein.

### **Transfer of the Assets Free and Clear**

8.     The Buyer shall assume and be liable for only those liabilities expressly

assumed pursuant to the APA.  Pursuant to sections 105(a), 363(b), 363(f), and 365(b) of the

Bankruptcy Code, upon the Closing, the Assets shall be transferred to the Buyer free and clear of

any and all Liens, Claims, and Interests of any kind or nature whatsoever, with the sole exception

of the Permitted Encumbrances and the Assumed Obligations.  For purposes of this Order, "Liens,"

"Claims," and "Interests" shall mean:

a.     any and all charges, liens (statutory or otherwise), claims, mortgages, leases, subleases, hypothecations, deeds of trust, pledge, security interests, options, rights of use or possession, rights of first offer or first refusal (or any other type of preferential arrangement), rights of consent, rights of setoff, successor liability, easements, servitudes, restrictive covenants, interests or rights under any operating agreement, encroachments, encumbrances, third-party interests or any other restrictions or limitations of any kind with respect to the Assets including all the encumbrances or other restrictions or limitations on use set forth in Paragraph R above (collectively, "Liens");

b.     any and all claims as defined in section 101(5) of the Bankruptcy Code and jurisprudence interpreting the Bankruptcy Code, including, without limitation, (i) any and all claims or causes of action based on or arising under any labor, employment or pension laws, (ii) any and all claims or causes of action based upon or relating to any putative successor or transferee liability, and (iii) any and all other claims, causes of action, rights, remedies, obligations, liabilities, counterclaims, cross-claims, third party claims, demands, restrictions, responsibilities, or contribution, reimbursement, subrogation, or indemnification claims or liabilities based on or relating to any act or omission of any kind or nature whatsoever asserted against any of the Trustee, the Debtor or the Estate or any affiliates, subsidiaries, directors, officers, agents, successors or assigns in connection with or relating to the Debtor, its operations, business, or liabilities, the Trustee's marketing and bidding process with respect to the Assets, the Assigned Contracts, or the

transactions contemplated by the APA including all the claims set forth in Paragraph R above (collectively, "Claims"); and

c.  any and all equity or other interests of any kind or nature whatsoever in or with respect to (x) the Debtor or its respective affiliates, subsidiaries, successors or assigns, (y) the Assets, or (z) the Assigned Contracts, including all the interests set forth in Paragraph R above (collectively, "Interests"),

whether in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and whether arising by agreement, understanding, law, equity or otherwise, and whether occurring or arising before, on or after the Petition Date, or occurring or arising prior to the Closing.

9.  The Assets located in Orange County shall be subject to property taxes, which shall be Permitted Encumbrances. On the Closing, the Buyer shall take title to and possession of the Assets subject only to the Permitted Encumbrances and the Assumed Obligations.

**Vesting of Assets in the Buyer**

10.  The transfer of the Assets to the Buyer pursuant to the APA shall constitute a legal, valid, and effective transfer of the Assets on the Closing, and shall vest the Buyer with all of the Trustee, the Debtor and the Estate's right, title and interests in the Assets free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever (with the sole exception of the Permitted Encumbrances and the Assumed Obligations).

11.  The Buyer is hereby authorized in connection with the consummation of the Sale to allocate the Assets, including the Assigned Contracts, among its affiliates, agents, designees, assigns, and/or successors, in a manner as it in its sole discretion deems appropriate, and to assign, lease, sublease, license, sublicense, transfer, or otherwise dispose of any of the Assets, including the Assigned Contracts, to its affiliates, designees, assignees and/or successors with all of

the rights and protections accorded to the Buyer under this Order and the APA with respect thereto, and the Trustee, the Debtor and the Estate shall cooperate with and take all actions reasonably requested by the Buyer to effectuate any of the foregoing.

### Release of Liens

12.     If any person or entity that has filed any financing statements, mortgages, mechanic's liens, *lis pendens*, or any other documents or agreements evidencing a Lien on the Debtor or any of the Assets conveyed pursuant to the APA and this Order shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all Liens which the person or entity has with respect to the Debtor or the Assets or otherwise, then (a) the Trustee or the Buyer is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets, and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens in the Assets of any kind or nature whatsoever.  Upon releasing of any Liens, the Liens will attach to the proceeds of the Sale in the order and priority that existed prior to such releases.

### Deemed Consent and Waiver of Preferential Purchase Rights

13.     Parties with an oil and gas interest or an interest in a surface right, including, without limitation, a royalty interest or working interest providing for consent rights or preferential purchase rights with respect to certain of the Assets and who received notice in accordance with the applicable provisions of the APA and the Bidding Procedures Order and failed to timely object are hereby deemed to consent to the Sale and/or waive their ability (if any) to exercise any preferential purchase right or consent right with respect to the Sale.

### Police and Regulatory Power of Governmental Units

14.     Nothing in this Order or the APA releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order; provided, however, that neither the Buyer nor any of its affiliates shall assume any liability of the Debtor, the Trustee or the Estate to a governmental unit (as defined in section 101(27) of the Bankruptcy Code) for penalties, fines, response costs, or other expenses incurred for any period prior to the Closing of the Sale Transaction.  Nothing in this Order or the APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all legal requirements and approvals under police or regulatory law applicable to such transfer or assignment or to the discontinuation of such obligation.  Provided however, to the extent provided by section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license, or similar grant relating to the operation of the Assets against a bankrupt or debtor, or another person with whom such bankrupt or debtor has been associated, solely on account of the filing or pendency of a chapter 11 case or the insolvency of such party. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

**Assumption and Assignment of Assigned Contracts**

15.     Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing, the Trustee's assumption and assignment to the Buyer of the Assigned Contracts[3] is hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

---

[3]    For avoidance of doubt, as such term relates to Guarantee/Laor, Assigned Contracts shall mean all leases (and related agreements, amendments, modifications, supplements or replacements) to which Guarantee/Laor is a party as they pertain to the REDU Assets.

16.     The Trustee is hereby authorized, in accordance with the APA and in accordance with sections 105(a) and 365 of the Bankruptcy Code, to (i) assume and assign to the Buyer the Assigned Contracts, effective upon and subject to the occurrence of the Closing, free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever (with the sole exception of the Permitted Encumbrances and the Assumed Obligations), which Assigned Contracts, by operation of this Order, shall be deemed assumed and assigned to the Buyer effective as of the Closing, and (ii) execute and deliver to the Buyer such documents or other instruments as the Buyer may deem necessary to assign and transfer the Assigned Contracts to the Buyer.

17.     Subject to Paragraph 17 hereof:

a.     The Trustee is authorized to and may assume all of the Assigned Contracts in accordance with section 365 of the Bankruptcy Code.

b.     The Trustee is authorized to and may assign each Assigned Contract to the Buyer in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract on the consent of the counterparty thereto or allow the non-Debtor party to such Assigned Contract or Assigned Lease to terminate, recapture, impose any penalty, condition, renewal or extension, or modify any term or condition upon the assignment of such Assigned Contract, shall constitute unenforceable anti-assignment provisions which are expressly preempted under section 365 of the Bankruptcy Code and void and of no force and effect.

c.     All requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption and assignment of the Assigned Contracts by the Trustee to the Buyer have been satisfied.

d.     Upon the Closing, the Assigned Contracts shall be transferred and assigned to, and remain in full force and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract (including those of the type described in sections 365(b)(2), 365(e)(1) and 365(f) of the Bankruptcy Code) that prohibits, restricts, limits, or conditions such assignment or transfer pursuant to section 365(k) of the Bankruptcy Code.

e.     After the Trustee's transfer and assignment of the Assigned Contracts to the Buyer, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested in all right, title, and interest of each Assigned Contract.

f.    Any portion of any Assigned Contract which purports to permit a counterparty thereunder to cancel the remaining term of such Assigned Contract if the Debtor discontinues its use or operation of the property is void and of no force and effect, and shall not be enforceable against the Buyer, or its assignees and sublessees; and the counterparty under any such Assigned Contract shall not have the right to cancel or otherwise modify the Assigned Contract or increase the rent, assert any claim or impose any penalty by reason of such discontinuation, the Trustee or Debtor's cessation of operations, the assignment of such Assigned Contract to the Buyer, or the interruption of business activities at any of the leased premises.

18.    All defaults and all other obligations under the Assigned Contracts occurring, arising or accruing prior to the assignment thereof to the Buyer at Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) are deemed to have been cured or satisfied by the payment of the proposed Cure Amounts, which shall cure all monetary defaults, if any, under each Assigned Contract in the amounts set forth in the Assumption Notice or any Supplemental Assumption Notice (or any other cure amount reached by agreement after an objection to the proposed cure amount by a counterparty to an Assigned Contract), which was served in compliance with the Bidding Procedures Order, and as set forth on Exhibit 1 hereto (the "Cure Amounts"), and which Cure Amounts were satisfied, or shall be satisfied as soon as practicable, by the Trustee or by the Buyer, as the case may be, as provided in the APA    With respect to any mineral and/or oil and gas leases and or interests that are being assumed by the Trustee and assigned to the Buyer, the pre-petition cure amount is zero and no pre-petition cure amount will be paid.  The Buyer shall pay all Cure Amounts.

19.    For all Assigned Contracts for which the Assumption Notice was served, the Trustee and the Buyer, as applicable, are each authorized and directed to pay their respective portion of all Cure Amounts required to be paid by such parties in accordance with the APA upon the later of (a) the Closing and (b) for any Assigned Contracts for which an objection has been filed to the assumption and assignment of such agreement or the Cure Amounts relating thereto and such

objection remains pending as of the date of this Order, the resolution of such objection by settlement or order of this Court.  For all Assigned Contracts for which a supplemental assumption notice was served, the Trustee and the Buyer, as applicable, are each authorized and directed to pay their respective portion of all Cure Amounts required to be paid by such parties in accordance with the APA upon the later of (x) 14 days following service of the supplemental notice of assumption and assignment, and (y) if an objection to the supplemental notice of assumption and assignment is timely filed in accordance with the Bidding Procedures Order, the resolution of such objection by settlement or order of this Court.

20.      Pursuant to section 365(k) of the Bankruptcy Code, the Trustee, the Debtor and the Estate shall be relieved from any liability for any breach for any Assigned Contract that occurs after the effectiveness of such assumption and assignment to the Buyer.

21.      With respect to Buganko, LLC ("Buganko"), the Trustee is specifically authorized to assume its certain real property surface lease as part of any sale of the Assets and such surface lease shall be assumed by the Trustee and assigned to the Buyer as part of the sale and effective as of the Closing.  The Trustee shall assign and the Buyer will assume all obligations of the Debtor under the Surface Rental Agreement held by Buganko.  The Buyer shall have the obligation to cure any pre-assignment defaults under the Surface Rental Agreement, including the pre-petition cure amount due in the amount of $119,011.97, upon close of escrow unless otherwise agreed to between Buganko and the REDU Buyer prior to the close of escrow.

**Consent to Sale Stipulations**

22.      The consent to sale stipulations filed as docket nos. 1300, 1302, 1351, 1360, 1363, 1369, and 1375 are approved.

23.      Pursuant to the consent stipulation (*docket no. 1375*) with Guarantee Royalties, Inc. and Laor Liquidating Associates, LP (collectively, "Guarantee/Laor"), the Buyer

and Guarantee/Laor have an agreement for the Buyer to pay any prepetition royalties that may be

due.  The Buyer, and not the Trustee or the Estate, is responsible to pay any such pre-petition

royalties pursuant to any agreement between the Buyer and Guarantee/Laor.

24.     Other than the assignment to the Buyer of the Debtor's interests therein, no

rights, obligations, duties, and liabilities arising from or in connection with the easements

referenced in the *Opposition to Debtor HVI Cat Canyon, Inc.'s Sale Motion* (*docket no.* 1308) and

appended as Exhibits 1 through 6 to the *Declaration of Mark Conzelman* in support thereof (*docket*

*no. 1311*), shall be impaired, modified, or otherwise affected by this Order, and all such rights,

obligations, duties, and liabilities shall survive the sale of the Assets to the Buyer as authorized and

approved by this Order.

## Modification of the Automatic Stay

25.     The automatic stay provisions of section 362 of the Bankruptcy Code are

lifted and modified to the extent necessary to implement the terms and conditions of the APA and

the provisions of this Order.

## Release of Liens by Creditors; Collection of Assets

26.     Except as expressly provided to the contrary in this Order or in the APA, the

holder of any valid Lien, Claim or Interest in the Debtor or the Assets shall, as of the Closing, be

deemed to have waived and released such Lien, Claim or Interest, without regard to whether such

holder has executed or filed any applicable release, and such Lien, Claim or Interest shall

automatically, and with no further action by any party, attach to the portion of the proceeds of the

Sale ultimately attributable to the Assets against or in which they claim an interest, in the order of

their priority, with the same validity, force, and effect, if any, which they now have against such

Assets, subject to any claims, defenses and objections, if any, that the Trustee, the Debtor or the

Estate may possess with respect thereto.  Notwithstanding the foregoing, any such holder of such a

Lien, Claim, or Interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Trustee; *provided* that, this Paragraph 23 shall not apply to or affect Permitted Encumbrances or Assumed Obligations.

### Amendments and Surrender of Leases

27.     As part of and in aid of the Sale, the Trustee is authorized to modify and/or amend any of the leases and executory contracts or surrender to any respective lessor or interest holder  any of the leases or executory contracts that go unsold rather than abandon them

### Payment from the Sale Proceeds

28.     The Trustee is authorized to pay UBS AG, or its successor in interest ("UBS"), to the extent of cash proceeds, after appropriate reserves, amounts due on account of UBS' post-petition liens.  The Trustee is authorized to pay TenOaks Energy Partners, LLC its fee in connection with this sale as approved and set forth in the Team Maria Joaquin, L.L.C. and Maria Joaquin Basin, L.L.C. Sale Order.

