**FILED & ENTERED**

**OCT 20 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY handy      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>        Debtor. | Case No.:  9:19-bk-11573-MB<br><br>Chapter 11<br><br>**SCHEDULING ORDER RE: EVIDENTIARY HEARING ON MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT OF ANY UNSOLD ASSETS AND REJECTION OF ANY UNSOLD UNEXPIRED LEASES AND/OR EXECUTORY CONTRACTS FILED BY CHAPTER 11 TRUSTEE [CASE DKT. 1288]**<br><br>Date:  November 9, 2020<br>Time:  9:00 a.m.<br><br>The hearing will be conducted remotely, using ZoomGov video and audio:<br><br>URL: **https://cacb.zoomgov.com/j/1618078914**<br>Meeting ID: **161 807 8914**<br>Password: **057400**<br>Telephone Numbers: **1 (669) 254 5252**<br>                **or 1 (646) 828 7666** |

On October 14, 2020, the Court conducted a continued hearing on the *Motion for an Order Authorizing the Abandonment of any Unsold Assets and Rejection of any Unsold Unexpired Leases and/or Executory Contracts* (the "Motion") filed by the chapter 11 trustee (the "Trustee") the objections or joinders filed to the Motion by Windset Farms (California), Inc. ("Windset"), the California Department of Conservation, Geologic Energy Management Division ("CalGEM"), and the County of Santa Barbara, California; Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California, and Santa Barbara County Air Pollution Control District (collectively, the "Santa Barbara Authorities") and the replies thereto filed by the Trustee and UBS AG, London Branch and UBS AG, Stamford Branch (collectively, "UBS").  Case Dkt. Nos. 1288, 1352-54, 1381, 1386, 1337, 1339 & 1395.  Appearances were as noted in the record.

The Court determined that the Trustee has met his initial burden of proof and his burden of persuasion under Bankruptcy Code section 554(a) to show that the property to be abandoned is burdensome to the estate or is of inconsequential value and benefit to the estate.  The Court sets a continued hearing to consider further the objecting parties' contention that the proposed abandonment is subject to the exception recognized by the Supreme Court in *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494 (1986).  At the continued hearing, the Court will consider the appropriate legal standard for determining when and if the *Midlantic* exception is applicable, and receive live testimony to determine whether that legal standard has been satisfied with respect to the relief requested by the Trustee.

In light of the pending COVID-19 pandemic, the Court finds good cause and compelling circumstances to conduct the evidentiary hearing remotely and to receive testimony by audio and video transmission from outside the courtroom, as contemplated by Federal Rule of Civil Procedure 43(a), which is applicable to this chapter 11 case pursuant to Federal Rule of Bankruptcy Procedure 9017.  Further, the Court finds that utilizing ZoomGov audio and video technology to conduct such a hearing will provide "appropriate safeguards" within the meaning of Rule 43(a).  Among other things, Court will be able to see and hear the witnesses in real time, counsel will have the ability to interpose evidentiary objections in real time, and the Court will be able to assess the credibility of all witnesses in a manner substantially similar to that of live, in-court testimony.

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1. <u>Evidentiary Hearing</u>.  The Court will conduct a continued hearing on the Motion, as an evidentiary hearing, on **November 9, 2020 at 9:00 a.m.**  The evidentiary hearing will be conducted using ZoomGov audio and video using the connection information shown above, on the caption page of this order.  Any attorney that plans to participate in the evidentiary hearing must appear using both audio and video (i.e., an attorney appearing by way of an audio-only connection will not be permitted to participate in the evidentiary hearing).

2. <u>Briefs</u>.  The Trustee shall file and serve his pre-hearing brief by **November 2, 2020 at 5:00 p.m.**  Windset, CalGEM, the Santa Barbara Authorities and UBS shall file their pre-hearing briefs by **November 5, 2020**.

3. <u>Witness Lists</u>.  By **November 2, 2020 at 5:00 p.m.** each party shall file and serve a list of the witnesses that each party intends to call at the evidentiary hearing.  The witness list shall include a working email address for each witness.

4. <u>Electronic Submission of Evidentiary Hearing Exhibits</u>.   By **November 2, 2020 at 5:00 p.m.,** each party shall provide to each of the other parties, each witness, and the Court (Chambers_Barash@cacb.ucourts.gov) an electronic copy, in Adobe .pdf format, of each exhibit the parties may use at the evidentiary hearing for any purpose, including rebuttal or impeachment.

    a. The parties may distribute these exhibits by email and/or a secure link to an FTP or other file sharing service.

    b. Upon receipt of the electronic exhibits, each attorney and witness shall ensure that the electronic exhibits can be opened and accessed (subject to any password protection for rebuttal or impeachment exhibits).

    c. Each .pdf file shall comprise a separate exhibit.  The parties shall assign file names corresponding to the number or letter assigned to such exhibit.

i.   The exhibits of the Trustee and UBS shall be named according to the following sequence: T_Ex_1, T_Ex_2, T_Ex_3, etc. and UBS_Ex_1, UBS_Ex_2, UBS_Ex_3, etc.

ii.  The exhibits of Windset, CalGEM and the Santa Barbara Authorities shall be named according to the following sequence:  Wind_Ex_A, Wind_Ex_B, Wind_Ex_C, etc., CA_Ex_A, CA_Ex_B, CA_Ex_C, etc., and SB_Ex_A, SB_Ex_B, SB_Ex_C, etc.

d.   Exhibits generally shall not be password protected.  However, rebuttal or impeachment exhibits may be password protected.  If assigned passwords, each rebuttal or impeachment exhibit should be assigned a unique password.  During the evidentiary hearing, if any party wishes to introduce a password-protected rebuttal or impeachment exhibit, the party shall share the password assigned to such document on the record.

e.   Following the evidentiary hearing, subject to any order of the Court requiring that an exhibit be redacted or sealed, all exhibits offered at the evidentiary hearing (whether admitted or excluded) will be filed on the docket by the Clerk of the Court and become part of the record.  Any rebuttal or impeachment exhibit offered at the evidentiary shall be filed without password protection. Any exhibit that is not offered at trial shall not be filed on the docket.

///
///
///
///
///
///
///
///
///

5. During the evidentiary hearing, each witness must be situated in a quiet space and participate in the hearing using both audio and video.  Each witness must participate using a computer that (i) has adequate Internet bandwidth to support the Zoom App, (ii) has an attached or integrated camera, microphone and speaker, and (iii) is capable of simultaneously running the Zoom App and the Adobe Acrobat Reader, so that the witness can access and review the Adobe .pdf exhibits during the examination. (Although a headset is not required, the Court has found that headsets typically provide the highest quality audio when using the Zoom App.)

# # #

Date: October 20, 2020

Martin R Barash
United States Bankruptcy Judge

SCHEDULING ORDER RE EVIDENTIARY HEARING ON MOTION TO ABANDON