ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
GEORGE E. SCHULMAN (State Bar No. 064572)
gschulman@DanningGill.com
AARON E. DE LEEST (State Bar No. 216832)
adeleest@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Michael A. McConnell,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re | Case No. 9:19-bk-11573-MB |
| HVI CAT CANYON, INC., | Chapter 11 |
| Debtor. | TRUSTEE'S PRE-HEARING BRIEF FOR EVIDENTIARY HEARING ON: |
| | TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT OF ANY UNSOLD ASSETS AND REJECTION OF ANY UNSOLD UNEXPIRED LEASES AND/OR EXECUTORY CONTRACTS |
| | Date: November 9, 2020
Time: 9:00 a.m. |
| | The hearing will be conducted remotely, using ZoomGov video and audio: |
| | URL: https://cacb.zoomgov.com/j/1618078914 Meeting ID: 161 807 8914 Password: 057400 Telephone Numbers: 1 (669) 254 5252 or 1 (646) 828 7666 |

1620852.2  26932

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................2

II.     FACTS ...................................................................................................................3

        A.      History of Requested Relief...........................................................................3

        B.      Additional Steps Taken by Trustee After Abandonment Hearing.............8

III.    ARGUMENT.........................................................................................................8

        A.      Abandonment Standard ...............................................................................8

IV.     CONCLUSION....................................................................................................11

# TABLE OF AUTHORITIES

**Page**

## CASES

*City of Beverly Hills v. Venoco LLC (In re Venoco LLC)*,
    572 B.R. 105, 108, 114-15 (Bankr. D. Del. 2017)............................................. 9, 10

*In re Am. Coastal Energy Inc.*,
    399 B.R. 805, 813 (Bankr. S.D. Tex. 2009) ..................................................... 10

*In re Howard*,
    533 B.R. 532, 547 (Bankr.  S.D. Miss. 2015) ................................................ 10, 11

*In re Johnston*,
    49 F.3d 538, 540 (9th Cir. 1995) ...................................................................... 9

*In re L.F. Jennings Oil Co.*,
    4 F.3d 887 (10th Cir. 1993) .............................................................................. 9

*In re Oklahoma Refining Co.*,
    63 B.R. 562, 565 (Bankr. W.D. Okla.1986) ..................................................... 9

*In re Security Gas & Oil, Inc.*,
    70 B.R. 786 (Bankr. N.D. Cal. 1987) ............................................................... 9

*In re St. Lawrence Corp.*,
    248 B.R. 734, 740-41 (D.N.J. 2000) ............................................................. 10, 11

*In re Unidigital, Inc.*,
    262 B.R. 283, 286 (Bankr. D. Del. 2001) ....................................................... 10

*In re Wall Tube & Metal Prods. Co.*,
    831 F.2d 118, 122 (6th Cir. 1987) ................................................................... 10

*Mele v. First Colony Life Ins., Co.*,
    127 B.R. 82, 86 (D.D.C. 1991)......................................................................... 9

*Midlantic National Bank v. New Jersey Dept. of Environmental Protection*,
    474 U.S. 494, (1986)............................................................................... 9, 10, 11

## STATUTES

11 U.S.C. § 554(a) .......................................................................................... 8, 9, 10

Michael A. McConnell, the Chapter 11 trustee ("Trustee") for the estate of HVI Cat
Canyon, Inc. ("Debtor"), hereby submits his pre-hearing brief in regard to the evidentiary hearing
set by the Court on the Trustee's *Motion For An Order Authorizing The Abandonment Of Any
Unsold Assets And Rejection Of Any Unsold Unexpired Leases And/Or Executory Contracts*
(*docket no. 1288*) ("Abandonment Motion").

# I.

## **INTRODUCTION**

The Abandonment Motion seeks Court approval to abandon any unsold
personal property and reject any unexpired leases and executory contracts that
remain unsold after the Trustee's sale of substantially all of the Debtor's assets,
which primarily consist of oil and gas interests.  Although the Abandonment Motion
seeks authority to abandon all unsold assets of the Debtor which the Trustee is
unable to sell, there are five leases that Team Maria (defined below) excluded from
the sale just prior to the closing, that the Trustee is not seeking to abandon as part of
the Abandonment Motion and that will be covered in a future motion to sell and/or
abandon.[1]  The unsold assets of the Debtor that the Trustee seeks to abandon as part
of the Abandonment Motion consist of two general categories: (1) the eight
previously disclosed leases and related wells that are not included in the Team Maria
or REDU sales, and personal property thereon; and (2) all "orphan wells" in which
the Debtor may have an interest.[2]

The Court has already found that the Trustee has met his burden to show that
these assets should be abandoned and the burden is now on the objecting parties to

---

[1] The leases excluded by Team Maria just prior to closing are: (1) Adam, (2) Bettiga, (3) Laine,
(4) Moretti, and (5) RB McFaddin, and, collectively, are referred to as Battles.

[2] An "orphan well" is a well that the Debtor, or a predecessor in interest, may have permitted,
drilled or operated at some time in the past.  If production ever started, it ended some time ago, pre-
petition, and the Debtor no longer has a lease for the property where the well is situated.