### Valuing the Assets

29.     The Court finds that the Purchase Price as set forth in the APA, which is hereby confirmed, is the current fair market value of the Assets sold to the Buyer.  The Court further finds that pursuant to Fed. R. Bankr. P. 3012, the value of the secured interests of GLR, LLC, Rival Well Services, Inc., the California State Controller Tax Administration Section, Northern California Collection Service, Inc., California Asphalt Production, Inc., GTL1, LLC  and GIT, Inc. are zero and finds that, to the extent such claims are asserted to be secured, they are out of the money and are entirely unsecured.

### Effect of Recordation of Order

30.     This Order, once filed, registered, or otherwise recorded, (a) shall be effective as a conclusive determination that, upon the Closing, all Liens, Claims and Interests of

any kind or nature whatsoever (with the sole exception of the Permitted Encumbrances and the Assumed Obligations) existing as to the Assets prior to the Closing have been unconditionally released, discharged, and terminated and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all persons and entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, local officials, notaries, protonotaries, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to, the Assets.  Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA, including, without limitation, recordation of this Order.  Notwithstanding the prior two sentences and for the avoidance of doubt, section 1146(a) of the Bankruptcy Code shall not apply to the Sale.

## **Prohibition of Actions Against the Buyer**

31.    Except for the Permitted Encumbrances and the Assumed Obligations or as expressly permitted or otherwise specifically provided for in this Order, the Buyer and its affiliates shall have no liability or responsibility for any liability or other obligation of the Trustee, the Debtor, or the Estate, arising under or related to the Assets or otherwise.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the APA, the Buyer and its affiliates shall not be liable for any claims against the Trustee, the Debtor, or the Estate, or any of their predecessors or affiliates, and the Buyer and its affiliates shall have no successor or vicarious liabilities of any kind or character including, without limitation, to any theory of antitrust, warranty, product liability, environmental, successor or transferee liability, labor

law, ERISA, *de facto* merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Trustee, the Debtor, the Estate, or any obligations of the Trustee, the Debtor or the Estate, including, without limitation, liabilities on account of the operation of the Debtor's business prior to the Closing or any claims under the WARN Act or any claims related to wages, benefits, severance or vacation pay owed to employees or former employees of the Debtor.

32.    Effective upon the Closing, with the sole exception of any enforcement of rights related to the Permitted Encumbrances and the Assumed Obligations all persons and entities shall be, and hereby are, forever barred and estopped from (a) taking any action that would adversely affect or interfere with the ability of the Trustee and Debtor to transfer the Assets to the Buyer in accordance with the terms of this Order and the APA and (b) asserting, prosecuting, or otherwise pursuing, whether in law or in equity, in any judicial, administrative, arbitral or other proceeding, any Liens, Claims or Interests of any kind or nature whatsoever against the Buyer and its successors, designees, assigns, or property, or the Assets conveyed under this Order in accordance with the APA.

## No Interference

33.    Following the Closing, no holder of a Lien, Claim and/or Interest in or against the Trustee, the Debtor, the Estate or the Assets shall interfere with the Buyer's title to or use and enjoyment of the Assets based on or related to such Lien, Claim, and/or Interest or any actions that the Trustee or Debtor may take in the Debtor's bankruptcy cases or any successor cases.

## Retention of Jurisdiction

34.    This Court retains jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Order and the APA, all amendments thereto, any

waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, without limitation, retaining jurisdiction to: (a) compel delivery of the Assets or performance of other obligations owed to the Buyer; (b) compel delivery of the proceeds of the Sale or performance of other obligations owed to the Trustee; (c) resolve any disputes arising under or related to the APA, except as otherwise provided therein; (d) interpret, implement, and enforce the provisions of this Order; and (e) protect the Buyer and its affiliates against (i) any Liens, Claims and Interests in or against the Trustee, the Debtor, the Estate or the Assets of any kind or nature whatsoever other than the Permitted Encumbrances and the Assumed Obligations and (ii) any creditors or other parties in interest regarding the turnover of the Assets that may be in their possession.

## No Stay of Order

35.     Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, the Trustee and the Buyer are free to close the Sale under the APA at any time pursuant to the terms thereof.

## Good Faith Purchaser

36.     The Sale contemplated by the APA is undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Buyer (including the assumption and assignment by the Trustee of any of the Assigned Contracts), unless such authorization is duly stayed pending such appeal.  The Buyer is a buyer in good faith of the Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

**Preservation of Rights**

37.     Nothing contained in the Motion, this Order, the APA, or any allocation schedule attached or related thereto shall constitute a waiver of or prejudice any argument of a party in interest regarding, or the right of any party in interest to contest, the Trustee's allocation of the proceeds of the Sale and all such rights shall be preserved.  .

**Inconsistencies with Prior Orders, Pleadings or Agreements**

38.     To the extent of any conflict between the APA and this Order, the terms of this Order shall govern.  To the extent this Order is inconsistent or conflicts with any prior order or pleading in this chapter 11 case, the terms of this Order shall govern and any prior orders shall be deemed amended or otherwise modified to the extent inconsistent with this Order.

**Failure to Specify Provisions**

39.     The failure to specifically reference any particular provisions of the APA or other related documents in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA and other related documents be authorized and approved.

###

Date: October 13, 2020

Martin R Barash
United States Bankruptcy Judge

**SURFACE LEASES**

| Instrument Title | Field | Lease Name | Payee | Cure Amount |
|---|---|---|---|---|
| Modified Surface Lease | REDU | Boisseranc | Frank Boisseranc and Sylvia, Co-Trustees of the Frank and Sylvia Bois | $0.00 |
| Amendment to Surface Rental Agreement | REDU | Buganko | Buganko, LLC | $119,011.97 |
| 2016 Modification of Surface Lease and Agreement | REDU | Thomson | Robert S. Thomson, AS TRUSTEE OF THE THOMSON REVOCABLE DECLARATION OF TRUST DATED MAY 12, 2005 | $7,256.56 |
| | | | Leigh Medema | $32,502.93 |
| | | | Michael T. McLaughlin | $2,678.49 |
| | | | Tim McLaughlin | $0.00 |
| | | | Sean W. McLaughlin | $0.00 |
| First Amendment to the July 1, 1972 Agreement as to Parcel 1  (9/1/2011) | REDU | Etchandy | Lois Etchandy | $14,687.20 |
| | | | Dominic Etchandy | $14,687.20 |
| | | | R.D. Etchandy C/O Susan McCulloch | $7,343.60 |
| First Amendment to the July 1, 1972 Agreement as to Parcel 2  (9/21/2010) | REDU | State College | State College, LLC | $15,851.33 |
| Grant of Easement and Surface Use  3/2/09 | REDU | Guarantee/Laor | Guarantee Royalties, Inc. | $0.00 |
| | | | Laor Liquidating Associates, LP | $0.00 |
| | | | | **$214,019.28** |

**CONTRACTS**

| Counterparty | Field | Primary Contact | Email | Cure Amount |
|---|---|---|---|---|
| JL Landscape Services, Inc. | REDU | Jorge Lopez | jllandscape@sbcglobal.net | **$0.00** |
| Krummrich Engineering Corporation | Santa Maria Valley/All | Paul Codd | pcodd@kecorp.us | **$0.00** |
| | | | | **$0.00** |

**UNIT AGREEMENT AND OIL AND GAS LEASES**

| Instrument Title | Field | Leases | Payee | Cure Amount |
|---|---|---|---|---|
| **REDU UNIT AGREEMENT    REDU OPERATING AGREEMENT** | REDU | ALL OIL AND GAS LEASES IN THE REDU UNIT AGREEMENT ARE LISTED BELOW AND INCORPORATED HEREIN | Payee names and address listed below | $75,697.26 |

| | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 1 | Lease dated November 08, 1926 by and between Martin Etchandy, as Lessor, and A. J. Delany, as Lessee, recorded in Book 19, Page 31 of the Lease Records of Orange County, California. |
| 2 | Lease dated August 3, 1928 by and between Martin Etchandy, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 187, Page 109 of the Lease Records of Orange County, California. |
| 3 | Lease dated May 29, 1929 by and between Lillian a. Jesson, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 275, Page 389 of the Lease Records of Orange County, California. |
| 4 | Lease dated July 5, 1928 by and between John H. Mosley, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 250, Page 419 of the Lease Records of |
| 5 | Lease dated June 25, 1928 by and between E. Walter Pyne, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 174, Page 298 of the Lease Records of Orange County, California |
| 6 | Lease dated October 7, 1953 by and between Stem Realty, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 2607, Page 335 of the Lease Records of Orange County, California. |
| 7 | Lease dated December 4, 1966 by and between Portfirio E. Duarte, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 502 of the Lease Records of Orange County, California. |
| 8 | Lease dated December 4, 1966 by and between A. E. Hernandez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 379 of the Lease Records of Orange County, California. |
| 9 | Lease dated December 4, 1966 by and between Manuel Pinedo, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 388 of the Lease Records of Orange County, California. |
| 10 | Lease dated December 3, 1966 by and between Ramon P. Tovar, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 397 of the Lease Records of Orange County, California. |
| 11 | Lease dated December 1, 1966 by and between Rudolf Garcia, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 406 of the Lease Records of Orange County, California. |
| 12 | Lease dated December 3, 1966 by and between Louis Vargas, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 415 of the Lease Records of Orange County, California. |
| 13 | Lease dated December 10, 1966 by and between Rudolph Arias, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 493 of the Lease Records of Orange County, California. |
| 14 | Lease dated December 10, 1966 by and between Alexander Jimenez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 475 of the Lease Records of Orange County, California. |
| 15 | Lease dated February 3, 1937 by and between John H. Wents, as Lessor, and A. D. Mitchell, as Lessee, recorded in Book 888, Page 151 of the Lease Records of Orange County, California. |
| 16 | Lease dated December 19, 1966 by and between J. G. Joseph, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 424 of the Lease Records of Orange County, California. |
| 17 | Lease dated December 15, 1966 by and between Phineas Solomon, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 484 of the Lease Records of Orange County, California. |
| 18 | Lease dated December 21, 1966 by and between V. E. Buckmaster, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 433 of the Lease Records of Orange County, California. |
| 19 | Lease dated December 22, 1966 by and between P. A. Waldworth, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 442 of the Lease Records of Orange County, California. |
| 20 | Lease dated December 29, 1965 by and -between Lupa Vasquez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8156, Page 853 of the Lease Records of Orange County, California. |
| 21 | Lease dated January 9, 1967 by and between Roman Catholic Archbishop of Los Angles, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8159, Page 313 of the Lease Records of Orange County, California. |
| 22 | Lease dated January 7, 1967 by and between James R. Roberts, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8155, Page 396 of the Lease Records of Orange County, California. |
| 23 | Lease dated January 13, 1967 by and between Freda Joseph, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8175, Page 248 of the Lease Records of Orange County, California. |
| 24 | Lease dated February 16, 1967 by and between May H. Morrison, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8190, Page 553 of the Lease Records of Orange County, California. |
| 25 | Lease dated February 20, 1967 by and between Gordon Boller, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8244, Page 316 of the Lease Records of Orange County, California. |
| 26 | Lease dated February 23, 1967 by and between Jean E. Hathaway, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8190, Page 545 of the Lease Records of Orange County, California. |
| 27 | Lease dated April 10, 1967 by and between Harold F. Taylor, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8311, Page 002 of the Lease Records of Orange County, California. |
| 28 | Lease dated April 10, 1967 by and between Roy H. Scott, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8310, Page 987 of the Lease Records of Orange County, California. |
| 29 | Lease dated April 10, 1967 by and between John C. Scott, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8336, Page 418 of the Lease Records of Orange County, California. |
| 30 | Lease dated July 29, 1966 by and between Phyllis H. Mirelez, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 272 of the Lease Records of Orange County, California. |
| 31 | Lease dated July 27, 1966 by and between Joe Matinez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 263 of the Lease Records of Orange County, California. |
| 32 | Lease dated July 25, 1966 by and between Efrain G. Savala, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 254 of the Lease Records of Orange County, California. |
| 33 | Lease dated July 28, 1966 by and between Sabas Porras, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 245 of the Lease Records of Orange County, California. |
| 34 | Lease dated August 1, 1966 by and between Antonio Moreno, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 236 of the Lease Records of Orange County, California. |
| 35 | Lease dated August 2, 1966 by and between Helen V. Mirlez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 218 of the Lease Records of Orange County, California. |
| 36 | Lease dated August 3, 1966 by and between E.W. Naess, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 210 of the Lease Records of Orange County, California. |
| 37 | Lease dated May 2, 1968 by and between Jerome Weinberg, Inc., as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8602, Page 510 of the Lease Records of Orange County, California. |

| | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 38 | Lease dated November 28, 1966 by and between Pauline V. Bayna Fordell, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 192 of the Lease Records of Orange County, California. |
| 39 | Lease dated November 28, 1966 by and between Doris Maussnest, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8751, Page 739 of the Lease Records of Orange County, California. |
| 40 | Lease dated August 6, 1966 by and between Walter B. Morlock, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8855, Page 870 of the Lease Records of Orange County, California. |
| 41 | Lease dated August 9, 1966 by and between Eustaquio A. Vega, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 174 of the Lease Records of Orange County, California. |
| 42 | Lease dated August 10, 1966 by and between theodore Sandoval, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 813 7, Page 183 of the Lease Records of Orange County, California. |
| 43 | Lease dated August 10, 1966 by and between Esther Gonzales, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 280 of the Lease Records of Orange County, California. |
| 44 | Lease dated August 11, 1966 by and between Fred John Yalas, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 200 of the Lease Records of Orange County, California. |
| 45 | Lease dated August 12, 1966 by and between Apolinar Ramirez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 289 of the Lease Records of Orange County, California. |
| 46 | Lease dated August 12, 1966 by and between Ladisio Recendez, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 298 of the Lease Records of Orange County, California. |
| 47 | Lease dated August 16, 1966 by and between E. R. Schmitt, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 307 of the Lease Records of Orange County, California. |
| 48 | Lease dated August 18, 1966 by and between Family Plan Mortgage Company, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 316 of the Lease Records of Orange County, California. |
| 49 | Lease dated August 19, 1966 by and between W. C. McCall, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 325 of the Lease Records of Orange County, California. |
| 50 | Lease dated August 23, 1966 by and between Leo Harry Sad, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 459 of the Lease Records of Orange County, California. |
| 51 | Lease dated August 26, 1966 by and between Mike G. Olivares, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 334 of the Lease Records of Orange County, California. |
| 52 | Lease dated October 3, 1966 by and between Casimero R. Anguiana, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 343 of the Lease Records of Orange County, California. |
| 53 | Lease dated November 22, 1966 by and between Bryan E. Gatewood, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 467 of the Lease Records of Orange County, California. |
| 54 | Lease dated November 22, 1966 by and between Albert H. Rangel, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 352 of the Lease Records of Orange County, California. |
| 55 | Lease dated November 25, 1966 by and between Bank of America, as Lessor, and RK. Summy, Inc., as Lessee, recorded in Book 8137, Page 361 of the Lease Records of Orange County, California. |
| 56 | Lease dated November 27, 1966 by and between Robert Flores, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8137, Page 370 of the Lease Records of Orange County, California. |
| 57 | Lease dated September 15, 1927 by and between Joseph Mondotte, as Lessor, and Continental Oil Company, as Lessee, recorded in Book 96, Page 306 of the Lease Records of Orange County, California. |
| 58 | Lease dated May 27, 1968 by and between Placentia Unified School District, as Lessor, and RK Summy, Inc., as Lessee, recorded in Book 8693, Page 883 of the Lease Records of Orange County, California. |
| 59 | Lease dated January 31, 1955 by and between A. T. & S. F Railway, as Lessor, and James Herley, as Lessee, recorded in Book 3038, Page 443 of the Lease Records of Orange County, California. |
| 60 | Lease dated June 22, 1967 by and between Hathaway Company, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8311, Page 118 of the Lease Records of Orange County, California. |
| 61 | Lease dated August 28, 1968 by and between Stern Realty Company, as Lessor, and Superior Oil Company, as Lessee, recorded in Book 8720, Page 501 of the Lease Records of Orange County, California. |
| 62 | Lease dated February 24, 1953 by and between Victor Lypps, as Lessor, and James Michelin, as Lessee, recorded in Book 2465, Page 371 of the Lease Records of Orange County, California. |
| 63 | Lease dated March 22, 1954 by and between Emory P. Francis, as Lessor, and James Michelin, as Lessee, recorded in Book 2694, Page 001 of the Lease Records of Orange County, California. |
| 64 | Lease dated May 29, 1940 by and between Walter E. Pyne, as Lessor, and Chiksan Oil Company, Ltd., as Lessee, recorded in Book 1089, Page 591 of the Lease Records of Orange County, California. |
| 65 | Lease dated May 29, 1940 by and between Rudolph Wetzer, as Lessor, and Chiksan Oil Company, Ltd., as Lessee, recorded in Book 1062, Page 529 of the Lease Records of Orange County, California. |
| 66 | Lease dated May 29, 1940 by and between Harry Helming, as Lessor, and Chiksan Oil Company, Ltd., as Lessee, recorded in Book 1093, Page 361 of the Lease Records of Orange County, California. |
| 67 | Lease dated May 29, 1940 by and between Ellen C. Wauberg, as Lessor, and Chiksan Oil Company, Ltd as Lessee, recorded in Book 1094, Page 243 of the Lease Records of Orange County, California. |
| 68 | Lease dated October 1, 1919 by and between Walter E. Pyne; as Lessor, and National Bank & Trust Company, as Lessee, recorded in Book 13, Page 60 of the Lease Records of Orange County, California. |
| 69 | Lease dated November 16, 1967 by and between Jerome Weinberg, Inc., as Lessor, and Getty Oil Company, as Lessee, recorded in Book 8472, Page 592 of the Lease Records of Orange County, California. |
| 70 | Lease dated January 3, 1927 by and between Samuel P. Mullen, as Lessor, and General Petroleum, as Lessee, recorded in Book 1, Page 355 of the Lease Records of Orange County, California. |
| 71 | Lease dated April 20, 1927 by and between Chanslr-Canf. Midway Oil Company, as Lessor, and general Petroleum, as Lessee, recorded in Book 39, Page 247 of the Lease Records of Orange County, California. |
| 72 | Lease dated March 17, 1919 by and between Nick Hugo, as Lessor, and Oscar R. Howard, as Lessee, recorded in Book 9, Page 354 of the Lease Records of Orange County, California. |
| 73 | Lease dated October 1, 1945 by and between Stem Realty Company, as Lessor, and basin Oil Company, as Lessee, recorded in Book 1380, Page 179 of the Lease Records of Orange County, California. |
| 74 | Lease - Lessor: Richards Fletcher Evans, Rosa B. Evans. Marion S. Flippen, Anna M. Richards, Eliza Travis Flippen, Wade H. Flippen, Jeannette Flippen, Edith H. Flippen, Dated: August 24, 1943, Recorded: V1229/P271 |

| | OIL AND GAS LEASES SUBJECT TO REDU UNIT AGREEMENT |
|---|---|
| 75 | Lease - Lessor: Benoit Oxandabourne, Gracreuse Oxandbourne, Ralph A. Phillips, Frances L. Phillips, Gertrude D. Wilson, Dated: April 25, 1962, Recorded: V6139/P014 |
| 76 | Lease - Lessor: Ralph A. Phillips, Frances L. Phillips, Gertrude D. Wilson, Dated: April 25, 1962, Recorded: V6139/P015 |
| 77 | Lease - Lessor: Lilah 0. Nicchols, Frank H. Nichols, Clara Wells Lambert, Leta W. Abbot, Dated: April 25, 1962, Recorded: V6139/P027 |
| 78 | Lease - Lessor: Lilah 0. Nicchols, Frank H. Nichols, Clara Wells Lambert, Leta W. Abbot, Dated: April 25, 1962, Recorded: V6139/P028 |
| 79 | Lease - Lessor: David C. Bright, William C. Bright, Dated: April 25, 1962, Recorded: V6139/P042 |
| 80 | Lease - Lessor: Charles F. Ahline, Dated: April 25, 1962, Recorded: V6217/P383 |
| 81 | Lease - Lessor: Charles F. Ahline, Dated: April 25, 1962, Recorded: V6217/P384 |
| 82 | Lease - Lessor: Charles L. Wilson, Hermine Lucy Jenkins, Dated: September 24, 1944, Recorded: Vl251/P532 |
| 83 | Lease - Lessor: J.D. Kenner, Crystal M. Kenner, Dated: September 24, 1944, Recorded: V1258/P458 |
| 84 | Lease - Lessor: Thomas Bradford McMurtrey, Dated: September 24, 1944, Recorded: V1261/Pl01 |
| 85 | Lease - Lessor: G.W. Wells, Clara L. Wells, D.H. Blume, Annie F. Blume, John H. Nichols, Josephine E. Nichols, Colistia A. Wilson, Earl M. Bright, Ralph A. Phillips, Frances L. Phillips, Dated: September 24, 1944, Recorded: V1261/Pl10 |
| 86 | Lease - Lessor: Bertie Domann, May E. Dennis, N.T. Edwards, May L. Edwards, W.J. Cheney, Eva F. Cheney, Roberta Lee Fixen, Sally W. Koehler, Elizabeth Cobb, Dated: September 24, 1944, Recorded: Vl261/P110 |
| 87 | Lease - Lessor: Anaheim Union Water Company, Dated: February 10, 1926, Recorded: V0057/P081 |
| 88 | Lease - Lessor: Rosa Yorba Locke, Herman F. Lock, Dated: June 2, 1926, Recorded: V0059/P084 |
| 89 | Lease - Lessor: Laurie Vejar, Carrie Vejar, Beatrice Vejar De Soto, Ernest De Soto, Ramona Vejar, Theresa Vejar McEachin, Earl McEachin, Sophia Vejar Jones, Lawrence Jones, Dated: February 1, 1926, Recorded: V0059/P317 |
| 90 | Lease - Lessor: Anaheim Union Water Company, Dated: March 15, 1943, Recorded: VI193/P087 |
| 91 | Lease - Lessor: Adolf Schoepe, Martha Virginia Schoepe, Dated: April 1, 1965, Recorded: V7520/P832 |
| 92 | Lease - Lessor: Adolf Schoepe, Martha Virginia Schoepe, Dated: May 22, 1967, Recorded: V8317/Pl76 |
| 93 | Lease - Lessor: Richard F. Hathaway, Dated: May 16, 1949, Recorded: V606/P735 |
| 94 | Lease - Lessor: Mayme C. Nelson, Dated: July 13, 1949, Recorded: V1897/P292 |
| 95 | Lease - Lessor: Agapito Munoz, Dated: July 13, 1949, Recorded: V2030/Pl |
| 96 | Lease - Lessor: Adelaide V. Krause, Dated: July 5, 1949, Recorded: Vl897/P305 |
| 97 | Lease - Lessor: Avalon A. Adams, Trustee, Dated: June 26, 1971, Recorded: V9701/P330 |
| 98 | Lease - Lessor: Municipal Securities Company, Dated: March 23, 1957, Recorded: V3990/P568 |
| 99 | Lease - Lessor: Louis O. Dorado, Jr. Et Ux, Lessee: R.K. Sunny, Inc, Dated: August 1, 1966, Recorded: 8137/227 |
| 100 | Grantor: Mobil Exploration & Production North America, Inc, Grantee: Omimer Petroleum, Inc, Dated: 10/1/90 (mineral deed), Recorded: 91-100760 |
| 101 | Lease - Lessor: Ricardo De Casas, Lessee: Hathaway Co., Dated: 06/22/50, Recorded: 2044/ 379 |
| 102 | Lease - Lessor: Lola M. Hathaway, Dated: 08/10/29, Lessee: Oscar R. Howard , Recorded: 592 / 329, Tract: 48 |
| 103 | Lease - Lessor: Lucy A. Kammerer, Dated: 03/08/54, Lessee: Hathaway Co., Recorded: 2093/ 616 Tract:58 |
| 104 | Lease - Lessor: Joseph W. Johnson, Dated: 04/10/19, Lessee: Amalgamated Oil, Recorded: 10/90 Tract:58 |
| 105 | Lease - Lessor: P.W. & V.B. Thomson, Dated: 04/30/19, Lessee: Amalgamated Oil, Recorded: 10 /258 Tract:59 |
| 106 | Lease - Lessor: Emma J. Bayha, Dated: 05/17/19, Lessee: Amalgamated Oil, Recorded: 10/355 Tract:60A |
| 107 | Lease - Lessor: Jerome Weinberg, Inc., Dated: 11/16/67, Lessee: Getty Oil, Inc., Recorded: 8472 / 592 Tract:60A |
| 108 | Lease - Lessor: E.L. Danker, Dated: 09/09/57 Lessee: Hathaway Co., Recorded: 4051/365 Tract:65 |
| 109 | Lease - Lessor: Olive Krug, Dated: 04/26/19, Lessee: M.P. Waite, Recorded: 10/310 Tract: 63 |
| 110 | Lease - Lessor: George W. Issac, Dated: 08/02/19 Lessee: Petro Midway Co. Recorded: 11/198 Tract: 64 |
| 111 | Lease - Lessor: Dr. SW Dove et al, Dated: 10/16/19, Lessee: Robert M. Shearer, Recorded: 13/81 Tract: 69 |
| 112 | Lease - Lessor: Nonnan T. Boisseranc, Dated: 03/30/1920, Lessee: Robert M. Shearer (Lots 5 &10 of Block 35 of Yorba Linda Tract as shown in Book 5, Pages 17 &18 of Miscel. Maps, Orange County, Ca.) |
| 113 | Lease - Lessor: Avalon A. Adams, Trste, Dated: 06/26/71, Lessee: Texaco, Recorded: 9701/284 Tract: 70 |
| 114 | Lease - Lessor: Avalon A. Adams, Trste, Dated: 06/26/71, Lessee: Texaco, Recorded: 9701/307 Tract: 72-2 118 |
| 115 | Lease - Lessor: Ivan Collier, Dated: 10/01/72, Lesee: Texaco, Recorded: 10412/787 Tract: 47 |
| 116 | Lease - Lessor: Nonnan Boiseranc, Dated: 03/01/71, Leesse: Texaco, Recorded: 9701/381 Tract: 69 |
| 117 | Lease - Lessor: F.D. & L.D. Thomson, Dated: 02/09/71, Lessee: Getty Oil Co., Recorded: 10368 / 53 Tract: 59 |
| 118 | Lease - Lessor: J.K. Ganong (Koch Est), Dated: 12/31/71, Lessee: Texaco, Recorded: 11056 /147 Tract: 69 |
| 119 | Lease - Lessor: Agnes E. Schlecter, Dated: 10/04/27, Lessee: Conoco, Recorded: 95/241 Tract: 43 |
| 120 | Lease - Lessor: Gerardo R. Navarro, Dated: 07/25/21, Lessee: Sam P. Mullen, Recorded: 27/43 Tract: 44 |
| 121 | Lease - Lessor: Chansolor-Canfield, Dated: 12/31/28, Lessee: Conoco, Recorded: Ptns. Of Lots 1-10, 16-27, inclusive Midway Oil, Bile 23 of Richfield Townsite, map thereof recorded June 15, 1888 in Book 31, Page 61, Los Angeles County. |
| 122 | Lease - Lessor: E. Walter Payne, Dated: 10/01/19, Lessee: Nat'l Bank & Trst. Recorded: 18/64 Tract: 48 |
| 123 | Lease - Lessor: E. Walter Payne, Dated: 01/06/20, Lessee: Harrington-Dumas, Recorded: 12/294 Tract: 50 |
| 124 | Lease - Lessor: E.P. Francis, Dated: 07/30/61, Lessee: State Explor. Co, Recorded: 2412/272 Tract: 51 |
| 125 | Lease - Lessor: Margaret M. Lee, Dated: 01/29/52, Lessee: State Explor. Co., Recorded: 2412/266 Tract: 52 |
| 126 | Lease - Lessor: Stem Realty Co., Dated: 05/01/51, Lessee: State Explor. Co., Recorded: 2413/73 Tract: 53 |
| 127 | Lease - Lessor: Stern Realty Co., Dated: 05/01/51, Lessee: State Explor. Co., Recorded: 2413/75 Tract: 55 |
| 128 | Lease - Lessor: Stern Realty Co., Dated: 0/18/53, Lessee: State Explor. Co., Recorded: 2617/351 Tract: 56 |
| 129 | Lease - Lessor: Katherine Yamell, Dated: 04/10/28 , Lessee: Merchants Petro., Recorded 158/l Tract: 61 |
| 130 | Lease - Lessor: Stern Realty Co., Dated: 08/30/29, Lessee: Jimsco Oil Co., Recorded: 308/324 Tract: 64 |
| 131 | Lease - Lessor: Cloyd Laibe et al, Dated: 11/01/65, Lessee: Union Oil Co., Recorded: 8287/250: 8305 / 96 |
| 132 | Lease - Lessor: Merchants Petroleum Co., Dated: 06/20/28, Lesee: Union Oil Co., Recorded: 172/233 Tract: 23 |
| 133 | Lease - Lessor: Stern Realty, Dated:11/01/18, Lessee: Union Oil Co., Recorded: 7/185, Tract: 4 |
| 134 | Lease - Lessor: California Trust Co., Dated: 08/27/54, Lessee: Arrowhead Oil Co., Recorded: 7407/285, Tract: 41 |
| 135 | Lease - Lessor: A.Wardman et ux , Dated: 01/04/19, Lessee: F.M. Shelby, Recorded: 9/240 Tract: 62 |
| 136 | Lease - Lessor: John S. Zuckeman et ux, Dated: 07/12/1929, Lessee: Bradford Bros. Inc., Recorded: 295/80, Tract: 4 |
| 137 | Lease - Lessor: E. Walter Payne, Dated: 05/29/40, Lessee: Chiksan Oil Co., Recorded: 1089/591 Tract: 49 |
| 138 | Lease - Lessor: Stern Realty Co., Dated: 10/01/45, Lessee: Basin Oil Co., Recorded: 1380/179 Tract: 65 |