1 show that the narrow exception to abandonment set forth in *Midlantic* applies.  The

2 Trustee does not believe that the objecting parties can meet their burden because

3 abandonment, as proposed by the Trustee, does not pose and, in fact avoids, any

4 <u>imminent and identifiable harm</u> to public health and safety.

5

6                                                            **II.**

7                                                        **FACTS**

8 **A.**    **History of Requested Relief**

9          On or about September 14, 2020, the Trustee filed the underlying

10 Abandonment Motion.  The Abandonment Motion seeks an order authorizing

11 abandonment of property and rejection of unexpired leases and executory contracts

12 that remain unsold after the Trustee's sale of a substantial portion of the Debtor's

13 assets, which primarily consist of oil and gas interests.

14          The Motion was originally filed so that it may be heard on October 5, 2020,

15 contemporaneously with the Trustee's *Notice of Motion and Motion for Orders: (A)*

16 *Approving Sale Of Substantially All Of the Estate's Assets, (B) Authorizing the*

17 *Assumption and Assignment of Certain Executory Contracts and Unexpired Leases,*

18 *and (C) Granting Related Relief (docket no. 1221, publicly available at docket no.*

19 *1243)* (the "Sale Motion").

20          By way of the Sale Motion, the Trustee sought to confirm two sales of the

21 Debtor's assets: (1) a sale to Team Maria Joaquin, L.L.C. and Maria Joaquin Basin,

22 L.L.C. ("Team Maria"), of substantially all of the Debtor's assets in Santa Barbara

23 and Kern Counties; and (2) a sale to Redu Holdings, LLC, of the Debtor's REDU

24 assets in Orange County, California.

25          The leases originally excluded from the Team Maria sale are called: (1) East

26 Valley Farms; (2) Gibson; (3) Harbordt; (4) Union Continental; (5) Fullerton; (6)

27 Conoco; (7) Goodwin Fee; and (8) Righetti B.  There are about 116 wells located on

28 those eight leases.  There were no leases excluded from the REDU sale.

1    The Trustee received several objections to the Motion from mineral interest

2    holders (*docket nos. 1309, 1315, 1321, and 1323*), who also objected to the Sale

3    Motion.  However, the Trustee was able to resolve those objections as part of his

4    Sale Motion and Union Oil Co. of CA and Chevron U.S.A. Inc. withdrew any

5    objection they had at the hearing on October 14, 2020.  The California Department of

6    Conservation, Division of Oil, Gas & Geothermal Resources ("CALGEM") and the

7    County of Santa Barbara ("Santa Barbara") did not oppose the relief requested in the

8    Motion as originally filed.

9    On or about September 28, 2020, the Trustee filed his Omnibus Reply in

10    support of the Abandonment Motion, which included a declaration of Tim Skillman

11    (*docket no. 1337*).

12    On or about September 30, 2020, the Trustee filed his *First Supplement to the*

13    *Abandonment Motion* (*docket no. 1343*) (the "First Supplement").  The First

14    Supplement sought to specifically identify all the "orphan wells" that were not being

15    sold in the Sale Motion and that the Trustee sought to abandon as part of the Motion.

16    The First Supplement was served on all of the surface owners of record where the

17    orphan wells were located.

18    The orphan wells are located on leases that have expired, terminated, and/or

19    are no longer held by the Debtor.  The Trustee does not believe that he actually owns

20    and is able to sell the orphan wells because the Debtor does not have any possessory

21    right to the premises where they are located, and any mineral rights that may have

22    been owned by the Debtor have expired, terminated or been transferred.  The orphan

23    wells have in most instances all been idle, not producing, for decades.

24    The Trustee did not learn about the orphan wells until he was made aware of

25    them by his landman on or about September 18, 2020, after the Motion was filed.

26    Upon learning of the orphan wells, which the Debtor did not list as assets on its

27    schedules, the Trustee investigated those wells and researched his rights therein.  He

28    also contacted oil and gas counsel to determine his rights and obligations with

1  respect to orphan wells.  At no point in time did the Trustee operate any of the

2  orphan wells.

3        On October 2, 2020, Windset Farms (California), Inc. ("Windset"), a surface

4  owner, filed its initial objection to the Abandonment Motion along with two

5  declarations in support thereof (*docket nos. 1353, 1354, and 1355*).  Windset is a

6  surface owner where one of the orphan wells is located.  The Windset well is known

7  as the "Union O'Donnell 2-6" well drilled by Union Oil in 1944 to a depth of 5,361

8  ft.  It was originally operated by Union Oil, last produced oil in 1994, and has been

9  idle ever since.  The Trustee believes that there are no current enforcement actions

10  pending in relation to the Windset/Union O'Donnell 2-6 well.