**REDU ROYALTY PAYEES AND CURE AMOUNTS**

| Names | Street Address | City, State, Zip | Cure Amount |
|---|---|---|---|
| 27 LAND HOLDING, LLC | 18 Dreamlight | Irvine, CA 92603 | $26.47 |
| ADOLPH J. & LINDA D. BELASQUEZ | 140 MARION BLVD. | FULLERTON, CA 92635-352 | $121.53 |
| AFA INVESTMENTS, LLC | 4804 LAUREL CANYON BLVD, PMB 811 | VALLEY VILLAGE, CA 91607 | $90.95 |
| Agua Tibia Ranch | P.O. BOX 578 | Pauma Valley, CA 92061 | $26.90 |
| Alexander Cary | 1012 N Bradford Ave | Placentia, CA 92670 | $60.88 |
| ALICE COSTA | 2501 S. EL CAMINO REAL #113 | SAN CLEMENTE, CA 92672 | $49.98 |
| ALICE M. EVANS & RICHARD V. EVANS | 2127 NORTH FREEMAN | SANTA ANA, CA 92706 | $174.64 |
| Allen David Janes | 1018 Janes RD | Medford, OR 97501 | $0.00 |
| Andrew Barbour | 4520 N Secenic Mountain Dr | Tucson, AZ 85750 | $0.00 |
| ANGIE G. OLIVARES | 512 S. LAWENCE AVENUE | FULLERTON, CA 92832-251 | $90.98 |
| ANITA BLEECKER DOYLE | P.O. BOX 24017 | FRESNO, CA 93779-4017 | $10.18 |
| ANNA HATHAWAY TRUST ACCT.02-0846-30 | P.O. BOX 226270 | DALLAS, TX  75222-6270 | $22.41 |
| ANNE DOMONOSKE | PO BOX 2172 | VENTURA, CA  93002 | $145.29 |
| ANTHONY D. HUNTER | 1712 CHEDDAR STREET | LAS VEGAS NV 89117 | $45.83 |
| ANTHONY M. & LILLIAN LEWICKI | 7931 CRAMER ST. | LONG BEACH, CA 90808-4425 | $165.54 |
| ANTONIA PELAYO DE SANTANA | 2224 1/2 SO. HASTER ST. | ANAHEIM, CA 92802 | $4.24 |
| AQUAENCO, INC AQUAENCO, INC | P.O. BOX 702416 | TULSA, OK 74171-2416 | $2.20 |
| ARNOLD H. GOLD, TRUSTEE Hatway Family Q/Tip Trusy date 2/18/84 | 10842 Alta View Drive | Studio City, CA 91604-3901 | $163.76 |
| ARNOLD O. DOMINGUEZ | 1712 AMHERST ROAD | TUSTIN, CA 92780-6604 | $29.71 |
| ARTHUR Y. NAKAHARA & JAMES H NAKAHARA AS TRUSTEE OF THE NAKAHARA FAMILY TRUST "A" DATED 11-9-90 | 25620 ARAGON WAY | YORBA LINDA, CA 92887 | $186.84 |
| ASHEN F. CAREY | 4641 PINE VALLEY DRIVE | WEST BLOOMFIELD, MI 48323-2968 | $60.90 |
| Barbara Ackerman | P.O. BOX 59829 | DARBY, MT  59829 | $123.70 |
| BARBARA B. CAMPBELL | 19444 CYPRESS POINT DR. | NORTHRIDGE, CA 91326-1402 | $71.79 |
| BARKLEY WALLACE DEAN | 12 CHATTANOOGA | SAN FRANCISCO, CA 94114 | $49.64 |
| BARNES FAMILY TRUST DTD 4-5-01 | 40488 Via Tapadero | Murrieta, CA 92562 | $56.04 |
| BARTELO R. ENCINAS | 124  1/2 W.  SANTA FE | PLACENTIA, CA 92670-5632 | $52.22 |
| BCD MINERALS, LLC / DAVID A. BRIGHT | 61 ST. ANDREWS CIRCLE | CRESTED BUTTE, CO 81224 | $62.33 |
| BCD MINERLAS LLC | 61 ST ANDREWS CIRCLE | Iverson | $62.33 |
| BEATRICE F GUINN | 6082 RIDGE WAY | YORBA LINDA, CA  92886 | $56.38 |
| BEATRICE F. GUINN | 6082 RIDGE WAY | YORBA LINDA, CA 92886 | $114.81 |
| BEATRICE R MELLO PAYAN | P.O. BOX 460 | ATWOOD, CA 92601-0460 | $20.38 |
| BEATRICE ROSALES MELLO | P.O. BOX 460 | ATWOOD, CA 92601-0460 | $22.88 |
| BENDECON INVESTMENTS A PARTNERSHIP | 2320 E. ORANGETHROPE | ANAHEIM, CA 92806 | $74.51 |
| BENITA PELAYO DE MARTINEZ | 4505 E. PHILO AVE. | ORANGE, CA  92869 | $4.25 |
| BENJAMIN RICHARD LYPPS | 3074 LAKEMONT DRIVE | FALLBROOK, CA  92028 | $7.44 |
| BESSIE H. GOLDNER | 27 REVERE WAY | HUNTSVILLE, AL 35801 | $91.35 |
| BETH L. KRAUSHAAR, TR. OF I.N. | 1700 KANOLA ROAD | LA HABRA, CA 90631-8217 | $51.56 |
| BETH MCMANIS | 118 N. 31st Ave | Yakima, WA 98902 | $49.71 |
| BETTY J. BREW | 306 SUNRISE DRIVE | CLOVERDALE, CA 95425 | $20.35 |
| BETTY J. HUND | 22832 Sail Wind Way | Lake Forest, CA 92630 | $24.45 |
| BONNIE REUTER LEAVER | 712 N. LINDEN DR. | BEVERLY HILLS, CA 90210-3226 | $85.83 |
| BOYS CLUB OF LAGUNA BEACH | 1085 LAGUNA CANYON RD. | LAGUNA BEACH, CA 92651-1836 | $185.09 |
| BRYAN & BEATRICE GATEWOOD | P.O. BOX 56 | ATWOOD, CA 92601-0056 | $91.64 |
| BUTTRAM TRUST | 2704 ROGERS AVENUE | FORT WORTH, TX 76109-135 | $1.43 |
| BYRON & ANN BARKER | 811 WENDT TERRACE | LAGUNA BEACH, CA  92651 | $104.41 |
| CARALEE DEAN IVERSON | 175 CAMILLE CT | ALAMO, CA  94507 | $202.31 |
| CARMEN PENA | 1120 W. SECOND STREET | SANTA ANA, CA 92707 | $49.98 |
| CAROL M THOMPSON | 37154 FLORAL CREEK CIRC. | MURRIETTA, CA  92562 | $56.39 |
| CAROL M. THOMPSON | 6122 Ridge Way | Yorba Linda, CA 92886 | $56.39 |
| CAROLYN SUGARS | P.O. BOX 1404 | DAVIS, CA 95617 | $39.11 |
| CATHERINE M. LYPPS TRUSTEE | 1499 Old Mountain Ave. SPC 29 | San Jacinto, CA 92583-1029 | $96.26 |
| CATHERINE WELLS | 1104 GATEWOOD CT. | WICHITA, KS  67206 | $8.43 |
| C-F ASSOCIATES, INC | P.O. BOX 701200 | TULSA, OK 74170-1200 | $2.18 |
| CHARLENE MARIE | 329 OSBORNE STREET | VISTA, CA  92084 | $22.31 |
| CHARLES NORBERT LYPPS | 2680 CANYON CREST DRIVE | ESCONDIDO, CA 92027 | $22.31 |
| CHARLES RUBY JR. | 654 SAUSALITO BLVD | SAUSALITO, CA 94965 | $89.69 |
| CHARLOTTE A. FOSTER | 9900 W. 58st APT. C4 | COUNTRYSIDE, IL 60525 | $2.19 |
| CHILDRENS HOME SOCIETY OF CALIF. ATTN: CONTROLLERS DEPT. | 1300 WEST FOURTH STREET | LOS ANGELES, CA 90017-1475 | $537.13 |
| CHILDREN'S HOSPITAL OF ORANGE CO. MS. KERRI RUPPERT, CFO | 455 S. MAIN STREET | ORANGE, CA 92868 | $490.53 |
| CHRISTINE LEE BERGER | 13146 SW KATHERINE STREET | TIGARD, OR 97223 | $11.60 |
| CLIFFORD O. GATEWOOD | 1661 BUENA VISTA | CORONA, CA  91720 | $80.20 |
| CLIFFORD SELF | PO BOX 53810 | IRVINE, CA 92619 | $36.70 |
| CODY BISHOP | 521 QUAIL RUN COURT | MONTEREY, CA  93940 | $115.40 |
| Corian Cross Holdings, LP | 30800 Rancho Viejo Rd. | San Juan Capistrano, CA  92675 | $626.57 |
| COURAGEOUS LIVING CHRISTIAN CHRUCH | PO BOX 53810 | IRVINE, CA 92619 | $36.65 |
| Crowell Family Trust | 1371 Treasure Lane | Santa Ana, CA 92705 | $141.19 |
| CURRIE FAMILY TRUST | 7580 E. Martella Ln. | Anaheim, CA 92808 | $344.55 |
| D.S..C.M., INC | P.O. BOX 4335 | TULSA, OK 74159-0335 | $5.12 |
| DANIEL MAY, TRUSTEE, JOHNSON TRUST | 359 S. Gerhart Ave | Los Angeles, CA 90022 | $751.41 |
| DAVID A JONES | 408 Charles Dr | San Luis Obispo, CA 93401 | $195.36 |
| DAVID ALAN PEARCE | 1630 NORTH MAIN ST, #230 | WALNUT CREEK, CA  94596 | $79.64 |
| DAVID BOLLER | 3408 CARNATION AVE. | LOS ANGELES, CA 90026 | $14.57 |
| DAVID C BRIGHT | 2770 W. LINCOLN AVE. SP#30 | Anaheim, CA  92801 | $62.34 |
| DAVID H. LYPPS | 615 W. FALLBROOK ST. | FALLBROOK, CA 92028 | $96.24 |
| DAVID JORDAN | 2922 ECKLESON STREET | LAKEWOOD, CA  90712 | $115.39 |
| DAVID ROME / ROME TRUST | 516 NORTH LINDEN DRIVE | BEVERLY HILLS, CA 90210-322 | $228.53 |
| DAVID WILLIAM TUGGY | 6804 RISEDEN DRIVE | DALLAS, TX 75252 | $77.46 |
| DEBORAH A. KAMIN BUDERWITZ | 2111 OVERLAND AVE | LOS ANGELES, CA 90025 | $81.93 |
| Deborah R. Stern | 790 Raymundo Ave. | Los Altos, CA 94024 | $9.47 |
| DELBERT A. BRASWELL | 34428 Yucaipa Blvd E-196 | YUCAIPA, CA 92399 | $126.17 |
| Dellena M. Ludwig | 630 W. Elm | Fullerton, CA 92832 | $80.21 |
| DEPARTMENT OF HEALTH SERVICES | State Recovery Unit P.O.Box 421 | SacRAMENTO, CA  95899-9916 | $169.13 |
| DEREK K. HUNTER | 15 BLUE RIDGE LANE | WOODSIDE, CA  94062-250 | $45.85 |
| DEVON SFS OPERATING, INC. | P. O. BOX 730292 | DALLAS, TX 75373-0292 | $16.04 |