11        On or about October 2, 2020, at the request of and as a courtesy to the Court,

12  the Trustee filed his *Notice of Known Contracts to Be Abandoned and/or Rejected by*

13  *the Trustee* (*docket no. 1356*) identifying the known contracts and/or leases,

14  including the known parties thereto, that will likely be abandoned and/or rejected by

15  the Trustee as part of the Abandonment Motion.  The Trustee's notice identified the

16  eight leases excluded by Team Maria.

17        On October 5, 2020, at the hearing on the Sale Motion and the Abandonment

18  Motion, CALGEM and Windset both appeared and the Trustee requested a

19  continuance of the hearing on the Abandonment Motion so that those parties may file

20  any further objections to the Motion.  The Trustee had already alerted the Court that

21  he would be requesting a continuance of the hearing on the Abandonment Motion

22  because of CALGEM's request.  Although Windset appeared at the hearing on the

23  Sale Motion, it did not oppose the Sale Motion (or either sale contemplated by the

24  Sale Motion), any of the relief requested therein, or request a continuance of the

25  hearing on the Sale Motion.

26        Ultimately, the Court continued the hearing on the Abandonment Motion to

27  October 14, 2020, at 10:00 a.m., to permit CALGEM and Windset to file their

28  supplemental oppositions to the Abandonment Motion.  Santa Barbara, who also

1 │ appeared on October 5, 2020, did not object to the Abandonment Motion or request

2 │ permission to file a late opposition.

3 │      On October 5, 2020, the Court approved the Trustee's sale to Team Maria of

4 │ substantially all of the estate's assets in Santa Barbara County and Kern County,

5 │ California and continued the Sale Hearing as to the REDU assets to October 8, 2020.

6 │      At the hearing on October 8, 2020, the Court approved the Trustee's sale to

7 │ Redu Holdings, LLC, of the estate's REDU assets in Orange County, California.

8 │      On October 12, 2020, Windset filed its supplemental objection to the

9 │ Abandonment Motion (*docket no. 1380*) and CALGEM filed its limited objection to

10 │ the Abandonment Motion (*docket no. 1381*).

11 │      On October 13, 2020, Santa Barbara filed a joinder (*docket no. 1386*) in

12 │ CALGEM's limited objection to the Abandonment Motion.

13 │      The sale orders confirming the Trustee's sales to Team Maria and Redu

14 │ Holdings, LLC, were both entered on October 13, 2020, respectively (*docket nos.*

15 │ *1393 and 1394*), and are now final.

16 │      On October 13, 2020, the Trustee filed his supplemental reply in support of the

17 │ Abandonment Motion (*docket no. 1395*), which included the Trustee's detailed work

18 │ plan, attached as Exhibit A thereto, for safely abandoning the respective wells and

19 │ facilities on the leases to be abandoned.

20 │      The Trustee's abandonment work plan, as briefly disclosed in the prior

21 │ declaration of Tim Skillman attached to the Trustee's Reply in support of the

22 │ Abandonment Motion (*docket no. 1337*), involves disconnecting power, isolating

23 │ active wells from pipelines by plugging or blinding lines at the wellhead, inspecting

24 │ for leaks and making any necessary repairs, and locking valves or removing valve

25 │ handles.  The Trustee believes that this process avoids any imminent and identifiable

26 │ harm to public health and safety.

27 │      The Trustee's work plan does not propose to purge any lines because it is not

28 │ economically feasible, the cost alone is likely to exceed $180,000, the Trustee does

1  not have any unencumbered cash to perform the work, and, more importantly, the

2  process of purging the lines, most of which have been idle for 15 years or more,

3  using hot water (to heat any cold, viscous crude in the lines) and vacuum trucks to

4  push any hydrocarbons through the lines, could actually cause a spill and create an

5  imminent risk of accidents.  The Trustee's work plan also does not include taking

6  any action with respect to the orphan wells because the Debtor does not hold those

7  leases and the Trustee does not have access to those premises.

8      The Trustee is also not proposing to "plug and abandon" any wells on the

9  leases to be abandoned or the orphan wells because plugging and abandonment is a

10  long term issue with oil and gas wells and it is not an imminent and identifiable harm

11  to public health and safety.  Plugging and abandoning a well is the process of

12  permanently sealing the well to isolate the hydrocarbon-bearing formation from

13  water sources and prevent leakage to the surface.  It is usually an "end of lease"

14  obligation and requires considerable planning and coordination with service

15  providers and regulatory authorities.  In addition, although the cost to plug and

16  abandon for an individual well is unknown (it depends on the depth, age, and

17  condition of the well), in California it averages up to $150,000 per well (and one is

18  known to have cost $450,000).  Accordingly, the Trustee has neither the funds nor

19  the time to "plug and abandon" any wells.  A reasonable estimate to plug and

20  abandon all of the wells sought to be abandoned might be as much as $31,800,000.