| Names | Street Address | City, State, Zip | Cure Amount |
|---|---|---|---|
| DOMINIC C. ETCHANDY | 5030 E. CRESCENT DRIVE | ANAHEIM, CA 92807 | $123.12 |
| DONALD E. & LEONA SLATER | 5110 E. CRESCENT DRIVE | ANAHEIM, CA 92807 | $107.50 |
| DONALD E. FRISBEE | 4540 FM 66 | Waxchaie, TX 75167 | $237.90 |
| DONALD E. FRISBEE INTER VIVIOS REVOCABLE TRUST DATED 7/23/03 | 4540 FM 66 | Waxchaie, TX 75167 | $247.19 |
| DONALD H. FOSTER | 5431 NE 35TH #5 | SILVER SPRING, FL 34488-942 | $2.89 |
| DONNA JEAN AANERUD | 523 W. CITRACADO PARKWAY | ESCONDIDO, CA 92025 | $22.32 |
| DORIS DORIS F MULVENY TRUSTEE OF THE DORIS F. MULVENY REVOCABLE TRUST | 26591 IDE AVE. | HEMET, CA 92545 | $43.68 |
| DOROTHEA K ZUCKERMAN | 812-C KALPATI CIRCLE | CARLSBAD, CA 92008-4159 | $84.14 |
| DOROTHY J. WASSNER, TRUSTEE OF THE D.J. WASSNER REVOCABLE TRUST: 1-24-95 | 4584 N Tattenham Way | Boise, ID 83713 | $96.25 |
| DOROTHY K. ZUCKERMAN | 1012 LOMA VISTA DR. | BEVERLY HILLS, CA 90210 | $34.92 |
| E N PALSGROVE | 920 WENTWORTH CIRCLE | VISTA, CA 92083-537 | $267.80 |
| EDMUND H BERGER | 13347 S W CLEARVIEW WAY | TIGARD, OR 97223-1728 | $11.58 |
| EDWARD H. BARKER & CHARLES F. BARKER BARKER FAMILY TRUST UDT 6-4-82 | 1935 CANYON CLOSE RD. | PASADENA, CA 91107-1061 | $124.61 |
| EDWARD K ZUCKERMAN | 40920 WILSHIRE BLVD, SUITE 1200 | LOS ANGELES, CA  90024 | $84.17 |
| EDWARD K. ZUCKERMAN | 10990 WILSHIRE BLVD., 16TH FLOOR | LOS ANGELES, CA  90024 | $34.93 |
| EDWIN CHARLES WALKER | 5705 Loma Verde Drive | Paso Robles, CA 93446 | $17.11 |
| ELEANOR WESTBROOKE | 830 WASHINGTON | ALBANY, CA 94706-103 | $6.38 |
| ELIZABETH SUSAN HUNT | 1445 SE Division St | Portland, OR  97202 | $95.21 |
| ELLER FAMILY TRUST | P.O. BOX 1111 | LAKE FOREST, CA  92609 | $129.82 |
| EROLINDA METZGER | 419 W. 2ND STREET | CLOVERDALE, CA 95425-310 | $2.18 |
| EST MARIA PEREZ RODRIGUEZ C/O JOE RODRIGUEZ, ADMIN. | 4022 ODESSA DR. | YORBA LINDA, CA 92686 | $50.00 |
| ESTATE MANUELA G. GARCIA | P.O. BOX 2946 | SACRAMENTO, CA  95814 | $13.32 |
| ESTATE OF EDNA G. YORBA | 5409 E. SUNCREST RD. | ANAHEIM, CA 92807 | $14.56 |
| ESTATE OF RUDOLPH L. ESTATE OF RUDOLPH L. ARIAS | 1613 E. OAK STREET | PLACENTIA, CA 92670-660 | $13.79 |
| ESTHER MORALES | 3210 AVE. Q | GALVESTON, TX  77550 | $13.30 |
| Eugene J. Stern Redisduary Trust | 790 Raymundo Ave. | Los Altos, Ca 94024 | $57.47 |
| EVELINE TAYLOR | 322 S. ILLINOIS ST. | ANAHEIM, CA  92805 | $368.86 |
| EVELYN ROPER | 2345 NW HAYES AVE | CORVALLIS, OR 97330 | $56.29 |
| FRANCINE HATHAWAY RIPPY | 1841 VALLECITO DRIVE | HACIENDA HEIGHTS, CA 91745 | $0.00 |
| FRANCINE PHILLIPS FISHER | 1206 Banal Tail Drive | Carson City, NV 89701 | $161.81 |
| FRANK GLASER GLASER ET UX TRUST | 30184 VIA RIVERA | RANCHO PALOS VERDES, CA 90275 | $114.96 |
| FRANK J. WATERS | 108 NORTH ORANGE DRIVE | LOS ANGELES, CA 90036-301 | $5.11 |
| FRANK M BOISSERANC AND SYLVIA S. BOISSER CO-Trustees of the Frank and Sylvia Boisseranc trust | 300 W. PASEO DE CRISTOBAL | SAN CLEMENTE, CA 92672 | $754.06 |
| FRANK M BOISSERANC TRUSTEE | 300 W. PASEO DE CRISTOBAL | SAN CLEMENTE, CA 92672 | $754.06 |
| FRANK P. SCOTT | 62501 BEAVER LOOP RD. #1 | NORTH BEND, OR  97459 | $17.60 |
| FRED J YSLAS | 1569 CANFIELD LANE #1 | ANAHEIM, CA 92805 | $66.20 |
| FRED M KAY, M.D. | 10276 E. NOLINA TR. | SCOTTSDALE, AZ  85262 | $778.47 |
| Frederic A. Morell,Trustee of the Freder | 2460 Chardonnay Drive | Carson City, NV 89703 | $59.12 |
| FREDERICK K. GLEASON | 1501 CLIFF DR. | NEWPORT BEACH, CA 92663 | $238.07 |
| FREDRICK C KRAUSE | 727 EL MIRADOR | FULLERTON, CA 92835 | $82.42 |
| GARY B. GATEWOOD | 1821 ROAD 72 | PASCO, WA  99301 | $80.20 |
| GARY R. GLEASON | 2268 HOWARD | SAN CARLOS, CA 94070 | $49.69 |
| GARY WAYNE MORLOCK | 15844 BENT TREE ROAD | POWAY, CA 92064 | $109.37 |
| Gavin Barbour | 22 Main St | Kittery, ME 03904 | $0.00 |
| GEORGE FOSTER | 5924 S. ADA STREET | CHICAGO, IL  60636-1802 | $2.87 |
| GREGORY B. KAMIN | 4641 AVE. DE LAS ESTRELLAS | YORBA LINDA, CA 92885 | $81.94 |
| GRETCHEN HOWARD | 12011 6TH AVE. N.W. | SEATTLE, WA  98177 | $231.18 |
| GRIFFITH L. RUBY | 1016 Rock Rose Lane | Lompoc, Ca. 93436 | $47.15 |
| GRL, LLC | 45 Rockefeller pl, Suite 2410 | New York, NY 10111 | $11,683.76 |
| GSR, LLC | 45 Rockefeller Plaza Suite 2410 | New York, NY 10111 | $7,219.92 |
| GUARANTEE ROYALTIES INC. | 11801 WSHINGTON BLVD. | LOS ANGELES, CA  90066 | $820.63 |
| HAROLD G. HUND | 45 SIDNEY DR. | OROVILLE, CA 95966 | $32.48 |
| HARRIET K SEARES TRUSTEE OF THE ROBERT S SEARES FAMILY TRST OF 1990 | 1053 N MARVISTA AVE | PASADENA, CA 91104-3860 | $82.41 |
| HEIDI ELIZABETH LYPPS | 472 37TH STREET # 1 | OAKLAND, CA  94609-2813 | $7.43 |
| Helen MCMANIS | 118 N 31st Ave | Yakima, WA 98902 | $49.71 |
| HENRY R. & CARMEN BLEECKER | 1724 N. GLENVIEW AVE. | ANAHEIM, CA 92807-1007 | $64.19 |
| HERBERT DAVID SCOTT | 1713 PROSPECT ST. | NATIONAL CITY, CA  92050-5150 | $0.00 |
| HERBERT FOSTER | 9610 S. MASON AVENUE | OAK LAWN, IL  60453-285 | $12.32 |
| IBIS ENTERPRISES, LTD | P.O. BOX 1722 | TULSA, OK 74101-1722 | $5.09 |
| INA V. GATHAS | 631 N. LEMON ST. | ANAHEIM, CA 92805-2627 | $9.15 |
| IRA E. SANDITEN TRUSTEE DEBORAH A. SANDITEN TRUST | 3314 E. 51ST ST. SUITE 207K | TULSA, OK 74135 | $20.30 |
| ISAAC N. KRAUSHAAR | 1700 KANOLA ROAD | LA  HABRA, CA  90631 | $258.32 |
| JACK J. LYPPS | 100 Holland Glen # 107 | Escondido, CA 92026-1354 | $96.27 |
| JACQUELINE MAE MORRIS | 26049 CLEARINGSIDE | JUNCTION CITY, OR 97448-9596 | $14.56 |
| JAMES CALLAS | 2020 VIA SOLONA | SAN CLEMENTE, CA 92673-372 | $4.37 |
| JAMES D. MANZO | 12320 21ST STREET NE | SALEM, OR 97301 | $52.22 |
| JAMES FLIPPEN | 45674 ROAD 128 | ORANGE GROVE, CA 93646 | $43.67 |
| JAMES MACPHERSON | 2650 MAIN STREET UNIT G-3 | CAMBRIA, CA 93428 | $5.83 |
| JAMES R HEYING | P.O. Box 963 | Forest Falls, CA 92339-0963 | $91.33 |
| JAMES R. ROBERTS | 35260 PAUBA ROAD | TEMECULA, CA  92592 | $42.93 |
| JANA BROSMAN | P. O. BOX 1163 | COSMOPOLIS, WA 98537 | $5.06 |
| JANE A ADAMS AND JOHN S ADAMS TRUSTEES | PO BOX 264 | YORBA LINDA, CA  92885 | $4,988.35 |
| JANET K. GANONG | 2307 MYRTLE STREET | BAKERSFIELD, CA  93301 | $442.28 |
| JANET L. HUND | 1780 W. LINCOLN #315 | ANAHEIM, CA 92801 | $1.44 |
| JANET PIERCE BOSTIC | 1900 N. TORREY PINES #124 | LAS VEGAS, NV 89108-2655 | $6.39 |
| JANIS L. MORLOCK | 2441 LILY LANGTRY CT. | PARK CITY, UT  84060 | $109.36 |
| JANIS M. LLOYD | 68797 Ridge Road | North Bend, OR 97459 | $17.10 |
| Janna Barbour | 66 Lois St. | Portsmouth, NH 03801 | $0.00 |
| JEAN F BACAL, TRUSTEE | 3967 CENTER AVENUE | NORCO, CA 92860 | $751.41 |
| JEANNE E. HUND | 25430 SUN CITY BLVD | SUN CITY, CA 92586 | $1.47 |
| JEFFERY OXANDABOURE | P. O. BOX 6925 | TAHOE CITY, CA  96145 | $16.72 |
| JEFFREY SHAFFER MD | 729  BIGHAM CR. | GENEVA, IL  60134 | $406.65 |
| Jennifer S. Hart | 38200 SE Lusted Rd | Boring, OR 97009 | $107.11 |
| JESSE B. GRANER | 3377 CALIFORNIA AVENUE | SIGNAL HILL, CA 90807-4605 | $2.19 |
| JESSE R. HATHAWAY | 264 E. MONTECITO AVE. | SIERRA MADRE, CA 91024 | $0.00 |
| JESSIE THOMPSON C/O SCOTT N. THOMPSON | 14152 LIVINGSTON ST. | TUSTIN, CA 92680 | $59.50 |