21      On October 14, 2020, the Court held its continued hearing on the

22  Abandonment Motion and, after hearing argument from the parties, including the

23  Trustee, CALGEM, Santa Barbara, and Windset, set an evidentiary hearing on

24  November 9, 2020.

25      Thereafter on October 20, 2020, the Court entered its Scheduling Order

26  (*docket no. 1406*), which provides that:

27          The Court determined that the Trustee has met his
           initial burden of proof and his burden of persuasion under
28          Bankruptcy Code section 554(a) to show that the property

to be abandoned is burdensome to the estate or is of inconsequential value and benefit to the estate. The Court sets a continued hearing to consider further the objecting parties' contention that the proposed abandonment is subject to the exception recognized by the Supreme Court in *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494 (1986). At the continued hearing, the Court will consider the appropriate legal standard for determining when and if the *Midlantic* exception is applicable, and receive live testimony to determine whether that legal standard has been satisfied with respect to the relief requested by the Trustee.

On October 23, 2020 the Trustee's sale to Redu Holdings, LLC, closed.

On October 28, 2020, the Trustee's sale to Team Maria, LLC, closed.  The sale to Team Maria, ultimately, did not include an additional five leases that Team Maria excluded from the sale prior to closing.  <u>The Trustee is not seeking to abandon those five leases (and related wells) at this time as part of the Abandonment Motion and they will be part of a future motion to abandon or sale motion as the Trustee believes appropriate</u>.

**B.**    <u>**Additional Steps Taken by Trustee After Abandonment Hearing**</u>

After the hearing on October 14, 2020, the Trustee's staff met with CALGEM and Santa Barbara personnel and visited certain leases and wells.  At trial the Trustee's witnesses will describe their efforts.

**III.**

<u>**ARGUMENT**</u>

**A.**    <u>**Abandonment Standard**</u>

As discussed in the Abandonment Motion, section 554(a) provides, in pertinent part, that:

After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. §554 (a).  *See also In re Johnston*, 49 F.3d 538, 540 (9th Cir. 1995) (purpose of abandonment statute is to permit trustee to abandon property that consumes the resources and drains the income of the estate).  In order to support a request for abandonment of an asset, a trustee must show that abandonment is the result of an intelligent decision made by a trustee on the basis of all reasonably available information.  *Mele v. First Colony Life Ins., Co.*, 127 B.R. 82, 86 (D.D.C. 1991).

     *Midlantic National Bank v. New Jersey Dept. of Environmental Protection,* 474 U.S. 494, (1986), does not prevent the Trustee from abandoning assets that may involve environmental issues.  The Court in *Midlantic* made it clear that its decision was a "narrow" exception to the general rule of allowing liberal abandonment by a trustee, and specifically that the rejection of a trustee's abandonment of a toxic waste site in violation of environmental laws, was a narrow one.  *Id.* at 507 n.9.  The Court in *Midlantic* went on to say that the trustee's abandonment power "is not to be fettered by laws or regulations not reasonably calculated to protect the public health or safety from *imminent and identifiable harm*."  *Id.* (emphasis added); *see also In re L.F. Jennings Oil Co.*, 4 F.3d 887 (10th Cir. 1993) (affirming trustee's decision to abandon former gas station on finding that same did not pose an immediate threat to public health or safety).  As set forth in *Security Gas & Oil*, the Court's decision in *Midlantic*

        does not support the proposition that the Trustee is not
        entitled to protection from state environmental laws where
        the environmental risk to the public is less extreme and
        environmental laws seriously interfere with the policies of
        the Bankruptcy Code.

*In re Security Gas & Oil, Inc.*, 70 B.R. 786 (Bankr. N.D. Cal. 1987) (citing *In re Oklahoma Refining Co.*, 63 B.R. 562, 565 (Bankr. W.D. Okla. 1986)).

     For example, in *City of Beverly Hills v. Venoco LLC (In re Venoco LLC)*, 572 B.R. 105, 108, 114-15 (Bankr. D. Del. 2017), the court permitted the debtor-in-possession to abandon an oil and gas production site with 19 unplugged wells located

on the grounds of Beverly Hills High School in California because the Court found that there was <u>no immediate and identifiable harm to the general public</u>, despite the site being approximately 80 feet from a home and less than 250 feet from a hospital. *Id*. at 112.  The Court concluded that the remedy available to the state of California (CALGEM), among others, in *Venoco* was to file a claim in the bankruptcy proceedings.  *Id.* at 116.

Not all bankruptcy courts have read *Midlantic* as creating the imminent and identifiable harm test.  For example, in *In re Am. Coastal Energy Inc.*, 399 B.R. 805, 813 (Bankr. S.D. Tex. 2009), the U.S. Bankruptcy Court of the Southern District of Texas read the *Midlantic* opinion to "require the Court to determine whether the debtor is violating a statute 'reasonably designed to protect the public health or safety from identified hazards,' not the extent to which particular conduct imposes actual and imminent threats."  *Id.; see also In re Wall Tube & Metal Prods. Co., 831 F.2d 118, 122 (6th Cir. 1987).*

However, in the majority of cases since the *Midlantic* decision, Courts have read the exception to abandonment <u>narrowly</u>, as proposed by the Trustee and as set forth in *Venoco*, 572 B.R. at 114, by applying the exception and disallowing abandonment <u>only</u> where there is an imminent and identifiable harm to the public health or safety.  *See In re Unidigital, Inc.*, 262 B.R. 283, 286 (Bankr. D. Del. 2001) and *In re Howard*, 533 B.R. 532, 545–47 (Bankr. S.D. Miss. 2015), which provide exhaustive lists of cases that have held that the narrow *Midlantic* exception applies only where there is an imminent and identifiable harm to the public health or safety.