| Names | Street Address | City, State, Zip | Cure Amount |
|---|---|---|---|
| JESUS PELAYO | 4505 E. PHILO AVENUE | ORANGE, CA 92669 | $4.21 |
| JIM VARNER | 5900 EAST LERDO HIGHWAY | SHAFTER, CA 93263 | $2.18 |
| JO ANN TOMLINSON | 7820 Leisure Town Road | Vacaville, CA 95688 | $238.04 |
| JOAN COLLIER TRUST | 1720A San Luis Drive | San Luis Obispo, CA 93401 | $184.41 |
| JOAN KRAUSE, TRUSTEE OF THE | 727 EL MIRADOR | FULLERTON, CA 92835 | $482.94 |
| JOAN M. LEWIS | 1711 Askam Lane | Los Altos, CA 94024 | $23.47 |
| JOE TOMLINSON | 7820 Leisure Town Rd. | Vacaville, CA 95688 | $223.63 |
| JOHN A  TUCKER (TUCKER FAMILY TRUST) | 300 HIOLANI STREET | PUKALANI, HI 96768 | $13.99 |
| John B. Stern | 12919 Montana Ave. Ste 203 | Los Angeles, Ca 90049 | $12.37 |
| JOHN C. MCGLYN | 440 COLERIDGE AVENUE | PALO ALTO, CA 94301-360 | $0.73 |
| JOHN DANA PEARCE | 2926 VISTA GRANDE | FAIRFIELD, CA  94533 | $79.61 |
| JOHN E. HUND | 102 E. BAY #2 | BALBOA, CA 92661 | $1.44 |
| JOHN ETCHANDY | 12742 E. TRASK AVE. | GARDEN GROVE, CA  92643-3041 | $174.46 |
| JOHN H. WENTS | 122 N. NICHOLSON AVENUE, APT E | MONTEREY PARK, CA  91755 | $3.65 |
| JOHN O BEARDEN | 660 N. FARM ROAD #65 | BOIS D ARC, MO 65612 | $8.43 |
| JOHN WERTIN | 600 Aldean Place | Newport Beach, CA  92265 | $316.40 |
| JOSEPH KRAUS | 99 TREECREST CT. | ROSEVILLE, CA  95678 | $9.86 |
| JOSEPH M. PACHECO | 20313 N. Fletcher Way | Peoria, AZ 85382 | $112.59 |
| JOSEPHINE JOHNSON | 4201 GLENBROOK | BAKERSFIELD, CA 93306 | $34.19 |
| JUANITA A. GARCIA | 3353 GEORGETOWN PL | SANTA CLARA, CA  95051-1535 | $10.18 |
| JUANITA MUNOZ | 8803 Frances Folsom St SW | Lakewood, WA 98498 | $7.59 |
| Judy A Oldham | 1017 Meadowbridge Dr. | Folsom, CA 95630 | $191.08 |
| Judy A.Oldham Trustee of the Laura R Cla | 1017 Meadowbridge Dr. | Folsom, CA 95630 | $191.08 |
| JULIAN & HELEN HATHAWAY | 11854 FLORENCE AVENUE | SANTA FE SPRINGS, CA  90670-1404 | $248.16 |
| JULIE A. MCKEMY | 8113 E. PHILLIPS CIRCLE | CENTENNIAL, CO 80112 | $115.12 |
| JULIE MARIE HELFRICH | 737 SOUTHBOROUGH DRIVE | WEST VANCOUVER, BC CANADA V755 1N1 | $11.61 |
| K & K OIL, LLC ATTN: TOMOHIKO KOKUSO | 1401 BENTLEY AVENUE. SUITE 203 | LOS ANGELES, CA 90025 | $104.79 |
| KATHLEEN W. CLIFT | 6722 E. HORSESHOE ROAD | ORANGE, CA  92869 | $19.66 |
| KATHLEEN WETZEL CLIFT | 6722 HORSESHOE ROAD | ORANGE, CA  92869 | $20.23 |
| KENNETH COMBS | 13504 RUSSEL STREET | WHITTIER, CA 90602-314 | $8.72 |
| KENNETH E. GATEWOOD | 913 S. GRAND AVE., SPACE 35 | SAN JACINTO, CA 92583 | $80.20 |
| KENNETH E. GATEWOOD C/O Jessica M. Gatewood Executrix | 3550 Alden Way #18 | San Jose, CA. 95117 | $80.20 |
| KEVIN R. BENDON | 122 STARFLOWER STREET | BREA, CA 92821 | $28.39 |
| KITTY LEE COX | 2903 MC4018 | YELLVILLE, AR  72687 | $22.32 |
| KRISTINA E. SMIRL | 111 N. GREENFIELD AVE. | WAUKESHA, WI 53186-5266 | $22.90 |
| KRISTINE TOMLINSON TRUSTEE | 2176 Hackamore Dr | Mohave Valley, AZ  86440 | $134.19 |
| LANDOWNERS ROYALTY CO. | PO BOX 491150 | LOS ANGELES, CA  90049 | $194.87 |
| LAOR | 4640 ADMIRALTY WAY | MARINA DEL REY, CA  90292 | $1,560.25 |
| LARRY L. & MARY L. WALLACE, JT/WROS. | PO BOX 1146 | APSEN CO 81612 | $60.96 |
| LATIN AMERICA FREE METHODIST CHURCH PACIFIC COAST LATIN AM CONFERENCE | 925 S. Melrose St. | PLACENTIA, CA 92870 | $69.58 |
| LAURA E. HUND | 1404 N. TUSTIN 1-3 | SANTA ANA, CA 92701 | $1.45 |
| LAURA LYPPS DANIEL | 16 SUNRISE | WESTBROOK, CT  06498 | $7.45 |
| LAURICE JOSEPH EXEC EST JOSEPH DECD C/O JOSEPH BARKETT - EMERALD PROP. | 42 N. SUTTER STREET, SUITE 307 | STOCKTON, CA 95202 | $35.21 |
| LAWRENCE E. HUND | 10481 BROADVIEW PLACE | SANTA ANA, CA 92705-1466 | $1.47 |
| LAWRENCE L STILES | 11485 ACROPOLIS DRIVE | YUCAIPA, CA 92399 | $120.08 |
| LEIGH T. MEDEMA | 3401 Cascina Ct · Unit A | Highlands Ranch, CO  80126 | $470.62 |
| LEROY WINKLER | 219 CALLE CLEMENTE | SAN CLEMENTE, CA 92672-220 | $8.74 |
| LILLIAN K. TAYLOR | P.O. BOX 337 | BONSALL, CA  92003-033 | $10.20 |
| LILLY S. ALVAREZ, TRUSTEE OF THE L.S. ALVAREZ FAMILY TRUST 02/19/98 | 1204 N. RIVIERA ST. | ANAHEIM, CA 92801-2306 | $35.24 |
| LINDA C. MAHNKEN, TRUSTEE | 2550 Canet Rd. | San Luis Obispo, CA  93405 | $184.40 |
| LOIS ETCHANDY | 1113 Southlyn Place | ANAHEIM, CA  92807 | $123.10 |
| LOLINE HATHAWAY | P.O. BOX 4172 | YAH-TA-HEY, NM 87375 | $0.00 |
| LORI EDWARDS, TRUSTEE OF THE L. | 835 W. WARNER RD, SUITE 101-441 | GILBERT, AZ  85233 | $96.90 |
| LOUIS DORADO | 606 VAN BUREN | PLACENTIA, CA  92670 | $50.00 |
| LOUIS O. SENIK | 18 MOURNING SUN | IRVINE, CA 92612 | $146.27 |
| LOUISE K. DURKEE | 2892 SUNSET PLACE | LOS ANGELES, CA  90005-3912 | $114.55 |
| LOUISE L. CRAIG | 30 BURR AVENUE | HEMPSTEAD, NY  11550-2522 | $15.28 |
| LOUISE LANE CRAIG | 875 JERUSALEM AVE. | UNIONDALE, NY 11553 | $10.80 |
| LOWELL A. & ROSINE K. ELLER | 21775 TAHOE LANE | LAKE FOREST, CA 92630 | $34.37 |
| Lowell Patsey | 110 House Rock Road | Sedona, AZ 86351 | $141.18 |
| LUCILLE D KOCH | 9685 ARLETA | PACOIMA, CA 91331 | $388.57 |
| LUPE DECASAS | 1026 AVE DE PIO PICO | PLACENTIA, CA 92870 | $13.32 |
| LUPE G. DECASAS | 1026 AVE DEL PIO PICO | PLACENTIA, CA 92670 | $13.33 |
| LYN CHADEZ | 4585 AVE DE LOS ARBOLES | YORBA LINDA, CA  92886 | $49.71 |
| MADLYN RATLIFF | 1711 Magnolia | Junction City, OR 97448 | $298.36 |
| MAME M. PEMBROKE | P.O. BOX 10619 | COSTA MESA, CA 92627 | $110.05 |
| Margaret Ann Crowell,Trustee | 1035 Scott Dr., Apt 330 | Prescott, AZ 86301 | $141.18 |
| MARGARITA PELAYO COSTA | 660 S. GLASSELL #8 | ORANGE, CA 92866 | $4.23 |
| MARIA CASTANEDA DE ESPINOSA DIONISIO RODRIGUEZ | #1012 SECTOR LIBERTAD | GUADALAJARA JALISCO, | $4.26 |
| MARIANNE PEARCE SPRINGER | 3126 Calle Grande Vista | San Clemente, CA 92672 | $45.84 |
| MARIANNE PEARCE SPRINGER AS TRUSTEE | 3126 Calle Grande VIS | San Clemente, CA  92572-3543 | $33.76 |
| MARILYN FRANCES BEARD | 27461 FRUITWAY ROAD | JUNCTION CITY, OR 97448 | $15.27 |
| MARION BLISS | 3717 E. 3RD ST. | LONG BEACH, CA 90814-1605 | $10.84 |
| MARJORIE ANNE STRELLMAN | 329 OSBORNE STREET | VISTA, CA  92084 | $22.30 |
| MARK KRAUS | 6081 HALE AVENUE | CLEARLAKE, CA  95422 | $9.91 |
| MARTHA L. BOUGHEN | 27101 MISSION HILLS DR. | SAN JUAN CAPISTRANO, CA 92675-1505 | $17.59 |
| MARTHA L. BOUGHEN GUARDIAN FOR LUKE WOODROW PAYNE BOUGHEN | 27101 MISSION HILLS DR. | SAN JUAN CAPISTRANO, CA 92675-1505 | $8.81 |
| MARTINA M. MCGLYNN | 911 ORANGE AVENUE | HUNTINGTON BEACH, CA 92648-4510 | $0.74 |
| Martinez Vera | 5841 Los Encinos St. | Buena Park, CA 90620 | $49.97 |
| MARY ANN DILLON | 2005 E. CAIRO DRIVE | TEMPE, AZ 85282 | $95.21 |
| MARY BERGEMANN, DECD C/O GETTY OIL COMPANY | 3810 WILSHIRE BLVD. | LOS ANGELES, CA 90005 | $25.03 |
| MARY D. KRAUS | 2709 KIRK LANE | BOWIE, MD 20715 | $39.55 |
| MARY ELEANOR CALVIN | 10692 ENCINO DRIVE | OAK VIEW, CA 93022 | $33.15 |
| MARY LEE PROPST | 909 N. E. LINDEN AVE. | HILLSBORO, OR 97124-2650 | $77.46 |
| MARY LOCKHART HOLDER | 5612 Beachwood St | PUNTA GORDA, FL 33982 | $14.02 |
| MARY MCFARLAND | ROUTE-1 P.O. BOX 139 | CLEVER, MO 65631 | $8.43 |