Once the Trustee has meet his burden under section 554(a) of the Bankruptcy Code of proving that property to be abandoned is either burdensome to the estate or is of inconsequential value and benefit to the estate, <u>which the Court has already found he has done here</u>, the burden then shifts to the party opposing abandonment under the *Midlantic* exception to prove facts that would support application of the *Midlantic* exception.  *In re St. Lawrence Corp., 248 B.R. 734, 740-41 (D.N.J. 2000).*

*See also In re Howard,* 533 B.R. 532, 547 (Bankr. S.D. Miss. 2015) (finding that the objector did not meet its burden of proof to show that contaminated property posed a risk of immediate harm).

In *St. Lawrence Corp.,* the Court noted that the restrictions on abandonment identified in *Midlantic* do not apply unless each of the following conditions has been demonstrated:

(1) an identified hazard exists that poses a risk of imminent and identifiable harm to the public health and safety;

(2) abandonment of the property will violate a state statute or regulation;

(3) the statute or regulation being violated is reasonably designed to protect the public health and safety from imminent and identifiable harm caused by identified hazards; and

(4) compliance with the statute or regulation would not be onerous as to interfere with the bankruptcy administration itself.

*Id.* at 739-40.

Here, the Court has already found that the Trustee has met his initial burden to show that the assets to be abandoned are of inconsequential value and burdensome to the estate and Windset, CALGEM, and Santa Barbara have not and cannot meet their burden to show that the narrow exception in *Midlantic* to abandonment should apply.

## IV.

## CONCLUSION

The Abandonment Motion should be granted. The Trustee further prays for all other appropriate relief.

1    DATED:  November 2, 2020          DANNING, GILL, ISRAEL &
                                       KRASNOFF, LLP
2

3

4                                      By:    _____/s/ Aaron E. de Leest_____
                                              AARON E. DE LEEST
5                                             Attorneys for Michael A. McConnell,
                                              Chapter 11 Trustee
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S PRE-HEARING BRIEF FOR EVIDENTIARY HEARING ON: TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE ABANDONMENT OF ANY UNSOLD ASSETS AND REJECTION OF ANY UNSOLD UNEXPIRED LEASES AND/OR EXECUTORY CONTRACTS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 2, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On  November 2, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof (without the service list) in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor | Debtor |
|---|---|
| HVI Cat Canyon, Inc. | HVI Cat Canyon,Inc. |
| c/o Capitol Corporate Services, Inc. | 630 Fifth Avenue, Suite 2410 |
| 36 S. 18th Avenue, Suite D | New York, NY  10111 |
| Brighton, CO 80601 | |

☐ Service information continued on attached page.

**3. SERVED BY EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  October 2, 2020, I served the following persons and/or entities by email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 2, 2020 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## <u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

## 1.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Anthony A Austin on behalf of Creditor California Department of Toxic Substances Control
anthony.austin@doj.ca.gov

Anthony A Austin on behalf of Interested Party California Department of Toxic Substances Control
anthony.austin@doj.ca.gov

William C Beall on behalf of Counter-Claimant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Counter-Claimant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Creditor GLR, LLC      will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Defendant GLR, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Defendant GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party GRL, LLC, a Delaware limited liability company
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Bradley D Blakeley on behalf of Defendant RDI Royalty Distributors, Inc
blakeley@blakeleylawgroup.com, bradleydblakeley@gmail.com

Alicia Clough on behalf of Creditor California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Alicia Clough on behalf of Interested Party California State Lands Commission
aclough@loeb.com, mnielson@loeb.com,ladocket@loeb.com

Marc S Cohen on behalf of Creditor California State Lands Commission        mscohen@loeb.com, klyles@loeb.com

Marc S Cohen on behalf of Interested Party California State Lands Commission
mscohen@loeb.com, klyles@loeb.com

Alan D Condren on behalf of Defendant Roman Catholic Archbishop of Los Angeles  , berickson@seedmackall.com

Alan D Condren on behalf of Defendant Elizabeth Esser      , berickson@seedmackall.com

Alan D Condren on behalf of Defendant Stephen Fisher      , berickson@seedmackall.com

Alan D Condren on behalf of Interested Party Stephen Fisher
acondren@seedmackall.com, berickson@seedmackall.com

Alec S DiMario on behalf of Creditor Direct Energy Business Marketing, LLC d/b/a Direct Energy Business
alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com