| Names | Street Address | City, State, Zip | Cure Amount |
|---|---|---|---|
| MARY MELAINE TOKAR | 532 N. JANSS WAY | ANAHEIM, CA 92805 | $200.92 |
| MAXIMO PELAYO-MONTE LIBANO 54 | COLONIA INDEPENDENCIA | GUADALAJARA JALISCO,  MEXICO | $4.23 |
| MAY H. MORRISON | 1012 NORTH BRADFORD | PLACENTIA, CA 92670-430 | $5.83 |
| MCFARLAND FAMILT TRUST RUTH MCFARLAND TRUSTEE | 5801 FRIENDS AVENUE | WHITTIER, CA 90601-372 | $228.49 |
| MEKUSUKEY OIL COMPANY L.L.C. | PO BOX 816 201 S. MEKUSUKEY AVE | WEWOKA, OK 74884-0816 | $62.83 |
| MERRIE HATHAWAY | 33290 ANTELOPE LANE | SQUAW VALLEY, CA 93675 | $0.00 |
| MICHAEL C. MITCHELL | 6528 BRITTAIN STREET | LONG BEACH, CA 90808 | $89.53 |
| MICHAEL MCLAUGHLIN | 940 N. Switzer Canyon | Flagstaff, AZ 86001 | $199.07 |
| MICHAEL MCLAUGHLIN, DDS | 940 N. Switzer Canyon | FLAGSTAFF, AZ  86001 | $199.07 |
| MICHAEL OXANDABOURE | 17391 ELM | FOUNTAIN VALLEY, CA  92708 | $34.20 |
| MILLENNIUM ENERGY, INC. | 712 ARBOR AVENUE | VENTURA, CA 93003 | $15.29 |
| MILTON M. BROCK | 194 AVENIDA ORONTES | CATHEDRAL CITY, CA 92234 | $34.78 |
| MT. WASHINGTON PEDIATRIC HOSPITAL | 1708 WEST RODGERS AVE. | BALTO, MD 21209 | $39.19 |
| Municipal Securities Company | 1940 Soda Mountain | Ashland, OR  97520 | $852.67 |
| NAESS FAMILY TRUST B | 2261 Allview Terrace | LAGUNA BEACH, CA  92651 | $128.41 |
| NANCY E. STEINKE | 4505 MCBRIDE | MILTON, WI 53563 | $2.92 |
| NANCY STEINKE | 4505 McBRIDE | MILTON, WI 53563 | $2.92 |
| NANCY W. MCGILVRA | 8618 S. 31st Way | PHOENIX, AZ 85042 | $95.21 |
| NELDA J. BAYHA | 4145 SW TUALATIN AVE | PORTLAND, OR  97239 | $94.55 |
| Nicholas John Lypps | 158 Mystery Lane | Gunnison, Co. 81230 | $22.33 |
| Nicolai Family Partners | P.O. Box 91894 | Long Beach, Ca. 90809 | $99.16 |
| NICOLE KATHERIN DEAN | 101222 LAKE | TRUKEE, CA 96161 | $49.65 |
| NICOLE KATHERINE DEAN | 101222 LAKE | TRUKEE, CA 96161 | $51.48 |
| NORMA OXANDABOURE | 18990 VISTA DE MONTANAS | MURRIETA, CA  92562 | $34.22 |
| Occidental Petroleum Corporation | 5 Greenway Plaza-Suite 110 | Houston, TX 77046-0506 | $0.00 |
| OLGA N. URBACH | 1097 S BEDFORD DRIVE APT #101 | LOSA ANGELES, CA 90035-104 | $2.19 |
| Otis E. Pittman | 1621 NO. LINDENDALE AVE. | Fullerton, CA 92631 | $211.18 |
| OTTIS E. PITTMAN | 1621 NO. LINDENDALE AVE. | FULLERTON, CA 92831 | $211.18 |
| P.K. DAY | 1321 LICK CREEK ROAD | EDWARDS, MO 65326 | $60.42 |
| PACIFIC AMERICAN OIL CO. | 10900 WILSHIRE BLVD SUITE-1600 | LOS ANGELES, CA 90024 | $5,519.08 |
| PAM OGDEN | 18120 RIDGEGATE CT. | GLASTONE, OR  97027 | $9.90 |
| PAMELA SHELLHORN | 17032 LA KENICE WAY | YORBA LINDA, CA 92886-3717 | $81.93 |
| PATRICIA BROEDER | 2938 COUNTY ROAD #163 | STEPHENVILLE, TX 76401 | $8.44 |
| Paul and Martha Pullen | 1621 NO. LINDENDALE AVE. | Chico, CA  95927 | $182.65 |
| PAUL CAREY | 212 BAKER APT. 108 | ROYAL OAK, MI 48067 | $60.91 |
| PAUL RAYMOND STUCK JR. | 2407 POINSETTIA STREET | SANTA ANA, CA 92706-2051 | $97.81 |
| PAULA McGINNIS | 1510 SAN LORENZO AVE | BERKELEY, CA  94707 | $141.76 |
| PAULINE V. BUCHANAN | 1819 RAND AVENUE | CARSON CITY, NV 89706 | $18.20 |
| PEDESTAL OIL CO., INC. | P. O. BOX 99550 | OKLAHOMA CITY, OK 73199 | $142.08 |
| PETER GAMBINO | 17841 PINERIDGE DRIVE | YORBA LINDA, CA 92886 | $146.78 |
| PETROLEUM LANDOWNERS CORP LTD | P.O. BOX 11471 | SANTA ANA, CA 92711-147 | $7.27 |
| PHYLLIS AILEEN KRUGER | 985 ITHACA DRIVE | BOULDER, CO 80303 | $22.36 |
| PHYLLIS H. REYMUNDO | 1648 EAST OAK STREET | PLACENTIA, CA 92870-6606 | $90.25 |
| PLACENTIA UNIFIED SCHOOL DIST | 1301 E. ORANGETHROPE AVENUE | PLACENTIA, Ca  92870 | $964.23 |
| PRISCILLA FREEBERG | 12813 EAGLE RIDGE DRIVE | BURNSVILLE, MN 55337-3582 | $124.65 |
| PROSPECTIVE INVESTMENT AND TRADING CO., LTD. | 2162 E. 61ST STREET | TULSA, OK 74136 | $91.35 |
| R.D.I. SVC TTE UNDER DEC OF TRST DTD 3/5/90 FBO THOMP-GOODWIN | P.O. BOX 80375 | PHOENIX, AZ 85060-0375 | $58.49 |
| RALPH A. PHILLIPS | P. O. Box 1020 | Topock, AZ 86436 | $161.82 |
| RALPH BERNUMDEZ | 1601 EUCALYPTUS | BREA, CA 92621 | $49.98 |
| RALPH R. GONZALEZ | 18622 CENTER STREET | ORANGE, CA 92869 | $13.33 |
| RAMON F. LEYVA | 28 Rocky Knoll | IRVINE, CA 92612 | $44.02 |
| RAY PRESCOTT | 560 SHOREPINES | COOS BAY, OR  97420 | $60.55 |
| RICHARD A. GATEWOOD | 1020 Greenbriar Drive | Mountain Home, AR  72653 | $80.20 |
| RICHARD A. WALLACE TRUSTEE | 11792 LOMA LINDA WAY | SANTA  ANA, CA  92705-3033 | $60.96 |
| RICHARD AND DIANE MORRIS FAMILY TRUST | 6658 DENTON FERRY RD | COTTER, AR 72626 | $155.28 |
| RICHARD HATHAWAY, JR. | 19599 HIGHWAY 89 | HAT CREEK, CA 96040 | $0.00 |
| Richard M. White | 20211 Country Scene County RD 174 | Helotes, TX 78023 | $90.23 |
| RICHARD T. LEAVER | 712 NORTH LINDEN DR. | BEVERLY HILLS, CA 90210-3226 | $17.60 |
| RICHARD W. ACKERMAN | P.O. BOX 559 | DARBY, MT 59829 | $38.57 |
| RICHARD W. ACKERMAN TRUSTEE OF RICHARDS W. ACKERMAN TRUST 3-14-77 | P.O. BOX 559 | DARBY, MT 59829 | $123.70 |
| ROBERT A. & MARILLYN PESTOLESI TRUSTEES OF THE PESTOLESI | 9192 S V L BOX | VICTORVILLE, CA 92392 | $3.83 |
| ROBERT A. & MARILYN PESTOLES | 9192 S V L BOX | Victorville, Ca. 92393 | $0.00 |
| ROBERT A. & SARAH CLOSSON | 1093 HWY 12 East | TOWNSEND, MT  59644-9801 | $109.84 |
| ROBERT D. ETCHANDY TRUST | 315 VIA MONTANERA | ANAHEIM, CA  92807 | $123.10 |
| ROBERT E. WETZEL | 1419 KEEGAN WAY | SANTA  ANA, CA  92701-1624 | $28.81 |
| ROBERT EMIL WETZEL | 1419 KEEGAN ST. | SANTA ANA, CA 92705 | $19.07 |
| ROBERT ETCHANDY | 315 SOUTH VIA MONTANERA | ANAHEIM, CA  92807-402 | $112.58 |
| Robert L.Williams & Margaret L. Williams ROBERT L. WILLIAMS AS TO REMAINDER | 2221 RIDGE DRIVE | GRAND JUNCTION, CO 81506 | $141.34 |
| ROBERT MORALES | P.O. BOX 3 | ATWOOD, CA 92601-0003 | $10.18 |
| ROBERT P. SCOTT | 7200 DUNDEE LANE | FALLON, NV  89406 | $0.00 |
| Robert S. Thomson, Trustee | 1920 Wilbur Ave. | San Diego, Ca. 92109 | $315.00 |
| ROBERTA W. CHIPMAN | 101 W. RIVER ROAD #37 | TUCSON, AZ 85704-511 | $1.46 |
| RODNEY CAREY | 709 E. FARNUM | ROYAL OAK, MI 48067 | $60.88 |
| ROGAN TAGGERT SEAMANS | 208 N. WASHINGTON ST | CLOVERDALE, CA 95425 | $95.21 |
| ROGER & ROSENDA V ORTIZ | 320 VAN BUREN | PLACENTIA, CA 92670-5426 | $20.39 |
| ROLLA R. WEBB | 3323 EAST MARIPOSA | PHOENIX, AZ 58018-332 | $1.44 |
| ROMAN CATHOLIC BISHOP OF Los Angeles | 2811 EAST VILLA REAL DRIVE | ORANGE, CA 92867 | $10.19 |
| ROMAN CATHOLIC BISHOP OF ORANGE | 2811 EAST VILLA REAL DRIVE | ORANGE, CA 92867 | $10.19 |
| RONALD FRED VAN VLIET | 1401 N. Brighton Street | La Habra, Ca. 90631 | $116.41 |
| RONALD L. AND CAROLYN J. VAN DE PUTTE | 1776 N. PRELUDE DR. | ANAHEIM, CA 92807 | $137.26 |
| ROSALIO CASTANEDA PELAYO HDA DE LA PEIDRA | #2998 COLONIA OBIATOS S.L. | GUADALASPARA JALISCO,  44700 | $4.23 |
| ROSE L. BREIT TRUSTEE TESTAMENTARY TRUST EST CARLOS N. DOMINGUEZ | 527 BUTTONWOOD | ANAHEIM, CA 92805-2226 | $29.71 |
| ROSE PICKENS c/o ANNETTE DIAS | 3316 INGLEY STREET | EUREKA, CA 95503 | $298.37 |
| ROSE REYMUNDO | 4222 CASA LOMA | YORBA LINDA, CA 92686 | $50.00 |
| SADD Family Trust | 10100 Santa Moncia Suite 800 | Los Angeles, Ca. 90067 | $54.57 |
| SAMUEL W. WEBB | P.O. BOX 470 | PINE, AZ 85544-047 | $1.45 |
| SANDRA D MCENTEE | 255 Hawks Hill Rd | Scotts Valley, Ca. 95066 | $134.17 |