Alec S DiMario on behalf of Creditor Direct Energy Business, LLC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

alec.dimario@mhllp.com, debra.blondheim@mhllp.com;Syreeta.shoals@mhllp.com


Jeremy Faith on behalf of Counter-Claimant California Asphalt Production, Inc., a California corporation
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Counter-Claimant GIT, INC., a Colorado corporation
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
Jeremy Faith on behalf of Counter-Claimant GTL1, LLC a Colorado limited liability company
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Creditor California Asphalt Production, Inc.
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Creditor GIT, Inc.
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Creditor GTL1, LLC
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Plaintiff California Asphalt Production, Inc.
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Plaintiff GIT, Inc.
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Jeremy Faith on behalf of Plaintiff GTL1, LLC
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Karl J Fingerhood on behalf of Interested Party United States of America on behalf of USEPA and US Coast Guard
karl.fingerhood@usdoj.gov, efile_ees.enrd@usdoj.gov

H Alexander Fisch on behalf of Interested Party California Department of Fish & Wildlife
Alex.Fisch@doj.ca.gov

H Alexander Fisch on behalf of Interested Party California Regional Water Quality Control Board, Central Coast
Alex.Fisch@doj.ca.gov

Don Fisher on behalf of Defendant Corian Cross Holdings, LP      dfisher@ptwww.com, tblack@ptwww.com

Don Fisher on behalf of Interested Party Interested Party    dfisher@ptwww.com, tblack@ptwww.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee     brian.fittipaldi@usdoj.gov

Brian D Fittipaldi on behalf of U.S. Trustee United States Trustee (ND)     brian.fittipaldi@usdoj.gov

Ellen A Friedman on behalf of Interested Party Pacific Gas and Electric Company
efriedman@friedmanspring.com, khollander@friedmanspring.com
Gisele M Goetz on behalf of Creditor Chamberlin Oil LLC
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Gisele M Goetz on behalf of Defendant Chamberlin Oil LLC
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Gisele M Goetz on behalf of Interested Party Courtesy NEF
gmgoetz@hbsb.com, ggoetz@collegesoflaw.edu;cecilia@hbsb.com

Karen L Grant on behalf of Creditor BUGANKO, LLC     kgrant@silcom.com

Karen L Grant on behalf of Creditor Janet K. Ganong Estate and Living Trust     kgrant@silcom.com
Karen L Grant on behalf of Defendant Janet K Ganong     kgrant@silcom.com

Ira S Greene on behalf of Interested Party CTS Properties, Ltd.     Ira.Greene@lockelord.com

Matthew C. Heyn on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
Matthew.Heyn@doj.ca.gov, mcheyn@outlook.com

Brian L Holman on behalf of Counter-Claimant Bradley Land Company     b.holman@mpglaw.com

Brian L Holman on behalf of Creditor Bradley Land Company     b.holman@musickpeeler.com

Brian L Holman on behalf of Defendant Bradley Land Company     b.holman@mpglaw.com

Tracy K Hunckler on behalf of Interested Party Courtesy NEF
thunckler@daycartermurphy.com, cgori@daycartermurphy.com

Samantha Indelicato on behalf of Interested Party UBS AG, Stamford Branch     sindelicato@omm.com

Eric P Israel on behalf of Attorney Courtesy NEF
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Financial Advisor CR3 Partners, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Michael Arthur McConnell (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Razmig Izakelian on behalf of Creditor California Asphalt Production, Inc.     razmigizakelian@quinnemanuel.com

Razmig Izakelian on behalf of Creditor GIT, Inc.     razmigizakelian@quinnemanuel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Razmig Izakelian on behalf of Creditor GTL1, LLC          razmigizakelian@quinnemanuel.com

Evan M Jones on behalf of Interested Party UBS AG, Stamford Branch
ejones@omm.com, evan-jones-5677@ecf.pacerpro.com

Evan M. Jones on behalf of Interested Party UBS AG, London Branch
ejones@omm.com, evan-jones-5677@ecf.pacerpro.com

Alan H Katz on behalf of Interested Party CTS Properties, Ltd.          akatz@lockelord.com
John C Keith on behalf of Creditor California State Lands Commission          john.keith@doj.ca.gov

Jeannie Kim on behalf of Interested Party Pacific Gas and Electric Company          jekim@sheppardmullin.com,
dgatmen@sheppardmullin.com

Anna Landa on behalf of Interested Party Courtesy NEF
Anna@MarguliesFaithlaw.com,
Helen@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com

Mitchell J Langberg on behalf of Creditor Adam B Firestone          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Alice Sedgwick Wohl          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Alice Sedgwick, Dec'd          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Jerome Brevoort Dwight          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor John A Feliciano  mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Jonathan Ashley Dwight  mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Katherine S Hanberg          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Lance H Brown  mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Lela Minturn Dwight          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Louise H Feliciano          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor Susanna Sedgwick, Dec'd
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Creditor William Hanberg  mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Adam B Firestone          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Alice Sedgwick Wohl          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Alice Sedgwick, Dec'd  mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Jerome Brevoort Dwight
mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant John A Feliciano          mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Jonathan Ashley Dwight          mlangberg@bhfs.com, dcrudup@bhfs.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

Mitchell J Langberg on behalf of Defendant Katherine S Hanberg     mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Lance H Brown     mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Lela Minturn Dwight     mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Louise H Feliciano     mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant Susanna Sedgwick     mlangberg@bhfs.com, dcrudup@bhfs.com