38

| Names | Street Address | City, State, Zip | Cure Amount |
|---|---|---|---|
| Sarah Barbour | 2432 Forge DR | Forest Grove, OR 97116 | $0.00 |
| SEAN MCLAUGHLIN | 17132 Treehaven LN. | Huntington Beach, CA 92647 | $199.08 |
| SECARIAS PELAYO | 4702 HOLLYLINE | SANTA ANA, CA 92703 | $4.20 |
| SHARON M. PENTEK SUCCESSOR TRUSTEE | 2822 FAIRVIEW | RICHFIELD, WI 53076 | $5.05 |
| SHEILA DIANE VAN PATTEN | 512 GLENHILL DR | RIVERSIDE, CA 92507-3003 | $54.20 |
| SHEPPARD & ENOCH PRATT HOSPITAL TRUSTEES C/O SEC. TRUST CO. CUST.UN | 100 PLAZA ONE | JERSEY CITY, NJ 07311 | $39.20 |
| SMITH BROTHERS | 8705 HUMMINGBIRD AVE | FOUNTAIN VALLEY, CA 92708 | $410.21 |
| ST. JOSEPH HOSPITAL FOUNDATION | 1100 W. STEWART DRIVE | ORANGE, CA 92863-5600 | $104.77 |
| STEINWAND FAMILY TRUST DTD | 1214 Warren St | Placentia, Ca. 92870 | $96.26 |
| Steve Knutzen | 520 Lunalii Home Rd 338 | Honoluru, HI 96825 | $107.93 |
| STEVEN ALAN SANDITEN | 3314 E. 51ST ST. SUITE 207K | TULSA, OK 74135 | $20.28 |
| STEVEN K HEYING | 1800 ASH AVE | COTTAGE GROVE, OR 97424 | $91.36 |
| STEVEN R TOSCHI | 340 Beckett Place | Grover Beach, CA 93433 | $182.70 |
| STINER A. DOTSON | 7380 S. EASTERN AVE STE 124 - 248 | LAS VEGAS, NV 79123-1552 | $81.49 |
| SUSAN NOREEN BOYDEN | 1364 EMERAUDE GLEN | Escondido, Ca. 92029 | $22.31 |
| TERESA ROGERSON | 715 Ohio St | VALLEJO, CA 94590 | $9.88 |
| Terri Denise Whitlock | P.O.Box 277 | Tishomingo, OK 73460 | $0.00 |
| THE ENGELBERT FAMILY TRUST UTD  4/11/01 DAVID & KRISTINA ENGELBERT | 5430 W. IVANHOE COURT | CHANDLER, AZ 85226 | $62.82 |
| The Roundrock Group | 5003 Windy Meadow Dr. | Plano, Tx. 75023 | $185.09 |
| The Thomson Rev. Declaration Trust Robert S. Thomson, Trustee | 1920 Wilbur Ave | San Diego, CA 92109 | $315.00 |
| THEODESIA GEISLER | 1049 MERRYMAN AVENUE | KLAMATH FALLS, OR 97603-363 | $6.54 |
| THEODORE B. WANBERG | 10448 WHEATRIDGE DRIVE | SUN CITY, AZ 85373 | $22.91 |
| THEODORE KRUGER | 27981 CALLE VALDES | MISSION VIEJO, CA 92692 | $11.03 |
| THERESA LEE BROWN | 1809 HARPER AVE | HERMOSA BEACH, CA 80254 | $56.37 |
| THOMAS E. MORLOCK TRUST DTD 11/13/87 | 6640 Redwood Drive # 104 | ROHNERT PARK, CA 94928 | $60.51 |
| THOMAS J. WETZEL | 2889 Cobble Way | Meridian, ID 83642 | $47.93 |
| Thomas Morlock | 6640 Redwood Drive # 104 | ROHNERT PARK, CA 94928 | $0.00 |
| TIM MCLAUGHLIN | 1450 E. Del Mar Ave. #32 | Orange, CA 92865 | $199.09 |
| TRINITY CHRISTIAN CENTER OF SANTA ANA IC TBN STEWARDSHIP DEVELOPMENT | 2442 MICHELE DRIVE | TUSTIN, CA 92780 | $36.70 |
| TRUSTEES OF THE TOM & RUTH FLIPPEN " 1998 TRUST " | 544 VILLAGE COURT | DINUBA, CA 93618 | $43.65 |
| U/W E W PYNE #01-63904 | P.O. BOX 226270 | DALLAS, TX  75222 | $1,550.30 |
| U/W E.W.PYNE   #01-63904 | P.O. BOX 226270 | DALLAS, TX 75222 | $777.91 |
| Vaquero Energy | 15545 Hermosa Rd | BAKERSFIELD, CA  93307 | $45.85 |
| VAQUERO ENERGY | PO BOX 13550 | BAKERSFIELD, CA 93389 | $45.85 |
| VERNE A. ROBINSON | 226 W. WORKS STREET | SHERIDAN, WV 82801-421 | $6.55 |
| VIRGINIA BAYHA BUCHANAN C/o Carolyn Harrison | 3813 Kiwanis Trail | Frazier Park, CA 93225 | $61.87 |
| VIRGINIA BAYHA BUCHANAN C/o Judy Crookshanks | 6380 Cresthaven Drive | La Mesa, CA 91942 | $61.87 |
| VIRGINIA L. HEILIGER | 3941 POLK STREET APT #49 | RIVERSIDE, CA 92505-176 | $8.72 |
| W. E. Nicolai | P.O. Box 91894 | Long Beach, Ca. 90809 | $194.77 |
| W.E. Nicolai | P.O. Box 91894 | Long Beach, CA 90809-1894 | $194.77 |
| WANBERG TRUST | 299 S 5TH AVENUE | CORNELIUS, OR 97113-791 | $122.24 |
| WELLS FARGO BANK TRUSTEE OF THE | 2222 W. SHAW #11 | FRESNO, CA 93711-3407 | $3.44 |
| WILLIAM BOYD WELLS | 2855 ACORN STREET | LEBANON, OR  97355 | $14.58 |
| William C Gathas, Jr | 1308 E. Rosewood Ave. | ANAHEIM, CA  92805-1118 | $9.17 |
| WILLIAM C. GATHAS JR. | 1308 E. ROSEWOOD AVE. | ANAHEIM, CA 92805-1118 | $9.17 |
| WILLIAM DOUGHTY | P.O. BOX 626 | HATCH, UT 84720 | $29.75 |
| WILLIAM E. ROTH ROTH FAMILY TRUST | 1991 WEBSTER ST | PALO ALTO, CA 94301 | $22.57 |
| WILLIAM H TAYLOR & ANNE B TAYLOR | 4650 DULIN RD. SPACE 9 | FALLBROOK, CA  92028-9346 | $109.23 |
| WILLIAM HA TAYLOR TRUSTEE | 4650 DULIN RD SPACE 9 | FALLBROOK, CA 92028-9346 | $99.03 |
| WILLIAM HATHAWAY | 2240 SW 87TH AVENUE | PORTLAND, OR 97225 | $0.00 |
| WILLIAM L. FOSTER | 3983 RIDGE ROAD | BUFORD, GA 30519-371 | $2.93 |
| VINTAGE PETROLEUM LLC | 110 W. SEVENTH ST. | TULSA, OK 74119 | $6,303.10 |
| SHERRILL A. SCHOEPE | P.O. BOX 572 | Pauma Valley, CA 92061 | $0.00 |
| HVI CAT CANYON INC | 2601 SKYWAY DRIVE, STE. A1 | SANTA MARIA, CA 93455 | $0.00 |
| TOSHIAKI DOJIRI | DOJIRI MARITAL TRUST (TRUST A ) | TORRANCE, CA 90505 | $0.00 |
| SPINDLETOP EXPLORATION COMPANY, INC. | P. O. BOX 951505 | DALLAS, TX 75395-1505 | $0.00 |
| GUARANTEE ROYALTIES INC. C/O RICHARD J. LAUTER & COMPANY | 4640 Admiralty Way, Suite 700 | Marina Del Rey, CA 90292 | $0.00 |
| The Roundrock Group | 5003 Windy Meadow Dr | Plano, Tx 75023 | $0.00 |
| EDWARD K ZUCKERMAN | 40920 WILSHIRE BLVD, SUITE 1200 | LOS ANGELES, CA 90024 | $0.00 |
| ALICE M. EVANS & RICHARD V. EVANS TRUSTEES OF THE RICK TRUST UNDER THE EVANS FAMILY TRUST DTD 1/20/89 | 2127 NORTH FREEMAN | SANTA ANA, CA 92706 | $0.00 |
| JULIAN & HELEN HATHAWAY TRUSTEE, J. I. HATHAWAY FAMILY TRUST | P. O. BOX 3404 | SANTA FE SPRINGS, CA 90670-1404 | $0.00 |
| DOROTHEA K ZUCKERMAN | 1012 LOMA VISTA | BEVERLY HILLS, CA 90210 | $0.00 |
| LANDOWNERS ROYALTY CO. | PO BOX 491150 | LOS ANGELES, CA 90049 | $0.00 |
| Martinez Vera | 5841 Los Encinos St. | Buena Park, CA 90620 | $0.00 |
| ROBERT A. & SARAH CLOSSON | 1093 HWY 12 East | TOWNSEND, MT 59644-9801 | $0.00 |
| ARLINE SEBOURN TRUSTEE OF THE M. AND A. BEESON TRUST | 600 N. CORNELL | FULLERTON, CA 92210 | $0.00 |
| FRANK J. CURRIE & EVELYN R. CURRIE TRUSTEES OF THE CURRIE FAMILY TRUST DATED 10/08/1980 | 7580 E. MARTELLA LANE | ANAHEIM, CA 92808-1316 | $0.00 |
| JOHN C. WANBERG | | | $0.00 |
| JOHN DANA PEARCE | 2926 VISTA GRANDE | FAIRFIELD, CA 94533 | $0.00 |
| BEJAC CONSTRUCTION CO. | 5510 Via Sepulveda | Yorba Linda, CA 92887 | $0.00 |
| WILLIAM E. ROTH | 1991 WEBSTER ST. | PALO ALTO, CA 94301 | $0.00 |
| ANTHONY D. HUNTER | 1712 Cheddar Street | LAS VEGAS, NV 89117 | $0.00 |
| CAROLYN SUGARS | P.O. BOX 1404 | DAVIS, CA 95617 | $0.00 |
| DAVID ALAN PEARCE | 1630 NORTH MAIN #230 | WALNUT CREEK, CA 94596 | $0.00 |
| ELEANOR WESTBROOKE | 830 WASHINGTON | ALBANY, CA 94706-103 | $0.00 |
| WM & JAMES KINDEL, SUCC. TRUSTEES OF THE VIRGINIA F. KINDEL TRUST | 1614 VIA SAGA | SAN CLEMENTE, CA 92673-3706 | $0.00 |
| CHARLES IRVIN KLINE | 2875 QUAIL VALLEY RD | SOLVANG, CA 93463 | $0.00 |
| ANN MARION BRADY | 10437 E WATFORD WAY | SUN LAKES, AZ 85248 | $0.00 |
| DEREK K. HUNTER | 15 BLUE RIDGE LANE | WOODSIDE, CA 94062-250 | $0.00 |
| RAY PRESCOTT | 58436 RIVER RD | COQUILLE, OR 97423 | $0.00 |
| CHARLES RUBY JR. | 654 SAUSALITO BLVD. | SAUSALITO, CA 94965 | $0.00 |
| JESSIE THOMPSON C/O SCOTT N. THOMPSON | 14152 LIVINGSTON ST. | TUSTIN, CA 92780 | $0.00 |
| SURVIVOR'S TRUST OF THE LEMBESIS TRUST DTD 12-13-88, ANTHANASIA LEMBESIS, TRSTE | 7848 11TH STREET | BUENA PARK, CA 90621 | $0.00 |
| CARALEE DEAN IVERSON | 175 CAMILLE CT | ALAMO, CA 94507 | $0.00 |
| KATHLEEN WETZEL CLIFT | 6722 HORSESHOE RD. | ORANGE, CA 92869 | $0.00 |

| Names | Street Address | City, State, Zip | Cure Amount |
|---|---|---|---|
| ROBERT A. & MARILLYN PESTOLESI TRUSTEES OF THE PESTOLESI TRUST | 8566 Trinity Circle # 819-B | Huntington Beach, CA 92646 | $0.00 |
| DAVID H. STERN TRUST | 4640 Admiralty Way, Suite 700 | MARINA DEL REY, CA 90292 | $0.00 |
| JOHN L. STERN | 2330 WESTWOOD BLVD. STE 104 | LOS ANGELES, CA 90064-212 | $0.00 |
| JANET PIERCE BOSTIC | 1900 N. TORREY PINES SUITE 124 | LAS VEGAS, NV 89108-2655 | $0.00 |
| ARTHUR LEONARD TUGGY | 350 E. COLE AVENUE | WHEATON, IL 60187 | $0.00 |
| TERRY MICHAEL NORMAN TRUSTEE | 3805 Churchill Drive | Lake Havasu City, AZ 86406 | $0.00 |
| BARKLEY WALLACE DEAN | 12 CHATTANOOGA | SAN FRANCISCO, CA 94114 | $0.00 |
| THOMAS J. WETZEL | 2224 Littler Lane #3 | Lake Havasu City, AZ 86406 | $0.00 |
| Jennifer S. Hart | 38200 SE Lusted Rd. | Boring, OR 97009 | $0.00 |
| MARY DOMONOSKE DOHERTY TRUST dated 3/21/2005 | 741 W. 11th Street | Claremont, CA 91711 | $0.00 |
| Agua Tibia Ranch | P.O. BOX 578 | Pauma Valley, CA 92061 | $0.00 |
| NICHOLAS JOHN LYPPS | 158 MYSTERY LANE | GUNNISON, CO 81230 | $0.00 |
| JANE ELIZABETH ALLEN | 2683 ALAMEDA CIRCLE | CARLSBAD, CA 92009 | $0.00 |
| AUDREY OXANDABOURE | 3201 PLUMAS ST APT 321 | RENO, NV 89509-4769 | $0.00 |
| NINA INGHAM C/O VIRGINIA ANDRADE | 7600 LOWER RIVER RD | GRANTS PASS, OR 97526 | $0.00 |
| JOAN M. LEWIS | 1711 Askam Lane | Los Altos, CA 94024 | $0.00 |
| ROBERT EMIL WETZEL | 1419 KEEGAN ST. | SANTA ANA, CA 92705 | $0.00 |
| FRANCES JONES EDWARDS | 4458 SANTA RITA ROAD | RICHMOND, CA 94803-2311 | $0.00 |
| DORIS MAUSSNEST | 11030 5TH AVE. NE #206 | SEATTLE, WA 98125 | $0.00 |
| MAXINE M. GOODY | 1510 SAN LORENZO AVENUE | BERKLEY, CA 94707-182 | $0.00 |
| VIRGINIA MAE EDWARDS | P.O. BOX 3154 | WICKENBURG, AZ 85358-3154 | $0.00 |
| AMELIA CHAVEZ TRUSTEE OF THE AMELIA CHAVEZ REVOCABLE TRUST | 1922 Fullerton Avenue, Apy. 101 | Corona, CA 92881 | $0.00 |
| NINA NINA INGHAM FAMILY TRUST | 7600 LOWER RIVER RD. | GRANTS PASS, OR 97526 | $0.00 |
| MAXINE MAUSSNEST GOODY | 1510 SAN LORENZO AVE. | BERKELY, CA 94707 | $0.00 |
| CAROL ACKERMAN BARNES | 31510 LAUREL RIDGE | VALLEY CENTER, CA 92082-5040 | $0.00 |
| VANCE BURCHAM | 30385 CHANNEL WAY DR. | CANYON LAKE, CA 92587 | $0.00 |
| WILLIAM PAUL BLAIR | 1946 SAN PASQUAL ST. | PASADENA, CA 91107 | $0.00 |
| THE HUNTER LIVING TRUST DTD 10/19/90 KENNETH H. HUNTER JR., TRUSTEE | P.O. BOX 5275 | SANTA BARBARA, CA 93150 | $0.00 |
| GARY BURCHAM | 810 EAST WALNUT AVENUE | BURBANK, CA 91501 | $0.00 |
| RONALD D. LE PAGE | 23592 VIA BREVE | MISSION VIEJO, CA 92691 | $0.00 |
| GORDON LE PAGE | 25886 ANZIO WAY | VALENCIA, CA 91355 | $0.00 |
| PATRICIA ANN PAIONI | 18004 RIVER CIRCLE UNIT #3 | CANYON COUNTRY, CA 91351 | $0.00 |
| IDA DIBOS DE MALAGA C/O MIGUEL PLAZA MALAGA | P.O. BOX 423-526350 | MIAMI, FL 33152-6350 | $0.00 |
| THERESA CHAPPUIS DE SOLIS | JR. CANTA 233 LIMA 13 | LIMA, PERU | $0.00 |
| IVONNE DIBOS DE ORLANDINI | LOS ALAMOS 441-SAN ISIDRO LIMA 27 | LIMA, PERU | $0.00 |
| TINA L. THRASHER | 17842 SOUTH MOUNTAIN ROAD | SANTA PAULA, CA 93060 | $0.00 |
| JULIE CHAPPIUS | 1955 UNION PL #F-98 | COLUMBIA, TN 38401 | $0.00 |
| KIMBERLY A. GRAVES | 3939 W. WINDMILLS BLVD. #1007 | CHANDLER, AZ 85226 | $0.00 |
| LISA L. PETERSON | 2856 RUTGERS AVENUE | LONG BEACH, CA 90815 | $0.00 |
| VINTAGE PETROLEUM, INC. | 110 W. SEVENTH ST. | TULSA, OK 74119 | $0.00 |
| PATRICIA FERN WETZEL or JULIE ANNE McKEMY | 577 Albertson Av | Cavina, CA 91723 | $0.00 |
| LAOR LIQUIDATION ASSOC | 4640 Admiralty Way, Suite 700 | Marina Del Rey, CA 90292 | $0.00 |
| LESLIE PATRICIA LESLIE PATRICIA MCLAUGHLIN EST. C/O BILL MCLAUGHLIN | 633 GRELLE AVENUE | LEWISTON, ID 83501 | $0.00 |
| Crow Creek Energy L.L.C. | Department 2168 | Tulsa, OK 74182 | $0.00 |
| MARY E. DOHERTY | 1299 GREENVALE CIRCLE | UPLAND, CA 91784 | $0.00 |
| MATILDA SULLIVAN | 419 WYCLIFF COURT | MELBOURNE, FL 32934-803 | $0.00 |
| LAOR LIQUIDATING ASSOC. | 4640 Admiralty Way, Suite 700 | Marina Del Rey, CA 90292 | $0.00 |
| ROYALTY DISTRIBUTORS NICOLAI ET AL ACCOUNT | P.O. BOX 80375 | PHOENIX, AZ 85060-0375 | $0.00 |
| KENNETH H. HUNTER | PO BOX 5275 | SANTA BARBARA, CA 93150 | $0.00 |
| SAN FRANCISCO OIL COMPANY C/O  WILSHIRE OIL COMPANY | 200 NORTH HARVEY ,  STE 717 | OKLAHOMA CITY, OK 73102 | $0.00 |
|  |  | Total | $75,697.26 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

1618306.2  26932