Mitchell J Langberg on behalf of Defendant William Hanberg     mlangberg@bhfs.com, dcrudup@bhfs.com
Maxim B Litvak on behalf of Creditor Committee Official Committee of Unsecured Creditors     mlitvak@pszjlaw.com

Vincent T Martinez on behalf of Counter-Claimant Escolle Tenants In Common     llimone@twitchellandrice.com,
smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Adam Family Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Candace Laine Evenson
llimone@twitchellandrice.com, smccomish@twitchellandrice.com
Vincent T Martinez on behalf of Creditor Escolle Tenants In Common
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor The Bognuda Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor The Morganti Ranch, a limited partnership
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Creditor Candace Laine Evenson
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Vincent T Martinez on behalf of Defendant The Bognuda Trust
llimone@twitchellandrice.com, smccomish@twitchellandrice.com

Michael Arthur McConnell (TR)    Michael.mcconnell@kellyhart.com

Brian M Metcalf on behalf of Interested Party UBS AG, London Branch
bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com

Brian M Metcalf on behalf of Interested Party UBS AG, Stamford Branch
bmetcalf@omm.com, brian-metcalf-9774@ecf.pacerpro.com

Monserrat Morales on behalf of Interested Party Courtesy NEF
Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

Monserrat Morales on behalf of Plaintiff California Asphalt Production, Inc.
Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

Monserrat Morales on behalf of Plaintiff GIT, Inc.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

Monserrat Morales on behalf of Plaintiff GTL1, LLC
Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

Alan I Nahmias on behalf of Interested Party Courtesy NEF
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Alan I Nahmias on behalf of Interested Party Maria Joaquin Basin, LLC
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Alan I Nahmias on behalf of Interested Party Team Maria Joaquin, LLC
anahmias@mbnlawyers.com, jdale@mbnlawyers.com

Jerry Namba on behalf of Defendant CMT, LLC     nambaepiq@earthlink.net, atty_namba@bluestylus.com

David L Osias on behalf of Creditor Allen Matkins Leck Gamble Mallory & Natsis LLP
dosias@allenmatkins.com, bcrfilings@allenmatkins.com,kdemorest@allenmatkins.com,csandoval@allenmatkins.com

Darren L Patrick on behalf of Interested Party UBS AG, London Branch
dpatrick@omm.com, darren-patrick-1373@ecf.pacerpro.com;sindelicato@omm.com;ejones@omm.com

Jeffrey N Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com

Benjamin P Pugh on behalf of Creditor Jane A and John S Adams, Trustees
bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law
Benjamin P Pugh on behalf of Defendant Jane A. Adams    bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

Benjamin P Pugh on behalf of Defendant John S. Adams    bpugh@ecg.law, mhamburger@ecg.law;calendar@ecg.law

Edwin J Rambuski on behalf of Interested Party Windset Farms (California), Inc.
edwin@rambuskilaw.com, marissa@rambuskilaw.com

Hugh M Ray on behalf of Creditor Union Oil Company of CA and Chevron U.S.A. Inc
hugh.ray@pillsburylaw.com, nancy.jones@pillsburylaw.com,docket@pillsburylaw.com

Edward S Renwick on behalf of Counter-Claimant Frank M. Boisseranc and Sylvia S Boisseranc as Trustees of the Frank and
Sylvia Boisseranc Trust
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Counter-Claimant Presson Vera OC Land Group, a California Unincorporated Association
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Counter-Claimant Waldo A. Gillette Jr.        erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor "A" Mineral Owners Group          erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor Goodwin "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor Presson Vera OC Land Group
erenwick@hanmor.com, iaguilar@hanmor.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

Edward S Renwick on behalf of Creditor Presson Vera OC Land Group, a California Unincorporated Association
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor Waldo Gillette        erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Creditor Sylvia Boisseranc erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Cross-Claimant Goodwin "A" Mineral Owners Group
erenwick@hanmor.com, iaguilar@hanmor.com

Edward S Renwick on behalf of Litigant Edward S Renwick        erenwick@hanmor.com, iaguilar@hanmor.com

J. Alexandra Rhim on behalf of Counter-Claimant Guarantee Royalties, Inc.  arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Counter-Claimant Laor Liquidating Associates, LP      arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Creditor Guarantee Royalties, Inc.   arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Creditor Laor Liquidating Associates, LP        arhim@hrhlaw.com
J. Alexandra Rhim on behalf of Defendant Guarantee Royalties, Inc.        arhim@hrhlaw.com

J. Alexandra Rhim on behalf of Defendant Laor Liquidating Associates, LP  arhim@hrhlaw.com

Todd C. Ringstad on behalf of Defendant Charles C. Albright        becky@ringstadlaw.com, arlene@ringstadlaw.com

Todd C. Ringstad on behalf of Interested Party Interested Party        becky@ringstadlaw.com, arlene@ringstadlaw.com

Mitchell E Rishe on behalf of Creditor California Department of Conservation, Division of Oil, Gas & Geothermal Resources
mitchell.rishe@doj.ca.gov

Mitchell E Rishe on behalf of Creditor Department of Conservation, Division of Oil, Gas and Geothermal Reources
mitchell.rishe@doj.ca.gov

George E Schulman on behalf of Attorney Courtesy NEF
GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

George E Schulman on behalf of Defendant Michael A. McConnell, Chapter 11 Trustee
GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

George E Schulman on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

George E Schulman on behalf of Trustee Michael Arthur McConnell (TR)
GSchulman@DanningGill.Com, danninggill@gmail.com;gschulman@ecf.inforuptcy.com

Zev Shechtman on behalf of Counter-Defendant Michael A. McConnell, Chapter 11 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Counter-Defendant Michael Arthur McConnell (TR)
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
Zev Shechtman on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Trustee Michael Arthur McConnell (TR)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Sonia Singh on behalf of Attorney Courtesy NEF
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Sonia Singh on behalf of Defendant Michael A. McConnell, Chapter 11 Trustee
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Sonia Singh on behalf of Interested Party Courtesy NEF
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Sonia Singh on behalf of Plaintiff Michael A. McConnell, Chapter 11 Trustee
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Sonia Singh on behalf of Trustee Michael Arthur McConnell (TR)
ssingh@DanningGill.com, danninggill@gmail.com,ssingh@ecf.inforuptcy.com

Daniel A Solitro on behalf of Interested Party CTS Properties, Ltd.
dsolitro@lockelord.com, ataylor2@lockelord.com

Ross Spence on behalf of Interested Party County of Santa Barbara, California
ross@sdllaw.com, brittany@sdllaw.com;donna@sdllaw.com;henry@sdllaw.com
Ross Spence on behalf of Interested Party Harry E. Hagen, as Treasurer-Tax Collector of the County of Santa Barbara, California
ross@sdllaw.com, brittany@sdllaw.com;donna@sdllaw.com;henry@sdllaw.com

Ross Spence on behalf of Interested Party Santa Barbara Air Pollution Control District
ross@sdllaw.com, brittany@sdllaw.com;donna@sdllaw.com;henry@sdllaw.com

Christopher D Sullivan on behalf of Creditor Diamond McCarthy LLP
csullivan@diamondmccarthy.com,
mdomer@diamondmccarthy.com;kmartinez@diamondmccarthy.com;quentin.roberts@diamondmccarthy.com;erika.shannon@dia
mondmccarthy.com;aiemee.low@diamondmccarthy.com

Jennifer Taylor on behalf of Interested Party UBS AG, London Branch
jtaylor@omm.com

John N Tedford, IV on behalf of Trustee Michael Arthur McConnell (TR)
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
Salina R Thomas on behalf of Interested Party Courtesy NEF        bankruptcy@co.kern.ca.us

Salina R Thomas on behalf of Interested Party Kern County Treasurer Tax Collector  bankruptcy@co.kern.ca.us

Meagan S Tom on behalf of Creditor Netherland, Sewell & Associates, Inc.
meagan.tom@lockelord.com, autodocket@lockelord.com;taylor.warren@lockelord.com

Patricia B Tomasco on behalf of Creditor GIT, Inc.
pattytomasco@quinnemanuel.com, barbarahowell@quinnemanuel.com;cristinagreen@quinnemanuel.com

Philip S Warden on behalf of Interested Party Chevron USA, Inc.
philip.warden@pillsburylaw.com,
thomas.loran@pillsburylaw.com;kathy.stout@pillsburylaw.com;deirdre.campino@pillsburylaw.com

Philip S Warden on behalf of Interested Party Union Oil Compay of CA
philip.warden@pillsburylaw.com,
thomas.loran@pillsburylaw.com;kathy.stout@pillsburylaw.com;deirdre.campino@pillsburylaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

Fred Whitaker on behalf of Interested Party Eller Family Trust      lshertzer@cwlawyers.com, spattas@cwlawyers.com
William E. Winfield on behalf of Attorney Courtesy NEF      wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Jane Connolly      wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Robert Kestner      wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Creditor Virginia Tracy      wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Jane Connolly    wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Kathleen Seymour      wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Robert Kestner   wwinfield@calattys.com, scuevas@calattys.com

William E. Winfield on behalf of Defendant Virginia Tracy     wwinfield@calattys.com, scuevas@calattys.com

Richard Lee Wynne on behalf of Interested Party NewBridge Resources, LLC
richard.wynne@hoganlovells.com, tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com

Emily Young on behalf of Creditor Epiq Corporate Restructuring, LLC Claims Agent
pacerteam@gardencitygroup.com, rjacobs@ecf.epiqsystems.com;ECFInbox@epiqsystems.com

David R Zaro on behalf of Creditor Gary K. Kaestner, Trustee of the Conzelman Family Trust
dzaro@allenmatkins.com

Aaron E de Leest on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E de Leest on behalf of Trustee Michael Arthur McConnell (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                        F 9013-3.1.PROOF.SERVICE